UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **5:24-cv-01930-TJH (DTB)**                              Date: **October 16, 2024**

Title:  **Christina Taft v. Paul Barresi, et al.**
==================================================================
**DOCKET ENTRY**
==================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| S. Lorenzo | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                          None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF PUBLICATION [DOCKET NO. 8]**

On October 3, 2024, the Court received from Plaintiff, a Motion for Service of Publication ("Motion"). (Docket No. 8). In her Motion, Plaintiff seeks an order allowing service of process by publication on Defendant Adam R. Waldman ("Waldman"), pursuant to California Code of Civil Procedure ("C.C.P.") § 415.50. (Motion at 1). In support of her Motion, Plaintiff states that she has diligently attempted personal service on Waldman on three occasions, each of which was unsuccessful. (Id.).

Pursuant to Fed.R.Civ.P. 4(e)(1), a summons may be served on an individual by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

As this matter is pending in the Central District of California, Rule 4(e)(1) implicates California's statutory framework for service of process. Pursuant to C.C.P. § 415.50(a) "a summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article . . ."

Here, it does not appear that Plaintiff has satisfied the requirements for service by publication. First, pursuant to the declaration of diligence by Adam Rast ("Rast"), which is attached in Exhibit "A" to the Motion, it appears that both the home address and business address listed by Plaintiff for Waldman are inaccurate. Rast attests that the

address at 5163 Tilden Street Northwest, Washington, D.C., 20006, which is referred to as Waldman's residence, is, instead, the residence of Jennifer Harding Fritz. (Motion, Exh. A at 2). Rast attests that this address is shown to have been recorded in the name of Jennifer Harding Fritz and Benjamin H. Fritz as of December 19, 2023. (Id.). Moreover, the business address listed for Endeavor Group, 1775 Pennsylvania Avenue Northwest 350, Washington, D.C. 20006, also appears inaccurate, as Rast indicates that the Endeavor Group is no longer located at that address. (Id.). As noted, C.C.P. § 415.50(a) provides for service by publication when it appears the party to be served cannot, with reasonable diligence, be served in another manner. "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995) (quoting Vorburg v. Vorburg, 18 Cal.2d 794, 797 (1941).) "In determining whether a plaintiff has exercised 'reasonable diligence,' the court examines the affidavit to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstance.'" United States v. Benson, 2019 WL 6612246, at *2 (N.D. Cal. Dec. 5, 2019) (quoting Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 333 (1978)). Although "no single formula nor mode of search can be said to constitute due diligence in every case," Donel, 87 Cal.App.3d at 333, "[a] number of honest attempts to learn defendant's whereabouts . . . by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office . . . are generally sufficient." Kott v. Superior Ct., 45 Cal.App.4th 1126, 1137 (1996); see also Entrepreneur Media, Inc. v. Doe, 2020 WL 2089485, at *2 (C.D. Cal. Mar. 4, 2020) (performing same analysis). "Consistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." Calvert v. Al Binali, 29 Cal.App.5th 42, 49-50 (2018) (quoting Donel, 87 Cal.App.3d at 332).

    In her Motion, Plaintiff asserts that "Defendant [Waldman] could not be located, and Plaintiff is unaware if Defendant is avoiding service." (Motion at 2). However, it is apparent from the declaration of Rast that Waldman is not avoiding service; while the declaration of diligence indicates that service was attempted twice at the residential address and once at the business address, it appears that Waldman neither lives nor works at the addresses where service was attempted. In addition, to the extent Plaintiff is able to identify a current address for Waldman, and assuming such is not within the State of California, California law provides that service may be accomplished by first class mail, postage prepaid, requiring a return receipt. C.C.P. § 415.50. Service in such manner is deemed complete on the 10th day after such mailing. (Id.). Plaintiff has not shown to the satisfaction of the Court that Waldman either resides or works at the

locations where service has been attempted, or that he cannot be served in another manner as provided by California law.

    Accordingly, the Motion is DENIED without prejudice.

**IT IS SO ORDERED.**