MELISSA Y. LERNER (SBN285216)
mlerner@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>      Plaintiff,<br><br>  vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>      Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br>[Hon. Terry J. Hatter, Jr.]<br><br>**DEFENDANT PAUL BARRESI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MELISSA Y. LERNER IN SUPPORT THEREOF**<br><br>Date:  December 16, 2024<br>Time:  Under Submission |

4528-3

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on December 16, 2024 in Courtroom 9C in the United States Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012, the Honorable Terry J. Hatter, Jr. presiding, Defendant PAUL BARRESI ("Defendant") will and hereby do move the Court for an Order under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff CHRISTINA TAFT's ("Plaintiff") complaint as to all claims against Defendant on the grounds that Plaintiff has failed to allege a cognizable legal theory and/or sufficient facts to support a cognizable legal theory as to the twelve (12) claims for relief asserted in her Complaint (ECF No. 1).

This Motion is made following efforts by undersigned counsel to schedule a telephonic conference of counsel, to which Plaintiff did not substantively respond. *See* Declaration of Melissa Y. Lerner.

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; other pleadings and papers filed in this action; those matters of which the Court may take judicial notice, including those described and attached to Defendant's Request for Judicial Notice filed concurrently herewith, the Declaration of Melissa Y. Lerner; and such other and further submission, evidence and argument as may be presented to the Court prior to or at the time of hearing on this Motion.

Dated:  November 7, 2024               LAVELY & SINGER
                                        PROFESSIONAL CORPORATION
                                        MELISSA Y. LERNER


                                        By:  _____ s/ Melissa Y. Lerner _____
                                            MELISSA Y. LERNER
                                        Attorneys for Defendant PAUL ARRESI

# **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................9

II.   SUMMARY OF RELEVANT FACTS.................................................10

    A.    The Parties .....................................................................................10

        1.    Defendant .............................................................................10

        2.    Plaintiff...............................................................................10

    B.    The Claims Asserted in the Instant Action ...................................12

        1.    Federal Criminal Claims .....................................................12

        2.    RICO Claim .........................................................................12

        3.    California State Law Claims ................................................13

    C.    Procedural Background ..................................................................13

III.  LEGAL STANDARD ...........................................................................14

IV.   ARGUMENT.........................................................................................15

    A.    Plaintiff's Federal Criminal Claims Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted. ...................................15

        1.    Plaintiff Lacks Standing to Prosecute Defendant for Alleged Violations of Federal Criminal Law. ................................15

        2.    The Criminal Statutes Forming the Basis of Plaintiff's Claims Do Not Create a Private Cause of Action.................................16

    B.    Plaintiff's RICO Claim Fails as a Matter of Law .......................18

    C.    Plaintiff Fails to Allege Sufficient Facts to State a Claim under California Civil Code § 3344.........................................................19

    D.    Plaintiff's IIED and NIED Claims Fail Because Plaintiff Has Not Adequately Alleged the Elements of Outrageous Conduct or Severe Emotional Distress .......................................................................21

3

1.    Plaintiff Has Failed to Allege Facts that Demonstrate Mr. Barresi's Conduct was Outrageous ....................................................21

2.    Plaintiff Has Failed to Assert that She Has Suffered Severe or Extreme Emotional Distress ............................................................22

E.    Plaintiff's Invasion of Privacy Claim Fails....................................................24

F.    Plaintiff's Civil Harassment Claim Fails .....................................................24

V.    CONCLUSION.............................................................................................................24

4

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdul-Jabbar v. Gen. Motors Corp.*,
   85 F.3d 407 (9th Cir. 1996) ........................................................................20

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) ...................................................................15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................14, 15

*Ashraf v. Reliance Motors, LLC*,
   No. 20-cv-08506, 2020 WL 7382101 (Dec. 10, 2020) ...............................16

*Bajorat v. Columbia-Breckenridge Dev. Corp.*,
   944 F. Supp. 1371 (N.D. Ill. 1996) ............................................................18

*Barrett v. City of Allentown*,
   152 F.R.D. 50 (E.D.Pa.1993)......................................................................18

*Beach v. U.S. Dep't of Homeland Sec.*,
   No. 08-cv-420, 2008 WL 11338005 (C.D. Cal. May 16, 2008) ..................18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 545 (2007)....................................................................................15

*Bikkina v. Mahadevan*,
   241 Cal. App. 4th 70 (2015) .......................................................................23

*Bosworth v. Escalante*,
   No. 13-cv-2924, 2013 WL 2627061 (C.D. Cal. June 11, 2013) ..................17

*Chrysler Corp. v. Brown*,
   441 U.S. 281 ..............................................................................................16

*Cochran v. Cochran*,
   65 Cal. App. 4th 488 (1998) .......................................................................22

MOTION TO DISMISS

*Comedy III Prods., Inc. v. Gary Saderup, Inc.*,
  25 Cal. 4th 387 (2001) ................................................................ 19, 20

*Dora v. Frontline Video, Inc.*
  15 Cal. App. 4th 536 (1993) ................................................................ 20

