MARTIN D. SINGER (SBN 78166)
mdsinger@lavelysinger.com
MELISSA Y. LERNER (SBN285216)
mlerner@lavelysinger.com
**LAVELY & SINGER
PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br>[Hon. Terry J. Hatter, Jr.]<br><br>**DECLARATION OF MELISSA Y. LERNER IN SUPPORT OF DEFENDANT PAUL BARRESI'S MOTION TO DISMISS COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6)**<br><br>Date:  (heard on Mondays)<br>Time:  Under Submission |

4528-3

## <u>DECLARATION OF MELISSA Y. LERNER</u>

I, Melissa Y. Lerner, do hereby declare:

1.     I am an attorney at law duly licensed to practice before all the courts of this state and am a member of the law firm Lavely & Singer Professional Corporation, attorneys for Defendant PAUL BARRESI ("Defendant") herein.  I have personal and first-hand knowledge of the matters set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2.     Attached hereto as **Exhibit A** is a true and correct copy of posts from the website of Rescue Social Inc. retrieved on November 7, 2024 from the publicly-available website at the URL https://github.com/RescueSocial.

3.     On or about October 6, 2024, while in the process of being retained as Defendant's counsel in this matter, I attempted to contact Plaintiff Christina Taft ("Plaintiff"), who is purportedly proceeding in *pro per*, at the telephone number and email address contained in the caption of the Complaint. The telephone number was disconnected, and I did not receive a response from the email address provided by Plaintiff.

4.     Eventually, after I sent correspondence to other publicly-available email addresses associated with Plaintiff, I received an email from Plaintiff, copying two alleged "legal consultants," Lucy Hanna ("Hanna") and Melodye Sue Hannes ("Hannes").

5.     The parties ultimately agreed to an extension of my client's deadline to respond to the Complaint. Immediately thereafter, I again requested Plaintiff's availability to schedule a pre-motion conference via telephone or Zoom. I did not receive a response. A true and correct copy of my correspondence dated October 16, 2024 is attached hereto as **Exhibit B**.

DECLARATION OF MELISSA Y. LERNER ISO MOTION TO DISMISS

6.      Attached hereto as **Exhibit C** is a true and correct copy of an online posting about the instant action dated October 17, 2024, in which Hanna is listed as the "Media Contact" for Plaintiff.

7.      Attached hereto as **Exhibit D and E** are true and correct copies of Hannes' California State Bar profile and a State Bar Court of California order dated June 26, 2006, showing that Hannes was disbarred over 18 years ago after spending $317,584.41 of client funds from her firm's client trust account and spending it on lavish vacations, clothing, dinners out and other personal expenses.

8.      On October 24, 2024, Plaintiff served a document captioned "Emergency Motion for Preliminary Injunction" ("PI Motion") via email. I also received a PACER alert regarding the filing of the PI Motion on October 25, 2024.

9.      Attached hereto as **Exhibit F** is a true and correct copy of an email from Hanna dated October 31, 2024 regarding the PI Motion and Plaintiff's plan to seek leave of court to file an amended Complaint.

10.      Attached hereto as **Exhibits G and H** are true and correct copies of follow-up emails dated November 1 and 2, 2024, in which Plaintiff purported to provide notice of a motion for leave to file an amended Complaint with vague references to attaching witness statements and consolidating/streamlining causes of action to comply with unspecified rules.

11.      Attached hereto as **Exhibit I** is a true and correct copy of the October 19, 2022 order in *Paul Albertini v. Paul Barresi* denying the issuance of a restraining order and dismissing the case.

12.      Attached hereto as **Exhibit J** is a true and correct copy of an email from Hanna dated November 6, 2024 purporting to be a proof of service for Plaintiff's Motion to Amend the Complaint.

_____
DECLARATION OF MELISSA Y. LERNER ISO MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of November, at Los Angeles, California.

s/ Melissa Y. Lerner
_____
MELISSA Y. LERNER

4

# EXHIBIT A



# Rescue Social Inc

Community Aid, Solutions, Cases Analysis, Visual & Performing Arts, Investigations, Social Network Analysis, Quality Lives, Hollywood, Film, Music, Data Science

👥 14 followers · 📍 International · 🔗 http://publicsafetyandvictims.com

🔗 https://linkedin.com/rescuesocial

🏠 **Overview**    📱 Repositories  21    💬 Discussions    🔲 Projects    📦 Packages    👤 People

---

README.md

## Welcome to Rescue Social

---

Rescue Social Projects - Rescue & Public Safety Improvements ● Researching Social Influence ● Anti-Abuse & Data Analysis ● Business and Community Aid ● Social Dynamics of People, Victims, Entities, Arts and/or Public Figures ● Investigative ● Guides & Open Source Examples - available to impact other cases

## Pinned

📱 **SaveMeNowApp**  (Public)

SaveMeNow is an application that connects your mobile phone with the nearest fire emergency service quickly and efficiently. In the event of an incident, SaveMeNow sends data in real time, manually...

⭐ 3

📱 **Cases_Film_Music_Arts_Hollywood**  (Public)

523 Cases in Film, Music, Arts, Hollywood - Supporting Legislative Improvements with Analysis

⭐ 1

📱 **PublicSafety_Victims_Alliance**  (Public)

Connecting Public Safety to be victim-centered, pro-active, pre-emptive to save lives at 21st century levels. See https://publicsafetyandvictims.com

⭐ 1

🖥 **Victims_Cases_Film-Music-Arts**  ⟨Public⟩

165 CASES in Film/Music/Arts of Victims & Witnesses (Visual & Performing Arts) to Improve & Save Lives - Cases Filed & Lawsuits, Cases Not Litigated & Investigative, Related Cases (Civil, Criminal,...

☆ 5

---

🖥 **Repositories**

🔍 Find a repository...

⟨ Type ▾ ⟩   ⟨ Language ▾ ⟩   ⟨ Sort ▾ ⟩

---

**Cases_Film_Music_Arts_Hollywood**  ⟨Public⟩

523 Cases in Film, Music, Arts, Hollywood - Supporting Legislative Improvements with Analysis



☆ 1   ⑂ 0   ⊙ 0   ⑂ 0   Updated on Oct 3

---

**Victims_Cases_Film-Music-Arts**  ⟨Public⟩

165 CASES in Film/Music/Arts of Victims & Witnesses (Visual & Performing Arts) to Improve & Save Lives - Cases Filed & Lawsuits, Cases Not Litigated & Investigative, Related Cases (Civil, Criminal, Others), Similar Cases to Arts, with Analysis and Perception Fixer Guides - Accessible for Improvements - Golden Era Hollywood "The Business" to Present



☆ 5   ⑂ 0   ⊙ 0   ⑂ 0   Updated on Sep 26

---

**Case_Fixers_Depp_Heard_Influence_Witnesses**  ⟨Public⟩

Due Process Issues, Hollywood Fixers Influence on Cases & Society, Organizations, Experts, Witnesses with Documentation - Amici Filings on Appeal of Amber Heard, Official Records, Information - Impacts to Legal Cases, Victims/Witnesses - Methodology of Fixers



☆ 6   ⑂ 3   ⊙ 0   ⑂ 0   Updated on Sep 3

---

**PublicSafety_Victims_Alliance**  ⟨Public⟩

Connecting Public Safety to be victim-centered, pro-active, pre-emptive to save lives at 21st century levels. See https://publicsafetyandvictims.com

☆ 1    ⑂ 0    ⊙ 0    ⇄ 0    Updated on Feb 21

### .github  `Public`

⚡ Rescue Social - SERVICES FOR GOOD - Business/Community Aid & Relations, Research, Investigate Operations, Data Analysis ... WELCOME

☆ 0    ⑂ 0    ⊙ 0    ⇄ 0    Updated on Feb 21

### SaveMeNowApp  `Public`

SaveMeNow is an application that connects your mobile phone with the nearest fire emergency service quickly and efficiently. In the event of an incident, SaveMeNow sends data in real time, manually or automatically, to the nearest 1-1-2. See https://www.savemenowapp.com

☆ 3    ⑂ 0    ⊙ 0    ⇄ 0    Updated on Feb 21

### Guide_Cases_Domestic_Abuse  `Public`

Guide to Successful Cases for Domestic Abuse Victims - Timelines, Types of Abuse, Evidence, Witnesses, Aid, & Maintaining Networks --- Successful cases, witnesses, chronologies, correlations, examples, discovery, communications, data analysis --- Legal Intern at Chicago University

☆ 1    ⑂ 0    ⊙ 0    ⇄ 0    Updated on Sep 1, 2023

### Amber-Heard_Disinformation_Operations_Bots  `Public`

Amber Heard Social Network Analysis of Disinformation/Influence Operations, Bots, & Crime Across-Platforms. - Twitter, Reddit, YouTube, Instagram, Change.org, Facebook, Tumblr, TikTok. To create Foundations to Help victims of bots, cyberabuse, domestic abuse, coercive control, crime, & disinformation operations. We want to Save Lives & help part...

○ HTML    ☆ 53    ⑂ 19    ⊙ 0    ⇄ 0    Updated on Mar 30, 2023

### SNA-ChangeOrg-AH  `Public`

Change.org Social Network Analysis on AH's Case Study Example - Data Analysis of Petitions, Comments, Accounts, and Signatures with Timings and IDs (Review Coercive Conduct in Traditional Cases)

○ HTML     ⭐ 1     ⑂ 0     ⊙ 1     ⑁ 0     Updated on Oct 3, 2022

**SNA-AH-Case-Twitter**  `Public`

Twitter - Social Network Analysis on Amber Heard's Case Example from Data Analysts, Researchers. (Review Coercive Conduct in Traditional Cases) -- Category 6 operation and quantifications of the risks, we started with Twitter, then 6 platforms. Relations are influential to situation awareness, with platforms revealing alerts to Intercommunications

○ Jupyter Notebook     ⭐ 2     ⑂ 0     ⊙ 0     ⑁ 0     Updated on Jul 1, 2022

View all repositories

## People

This organization has no public members. You must be a member to see who's a part of this organization.

