**MELISSA Y. LERNER (SBN 285216)**
mlerner@lavelysinger.com
**MEGAN S. MALLONEE (SBN 340276)**
mmallonee@lavelysinger.com
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br><br>[Hon. David T. Bristow, Magistrate Judge]<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  December 13, 2024<br>Time:  Under Submission |

4528-3

## I. INTRODUCTION

Defendant Paul Barresi ("Defendant"), submits this Opposition to Plaintiff in Pro Per Christina Taft's ("Plaintiff") Emergency Motion For Preliminary Injunction by and through his undersigned counsel.

Plaintiff's Emergency Motion for Preliminary Injunction ("Motion") is woefully inadequate in its attempt to seek injunctive relief for alleged harassment in her meritless case brought solely to harass Defendant. The Motion, like the litigation as a whole, is a result of Plaintiff's ongoing paranoid obsession with Defendant. Plaintiff fails to allege facts sufficient to show that she is likely to succeed on the merits of a claim for harassment. She also fails to demonstrate irreparable harm or that a preliminary injunction is in the public interest. Finally, Plaintiff fails make a sufficient showing that the balance of the equities weighs in her favor, barring the relief that she seeks. In support of her sprawling and, at times indecipherable, Motion, Plaintiff cites to inapplicable rules and nonexistent case law, with few factual allegations, none of which are sufficient to meet the high showing required for a preliminary injunction. Clearly, Plaintiff does not, and cannot, establish that an injunction is justified, and the Motion should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

For a more comprehensive overview of the factual and procedural background related to the filing of Plaintiff's Complaint and its allegations, please see Section II of Defendant's concurrently filed Motion to Dismiss, which Defendant incorporates herein by reference.

On October 24, 2024, Plaintiff filed the Motion. (ECF No. 15.) On November 21, 2024, the Court referred the matter to the Magistrate Judge for ruling. On November 22, 2024, the Magistrate Judge ordered Defendant to file an opposition or statement of non-opposition on the Motion on or before December 13, 2024. (ECF No. 22.) The Motion purports to request relief from "ongoing harassment and intimidation" to prevent harm to Plaintiff and key witnesses. (ECF No. 15 at p. 2.) The Motion sets forth very few facts,

alleging that Defendant has contacted a "key witness" and Plaintiffs "legal consulting firm" and that he has ulterior motives in doing so. *Id.* at 3.

## III. ARGUMENT

### A. Legal Standard

A preliminary injunction is harsh remedy to be used only where fully justified and is not to be routinely granted. *See e.g., United States v. W. F. Morgan & Sons*, 155 F.Supp 40 (1957); *Fashion Two Twenty, Inc. v. Steinberg*, 339 F.Supp. 836 (1971). Preliminary injunctive relief is extraordinary remedy. *Shelton v. National Collegiate Athletic Assn*, 539 F.3d 1197 (9th Cir. 1976). To obtain a preliminary injunction, plaintiffs must establish: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must "make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### B. Plaintiff's Emergency Motion for Preliminary Injunction Should Be Denied Because She Has Not Established that an Injunction is Justified

#### 1. Plaintiff Has Failed to Demonstrate a Likelihood of Success on the Merits

Where a Plaintiff seeks to obtain an injunction based on harassment, the "merits" prong refers to their ability to establish harassment that justifies injunctive relief. *Jeffrey Katz Chiropractic, Inc. v. iBeat, Inc.*, 2020 WL 4459122, at *2 (N.D. Cal. May 26, 2020) (citing *United Artists Corp. v. United Artist Studios LLC*, 2019 WL 6917918, at *8 (C.D. Cal. Oct. 17, 2019)). Federal district courts apply state substantive law on harassment when determining whether to enjoin a litigant's alleged harassment. *Id.* California Code of Civil Procedure § 527.6(b)(3) defines harassment as "a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable

person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."

Here, Plaintiff has not put forward sufficient evidence of harassing conduct. Plaintiff alleges that Defendant has contacted her, her legal advisors, and potential witnesses regarding the instant action. As support, she has submitted evidence of ***one phone call*** (ECF No. 15, Ex. C) and the statement of a third-party, Mike McCormick, alleging that he received an "aggressive voicemail" from Defendant after Defendant was served with the lawsuit. (*Id.*, Ex. A). Notably, he claims that he last heard from Defendant over ***two months ago***. (*Id.*) The remainder of his declaration consists of hearsay and unsupported and conclusory allegations of intimidation. (*Id.*) None of this conduct could possibly be sufficient to demonstrate a credible threat of violence or a course of conduct that would cause a reasonable person to suffer substantial emotional distress. *Doe v. Fitzgerald*, 2022 WL 423495, at *7 (C.D. Cal. Feb. 2, 2022) (repeated phone calls are not the type of conduct that would cause a reasonable person to suffer substantial emotional distress).

Even if Defendant's alleged conduct were sufficient to meet the definition of harassment, in order to qualify as harassment, such conduct must serve "no legitimate purpose." Cal. Civ. Proc. § 527.6(b)(3). Here, attempting to contact potential witnesses and interacting with the parties to litigation is certainly a legitimate purpose. *Fitzgerald*, 2022 WL 423495, at *5 (denying injunctive relief and noting that "attempting to contact potential witnesses and interacting with a voluntary declarant is certainly legitimate in the scope of investigating facts relevant to this litigation.")

