**MELISSA Y. LERNER (SBN 285216)**
mlerner@lavelysinger.com
**MEGAN S. MALLONEE (SBN 340276)**
mmallonee@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>          Plaintiff,<br><br>     vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br><br>[Hon. David T. Bristow, Magistrate Judge]<br><br>**DEFENDANT PAUL BARRESI'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MEGAN S. MALLONEE IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Megan S. Mallonee; [Proposed] Order]<br><br>Date:   December 13, 2024<br>Time:  Under Submission |

4528-3

MOTION TO DISMISS

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on December 16, 2024 in Courtroom 9C in the United States Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012, the Honorable Terry J. Hatter, Jr. presiding, Defendant PAUL BARRESI ("Defendant") will and hereby do move the Court for an Order under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff CHRISTINA TAFT's ("Plaintiff") First Amended Complaint (the "FAC") as to all claims against Defendant on the grounds that Plaintiff has failed to allege a cognizable legal theory and/or sufficient facts to support a cognizable legal theory as to the nine (9) claims for relief asserted in her FAC (ECF No. 23).

This Motion is made following a telephonic conference of counsel on December 12, 2024. *See* Declaration of Megan S. Mallonee.

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; other pleadings and papers filed in this action; those matters of which the Court may take judicial notice, including those described and attached to Defendant's Request for Judicial Notice filed concurrently herewith, the Declaration of Megan S. Mallonee; and such other and further submission, evidence and argument as may be presented to the Court prior to or at the time of hearing on this Motion.

Dated:  December 13, 2024           LAVELY & SINGER
                                    PROFESSIONAL CORPORATION
                                    MELISSA Y. LERNER
                                    MEGAN S. MALLONEE

                             By:    /s/ Megan S. Mallonee
                                    MEGAN S. MALLONEE
                                    Attorneys for Defendant PAUL BARRESI

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................8

II.     SUMMARY OF RELEVANT FACTS.................................................................9

        A.      The Parties .................................................................................................9

                1.      Defendant .......................................................................................9

                2.      Plaintiff...........................................................................................9

        B.      Procedural Background ...........................................................................11

        C.      The Claims Asserted in the FAC ............................................................12

                1.      Civil Conspiracy Claim................................................................12

                2.      Civil Rights Act Claim.................................................................12

                3.      RICO Claim ..................................................................................12

                4.      California State Law Claims .........................................................13

III.    LEGAL STANDARD ..........................................................................................13

IV.     ARGUMENT........................................................................................................14

        A.      Plaintiff's Civil Conspiracy Claim Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted .........................................14

        B.      Plaintiff Has Failed to Allege a Violation of the Civil Rights Act ..............15

        C.      Plaintiff's RICO Claim Fails as a Matter of Law .........................................16

        D.      Plaintiff Fails to Allege Sufficient Facts to State a Claim under California Civil Code § 3344..........................................................................................17

        E.      Plaintiff's IIED and NIED Claims Fail Because Plaintiff Has Not Adequately Alleged the Elements of Outrageous Conduct or Severe Emotional Distress ........................................................................................18

                1.      Plaintiff Has Failed to Allege Facts that Demonstrate Mr. Barresi's Conduct was Outrageous .............................................................18

                2.      Plaintiff Has Failed to Assert that She Has Suffered Severe or Extreme Emotional Distress ............................................................20

F.    Plaintiff's Invasion of Privacy Claim Fails....................................................21

G.    Plaintiff's Civil Harassment Claim Fails .....................................................21

H.    The FAC Should Be Dismissed With Prejudice Because Amendment Would Be Futile. ........................................................................................22

V.    CONCLUSION.........................................................................................22

MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abdul-Jabbar v. Gen. Motors Corp.*,
    85 F.3d 407 (9th Cir. 1996) ..................................................................17

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
    526 U.S. 40 (1999)..............................................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 545 (2007).............................................................................13

*Bikkina v. Mahadevan*,
    241 Cal. App. 4th 70 (2015) ...............................................................20

*Calm Ventures LLC v. Newsom*,
    548 F. Supp. 3d 966 (C.D. Cal. 2021) ................................................22

*Cochran v. Cochran*,
    65 Cal. App. 4th 488 (1998) ........................................................19, 20

*Comedy III Prods., Inc. v. Gary Saderup, Inc.*,
    25 Cal. 4th 387 (2001) ........................................................................17

*Dora v. Frontline Video, Inc.*
    15 Cal. App. 4th 536 (1993) ...............................................................17

