Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

_____

| | |
|---|---|
| CHRISTINA TAFT,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,<br><br>    Defendants.<br>_____/ | Case No.: 5:24-cv-01930-TJH-DTB<br><br>[Hon. David T. Bristow, Magistrate Judge]<br><br>**EX PARTE APPLICATION TO EXTEND PAGE LIMIT OF PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: January 20, 2025<br>No Hearing Requested |

---

# EX PARTE APPLICATION TO EXTEND PAGE LIMIT OF PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS

RESPECTFULLY, Plaintiff in Pro Per Christina Taft ("Plaintiff") requests permission from the honorable court for an Extension of Pages to Oppose Defendant Paul Barresi's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 23) ("FAC"), filed by Defendant on December 13, 2024 (ECF No. 26) (the "Motion to Dismiss") for granting an *up to* 40 pages brief;

With due consideration of the Ex Parte Application submitted by Plaintiff Christina Taft, pro se, seeks permission to submit an Opposition Brief that exceeds the page limitations prescribed by Local Rule 11-6 to be *15 pages more* of the page limit set forth in Local Rule 7-19.1 for Plaintiff's Opposition to Defendant Barresi's Motion to Dismiss Plaintiff Taft's First Amended Complaint. This request is made in consideration of the substantial legal and factual complexities that are present in this case, the critical need for a comprehensive presentation of arguments, and the Plaintiff's status as a pro se litigant, which inherently necessitates additional accommodations to ensure an adequate presentation of her claims. Furthermore, the extension is supported by the substantial volume of evidence, which includes two additional witness declarations, that confirms Plaintiff's allegations of unlawful conduct by Defendant Barresi.

## INTRODUCTION

Pursuant to Local Rule 7-19.1, Plaintiff Christina Taft, proceeding pro se, seeks permission to exceed the 25-page limit for her Opposition to Defendant Barresi's Motion to Dismiss. The Opposition is responding to Barresi's Motion to Dismiss and Plaintiff is Pro Se. The stakes are high in ensuring that a thorough Opposition is provided, with two additional witness declarations in increasing urgency, and opposing a Defendant that is a known "Hollywood Fixer" violating equal protection, protection of legal processes, witnesses, and due process.

Further, there is an overwhelming amount of evidence in Taft's possession that demonstrates that Defendant Barresi has enacted complex unlawful actions granting claims for relief, with two additional witness declarations as in Plaintiff's Objection, and Taft should not be required to hold back facts in the FAC's timeline pleading substantial evidence while facing a dispositive motion purely for the sake of meeting a page limit. In addition, Plaintiff is burdened with the dual responsibility of presenting factual evidence to rebut Defendant Barresi's conduct; "Hollywood Fixing" such as his intimidation, harassment, and interference with witnesses and legal support, and substantiating the merits of her legal claims without the benefit of legal representation.

## I. ARGUMENTS IN SUPPORT OF THE APPLICATION

1. **Complexity of Legal Issues**: The FAC alleges violations that include but are not limited to the provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO, 18 U.S.C. § 1961 et seq.), as well as violations of civil rights under 42 U.S.C. § 1983. These legal frameworks require detailed analysis of statutory elements, judicial precedents, and their application to the specific facts of this case. Given the complexity, adhering to standard page limitations would hinder Plaintiff's ability to provide a comprehensive response.

2. **Necessity for Detailed Factual Narration**:

    The FAC provides an extensive account of Defendant's alleged unlawful actions, including harassment, intimidation, and witness tampering. Adequately addressing these claims, supported by evidence and timelines, requires additional pages to ensure that all relevant details are presented clearly and effectively.

3. **Pro Se Litigant Considerations**: Federal courts routinely recognize the need to make procedural accommodations for pro se litigants, facilitating a more level playing field in legal proceedings. Extending the page limitations would align

with this practice by allowing Plaintiff sufficient space to articulate arguments adequately.

4. **Comprehensive Legal Rebuttal**: A detailed response supporting the legal sufficiency of the FAC is needed that includes citations to relevant legal authorities, precedents, and a thorough analysis of the issues raised.

5. **Ensuring Substantive Justice**: Restricting the opposition to the standard page limits could significantly hinder Plaintiff's ability to present the case effectively, potentially leading to a dismissal based on procedural technicalities rather than the merits of the case. An extended page limit would ensure that the Opposition is thorough, fair, and enables a substantive review of the claims.

6. **Promoting Judicial Efficiency:** Allowing Plaintiff additional pages to address all relevant issues comprehensively would aid the Court in making a well-informed decision, reducing the likelihood of unnecessary motions for reconsideration or appeals. A complete and thorough presentation upfront promotes judicial efficiency and clarity.

**Good cause** exists to exceed the page limits for these reasons. Taft should be permitted to present her case to this Court without being forced to leave out evidence that goes to the heart of the matter.

Nor should Taft be forced to gamble and refrain from addressing the merits of her legal claims based on his certainty that the Court will find Barresi did not meet his initial burden. Taft would simply not be able to present in so short of length the evidence and arguments necessary for its Opposition within the page limit set forth in Local Rule 7-19.1 without substantially interfering with its ability to present the facts and issues relevant to the Opposition to the Court.

**WHEREFORE,** based on the points set forth in this Application and accompanying Memorandum, Plaintiff respectfully requests that this Court grant her permission to file an Opposition exceeding the standard page limits, ensuring a complete and fair presentation of the issues before the Court.

Therefore, with good cause shown, Taft requests that this Court allow Taft's Opposition, at a length of <u>*up to* 40 pages</u> to be filed with this Court.

Dated this 20th day of January, 2025.

By: *[signature]*
CHRISTINA TAFT
Plaintiff in Pro Per

### Verification Of Oath

I certify that the information herein is true and correct to the best of my knowledge and belief. This attestation is made under oath under the laws of the United States.

Dated: January 20, 2025

By: *[signature]*
CHRISTINA TAFT
Plaintiff in Pro Per
United States

# PROOF OF SERVICE

On the date set forth below, I served the foregoing document described as:

1. EX PARTE APPLICATION TO EXTEND PAGE LIMIT OF PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT;
2. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE AN OVERLENGTH OPPOSITION BRIEF;
3. DECLARATION OF PLAINTIFF IN SUPPORT OF EX PARTE APPLICATION;
4. [PROPOSED] ORDER GRANTING EX PARTE APPLICATION TO EXTEND PAGE LIMIT OF PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT;

BY NOT MORE THAN 30 DAYS; via Mail and Email, Local Rules, (L.R. 5-3),

on the interested parties in this action as follows:

MELISSA Y. LERNER

Attorneys for Defendant PAUL BARRESI

**By Mail:**
MELISSA Y. LERNER
LAVELY & SINGER PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2049 CENTURY PARK EAST, SUITE 2400
LOS ANGELES, CALIFORNIA 90067-2906

**By Electronic Service:**
mlerner@lavelysinger.com
[X] BY FEDERAL EXPRESS: I am "readily familiar" with the practice of collection and processing correspondence for FedEx. Under that practice it would be deposited with US Mail on that same day with all costs fully prepaid in the United States, in the ordinary course of business.
[X] ELECTRONIC SERVICE: I served the on the parties listed via electronic service in accordance with the applicable rules (Local Rule 5-3).

Dated: January 20, 2025

*[signature]*

Christina Taft in *Propria Persona*
United States

---

EX PARTE APPLICATION TO EXTEND PAGE LIMIT OF PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT