Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTINA TAFT**, Plaintiff, vs. **PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,** Defendants. | **Case No.:** 5:24-cv-01930-TJH-DTB <br> Hon. David T. Bristow, Magistrate Judge <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE AN OVERLENGTH OPPOSITION BRIEF** <br><br> **Date: January 20, 2025** <br><br> **No Hearing Requested** |

-1-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE AN OVERLENGTH OPPOSITION BRIEF

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE AN OVERLENGTH OPPOSITION BRIEF

*Under Applicable Local Rules and Federal Rule of Civil Procedure 6(d)*

**Christina Taft** ("Plaintiff"), pro se, hereby submits an Ex Parte Application seeking leave from this Honorable Court to file an opposition brief that exceeds the page limits prescribed by the applicable Local Rules. This application is necessitated by the substantive complexities inherent for an Opposition to the Motion to Dismiss filed by **Paul Barresi** ("Defendant"), and the additional Defendants named herein, which challenges the Plaintiff's First Amended Complaint **("FAC")**.

## I. PRELIMINARY STATEMENT

Plaintiff respectfully requests that the Court grant permission to submit an opposition brief that includes an additional ten (10) to fifteen (15) pages beyond the standard page limitations to *up to 40 pages*. This application is compelled by the requirements for a detailed and thorough argumentation in response to a complex Motion to Dismiss, which touches upon multifaceted legal principles and extensive factual allegations of the case.

Further, there is an overwhelming amount of evidence in Taft's possession that demonstrates that Barresi has enacted complex unlawful actions granting claims for relief, with two additional witness declarations as in Plaintiff's Objection, and Taft should not be required to hold back facts in the FAC's timeline pleading substantial evidence while facing a dispositive motion purely for the sake of meeting a page limit. In addition, Plaintiff is burdened with the dual responsibility of presenting factual evidence to rebut Defendant Barresi's conduct; "Hollywood Fixing" such as his

intimidation, harassment, and interference with witnesses and legal support, and substantiating the merits of her legal claims without the benefit of legal representation.

## II. STATUTORY AND PROCEDURAL BASIS

1. **Application of Local Rules**: The Local Rules prescribe standard page limits for filings. However, they also afford the Court the discretionary power to alter these limits to facilitate a fair and complete presentation of a party's arguments, especially in cases involving intricate legal questions and detailed factual backgrounds.

2. **Federal Rule of Civil Procedure 6(d)**: This rule empowers the Court to modify deadlines and other procedural requirements to prevent undue hardship or injustice, underscoring the Court's ability to extend filing limits to ensure equitable proceedings.

## I. INTRODUCTION

Plaintiff, proceeding pro se, respectfully petitions this Honorable Court for authorization to submit an overlength brief in opposition to Defendant Paul Barresi's Motion to Dismiss the First Amended Complaint. Under the constraints set forth by Local Rule 11-6 regarding brief limitations, Plaintiff avers compelling grounds exist for an exemption due to the multifaceted legal and factual nature of the claims advanced:

- The First Amended Complaint (FAC) comprises a complex array of allegations under various statutory frameworks, including civil conspiracy and Racketeer Influenced and Corrupt Organizations Act (RICO) claims, each demanding thorough factual exposition and legal analysis. Two additional witnesses have declared, seeing that Defendant corrupts, as seen in the preceding Objection.

- The imperative to extensively reference and articulate the FAC's allegations to effectively counter each point raised in Defendant's Motion to Dismiss.

- The pro se status of the Plaintiff, which inherently complicates the precision and conciseness typically achievable by trained legal professionals, thereby necessitating additional pages to ensure a comprehensive and just consideration of the arguments.

## II. LEGAL STANDARD

According to Local Rule 11-6, exceptions to prescribed brief length limitations may be sanctioned upon a demonstrated showing of good cause. This prerogative is within the purview of the Court's discretion to ensure equitable and efficient case management (Fed. R. Civ. P. 1; Swanson v. U.S. Forest Service, 87 F.3d 339, 343 (9th Cir. 1996)). Additionally, ex parte applications require the applicant to illustrate an urgent need and substantiate efforts made to notify the opposing party in a reasonable and good-faith manner, pursuant to Local Rule 7-19.1 and judicial precedents such as Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III. ARGUMENT

### A. Justification for Additional Page Allowance

1. **Complex Legal and Factual Matrix**: The FAC details substantive claims under diverse legal doctrines, necessitating extensive discussion exceeding the conventional page limits. The complexity of RICO, a federal cause of action with stringent procedural and substantive requirements (18 U.S.C. § 1961-1968), demands a detailed analysis of each element of the claim, alongside the civil conspiracy and harassment allegations, each supported by copious factual evidence.


2. **Pro Se Litigant Status**: Federal jurisprudence traditionally affords leniency to pro se litigants to promote fair access to the legal system (Haines v. Kerner, 404 U.S. 519, 520 (1972)). The inherent challenges faced by non-attorneys in navigating complex legal frameworks justify the extension of page limits to ensure that Plaintiff can adequately present her case.

3. **Justification of Good Cause**: The Court acknowledges the intrinsic legal and procedural complexities presented by Plaintiff's First Amended Complaint, which includes a variety of claims under both federal and state law that demand extensive factual elaboration and legal exposition. The substantive need to address comprehensively the arguments presented in Defendant's Motion to Dismiss substantiates the extension of the standard page limits. Furthermore, Plaintiff's unrepresented status amplifies her need for additional space to ensure a complete and effective presentation of her arguments, warranting a departure from strict adherence to the page limit constraints.

4. **Ensuring Substantive Justice**: Restricting the opposition to the standard page limits could significantly hinder Plaintiff's ability to present the case effectively, potentially leading to a dismissal based on procedural technicalities rather than the merits of the case. An extended page limit would ensure that the Opposition is thorough, fair, and enables a substantive review of the claims.

5. **Promoting Judicial Efficiency:** Allowing Plaintiff additional pages to address all relevant issues comprehensively would aid the Court in making a well-informed decision, reducing the likelihood of unnecessary motions for reconsideration or appeals. A complete and thorough presentation upfront promotes judicial efficiency and clarity.

**Good cause** exists to exceed the page limits for these reasons. Taft should be permitted to present her case to this Court without being forced to leave out evidence that goes to the heart of the matter.

### B. Compliance with Notification Requirements

In adherence to the directives of Local Rule 7-19.1 on ex parte proceedings, Plaintiff undertook due diligence by notifying Defendant's representation of counsel on January 18th and January 19th, 2025, requesting non-opposition for the submission of an overlength brief. The subsequent interactions, or the absence thereof, necessitate judicial determination to uphold the integrity of the adversarial process and procedural justice.

### IV. CONCLUSION

In light of the above elucidations and pursuant to the tenets of procedural equity, Plaintiff entreats this Court to authorize the filing of an opposition brief extending 10-15 pages beyond the standard limit of *up to* 40 pages. This allowance is crucial for a complete and effective presentation of the pertinent issues before the Court.

**DATED:** January 20, 2025

Respectfully submitted,

*/s/ Christina Taft*

Christina Taft

*Plaintiff in Propria Persona*

United States