Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **CHRISTINA TAFT**<br><br>    Plaintiff,<br><br>**vs.**<br><br>**PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,**<br><br>    Defendants. | **Case No.:** 5:24-cv-01930-TJH-DTB<br>Hon. David T. Bristow, Magistrate Judge<br><br>**Date: January 20, 2025**<br><br>**No Hearing Requested** |

## DECLARATION OF CHRISTINA TAFT IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE AN OVERLENGTH OPPOSITION BRIEF

**I, Christina Taft, hereby solemnly declare the following:**

1. **Identity and Procedural Status**: I am the plaintiff in the action entitled Taft v. Paul Barresi, et al, currently pending before this Honorable U. S. District Court, and am pro se as well as self-represented in this litigation.

2. **Foundational Knowledge**: The assertions made herein are based on my direct and personal knowledge. I am competent to testify to these facts, and I am prepared to do so should it become necessary.

3. **Notice to Opposing Counsel**: Consistent with the requirements stipulated in the Federal Rules of Civil Procedure, specifically Rule 5(b)(2)(E), and the Local Rules of this Court, I provided timely notice of this ex parte application to Defendant's counsel. This notice was conveyed electronically in email to attorneys Megan Mallonee and Melissa Lerner of Lavely & Singer Law Firm on January 18, 2025 and January 19, 2025 *(Exhibit A)*.

4. **Response from Opposing Counsel**: Defense counsel for Paul Barresi did not respond, indicating no answer to the relief sought herein.

5. **Justification for Exceeding Page Limitations**:

    - **Complexity of Legal Issues**: The legal issues presented in this case are multifarious and complex, encompassing claims under federal statutes such as the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962), and various claims pertaining to civil rights violations under 42 U.S.C. § 1983. The detailed exposition of these claims, coupled with the necessity to rebut the grounds for dismissal proposed by the defendant, necessitates an extensive presentation beyond the conventional page limit.

    - **Pro Se Litigant Considerations**: As a litigant without legal representation, the constraints imposed by Local Rule 11-6 significantly hamper my ability to present a comprehensive argument. Federal jurisprudence supports more lenient treatment of pro se filings to ensure substantive justice (see Haines v. Kerner, 404 U.S. 519, 520 (1972)). The intricate legal and factual matters

in question demand a thorough briefing that a pro se litigant, without an attorney adequately representing the client, especially against a Defendant reinforcing to "Hollywood Fix" witnesses, victims, and former clients to highly distress due process, like myself would struggle to confine within standard limits.

- **Due Process Implications**: The complexity and the voluminous nature of the factual allegations in the First Amended Complaint require detailed legal analysis to ensure each claim is appropriately addressed. Curtailing the length of my submission could unduly restrict my ability to present a complete and effective argument, thereby impinging upon my rights to procedural due process and equal protection under the law.

**Verification of Oath**:

Under Oath and Rule of Law of the United States, understanding penalties of perjury, I affirm that the foregoing paragraphs are accurate and true to the best of my knowledge and belief. This declaration substantiates the requisite good cause for granting an overlength brief, enabling a full and fair adjudication of the matters at issue.

**Dated on this 20th day of January, 2025**.

*[signature: Christina Taft]*

**Christina Taft**

*Propria Persona*

United States

   Christina Taft <taftchristina.ceo@gmail.com>

**Ex Parte Application for Excess Pages - Taft v Barresi 5:24-cv-01930-TJH-DTB**

**Christina Taft** <taftchristina.ceo@gmail.com>   Sun, Jan 19, 2025 at 11:07 PM
To: Megan Mallonee <mmallonee@lavelysinger.com>, Melissa Lerner <mlerner@lavelysinger.com>

Hello Ms. Mallonee and Ms. Lerner,

I'm checking again to see if you do not oppose the Ex Parte application for more pages (10-15 pages) for my opposition brief, or if you do not respond, or if you oppose it.

I've drafted the required documents for the Ex Parte.
 I first reached out to you on January 17th. I will try to call you tomorrow as well —

Good evening,
Christina Taft

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
LinkedIn


On Sat, Jan 18, 2025 at 2:21 PM Christina Taft <taftchristina.ceo@gmail.com> wrote:
> Hello Ms. Mallonee and Ms. Lerner,
> I am respectfully informing you that I intend to file an Ex Parte Application for Excess Pages for my Opposition brief.
> I will be requesting 10-15 more pages.
>
> Will you not oppose or oppose the application for more pages?
>
> **I have good cause to request more pages:**
> - Pro Se litigant
> - Complexity of Claims and Amount of Facts Cited from the FAC for each element of claims
> - Space needed to plead each claim with connecting facts
> - Importance of this critical juncture
>
> I contacted the opposing counsel and informed them of this ex parte request. (See Decl. ¶ 3.)
> **Opposing counsel party and Barresi:**
> - indicated that he or she would not oppose the ex parte application.
> - was unreachable.
> - indicated that he or she would oppose the ex parte application.
>
> Sincerely,
> Christina Taft
>
> --
> *Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
> LinkedIn