**MELISSA Y. LERNER (SBN 285216)**
mlerner@lavelysinger.com
**MEGAN S. MALLONEE (SBN 340276)**
mmallonee@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT, | CASE NO. 5:24-cv-01930-TJH (DTB) |
| Plaintiff, | [Hon. David T. Bristow, Magistrate Judge] |
| vs. | **REPLY IN SUPPORT OF DEFENDANT PAUL BARRESI'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6)** |
| PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive, | |
| Defendants. | Date: December 13, 2024<br>Time: Under Submission |

4528-3

REPLY ISO MOTION TO DISMISS

## I. INTRODUCTION

Defendant Paul Barresi's Motion to Dismiss the First Amended Complaint (ECF No. 26) (the "Motion") should be granted and this frivolous and harassing litigation brought to an end. Despite seeking and obtaining on an *ex parte* basis an additional ten pages for her brief in Opposition to Defendant's Motion (ECF No. 38) (the "Opposition"), Plaintiff Christina Taft ("Plaintiff" or "Taft") still cannot establish that her sprawling, nonsensical First Amended Complaint (ECF No. 23) (the "FAC") fails to state a cognizable claim for relief against Defendant Paul Barresi ("Defendant" or "Barresi"). To further confuse the Court, Taft improperly submits a declaration and ***nearly 100 pages*** of other purported outside evidence in support of her Opposition, and relies on allegations regarding matters absent from the FAC in a failed effort to avoid dismissal. Though Taft attempts to mold delusional conspiracy theories into legal claims in her FAC, the reality is that she cannot do so, no matter how many opportunities she is given. Taft failed to state a claim for relief in the FAC, and she cannot amend it further to do so. As a result, the FAC should be dismissed without leave to amend.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

### A. The Opposition Improperly Relies On Extraneous Evidence Which Should Not Be Considered.

As an initial matter, Plaintiff's introduction of additional purported evidence submitted with her Opposition is improper and the Court should not consider these materials when ruling on Barresi's Motion. *See, e.g.*, *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (extraneous evidence outside of complaint should not be considered in ruling on a motion to dismiss); *Mildenberger v. Cnty. of Los Angeles*, No. 23-cv-00056, 2023 WL 2627743, at *2 (C.D. Cal. Feb. 17, 2023) (granting motion to dismiss and noting, before refusing to consider extraneous

evidence, that plaintiff "seemingly concede[d] that the FAC is deficient by attaching material from outside the pleadings to her Opposition"); *Kroll v. Cnty. of Los Angeles*, CV 21-832 DSF (Ex), 2021 WL 4555819, at *4 (C.D. Cal., June 28, 2021) (disregarding exhibits submitted with opposition to motion to dismiss). The Court should consider only the FAC itself, which is insufficient as a matter of law.[1]

### B. The FAC Fails to State A Claim Upon Which Relief May Be Granted.

#### 1. Plaintiff's Claim for Civil Conspiracy Fails as a Matter of Law.

The FAC fails to state a claim for civil conspiracy because there is no private right of action for conspiracy either under federal or state law. *See* Motion ("Mot.") at 14:2-15:2; *see also, e.g.*, *Henry v. Universal Tech. Inst.*, 559 F. App'x 648, 650 (9th Cir. 2014) ("[T]he district properly dismissed [plaintiff's] claims under the Family Educational and Privacy Act ("FERPA") and 18 U.S.C. § 371 because these statutes do not provide a private right of action."); *Iyeke v. Gardiner*, No. 23-cv-01454, 2023 WL 3979488, at *1 (C.D. Cal. May 22, 2023) (holding plaintiff could not bring claim under 18 U.S.C. § 371 because the federal statute does not give rise to a private cause of action); *Mintel Learning Tech. v. Beijing Kaidi Educ.*, No. C 06 7541 PJH, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007) (dismissing civil conspiracy claim because civil conspiracy must be pleaded as part of a substantive cause of action and all elements of the underlying tort must be satisfied). In her Opposition, Plaintiff belatedly claims that her civil conspiracy claim is in fact a claim for conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985. Opposition ("Opp.") at 10:8-21. Plaintiff cannot rewrite her complaint through legal argument when opposing the Motion. Plaintiff also cites

---

[1] To the extent the Court is inclined to consider any of Plaintiff's evidence submitted in support of the Opposition, Defendant respectfully requests the opportunity to file a motion under Rule 56 based on evidence that conclusively disproves Plaintiff's outlandish allegations and/or an amended Reply accompanied by rebuttal evidence.

