Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

_____

CHRISTINA TAFT

    Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

    Defendants.

_____

Case No.: 5:24-cv-01930-TJH-DTB

[Hon. David T. Bristow, Magistrate Judge]

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANT ADAM R. WALDMAN PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 4(m) AND 6(b)**

*[Filed concurrently in with Memorandum of Points and Authorities, Declaration, and Exhibits, in Support of Extension of Time to Serve and File Proof of Service of Re-Issued Summons and Amended Complaint to Adam Waldman; Certification of Service; [Proposed] Order]*
Date: February 16, 2025
No Hearing Requested

1  <u>**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE**</u>

2  <u>**DEFENDANT ADAM R. WALDMAN PURSUANT TO FEDERAL RULES**</u>

3  <u>**OF CIVIL PROCEDURE 4(m) AND 6(b)**</u>

4  Earnestly appearing pro se, Plaintiff Christina Taft ("Plaintiff") respectfully

5  requests *Extending Time to Serve* Defendant Adam R. Waldman ("Defendant") and

6  *to re-issue summons* pursuant to Federal Rules of Civil Procedure 4(m) and 6(b).

7  This application is supported currently by a Memorandum of Points and Authorities,

8  Declaration, and Proposed Order demonstrating *Good Cause and excusable neglect*.

9  An extension is needed due to misrepresentations regarding Defendant

10  Waldman's whereabouts, persistent evasion of service, and ongoing harassment by

11  Co-Defendant Paul Barresi, which has materially impeded Plaintiff's ability to

12  effectuate service. *Seven witnesses* support that co-defendants continue ongoing

13  harm, with additionally four other witnesses waiting to declare related to

14  "Hollywood Fixing" injuries. Plaintiff was originally informed that Defendant

15  Waldman was in District of Columbia, as he resided for decades, then was informed

16  he moved to Canada from the new home owner, Jennifer Fritz, in server Adam Rast's

17  sworn declaration. Waldman's family resides mainly in the Northeast. Plaintiff

18  requests an extension of time with Good Cause upon new discovery by a licensed

19  private investigator that Waldman registered cars in Palm Beach, and may rent there.

20  **A. Continuing Efforts to Serve Adam Waldman:**

21  Plaintiff has made diligent attempts to inform Defendant Waldman of this

22  legal action and application, which includes utilizing We Serve Law LLC to attempt

23  serving at known addresses, and a honest process server, Philip Hamilton, conveying

24  in phone, text, voicemail, and email correspondence to Waldman, his family, and his

25  known legal representatives, Stephen Braga and Ben Chew. The process server and

26  Taft as Pro Se offered to meet normally at a coffee shop or another location.

27  Defendant has not accepted service or responded to inquiries, despite these efforts,

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF
TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 4(m) AND 6(b)

and has continued to evade formal service. In light of these circumstances, it is not feasible to provide additional notice of this application to extend time.

## I.INTRODUCTION

This Ex Parte Application for an extension of time to serve Defendant Adam R. Waldman, and if he will accept service normally in the United States after moving out of the District of Columbia and the Northeast, is predicated upon a comprehensive analysis of applicable federal procedural rules, constitutional principles, hardships seen by Plaintiff and involved parties, and established legal precedents. Considering the historical to modern dilemma of obstructing justice "Hollywood Fixers" and multiple witnesses/victims prevented resolution or relief, including for Plaintiff, this collectively and concurrently substantiates Good Cause and excusable neglect under the Federal Rules of Civil Procedure 4(m) and 6(b).

## I.    FACTUAL BACKGROUND AND PROCEDURAL TIMELINE

**Reliance on Servers About Canada, Northeast**: Co-Defendant Adam R. Waldman resided in Washington DC for over two decades and his immediate family resides in the Northeast states (District of Columbia, Maryland, Rhode Island, and Massachusetts). Upon information, Plaintiff understood that Defendant Waldman may be in Canada as in declaration, or the Northeast. The sworn Declaration of the process server, Adam Rast, indicated from a new home owner that Adam Waldman moved to Norfolk, Canada (Exhibit 1). According to Federal Civil Procedure Rules, foreign service is not subject to the time limitation of 4(m).

**Seven Witnesses and Victims About Hindered Process**: Seven witnesses and victims have come forward, with five declaring, that obstruction, witness intimidation, and harassment is ongoing from Co-Defendant Paul Barresi, which significantly hinders Plaintiff's ability to process serve and have normal court processes (Exhibits 27-31). A restraining order was granted protecting Plaintiff.

