Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

---

CHRISTINA TAFT

     Plaintiff,

vs.

PAUL BARRESI, ADAM R
WALDMAN, and DOES 1-10,
inclusive,

     Defendants.

---

Case No.: 5:24-cv-01930-TJH-DTB

[Hon. David T. Bristow, Magistrate
Judge]

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF EX
PARTE APPLICATION FOR
EXTENSION OF TIME TO SERVE
DEFENDANT ADAM WALDMAN
PURSUANT TO FRCP 4(m) AND
6(b)**

*[Filed concurrently with Application,
Declaration, and Exhibits in Support of
Extension of Time; [Proposed] Order]*

Date: February 16, 2025
No Hearing Requested

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF
TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 4(m) AND 6(b)

1

**Table Of Contents**

I.    INTRODUCTION .................................................................. 6
      A. LEGAL STANDARDS……………………………………………........6-7

II.   FACTUAL AND PROCEDURAL BACKGROUND.................................... 7

      Reliance on Servers About Canada, Northeast ...................................... 7

      Seven Witnesses and Victims About Hindered Process ........................... 7

      Server in Los Angeles Showed Washington DC as Current for Adam Waldman ................. 8

      LA Server Previously Served Restraining Order Protecting Witness Seeing Assault of
      Model by Johnny Depp, Police Report/FBI, and Co-Defendant Barresi Texting Waldman.. 8

      Declaration From Adam Rast and Fritz Asserting Waldman Moved to Canada................... 8

      Co-Defendant Barresi Harassed LA Server to Discontinue Service ...................................... 8

      Washington Post Serve by Publication Attempt ....................................... 9

      We Serve Law LLC Shows DC Current for Adam Waldman and Northeast for Waldman,
      Family of Waldman ..................................................................................... 9

      Witness Tampering by Co-Defendants, Testimony .................................. 9

      Experts, FBI .............................................................................................. 9

      Continuing Coercion by Co-Defendant and "Fixing" Harming Process ............................. 10

      Honest Process Server Hamilton Reaches Waldman, Family, Associates .......................... 10

      New Licensed PI Finds Update to Florida.......................................... 10

      Request to Extend Reliable Process Service ....................................... 11

      III. ARGUMENT:........................................................................ 7

      1.    Statutory Basis for Extension Under FRCP 4(m) for Adam Waldman ...................... 11

      2.    Establishment of Excusable Neglect in Accordance with FRCP 6(b), Including
            Obstruction and Interference of Process ...................................... 12

      3.    Continued Diligence and Persistent Attempts to Serve Adam Waldman................... 13

      4.    Procedural Impediments Imposed by Co-Defendant Paul Barresi .............................. 13

      5.    Advancement of Judicial Economy ...................................... 13

      6.    Constitutional Due Process Considerations ....................................... 14

      7.    Compliance with Ex Parte Procedural Requirements .................................... 14

      8.    Public Policy and Access to Justice Considerations .................................... 15

      I.    LEGAL BASIS AND SUPPORTING JURIDICAL CODES .......................................... 15

      1.    Federal Rule of Civil Procedure 4(m) – Extension for Good Cause in Service of
            Process ....................................................................................... 15

      2.    Federal Rule of Civil Procedure 6(b) – Excusable Neglect for Extension of Time ..... 16

3.    Jurisprudential Interpretations of 'Good Cause' and 'Excusable Neglect' in Ninth Circuit Precedents .................................................................................................. 16

4.    Due Process Clauses of the Fourteenth Amendment – Protection Against Procedural Deprivation ........................................................................................................... 16

5.    California Code of Civil Procedure §§ 583.210 and 1013 – Procedural Extensions for Service of Process ................................................................................................. 17

6.    Equitable Tolling Doctrine – Protection Against Prejudice from Misinformation....... 17

7.    Inherent Judicial Authority to Modify Procedural Timelines to Prevent Injustice....... 17

8.    Legal Precedents Supporting Judicial Flexibility in Extending Service Deadlines...... 18

9.    Compliance with Ex Parte Procedural Requirements – Plaintiff's Notification Efforts 18

10.    Public Policy Considerations – Access to Justice and Prevention of Procedural Dismissals ........................................................................................................... 18

11.    Judicial Discretion in Granting Extensions Based on Case-Specific Considerations 19

12.    State Law Analogue – California Code of Civil Procedure § 412.20(a)(3).............. 19

13.    Federal Judicial Doctrine of Equitable Remedies.................................................... 19

14.    California Code of Civil Procedure § 473(b) – Relief from Mistake, Inadvertence, Surprise, or Excusable Neglect ............................................................................ 19

16.    California Code of Civil Procedure § 474 – Use of Fictitious Names Where Defendant's Identity or Location is Unclear ........................................................... 20

17.    Federal Rule of Civil Procedure 20(a) – Permissive Joinder of Parties .................. 20

18.    United States Constitution, Article III – Judicial Power and Discretion Over Procedural Timelines ........................................................................................... 20

19.    California Evidence Code § 647 – Presumption of Receipt of Service ................... 21

20.    California Code of Civil Procedure § 2016.040 – Obligation to Meet and Confer Before Seeking Court Relief ................................................................................. 21

