Christina Taft
1700 Ala Moana Blvd., Apt. 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Email: Ceo.Taft@Rescue-Social.com
Plaintiff in *Propria Persona*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>             Plaintiff,<br><br>     vs.<br><br>PAUL BARRESI; ADAM R WALDMAN; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 5:24-cv-01930-TJH-DTB<br><br>**DECLARATION OF PLAINTIFF IN SUPPORT OF EXTENSION OF TIME TO SERVE DEFENDANT PURSUANT TO FRCP 4(m) AND 6(b)**<br><br>*[Filed concurrently with Application, Memorandum of Points and Authorities, and Exhibits in Support of Extension of Time to Serve; Certification of Service; [Proposed] Order]*<br><br>Date: February 16, 2025<br>Time: Under submission |

# DECLARATION OF PLAINTIFF IN SUPPORT OF EXTENSION OF TIME TO SERVE DEFENDANT PURSUANT TO FRCP 4(m) AND 6(b)

I, Christina A. Taft, do hereby declare:

1. I am the Plaintiff in the above-captioned matter, proceeding pro se, and I have personal and first-hand knowledge of the matters set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2. I submit this Declaration in support of my Application to Extend Time for Service upon Defendant Adam R. Waldman, pursuant to Federal Rules of Civil Procedure 4(m) and 6(b).

**I. INTRODUCTION**

3. The statements contained herein are based upon my personal knowledge, affidavits from professional process servers, records obtained through certified sources, diligent investigative efforts, witnesses, and evidentiary materials supporting this Application.

4. I have exercised due diligence in attempting to effectuate service upon Defendant Waldman; however, significant external

obstructions, misrepresentations regarding Defendant's whereabouts, and intimidation from co-defendant Paul Barresi have resulted in unavoidable delays necessitating judicial relief.

## II. FACTUAL AND PROCEDURAL BACKGROUND

**A.** Initial Service Efforts, Northern Regions, Material Misrepresentation

4. Between September to February, I engaged services of certified process servers to serve Defendant Adam Waldman at his last known address located in Washington, D.C and in the Northeast regions. A server further communicated with family and associates.

5. Based on a sworn declaration of diligence provided by the process server, I was erroneously informed that Defendant had relocated to Canada, thereby directing my efforts towards incorrect jurisdictions for Waldman, trying to survive Co-Defendant Barresi.

6. Relying in good faith upon the sworn statement of a professional process server, I allocated substantial time, financial resources, and legal efforts to effectuate service near the Northeast, to later discover that residency near family of Waldman was inaccurate.

7. This misinformation led to procedural setbacks and caused significant prejudicial delay in executing proper service, constituting a circumstance warranting an extension of time under FRCP 4(m).

B. Subsequent Discovery of Defendant's New Probable Location

8. After multiple unsuccessful attempts at serving Defendant Waldman and Canada being alleged, I undertook additional process serving measures and communicated with more reliable servers.

9. I obtained evidence through updated official records searches, vehicle registration data, and private investigative services, indicating that Defendant was not in Canada as Jennifer Fritz and Adam Rast declared but relocated out of the Northeast to Florida.

10. Specifically, recently in February 2025, records pointed out by a new Licensed Private Investigator, Chrystal VL Rivers of Desert Eagle Investigations from the Eastern States revealed:

- Updated residential information in Florida, even if renting, confirming Defendant had vacated his Washington, D.C. residence.
- Vehicle registration documents, with a 2022 BMW, listing a Florida address as Defendant's new primary domicile, even if a Porsche 911 remained registered in the District of Columbia.

- Publicly accessible records and voter registration affirming the Co-Defendant's presence in Florida as of recent weeks of 2025.

11. This erroneous prior information on current addresses, locations, and ongoing hostility significantly obstructed the service process and was beyond my reasonable control, constituting good cause under FRCP 4(m) and excusable neglect under FRCP 6(b).

## III. SYSTEMATIC INTERFERENCE AND OBSTRUCTION BY CO-DEFENDANT PAUL BARRESI

12. Throughout these proceedings, I have been subjected to persistent harassment, threats, and legal interference orchestrated by Co-Defendant Paul Barresi, which has materially obstructed my ability to focus on service of process.

13. Specifically, Co-Defendant Barresi has engaged in a calculated campaign of intimidation, including but not limited to:

- Direct and indirect threats aimed at discouraging my legal pursuit of claims. Seven witnesses came forward against Co-Defendants.

- Intimidation and harassment of potential witnesses, instilling fear and obstructing their cooperation, requiring attention and time.

- Engaging in acts of coercion and undue influence, designed to interfere with my litigation strategy and continue corrupt motives.

- Disrupting my access to legal resources and consultation, thereby impeding my ability to effectuate timely service upon Defendant Waldman.

14. These acts of deliberate obstruction have had a material adverse impact on my ability to exercise my procedural rights within the prescribed statutory period.

Given that Co-Defendant Barresi's conduct directly contributed to the delay in service, the principles of equity and justice necessitate the judicial extension of time sought herein.

