Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

_____

CHRISTINA TAFT

    Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

    Defendants.

_____

Case No.: 5:24-cv-01930-TJH-DTB
[Hon. David T. Bristow, Magistrate Judge]

**[PROPOSED] ORDER GRANTING APPLICATION TO EXTEND TIME AND SUMMONS FOR SERVICE OF DEFENDANT ADAM WALDMAN**

*[Filed concurrently with Application for Extension, Memorandum of Points and Authorities, Declaration in Support, Exhibits in Support of Application to extend time for service on Adam Waldman; and proposed granted re-issued summons]*

WHEREFORE, upon review of Good Cause in the Ex Parte Application, Memorandum, Declaration, and Exhibits, including Affidavits of process servers, and Request for *Extension of Time* to serve Co-Defendant Adam Waldman, who moved regions, with interests of justice, the Honorable Court **GRANTS** relief:

1. The dated deadline for service of process upon Defendant Adam R. Waldman be extended for an additional ___ thirty to ninety days from the date of this Court's Order, pursuant to Federal Rule of Civil Procedure 4(m) and 6(b);
2. The attached [proposed] summons is re-issued by the clerk of the court;
3. Good Cause and excusable neglect, in the circumstances, is Granted;
4. The Co-Defendant Barresi enacted interference in the legal process, hindering process on Adam Waldman. The Honorable Court takes judicial notice of ongoing obstruction, witness intimidation and victim interference (7 witnesses and 5 declarations), and harassment perpetrated by Co-Defendant Paul Barresi, which has demonstrably hindered Plaintiff's ability to effectuate service and proceed with this action in a timely manner;
5. New information and reliable process servers can serve Adam Waldman, with new valid address findings, and issued summons, of the Amended Complaint;

**I. GOOD CAUSE AND EXCUSABLE NEGLECT ESTABLISHED**

      6. **Plaintiff's Good Faith and Diligent Service Efforts**

The Court finds that Plaintiff exercised reasonable diligence in attempting to serve Defendant Waldman but was misled by incorrect information provided in a sworn declaration by a process server, erroneously indicating that Defendant had relocated to Canada, with a new home owner, and previous experts indicated probability of Adam maligning authorities. New process servers inquired to family, friends/associates, and known attorneys of Adam Waldman to accept service, his whereabouts, and to meet at a coffee shop or other location in the Northeast states. The subsequent recent discovery of Defendant's possible current residence in Palm

Beach, Florida, by a new licensed private investigator lookup, a jurisdiction entirely different from the initial investigation, constitutes an unforeseen impediment beyond Plaintiff's control. Courts have recognized that reliance on incorrect information constitutes good cause where service efforts are made in good faith. See Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (finding good cause where a plaintiff relied on incorrect service information obtained in good faith).

7. **Defendant's Non-Acceptance, Evasion of Service, and Relocation**

Defendant Adam R. Waldman's recent relocation has further complicated service. Courts have held that a defendant's efforts to evade service and not voluntarily accept service weigh heavily in favor of granting an extension.

Process servers assisting Plaintiff diligently attempted to honestly inquire from Defendant, his family, friends/associates, and known attorneys of Adam Waldman to see if he would accept service and his whereabouts.

8. **Ongoing Harassment and Witness Intimidation by Co-Defendant** Barresi, supported by 7 preliminary witnesses and victims

Plaintiff has faced systematic interference by Co-Defendant Paul Barresi, including harassment, threats, and intimidation of witnesses. This has materially impacted Plaintiff's ability to secure legal representation and effectuate proper service. Courts have found that intimidation or obstruction by other parties constitutes good cause for an extension of service deadlines. See United States v. Wright, 776 F.3d 1349, 1355 (11th Cir. 2015) (recognizing interference with legal proceedings as a factor warranting procedural leniency).

9. **Pro Se Status and Procedural Complexity**

As a pro se litigant, Plaintiff faces heightened procedural burdens in navigating federal service requirements, warranting judicial flexibility under Fed. R. Civ. P. 6(b). Courts have acknowledged that pro se litigants should be afforded

additional time where procedural barriers have hindered compliance. Plaintiff previously attempted to notify in District of Columbia's Washington Post, a newspaper further seen in the Northeast region. See McGuckin v. Smith, 974 F.2d 1050, 1058 (9th Cir. 1992) (holding that procedural deadlines should be applied with flexibility where plaintiffs proceed without legal counsel).

10. **The Interests of Justice Favor an Extension**

The Court must consider procedural barriers when it serves the interests of justice. Given Plaintiff's diligent efforts and the importance of adjudicating claims on the merits, the Court finds that an extension is necessary to prevent undue prejudice and denial of due process. See Ewing v. City of Stockton, 588 F.3d 1218, 1231 (9th Cir. 2009) (finding that judicial efficiency and fairness support the liberal application of service extensions where a plaintiff has made reasonable efforts to comply).

**IT IS HEREBY ORDERED** that:

The Court Grants Plaintiff's Application for an *Extension of Time* of ___ 30-90 Days to Serve Co-Defendant Adam R. Waldman, of the amended complaint.

**GRANTED**.

*In the interests of justice*, Plaintiff is expressly permitted to employ all legally available methods to effectuate service, including but not limited to personal service, substituted service, and alternative service as permitted by Federal Rule of Civil Procedure 4(e)(1) and applicable state laws; *An updated summons is issued*;

That, in the event service via conventional methods remains impracticable, this Court authorize service by publication or alternative means under federal and California procedural law;

The Court grants any such other and further relief as it deems just, equitable, and necessary to ensure the orderly and fair adjudication of claims.

**IT IS SO ORDERED.**

Dated: February_____, 2025

_____
Hon. David T. Bristow
U.S. Magistrate Judge

[PROPOSED] ORDER GRANTING APPLICATION TO EXTEND TIME FOR SERVICE OF DEFENDANT ADAM WALDMAN

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▼

| | |
|---|---|
| CHRISTINA TAFT<br><br>*Plaintiff(s)*<br>v.<br>PAUL BARRESI, ADAM R WALDMAN, AND DOES 1-10, INCLUSIVE<br><br>*Defendant(s)* | Civil Action No. 5:24-cv-01930-TJH(DTB) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

> ADAM ROBERT WALDMAN
> 44 COCOANUT ROW APT A222
> PALM BEACH, FLORIDA 33480-4069

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Christina Taft
> Plaintiff in Propria Persona
>
> Mail: 1700 Ala Moana Blvd Apt 2301
> Honolulu, Hawaii 96815

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 5:24-cv-01930-TJH(DTB)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**Print**   **Save As...**   **Reset**