1  **MELISSA Y. LERNER (SBN 285216)**
   mlerner@lavelysinger.com
2  **MEGAN S. MALLONEE (SBN 340276)**
3  mmallonee@lavelysinger.com
   LAVELY & SINGER
4  PROFESSIONAL CORPORATION
5  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
6  Telephone: (310) 556-3501
7  Facsimile: (310) 556-3615

8  Attorneys for Defendant
9  PAUL BARRESI

10                    UNITED STATES DISTRICT COURT
11                   CENTRAL DISTRICT OF CALIFORNIA
12                            EASTERN DIVISION
13

14 | CHRISTINA TAFT,                         | CASE NO. 5:24-cv-01930-TJH (DTB)
15 |                                         |
   |        Plaintiff,                       | [Honorable David T. Bristow, Magistrate
16 |                                         | Judge]
17 |    vs.                                  |
18 | PAUL BARRESI; ADAM R.                   | **DEFENDANT PAUL BARRESI'S
   | WALDMAN; and DOES 1 through 10,         | OPPOSED FIRST EX PARTE
19 | inclusive,                              | APPLICATION FOR EXTENSION OF
20 |                                         | TIME TO FILE SUR-REPLY TO
   |        Defendants.                      | PLAINTIFF'S REPLY RE
21 |                                         | PRELIMINARY INJUNCTION**
22
23                                             Date:  February 24, 2025
                                               Time:  Under Submission
24
25
26
27
28

   4528-3

   EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE SUR-REPLY RE PRELIMINARY INJUNCTION

**PLEASE TAKE NOTICE** that on Monday, February 24, 2024, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 in the George E. Brown, Jr. Federal Building & United States Courthouse located at 3470 12th Street, 3rd Floor, Riverside, California 92501, the Honorable David T. Bristow presiding, Defendant PAUL BARRESI ("Defendant"), through his attorneys of record herein, will and hereby does move this Court, *ex parte*, for an order extending time for Defendant to file a Sur-Reply to Plaintiff Christina Taft's Reply to Defendant's Opposition to Preliminary Injunction (the "Sur-Reply").

There is good cause for the Court to grant this *ex parte* application because the Defendant has been ordered to respond to Plaintiff's 25-page reply accompanied by 79 pages of exhibits, including five witness declarations (ECF Nos. 39, 39-1), the vast majority of which constitutes new, non-rebuttal evidence. Defendant had not anticipated filing a Sur-Reply and therefore began marshalling his own evidence only after the Court ordered him to file the Sur-Reply by February 26, 2025. (ECF No. 41.) Defendant is still in the process of preparing his Sur-Reply and collecting and preparing evidence in support thereof and requires additional time beyond the current February 26, 2025 deadline to do so. Declaration of Megan S. Mallonee ("Mallonee Decl.") ¶ 3. Defendant respectfully requests a two-week extension to properly respond to Plaintiff's reply. If the deadline is not continued, Defendant will be deprived of the ability to fully respond to the extensive evidence put at issue in Plaintiff's Reply. *Id.* ¶ 4.

This Application is made pursuant to, and in compliance with, Local Rules 7-19 and 7-19.1. Notice of this *Ex Parte* Application was provided to opposing counsel on February 20, 2025. *See id.* ¶ 5, Ex. A.

This Application is based on the Memorandum of Points and Authorities, the Declaration of Megan Mallonee attached hereto, all papers and pleadings on file herein, those matters of which the Court may properly take judicial notice and on

such other oral and documentary evidence as may be presented at the time of this hearing.