*Dorsey v. Ricci*,
  No. 18-cv-1256, 2018 WL 4372885 (June 7, 2018) ................................ 16

*Dove v. PNS Stores, Inc.*,
  982 F. Supp. 1420 (C.D. Cal. 1997) ................................................ 21, 23

*Duronslet v. Cnty. of Los Angeles*,
  266 F. Supp. 3d 1213 (C.D. Cal. 2017) ............................................... 23

*Eagle Fin. Serv. v. C.I.P. Venture Grp., LLC*,
  No. CIV. 07-CV-800LAJB, 2007 WL 1430060 (S.D. Cal. May 14,
  2007) ............................................................................................... 15

*Gionfriddo v. Major League Baseball*,
  94 Cal. App. 4th 400 (2001) ............................................................... 20

*Gremmels v. Somkin*,
  No. 21-cv-05395, 2021 WL 8153586 (N.D. Cal., Oct. 12, 2021) ............... 16

*Grimmett v. Brown*,
  75 F.3d 506 (9th Cir. 1996) ................................................................ 18

*Henry v. Universal Tech. Inst.*,
  559 F. App'x 648 (9th Cir. 2014) ......................................................... 17

*Hughes v. Pair*,
  46 Cal. 4th 1035 (2009) ................................................................ 22, 23

*Intermarketing Media, LLC v. Barlow*,
  No. 20-CV-00889, 2021 WL 5990190 (C.D. Cal. May 4, 2021) ............... 17

*Iyeke v. Gardiner*,
  No. 23-cv-01454, 2023 WL 3979488 (C.D. Cal. May 22, 2023) ............... 17

*Jackson v. Mayweather*,
  10 Cal. App. 5th 1240 (2017) .............................................................. 21

6

*Kelly-Zurian v. Wohl Shoe Co.*,
   22 Cal. App. 4th 397 (1994) ...............................................................23

*Kiseskey v. Carpenters' Trust for S. Cal.*,
   144 Cal. App. 3d 222 (1983) ...............................................................22

*Kissi v. Panzer*,
   664 F. Supp. 2d 120 (D.D.C. 2009) ....................................................18

*Knievel v. ESPN, Inc.*,
   393 F.3d 1068 (9th Cir. 2005) .............................................................15

*Linda R.S. v. Richard D.*,
   410 U.S. 614 (1973) .............................................................................15

*O. L. v. Newsom*,
   No. 21-55362, 2022 WL 885151 (9th Cir. Mar. 25, 2022) ......................15

*Robertson v. United States ex rel. Watson*,
   560 U.S. 272 (2010) (Roberts, C.J., dissenting) ................................15

*Schneider v. TRW, Inc.*
   938 F.2d 986 (9th Cir. 1991) ...............................................................22

*Schwartz v. F.S. & O. Assocs., Inc.*,
   No. 90–1606, 1991 WL 208056 (S.D.N.Y. Sept. 27, 1991) .....................18

*Shahin v. Darling*,
   606 F. Supp. 2d 525 (D. Del. 2009), *aff'd* 350 F. App'x 605. (3d Cir.
   2009) ...................................................................................................17

*Skiffington v. Keystone RV Co.*,
   No. 12-cv-09359, 2013 WL 12133662 (C.D. Cal., Dec. 9, 2013) .............23

*Somers v. Apple*,
   729 F.3d 953 (9th Cir. 2013) ...............................................................14

*Wong v. Tai Jing*,
   189 Cal. App. 4th 1354 (2010) ............................................................23

Statutes

18 U.S.C. §§ 241, 242, 1001, 1341, 1343 and 1621 ........................................16

7

18 U.S.C. § 371 ................................................................................................12, 17

18 U.S.C § 875 ...........................................................................................12, 17, 18

18 U.S.C § 1512 .............................................................................................12, 17

18 U.S.C §1519 ..............................................................................................12, 18

18 U.S.C § 1952 .............................................................................................12, 18

Cal. Civ. Code § 527.6(b)(2), (3), (7) ...................................................................24

Cal. Civ. Code § 3344 .............................................................................13, 19, 20

Cal. Civ. Proc. Code § 527.6 ................................................................................13

Cal. Penal Code §§ 630-638 .................................................................................24

8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Christina Taft ("Plaintiff" or "Taft") has been harassing and defaming Defendant Paul Barresi ("Defendant" or "Barresi") for years. This meritless and frivolous lawsuit is only the latest example of Taft's weaponization of the legal system in furtherance of her campaign against Barresi. Previously, Taft filed a meritless application for a restraining order against Barresi, which was swiftly denied by the court. She reported false and manufactured complaints against Barresi to the Department of Consumer Affairs in Los Angeles. She has tried to mobilize law enforcement agencies against Barresi under false pretenses. She publicizes her false allegations against Barresi online in a concerted effort to destroy his reputation and sully his name. Taft is able to pursue her manufactured vendetta against him without any sign of abating because of her substantial financial resources. In contrast, Barresi has suffered physically, emotionally and financially because of Taft's relentless malevolent and vicious attacks.