## Top languages

○ Jupyter Notebook   ○ Python   ○ HTML   ○ Java

## Most used topics

#social-network #data-science #hollywood #investigation #legal

11/7/24, 9:29 AM    RescueSocial/Cases_Film_Music_Arts_Hollywood: 523 Cases in Film, Music, Arts, Hollywood - Supporting Legislative Improvements …

Case 5:24-cv-01930-TJH-DTB    Document 16-1    Filed 11/07/24    Page 10 of 70    Page
ID #:236

🗒 **RescueSocial** / **Cases_Film_Music_Arts_Hollywood**    Public

523 Cases in Film, Music, Arts, Hollywood - Supporting Legislative Improvements with Analysis

☆ 1 star      ⑂ 0 forks      ⑂ Branches      🏷 Tags  ⌁ Activity

| ☆ Star | 🔔 Notifications |
|---|---|

| <> Code | ⓘ Issues | ⑂ Pull requests | ▶ Actions | ▦ Projects | ⛨ Security | ⮵ Insights |
|---|---|---|---|---|---|---|

⑂   ⑂ 1 Branch  ⬫ 0 Tags    ⑂    🏷     🔍 Go to file         Go to file      Code   ⋯

| 🖼 christinataft Update README.md | | 532bf78 · last month | 🕘 |
|---|---|---|---|
| 📁 Analysis | Delete Analysis/Placeholder | 2 months ago | |
| 📁 Legislation Improvem… | NewYork-California Legislati… | last month | |
| 📄 All Cases.csv | Add files via upload | 2 months ago | |
| 📄 All Cases.xlsx | Add files via upload | 2 months ago | |
| 📄 Control Group Case.c… | Add files via upload | 3 months ago | |
| 📄 Control Group Cases…. | Add files via upload | 3 months ago | |
| 📄 Linguistics Compare… | Linguistics Compared to Art… | 2 months ago | |
| 📄 Magazine Page Layo… | Add files via upload | 2 months ago | |
| 📄 Orchestra And Reel, … | Supporting Legislative Impr… | 2 months ago | |
| 📄 README.md | Update README.md | last month | |
| 📄 Top 100 Word Cloud.… | Add files via upload | 2 months ago | |
| 📄 Top 100 Words.csv | Add files via upload | 2 months ago | |
| 📄 Top 100 Words.xlsx | Add files via upload | 2 months ago | |
| 📄 gold film reel.jpg | Add files via upload | 2 months ago | |
| 📄 montmartre artists c… | Add files via upload | 2 months ago | |
| 📄 rock band instrument… | Add files via upload | 2 months ago | |

11/7/24, 9:29 PM                  GitHub - RescueSocial/Cases_Film_Music_Arts_Hollywood: 519 Cases in Film, Music, Arts, Hollywood - Supporting Legislative Improvements …

Case 5:24-cv-01930-TJH-DTB   Document 16-1   Filed 11/07/24   Page 11 of 70   Page
ID #:237

| 📄 welcome-aboard-life... | Add files via upload | last month |

# Cases Film, Music, Arts, Hollywood

519 Cases in Film, Music, Arts, Hollywood - *Analysis to Support Legislative Improvements and Services.*
449 Hollywood Cases in "All Cases" including 99 Control Group Cases in "Control Group Cases".
We are the first to do case analysis in the **artistic/creative** category that is accessible for improvements to help people.

# Visual and Performing Arts Overview:

- **The Visual Arts** gives a way to express feeling, emotion, opinion, or taste through visual means, for instance, photography, painting, sculpting, and drawing. Visual Arts are primarily created for Aesthetic Purposes. Visual Arts include painting, sculpture, watercolor, graphics, drawing, and architecture. Also in the Visual Arts category is music, poetry, film, photography, conceptual art, and printmaking.

- **Performing Arts** have ways to express an opinion, emotion, feeling, or taste, through means of performance, like theater, speech, dance, music, and more. Performing Arts are arts or skills that require a performance in front of an audience. Examples are acting, singing, and dancing. Other forms of the Performing Arts include opera, theater, magic or illusion performances, mime, spoken word, recitation, and speaking. Performing Arts include conveying a message or artistic expression through their dialogue, voice, and their body.

## Supporting Legislative Improvements

*With guides, find elements faster for **remedies, for better lives**, including **improved legislation**.*

11/7/24, 9:29 PM    RescueSocial/Cases_Film_Music_Arts_Hollywood: Cases in Film, Music, Arts Hollywood Supporting Legislative Improvements …

Case 5:24-cv-01930-TJH-DTB   Document 16-1   Filed 11/07/24   Page 12 of 70   Page ID #:238

# Starting Metaphoric Understanding to Cases

**Illustrative of Cases Related to Visual & Performing Arts (Hollywood)**
*The Process: Orchestra And Gold Film Reel, In Perspective*



*Artists Centers and Band Instruments for Live Music*







[Guide Comparison](): **Linguistics Compared to Hollywood, Legislation, Investigations, and Witness Testimony**
Other pages: Guides, Golden Era Television Writer, Movie Consultant. (Case Given)

- View on Confidential Magazine Court Case: *["Confidential" Account]()*
  Maureen O'Hara **gladly testified** in California's case Citing Confidential Magazine and Judge Walker allowed testimony about blackmail.

- **Monopoly Traits Increasing Fixed Cases:** *[Front Page Detectives]()* (Harmed Cases to Today)

- How Linguistics Analysis Helps Solve Crimes: [https://www.verbolabs.com/the-science-of-linguistic-forensics-how-language-analysis-helps-solve-crimes]()

- Golden Era: "Everett Debaun, now a Successful Television Writer… *Debaun's discussion: Legislative tactics which increase the risks of detection and apprehension. He indicates that shifts in the form of have occurred in the United States as a response to such developments as… statues regarding… In these Cases, risks of certain crimes have been Perceived by professional heavies as too great in relation*

11/7/24, 9:29... Cases_Film_Music_Arts_Hollywood: Cases in Film, Music, Arts, Hollywood, Supporting Legislative Movements …

Case 5:24-cv-01930-TJH-DTB   Document 16-1   Filed 11/07/24   Page 13 of 70   Page
ID #:239

to... *returns so that they have turned to other "low risk" kinds... is one Case illustration."*

**Television Writer** Contributed to [Criminology Guides](#) - Motion Picture: Changing the Lawbreaker.

- California Legislation Issues: [*Faults with Lindbergh Case.*](#)
  *Faults of investigations with letters, Including Comparing Potential Witnesses only to Financial Objects*
- *Discussion in American Language Supplement* [*(Book)*](#)

## Magazine Page Layout Guides - Creation and Emphasis

*"Magazine page layout is an Art that balances aesthetics and functionality. Organizing a page's text, images, and other graphic elements creates an engaging and readable experience. Key considerations include hierarchy, which guides readers through the content effectively, and grid systems, which provide a structured framework..."*
[*https://azuramagazine.com/articles/magazine-page-layout-what-you-need-to-know*](https://azuramagazine.com/articles/magazine-page-layout-what-you-need-to-know)

## Welcome Aboard Life Buoy... Better Services



🔗 ***Continue Analysis in the Arts for Solutions***

*Beyond a single painting easel...*

 

## Releases

No releases published

11/7/24, 9:29 AM    GitHub - RescueSocial/Cases_Film_Music_Arts_Hollywood: Cases in Film, Music, Arts, Hollywood, Supporting Legislative Improvements …

Case 5:24-cv-01930-TJH-DTB   Document 16-1   Filed 11/07/24   Page 14 of 70   Page
ID #:240

## Packages

No packages published

---

## Contributors  2

 **christinataft** Christina Taft

 **victoriak2001** Victoria Karai

---

📖 README                                                                    ☰

# EXHIBIT B

## Melissa Lerner

| | |
|---|---|
| **From:** | Melissa Lerner |
| **Sent:** | Wednesday, October 16, 2024 7:40 PM |
| **To:** | Christina Taft; Lucy Hanna; Mel Sue H |
| **Cc:** | ceo.taft@rescue-social.com; taft.christina@yahoo.com; Roya Hassas |
| **Subject:** | RE: Taft v. Barresi, et al. (Case No. 5:24-cv-01930) |

Hi Ms. Taft,

Thank you. The signature is valid and I appreciate you getting it back to me so promptly. I will add my signature and my office will file the stipulation tomorrow. I will put a service copy in the mail to your address in Hawaii and you should receive an automatic notice from the Court filing system when it is filed. We will also send a courtesy copy via email, copying your legal consultants.

Now that I have been retained by Mr. Barresi all correspondence related to this matter will be from me or someone else in my office at my direction.

When you have a chance, please let me know some potential dates and times next week when you (and your legal consultants if you would like them to participate) are available for a call or Zoom.

Sincerely,
Melissa Lerner

-----------------------------------------------------------------------------------
**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.
Tel.: (310) 556-3501 | Fax: (310) 556-3615



THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED OR DISSEMINATED IN WHOLE OR IN PART.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES.  THANK YOU.

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Sent:** Wednesday, October 16, 2024 7:29 PM
**To:** Melissa Lerner <mlerner@lavelysinger.com>; Lucy Hanna <legalstructureconsulting@gmail.com>; Mel Sue H <melodyesue@gmail.com>
**Cc:** ceo.taft@rescue-social.com; taft.christina@yahoo.com; Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Hi Ms. Lerner,

Here is the attached signed stipulation to extend the time. I've copied on my legal aid and please advise Barresi to not contact them via email or phone or invade their privacy. I think this is a valid signature, although my legal aid couldn't review it.
Please he should not harass my legal relief or legal counsel.
He harasses attorneys, licensed private investigators, family, witnesses, whoever and it's very manipulative. I wish it would stop.