As support for her claim, Plaintiff alleges that Defendant is acting in violation of rules that either do not exist or plainly do not apply. Specifically, Plaintiff alleges that Defendant's contact with her "legal consultants" is in violation a Local Rule 183 in the Eastern District of California and California Rule of Professional Conduct 2.9. Even if the Local Rules of the Eastern District of California applied here (they do not), Local Rule 183 states that parties appearing *in propria persona* must comply with obligations

that the Local Rules place on "counsel." Defendant is not appearing *in propria persona*, so this law does not place any obligations on him. Moreover, California Rule of Professional Conduct 2.9 does not exist; regardless, the California Rules of Professional Conduct do not bind parties, but their counsel. Clearly, alleged violation of such rules cannot make up a claim for harassment, and the injunction must be denied.

### 2. Plaintiff Cannot Establish Irreparable Harm

In order to obtain preliminary injunctive relief, a plaintiff must demonstrate a "significant threat of irreparable injury" in the absence of such relief. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999). A plaintiff cannot satisfy this element with unsupported assertions or conclusory statements. *See Williams v. Green Valley RV, Inc.*, 2015 WL 4694075, at *2 (C.D. Cal. Aug. 6, 2015) ("A moving party cannot merely produce evidence of 'unsupported and conclusory statements regarding harm [plaintiff] might suffer.'") (citation omitted). Further, the harm identified may not be speculative and Defendant must also show more than the possibility of some remote further injury. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21-22 (2008) (rejecting "possibility" standard and holding that plaintiffs must "demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis in original). Plaintiff's argument states that Defendant's communications "may create an atmosphere of intimidation," that it "can create an environment of fear," and that it "can lead to protracted legal battles" or "unnecessary delays in the legal process." (ECF No. 15 at p. 6.) Such speculation about what may or could happen is not sufficient to demonstrate irreparable harm. Plaintiff has failed to demonstrate the threat of irreparable harm.

### 3. Plaintiff Fails To Establish That A Preliminary Injunction Is In The Public Interest

Plaintiff fails to allege any facts to demonstrate that a preliminary injunction in this matter is in the public interest. In fact, Plaintiff's argument consists mainly of citations to nonexistent or inapplicable case law, claiming that such cases demonstrate a public interest in, for example, "preserving the integrity of judicial proceedings." (Mot.

at p. 18.)[1] Plaintiff therefore fails, both factually and legally, to show that an injunction would be in the public interest. In fact, she cannot do so. There is an undoubtedly a public interest in allowing parties who have been sued to communicate with potential witnesses, alleged legal consultants, and other parties in the interest of investigating and resolving their claims. Moreover, it is not the court's role to police the conduct of the parties in general. *Doe v. Fitzgerald*, 2022 WL 423495, at *7 (C.D. Cal. Feb. 2, 2022). Plaintiff has not met her burden to demonstrate that the injunction is in the public interest.

### 4. Plaintiff Fails To Establish That The Balance of the Equities Is In Her Favor

In assessing the balance of equities, the court must assess the likely hardship to both the plaintiff and the defendants if the court were to deny the injunction on the one hand or grant the injunction on the other. *Macnab v. Gahderi*, 2009 WL 10671026, at *7 (C.D. Cal. July 28, 2009). Plaintiff claims that denying the injunction "will not unduly burden the Defendant, while denying it would leave Plaintiff vulnerable to continued harassment and intimidation." (ECF No. 15 at p. 22.) However, if granted, Defendant would be prevented from contacting Plaintiff and "key witnesses" regarding the lawsuit that Plaintiff has filed. Such an injunction could hinder Defendant's investigation into the claims against him. Plaintiff's request must fail on this prong as well.

///
///
///
///
///

---

[1] Indeed, the majority of the cases cited in this section of Plaintiff's Motion, and much of the case law cited in the Motion, either do not exist and cannot be located on Westlaw, or exist but do not bear any relation to the proposition for which they are cited.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Plaintiff's Emergency Motion for Preliminary Injunction in its entirety.

Dated: December 13, 2024

LAVELY & SINGER
PROFESSIONAL CORPORATION
MELISSA Y. LERNER
MEGAN S. MALLONEE

By:  /s/ Megan S. Mallonee
MEGAN S. MALLONEE
Attorneys for Defendant PAUL BARRESI

### L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Defendant, certifies that this brief contains 1,681 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 13, 2024

              LAVELY & SINGER
              PROFESSIONAL CORPORATION
              MELISSA Y. LERNER
              MEGAN S. MALLONEE

By:   /s/ Megan S. Mallonee
       MEGAN S. MALLONEE
       Attorneys for Defendant PAUL BARRESI

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

On the date indicated below, I served the foregoing document described as:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

on the interested parties in this action as follows:

| | |
|---|---|
| Christina Taft<br>1700 Ala Moana Blvd., Apt 2301<br>Honolulu, HI 96815<br>Tel: 0623441766<br>Email: ceo.taft@rescue-social.com | Plaintiff in Pro Per |

**[X]   BY ELECTRONIC FILING THROUGH THE COURT'S CM/ECF SYSTEM PURSUANT TO L.R. 5-3.2.**

**[X]   BY FIRST CLASS MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made. Executed December 13, 2024, at Los Angeles, California.

Lisa Carpenter