*Dove v. PNS Stores, Inc.*,
    982 F. Supp. 1420 (C.D. Cal. 1997) ..............................................18, 20

*Duronslet v. Cnty. of Los Angeles*,
    266 F. Supp. 3d 1213 (C.D. Cal. 2017) ..............................................20

*Franklin v. Fox*,
    312 F.3d 423 (9th Cir. 2002) .........................................................15, 16

*Gionfriddo v. Major League Baseball*,
    94 Cal. App. 4th 400 (2001) ...............................................................17

*Grimmett v. Brown*,
    75 F.3d 506 (9th Cir. 1996) ................................................................16

MOTION TO DISMISS

*Henry v. Universal Tech. Inst.*,
   559 F. App'x 648 (9th Cir. 2014) ..........................................................14

*Hughes v. Pair*,
   46 Cal. 4th 1035 (2009) ..........................................................19, 21

*Iyeke v. Gardiner*,
   No. 23-cv-01454, 2023 WL 3979488 (C.D. Cal. May 22, 2023)..........................14

*Jackson v. Mayweather*,
   10 Cal. App. 5th 1240 (2017) ..........................................................18, 19

*Kelly-Zurian v. Wohl Shoe Co.*,
   22 Cal. App. 4th 397 (1994) ..........................................................20

*Kirtley v. Rainey*,
   326 F.3d 1088 (9th Cir. 2003) ..........................................................15

*Kiseskey v. Carpenters' Trust for S. Cal.*,
   144 Cal. App. 3d 222 (1983) ..........................................................19

*Mintel Learning Tech. v. Beijing Kaidi Educ.*,
   2007 WL 2288329 (N.D. Cal. Aug. 9, 2007) ..........................................................14

*Schneider v. TRW, Inc.*
   938 F.2d 986 (9th Cir. 1991) ..........................................................19

*Skiffington v. Keystone RV Co.*,
   No. 12-cv-09359, 2013 WL 12133662 (C.D. Cal., Dec. 9, 2013)..........................20

*Somers v. Apple*,
   729 F.3d 953 (9th Cir. 2013) ..........................................................13

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ..........................................................13

*Sutton v. Providence St. Joseph Med. Ctr.*,
   192 F.3d 826 (9th Cir. 1999) ..........................................................15

*Wong v. Tai Jing*,
   189 Cal. App. 4th 1354 (2010) ..........................................................21

*Woodrum v. Woodward County*,
   866 F.2d 1121 (9th Cir. 1989) ..........................................................14

MOTION TO DISMISS

**Statutes**

18 U.S.C. § 371 ...................................................................................................11, 14

18 U.S.C. § 875 ...........................................................................................................11

18 U.S.C. § 1512 ...................................................................................................11, 12

18 U.S.C. §1519 ..........................................................................................................11

18 U.S.C. § 1952 .........................................................................................................11

42 U.S.C. § 1983 ...............................................................................................8, 12, 15

Cal. Civ. Code § 527.6(b)(2), (3), (7) ........................................................................21

Cal. Civ. Code § 3344 ...............................................................................11, 13, 17, 18

Cal. Civ. Proc. Code § 527.6 ................................................................................11, 13

California Penal Code sections 630-638 .....................................................................21

**Other Authorities**

Rule 12(b)(6) ..........................................................................................................9, 13

MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Christina Taft ("Plaintiff" or "Taft") has been harassing and defaming Defendant Paul Barresi ("Defendant" or "Barresi") for years. This meritless and frivolous lawsuit is only the latest example of Taft's weaponization of the legal system in furtherance of her campaign against Barresi. Previously, Taft filed a meritless application for a restraining order against Barresi, which was swiftly denied by the court. She reported false and manufactured complaints against Barresi to the Department of Consumer Affairs in Los Angeles. She has tried to mobilize law enforcement agencies against Barresi under false pretenses. She publicizes her false allegations against Barresi online in a concerted effort to destroy his reputation and sully his name. Taft is able to pursue her manufactured vendetta against him without any sign of abating because of her substantial financial resources. In contrast, Barresi has suffered physically, emotionally and financially because of Taft's relentless malevolent and vicious attacks.