*Gilbrook v. City of Westminster* 177 F.3d 839, 856 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999), to support her contention that she may assert a civil conspiracy claim. Opp. at 10:25-11:2. This reliance is misplaced. The *Gilbrook* court held that defendants could be liable for conspiring to **retaliate** under Section 1983, not for civil conspiracy on its own (as Plaintiff suggests). *Gilbrook*, 177 F.3d at 860-61. Therefore, the Opposition cannot remedy the fact that there is no standalone claim for civil conspiracy. As a result, the first cause of action must be dismissed without leave to amend.

### 2. Plaintiff's Claim for Violation of the Civil Rights Act Is Subject to Dismissal.

Plaintiff may not assert a claim against Barresi under 42 U.S.C. § 1983 because Plaintiff has not sufficiently alleged cooperation with a state official. In the Opposition, Plaintiff claims that the FAC alleges "specific facts that demonstrate Barresi's involvement with government officials to suppress evidence, intimidate witnesses, and retaliate against Plaintiff" that are sufficient to fulfill the joint action test. Opp. at 13:15-18. Not so. A "bare allegation" of joint action cannot overcome a motion to dismiss. *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). Rather, the joint action test requires that "state officials and private parties have acted in concert in effectuating a particular deprivation of constitutional rights." *Franklin v. Fox,* 312 F.3d 423, 445 (9th Cir. 2002). Moreover, the Ninth Circuit requires "substantial cooperation" or that the private entity's and government's actions be "inextricably intertwined." *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1180 (N.D. Cal. 2022), *aff'd sub nom. O'Handley v. Weber*, 62 F.4th 1145 (9th Cir. 2023) (federal claims dismissed under 12(b)(6) because pleading fell short of plausibly alleging joint action).

Plaintiff contends in the Opposition that her allegations that Barresi "influenc[ed] law enforcement decisions," had a "close relationship" with "government influencer"

Adam Waldman and Barresi communicated with the FBI are sufficient to plead joint action. Opp. at 13:20-14:16. The cited paragraphs in the FAC do not comport with Plaintiff's characterization of them, and the allegations in her Opposition to support this claim are ***not*** set forth in the FAC.[2] Even if they were, they are woefully insufficient to plausibly allege that Barresi's actions were "inextricably intertwined" with the government. Plaintiff's second claim for relief should be dismissed without leave to amend.

### 3. Plaintiff's RICO Claim Must Be Dismissed.

The FAC is devoid of allegations sufficient to state a civil RICO claim. The FAC fails to allege the required elements, including existence of an enterprise, predicate acts,

---

[2] For example, Plaintiff cites to paragraph 159 of the FAC as evidence of "Barresi's role in influencing law enforcement decisions to not interview witnesses correctly, to not thoroughly investigate reports by victims and Plaintiff, to not intake more evidence, in multiple jurisdictions . . . was bolstered by state actors who facilitated or acquiesced in his misconduct." Opp. at 13:20-25. Paragraph 159 of the FAC states: "In October 2022, former Atlanta police officer and paralegal Denise Newsome told Mr. Barresi in email to stop his harassment of Ms. Taft." FAC, at 34:19-20. That a ***former*** police officer who is ***not*** a state actor allegedly sent an email to Barresi defending Taft does not remotely support a claim that Barresi acted under color of law to violate her civil rights. Mr. Barresi's alleged submissions of complaints or inquiries to law enforcement and private actors (FAC ¶¶ 138, 205, 209), his alleged conversation with a private investigator (FAC ¶ 210) and Taft's unintelligible allegations regarding her and Barresi's dueling reports to the Honolulu Police Department (FAC ¶¶ 158, 355-59) likewise do not support the conclusory assertion that Barresi "acted under color of law" or influenced any law enforcement decisions or investigations. Plaintiff fails to consider the obvious (and plausible) explanation that her efforts to sic law enforcement on Barresi and pressure third parties into supporting her quixotic quest of vengeance against him failed because her wild conspiracy theories are unconvincing and lack any factual support. Similarly, Plaintiff mischaracterizes the allegations in paragraph 46, 75-76, 92-95, 126, 318-25, 386, 388, 467 and 565 of the FAC. Opp. at 13:20-14:6, 14:8-16. Plaintiff's misleading (and relatively coherent) summary of her FAC in the Opposition is belied by even a cursory review of the unintelligible and irrelevant allegations of the pleading itself.