**Server in Los Angeles Showed Washington DC as Current for Adam Waldman:** Plaintiff's first process serving company in Los Angeles, headed by TJ Lewis, pulled a comprehensive check that stated that Waldman still resided in District of Columbia, and had no other current address for residency (Exhibit 23).

**LA Server Previously Served Restraining Order Protecting Witness Seeing Assault of Model by Johnny Depp, Police Report/FBI, and Co-Defendant Barresi Texting Waldman**: This process serving company of TJ Lewis's, with William Sera, a former LAPD officer, served a restraining order in 2022 by a witness/victim onto Defendant Barresi (Albertini v Barresi) that stated Barresi is "working for Johnny Depp" and in exhibits, that Albertini was "one of the first that [Barresi] interviewed," excluding that Albertini witnessed Depp assault a model named Stacy Lee Lopez in the Viper Room with a cigarette burn and hair pulled back. In exhibits of the police report forwarded to the FBI, Plaintiff appeared (Exhibit 7). The answer by Co-Defendant Barresi to the restraining order, included an exhibit of text records where Barresi texted Adam Waldman's Washington DC phone number, and it's reasonable to believe that Co-Defendant Barresi has told Waldman to evade service (Exhibit 8).

**Declaration From Adam Rast and Fritz Asserting Waldman Moved to Canada**: William Sera, a former LAPD officer, was the process server then, and who served the Original action in this action by Plaintiff. Adam Rast, who did a "Declaration of Diligence" and was told by a new resident of Waldman's DC residence on Tilden St that Adam Waldman moved to Norfolk, Canada (Exhibit 1) was contracted under Lewis's Los Angeles company (Exhibit 20).

**Co-Defendant Barresi Harassed LA Server to Discontinue Service**: Unfortunately, Co-Defendant Barresi harassed this process server to not assist Taft, and the server discontinued service (Exhibit 21). Although Taft received a document of the Deed transfer of the DC house (Exhibit 2), she had no

communication with Rast outside of Lewis's company and his Declaration. Any normal process was again interrupted.

**Washington Post Serve by Publication Attempt**: Plaintiff attempted to notify Co-Defendant Adam Waldman in the Washington Post, a newspaper seen in the Northeast region. The Declaration by Rast was Noted by the judge in denial of service of publication in the Washington Post (Exhibit 26). Taft noted the inquiry permitted in this order, that included honest inquiry of relatives and associates of the Defendant (Docket 8).

**We Serve Law LLC Shows DC Current for Adam Waldman and Northeast for Waldman, Family of Waldman**: We Serve Law LLC also showed DC as Waldman's current address (Exhibit 24).

Considering the proximity, Taft relied on the fact that Waldman's immediate family resided in Northeastern states, upon request of We Serve Law LLC.

Plaintiff requested numerous serves and inquires at these current addresses, with no appearance of Waldman at these addresses (Exhibits 10-15).

**Witness Tampering by Co-Defendants, Testimony**: Taft previously was informed by federal informant Neal Rauhauser that he was called by the Federal Bureau of Investigation twice in 2022 after a police report listed Barresi and Depp as suspects (Exhibits 9, 7). The witness did a report to the police during the trial about death threats, that he would testify for Amber Heard, and after receiving documentation from Taft of Barresi silencing him with Waldman in an email, finally spoke against Johnny Depp to the police. Co-Defendant Barresi exhibited the police report forwarded to the FBI in his answer to that restraining order.

**Experts, FBI**: Due to harassment, reports forwarded to the FBI and experts considering caution, Taft had reason to believe it was possible that Defendant Waldman re-located to Canada, in order to evade or malign authorities. There has been no normalcy or clarity of communication throughout the years, nor normalcy as seen by some process servers to meet with respondents, with regular attention.

**Continuing Coercion by Co-Defendant and "Fixing" Harming Process**: Meanwhile, the background aligns that Defendant Barresi continued to intimidate, harass, invade the privacy of, and coerce witnesses, legal support, private investigators, and strong arm in order to disturb Plaintiff's ability to fairly litigate to keep this case. A preliminary injunction motion with an objection and an updated reply containing 7 witnesses coming forward, and a granted restraining order demonstrate Defendant Barresi's continual 'fixing' to prevent testimony, declarations, due process and equal protection, all to benefit his co-defendants and preferred principal (Exhibits 27-31). Continually, Barresi demanded attention to him and his intimidation, as he had done over the past years, in order to prevent any resolution or stop of any of this frightening activity.

Concurrently during a granted restraining order and multiple preliminary witnesses declaring, with no ability after going onto the record for them to be strong armed against their declarations, Plaintiff found more reliable process servers. Taft had learned that servers can have respondents meet for coffee.