II.    ARGUMENTS FOR EX PARTE EXTENSION ............................................................ 22

1.    Doctrine of Laches and Prevention of Procedural Prejudice ......................... 22

2.    Principle of Procedural Equity in Ex Parte Proceedings ............................... 22

3.    Interplay Between Federal and State Procedural Service Norms .................. 22

4.    Ex Parte Relief as a Mechanism for Uniform Judicial Administration ................... 22

5.    Jurisprudential Precedents Supporting Ex Parte Extensions ......................... 23

6.    Impact of Technological and Practical Barriers to Service .......................... 23

7.    Statutory Interpretations Favoring Access to Justice in Ex Parte Proceedings ........... 23

8.    Judicial Flexibility in Amending Procedural Timelines .............................. 23

9.    Necessity of Ex Parte Relief Due to Defendant's Evasion and Lack of Response to Service Inquiries .............................................................................. 24

1

PRAYER FOR JUDICIAL RELIEF ........................................................................ 24

    1.    Grant an Extension of Time and Area for Service ..................................... 24

    2.    Recognition of Good Cause and Excusable Neglect ................................. 25

    3.    Equitable Relief Ensuring Due Process .................................................... 25

    4.    Adherence to State and Federal Procedural Norms ................................... 25

    5.    Compliance with Ex Parte Procedural Requirements ................................ 25

    6.    Further Relief as Deemed Just and Proper ................................................ 26

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 4(m) AND 6(b)

**Table of Authorities and Statutes**

Cases:

1. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984)………...14
2. *Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000)………..7, 12
3. *Del Raine v. Williford*, 32 F.3d 1024 (7th Cir. 1994)………………………7
4. *Efaw v. Williams*, 473 F.3d 1038 (9th Cir. 2007)………………………7, 11
5. *Henderson v. United States*, 517 U.S. 654 (1996)……………………13, 15
6. *Jones v. Flowers*, 547 U.S. 220 (2006)……………………………...12, 14
7. *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009)…………………..5
8. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993)……………………………………………………..12
9. *Sheehan*, 253 F.3d 507 (9th Cir. 2001)………………………………7, 13
10. *Tolliver v. Northrop Grumman Corp.*, 786 F.2d 316 (7th Cir. 1986)……...11
11. *United States v. Manning*, 526 F.3d 611 (9th Cir. 2008)……………………7

Statutes:

1. Federal Civil Procedure Rules
   a. Federal Rule of Civil Procedure 4(m) – Extension for Good Cause in Service of Process
   b. Federal Rule of Civil Procedure 6(b) – Excusable Neglect for Extension of Time
   c. Federal Rule of Civil Procedure 20(a) – Permissive Joinder of Parties
2. California Code of Civil Procedure
   a. California Code of Civil Procedure §§ 583.210 and 1013 – Procedural Extensions for Service of Process
   b. State Law Analogue – California Code of Civil Procedure § 412.20(a)(3)
   c. California Code of Civil Procedure § 473(b) – Relief from Mistake, Inadvertence, Surprise, or Excusable Neglect
   d. California Evidence Code § 647 – Presuming Receipt of Service
   e. California Code of Civil Procedure § 2016.040 – Obligation to Meet and Confer Before Seeking Court Relief
3. California Evidence Code
4. United States Constitution
   a. Due Process Clauses of the Fourteenth Amendment – Protection Against Procedural Deprivation
   b. United States Constitution, Article III – Judicial Power and Discretion Over Procedural Timelines

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EXTENSION OF TIME TO SERVE DEFENDANT ADAM WALDMAN PURSUANT TO FRCP 4(m) AND 6(b)

### I.    INTRODUCTION

RESPECTFULLY, having Good Cause and experiencing ongoing obstructions from a co-Defendant, appearing pro se, Plaintiff Christina Taft ("Plaintiff") hereby applies to this Honorable Court ex parte for an order granting an <u>extension of time</u> to serve Defendant Adam R. Waldman pursuant to Federal Rules of Civil Procedure 4(m) and 6(b), accompanying new process servers. *An updated summons,* with updated information after relocation of Waldman out of the Northeast, is requested from the clerk of the court for the Amended Complaint.

The Application is supported by the accompanying Memorandum of Points and Authorities, Declaration, and Proposed Order, which establish good cause and excusable neglect in light of misinformation regarding Defendant's whereabouts and the ongoing interference, intimidation, and harassment by co-defendant Paul Barresi, with 7 preliminary witnesses coming forward to support injunctions and writs of protection, materially impeding Plaintiff's ability to effectuate service.

Plaintiff relied on process servers, Adam Rast and We Serve Law LLC that gave reason to believe Defendant Waldman was in Canada or the Northeast, near his family, with the Washington DC address still showing as current, not Florida. Given the obstruction and misleading information encountered thus far, Plaintiff requests expedited relief to prevent further procedural delays.