## IV. ATTEMPTED PROCESS SERVES TO ADAM WALDMAN IN TIMELINE WITH AFFIDAVITS AND DOCUMENTS:

*I declare that each are attached with true and correct copies.*

- Adam Rast Declaration with check showing two current addresses in DC of house and business, informed moved to Canada (TJ Lewis) September 17 to October 1, 2024 (Exhibit 1)

- Deed of house from DC from Rast (Exhibit 2) - failure from TJ's

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

company after Co-Defendant Barresi's harassment (Exhibit 21)

- Service by Publication for Washington Post in DC and Motion to Court for permission attempted Oct 16th to Oct 23rd (Exhibit 26)

- We Serve Law LLC comprehensive checks showed DC still current for Adam Waldman & Northeast October 17 (Exhibit 24)

- John Roberto to Massachusetts address Adam and brother Matthew Waldman (We Serve Law) October 25, 2024 (Exhibit 10)

- Nikolas Alverez to DC address Adam and wife Barbara Waldman (We Serve Law) October 21 to November 4, 2024 (Exhibit 11)

- Richard J. Coleti (We Serve Law) to Massachusetts address Adam and Tomar Waldman Oct 28 to November 11 (Exhibit 12)

- Vernon S. Lawrence (We Serve Law) to Rhode Island address Adam and Paul Waldman October 18 to October 22 (Exhibit 13)

- Michael Mantyla (We Serve Law) to DC address Adam Waldman, Sienna and ex-wife Ashley Allen (Exhibit 15) - First process server failed to complete (Exhibit 14) October to February 2025

- Chrystal VL Rivers, a licensed private investigator in Eastern

Page 7

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

states, of Desert Eagle Investigations Comprehensive Check February 2 - February 6, 2025 was the first to inform me that Florida is now showing as a current residential address, matching car registration, and voter registration (Exhibit 25). This licensed private investigator and server urged me to do this application with FRCP 6(b). She advised me I needed a re-issued summons.

- Philip Hamilton honestly communicated with normalcy: February 3 to February 12th 2025 to Adam (phone, text, voicemail, email) and family (Paul, Tomar, Sienna, Matthew, Lucas, Barbara, Ashley) by phone (Exhibits 4-6) through Hamilton Legal Services

- Philip Hamilton: associates/lawyers (Stephen and Ben) by phone, text, voicemail, email of Hamilton Legal Services (Exhibits 17-19)

## V. LEGAL GROUNDS FOR EXTENSION

A. Good Cause Under FRCP 4(m)

16.     Federal Rule of Civil Procedure 4(m) permits courts to extend the time for service where good cause is demonstrated. Courts routinely find good cause when:

- The defendant's whereabouts were unknown despite reasonable diligence (*Boudette v. Barnette*, 923 F.2d 754 (9th Cir. 1991)).

- The plaintiff relied in good faith on an official affidavit of diligence, which later proved to be erroneous (*Efaw v. Williams*, 473 F.3d 1038 (9th Cir. 2007)). Previous experts further substantiated Adam Rast.

- There was external interference preventing the plaintiff from timely serving the defendant (*Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009)). Co-Defendants enacted cruel interference.

17. The facts here squarely align with these precedents, as I relied in good faith on misinformation provided by a professional process server and faced external intimidation from Co-Defendant Barresi that thwarted service efforts.

B. Excusable Neglect Under FRCP 6(b)

18. Federal Rule of Civil Procedure 6(b) allows the court to grant an extension of time where a delay results from excusable neglect, considering:

- The length of the delay and its potential impact on judicial proceedings. This case is still in its early preliminary stages.

- The reason for the delay, including whether it was within the reasonable control of the party. Witnesses and timeline considered.

- Whether the moving party acted in good faith (*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).

19. Given the circumstances at play, including the misleading sworn declaration, Defendant's relocation, ongoing harassment, and cruelty by Defendants to witnesses/victims, my delay in service should be deemed excusable neglect warranting an extension.

## VI. PRAYER FOR RELIEF

20. Based on the foregoing facts, legal authorities, and equitable considerations, I respectfully request that this Honorable Court:

- Extend the date for serving Defendant Adam R. Waldman by an additional thirty to ninety days, pursuant to FRCP 4(m) and 6(b).

- Authorize alternative service methods, including but not limited to:
  - Personal service at Defendant's probable Florida residence.
  - Summons re-issued and spouses, family, associates informed.
  - Service, if not with a meeting for coffee or in another location, via certified mail, phone, or electronic means, consistent with FRCP 4(e)(1) and California Code of Civil Procedure § 415.30.

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

- Acknowledge and account for the systematic interference caused by Co-Defendant Barresi, which directly contributed to the delay.

- Grant such other and further relief as this Court deems just, equitable, and necessary to preserve the integrity of judicial proceedings.

- With considerable merit, witnesses and victims of unlimited means in light of "Hollywood Fixing," and evidence if without obstruction and with a fair process, I ask for permission of extension of time for honest process servers to see if Defendant Adam Waldman will accept service, communicate, and to fulfill service with validity.

- I ask for relief to be granted and consideration of circumstances, with interests of justice and Good Cause for judicial efficiency.

I hereby declare under oath and penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated this 16th of February in the United States.

By: *Christina Taft*

CHRISTINA TAFT
*Plaintiff in Pro Se*

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)