Dated: February 21, 2025

LAVELY & SINGER, P.C.
MELISSA Y. LERNER
MEGAN S. MALLONEE

By:  *s/ Megan S. Mallonee*
        MEGAN S. MALLONEE

Attorneys for Defendant
PAUL BARRESI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Paul Barresi ("Defendant" or "Barresi") applies *ex parte* to the Court for a brief extension of time to file a sur-reply to Plaintiff Christina Taft's ("Plaintiff") Reply in Support of her Preliminary Injunction (the "Sur-Reply"). Defendant requests a two-week extension of the current February 26 deadline to March 12, 2025. Defendant requires this brief extension to complete the collection of evidence and testimony and preparation of his Sur-Reply with supporting documentation. Without this additional time, Defendant will be irreparably harmed because he will be deprived of the opportunity to provide a fulsome response to the extensive non-rebuttal evidence submitted by Plaintiff with her Reply Brief to Defendant's Opposition to Preliminary Injunction (ECF No. 39) ("PI Reply"), and address the very serious allegations leveled against him by Plaintiff and her purported witnesses.

## II. INFORMATION REQUIRED BY L.R. 7-19

Defendant's counsel took reasonable and good faith efforts to advise Plaintiff of the date and substance of this *ex parte* application. On February 20, 2025, counsel for Defendant notified Plaintiff of the instant application. Declaration of Megan Mallonee ("Mallonee Decl.") ¶ 5, Ex. A.

Pursuant to L.R. 7-19, to the best of Defendant's knowledge, Plaintiff's contact information is as follows:

**Name:** Christina Taft

**Address:** 1676 Ala Moana Boulevard, Apartment 508, Honolulu, Hawaii 96815 **or** 1700 Ala Moana Boulevard, Apartment 2301, Honolulu, Hawaii 96815

**Tel. No.:** 212-718-1003 **or** +33 0623441766

**Email(s):** taftchristina.ceo@gmail.com, Ceo.Taft@Rescue-Social.com, taft.christina@yahoo.com

## III. FACTUAL BASIS FOR DEFENDANT'S NEED FOR *EX PARTE* RELIEF

On October 24, 2024, Plaintiff filed an Emergency Motion for Preliminary Injunction (the "Preliminary Injunction"). (ECF No. 15.) On November 22, 2024, the Court ordered Defendant to file an opposition or statement of non-opposition on or before December 13, 2024. (ECF No. 22.) Defendant filed his Opposition to the Preliminary Injunction on December 13, 2024 (the "Opposition"). (ECF No. 25.) On December 23, 2024, the Magistrate Judge issued a Report and Recommendation that the Preliminary Injunction be denied. (ECF No. 28.) Plaintiff filed an Objection on January 13, 2025 and requested leave to file a Reply to the Opposition. (ECF No. 33.) On January 15, 2025, the Magistrate Judge vacated the Report and Recommendation and ordered Plaintiff to file a Reply to the Opposition on or before January 30, 2025, specifically noting that "any evidence presented not as 'rebuttal evidence' is not permitted." (ECF No. 35.) Despite these clear instructions, Plaintiff filed a 25-page Reply accompanied by 12 exhibits spanning 79 pages (including, without limitation, five witness declarations), the vast majority of which is not rebuttal evidence. (*See* ECF No. 39.) On February 11, the Court then ordered Defendant to file a Sur-Reply on or before February 26, 2025. (ECF No. 41.)

Because Barresi did not anticipate filing a further response to the Preliminary Injunction or responding to new allegations and non-rebuttal evidence contained therein, Barresi hereby seeks more time that he requires to adequately prepare a response to the Reply. This is Barresi's first request for an extension.

## IV. ARGUMENT

### A. *Ex Parte* Relief Is Warranted So That Defendant's Request May Be Heard Before the Current Deadline to File the Sur-Reply.

*Ex parte* relief is appropriate where the moving party shows that (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) it is "without fault in creating the crisis that requires e*x*

*parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp 488, 492 (C.D. Cal. 1995).

Here, Defendant will suffer irreparable prejudice if the Court were to hear the underlying request for an extension of the Sur-Reply filing deadline because it would not be heard until after the current February 26 deadline. As a result, Defendant would be forced to file his Sur-Reply without sufficient time to properly rebut the extensive evidence included with Plaintiff's Reply. Given the relief sought in the Preliminary Injunction and the gravity of the allegations against him, including those new allegations set forth in the Reply and supporting witness declarations, denying Defendant the opportunity to fully respond would infringe on his due process rights. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 376 (2008) ("preliminary injunction is an extraordinary remedy never awarded as of right … In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.") Moreover, Defendant is without fault because he has diligently attempted to prepare a response within the Court's deadline. Mallonee Decl. ¶ 4. As such, Defendant respectfully submits that *ex parte* relief is proper because it will prevent prejudice and allow him additional time to prepare a response with rebuttal evidence to Plaintiff's Reply.