Taft's Complaint (ECF No. 1) is filled with incoherent, irrelevant and nonsensical allegations; rumors hatched by a cast of unsavory characters, including several convicted felons; and bizarre conspiracy theories that have no connection to reality. It consists primarily of purported transcriptions of conversations between non-parties; republications of false and defamatory statements made by non-parties about Barresi and others; allegations of harm experienced by third parties; and (largely incorrect) legal conclusions. Among the fatal legal defects evident from the face of the Complaint are Plaintiff's lack of any statutory basis or standing to bring criminal claims against Barresi in this civil action; her improper assertion of claims based on second- or third-hand accounts of alleged harm to other people; her failure to allege facts that plausibly satisfy the elements of her purported claims, including damages; and her presentation of legal argument and citations as fact. She has refused to meet and confer substantively

9

regarding the defects in her Complaint, instead filing two incoherent and procedurally defective motions to further churn fees, defame and disparage Barresi and waste judicial resources.

By way of this Motion, Defendant seeks dismissal of Plaintiff's Complaint in full with prejudice and without leave to amend. This case is based on the delusions of a woman who is undoubtedly obsessed with Defendant. Rule 12(b)(6) motions are intended to weed out factually implausible and legally defective lawsuits, such as the one Plaintiff has filed. Accordingly, Defendant respectfully requests that the Court bring an end to this action and grant him a reprieve from Plaintiff's relentless onslaught of harassment, defamation and abuse.

## II.   SUMMARY OF RELEVANT FACTS

### A.   The Parties

#### 1.   Defendant

Defendant is an investigator and consultant who has worked with many high-profile clients over the years. In or about July 2019, Defendant was hired by Amber Heard's ("Heard") attorneys, Eric George of Browne George Ross LLP, to investigate her ex-husband, Johnny Depp ("Depp"), in connection with the case *Depp v. Heard*. In furtherance of his work, Defendant followed leads that brought him into contact with hack jobs seeking the spotlight by involving themselves in this case. After months of research and interviews, Defendant was unable to identify any credible witnesses or legitimate, verifiable claims of wrongdoing by Mr. Depp to support Ms. Heard's case.

#### 2.   Plaintiff

Taft describes herself as a "Humanitarian, Philanthropist, and Entrepreneur" and the founder and CEO of various corporate entities (*e.g.*, Worldie Ltd., a British limited company founded in 2020, and Rescue Social Inc., a Hawaiian corporation founded in September 2023). (ECF No. 1 ("Compl.") ¶ 15.) These for-profit corporate entities do

not offer any discernable products or services; rather, they are used as shell companies by Taft to lend a very thin veneer of "legitimacy" to the false and defamatory lies she spreads about Barresi and others. The website of Rescue Social Inc. is a repository of posts authored by Taft that, like the Complaint filed in this action, consist of nonsense ramblings from a mind untethered to reality or reason. (*See, e.g.*, Declaration of Melissa Y. Lerner ("Lerner Decl.") ¶ 2, Ex. A (Rescue Social Inc. website exemplars).)

As reflected in the Complaint, Taft became obsessed with Heard, Depp and their civil suit as early as 2019. (Compl. ¶ 37.) Taft allegedly met Heard at an event in Arizona that Taft attended with the goal of "[w]anting to confirm humanity," all "while on a birthday trip to see her uncle, Don Debaun in Sedona." (*Id.* ¶ 38.)

The trial in *Depp v. Heard* was held in Fairfax County, Virginia from April to June 2022. During that time, Taft's fixation on Heard as a purported victim continued to grow. She routinely attended the trial in Virginia, stood outside the courthouse with signs, and sometimes succeeded in her efforts to speak to reporters about her opinions regarding the case. After Depp prevailed over Heard in the jury trial, Taft became completely unhinged. Around this time, she became convinced that a criminal cabal run by Depp's attorney, Defendant Adam Waldman ("Waldman"), and including Barresi was responsible for Heard's defeat through witness intimidation, obstruction of justice and other alleged wrongdoing. (*Id.* ¶ 48.) Taft connected with unsavory characters who claimed to be fixtures of seedy Hollywood nightlife. (*Id.* ¶ 49.) These individuals, including convicted felons and mentally ill drug abusers fed who fed her lies, rumors and conspiracy theories had met Barresi in the course of his work for Heard's attorney in 2019. (*Id.* ¶ 49.) She became convinced without a shred of evidence that Barresi, who was hired by and working for Heard's attorney, was actually a double agent and part of a criminal cabal and conspiracy with Waldman for Depp's benefit to defeat Heard. (*See, e.g.*, *id.* ¶¶ 56, 66, 85, 88-89.) Her Complaint arises from this single delusional premise.

11

Over the past two years, Plaintiff has attempted to destroy his career by submitting frivolous complaints to Consumer Affairs, filed false reports with law enforcement agencies and the FBI and helped one of her confederates file a meritless restraining order application against Barresi in state court, which was summarily denied and dismissed. (*Id.* ¶¶ 80, 82, 93, 134, 136; *see also* Lerner Decl. ¶ 11, Ex. I.) This lawsuit and the incomprehensible motions that have followed since the Complaint was filed are her latest abuse of process in furtherance of her harassment of Barresi.