Happy birthday to your mother, I wish mine was still here. 😭

Christina Taft

On Wed, Oct 16, 2024 at 4:19 PM Melissa Lerner <mlerner@lavelysinger.com> wrote:

Hi Ms. Taft:


Thank you for the clarification below. Please review the attached stipulation (it is a standard template based on Local Rule 8-3) and let me know if I am authorized to add your electronic signature and file the stipulation. Thank you for your attention to this matter.


Happy belated birthday. That is also my mother's birthday, so it is a very lucky day in my book  .


Sincerely,

Melissa Lerner


-------------------------------------------------------------------------------

**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.

Tel.: (310) 556-3501 | Fax: (310) 556-3615



THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED OR DISSEMINATED IN WHOLE OR IN PART.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES.  THANK YOU.

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Sent:** Wednesday, October 16, 2024 6:50 PM
**To:** Melissa Lerner <mlerner@lavelysinger.com>
**Cc:** ceo.taft@rescue-social.com; taft.christina@yahoo.com; Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Lerner:

I wrote you can extend the time. My pleas for injunctions and civil rights are rights of mine as a United States Citizen.

My birthday was October 13, and this is very distressing and I told you I did not see your claims.

Christina Taft

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*

On Wed, Oct 16, 2024 at 3:47 PM Melissa Lerner <mlerner@lavelysinger.com> wrote:

Ms. Taft:


Your false allegations against my client are denied in full, and your threats are not well-taken. I understand your email failing to address my extension and meet and confer requests to mean that you will not agree to an extension of the response deadline to permit us to engage in a meaningful meet and confer regarding your Complaint. Accordingly, my office will proceed with filing Mr. Barresi's motion to dismiss pursuant to FRCP 12(b)(6) and, time permitting, a motion to strike pursuant to FRCP 12(f).


I continue to reserve my client's rights and remedies to the full extent of the law.


Sincerely,

Melissa Lerner


--------------------------------------------------------------------------------------
**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.
Tel.: (310) 556-3501 | Fax: (310) 556-3615


**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Date:** Wednesday, October 16, 2024 at 5:30 PM
**To:** Melissa Lerner <mlerner@lavelysinger.com>
**Cc:** ceo.taft@rescue-social.com <ceo.taft@rescue-social.com>, taft.christina@yahoo.com <taft.christina@yahoo.com>, Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Lerner:

Applications for Restraining Orders and Injunctions as contained in my lawsuit Case Number is 5:24-cv-01930-TJH-DTB

 means it requires no telephone harassment, of which, "Hollywood Fixer" Paul Barresi aggressively has done to my Key Witnesses, **Licensed Private Investigator and Retired LAPD** Mike McCormick and Former Employee of the Viper Room, Richard Albertini, who wanted to do Witness Testimony, under the Law.
The Defendants' coercion continued *even after* being process served of: **5) Civil Harassment, California Code of Civil Procedure § 527.6. The aggressive voicemail to this retired LAPD OFFICER will be included in the opposition.**
The Defendants further emailed me threats and harassment after this process serve.

Any court can grant an extension of the requirement to answer with a Verified Answer, of which, if your client lies, will endure penalties and sanctions once "appearing" on a Court record. Defendants calling retired LAPD officers and intimidating witnesses wanting to testify will be noted in the opposition to your motions in their declarations and Verbatim voicemails.

Christina Taft

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*

On Wed, Oct 16, 2024 at 2:00 PM Melissa Lerner <mlerner@lavelysinger.com> wrote:

Ms. Taft:

Thank you for your response.

My obligation to meet and confer with you regarding Mr. Barresi's motion to dismiss is unrelated to what kind of relief you are seeking, under FRCP 65 or otherwise. In the Central District, Local Rule 7-3 requires that the parties or their counsel, as applicable, confer telephonically prior to filing any motion, including a motion to dismiss the Complaint. The purpose of such a conference is to attempt to resolve the issues forming the basis of the anticipated motion and to reduce unnecessary motion practice and gratuitous use of limited judicial resources. we have identified in the Complaint and which will form the basis of our request that the Court dismiss your Complaint.

My communications to you regarding the response deadline and anticipated motion practice were directly to your email address listed on the caption of the Complaint, and not through PACER. Your receipt of my emails has nothing to do with whether or not you have lodged your e-filing application with the Court.

I first contacted you 10 days before the response deadline at the email address listed on your Complaint. I sent a follow up 9 days before the response deadline to the same email address. My efforts to schedule the telephonic conference were sufficiently in advance of the filing date, and I also requested a courtesy extension so we had additional time to meet and confer. When you file a lawsuit and list an email address on the Complaint, it is expected that you are monitoring that email address for correspondence and communications regarding *your lawsuit*. I also tried to call you at the phone number listed on the captain page of the Complaint, only to discover that it is not a valid or functioning phone number.

I sent a third email last Friday to two other email addresses I was able to locate for you in addition to the email address on the Complaint, in furtherance of my repeated and unsuccessful attempts to make contact with you about your lawsuit. You have provided no explanation why you waited five days to respond. Your response also ignores entirely my request (which I am now renewing) that we stipulate to a brief extension (14 days should be sufficient) of Mr. Barresi's deadline to respond so that we can participate in the Local Rule 7-3 telephonic conference. If you do not agree to this extension, then the declaration I file in support of Mr. Barresi's motion to dismiss tomorrow will outline my efforts to meet and confer with you and my request for an extension to the response deadline to afford us additional time to meet and confer. It will also note your failure to respond until the day before the response deadline and your refusal to meet and confer or agree to a courtesy extension of time.

Although they are somewhat incomprehensible, your accusations against my client and/or my firm are denied in full.

All of my client's rights and remedies, in law and equity, remain reserved.

Sincerely,

Melissa Lerner

--------------------------------------------------------------------------------

**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.

Tel.: (310) 556-3501 | Fax: (310) 556-3615



_____

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED OR DISSEMINATED IN WHOLE OR IN PART.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES.  THANK YOU.

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Sent:** Wednesday, October 16, 2024 8:19 AM
**To:** Melissa Lerner <mlerner@lavelysinger.com>
**Cc:** ceo.taft@rescue-social.com; taft.christina@yahoo.com; Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)


Hello Melissa,

My lawsuit includes an application under F.R.Civ.P. 65 for temporary restraining orders and preliminary injunctions, which does not require a teleconference before a motion in response.

Barresi immediately aggressively left voicemails and intimidation to my witnesses, including licensed retired LAPD private investigator Mike McCormick. He further has repeatedly emailed allegedly aggressive false statements of Marty Singer and 'his lawyers' for years - about them listening to tape recordings he obtained - while also tape recording the lawyers he 'deals' with for leverage. How is former client Eddie Murphy btw?


Secondly, my E-Filing application was not lodged with the court, therefore, my email does not receive notifications from the court when there are filings without reviewing PACER. You emailed me too late before the required 21 day response.

I'm waiting for the defendant to "appear" in court. You have not "appeared" on the court record to represent him yet.

Christina Taft

On Fri, Oct 11, 2024 at 10:21 AM Melissa Lerner <mlerner@lavelysinger.com> wrote:

Ms. Taft,

Because I have yet to receive a response, I am resending my email below to two additional email addresses I was able to locate for you. I have also tried calling the number that appears on the pleadings but am told it is not a valid number. It is imperative that we speak at your earliest convenience regarding your lawsuit. In the event that you do not respond to me, please be advised that we plan to file a motion to dismiss the Complaint for failure to state a claim pursuant to FRCP 12(b)(6), as well as a motion to strike pursuant to FRCP 12(f). We will also be serving an FRCP 11 motion for sanctions to commence the safe harbor period before filing.

My client's rights and remedies are reserved.

Sincerely,

Melissa Lerner

---

**From:** Melissa Lerner <mlerner@lavelysinger.com>
**Date:** Wednesday, October 9, 2024 at 4:35 PM
**To:** ceo.taft@rescue-social.com <ceo.taft@rescue-social.com>
**Cc:** Roya Hassas <rhassas@lavelysinger.com>
**Subject:** RE: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Ms. Taft:


Please provide your availability tomorrow and Friday for a telephonic conference regarding Mr. Barresi's response to your Complaint. Such a conference is required pursuant to Local Rule 7-3. If you are unwilling to grant the courtesy extension I have requested, it is imperative that we complete this telephonic conference by the end of this week.


Thank you.


--------------------------------------------------------------------------------

**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.

Tel.: (310) 556-3501 | Fax: (310) 556-3615



_____

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED OR DISSEMINATED IN WHOLE OR IN PART.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES.  THANK YOU.

**From:** Melissa Lerner <mlerner@lavelysinger.com>
**Sent:** Tuesday, October 8, 2024 1:45 PM
**To:** ceo.taft@rescue-social.com
**Cc:** Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Ms. Taft:

Following up on my email from yesterday, please let me know by the end of the day today if you will grant the professional and personal courtesy of a 28-day extension to Mr. Barresi's response deadline. This is a very routine request, and when I have made it in the past it has always been granted. I do not anticipate you would have any reason to respond differently in this case.

Thank you.

---------------------------------------------------------------------------------------
**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.
Tel.: (310) 556-3501 | Fax: (310) 556-3615

**From:** Melissa Lerner <mlerner@lavelysinger.com>
**Date:** Monday, October 7, 2024 at 5:59 PM
**To:** ceo.taft@rescue-social.com <ceo.taft@rescue-social.com>
**Cc:** Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Dear Ms. Taft:

Our firm is in the process of being retained by Paul Barresi in connection with the above-captioned lawsuit you filed in the Central District of California. Given the status of our retention and my observation of the Jewish holidays, I would greatly appreciate if you would agree to an extension to Mr. Barresi's deadline to respond to your Complaint by 28 days. This would move the response deadline from October 17 to November 14, 2024. If you are amenable to this extension, my office can prepare a joint stipulation to file with the Court (extensions of initial response deadlines by less than 30 days do not require court approval, but simply a filed stipulation signed by the parties per Local Rule 8-3).