Taft's First Amended Complaint (ECF No. 23) fails to rectify any of the errors identified in Defendant's Motion to Dismiss Plaintiff's Complaint filed on November 8, 2024 (ECF No. 16). Like Plaintiff's original Complaint, the FAC is filled with incoherent, irrelevant and nonsensical allegations; rumors hatched by a cast of unsavory characters, including several convicted felons; and bizarre conspiracy theories that have no connection to reality. It consists primarily of purported transcriptions of conversations between non-parties; republications of false and defamatory statements made by non-parties about Barresi and others; allegations of harm experienced by third parties; and (largely incorrect) legal conclusions. Among the fatal legal defects evident from the face of the Complaint are Plaintiff's lack of any legal basis to bring a claim under 42 U.S.C. § 1983 against a private actor; her improper assertion of claims based on second- or third-hand accounts of alleged harm to other people; her failure to allege

facts that plausibly satisfy the elements of her purported claims, including damages; and her presentation of legal argument and citations as fact.

By way of this Motion, Defendant seeks dismissal of Plaintiff's FAC in full with prejudice and without leave to amend. This case is based on the delusions of a woman who is undoubtedly obsessed with Defendant. Rule 12(b)(6) motions are intended to weed out factually implausible and legally defective lawsuits, such as the one Plaintiff has filed. Accordingly, Defendant respectfully requests that the Court bring an end to this action and grant him a reprieve from Plaintiff's relentless onslaught of harassment, defamation and abuse.

## II.    SUMMARY OF RELEVANT FACTS

### A.    The Parties

#### 1.    Defendant

Defendant is an investigator and consultant who has worked with many high-profile clients over the years. In or about July 2019, Defendant was hired by Amber Heard's ("Heard") attorneys, Eric George of Browne George Ross LLP, to investigate her ex-husband, Johnny Depp ("Depp"), in connection with the case *Depp v. Heard*. In furtherance of his work, Defendant followed leads that brought him into contact with hack jobs seeking the spotlight by involving themselves in this case. After months of research and interviews, Defendant was unable to identify any credible witnesses or legitimate, verifiable claims of wrongdoing by Mr. Depp to support Ms. Heard's case.

#### 2.    Plaintiff

Taft describes herself as a "Humanitarian, Philanthropist, and Entrepreneur" and the founder and CEO of various corporate entities (*e.g.*, Worldie Ltd., a British limited company founded in 2020, and Rescue Social Inc., a Hawaiian corporation founded in September 2023). (ECF No. 23 ("FAC") ¶ 16.) These for-profit corporate entities do not offer any discernable products or services; rather, they are used as shell companies by Taft to lend a very thin veneer of "legitimacy" to the false and defamatory lies she

spreads about Barresi and others. The website of Rescue Social Inc. is a repository of posts authored by Taft that, like the Complaint filed in this action, consist of nonsense ramblings from a mind untethered to reality or reason. (*See, e.g.*, Declaration of Megan S. Mallonee ("Mallonee Decl.") ¶ 2, Ex. A (Rescue Social Inc. website exemplars).)

As reflected in the Complaint, Taft became obsessed with Heard, Depp and their civil suit as early as 2019. (FAC ¶ 38.) Taft allegedly met Heard at an event in Arizona that Taft attended with the goal of "[w]anting to confirm humanity," all "while on a birthday trip to see her uncle, Don Debaun in Sedona." (*Id.* ¶ 39.)

The trial in *Depp v. Heard* was held in Fairfax County, Virginia from April to June 2022. During that time, Taft's fixation on Heard as a purported victim continued to grow. She routinely attended the trial in Virginia, stood outside the courthouse with signs, and sometimes succeeded in her efforts to speak to reporters about her opinions regarding the case. After Depp prevailed over Heard in the jury trial, Taft became completely unhinged. Around this time, she became convinced that a criminal cabal run by Depp's attorney, Defendant Adam Waldman ("Waldman"), and including Barresi was responsible for Heard's defeat through witness intimidation, obstruction of justice and other alleged wrongdoing. (*Id.* ¶ 49.) Taft connected with unsavory characters who claimed to be fixtures of seedy Hollywood nightlife. (*Id.* ¶ 50.) These individuals, including convicted felons and mentally ill drug abusers fed who fed her lies, rumors and conspiracy theories had met Barresi in the course of his work for Heard's attorney in 2019. (*Id.* ¶ 50.) She became convinced without a shred of evidence that Barresi, who was hired by and working for Heard's attorney, was actually a double agent and part of a criminal cabal and conspiracy with Waldman for Depp's benefit to defeat Heard. (*See, e.g.*, *id.* ¶¶ 57, 67, 86, 89-90.) Her Complaint arises from this single delusional premise.