or injury to Plaintiff. Mot. at 16:4-17:2. Rather, Plaintiff merely recites the elements of a claim without any well-pled facts to support their existence. *See* FAC ¶¶ 494-95, 497-515. In the Opposition, Plaintiff relies on numerous conclusory statements that are not supported by the allegations in the FAC.³ *See generally, e.g.*, Opp. at 15:3-12, 15:16-20, 15:27-16:1816:20-23, 17:4-5, 17:18-27, 18:15-17, 19:2-5, 20:25-21:11.

Even assuming that Plaintiff was able to plead the existence of an enterprise and predicate acts under the RICO statutes, she fails to plead any resulting injury. At most, the FAC alleges that Ms. Taft failed to attend meetings or to communicate with potential collaborators and moved to Hawaii because of her own paranoia. FAC ¶¶ 253-255. This in no way demonstrates injury to Plaintiff's "business or property" as required under 18 U.S.C. § 1964(c). *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353 (9th Cir. 2005) ("financial losses, in and of themselves, are insufficient to confer standing under RICO.") Indeed, Plaintiff relies on an additional declaration to support her claim that she properly alleged injury. *See* Opp. at 19:8-14 (referencing Plaintiff's declaration in support of Opposition and purporting to characterize the declaration of Michael Kountz attached thereto). In doing so, Plaintiff effectively "concedes that the FAC is deficient." *See Mildenberger*, 2023 WL 2627743, at *2 (dismissing plaintiff's Section 1983 claim and noting that submission of outside evidence by plaintiff on

---

³ Again, as only one example of her disingenuous description of the allegations in the FAC, Plaintiff cites paragraphs 158 and 219 as part of the "comprehensive outline" of Defendant's enterprise and commission the predicate act of "obstruction of justice." Opp. at 15:15:3-5, 7, 12. Paragraph 158 is unintelligible, but alleges that Defendant edited an audio tape and sent it to "publicity agents and lawyers of the actor Mr. Depp," that Plaintiff "urgently reported to the Bureau of Security and Investigation Services the violations by Mr. Barresi" and her theory that Defendant communicated with an anonymous "Jane Doe" that Plaintiff blocked. FAC ¶ 158. Paragraph 219 purports to describe an email sent by Barresi to an attorney describing Plaintiff's harassment of him. *Id.* ¶ 219. Neither paragraph purports to allege obstruction of justice or interference with investigations.

opposition effectively admitted the deficiency of allegations in the operative complaint). Because Plaintiff has failed to allege facts plausibly satisfying the elements of a RICO claim, her third claim for relief under the Civil RICO Act should be dismissed without leave to amend.