**Honest Process Server Hamilton Reaches Waldman, Family, Associates**: An honest process server, Philip Hamilton of Hamilton Legal Services reached out to Defendant Adam Waldman, his family (Paul, Tomar, Sienna, Matthrew, and Lucas) over the phone, and to friends and attorneys of Waldman, Stephen Braga and Benjamin Chew, to see if Waldman would voluntarily accept service. Pro Se, Taft requested a normal response to see if Adam would meet at a coffee shop with the process server or another location in the Northeast states (Exhibits 4-6, 17-19).

**New Licensed PI Finds Update to Florida:** A licensed PI of Desert Eagle Investigations pulled another comprehensive report, and discovered the current residency now states West Palm Beach Florida for Adam Waldman, and concurrently, car registrations (a 2022 BMW) and voter registration match this address (Exhibit 25). Other cars of Waldman, including a Porsche, showed in DC.

Plaintiff has reason to believe that Adam Waldman is now residing in West Palm Beach, Florida, and requests an extension of time to process serve him, showing good cause and excusable neglect as a pro se litigant due to circumstances.

**Request to Extend Reliable Process Service**: Plaintiff requests permission to serve Adam Waldman with an extension of time in Palm Beach, and to attempt service of process in the state of Florida, and/or find the whereabouts of Waldman, if he will accept service, communicate, and/or meet a server.

## II.    <u>LEGAL BASIS TO EXTEND TIME FOR PROCESS SERVICE</u>

Plaintiff seeks an extension on the basis of the following grounds: a) **Due Diligence in Service Attempts**: Plaintiff has implemented numerous investigative measures, direct inquiries, and professional process servers to serve the Defendant; however, his ongoing evasion has impeded these endeavors. The process servers documented numerous attempts at various known addresses, including efforts to call, text, and email family, friends, and lawyers of Adam Waldman.

b) **Good Cause under FRCP 4(m):** Plaintiff's reasonable diligence was impeded by the Defendant's active evasion and misrepresentation regarding his location, which resulted in good cause under FRCP 4(m). The process server detected an address that was reported in District of Columbia as current that had been sold to the Fritzs, necessitating further investigative measures. Rule 4(m) states that it is inapplicable to service in a foreign country, e.g., Canada, as declared by Adam Rast and Fritz. Moreover, new process servers inquired further and still faced setbacks.

c) **Interference Causing Excusable Neglect**: Plaintiff, a pro se litigant, has been substantially impacted by interference, including harassment and intimidation, by Co-Defendant Barresi, as demonstrated by restraining orders. This is considered Excusable Neglect under FRCP 6(b). Barresi initiated direct contact with potential witnesses and associates in an effort to discourage them from providing testimony.

d) **Co-Defendant Barresi's Procedural Obstacles**: The substantial and ongoing interference by Co-Defendant Barresi, which is intended to disrupt Plaintiff's legal consultations, witness testimonies, and procedural compliance efforts, is a substantial procedural barrier. This further establishes a cogent justification for judicial discretion in granting an extension under FRCP 6(b) in light of the documented instances of harassment and intimidation, as supported by judicial restraining orders, and the docket history in this case with declarations of ongoing activity to obstruct, as well as previous background (Exhibits 27-31).

e) **Multiple process servers align with inquiry for Judge Bristow (Exhibit 26)**: 87 Cal.App.3d at 333, "[a] number of <u>honest</u> attempts to learn defendant's whereabouts . . . by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office . . . are generally sufficient." Kott v. Superior Ct., 45 Cal.App.4th 1126, 1137 (1996) The first process service declaration showed that Waldman transferred/sold his known property in Washington DC and alleged Canada outside the Northeast states.

f) **Adherence to State and Federal Procedural Norms:** Consideration of California Code of Civil Procedure § 583.210, which mandates service within three years while recognizing exceptions for circumstances, and California Code of Civil Procedure § 1013, which allows extensions where procedural obstacles necessitate leniency, particularly where the Defendant's evasion has obstructed lawful service efforts. Defendant moved away from family in the Northeast, which is significant.

g) **Judicial Efficiency:** The grant of this extension will prevent piecemeal litigation, thereby ensuring that the case proceeds on the merits rather than being incomplete from formalities. The Plaintiff, without co-defendant, would be required to resubmit the case, which would result in unnecessarily high costs and delays.

h) **Due Process Considerations**: A reasonable extension guarantees that Defendant Waldman receives appropriate legal notice, in accordance with the Fourteenth

Amendment. The necessity for extended service time is further underscored by Waldman's evasion tactics. Recently Plaintiff was informed Waldman may be in Florida by new licensed private investigator and helped by honest, normal serving.

i) **Public Policy and Access to Justice:** The Plaintiff, a pro se litigant, encounters exceptional obstacles that necessitate procedural leniency to guarantee a fair opportunity to litigate. Courts should guarantee equitable access to judicial remedies in light of the evidence of premeditated obstruction and evasion.