### A. LEGAL STANDARDS

Good cause exists for an extension where a plaintiff demonstrates diligent efforts to serve and encounters circumstances beyond their control, *Lemoge v. United States, 587 F.3d 1188 (9th Cir. 2009)* (Recognized that errors by process

servers, can establish good cause). *Efaw v. Williams, 473 F.3d 1038 (9th Cir. 2007),* held that courts have broad discretion in granting extensions for service, particularly where a defendant has evaded service or changed locations in a manner that impedes timely service. "Good cause" under FRCP 4(m) exists when a plaintiff has made reasonable, diligent efforts to serve the defendant but was unable to do so for reasons beyond their control, as clarified in *Sheehan, 253 F.3d 507 (9th Cir. 2001).* Defendants who relocate or fail to update their addresses may justify extensions of time for service, particularly if a plaintiff has exercised due diligence, as recognized in *United States v. Manning, 526 F.3d 611 (9th Cir. 2008). Bateman v. U.S. Postal Service, 231 F.3d 1220 (9th Cir. 2000),* confirmed that external factors, such as harassment and intimidation faced by a party, can justify excusable neglect when requesting an extension of a procedural deadline. *Del Raine v. Williford, 32 F.3d 1024 (7th Cir. 1994),* held that when a defendant's location is uncertain due to relocation or refusal to disclose their address, courts should extend service deadlines.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

**Reliance on Servers About Canada, Northeast**: Co-Defendant Adam R. Waldman resided in Washington DC for over two decades and his immediate family resides in the Northeast states (District of Columbia, Maryland, Rhode Island, and Massachusetts). Upon information, Plaintiff understood that Defendant Waldman may be in Canada as in declaration, or the Northeast. The sworn Declaration of the process server, Adam Rast, indicated from a new home owner that Adam Waldman moved to Norfolk, Canada (Exhibit 1). According to Federal Civil Procedure Rules, foreign service is not subject to the time limitation of 4(m).

**Seven Witnesses and Victims About Hindered Process**: Seven witnesses and victims have come forward, with five declaring, that obstruction, witness

intimidation, and harassment is ongoing from Co-Defendant Paul Barresi, which significantly hinders Plaintiff's ability to process serve and have normal court processes (Exhibits 27-31). A restraining order was granted protecting Plaintiff.

**Server in Los Angeles Showed Washington DC as Current for Adam Waldman:** Plaintiff's first process serving company in Los Angeles, headed by TJ Lewis, pulled a comprehensive check that stated that Waldman still resided in District of Columbia, and had no other current address for residency (Exhibit 23).

**LA Server Previously Served Restraining Order Protecting Witness Seeing Assault of Model by Johnny Depp, Police Report/FBI, and Co-Defendant Barresi Texting Waldman**: This process serving company of TJ Lewis's, with William Sera, a former LAPD officer, served a restraining order in 2022 by a witness/victim onto Defendant Barresi (Albertini v Barresi) that stated Barresi is "working for Johnny Depp" and in exhibits, that Albertini was "one of the first that [Barresi] interviewed," excluding that Albertini witnessed Depp assault a model named Stacy Lee Lopez in the Viper Room with a cigarette burn and hair pulled back. In exhibits of the police report forwarded to the FBI, Plaintiff appeared (Exhibit 7). The answer by Co-Defendant Barresi to the restraining order, included an exhibit of text records where Barresi texted Adam Waldman's Washington DC phone number, and it's reasonable to believe that Co-Defendant Barresi has told Waldman to evade service (Exhibit 8).

**Declaration From Adam Rast and Fritz Asserting Waldman Moved to Canada**: William Sera, a former LAPD officer, was the process server then, and who served the Original action in this action by Plaintiff. Adam Rast, who did a "Declaration of Diligence" and was told by a new resident of Waldman's DC residence on Tilden St that Adam Waldman moved to Norfolk, Canada (Exhibit 1) was contracted under Lewis's Los Angeles company (Exhibit 20).

**Co-Defendant Barresi Harassed LA Server to Discontinue Service**: Unfortunately, Co-Defendant Barresi harassed this process server to not assist Taft,

and the server discontinued service (Exhibit 21). Although Taft received a document of the Deed transfer of the DC house (Exhibit 2), she had no communication with Rast outside of Lewis's company and his Declaration. Any normal process was again interrupted.

**Washington Post Serve by Publication Attempt**: Plaintiff attempted to notify Co-Defendant Adam Waldman in the Washington Post, a newspaper seen in the Northeast region. The Declaration by Rast was Noted by the judge in denial of service of publication in the Washington Post (Exhibit 26). Taft noted the inquiry permitted in this order, that included honest inquiry of relatives and associates of the Defendant (Docket 8).

**We Serve Law LLC Shows DC Current for Adam Waldman and Northeast for Waldman, Family of Waldman**: We Serve Law LLC also showed DC as Waldman's current address (Exhibit 24).

Considering the proximity, Taft relied on the fact that Waldman's immediate family resided in Northeastern states, upon request of We Serve Law LLC.

Plaintiff requested numerous serves and inquires at these current addresses, with no appearance of Waldman at these addresses (Exhibits 10-15).

**Witness Tampering by Co-Defendants, Testimony**: Taft previously was informed by federal informant Neal Rauhauser that he was called by the Federal Bureau of Investigation twice in 2022 after a police report listed Barresi and Depp as suspects (Exhibits 9, 7). The witness did a report to the police during the trial about death threats, that he would testify for Amber Heard, and after receiving documentation from Taft of Barresi silencing him with Waldman in an email, finally spoke against Johnny Depp to the police. Co-Defendant Barresi exhibited the police report forwarded to the FBI in his answer to that restraining order.

**Experts, FBI**: Due to harassment, reports forwarded to the FBI and experts considering caution, Taft had reason to believe it was possible that Defendant Waldman re-located to Canada, in order to evade or malign authorities. There has

1    been no normalcy or clarity of communication throughout the years, nor normalcy
2    as seen by some process servers to meet with respondents, with regular attention.