### B. The Court Should Grant Defendant's *Ex Parte* Application for an Extension of Time to Respond.

The court should grant Defendant's request for an extension of time. Fed. R. Civ. P. 6(b)(1) provides that the court may extend time for an act for good cause shown. Rule 6(b)(1), like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren v. Am. Nat'l Bank & Tr. Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)); *see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). "Good cause"

as required by Rule 6(b)(1) is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) (citing *Venegas-Hernandez v. Sonolux Recs.*, 370 F.3d 183, 187 (1st Cir. 2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir. 1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987)). Defendant's need for additional time to file a Sur-Reply and supporting evidence in response to Plaintiff's burdensome Reply in connection with a request for preliminary injunction while the action is pending satisfies the "good cause" required by Rule 6(b)(1).

Defendant therefore respectfully requests that he be granted a two-week extension of time to file his Sur-Reply, from February 26, 2025 to March 12, 2025.

## V. CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court grant the *Ex Parte* Application and issue an order extending Defendant's time to file a Sur-Reply until March 12, 2025.

Dated: February 21, 2025
                                     LAVELY & SINGER
                                     PROFESSIONAL CORPORATION
                                     MELISSA Y. LERNER
                                     MEGAN S. MALLONEE

                              By:   *s/ Megan S. Mallonee*
                                     MEGAN S. MALLONEE
                                     Attorneys for Defendant PAUL BARRESI

# EXHIBIT A

# Megan Mallonee

| | |
|---|---|
| **From:** | Christina Taft <taftchristina.ceo@gmail.com> |
| **Sent:** | Thursday, February 20, 2025 10:49 PM |
| **To:** | Megan Mallonee |
| **Cc:** | Melissa Y. Glass |
| **Subject:** | Re: Ex Parte Application - Taft v Barresi 5:24-cv-01930-TJH-DTB |

Hello Ms. Mallonee,

I disagree that Barresi is doing a "factual investigation."

*I think since Barresi has engaged in years of behaviors, he should have plenty of time already to rebut.*

*The sheriff of San Bernardino further left his business card for Barresi, and it was taken as acknowledgment without any answer at the door.*

I also state that I wasn't asked for a stipulation, but the nature of harassment is that it's urgent, and critical to stop quickly, with agreement of not engaging in continuing conduct. The nature is not to extend time about interference needlessly.

Sincerely,
Christina Taft

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
[LinkedIn](#)


On Thu, Feb 20, 2025 at 8:38 PM Megan Mallonee <mmallonee@lavelysinger.com> wrote:
> Ms. Taft:
>
> We will be appearing *ex parte* on behalf of Defendant Paul Barresi ("Defendant") on Monday, February 24, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 in the George E. Brown, Jr. Federal Building & United States Courthouse located at 3470 12th Street, 3rd Floor, Riverside, California 92501, the Honorable David T. Bristow, to request an order extending time for Defendant to file a Sur-Reply to Plaintiff's Reply to Defendant's Opposition to Emergency Motion for Preliminary Injunction ("Ex Parte Application"). The Ex Parte Application is made on the basis that good cause exists for a brief, two-week extension of the filing deadline to permit Defendant to complete his diligent factual investigation and preparation of the Sur-Reply and supporting evidence to adequately address the extensive non-rebuttal evidence presented in support of Plaintiff's Reply. Were the Court to hear this request as a regularly-noticed motion, Defendant would be deprived of this opportunity and suffer irreparable harm and prejudice as a result.
>
> Please let me know by 10 a.m. Pacific tomorrow, February 21, 2025, whether you will be opposing the Ex Parte Application, so that we can include this information in the caption per Judge Bristow's local-local rules.

1

Sincerely,

Megan S. Mallonee