**B.    The Claims Asserted in the Instant Action**

**1.    Federal Criminal Claims**

Plaintiff alleges in conclusory fashion that Barresi is civilly liable for violations of "Federal Conspiracy Law," *i.e.*, 18 U.S.C. § 371 (claim for relief 1); obstruction of justice in violation of 18 U.S.C § 1512 (claim for relief 2); interstate communications containing a threat to kidnap or injure another in violation of 18 U.S.C § 875 (claim for relief 9); interstate travel or transportation in aid of racketeering enterprises in violation of the "Travel Act," *i.e.*, 18 U.S.C § 1952 (claim for relief 10); and destruction, alteration or falsification of records in violation of 18 U.S.C §1519 (claim for relief 11).[1] These six claims for relief are referred to collectively herein as the "Federal Criminal Claims" or "FC Claims." In connection with the Federal Criminal Claims, Plaintiff seeks compensatory and punitive damages. (Compl. at pp. 121-22.)

**2.    RICO Claim**

Plaintiff asserts a claim against Barresi pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), citing 18 U.S.C. §§ 1961, 1962 (claim for relief 12). Plaintiff's claim for relief is primarily comprised of a recitation of the

---

[1] Plaintiff also characterizes her first claim for relief as one rooted in "common law," although she cites to 18 U.S.C. § 371 in her first claim for relief. (*See* ECF No. 1 ("Compl.") at ¶ 436, p. 121, lines 3-9.)

MOTION TO DISMISS

statutory language of the RICO Act coupled with conclusory allegations; it is devoid of any well-pleaded facts. (Compl. ¶¶ 637-55.)

### 3.    California State Law Claims

Plaintiff's remaining six claims for relief are rooted in California law. Based again on conclusory allegations and legal argument, Plaintiff claims that Barresi is liable for invasion of privacy under the California Constitution (claim for relief 3); infringement of her name and likeness in violation of Cal. Civ. Code § 3344 (claim for relief 4); civil harassment in violation of Cal. Civ. Proc. Code § 527.6 (claim for relief 5); negligence in violation of Plaintiff's civil rights (claim for relief 6); infliction of emotional distress ("IIED") (claim for relief 7); and negligent infliction of emotional distress ("NIED") (claim for relief 8).

### C.    Procedural Background

On or about October 6, 2024, Defendant's recently-retained counsel attempted to contact Plaintiff, who is purportedly proceeding in *pro per*, at the telephone number and email address contained in the caption of the Complaint. (Lerner Decl. ¶ 3.) The telephone number is invalid. (*Ibid*.) No response was received from the email address provided by Plaintiff in the instant action. (*Ibid.*) Eventually, after sending correspondence to other publicly-available email addresses associated with Plaintiff, Plaintiff responded to Defendant's counsel, copying two alleged "legal consultants," Lucy Hanna ("Hanna") and Melodye Sue Hannes ("Hannes"). (*Id.* ¶ 4.)[2] Plaintiff ultimately agreement to an extension of the deadline for Defendant to respond to the

---

[2] Hanna is listed as the "Media Contact" for Plaintiff in an online posting about the instant action dated October 17, 2024. (Lerner Decl. ¶ 6, Ex. C.) Hannes was disbarred over 18 years ago, pursuant to a State Bar Court of California order dated June 26, 2006, after embezzling $317,584.41 of client funds from her firm's client trust account and spending it on lavish vacations, clothing, dinners out and other personal expenses. (*See* Lerner Decl. ¶ 7, Exs. D, E.)

MOTION TO DISMISS

Complaint. (*Id.* ¶ 5.) On October 17, 2024, the parties filed a stipulation extending Defendant's response deadline. (*See* ECF No. 14.) Immediately thereafter, Defendant's counsel again requested Plaintiff's availability to schedule a pre-motion conference via telephone or Zoom but received no response. (Lerner Decl. ¶ 5.) Instead, on October 24, 2024, Plaintiff served a document captioned "Emergency Motion for Preliminary Injunction" ("PI Motion") on Defendant via email, and Defendant received a PACER alert regarding the filing of the PI Motion on October 25, 2024. (*Id.* ¶ 8; *see also* ECF Nos. 15, 16.) On October 31, 2024, Hanna contacted Defendant's counsel regarding the PI Motion and Plaintiff's plan to seek leave of court to file an amended Complaint. (Lerner Decl. ¶ 9, Ex. F.) In follow-up emails dated November 1 and 2, 2024, Plaintiff purported to provide notice of a motion for leave to file an amended Complaint with vague references to attaching witness statements and consolidating/streamlining causes of action to comply with unspecified rules. (Lerner Decl. ¶ 10, Exs. G, H.) As of the date of this filing, Plaintiff has failed and refused to engage in a substantive discussion regarding Defendant's basis for this Motion. Instead, on November 6, 2024, Plaintiff served Defendant with a single spaced, 25-page document styled as a Brief with Memorandum in Support of Plaintiff's Motion to Amend Complaint and Continued Injunction Requests With Points and Authorities." (*Id.* ¶ 12, Ex. J.)