I greatly appreciate your anticipated courtesy.

Sincerely,

Melissa Lerner

-----------------------------------------------------------------------------------------
**MELISSA Y. LERNER**
**LAVELY & SINGER PROFESSIONAL CORPORATION**
**ATTORNEYS AT LAW**
2049 CENTURY PARK EAST, SUITE 2400
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE: (310) 556-3501
FACSIMILE: (310) 556-3615
www.LavelySinger.com
E-MAIL: mlerner@lavelysinger.com



--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*[LinkedIn](#)*

--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*[LinkedIn](#)*

# EXHIBIT C

# CEO of Rescue Social Files Lawsuit Against Hollywood Fixers Paul Barresi and Adam Waldman

## U.S. case alleges Barresi and Waldman enacted civil conspiracy, alterations of records, invasion of privacy, racketeering

**October 17, 2024 8:00 AM EDT | Source: Public Safety and Victims Alliance (/company/10930/Public-Safety-and-Victims-Alliance)**

Los Angeles, California--(Newsfile Corp. - October 17, 2024) - A federal lawsuit has been filed in the Central District of California against Hollywood fixers Paul Barresi and Adam Waldman, alleging civil conspiracy, obstruction of justice, alterations of records, invasion of privacy, and other serious charges. The case, Taft v. Barresi and Waldman, Case No. 5:24-cv-01930-TJH-DTB (https://api.newsfilecorp.com/redirect/DZL7nSMmaE), claims that both defendants engaged in a wide-ranging scheme to intimidate and manipulate individuals within the entertainment industry, including witnesses, former clients, and competitors, for private gains.

The plaintiff, identified as Christina Taft, a humanitarian and entrepreneur from Hawaii and executive of Rescue Social Inc, has a deep family history in the film industry. In her complaint, Ms. Taft alleges that Barresi and Waldman conspired to invade her privacy and inflict emotional distress while orchestrating a complex scheme suppressing witness testimony.

CLAIMS FOR INVESTIGATIONS TO PROTECT WITNESSES AND FORMER CLIENTS
According to the complaint, Barresi and Waldman allegedly collaborated to corruptly persuade and manipulate individuals within the film, music, and arts sectors. The lawsuit claims this collaboration began around April 2020 and continued into 2024, involving interstate communications, coercion, exploiting audio tapes, and various forms of harassment. The plaintiff asserts that the defendants' actions caused her significant emotional distress, fear for her safety, need for competing private investigators, and damage to her profession.

The suit says Christina Taft was improving structures for rescue, SaveMeNow, and public safety, including for cases in film, music, and arts, as part of the visual and performing arts business, and assisting former employees of the Viper Room and witnesses when she was injured by "fixing" activities done to benefit Depp.

The complaint outlines 12 causes of action, including civil conspiracy, obstruction of justice, and violations of both federal and California state laws. These alleged violations include tampering with witnesses and objects, invasion of privacy, and racketeering activities. Specifically, the lawsuit cites violations of 18 U.S.C. § 1512 (witness tampering), 18 U.S.C. § 875 (interstate communications), 18 U.S.C. § 1519 (alteration of records), and the Civil RICO Act under 18 U.S.C. § 1962, among others.

HOLLYWOOD FIXERS, CORRUPT PERSUASION, AND HIGH-PROFILE INTEGRITY
Paul Barresi, often referred to as a "Hollywood fixer," is known for his work within the entertainment industry, where he allegedly operates under the business name "Hollywood Confidential Investigations." Barresi has been accused of using his position to exploit and intimidate competitors, former clients, and witnesses, allegedly related to competing high-profile clients.

Adam Waldman, a lawyer based in Washington, D.C., is also named as a defendant in the lawsuit. Waldman, who has represented Depp, is alleged to have directed and financially rewarded Barresi for his involvement in various acts of coercion and intimidation. Waldman, the director of The Endeavor Group, is accused of playing a central role in these alleged unlawful activities, using his influence to serve private interests.

The complaint further alleges that Barresi and Waldman worked together to suppress potential testimony and hinder processes through corrupt persuasion, alterations and fabrications of records, manipulating financial transactions, travel to Washington D.C., and other means. The plaintiff also asserts that the defendants exploited their positions of power and influence to cause lasting harm to their perceived competitors.

A PLEA FOR NEW LEGISLATION AND BETTER BUSINESS PRACTICES
In addition to seeking damages, the lawsuit calls for new legislation in California to protect witnesses, whistleblowers, small businesses, and individuals within the arts industry from coercion and harassment. The plaintiff advocates for changes to California law to mirror protections already in place in New York, which offer more comprehensive safeguards for individuals facing threats related to legal testimony.

"In echoing the great Grace Kelly's words, 'I would like to be remembered as someone who accomplished useful deeds, and who was a kind and loving person. I would like to leave the memory of a human being with a correct attitude and who did her best to help others," said Taft.

Taft, whose family has deep roots to Hollywood's Golden Era, has dedicated much of her career to public safety and the protection of individuals in the arts. After losing her mother, former socialite and model Victoria Taft, in 2018 to the Paradise, California wildfire, she has dedicated her time to improving public safety systems, which includes founding Rescue Social. The organization is committed to driving greater transparency and accountability in public safety measures, especially those involving high-profile individuals and sensitive matters. The team supports initiatives across various industries, including film, music, and the arts, to implement safety systems that protect citizens and potential employees. Rescue Social does case analysis with interns from Chicago.

"I hope this filing brings awareness to how witnesses regularly do not have protections, especially in respect to cases related to Film, Music, Arts and 'The Business,' and that it drives needed change."

LEGAL PROCEEDINGS AND JURY DEMAND
The plaintiff has requested a jury trial and seeks both injunctive relief and monetary damages for the alleged violations. The lawsuit highlights a demand for accountability and the protection of individuals, witnesses, investigations, donors, and businesses from unlawful tactics of coercion, use of another to benefit a principle as outlined in New York's law, and invasion of privacy, for inclusion with respect to another's legal claim and when related to the arts.

The case is currently pending in the U.S. District Court, Central District of California, Eastern Division. No trial date has been set at this time.

More information about the complaint can be found here (https://api.newsfilecorp.com/redirect/rva51TxyLL).



(https://images.newsfilecorp.com/files/10930/226868_9ccb42bf04d0ab46_001full.jpg)

U.S. Judge Gavel Stars

To view an enhanced version of this graphic, please visit:
https://images.newsfilecorp.com/files/10930/226868_9ccb42bf04d0ab46_001full.jpg
(https://images.newsfilecorp.com/files/10930/226868_9ccb42bf04d0ab46_001full.jpg)



(https://images.newsfilecorp.com/files/10930/226868_9ccb42bf04d0ab46_002full.jpg)

Gavel Witnesses and Plaintiff

To view an enhanced version of this graphic, please visit:
https://images.newsfilecorp.com/files/10930/226868_9ccb42bf04d0ab46_002full.jpg
(https://images.newsfilecorp.com/files/10930/226868_9ccb42bf04d0ab46_002full.jpg)

**Media Contact:**
Lucy Hana
Public Safety and Victims Alliance
+1 757-744-2527
email us here (mailto:ceo.taft@rescue-social.com)

To view the source version of this press release, please visit https://www.newsfilecorp.com/release/226868
(https://api.newsfilecorp.com/redirect/V7yq8U4XNj)

SOURCE: Public Safety and Victims Alliance (/company/10930/Public-Safety-and-Victims-Alliance)

# EXHIBIT D


The State Bar *of California*

**Melodye Sue Hannes #192977**
**License Status:** Disbarred

This licensee is prohibited from practicing law in California by order of the California Supreme Court.

---

**CONSUMER ALERT**
This attorney is disbarred from the practice of law. As a result, the attorney is ineligible to practice law in California. The State Bar posts consumer alerts online when attorneys are disbarred. The decision(s) or order(s) are posted on the State Bar Court Smart Search. Anyone who believes they have been the victim of attorney misconduct is urged to file a complaint with the State Bar.

---

Address: 4419 Coldwater Cyn Ave #I, Studio City, CA 91604
Phone: 818-286-0402 | Fax: 818-781-0105
Email: melodyehannes@aol.com | Website: Not Available

## More about This Attorney ▾

**All changes of license status due to nondisciplinary administrative matters and disciplinary actions.**

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|---|---|---|---|
| Present | Disbarred | | |
| 11/12/2006 | Disbarred | Disbarment 05-O-02476 ⓘ | |
| 6/29/2006 | Not eligible to practice law in CA | Ordered inactive 05-O-02476 ⓘ | |
| 3/31/2006 | Not eligible to practice law in CA | Ordered inactive 05-O-02476 ⓘ | |
| 2/2/2006 | | Disciplinary charges filed in State Bar Court 05-O-02476 ⓘ | |
| 10/16/2005 | Not eligible to practice law in CA | Ordered inactive 05-TR-04260 ⓘ | |
| 9/16/2005 | Not eligible to practice law in CA | | Suspended, failed to pay fees |
| 12/9/1997 | Admitted to the State Bar of California | | |

## State Bar Court Cases
**The listing below is partial, as the State Bar Court is transitioning to online dockets. Please refer to the License Status, Disciplinary and Administrative History section above for a record of discipline cases. Case dockets and documents may be available using the State Bar Court Search for a Case feature; see instructions below.**

| Effective Date ⓘ | Case Number | Description ⓘ |
|---|---|---|
| 11/12/2006 | 05-O-02476 | Decision [PDF] [WORD] |

Here is what you need to know to access discipline documents in public cases:

Documents are added to the State Bar Court's online docket as events occur.

Search for a Case

To search for a case, please copy the case number displayed above and click Search for a Case. In the search box, paste the complete case number. If the case number begins with "19" or higher, you must add the prefix SBC to the case number, e.g., SBC [CASE NUMBER]. If a case number begins with 18 or lower, there's no need to add SBC.