Over the past two years, Plaintiff has attempted to destroy his career by submitting frivolous complaints to Consumer Affairs, filed false reports with law enforcement agencies and the FBI and helped one of her confederates file a meritless restraining order

application against Barresi in state court, which was summarily denied and dismissed. (*Id.* ¶¶ 81, 83, 94, 135, 137; *see also* Mallonee Decl. ¶ 11, Ex. E.) This lawsuit and the incomprehensible motions that have followed since the Complaint was filed are her latest abuse of process in furtherance of her harassment of Barresi.

### B.  Procedural Background

Plaintiff filed the instant action on September 7, 2024. (ECF 1). The original Complaint asserted claims for violations of "Federal Conspiracy Law," *i.e.*, 18 U.S.C. § 371; obstruction of justice in violation of 18 U.S.C. § 1512; invasion of privacy under the California Constitution; infringement of her name and likeness in violation of Cal. Civ. Code § 3344; civil harassment in violation of Cal. Civ. Proc. Code § 527.6; negligence in violation of Plaintiff's civil rights; infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED"); interstate communications containing a threat to kidnap or injure another in violation of 18 U.S.C. § 875; interstate travel or transportation in aid of racketeering enterprises in violation of the "Travel Act," *i.e.*, 18 U.S.C. § 1952; and destruction, alteration or falsification of records in violation of 18 U.S.C §1519 the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), citing 18 U.S.C. §§ 1961, 1962.

During initial conversations regarding the Complaint (ECF 1), Plaintiff copied in correspondence two alleged "legal consultants," Lucy Hanna ("Hanna") and Melodye Sue Hannes ("Hannes"). (Mallonee Decl. ¶ 3.)[1] On October 24, 2024, Plaintiff served a document captioned "Emergency Motion for Preliminary Injunction" ("PI Motion") on Defendant via email. (*Id.* ¶ 6; *see also* ECF Nos. 15, 16.) On November 6, 2024,

---

[1] Hanna is listed as the "Media Contact" for Plaintiff in an online posting about the instant action dated October 17, 2024. (Mallonee Decl. ¶ 4, Ex. B.) Hannes was disbarred over 18 years ago, pursuant to a State Bar Court of California order dated June 26, 2006, after embezzling $317,584.41 of client funds from her firm's client trust account and spending it on lavish vacations, clothing, dinners out and other personal expenses. (*See* Mallonee Decl. ¶ 5, Exs. C, D.)

Plaintiff filed and served Defendant with a single spaced, 25-page document styled as a "Brief with Memorandum in Support of Plaintiff's Motion to Amend Complaint and Continued Injunction Requests With Points and Authorities." (*Id.* ¶ 8, Ex. F.)

On November 8, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint (ECF 16). On November 13, 2024, the Magistrate Judge issued a Minute Order granting Plaintiff's Motion to Amend the Complaint (ECF 20). Plaintiff filed a First Amended Complaint on November 30, 2024 (ECF 23), which replaces the claims for relief previously alleged under federal criminal law with two new claims for relief, one for "Civil Conspiracy" and one for violation of the Civil Rights Act.

On December 12, 2024, Defendant and Plaintiff participated in a telephonic meet and confer regarding the instant Motion. (Mallonee Decl. ¶ 9).

### C. <u>The Claims Asserted in the FAC</u>

#### 1. <u>Civil Conspiracy Claim</u>

Plaintiff alleges in conclusory fashion that Barresi is civilly liable for "Civil Conspiracy" (claim for relief 1). Plaintiff does not specifically allege a statute or source of law for her Civil Conspiracy claim; however, she alleges that the claim arises under federal law. (FAC ¶ 11). In connection with the Civil Conspiracy claim, Plaintiff seeks compensatory and punitive damages. (FAC at pp. 146-47.)

#### 2. <u>Civil Rights Act Claim</u>

Plaintiff asserts a claim under the Civil Rights Act, 42 U.S.C. § 1983 (claim for relief 2). Plaintiff's claim for relief also appears to incorporate allegations of obstruction of justice in violation of 18 U.S.C. § 1512. Plaintiff seeks compensatory and punitive damages in connection with her Civil Rights Act claim. (FAC at p. 147.)

#### 3. <u>RICO Claim</u>

Plaintiff asserts a claim against Barresi pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), citing 18 U.S.C. §§ 1961, 1962 (claim for relief 3). Plaintiff's claim for relief is primarily comprised of a recitation of the statutory

language of the RICO Act coupled with conclusory allegations; it is devoid of any well-pleaded facts. (Compl. ¶¶ 637-55.)