### 4. Plaintiff Fails to State A Claim For Relief Under California Civil Code Section 3344.

Plaintiff's claim under California Civil Code § 3344 should be dismissed because the FAC does not allege a connection between the alleged use of her name and likeness and a commercial purpose. Mot. at 17:5-18:11. In the Opposition, Plaintiff correctly quotes case law noting that Section 3344 "no longer requires that the unauthorized use occur in a product advertisement or endorsement or other such solicitation of purchase." Opp. at 27 (citing *KNB Enters. v. Matthews*, 78 Cal. App. 4th 362, 367 n. 5 (2000)). However, the cited footnote also acknowledges that the statute had been amended "to encompass any unauthorized use 'on or in products, merchandise, or goods.'" *KNB Enters.*, 78 Cal. App. 4th at 367 n.5. Nowhere in the FAC does Plaintiff allege such a commercial use. Even viewed in the light most favorable to Plaintiff, the portions of the FAC cited in the Opposition allege only that Barresi (1) sent an audio recording to "publicity agents and lawyers of the actor Mr. Depp" and (2) used Plaintiff's name, voice and likeness "on files to advertise and sell to Mr. Waldman and Mr. Depp" in "one financial transaction." FAC ¶ 158, 641. Plaintiffs' allegations in the Opposition that Barresi's dissemination of an audio recording of her speaking was "for commercial purposes to suppress witnesses of assaults" and that Defendant "manipulated commercial gains by intimidating Plaintiff from speaking with reporters and exploiting her likeness and voice" are nonsensical and do not arise to the kind of commercial purpose that is required to state a claim under Section 3344. Opp. at 27:13-17. Plaintiff's speculation that Defendant – who has been forced to defend himself against her

outrageous claims and onslaught of frivolous legal action to his own detriment and that of his business – somehow profited from an audio recording because he said "take it to the bank" is ludicrous. *Id.* at 28:10-11.The bizarre contention that "Defendant provided financial worth to audio recordings of Plaintiff with other witnesses" is incomprehensible and fails to identify a commercial purpose as required by law. *Id.* at 28:13-14. Neither the FAC nor Plaintiff's Opposition contains any allegation that the purported recording was made "on or in products, merchandise, or goods" or to advertise, sell, or solicit purchases of the same – nor can they. *See* Cal. Civ. Code § 3344. Put simply, Plaintiff's bizarre allegations, even if true, cannot state a claim for relief under Section 3344, and this claim must be dismissed without leave to amend.

### 5. Plaintiff Has Not Adequately Alleged Intentional or Negligent Infliction of Emotional Distress.

Plaintiff has failed to allege conduct or emotional distress sufficient to state a claim for relief for IIED or NIED. Mot. at 18-21. Even in the Opposition, Plaintiff merely claims that Barresi alleged conduct "***aimed to convey***" that he is capable of violence, "***suggests*** he is a hitman," and "***made references to*** death, suffering, and violence." Opp. at 34:7-9, 34:22-24, 34:26-27 (emphasis added). Plaintiff's paranoia does not turn these allusions and insinuations into outrageous conduct. To the contrary, this alleged behavior cannot possibly be construed as conduct "so extreme to exceed all bounds of that usually tolerated in a civilized society." *Dove v. PNS Stores, Inc.,* 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). The Opposition suggests, without supporting authority, that it would be improper for the Court to rule on the sufficiency of the allegations in the FAC. Opp. at 35:17-21. To the contrary, the claim is ripe for dismissal as the allegations, taken as true, set forth in the 149 page long FAC simply cannot set forth the extreme conduct required to state a claim for IIED or NIED. *See, e.g.*, *Rouse v. Wal-Mart Stores, Inc.*, 297 F. App'x 608, 610 (9th Cir. 2008) (holding IIED claim

properly dismissed "because no allegation in the complaint comes even close to alleging the requisite conduct"); *Logan v. VSI Meter Servs., Inc.*, No. 10CV2478 L WMC, 2012 WL 928400, at *2 (S.D. Cal. Mar. 19, 2012) (claim dismissed where allegations were "conclusory and insufficient to support plaintiff's cause of action for intentional infliction of emotional distress.") The eight and ninth claims for IIED and NIED, respectively, should be dismissed without leave to amend.

### 6. Plaintiff's Invasion of Privacy Claim Should Be Dismissed.

As set forth in the Motion, Plaintiff has no standing to assert a claim for invasion of privacy on behalf of her mother and cannot assert a civil invasion of privacy claim on the facts set forth in the FAC. Mot. at 21:13-19.

The allegations in the FAC are not sufficient to plead a claim for invasion of privacy. Plaintiff alleges, for example, that Barresi "investigated" Plaintiff and was aware of her address. FAC ¶ 591; Opp. at 23:21. Taken as true, these are not the types of intrusions upon privacy that would be "highly offensive to a reasonable person." *Lorenzo v. United States*, 719 F. Supp. 2d 1208, 1215 (S.D. Cal. 2010) (granting motion to dismiss claim for invasion of privacy). Plaintiff has repeatedly held herself out as a public figure, has filed public documents containing her address and contact information, shares details about herself online and has no reasonable expectation of privacy in these matters.