## III.    RELIEF REQUESTED WITH GOOD CAUSE

Plaintiff Christina Taft respectfully requests that this Court grant the following relief for the aforementioned reasons:

1) An additional 30 to 90 days to serve Defendant Adam R. Waldman in accordance with FRCP 4(m) and 6(b), and the ability to do all legal service types with validity.

2) Re-issue summons by the clerk of the court for reliable process servers.

3) If conventional service of Waldman in the United States or in Florida isn't amenable, or meeting with a server for any normalcy, even for coffee, despite his co-defendant's deliberate interference in this process that appears by his approval, then (b) serve permitted through substitute service, mail to a valid address upon extension, and/or last resort for publication in a newspaper with legal notice.

4) A judicial determination of good cause and excusable dereliction under FRCP 6(b) due to the Plaintiff's diligence, a significant regional move out of the Northeast without updating addresses for lookups, and the Defendant's evasion. Reliance was due to mistake, interrupted process, and actions by Defendants.

5) Recognition of procedural interference by Co-Defendant Barresi, causing impugnment *of witnesses/victims and hindering assistance*, with atrocious willful obstruction this process, and preventing fair adjudication to find relief.

6) Co-Defendant Paul Barresi likely told Defendant Adam Waldman to evade and not accept service, as well as to refuse normalcy or relief, to continue this atrocious suppression, as an additional factor that justifies an extension.

7) Any additional relief that this Honorable Court deems just and appropriate in the interest of procedural justice.

**WHEREFORE,** based on the points set forth in this Application, accompanying Memorandum, Declaration, and Exhibits including affidavits made in good faith, concurrently demonstrating good cause, Plaintiff respectfully requests that this Honorable Court grant permission to *extend service* of process. Service will be extended, instead of Canada and the Northeast, to Florida, upon approval of this application, with assistance of reliable, honest process servers.

An extension is aligned with legal standards, facts shown in the timeline and declarations by witnesses, with ongoing activity that hinders processes, an extension of time is aimed at securing a fair and just resolution within judicial discretion, ensuring a complete and fair presentation of the issues before the Court.

Therefore, *with Good Cause shown*, Taft requests that this Court allow *Extension of Time for Service and re-issued summons* of Co-Defendant Adam Waldman, with new process servers in the interest of justice and understanding circumstances that caused delay.

Dated this 16th day of February, 2025.

By: *Christina Taft*

*CHRISTINA TAFT*
*Plaintiff in Pro Se*

1

## **Verification Of Oath**

2   I certify that the information herein is true and correct to the best of my knowledge

3   and belief. This attestation is made under oath under the laws of the United States.

4

5   Dated: February 16, 2025

6   By:

7   CHRISTINA TAFT

8   Plaintiff in Pro Per

9   United States

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF
TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 4(m) AND 6(b)

## CERTIFICATE OF SERVICE

CHRISTINA TAFT v. PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive.

5:24-cv-01930-TJH-DTB

I, the undersigned, certify and declare that I am at least 18 years of age. I am a resident of the United States.

On February 16th, 2025, I served a true copy of filings:

**(1) EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANT ADAM R. WALDMAN PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 4(m) AND 6(b); (2) MEMORANDUM OF POINTS & AUTHORITIES FOR EXTENSION; (3) DECLARATION IN SUPPORT OF EXTENSION; (4) EXHIBITS IN SUPPORT OF EXTENSION FOR SERVICE ON CO-DEFENDANT ADAM WALDMAN;**

__X__ (By Electronic Transmission) I caused the document(s) described herein to be electronically transmitted and served via the Pacer system. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E)

__X__ (By Delivery) I caused the document(s) described herein to be delivered to the person(s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

| | |
|---|---|
| 1. MELISSA Y. LERNER<br>2. MEGAN S. MALLONEE<br>LAVELY & SINGER PROFESSIONAL CORPORATION<br>ATTORNEYS AT LAW<br>2049 CENTURY PARK EAST, SUITE 2400<br>LOS ANGELES, CALIFORNIA 90067-2906 | *Attorneys for Defendants,*<br>PAUL BARRESI, ADAM R WALDMAN |

I declare under oath and penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in the United States on **February 16, 2025**.

_____.
**Christina Taft**
**Plaintiff in Pro Per**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 4(m) AND 6(b)