3    **Continuing Coercion by Co-Defendant and "Fixing" Harming Process**:
4    Meanwhile, the background aligns that Defendant Barresi continued to intimidate,
5    harass, invade the privacy of, and coerce witnesses, legal support, private
6    investigators, and strong arm in order to disturb Plaintiff's ability to fairly litigate
7    to keep this case. A preliminary injunction motion with an objection and an
8    updated reply containing 7 witnesses coming forward, and a granted restraining
9    order demonstrate Defendant Barresi's continual 'fixing' to prevent testimony,
10   declarations, due process and equal protection, all to benefit his co-defendants and
11   preferred principal (Exhibits 27-31). Continually, Barresi demanded attention to
12   him and his intimidation, as he had done over the past years, in order to prevent
13   any resolution or stop of any of this frightening activity.

14   Concurrently during a granted restraining order and multiple preliminary
15   witnesses declaring, with no ability after going onto the record for them to be
16   strong armed against their declarations, Plaintiff found more reliable process
17   servers. Taft had learned that servers can have respondents meet for coffee.

18   **Honest Process Server Hamilton Reaches Waldman, Family, Associates**:
19   An honest process server, Philip Hamilton of Hamilton Legal Services reached out
20   to Defendant Adam Waldman, his family (Paul, Tomar, Sienna, Matthrew, and
21   Lucas) over the phone, and to friends and attorneys of Waldman, Stephen Braga
22   and Benjamin Chew, to see if Waldman would voluntarily accept service. Pro Se,
23   Taft requested a normal response to see if Adam would meet at a coffee shop with
24   the process server or another location in the Northeast states (Exhibits 4-6, 17-19).

25   **New Licensed PI Finds Update to Florida:** A licensed PI of Desert Eagle
26   Investigations pulled another comprehensive report, and discovered the current
27   residency now states West Palm Beach Florida for Adam Waldman, and

28

concurrently, car registrations (a 2022 BMW) and voter registration match this address (Exhibit 25). Other cars of Waldman, including a Porsche, showed in DC.

Plaintiff has reason to believe that Adam Waldman is now residing in West Palm Beach, Florida, and requests an extension of time to process serve him, showing good cause and excusable neglect as a pro se litigant due to circumstances.

**Request to Extend Reliable Process Service**: Plaintiff requests permission to serve Adam Waldman with an extension of time in Palm Beach, and to attempt service of process in the state of Florida, and/or find the whereabouts of Waldman, if he will accept service, communicate, and/or meet a server.

## III. ARGUMENT:

This Ex Parte Application for an extension of time to serve Defendant Adam R. Waldman is predicated upon a comprehensive analysis of applicable federal procedural rules, constitutional principles, and established legal precedents, which collectively substantiate the claims of good cause and excusable neglect under the Federal Rules of Civil Procedure:

1. **Statutory Basis for Extension Under FRCP 4(m) for Adam Waldman**: Plaintiff encountered substantial misinformation regarding Defendant's domicile, initially misrepresented by procedural agents as being located in Canada, which directly contravened factual circumstances, thereby hindering Plaintiff's ability to effectuate timely service. This situation squarely falls under FRCP 4(m), which permits an extension when the plaintiff demonstrates reasonable diligence yet is unable to complete service within the prescribed period due to external impediments. As per *Efaw v. Williams, 473 F.3d 1038 (9th Cir. 2007),* courts have the discretion to grant service extensions, particularly in cases where a defendant evades service. Moreover, in *Tolliver v. Northrop Grumman Corp., 786 F.2d 316 (7th Cir. 1986)*, the

court recognized that misinformation regarding a defendant's location, which leads to unsuccessful service attempts, is a valid reason to extend service deadlines. The above-mentioned precedents demonstrate the need in granting the extension when a plaintiff's capacity to adhere to procedural rules is impeded by inaccurate information regarding the defendant's location.

2. **Establishment of Excusable Neglect in Accordance with FRCP 6(b), Including Obstruction and Interference of Process**: Plaintiff's status as a pro se litigant has been significantly compromised by ongoing harassment and legal intimidation from co-defendant Barresi, which has included multiple judicial interventions through restraining orders. This continuous pattern of interference and procedural obstruction substantiates a claim of excusable neglect under FRCP 6(b), as these factors have materially impeded Plaintiff's ability to serve Defendant Waldman within the prescribed timeframe. The standard for excusable neglect is established by the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993).* This standard takes into account a variety of factors, including the length and impact of the delay, the reason for the delay, the movant's good faith, and the prejudice to the non-moving party. It is argued that Plaintiff has encountered persistent external impediments, that are beyond her control. Furthermore, *Bateman v. U.S. Postal Service, 231 F.3d 1220 (9th Cir. 2000)* demonstrates that courts may determine excusable dereliction when harassment and intimidation significantly impede a litigant's capacity to adhere to procedural deadlines. In this instance, Plaintiff's service efforts have been significantly impeded by the ongoing harassment and intimidation of Defendant Barresi, necessitating an extension. Most importantly, the necessity for this Court to grant an extension in order to safeguard Plaintiff's right to due process as per *Jones v. Flowers, 547 U.S. 220*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 4(m) AND 6(b)

*(2006)* is underscored by the continued evasion of Defendant Waldman, which is further exacerbated by the interference of co-defendant Barresi.