## III.   **LEGAL STANDARD**

A complaint must be dismissed if it fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple,* 729 F.3d 953, 959 (9th Cir. 2013). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* at 663. A court is not "bound to accept as true legal conclusions couched as factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007). In addition to the well-pleaded allegations of fact in the complaint, a court may consider facts not subject to reasonable dispute, including documents incorporated by reference into the pleading or which are "essential" to the claims as well as official public records. *Knievel v. ESPN, Inc.*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## IV.    ARGUMENT

### A. Plaintiff's Federal Criminal Claims Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted.

#### 1.    Plaintiff Lacks Standing to Prosecute Defendant for Alleged Violations of Federal Criminal Law.

It is a fundamental precept of law that "[t]he terrifying force of the criminal justice system may only be brought to bear against an individual by ***society as a whole***, through a prosecution brought on behalf of the government," and "that a criminal prosecution pits the government against the governed, not one private citizen against another." *Robertson v. United States ex rel. Watson*, 560 U.S. 272, 273, 278 (2010) (Roberts, C.J., dissenting) (emphasis added). "[C]riminal provisions provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming district court dismissal with prejudice of complaint including claims pursuant to federal criminal laws). And private citizens like Plaintiff lack standing to prosecute federal crimes. *O. L. v. Newsom*, No. 21-55362, 2022 WL 885151, at *1 (9th Cir. Mar. 25, 2022) (finding "the district court properly dismissed plaintiff's action because plaintiff lacks standing to compel the investigation or prosecution of another person"); *accord Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (affirming dismissal of complaint asserting claims under Texas Penal Code); *see also Eagle Fin. Serv. v. C.I.P. Venture Grp., LLC*, No. CIV. 07-CV-

MOTION TO DISMISS

800LAJB, 2007 WL 1430060, at *3 (S.D. Cal. May 14, 2007) ("The case law on this topic is clear: an individual has no legally cognizable interest, and thus no standing under Article III, in the demand of a grand jury investigation of another, the prosecution of others, or the enforcement of criminal laws."); *Ashraf v. Reliance Motors, LLC*, No. 20-cv-08506, 2020 WL 7382101, at *4 (Dec. 10, 2020) (dismissing claims brought under 18 U.S.C. §§ 241, 242, 1001, 1341, 1343 and 1621 because "[t]hese statutes provide a basis for criminal liability, not civil liability," and holding that, "[a]s a private citizen, [plaintiff] Ashraf does not have standing to pursue claims for alleged violations of these criminal statutes"); *Gremmels v. Somkin*, No. 21-cv-05395, 2021 WL 8153586, at *1 (N.D. Cal., Oct. 12, 2021) ("As a general rule, '[f]ederal criminal statutes provide no basis for civil liability.'") (citation omitted), *R. & R. adopted*, 2021 WL 6333452 (N.D. Cal., Nov. 16, 2021).

Plaintiff does not provide "any authority establishing that as a private citizen [s]he has standing to enforce" the criminal statutes she cites as the basis of her claims. *Gremmels*, 2021 WL 8153586, at *1. In short, "[a]lthough [P]laintiff's [C]omplaint references violations of certain federal criminal statutes, [P]laintiff, as a private citizen, does not have standing to prosecute violations of federal criminal statutes." *Dorsey v. Ricci*, No. 18-cv-1256, 2018 WL 4372885, at *1 (June 7, 2018). For this reason alone, Plaintiff's FC Claims should be dismissed with prejudice and without leave to amend.

## 2.    <u>The Criminal Statutes Forming the Basis of Plaintiff's Claims Do Not Create a Private Cause of Action.</u>

Setting aside that Plaintiff lacks standing to prosecute Barresi for purported violations of federal criminal law in this civil lawsuit, the Federal Criminal Claims are also subject to dismissal because none of the criminal statutes from which they arise provide Plaintiff with a private right of action. It is exceedingly rare for a private right of action to exist under a federal criminal statute. *See, e.g.*, *Chrysler Corp. v. Brown*, 441

16

U.S. 281, 316-17 ("[W]e noted that this Court has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.) (quotations omitted) (no private right of action under Trade Secrets Act, 18 U.S.C. § 1905). There is ample case law confirming that the statutes invoked by Plaintiff in her Complaint are no exception.

The federal criminal conspiracy statute that forms the basis of Plaintiff's first claim for relief (*i.e.*, 18 U.S.C. § 371) does not create a private right of action. *See, e.g.*, *Henry v. Universal Tech. Inst.*, 559 F. App'x 648, 650 (9th Cir. 2014) ("[T]he district properly dismissed [plaintiff's] claims under the Family Educational and Privacy Act ("FERPA") and 18 U.S.C § 371 because these statutes do not provide a private right of action."); *Iyeke v. Gardiner*, No. 23-cv-01454, 2023 WL 3979488, at *1 (C.D. Cal. May 22, 2023) (holding plaintiff could not bring claim under 18 U.S.C § 371 because the federal statute does not give rise to a private cause of action).