Most public case records since 2000 are available through search. Older case records are **available on request**. The State Bar Court began posting public discipline documents online in 2005.

NOTE: Only **Published Opinions** may be cited or relied on as precedent in State Bar Court proceedings.

DISCLAIMER: Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.

**Additional Information:**
- About the disciplinary system

Copyright © 2024 The State Bar of California

  

# EXHIBIT E

FILED JUNE 26, 2006

## STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT - LOS ANGELES

| | |
|---|---|
| In the Matter of | Case No. 05-O-02476-RAH |
| **MELODYE SUE HANNES**, | **DECISION INCLUDING DISBARMENT RECOMMENDATION AND INVOLUNTARY INACTIVE ENROLLMENT ORDER** |
| **Member No. 192977**, | |
| A Member of the State Bar. | |

## I. INTRODUCTION

In this disciplinary matter, Shari Svenigson appeared for the Office of the Chief Trial Counsel of the State Bar of California (State Bar). Respondent Melodye Sue Hannes did not appear in person or by counsel.

After considering the evidence and the law, the court recommends, among other things, that respondent be disbarred.

## II. SIGNIFICANT PROCEDURAL HISTORY

The Notice of Disciplinary Charges (NDC) was filed on February 2, 2006, and was properly served on respondent on that same date at her official membership records address, by certified mail, return receipt requested, as provided in Business and Professions Code section[1] 6002.1, subdivision (c) (official address). Service was deemed complete as of the time of mailing. (*Lydon v. State Bar* (1988) 45 Cal.3d 1181, 1186.)

On February 7, 2006, respondent was properly served at her official address with a notice advising her, among other things, that a status conference would be held on March 2, 2006.

Respondent did not appear at the March 2, 2006, status conference. On March 6, 2006,

---

[1]Future references to section are to the Business and Professions Code.

she was properly served with a status conference order at her official address by first-class mail, postage prepaid. This correspondence was returned as undeliverable.

Respondent did not file a responsive pleading to the NDC. On March 9, 2006, a motion for entry of default was filed and properly served on respondent at her official address by certified mail, return receipt requested. The motion advised her that discipline of disbarment would be sought if she were found culpable. Respondent did not respond to the motion.

On March 28, 2006, the court entered respondent's default and enrolled her inactive effective three days after service of the order. The order was filed and properly served on her at her official address on that same date by certified mail, return receipt requested. This correspondence was returned as undeliverable.

The State Bar's efforts to locate and contact respondent were fruitless.

The matter was submitted for decision without hearing on April 17, 2006, after the State Bar filed a brief.

## III.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court's findings are based on the allegations contained in the NDC as they are deemed admitted and no further proof is required to establish the truth of those allegations. (§6088; Rules of Proc. of State Bar[2], rule 200(d)(1)(A).) The findings are also based on any evidence admitted.

It is the prosecution's burden to establish culpability of the charges by clear and convincing evidence. (*In the Matter of Glasser* (Review Dept. 1990) 1 Cal. State Bar Ct. Rptr. 163, 171.)

### A.  Jurisdiction

Respondent was admitted to the practice of law in California on December 9, 1997, and has been a member of the State Bar at all times since.

### B.  Facts

In 2002, Ronald Puckett retained respondent to represent him in a divorce. (*In the

---

[2]Future references to the Rules of Procedure are to this source

*Marriage of Puckett*, Alameda County Superior Court case no. 848781-0 (Puckett case or matter).)

Attorney R. Edward Pfiester, Jr., represented Puckett in a personal injury case that was litigated during the marriage.

On August 30, 2002, respondent wrote a letter to Margaret Gannon, attorney for his former spouse, Arnetha, agreeing, among other things, that she would deposit a check from Pfiester made payable to respondent and Puckett in the sum of $310,766.29 into her "client trust fund" and that the funds would not be released to any person until further order of the court or agreement by stipulation of the parties. The check from Pfiester represented assets from Puckett's personal injury settlement. It included a then-undetermined sum to which Arnetha would be entitled for her claims arising from the personal injury case.

On August 30, 2002, Puckett gave respondent a check for $15,000 intended to pay sums then-owed to Arnetha. Respondent deposited this check into her client trust account number 090-4511706 at Wells Fargo Bank (CTA).

On September 3, 2002, respondent deposited the $310,766.29 check into the CTA.

After these two deposits, there should have been at least $325,766.29 in the CTA.

In September 2002, the superior court ordered respondent to hold in trust as community property the $310,766.29 while the Puckett case was pending and until further order of the court.

During the six-month period between September 3, 2002 and February 28, 2003, respondent used $317,584.41 of the funds Puckett entrusted to her for cross-country and overseas vacations, clothing, hobbies, dining out, dietary supplements, tanning and beauty salons, and other personal expenses. She was never authorized by her client or the court to use any portion of the funds. These expenditures are discussed further below.

Respondent made approximately 30 wire or telephonic transfers totaling more than $45,000 and approximately 47 cash withdrawals totaling more than $125,000 from the CTA to various checking accounts for her personal benefit, use and enjoyment during those six months.

Respondent also issued checks from the CTA totaling more than $25,000 for her personal benefit, use and enjoyment, including over $17,000 for travel and $6,500 paid to her law office.

During those six months, respondent made more than 140 point-of-sale or check card purchases from the CTA totaling more than $40,000 for her personal benefit, use and enjoyment, including expenses for tanning and beauty salons, a weight-loss clinic, travel, dining out, clothing, markets and other stores, utilities and other miscellaneous items.

The entire $310,766.29 respondent received on Puckett's behalf should have remained in the CTA during those six months, however.

Between September 3, 2002 and February 28, 2003, respondent made only three disbursements, totaling $8,100, related to the Puckett case from her CTA. These were checks payable to Ametha or to her attorney, each in the sum of $2,700, and issued on January 7 and February 1 and 3, 2003. The January check indicated that it was intended to replace a previously-issued CTA check to Arnetha for $2,700. The memo portion of the February 1 check to Arnetha's lawyer simply stated "July." The last check indicated that it was intended as a "support" payment from Puckett. There were no other disbursements from the CTA to Puckett, Arnetha, her attorney, their creditors or anyone else on their behalf or pursuant to court order. After these disbursements, respondent should have maintained in the CTA $6,900 of the $15,000 Puckett entrusted to respondent for Arnetha.

Between September 3, 2002 and February 28, 2003, respondent's CTA balance fell below $325,807.91 to a low balance of $81.88 as follows:

| Date | CTA Balance |
|------|-------------|
| 9/30/02 | $288,487.91 |
| 10/31/02 | 245,549.49 |
| 11/29/02 | 181,792.43 |
| 12/31/02 | 95,850.76 |
| 1/31/03 | 34,182.31 |
| 2/28/03 | 81.88 |

Between August 30, 2002, and February 28, 2003, respondent misappropriated $317,584.41[3] of entrusted funds.

In July 2003, Puckett paid an additional $9,000 in attorney fees. He was unaware of

---

[3]This number is comprised of $325,766.29 (total amount of entrusted funds) minus $81.88 (CTA ending balance) minus $8100 (amount disbursed to Arnetha).

respondent's misappropriation of his and Arnetha's funds.

While the Puckett matter was pending, the mortgage on the Pucketts' community residence went into default.

On January 18, 2005, respondent made an appearance at a hearing on the Puckett case. The court ordered, among other things, that payment to cure the default on the mortgage be made forthwith from the funds entrusted to respondent. On February 17, 2005, the court served respondent with a written notice of the order. Respondent received it.

Respondent did not distribute the funds to cure the default as ordered. A foreclosure sale of the Pucketts' residence was set for March 22, 2005.

On March 15, 2005, the court issued an ex parte order ordering respondent to transfer $59,116.51 from the CTA to Gannon's CTA so that Gannon would use the funds to cure the default. The transfer of funds to Gannon was to take place within 24 hours' notice to respondent. Respondent received written notice of the court's order. She did not comply with the order to transfer the funds to Gannon.

On April 19, 2005, respondent appeared telephonically at an order to show cause (OSC) hearing in the Puckett case. She told the court and Gannon that she had faxed to Gannon a copy of her most recent CTA statement just prior to the hearing and that the statement showed that there were sufficient funds in the account.

Respondent had sent to Gannon a copy of what purportedly was her CTA statement dated January 31, 2005, and appearing to reflect a balance of $310,766.29. Before she faxed it to Gannon, however, respondent had altered the actual CTA statement with the intent to deceive Gannon and, indirectly, the court. In fact, respondent's CTA was overdrawn on January 31, 2005, with a negative balance of $9.87. Respondent intended to mislead and deceive the court and Gannon with false assurances that the Pucketts' funds remained in trust.

After the April 19 OSC hearing, the court issued an order requiring respondent to provide an accounting of the community funds held in her CTA as had been previously ordered, including, but not limited to, copies of monthly statements of the account in which she had held the funds since they had been in her possession, copies of all checks and withdrawal documents

evidencing any disbursement of the funds at any time since they came into her possession. The accounting was to be delivered to Gannon no later than April 29, 2005. The court also ordered respondent to transfer to Gannon forthwith all funds held in trust for the Pucketts. Gannon was to hold them in trust for the Pucketts until further order of the court. On May 9, 2005, the court issued a written order memorializing the orders given verbally at the April 19 hearing.

Respondent did not transfer the funds or render the accounting as ordered by the court.

Arnetha was forced to file a Chapter 13 bankruptcy proceeding in order to forestall the foreclosure sale of the community residence.

On May 18, 2005, the State Bar opened an investigation on case no. 05-O-02476. On June 6 and July 11, 2005, a State Bar investigator sent respondent letters regarding the Puckett matter. They were addressed to her official address and sent by first-class mail, postage prepaid. They were returned to the State Bar as undeliverable.