### 4. California State Law Claims

Plaintiff's remaining six claims for relief are rooted in California law. Based again on conclusory allegations and legal argument, Plaintiff claims that Barresi is liable for invasion of privacy under the California Constitution (claim for relief 4); infringement of her name and likeness in violation of Cal. Civ. Code § 3344 (claim for relief 5); civil harassment in violation of Cal. Civ. Proc. Code § 527.6 (claim for relief 6); negligence in violation of Plaintiff's civil rights (claim for relief 7); infliction of emotional distress ("IIED") (claim for relief 8); and negligent infliction of emotional distress ("NIED") (claim for relief 9).

## III. LEGAL STANDARD

A complaint must be dismissed if it fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple,* 729 F.3d 953, 959 (9th Cir. 2013). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. A court is not "bound to accept as true legal conclusions couched as factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007). As the Ninth Circuit more recently held, "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.    ARGUMENT

### A.    Plaintiff's Civil Conspiracy Claim Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted

Plaintiff's "Civil Conspiracy" claim for relief fails to state a claim upon which relief should be granted. As an initial matter, while the FAC removes reference to the federal criminal conspiracy statute cited in the original Complaint, Plaintiff still alleges that the alleges that the claim arises under federal law. (FAC ¶ 11). To that end, if Plaintiff is still asserting her federal claim Plaintiff's claim must fail because the federal conspiracy statute (*i.e.*, 18 U.S.C. § 371) does not create a private right of action. *See, e.g.*, *Henry v. Universal Tech. Inst.*, 559 F. App'x 648, 650 (9th Cir. 2014) ("[T]he district properly dismissed [plaintiff's] claims under the Family Educational and Privacy Act ("FERPA") and 18 U.S.C. § 371 because these statutes do not provide a private right of action."); *Iyeke v. Gardiner*, No. 23-cv-01454, 2023 WL 3979488, at *1 (C.D. Cal. May 22, 2023) (holding plaintiff could not bring claim under 18 U.S.C. § 371 because the federal statute does not give rise to a private cause of action).

Moreover, even if Plaintiff sought to allege a claim for civil conspiracy under state law, her claim would fail as a matter of law because the FAC fails to sufficiently allege the elements of an underlying tort. In California, there is no separate and distinct tort cause of action for civil conspiracy. *Mintel Learning Tech. v. Beijing Kaidi Educ.*, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007) (dismissing civil conspiracy claim). Indeed, a civil conspiracy claim must be pleaded as part of another substantive cause of action, and all elements of the underlying tort must be satisfied. *Id.* Here, the FAC does not sufficiently allege the elements of an underlying tort; rather, it makes conclusory statements about allegedly wrongful conduct, with no real factual allegations to support it. These allegations are insufficient to support a conspiracy cause of action. *See Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir. 1989) ("allegations

of conspiracy must be supported by material facts, not merely conclusory statements."). Thus, Plaintiff's first claim for relief should be dismissed with prejudice.

### B.  <u>Plaintiff Has Failed to Allege a Violation of the Civil Rights Act</u>

Plaintiff has not alleged any facts to support a claim for violation of the Civil Rights Act. In order to state a claim for relief under 42 U.S.C. § 1983, a Plaintiff must demonstrate "a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). A § 1983 claim is generally not applicable to private parties. *Id.* Moreover, the state action element in Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Here, Plaintiff has failed to allege that Barresi acted under color of state law. In the FAC, Plaintiff conclusively asserts that Defendants "under the guise of lawful authority" committed acts resulting in the "deprivation of her rights to due process, equal protection, and meaningful access to justice." (FAC ¶ 458.) However, she fails to set forth ***any*** facts that could possibly demonstrate that Barresi acted under color of state law. (*See generally* FAC ¶¶ 456-491.) She in fact asserts only that his conduct was "unauthorized" and therefore within the purview of § 1983. (*Id.* at ¶ 476.)

To the extent that Plaintiff attempts to assert that Defendant's conduct as a private individual amounted to state action under the joint action test, she fails to do so. While courts start with the presumption that private conduct does not constitute governmental action, the 9th Circuit has implemented four tests to identify when a private party acts under color of state action. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999). The joint action test requires that "state officials and private parties have acted in concert in effectuating a particular deprivation of constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). Courts in the Ninth Circuit "have been careful to require a substantial degree of cooperation before imposing civil

liability for actions by private individuals that impinge on civil rights." *Id.* Here, Plaintiff's allegations are not sufficient to impose joint action liability upon Barresi. Plaintiff's second claim for relief should be dismissed with prejudice.