Moreover, Plaintiff cannot assert an invasion of privacy claim based on the invasion of her mother's privacy. The case cited in the Opposition, *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012), does not support Plaintiff's position. In *Marsh*, though the court held that there was a constitutional right of privacy in the images of a parent's dead child, it dealt with a Section 1983 claim, not an invasion of privacy claim. *Id.* Therefore, the court dismissed the claim based on the lack of state

action. *Id.* at 1159-60. Plaintiff's claim for invasion of privacy should likewise be dismissed without leave to amend.

### 7. The FAC Fails to Allege A Claim for Civil Harassment.

Plaintiff's claim for civil harassment fails because Plaintiff has not set forth facts that demonstrate a pattern of harassment that would cause a reasonable person to suffer emotional distress. Mot. at 21:21-27. The FAC does not set forth facts sufficient to state a claim for civil harassment pursuant to Cal. Civ. Code § 527.6(b). Taken as true, none of the allegations establish a pattern of conduct that would "cause a reasonable person to suffer substantial emotional distress." § 527.6(b)(3). In arguing that this claim should succeed, Plaintiff again relies heavily on evidence beyond the four corners of the FAC (including various third party declarations), all of which should be disregarded.[4] *See supra* Part II.A.; Opp. at 30:16-19, 32:4-15, 32:22-33:11. Otherwise, Plaintiff relies on unsupported characterizations of her own allegations. By way of example, the Opposition claims that Barresi "threatened Plaintiff" but supports this argument with the allegation that Barresi stated Plaintiff "HAS EVER BREATHED AIR." Opp. at 31:1-2, 20-22 (citing FAC ¶¶ 174, 375). Such unintelligible claims are not sufficient to plead a claim for civil harassment, and Plaintiff's paranoia and completely *unreasonable* reaction to any act by Barresi (including efforts to defend himself against Plaintiff's smear campaign against him) as disturbing is not the standard for determining whether a civil harassment claim exists. Accordingly, Plaintiff's sixth claim for civil harassment must be dismissed without leave to amend.

---

[4] Among the impermissible evidence attached in support of Plaintiff's claim is a request for a Temporary Restraining Order Plaintiff sought in Hawaii. Opp. at 30:17-19. In that request, Plaintiff lied under penalty of perjury, claiming (in conjunction with other fabricated allegations) that she did not know where Defendant resides, when she is fully aware of his residence in California.

## III. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND.

Courts have the discretion to deny leave to amend after a motion to dismiss, especially where, as here, a complaint has previously been amended and further amendment would be futile. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Plaintiff has made multiple efforts to assert the legally and factually defective claims at issue in hundreds of pages of confusing and speculative allegations. It is apparent that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). Accordingly, Defendant respectfully requests that the Court deny Plaintiff leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, without leave to amend and without prejudice.

Dated: February 7, 2025

        LAVELY & SINGER
        PROFESSIONAL CORPORATION
        MELISSA Y. LERNER
        MEGAN S. MALLONEE

By: /s/Megan S. Mallonee
     MEGAN S. MALLONEE
     Attorneys for Defendant PAUL BARRESI

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

On the date indicated below, I served the foregoing document described as:

**REPLY IN SUPPORT OF DEFENDANT PAUL BARRESI'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6)**

on the interested parties in this action as follows:

| | |
|---|---|
| Christina Taft<br>1700 Ala Moana Blvd., Apt 2301<br>Honolulu, HI 96815<br>Tel:  0623441766<br>Email: ceo.taft@rescue-social.com | Plaintiff in Pro Per |

[X]  **BY ELECTRONIC FILING THROUGH THE COURT'S CM/ECF SYSTEM PURSUANT TO L.R. 5-3.2.**

I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made. Executed February 7, 2025, at Los Angeles, California.

                                          */s/Desiree Skelly*
                                          DESIREE SKELLY