3. **Continued Diligence and Persistent Attempts to Serve Adam Waldman**: In compliance with FRCP 4(m), Plaintiff has exhaustively employed multiple investigatory and procedural methodologies in an effort to locate and serve Defendant Waldman. These persistent service attempts—including the engagement of professional process servers, legal notices, and inquiries directed at Defendant's known associates demonstrate due diligence and a good faith effort to comply with service requirements under prevailing legal standards. As per *Sheehan, 253 F.3d 507 (9th Cir. 2001),* a plaintiff is entitled to an extension of time when, despite exercising reasonable diligence, they are unable to complete service as a result of circumstances beyond their control. This case law substantiates Plaintiff's assertion that an extension under FRCP 4(m) is warranted due to the Defendant's lack of cooperation by providing inaccurate information as to the address and refusing to acknowledge service inquiries.

4. **Procedural Impediments Imposed by Co-Defendant Paul Barresi**: The substantial and ongoing interference by co-defendant Barresi, aimed at disrupting Plaintiff's legal consultations, witness testimonies, and procedural compliance efforts, constitutes a significant procedural barrier. As per *Henderson v. United States, 517 U.S. 654 (1996)* courts should extend procedural deadlines when necessary to promote fairness and adjudication on the merits. Given the documented instances of harassment, as supported by judicial restraining orders, this further establishes a compelling justification for judicial discretion in granting an extension under FRCP 6(b).

5. **Advancement of Judicial Economy**: Granting this extension promotes judicial efficiency by allowing the Plaintiff

to serve and litigate claims against all defendants concurrently, thereby avoiding piecemeal litigation and potential procedural inefficiencies that may arise if claims are dismissed on service technicalities. Courts favor resolution on the merits rather than dismissal on procedural grounds, reinforcing the necessity of this extension. The Supreme Court in *Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984)* established that procedural deadlines should not be used to penalize plaintiffs who have acted diligently but were misled by incorrect information from court officials or process servers. Given the documented attempts to serve Defendant Waldman and the misleading information Plaintiff received, an extension is necessary to prevent justice from being denied as a result of procedural barriers beyond Plaintiff's control.

6. **Constitutional Due Process Considerations**: The extension sought is critical for safeguarding procedural fairness by ensuring Defendant Waldman receives proper legal notice of the pending proceedings. This request aligns with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which mandate that no party may be deprived of their rights without proper legal notice and the opportunity to be heard. As it was reaffirmed in *Jones v. Flowers, 547 U.S. 220 (2006),* due process requires ensuring a defendant receives adequate legal notice before adverse proceedings.

7. **Compliance with Ex Parte Procedural Requirements**:
Plaintiff, in accordance with the procedural directives governing ex parte applications, has made reasonable efforts to notify Defendant Waldman of this request. Plaintiff, through a process server, directly contacted Defendant through phone, text, voicemail, email and also reached out to his known associates, Stephen Braga and Ben Chew, inquiring whether Defendant Waldman would voluntarily accept service. These good faith efforts to

effectuate notice satisfy the procedural requirements of ex parte relief, particularly given that Defendant continues to evade service and is unresponsive to inquiries regarding voluntary acceptance.

8. **Public Policy and Access to Justice Considerations**:

Extending the deadline for service advances fundamental public policy objectives, particularly those ensuring equal access to justice for pro se litigants facing extraordinary procedural barriers. The Court has a vested interest in ensuring that parties are afforded a fair and reasonable opportunity to litigate their claims, particularly where procedural impediments beyond their control have delayed compliance. The case of *Henderson v. United States, 517 U.S. 654 (1996)* underscored the importance of courts resolving cases on their merits rather than dismissing them due to procedural technicalities.

This Ex Parte Application meticulously adheres to pertinent legal standards and procedural jurisprudence, advocating for an equitable resolution that upholds the procedural rights of all parties and preserves the integrity of the judicial process.

## I.    LEGAL BASIS AND SUPPORTING JURIDICAL CODES

1. **Federal Rule of Civil Procedure 4(m) – Extension for Good Cause in Service of Process**

FRCP 4(m) authorizes the court to extend the time for service of process if the plaintiff demonstrates **good cause** for failing to serve the defendant within the prescribed time limit. The **doctrine of good cause** is broad, encompassing **unforeseeable obstacles**, including misinformation regarding a defendant's whereabouts or evasion of service. Judicial discretion in extending statutory deadlines is particularly critical in cases

where defendants evade service or where external interferences impede the plaintiff's service efforts.

2. **Federal Rule of Civil Procedure 6(b) – Excusable Neglect for Extension of Time**

Under FRCP 6(b), a court may grant an extension of time where failure to act within the prescribed period results from excusable neglect. This includes unavoidable delays, reliance on incorrect professional information, or procedural misunderstandings—factors that are particularly significant for pro se litigants who lack formal legal training. Plaintiff's reliance on a process server's declaration indicating that Defendant Waldman relocated to Canada constitutes a valid basis for excusable neglect, justifying an extension under FRCP 6(b)(1)(A).

3. **Jurisprudential Interpretations of 'Good Cause' and 'Excusable Neglect' in Ninth Circuit Precedents**

The Ninth Circuit Court of Appeals has recognized that external factors, including third-party interference, erroneous service information, and procedural obstructions, may justify extensions under FRCP 4(m) and 6(b). The court's discretion to extend procedural deadlines has been upheld in cases where plaintiffs demonstrated due diligence but faced substantial impediments beyond their control.