The same is true for Plaintiff's second claim for relief predicated on the federal criminal law against obstruction of justice (*i.e.*, 18 U.S.C. § 1512). *Bosworth v. Escalante*, No. 13-cv-2924, 2013 WL 2627061, at *6 (C.D. Cal. June 11, 2013) (dismissing plaintiff's claim under 18 U.S.C. §1512 because "only a prosecutor can bring criminal charges…[and] [c]riminal statutes do not provide for private civil causes of action"); *see also Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009), *aff'd* 350 F. App'x 605. (3d Cir. 2009) ("The complaint refers to § 1512 which criminalizes tampering with a witness, victim or an informant. Plaintiff, however, has no private cause of action for the alleged violation of 18 U.S.C § 1512.").

Likewise, the statute cited in Plaintiff's ninth claim for relief (*i.e.*, 18 U.S.C. § 875) does not create a private right of action. *Intermarketing Media, LLC v. Barlow*, No. 20-CV-00889, 2021 WL 5990190, at *2 (C.D. Cal. May 4, 2021)

17

(dismissing with prejudice plaintiffs' claims brought under three federal criminal statutes, including 18 U.S.C. § 875, because "[t]hese statutes do not authorize a private right of action").

Nor does the Travel Act (18 U.S.C. § 1952), which is the basis of Plaintiff's tenth claim for relief. *See, e.g.*, *Kissi v. Panzer*, 664 F. Supp. 2d 120, 127 (D.D.C. 2009) (dismissing claim under 18 U.S.C. § 1952 because statute does not create a private right of action and collecting cases); *Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (dismissing claim brought under Travel Act and other federal criminal statutes because "none of these criminal statutes contain an express private right of action" and "[p]laintiffs have not cited, nor has this court found, any decision holding that these statutes carry an implied private right of action"); *Barrett v. City of Allentown*, 152 F.R.D. 50, 56 (E.D.Pa.1993) ("No civil action has been held to exist under . . . 18 U.S.C. § 1952[.]"); *Schwartz v. F.S. & O. Assocs., Inc.*, No. 90–1606, 1991 WL 208056, at *2–3 (S.D.N.Y. Sept. 27, 1991) (finding that violations of 18 U.S.C. §§ 1952, 1956 and 1957 do not create private rights of action).

Finally, the statute underlying Plaintiff's eleventh claim for relief (*i.e.*, 18 U.S.C. § 1519) does not carry an express or implied private right of action. *Beach v. U.S. Dep't of Homeland Sec.*, No. 08-cv-420, 2008 WL 11338005, at *2 (C.D. Cal. May 16, 2008) (dismissing with prejudice plaintiff's claim brought under 18 U.S.C. § 1519 because statute "do[es] not provide a private right of action to citizens").

Accordingly, Plaintiff's Federal Criminal Claims should be dismissed with prejudice and without leave to amend.

### B. <u>Plaintiff's RICO Claim Fails as a Matter of Law</u>

"The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d

506, 510 (9th Cir. 1996). Here, Plaintiff has failed to allege facts sufficient to establish the existence of an enterprise, a pattern of predicate acts or injury to her business or property. Plaintiff's twelfth claim for relief merely quotes the RICO statute or case law interpreting the law. (*See generally* Compl. ¶¶ 638-39, 642-55.) Plaintiff's allegations regarding the existence of an "enterprise" is based on Barresi allegedly calling Waldman a "consiglieri" and the fact that they have spoken on the phone. (*See id.* ¶¶ 641, 645.) The predicate acts alleged in the RICO claim are based on accusations of others about purported witness intimidation, audio recordings (Plaintiff seems to forget her proclivity to record and/or share unauthorized recordings of phone calls and private conversations), vague allegations about "fabricating and alterations" of documents and the fact that Barresi and Waldman "have been involved in federal investigations as interested subjects." (*Id.* ¶¶ 90, 95-97, 101-13, 126, 640, 643-47.) Most critically, Plaintiff's Complaint is devoid of a single well-pled factual allegation regarding any damage to her business or property caused by Barresi and/or Waldman. (*Id.* ¶¶ 651 ("Defendants caused injury to Plaintiff and her business and property by their conduct with continuous violations."); 653 ("Plaintiff respectfully requests this Court issue an injunction against the Defendants, to address and prevent further harm resulting from the Defendant's [*sic*] negligent conduct, including but not limited to, racketeering conduct, which has caused Plaintiff significant emotional distress and significant financial damages.").) These conclusory allegations do not state a plausible claim for relief. Accordingly, Plaintiff's twelfth claim for relief should be dismissed.

**C.    Plaintiff Fails to Allege Sufficient Facts to State a Claim under California Civil Code § 3344**

Plaintiff has not alleged any facts to establish that Defendant has used her name, image or likeness ("NIL") for his own economic benefit. The right to publicity at its core is an economic right. *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 403

(2001) ("The right of publicity is essentially an economic right. What the right of publicity holder possesses is not a right of censorship, but a right to prevent others from misappropriating the economic value generated by the [plaintiff] through merchandising of the 'name, voice, signature, photograph or likeness of the [plaintiff].'"); *Gionfriddo v. Major League Baseball*, 94 Cal. App. 4th 400, 409 (2001) ("California recognized the right to profit from the commercial value of one's identify as an aspect of the right of publicity.").