On August 11, 2005, the investigator wrote again to respondent, sending a copy of the June 6 letter to an alternate address. The letter asked her to respond in writing to specific allegations of misconduct being investigated regarding the Puckett case. This letter was returned as undeliverable too.

Respondent abandoned her office located at her official address and did not provide the State Bar with a change of address or address to be used for State Bar purposes.

## B. Conclusions of Law

### 1. Count One - Rule of Professional Conduct[4] 4-100(A) (Failure to Maintain Client Funds in Trust Account)

Rule 4-100(A) requires, in relevant part, that an attorney place all funds held for the benefit of clients, including advances for costs and expenses, in a client trust account.

There is clear and convincing evidence that respondent wilfully violated rule 4-100(A). She deposited $310,766.29 of client funds in the CTA and let the account balance dip to $81.88.

There is also clear and convincing evidence that respondent wilfully violated rule

---

[4]Future references to rule are to this source.

4-100(A) by not maintaining in the CTA $6,900 of the $15,000 deposited therein for Arnetha and letting the account balance dip to $81.88 although only $8,100 was disbursed to her.

There were no other disbursements to Puckett or Arnetha.  There were no expenditures on their behalf or pursuant to court order.

### 2.  Count Two - Section 6106 (Moral Turpitude)

Section 6106 makes it a cause for disbarment or suspension to commit any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not.

There is clear and convincing evidence that respondent violated section 6106 by misappropriating $317,584.41 of client funds for her own use and benefit between September 2002 and February 2003.  Accordingly, she committed acts of moral turpitude, dishonesty or corruption in wilful violation of section 6106.

### 3.  Count Three - Section 6106 (Moral Turpitude)

There is clear and convincing evidence that respondent violated section 6106.  She charged and collected additional attorney fees from Puckett, thereby leading him to believe that she was acting in his best interests although she knew she had misappropriated more than $317,000 of his and Arnetha's money.  Accordingly, she committed an act of moral turpitude, dishonesty or corruption in wilful violation of section 6106.

### 4.  Count Four - Section 6103 (Violation of Court Order)

In relevant part, section 6103 makes it a cause for disbarment or suspension for an attorney to wilfully disobey or violate a court order requiring him or her to do or to forbear an act connected with or in the course of his or her profession, which he or she ought in good faith to do or forbear.

By not transferring the entrusted funds to Gannon to cure the default on the Pucketts' mortgage after receiving notice of the court's order to do so, respondent wilfully disobeyed a court order in wilful violation of section 6103.

### 5.  Count Five - Section 6106 (Moral Turpitude)

There is clear and convincing evidence that respondent violated section 6106.

Respondent altered her CTA statement to create the false impression that the Pucketts' funds were still in her CTA. She provided this statement to Gannon in an attempt to deceive her and the court into believing that she still had the entrusted funds. Accordingly, she committed an act of moral turpitude, dishonesty or corruption in wilful violation of section 6106.

### 6. <u>Count Six - Section 6103 (Violation of Court Order)</u>

By not providing the accounting and supporting documentation as ordered by the court although she knew of the court's order, respondent wilfully disobeyed a court order in wilful violation of section 6103.

### 7. <u>Count Seven - Section 6068, subdivision (j) (Failure to Maintain Address)</u>

Section 6068, subdivision (j) requires an attorney to comply with the requirements of section 6002.1, which, among other things, requires him or her to maintain a current address and telephone number with the State Bar and to notify the State Bar within 30 days of any change in same.

By not maintaining a current address and telephone number with the State Bar, respondent wilfully violated section 6068, subdivision (j).

## IV.  <u>LEVEL OF DISCIPLINE</u>

### A.  <u>Aggravating Circumstances</u>

It is the prosecution's burden to establish aggravating circumstances by clear and convincing evidence. (Rules Proc. of State Bar, tit. IV, Stds. for Atty. Sanctions for Prof. Misconduct[5], std. 1.2(b).)

Respondent's multiple acts of misconduct are an aggravating factor. (Std. 1.2(b)(ii).) The court notes that the misconduct took place during approximately a three-year period.

Respondent's misconduct significantly harmed clients, the public and the administration of justice. (Std. 1.2(b)(iv).) Because respondent did not turn over entrusted funds as ordered, the default on the mortgage of the Pucketts' community residence was not cured and a foreclosure sale was scheduled. Arnetha was forced to file a Chapter 13 bankruptcy proceeding in order to

---

[5]Future references to standard or std. are to this source.

forestall the sale.  The court held several hearings to address the foreclosure and respondent's failure to transfer the Pucketts' funds.

Respondent's failure to participate in these proceedings prior to the entry of default is also an aggravating factor. (Std. 1.2(b)(vi).)  She has demonstrated her contemptuous attitude toward disciplinary proceedings as well as her failure to comprehend the duty of an officer of the court to participate therein, a serious aggravating factor.  (Std. 1.2(b)(vi); *In the Matter of Stansbury* (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 104, 109.)

## B. **Mitigating Circumstances**

Respondent bears the burden of establishing mitigation by clear and convincing evidence. (Std. 1.2(e).)  Since respondent did not participate in these proceedings, the court has been provided no basis for finding mitigating factors.

Respondent's nearly six years of practice without discipline at the time the misconduct commenced is not a mitigating factor.  (*Kelly v. State Bar* (1988) 45 Cal.3d 649 [seven and one-half years insufficient to establish mitigation].)

## C. **Discussion**

The purpose of State Bar disciplinary proceedings is not to punish the attorney, but to protect the public, to preserve public confidence in the profession, and to maintain the highest possible professional standards for attorneys.  (*Chadwick v. State Bar* (1989) 49 Cal.3d 103, 111; *Cooper v. State Bar* (1987) 43 Cal.3d 1016, 1025; std. 1.3.)

Standard 1.6 provides that the appropriate sanction for the misconduct found must be balanced with any mitigating or aggravating circumstances, with due regard for the purposes of imposing discipline.  If two or more acts of professional misconduct are found in a single disciplinary proceeding, the sanction imposed shall be the most severe of the applicable sanctions.  (Std. 1.6(a).)

Standards 2.2(a) and (b), 2.3 and 2.6(a) and (b) apply in this matter.  The most severe sanction is found at standard 2.2(a) which recommends disbarment for wilful misappropriation of entrusted funds unless the amount misappropriated is insignificantly small or unless the most compelling mitigating circumstances clearly predominate, in which case the minimum discipline

recommended is one year actual suspension.

The Supreme Court gives the standards "great weight" and will reject a recommendation consistent with the standards only where the court entertains "grave doubts" as to its propriety. (*In re Silverton* (2005) 36 Cal.4th 81, 91, 92; *In re Naney* (1990) 51 Cal.3d 186, 190.) Although the standards are not mandatory, they may be deviated from when there is a compelling, well-defined reason to do so. (*Bates v. State Bar* (1990) 51 Cal.3d 1056, 1061, fn. 2; *Aronin v. State Bar* (1990) 52 Cal.3d 276, 291.)

Respondent has been found culpable of commingling and misappropriating a substantial amount of client funds; engaging in acts of moral turpitude, dishonesty or corruption; disobeying court orders; and not maintaining her official address recorded with the State Bar. Aggravating factors include multiple acts of misconduct that commenced almost six years after being admitted to the practice of law and continued over a three-year period; harm to clients, the public and the administration of justice; and displaying a lack of candor and cooperation to the State Bar during disciplinary proceedings. There are no mitigating factors in this default case.

The State Bar recommends disbarment. The court agrees.

In *Kelly v. State Bar*, *supra*, 45 Cal.3d 649, the attorney was disbarred for wilfully misappropriating $19,597.05 in client trust funds over a five-month period. He also failed to account to the clients; communicated with the clients after they became adverse parties to him and were represented by counsel[6]; and engaged in acts of moral turpitude and dishonesty. His partial repayment of the misappropriated funds was not a mitigating factor because it occurred after a client told him that she would complain to the State Bar. His seven and one-half years of practice without prior discipline was not a mitigating factor. Lesser discipline than disbarment was not warranted because extenuating circumstances did not show that the misappropriation was an isolated event. The absence of an acceptable explanation for the misconduct along with the self-interest underlying his actions suggest that he is capable of future wrongdoing.

---

[6]The communications occurred without their attorney's knowledge or consent and were about the disputed matter (the misappropriated funds).

Similarly, respondent misappropriated much more that Respondent Kelly, over $317,000 of client funds during a six-month period, and frittered it away on trips, beauty treatments and otherwise living the high life. She had no concern for her client's welfare. The community residence was scheduled for a foreclosure sale and his former spouse filed for bankruptcy to forestall the sale. Overall, she engaged in a course of serious dishonest conduct over three years. Her wrongdoing started not too long after she started practicing law. She offered no mitigating circumstances because she did not participate in these proceedings.

Lesser discipline than disbarment is not warranted because there are no extenuating circumstances in this case and the amount of funds misappropriated is, by no means, insignificantly small. The serious and unexplained nature of the misconduct, the lack of participation in these proceedings as well as the self-interest underlying respondent's actions suggest that she is capable of future wrongdoing and raise concerns about her ability or willingness to comply with her ethical responsibilities to the public and to the State Bar. Having considered the evidence, the standards and other relevant law, the court believes that disbarment is the only adequate means of protecting the public from further wrongdoing by respondent. Accordingly, the court so recommends.

## V. **DISCIPLINE RECOMMENDATION**

IT IS HEREBY RECOMMENDED that respondent Melodye Sue Hannes be DISBARRED from the practice of law in the State of California and that her name be stricken from the rolls of attorneys in this state.

It is also recommended that the Supreme Court order respondent to comply with rule 955, paragraph (a), of the California Rules of Court within 30 calendar days of the effective date of the Supreme Court order in the present proceeding, and to file the affidavit provided for in paragraph (c) within 40 days of the effective date of the order showing her compliance with said order.