### C.  Plaintiff's RICO Claim Fails as a Matter of Law

"The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Here, Plaintiff has failed to allege facts sufficient to establish the existence of an enterprise, a pattern of predicate acts or injury to her business or property. Plaintiff's twelfth claim for relief merely quotes the RICO statute or case law interpreting the law. (*See generally* Compl. ¶¶ 494-95, 497-515.) Plaintiff's allegations regarding the existence of an "enterprise" is based on Barresi allegedly calling Waldman a "consiglieri" and the fact that they have spoken on the phone. (*See id.* ¶¶ 511, 519.) The predicate acts alleged in the RICO claim are based on accusations of others about purported witness intimidation, audio recordings (Plaintiff seems to forget her proclivity to record and/or share unauthorized recordings of phone calls and private conversations), vague allegations about "fabricating and alterations" of documents and the fact that Barresi and Waldman "have been involved in federal investigations as interested subjects." (*Id.* ¶¶ 91, 96-98, 102-14, 127, 510, 517-21.) Most critically, Plaintiff's Complaint is devoid of a single well-pled factual allegation regarding any damage to her business or property caused by Barresi and/or Waldman. (*Id.* ¶¶ 566 ("Defendants caused injury to Plaintiff and her business and property by their conduct with continuous violations."); 570 ("Plaintiff respectfully requests this Court issue an injunction against the Defendants, to address and prevent further harm resulting from the Defendant's [*sic*] negligent conduct, including but not limited to, racketeering conduct, which has caused Plaintiff significant emotional distress and significant financial damages.").) These

MOTION TO DISMISS

conclusory allegations do not state a plausible claim for relief. Accordingly, Plaintiff's twelfth claim for relief should be dismissed.

### D. **Plaintiff Fails to Allege Sufficient Facts to State a Claim under California Civil Code § 3344**

Plaintiff has not alleged any facts to establish that Defendant has used her name, image or likeness ("NIL") for his own economic benefit. The right to publicity at its core is an economic right. *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 403 (2001) ("The right of publicity is essentially an economic right. What the right of publicity holder possesses is not a right of censorship, but a right to prevent others from misappropriating the economic value generated by the [plaintiff] through merchandising of the 'name, voice, signature, photograph or likeness of the [plaintiff].'"); *Gionfriddo v. Major League Baseball*, 94 Cal. App. 4th 400, 409 (2001) ("California recognized the right to profit from the commercial value of one's identify as an aspect of the right of publicity.").

Because Section 3344 prohibits an invasion of an economic right, cases in which these claims are asserted comprise of an allegation that the defendant has used the plaintiff's name or likeness in a typical commercial context, such as to advertise, endorse or sell a product or service. *Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 409 (9th Cir. 1996) (famous basketball player brought claim under § 3344 for use of his name in an automobile commercial which aired five to six times on television); *Comedy III Prods.*, 25 Cal. 4th at 393 (owner of rights to comedy act brought action against artist who sold T-shirts which bore the likeness of the comedy act); *Dora v. Frontline Video, Inc.* 15 Cal. App. 4th 536, 540 (1993) (plaintiff brought claim for use of footage of plaintiff surfing and interview of plaintiff in defendant's documentary). The statute *requires* that the plaintiff demonstrate that there is a direct connection between the alleged use and its commercial purpose. *Abdul-Jabbar*, 85 F.3d at 414.

Plaintiff has alleged two "uses" that infringed her NIL. First, Plaintiff alleges (without any legitimate basis) that an audio tape of her voice was sold in a ***single***, private transaction. *See* (Compl. ¶ 641.) Second, Plaintiff vaguely and in a conclusory manner alleges that Mr. Barresi used her name, voice and likeness in "promotional materials profiling her as 'Hollywood Fixer.'" (*Id.* ¶ 636.) The alleged receipt of compensation for evidence obtained through an investigation is not the type of public commercial use that is addressed by Section 3344. Similarly, Defendant's alleged posting of investigative materials regarding Plaintiff (in response to Plaintiff's public allegations against him, thereby thrusting the topic into the public domain) lacks the direct connection with a commercial purpose. (*Id.* ¶¶ 639-40.) Tellingly, Plaintiff has not alleged any economic harm. (*See id.* ¶¶ 650-660.)