4. **Due Process Clauses of the Fourteenth Amendment – Protection Against Procedural Deprivation**

The Fourteenth Amendments of the United States Constitution mandate that no party shall be deprived of due process without notice and an opportunity to be heard. A procedural failure to serve due to misinformation or defendant's evasion of service constitutes a due process concern, justifying an extension to preserve Plaintiff's fundamental right to proceed with the case on its merits.

5. **California Code of Civil Procedure §§ 583.210 and 1013 – Procedural Extensions for Service of Process**

Pursuant to California Code of Civil Procedure § 583.210, the summons and complaint must be served within three years. This provision grants the state procedural flexibility in extending the time for appropriate service in the event of exceptional circumstances. The statutory period for service should be adjusted to account for the unavoidable delay, as Plaintiff encountered misinformation regarding Defendant Waldman's location and used all endeavors to pursue service through multiple avenues. Courts have interpreted § 583.210 to permit extensions when plaintiffs encounter obstacles beyond their control, thereby supporting the Plaintiff's request for an extension in this case.

6. **Equitable Tolling Doctrine – Protection Against Prejudice from Misinformation**

The equitable tolling doctrine applies where a plaintiff, despite exercising due diligence, is unable to serve a defendant due to external impediments such as misleading information or evasive tactics. Equitable tolling prevents unjust dismissal of claims where procedural hurdles not lack of diligence cause delays in compliance.

7. **Inherent Judicial Authority to Modify Procedural Timelines to Prevent Injustice**

Courts retain inherent power to extend procedural deadlines where strict adherence to fixed timelines would result in procedural inequities. The court's equitable discretion to modify service deadlines under FRCP 4(m) and 6(b) ensures that litigants are not unjustly prejudiced by misinformation, procedural confusion, or deliberate evasion of service by a defendant.

8. **Legal Precedents Supporting Judicial Flexibility in Extending Service Deadlines**

Established case law across federal district courts confirms that procedural extensions serve the interests of justice where litigants demonstrate reasonable diligence but face unavoidable service delays. Courts have repeatedly granted extensions in similar circumstances, particularly in cases involving evasion or misrepresentation of a defendant's whereabouts.

9. **Compliance with Ex Parte Procedural Requirements – Plaintiff's Notification Efforts**

In accordance with ex parte procedural directives, Plaintiff has made reasonable and documented attempts to notify Defendant Adam Waldman of this request:

- Plaintiff's process server contacted Defendant Waldman through phone, text, voicemail, and email inquiring whether he would voluntarily accept service (Exhibits 4-6).

- Plaintiff's process server also reached out to Defendant's known associates, attorneys Stephen Braga and Ben Chew, to confirm whether they were authorized to accept service on Defendant's behalf.

- Defendant failed to respond affirmatively or provide an alternative means of accepting service, reinforcing Plaintiff's assertion that Defendant is actively evading service.

- Given Defendant's continued evasion, further notice is impracticable, and requiring Plaintiff to provide additional notice would frustrate the purpose of ex parte relief.

10. **Public Policy Considerations – Access to Justice and Prevention of Procedural Dismissals**

The public policy interest in preserving access to justice supports an extension of service deadlines to prevent cases from being dismissed on

technical grounds. Courts have repeatedly emphasized the importance of adjudicating claims on their substantive merits rather than allowing procedural deficiencies beyond the litigant's control to dictate case outcomes.

11. **Judicial Discretion in Granting Extensions Based on Case-Specific Considerations**

Federal courts have broad discretion to modify procedural rules where strict compliance would lead to unjust case dismissal. Courts consistently recognize that extensions serve the principles of fairness and due process, ensuring litigants are not penalized for circumstances beyond their control.

12. **State Law Analogue – California Code of Civil Procedure § 412.20(a)(3)**

This statute outlines the requirements for serving a summons within the state, mandating that service must include a copy of the complaint and a statement of the court's jurisdiction. This provision reinforces the necessity of ensuring that all legal documents are accurately and timely served, further supporting the request for an ex parte extension of service deadlines due to procedural barriers encountered in effectuating service upon Defendant.

13. **Federal Judicial Doctrine of Equitable Remedies**

The equitable remedies doctrine permits the court to extend procedural deadlines where fairness and substantial justice require relief. The failure to extend the service deadline would result in procedural prejudice against Plaintiff, particularly given the reliance on misleading information regarding Defendant's location. This doctrine favors substantive justice over rigid procedural compliance.

14. **California Code of Civil Procedure § 473(b) – Relief from Mistake, Inadvertence, Surprise, or Excusable Neglect**

CCP § 473(b) grants courts the discretion to relieve a party from procedural consequences stemming from mistake, inadvertence, surprise, or excusable

neglect. Given Plaintiff's pro se status and the misrepresentation by a prior process server, the statutory structure supports extending time for service to ensure procedural fairness and prevent unjust dismissal based on procedural technicalities.

15. Procedural timelines for service should similarly be flexible when plaintiffs demonstrate due diligence but are obstructed by unforeseen service challenges. This provision supports Plaintiff's request for an extension to locate and serve Defendant Waldman appropriately.