Because Section 3344 prohibits an invasion of an economic right, cases in which these claims are asserted comprise of an allegation that the defendant has used the plaintiff's name or likeness in a typical commercial context, such as to advertise, endorse or sell a product or service. *Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 409 (9th Cir. 1996) (famous basketball player brought claim under § 3344 for use of his name in an automobile commercial which aired five to six times on television); *Comedy III Prods.*, 25 Cal. 4th at 393 (owner of rights to comedy act brought action against artist who sold T-shirts which bore the likeness of the comedy act); *Dora v. Frontline Video, Inc.* 15 Cal. App. 4th 536, 540 (1993) (plaintiff brought claim for use of footage of plaintiff surfing and interview of plaintiff in defendant's documentary). The statute *requires* that the plaintiff demonstrate that there is a direct connection between the alleged use and its commercial purpose. *Abdul-Jabbar*, 85 F.3d at 414.

Plaintiff has alleged two "uses" that infringed her NIL. First, Plaintiff alleges (without any legitimate basis) that an audio tape of her voice was sold that in a *single*, private transaction. *See* (Compl. ¶ 511.) Second, Plaintiff vaguely and in a conclusory manner alleges that Mr. Barresi used her name, voice and likeness in "promotional materials profiling her as 'Hollywood Fixer.'" (*Id.* ¶ 515.) The alleged receipt of compensation for evidence obtained through an investigation is not the type of public commercial use that is addressed by Section 3344. Similarly, Defendant's alleged

posting of investigative materials regarding Plaintiff (in response to Plaintiff's public allegations against him, thereby thrusting the topic into the public domain) lacks the direct connection with a commercial purpose. (*Id.* ¶¶ 512-13.) Tellingly, Plaintiff has not alleged any economic harm. (*See id.* ¶¶ 515-23.)

**D.    Plaintiff's IIED and NIED Claims Fail Because Plaintiff Has Not Adequately Alleged the Elements of Outrageous Conduct or Severe Emotional Distress**

Plaintiff's seventh and eighth claims for relief, for IIED and NIED, respectively, are subject to dismissal Plaintiff has not alleged outrageous conduct or any direct causation of her severe or extreme emotional distress.

**1.    Plaintiff Has Failed to Allege Facts that Demonstrate Mr. Barresi's Conduct was Outrageous**

Under a claim for IIED, a plaintiff must allege that the conduct at issue is extreme and outrageous. *Dove v. PNS Stores, Inc.*, 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). The standard for whether conduct can be considered outrageous is high, as the conduct must be "so extreme to exceed all bounds of that usually tolerated in a civilized society". *Ibid.* The conduct must additionally be "intended to inflict injury or engaged in with the realization that injury will result." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1265 (2017) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009)). Mere insults, threats, annoyances, petty oppressions, or other trivial acts cannot support a claim for IIED. *Id.* at 1050.

Plaintiff's allegations of outrageous conduct, including Defendant's alleged rude statements, threats and defense of his reputation, fall far short of the level of conduct tolerated in other cases asserting a claim for IIED. *Jackson*, 10 Cal. App. 5th at 1265 (defendant posting on social media about plaintiff's alleged abortion, along with a sonogram of fetuses and medical report regarding the pregnancy and additional

21

discussion about the abortion during a radio interview could not "fairly be characterized as atrocious or intolerable in a civilized society"); *Hughes*, 46 Cal. 4th 1035, 1040-1052 (2009) (defendant's sexually explicit comments, including "I'll get you on your knees eventually" and "I'm going to fuck you one way or another," failed to rise to the level of outrageous conduct); *Schneider v. TRW, Inc.* 938 F.2d 986, 992 (9th Cir. 1991) (defendant yelling and screaming about plaintiff's job performance, threatening employment and threatening gestures did not amount to outrageous conduct).

Even if Plaintiff's allegations regarding "harassing messages" she or others received from Defendant are taken as true, more than implied threats, rude language or insults are necessary to support an NIED or IIED claim. *Cochran v. Cochran*, 65 Cal. App. 4th 488, 496 (1998) ("[P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to interfere in every case where some one's feelings are hurt."). Plaintiff states that Barresi made "implied threats of harm" (*See, e.g.*, Compl. ¶ 102.) "Implied threats" are not enough to prove outrageous conduct; the element requires a more concrete statement or message intended to "compel behavior through threats of physical violence or death." *Kiseskey v. Carpenters' Trust for S. Cal.*, 144 Cal. App. 3d 222, 230 (1983). Plaintiff's irrational interpretation of Barresi's purported statements or actions (particularly those directed at third parties) cannot satisfy this element of her IIED and NIED claims. *Cochran*, 65 Cal.App.4th 488, 499 (1998) (telephone message made to plaintiff discussing an airline crash which which was interpreted by the plaintiff as a death threat was not considered outrageous). On this basis alone, Plaintiff's IIED and NIED claims are subject to dismissal.