## VI. **COSTS**

It is recommended that costs be awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and

Professions Code section 6140.7 and as a money judgment.

## VII.  ORDER REGARDING INACTIVE ENROLLMENT

It is ordered that respondent be transferred to involuntary inactive enrollment status pursuant to section 6007, subdivision (c)(4).  The inactive enrollment shall become effective three days from the date of service of this order and shall terminate upon the effective date of the Supreme Court's order imposing discipline herein or as otherwise ordered by the Supreme Court pursuant to its plenary jurisdiction.


Dated:  June 26, 2006                          _____
                                               RICHARD A. HONN
                                               Judge of the State Bar Court

# EXHIBIT F

**Melissa Lerner**

| | |
|---|---|
| **From:** | Lucy Hanna <Lucy@legalscg.com> |
| **Sent:** | Thursday, October 31, 2024 7:07 AM |
| **To:** | Melissa Lerner |
| **Cc:** | Ceo Taft |
| **Subject:** | Motion for an Amendment |

Dear Ms. Lerner,

We had to do an Emergency Motion for Preliminary Injunction, and I was called by Barresi even when I was seen as a legal consultant in your email.

We provided a Declaration of Witness licensed retired LAPD Mike McCormick and your reassurance email from the day before. In our belief, we saw it was him and not someone in your Office directing him.

We are proposing a Motion for an Amendment to the Lawsuit, that uploads additional Witness Declarations after a long time of suffering, to provide layered causes granting relief.

We are with the understanding that the deadline is November 7th, and with the pending emergency motion, propose if we should extend the time to reply.

Lucy

# EXHIBIT G

**Melissa Lerner**

| | |
|---|---|
| **From:** | Christina Taft <taftchristina.ceo@gmail.com> |
| **Sent:** | Saturday, November 2, 2024 10:26 AM |
| **To:** | Melissa Lerner |
| **Cc:** | Lucy Hanna; Mel Sue H; ceo.taft@rescue-social.com; taft.christina@yahoo.com; Roya Hassas |
| **Subject:** | Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930) |

Hello Ms. Lerner:

We will be Motioning to Amend to consolidate claims within several local rules designations and streamlining the causes of actions for civil relief.

We further will be uploading Declarations of Witnesses who have been affected by coercion for years and who can free others affected by the coercion through their testimonies being under oath when filed in court.

Since the first email was October 31st, this provides timely and adequate notice, and safeguards rights to court access.

Sincerely,
Christina Taft


*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*


On Fri, Nov 1, 2024 at 10:15 AM Christina Taft <taftchristina.ceo@gmail.com> wrote:

Hi Ms. Lerner,

I'm under the impression that we are to wait for the judge to respond to the Emergency Motion for Preliminary Injunctions.

My legal consultant Lucy Hana emailed you yesterday some proposals. We are gathering Declarations of Witnesses urgently in full view of the timeline.
One witness statement may testify that Barresi took information from Bert Field's office against the lawyer's client to the opposition in their knowledge, which in my belief, distresses the client of the law firm.
In my belief, there is then additional severe distress enacted towards other victims of Barresi's that are similar in traits to potential witnesses.

# Motion for an Amendment
Inbox
Search for all messages with label Inbox
Remove label Inbox from this conversation

# EXHIBIT H

L

**Lucy Hanna**                                                                                    Thu, O

to mlerner, Ceo

Dear Ms. Lerner,

We had to do an Emergency Motion for Preliminary Injunction, and I was
called by Barresi even when I was seen as a legal consultant in your
email.

We provided a Declaration of Witness licensed retired LAPD Mike
McCormick and your reassurance email from the day before. In our belief,
we saw it was him and not someone in your Office directing him.

We are proposing a Motion for an Amendment to the Lawsuit, that uploads
additional Witness Declarations after a long time of suffering, to
provide layered causes granting relief.

We are with the understanding that the deadline is November 7th, and
with the pending emergency motion, propose if we should extend the time
to reply.

Lucy

On Wed, Oct 16, 2024 at 4:40 PM Melissa Lerner <mlerner@lavelysinger.com> wrote:

> Hi Ms. Taft,
>
>
> Thank you. The signature is valid and I appreciate you getting it back to me so promptly. I will add my signature
> and my office will file the stipulation tomorrow. I will put a service copy in the mail to your address in Hawaii
> and you should receive an automatic notice from the Court filing system when it is filed. We will also send a
> courtesy copy via email, copying your legal consultants.
>
>
> Now that I have been retained by Mr. Barresi all correspondence related to this matter will be from me or
> someone else in my office at my direction.
>
>
> When you have a chance, please let me know some potential dates and times next week when you (and your
> legal consultants if you would like them to participate) are available for a call or Zoom.
>
>
> Sincerely,

Melissa Lerner


-------------------------------------------------------------------------------

**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.

Tel.: (310) 556-3501 | Fax: (310) 556-3615



_____

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED OR DISSEMINATED IN WHOLE OR IN PART.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES.  THANK YOU.

---

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Sent:** Wednesday, October 16, 2024 7:29 PM
**To:** Melissa Lerner <mlerner@lavelysinger.com>; Lucy Hanna <legalstructureconsulting@gmail.com>; Mel Sue H <melodyesue@gmail.com>
**Cc:** ceo.taft@rescue-social.com; taft.christina@yahoo.com; Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)


Hi Ms. Lerner,

Here is the attached signed stipulation to extend the time. I've copied on my legal aid and please advise Barresi to not contact them via email or phone or invade their privacy. I think this is a valid signature, although my legal aid couldn't review it.

Please he should not harass my legal relief or legal counsel.
He harasses attorneys, licensed private investigators, family, witnesses, whoever and it's very manipulative. I wish it would stop.

Happy birthday to your mother, I wish mine was still here. 😭

Christina Taft


On Wed, Oct 16, 2024 at 4:19 PM Melissa Lerner <mlerner@lavelysinger.com> wrote:

> Hi Ms. Taft:
>
> Thank you for the clarification below. Please review the attached stipulation (it is a standard template based on Local Rule 8-3) and let me know if I am authorized to add your electronic signature and file the stipulation. Thank you for your attention to this matter.
>
> Happy belated birthday. That is also my mother's birthday, so it is a very lucky day in my book 😊.
>
> Sincerely,
>
> Melissa Lerner
>
>
> ------------------------------------------------------------------------------
>
> **MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.
>
> Tel.: (310) 556-3501 | Fax: (310) 556-3615
>
> 
>
> _____
>
> THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED

OR DISSEMINATED IN WHOLE OR IN PART.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES.  THANK YOU.

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Sent:** Wednesday, October 16, 2024 6:50 PM
**To:** Melissa Lerner <mlerner@lavelysinger.com>
**Cc:** ceo.taft@rescue-social.com; taft.christina@yahoo.com; Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)


Lerner:


I wrote you can extend the time. My pleas for injunctions and civil rights are rights of mine as a United States Citizen.


My birthday was October 13, and this is very distressing and I told you I did not see your claims.


Christina Taft


*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*


On Wed, Oct 16, 2024 at 3:47 PM Melissa Lerner <mlerner@lavelysinger.com> wrote:

Ms. Taft:

Your false allegations against my client are denied in full, and your threats are not well-taken. I understand your email failing to address my extension and meet and confer requests to mean that you will not agree to an extension of the response deadline to permit us to engage in a meaningful meet and confer regarding your Complaint. Accordingly, my office will proceed with filing Mr. Barresi's motion to dismiss pursuant to FRCP 12(b)(6) and, time permitting, a motion to strike pursuant to FRCP 12(f).

I continue to reserve my client's rights and remedies to the full extent of the law.

Sincerely,

Melissa Lerner

---------------------------------------------------------------------------------------

**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.
Tel.: (310) 556-3501 | Fax: (310) 556-3615

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Date:** Wednesday, October 16, 2024 at 5:30 PM
**To:** Melissa Lerner <mlerner@lavelysinger.com>
**Cc:** ceo.taft@rescue-social.com <ceo.taft@rescue-social.com>, taft.christina@yahoo.com <taft.christina@yahoo.com>, Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Lerner:

Applications for Restraining Orders and Injunctions as contained in my lawsuit Case Number is 5:24-cv-01930-TJH-DTB

 means it requires no telephone harassment, of which, "Hollywood Fixer" Paul Barresi aggressively has done to my Key Witnesses, **Licensed Private Investigator and Retired LAPD** Mike McCormick and Former Employee of the Viper Room, Richard Albertini, who wanted to do Witness Testimony, under the Law.
The Defendants' coercion continued *even after* being process served of: **5) Civil Harassment, California Code of Civil Procedure § 527.6. The aggressive voicemail to this retired LAPD OFFICER will be included in the opposition.**
The Defendants further emailed me threats and harassment after this process serve.

Any court can grant an extension of the requirement to answer with a Verified

Answer, of which, if your client lies, will endure penalties and sanctions once "appearing" on a Court record. Defendants calling retired LAPD officers and intimidating witnesses wanting to testify will be noted in the opposition to your motions in their declarations and Verbatim voicemails.

Christina Taft

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*

On Wed, Oct 16, 2024 at 2:00 PM Melissa Lerner <mlerner@lavelysinger.com> wrote:

Ms. Taft:

Thank you for your response.

My obligation to meet and confer with you regarding Mr. Barresi's motion to dismiss is unrelated to what kind of relief you are seeking, under FRCP 65 or otherwise. In the Central District, Local Rule 7-3 requires that the parties or their counsel, as applicable, confer telephonically prior to filing any motion, including a motion to dismiss the Complaint. The purpose of such a conference is to attempt to resolve the issues forming the basis of the anticipated motion and to reduce unnecessary motion practice and gratuitous use of limited judicial resources. we have identified in the Complaint and which will form the basis of our request that the Court dismiss your Complaint.