### E. Plaintiff's IIED and NIED Claims Fail Because Plaintiff Has Not Adequately Alleged the Elements of Outrageous Conduct or Severe Emotional Distress

Plaintiff's seventh and eighth claims for relief, for IIED and NIED, respectively, are subject to dismissal. Plaintiff has not alleged outrageous conduct or any direct causation of her severe or extreme emotional distress.

#### 1. Plaintiff Has Failed to Allege Facts that Demonstrate Mr. Barresi's Conduct was Outrageous

Under a claim for IIED, a plaintiff must allege that the conduct at issue is extreme and outrageous. *Dove v. PNS Stores, Inc.*, 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). The standard for whether conduct can be considered outrageous is high, as the conduct must be "so extreme to exceed all bounds of that usually tolerated in a civilized society." *Ibid*. The conduct must additionally be "intended to inflict injury or engaged in with the realization that injury will result." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1265 (2017) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009)). Mere insults, threats,

annoyances, petty oppressions, or other trivial acts cannot support a claim for IIED. *Id.* at 1050.

Plaintiff's allegations of outrageous conduct, including Defendant's alleged rude statements, threats and defense of his reputation, fall far short of the level of conduct tolerated in other cases asserting a claim for IIED. *Jackson*, 10 Cal. App. 5th at 1265 (defendant posting on social media about plaintiff's alleged abortion, along with a sonogram of fetuses and medical report regarding the pregnancy and additional discussion about the abortion during a radio interview could not "fairly be characterized as atrocious or intolerable in a civilized society"); *Hughes*, 46 Cal. 4th 1035, 1040-1052 (2009) (defendant's sexually explicit comments, including "I'll get you on your knees eventually" and "I'm going to fuck you one way or another," failed to rise to the level of outrageous conduct); *Schneider v. TRW, Inc.* 938 F.2d 986, 992 (9th Cir. 1991) (defendant yelling and screaming about plaintiff's job performance, threatening employment and threatening gestures did not amount to outrageous conduct).

Even if Plaintiff's allegations regarding "harassing messages" she or others received from Defendant are taken as true, more than implied threats, rude language or insults are necessary to support an NIED or IIED claim. *Cochran v. Cochran*, 65 Cal. App. 4th 488, 496 (1998) ("[P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to interfere in every case where some one's feelings are hurt."). Plaintiff extrapolates threats from alleged statements, even stating she took one of Defendant's statements "as a possible threat to her." (Compl. ¶¶ 39-40). Outrageous conduct is not demonstrated by Plaintiff's interpretations; the element requires a more concrete statement or message intended to "compel behavior through threats of physical violence or death." *Kiseskey v. Carpenters' Trust for S. Cal.*, 144 Cal. App. 3d 222, 230 (1983). Plaintiff's irrational interpretation of Barresi's purported statements or actions (particularly those directed at

MOTION TO DISMISS

third parties) cannot satisfy this element of her IIED and NIED claims. *Cochran*, 65 Cal.App.4th 488, 499 (1998) (telephone message made to plaintiff discussing an airline crash which was interpreted by the plaintiff as a death threat was not considered outrageous). On this basis alone, Plaintiff's IIED and NIED claims are subject to dismissal.

### 2.    Plaintiff Has Failed to Assert that She Has Suffered Severe or Extreme Emotional Distress

To prevail on her IIED and NIED claims, Plaintiff must assert that she has suffered severe or extreme emotional distress as a result of Defendant's conduct. *Dove v. PNS Stores, Inc*., 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). The emotional distress must be of "such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Duronslet v. Cnty. of Los Angeles*, 266 F. Supp. 3d 1213, 1220 (C.D. Cal. 2017) (quoting *Hughes*, 46 Cal. 4th at 1051). Like the element of outrageous conduct, the element is not easily satisfied and the level of distress required is significant. *Skiffington v. Keystone RV Co.*, No. 12-cv-09359, 2013 WL 12133662, at *7 (C.D. Cal., Dec. 9, 2013) (quoting *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1376 (2010)) ("The California Supreme Court has a set a high bar for what can constitute severe distress").