16. **California Code of Civil Procedure § 474 – Use of Fictitious Names Where Defendant's Identity or Location is Unclear**

CCP § 474 allows a plaintiff to initiate proceedings against a defendant under a fictitious name when their identity or whereabouts remain unknown. While Defendant Waldman's identity is known, his whereabouts were misrepresented, justifying the necessity for procedural flexibility in effectuating service and reinforcing the need for judicial discretion in granting the extension.

17. **Federal Rule of Civil Procedure 20(a) – Permissive Joinder of Parties**

FRCP 20(a) allows multiple parties to be joined in a single action when claims arise from the same transaction or occurrence. Granting an extension for service ensures that all defendants are properly brought before the court, avoiding unnecessary delays and piecemeal litigation that would otherwise burden judicial resources.

18. **United States Constitution, Article III – Judicial Power and Discretion Over Procedural Timelines**

Article III of the United States Constitution vests federal courts with judicial power to control their own proceedings, including procedural extensions where required to prevent injustice. This constitutional authority supports

the court's inherent discretion to extend service deadlines under equitable and due process considerations.

19. **California Evidence Code § 647 – Presumption of Receipt of Service**
CCP § 647 establishes a legal presumption that a properly addressed and mailed legal document is deemed received by the addressee. Plaintiff has documented multiple attempts at effectuating service through various means, including direct outreach to Defendant Waldman, his legal associates, and known affiliates. However, Defendant's failure to acknowledge or accept service despite these efforts supports the necessity for an ex parte extension.

20. **California Code of Civil Procedure § 2016.040 – Obligation to Meet and Confer Before Seeking Court Relief**
This provision encourages litigants to resolve procedural issues before seeking judicial intervention. In compliance with ex parte procedural requirements, Plaintiff's process server made reasonable attempts to notify Defendant Waldman and his legal associates:

- An email was sent directly to Defendant Adam R. Waldman inquiring whether he would voluntarily accept service.
- Outreach was made to his known attorneys, Stephen Braga and Ben Chew, seeking confirmation as to whether they were authorized to accept service on Defendant's behalf.
- No affirmative response was received, and no viable method of alternative service was provided by Defendant or his representatives.

Given Defendant's **continued evasion and failure to acknowledge the service inquiry**, **further notice is neither feasible nor required** under ex parte procedures, as additional notice would **frustrate the very purpose of the requested relief**.

## II.    ARGUMENTS FOR EX PARTE EXTENSION

1. **Doctrine of Laches and Prevention of Procedural Prejudice**

   The doctrine of laches generally bars relief where a party has unreasonably delayed in asserting a right, resulting in prejudice to the opposing party. However, this doctrine does not apply where the delay is excusable and caused by external obstructions beyond the litigant's control. In this case, Plaintiff's delay was not due to inaction but rather to the material misinformation provided by a process server, along with the Defendant's evasion. This negates any argument that Plaintiff failed to act diligently.

2. **Principle of Procedural Equity in Ex Parte Proceedings**

   Procedural equity dictates that courts must balance rigid procedural requirements against fundamental fairness. The Federal Rules of Civil Procedure and judicial precedents support ex parte relief in exceptional cases, particularly where procedural deadlines must be adapted to ensure access to justice for all parties. Given Plaintiff's pro se status and the obstructive conduct of Defendant Waldman and co-defendant Barresi, granting an ex parte extension is procedurally and equitably justified.

3. **Interplay Between Federal and State Procedural Service Norms**

   The California Code of Civil Procedure § 413.30 provides guidance on service of process beyond state lines, reinforcing the necessity for judicial discretion in allowing alternative service methods or deadline extensions when standard service efforts have been frustrated. Given that Defendant Waldman's misrepresented location led to failed service attempts, this statutory structure supports granting an ex parte extension of time to ensure compliance with both federal and state service requirements.

4. **Ex Parte Relief as a Mechanism for Uniform Judicial Administration**

   Extending service deadlines via ex parte relief supports the judicial interest in uniform case administration. The evasion of service by one defendant

should not result in an inequitable procedural advantage, nor should it force Plaintiff into premature dismissal or unnecessary re-litigation. The requested extension promotes judicial efficiency, preventing piecemeal adjudication and undue procedural burdens.

5. **Jurisprudential Precedents Supporting Ex Parte Extensions**

The Ninth Circuit and other federal courts have recognized the necessity of ex parte extensions when service obstacles arise due to third-party interference, misrepresentations, or evasive defendants. Given the extensive documented attempts at service, this Court has the authority to grant the requested extension under well-established legal precedents.

6. **Impact of Technological and Practical Barriers to Service**

Advances in technology and the mobility of modern defendants present unique challenges to effectuating traditional service. Incorrect electronic records, address discrepancies, and Defendant Waldman's relocation all warrant an ex parte extension to facilitate lawful service under the realities of modern litigation.

7. **Statutory Interpretations Favoring Access to Justice in Ex Parte Proceedings**

Federal and state statutory interpretations favoring broad access to justice—particularly for pro se litigants facing procedural hurdles—support the relief sought herein. Ex parte extensions in cases of misleading service information align with the legal principle that procedural rules should facilitate, rather than obstruct, the fair resolution of disputes.

8. **Judicial Flexibility in Amending Procedural Timelines**

A flexible judicial approach should be applied to procedural service deadlines, ensuring that cases are decided on substantive merits rather than technical defaults.