**2.**     <u>**Plaintiff Has Failed to Assert that She Has Suffered Severe or Extreme Emotional Distress**</u>

To prevail on her IIED and NIED claims, Plaintiff must assert that she has suffered severe or extreme emotional distress as a result of Defendant's conduct. *Dove v. PNS Stores, Inc.*, 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). The emotional distress must be of "such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Duronslet v. Cnty. of Los Angeles*, 266 F. Supp. 3d 1213, 1220 (C.D. Cal. 2017) (quoting *Hughes*, 46 Cal. 4th at 1051). Like the element of outrageous conduct, the element is not easily satisfied and the level of distress required is significant. *Skiffington v. Keystone RV Co.*, No. 12-cv-09359, 2013 WL 12133662, at *7 (C.D. Cal., Dec. 9, 2013) (quoting *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1376 (2010)) ("The California Supreme Court has a set a high bar for what can constitute severe distress").

Plaintiff's general allegations and recitations of the element are not sufficient to meet the high standard required to prove severe emotional distress. In cases where severe emotional distress was found, plaintiffs have described in detail how the alleged conduct impacted their emotional and physical state. *Bikkina v. Mahadevan*, 241 Cal. App. 4th 70, 88 (2015) (plaintiff provided sufficient evidence to survive a motion to strike where  defendant's conduct "caused him to begin clenching his teeth to such a degree that he had broken two teeth requiring dental implants", had ongoing stomach and chest pains, suffered from insomnia, and was fearful of losing his employment); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (plaintiff suffered from anxiety, tightness in chest, heart palpitations, panic attacks, depression and diagnosis of post-traumatic stress disorder). Plaintiff's claim that she felt fearful and that this prevented her from functioning normally is the type of generalized anxiety that is not actionable as IIED or NIED. *Wong v. Jing*, 189 Cal. App. 4th 1354, 1377 (2010) (plaintiff's loss of sleep, upset stomach and generalized anxiety did not support finding of severe or enduring emotional distress); *Hughes*, 46 Cal. 4th at 1051 ("plaintiff's

MOTION TO DISMISS

assertions that she has suffered discomfort, worry, anxiety, upset stomach, concern as the result of defendant's" conduct could not support element of severe emotional distress).

In sum, because Plaintiff cannot sufficiently allege two essential elements her emotional distress claims, both her IIED and NIED claims must be dismissed.

### E.    <u>Plaintiff's Invasion of Privacy Claim Fails</u>

Plaintiff does not have standing to assert an invasion of privacy claim on behalf of her late mother. (*See* Compl. ¶¶ 482-95.) In addition, as discussed hereinabove, she cannot assert claims against Defendant for violation of criminal statutes, such as California Penal Code sections 630-638. (*Id.* ¶¶ 505, 507.) Taft's publication of detailed information about herself and her mother prevent her from claiming a reasonable expectation of privacy in this information. Her invasion of privacy claim should be dismissed.

### F.    <u>Plaintiff's Civil Harassment Claim Fails</u>

Plaintiff fails to allege that Barresi has engaged in a pattern of harassment, and her Complaint is devoid of any credible threat of violence or actual violence. Cal. Civ. Code § 527.6(b)(2), (3), (7). Plaintiff's paranoid delusions about communications from Defendant do not turn his conduct into the kind that would "cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." *Id.* § 527.6(b)(3). Plaintiff's civil harassment claim is also subject to dismissal for failure to state facts giving rise to a plausible claim for relief.

## V.    <u>CONCLUSION</u>

For the reasons set forth hereinabove, Defendant Paul Barresi respectfully requests that the Court dismiss Plaintiff's Complaint and each claim for relief contained therein without leave to amend and with prejudice.

Dated:  November 7, 2024

LAVELY & SINGER
PROFESSIONAL CORPORATION
MELISSA Y. LERNER


By:      s/ Melissa Y. Lerner
MELISSA Y. LERNER
Attorneys for Defendant PAUL ARRESI

MOTION TO DISMISS

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant, certifies that this brief contains 5191 words, which complies with the word limit of L.R. 11-6.1.

Dated:  November 7, 2024          LAVELY & SINGER
                                  PROFESSIONAL CORPORATION
                                  MELISSA Y. LERNER


                                  By:  _____s/ Melissa Y. Lerner_____
                                       MELISSA Y. LERNER
                                  Attorneys for Defendant PAUL ARRESI

26

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

On the date indicated below, I served the foregoing document described as:

**DEFENDANT PAUL BARRESI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MELISSA Y. LERNER IN SUPPORT THEREOF**

on the interested parties in this action as follows:

**Christina Taft**
**1700 Ala Moana Bl., Apt 2301**
**Honolulu, HI 96815**
**Email: ceo.taft@rescue-social.com**

**BY FIRST CLASS MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

**BY ELECTRONIC FILING THROUGH THE COURT'S CM/ECF SYSTEM PURSUANT TO L.R. 5-3.2.**

I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made. Executed November 8, 2024, at Los Angeles, California.

s/ Noelia Echesabal
NOELIA ECHESABAL