My communications to you regarding the response deadline and anticipated motion practice were directly to your email address listed on the caption of the Complaint, and not through PACER. Your receipt of my emails has nothing to do with whether or not you have lodged your e-filing application with the Court.

I first contacted you **10 days** before the response deadline at the email address listed on your Complaint. I sent a follow up **9 days** before the response deadline to the same email address. My efforts to schedule the telephonic conference were sufficiently in advance of the filing date, and I also requested a courtesy extension so we had additional time to meet and confer. When you file a lawsuit and list an email address on the Complaint, it is expected that you are monitoring that email address for correspondence and communications regarding *your lawsuit.* I also tried to call you at the phone number listed on the captain page of the Complaint, only to discover that it is not a valid or functioning phone number.

I sent a third email last Friday to two other email addresses I was able to locate for you in addition to the email address on the Complaint, in furtherance of my repeated and unsuccessful attempts to make contact with you about your lawsuit. You have provided no explanation why you waited five days to respond. Your response also ignores entirely my request (which I am now renewing) that we stipulate to a brief extension (14 days should be sufficient) of Mr. Barresi's deadline to respond so that we can participate in the Local Rule 7-3 telephonic conference. If you do not agree to this extension, then the declaration I file in support of Mr. Barresi's motion to dismiss tomorrow will outline my efforts to meet and confer with you and my request for an extension to the response deadline to afford us additional time to meet and confer. It will also note your failure to respond until the day before the response deadline and your refusal to meet and confer or agree to a courtesy extension of time.

Although they are somewhat incomprehensible, your accusations against my client and/or my firm are denied in full.

All of my client's rights and remedies, in law and equity, remain reserved.

Sincerely,

Melissa Lerner

---------------------------------------------------------------------------

**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.

Tel.: (310) 556-3501 | Fax: (310) 556-3615



_____

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED OR DISSEMINATED IN WHOLE OR IN PART.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT

ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES.  THANK YOU.

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Sent:** Wednesday, October 16, 2024 8:19 AM
**To:** Melissa Lerner <mlerner@lavelysinger.com>
**Cc:** ceo.taft@rescue-social.com; taft.christina@yahoo.com; Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Hello Melissa,

My lawsuit includes an application under F.R.Civ.P. 65 for temporary restraining orders and preliminary injunctions, which does not require a teleconference before a motion in response.

Barresi immediately aggressively left voicemails and intimidation to my witnesses, including licensed retired LAPD private investigator Mike McCormick. He further has repeatedly emailed allegedly aggressive false statements of Marty Singer and 'his lawyers' for years - about them listening to tape recordings he obtained - while also tape recording the lawyers he 'deals' with for leverage. How is former client Eddie Murphy btw?

Secondly, my E-Filing application was not lodged with the court, therefore, my email does not receive notifications from the court when there are filings without reviewing PACER. You emailed me too late before the required 21 day response.

I'm waiting for the defendant to "appear" in court. You have not "appeared" on the court record to represent him yet.

Christina Taft

On Fri, Oct 11, 2024 at 10:21 AM Melissa Lerner <mlerner@lavelysinger.com> wrote:

Ms. Taft,

Because I have yet to receive a response, I am resending my email below to two additional email addresses I was able to locate for you. I have also tried calling the number that appears on the pleadings but am told it is not a valid number. It is imperative that we speak at your earliest convenience regarding your lawsuit. In the event that you do not respond to me, please be advised that we plan to file a motion to dismiss the Complaint for failure to state a claim pursuant to FRCP 12(b)(6), as well as a motion to strike pursuant to FRCP 12(f). We will also be serving an FRCP 11 motion for sanctions to commence the safe harbor period before filing.

My client's rights and remedies are reserved.

Sincerely,

Melissa Lerner

---

**From:** Melissa Lerner <mlerner@lavelysinger.com>
**Date:** Wednesday, October 9, 2024 at 4:35 PM
**To:** ceo.taft@rescue-social.com <ceo.taft@rescue-social.com>
**Cc:** Roya Hassas <rhassas@lavelysinger.com>
**Subject:** RE: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Ms. Taft:


Please provide your availability tomorrow and Friday for a telephonic conference regarding Mr. Barresi's response to your Complaint. Such a conference is required pursuant to Local Rule 7-3. If you are unwilling to grant the courtesy extension I have requested, it is imperative that we complete this telephonic conference by the end of this week.


Thank you.


---------------------------------------------------------------------------

**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.

Tel.: (310) 556-3501 | Fax: (310) 556-3615




_____

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED OR DISSEMINATED IN WHOLE OR IN PART.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES.  THANK YOU.

**From:** Melissa Lerner <mlerner@lavelysinger.com>
**Sent:** Tuesday, October 8, 2024 1:45 PM
**To:** ceo.taft@rescue-social.com
**Cc:** Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Re: Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Ms. Taft:

Following up on my email from yesterday, please let me know by the end of the day today if you will grant the professional and personal courtesy of a 28-day extension to Mr. Barresi's response deadline. This is a very routine request, and when I have made it in the past it has always been granted. I do not anticipate you would have any reason to respond differently in this case.

Thank you.

------------------------------------------------------------------------------------------
**MELISSA Y. LERNER** | Partner | Lavely & Singer P.C.
Tel.: (310) 556-3501 | Fax: (310) 556-3615

**From:** Melissa Lerner <mlerner@lavelysinger.com>
**Date:** Monday, October 7, 2024 at 5:59 PM

**To:** ceo.taft@rescue-social.com <ceo.taft@rescue-social.com>
**Cc:** Roya Hassas <rhassas@lavelysinger.com>
**Subject:** Taft v. Barresi, et al. (Case No. 5:24-cv-01930)

Dear Ms. Taft:


Our firm is in the process of being retained by Paul Barresi in connection with the above-captioned lawsuit you filed in the Central District of California. Given the status of our retention and my observation of the Jewish holidays, I would greatly appreciate if you would agree to an extension to Mr. Barresi's deadline to respond to your Complaint by 28 days. This would move the response deadline from October 17 to November 14, 2024. If you are amenable to this extension, my office can prepare a joint stipulation to file with the Court (extensions of initial response deadlines by less than 30 days do not require court approval, but simply a filed stipulation signed by the parties per Local Rule 8-3).


I greatly appreciate your anticipated courtesy.


Sincerely,

Melissa Lerner


-------------------------------------------------------------------------------------
**MELISSA Y. LERNER**
**LAVELY & SINGER PROFESSIONAL CORPORATION**
**ATTORNEYS AT LAW**
2049 CENTURY PARK EAST, SUITE 2400
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE: (310) 556-3501
FACSIMILE: (310) 556-3615
www.LavelySinger.com
E-MAIL: mlerner@lavelysinger.com





--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
[*LinkedIn*](LinkedIn)

--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
[*LinkedIn*](LinkedIn)

--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
[*LinkedIn*](LinkedIn)

# EXHIBIT I

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
## Pasadena Dept. - S

**22PDRO01308**
**Albertini, Richard**
**vs**
**Barresi, Paul**

**October 19, 2022**
**8:30 AM**

Honorable Timothy Martella, Judge

Walter Acuna, Judicial Assistant

Elsie Cervantes (#11416), Court Reporter

---

**NATURE OF PROCEEDINGS:**  Petition - Civil Harassment (violence)  filed by Petitioner on September 13, 2022

The following parties are present for the aforementioned proceeding:

      Richard Albertini, Petitioner
      Paul Barresi, Respondent on LACourtConnect
      Vernon Louis Ellicott, Attorney for Respondent on
      LACourtConnect

The cause is called for Trial.

The parties are sworn and testify.

The court would like parties to be present for this hearing instead of being on LACourtConnect, respondent argues for the matter to go forward this date.

The matter is heard,

Petitioner requests a continuance during their presentation to bring in witnesses, the respondent objects arguing statutory right and that the trial is in progress.

The trial continues.

Respondent testifies.

Respondent's A (Lancaster County Sheriff office report by petitioner), Respondent's B (respondent's phone records with attached declaration), and Respondent's C ( respondent's declaration) are admitted into evidence by reference to the record.

All exhibits, identified or admitted, are by reference to the record only and are returned to their respective parties at the end of the hearing for retention for any possible appellate review.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
## Pasadena Dept. - S

**22PDRO01308**
**Albertini, Richard**
**vs**
**Barresi, Paul**

**October 19, 2022**
**8:30 AM**

The Court finds the party requesting the order of protection did not sustain the applicable burden of proof and accordingly the request is denied.  Any temporary restraining order earlier issued is hereby dissolved.

The case is ordered dismissed.

# EXHIBIT J

**Megan Mallonee**

| | |
|---|---|
| **From:** | L&M <legalstructureconsulting@gmail.com> |
| **Sent:** | Wednesday, November 6, 2024 3:44 PM |
| **To:** | mlerner@lavelysinger.com; Christina Taft; hassas@lavelysinger.com |
| **Subject:** | Proof of Service |
| **Attachments:** | Proposed Order on Plaintiffs Motion to Amend Complaint and Continued Injunction Requests.pdf; Plaintiffs Motion to Amend Complaint and Continued Injunction Requests.pdf |

Hello,

See attached documents.

Lucy

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

      On the date indicated below, I served the foregoing document described as:

**D DECLARATION OF MELISSA Y. LERNER IN SUPPORT OF DEFENDANT PAUL BARRESI'S MOTION TO DISMISS COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6)**

on the interested parties in this action as follows:

**Christina Taft**
**1700 Ala Moana Bl., Apt 2301**
**Honolulu, HI 96815**
**Email:  ceo.taft@rescue-social.com**

      **BY FIRST CLASS MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

      **BY ELECTRONIC FILING THROUGH THE COURT'S CM/ECF SYSTEM PURSUANT TO L.R. 5-3.2.**

      I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.  Executed November 7, 2024, at Los Angeles, California.

                                _____s/ Noelia Echesabal_____
                                  NOELIA ECHESABAL