Plaintiff's general allegations and recitations of the element are not sufficient to meet the high standard required to prove severe emotional distress. In cases where severe emotional distress was found, plaintiffs have described in detail how the alleged conduct impacted their emotional and physical state. *Bikkina v. Mahadevan*, 241 Cal. App. 4th 70, 88 (2015) (plaintiff provided sufficient evidence to survive a motion to strike where  defendant's conduct "caused him to begin clenching his teeth to such a degree that he had broken two teeth requiring dental implants", had ongoing stomach and chest pains, suffered from insomnia, and was fearful of losing his employment); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (plaintiff suffered from

anxiety, tightness in chest, heart palpitations, panic attacks, depression and diagnosis of post-traumatic stress disorder). Plaintiff's claim that she felt fearful and that this prevented her from functioning normally is the type of generalized anxiety that is not actionable as IIED or NIED. *Wong v. Jing*, 189 Cal. App. 4th 1354, 1377 (2010) (plaintiff's loss of sleep, upset stomach and generalized anxiety did not support finding of severe or enduring emotional distress); *Hughes*, 46 Cal. 4th at 1051 ("plaintiff's assertions that she has suffered discomfort, worry, anxiety, upset stomach, concern, and agitation" as the result of defendant's conduct could not support element of severe emotional distress).

In sum, because Plaintiff cannot sufficiently allege two essential elements her emotional distress claims, both her IIED and NIED claims must be dismissed.

## F.  Plaintiff's Invasion of Privacy Claim Fails

Plaintiff does not have standing to assert an invasion of privacy claim on behalf of her late mother. (*See* Compl. ¶¶ 596-611.) In addition, as discussed hereinabove, she cannot assert claims against Defendant for violation of criminal statutes, such as California Penal Code sections 630-638. (*Id.* ¶¶ 625, 627.) Taft's publication of detailed information about herself and her mother prevent her from claiming a reasonable expectation of privacy in this information. Her invasion of privacy claim should be dismissed.

## G.  Plaintiff's Civil Harassment Claim Fails

Plaintiff fails to allege that Barresi has engaged in a pattern of harassment, and her Complaint is devoid of any credible threat of violence or actual violence. Cal. Civ. Code § 527.6(b)(2), (3), (7). Plaintiff's paranoid delusions about communications from Defendant do not turn his conduct into the kind that would "cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." *Id.* § 527.6(b)(3). Plaintiff's civil harassment claim is also subject to dismissal for failure to state facts giving rise to a plausible claim for relief.

### H. The FAC Should Be Dismissed With Prejudice Because Amendment Would Be Futile.

Plaintiff has had two opportunities to allege facts sufficient to give rise to a claim for relief. She has failed to do so. Accordingly, Defendants respectfully submit that the Court should dismiss Plaintiff's claims with prejudice and without leave to amend because amendment would be futile and needlessly burden the judicial system. *See Calm Ventures LLC v. Newsom*, 548 F. Supp. 3d 966, 984 (C.D. Cal. 2021).

## V. CONCLUSION

For the reasons set forth hereinabove, Defendant Paul Barresi respectfully requests that the Court dismiss Plaintiff's Complaint and each claim for relief contained therein without leave to amend and with prejudice.


Dated:  December 13, 2024          LAVELY & SINGER
                                   PROFESSIONAL CORPORATION
                                   MELISSA Y. LERNER
                                   MEGAN S. MALLONEE

                            By:    /s/ Megan S. Mallonee
                                   MEGAN S. MALLONEE
                                   Attorneys for Defendant PAUL BARRESI

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant, certifies that this brief contains 4,781 words, which complies with the word limit of L.R. 11-6.1.

Dated:  December 13, 2024          LAVELY & SINGER
                                  PROFESSIONAL CORPORATION
                                  MELISSA Y. LERNER
                                  MEGAN S. MALLONEE

                        By:    /s/ Megan S. Mallonee
                               MEGAN S. MALLONEE
                               Attorneys for Defendant PAUL BARRESI

MOTION TO DISMISS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

On the date indicated below, I served the foregoing document described as:

**DEFENDANT PAUL BARRESI'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MEGAN S. MALLONEE IN SUPPORT THEREOF**

on the interested parties in this action as follows:

| | |
|---|---|
| Christina Taft<br>1700 Ala Moana Blvd., Apt 2301<br>Honolulu, HI 96815<br>Tel:  0623441766<br>Email:  ceo.taft@rescue-social.com | Plaintiff in Pro Per |

**[X]    BY ELECTRONIC FILING THROUGH THE COURT'S CM/ECF SYSTEM PURSUANT TO L.R. 5-3.2.**

**[X]    BY FIRST CLASS MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.  Executed December 13, 2024, at Los Angeles, California.

_____
Lisa Carpenter