9. **Necessity of Ex Parte Relief Due to Defendant's Evasion and Lack of Response to Service Inquiries**

In compliance with ex parte procedural rules, Plaintiff's process server has attempted to notify Defendant and his known legal affiliates:

- Diligent phone calls, voicemails, texts, and emails were sent directly to Defendant Adam R. Waldman, requesting that he voluntarily accept service.
- Outreach was made to attorneys Stephen Braga and Ben Chew, inquiring whether they were authorized to accept service on Defendant's behalf.
- No affirmative response was received, and no alternative method of service was proposed by Defendant, Defendant's family, or his associates.

Given that Defendant is actively evading service and has refused to acknowledge the inquiry, further notice is impracticable and unnecessary under ex parte standards, as additional notification would undermine the very relief sought. The extraordinary circumstances of Defendant's evasion warrant immediate judicial intervention through the granting of this ex parte extension.

**PRAYER FOR JUDICIAL RELIEF**

**WHEREFORE,** Plaintiff, Christina Taft, acting pro se, respectfully petitions this Honorable Court to grant the following ex parte relief, pursuant to pertinent legal standards, statutory authority, and established judicial precedents:

1. **Grant an Extension of Time and Area for Service**

An ex parte extension of time for the service of process on Defendant Adam R. Waldman for an additional thirty to ninety days, with re-issuing summons for the new region, in accordance with Federal Rule of Civil Procedure 4(m), on the grounds of good cause, due to substantial misinformation regarding Defendant's whereabouts and active evasion of service.

2. **Recognition of Good Cause and Excusable Neglect**

A determination by this Court recognizing good cause and excusable neglect as stipulated under Federal Rule of Civil Procedure 6(b), considering Plaintiff's repeated, diligent service attempts and external interferences—including Defendant's evasion and harassment by co-defendant Barresi.

3. **Equitable Relief Ensuring Due Process**

An Order upholding fundamental due process principles, ensuring that Plaintiff's right to a fair legal proceeding is preserved, as guaranteed under the Due Process Clauses of the Fourteenth Amendments to the United States Constitution, by allowing additional time for proper service of Defendant Waldman.

4. **Adherence to State and Federal Procedural Norms**

Consideration of California Code of Civil Procedure § 583.210, which mandates service within three years while recognizing exceptions for extraordinary circumstances, and California Code of Civil Procedure § 1013, which allows extensions where procedural obstacles necessitate leniency, particularly where the Defendant's evasion has obstructed lawful service efforts.

5. **Compliance with Ex Parte Procedural Requirements**

A finding that Plaintiff has satisfied ex parte notice obligations to the extent required under applicable rules, as:

- The process server contacted Defendant Adam R. Waldman over phone, text, and email and received no response (Exhibits 4-6).
- Defendant's legal associates, Stephen Braga and Ben Chew, were also contacted, and neither confirmed authority to accept service nor facilitated service (Exhibits 17-19).

     o   Given Defendant's non-acceptance and evasion, additional notice is impracticable and unnecessary, as it would undermine the very purpose of this ex parte relief.

6. **Further Relief as Deemed Just and Proper**

Such other and further relief as this Court deems just, necessary, and equitable under the circumstances, ensuring substantive and procedural justice in light of the Defendant's evasion and Plaintiff's good faith attempts at service.

**Good Cause** exists for an *extension* of time to serve the co-defendant for these reasons. Taft should be permitted to present the case to this Court without being forced to leave out evidence that goes to the heart of the matter. A thorough presentation needs to be provided, with seven preliminary witnesses eager to see *any relief* from oppression, and opposing a Defendant that is an illicit "Hollywood Fixer" violating equal protection, protection of legal processes, witnesses, and due process. This is in concert with Co-Defendant Adam Waldman, who is likely told by Defendant Barresi to evade service. Relief, fairness, and justice needs attention.

**WHEREFORE,** based on the points set forth in this Application and accompanying Memorandum, Plaintiff respectfully requests that this Court grant her *permission for an extension of time and service area,* as well as an *re-issued summons for reliable, honest process servers.*

The process was hindered by circumstances, the forementioned arguments, and witness/victim interference, supported by 7 witnesses, by Co-Defendant Barresi, as well as refusal of normalcy by Defendants. Adam Waldman made a significant move away from family out of the Northeast, where he resided in Washington DC for decades, with process servers not finding a move to Florida

until recently. Adam further did not accept service, nor did his family or associates facilitate service.

An extension is not only justified but also essential for ensuring due process, impartiality, and the proper adjudication of this matter on the merits, in light of these exceptional circumstances, significant procedural barriers, and ongoing obstructions. Consequently, Plaintiff requests this Honorable Court to grant the requested relief in the interest of fundamental fairness and justice.

Therefore, with Good Cause shown and circumstances, Taft requests that this Court allow *Extension of Time for Service and re-issue summons* of Co-Defendant Adam Waldman, with new process servers in the interest of justice.

Dated this 16th day of February, 2025.

By:
CHRISTINA TAFT
Plaintiff in Pro Per

## **Verification Of Oath**

I certify that the information herein is true and correct to the best of my knowledge and belief. This attestation is made under oath under the laws of the United States.

Dated: February 16, 2025

By:
CHRISTINA TAFT
Plaintiff in Pro Per
United States