Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

_____

CHRISTINA TAFT

     Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

     Defendants.

_____

Case No.: 5:24-cv-01930-TJH-DTB
[Hon. David T. Bristow, Magistrate Judge]

**EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS REQUEST AND OBJECTION TO DEFENDANTS' INTIMIDATION**
*(**Pursuant to Privacy Protection Standards FRCP 5.2, 49.1, LR 5.2-1, LR 79-5, LR 7-19, FRCP 26(c)**)*

*[Filed concurrently with Memorandum of Points and Authorities for Privacy Protection Standards Request, Declaration in Support, Exhibits in Support of Application for Privacy Protection Standards Request; Certificate of Service; [Proposed] Order]*

EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS REQUEST AND OBJECTION TO
DEFENDANTS' INTIMIDATION (Pursuant to Privacy Protection FRCP 5.2, 49.1, LR 5.2-1, LR 79-5, LR 7-19, FRCP 26(c))

1

2

---

**EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS
REQUEST AND OBJECTION TO DEFENDANTS' INTIMIDATION**

3

---

4
## A. INTRODUCTION

5    RESPECTFULLY IN GOOD CAUSE, *Pro Se Plaintiff,* Taft, files this Ex Parte
Application for Protection Standards after Co-Defendant Barresi viciously exposed

6    Plaintiff's history of full addresses, phone numbers, and email addresses in

7    **retaliation** for Plaintiff's rightful extension of service onto Co-Defendant Adam

8    Waldman, seen in additional exhibits of his retaliatory motive. *Exploiting personal
contact information* serves to intimidate litigants, witnesses, personnel, and

9    victims, thereby undermining the integrity of the judicial process. Further,

10   Defendant's retaliatory conduct following Plaintiff's lawful extension of service to
Co-Defendant Adam Waldman highlights the need for protective measures and

11   sensitive redactions to ensure a fair and unobstructed adjudication of the matters.

12
     Plaintiff seeks that the Court standardize privacy protection measures in

13   accordance with the established criteria for issued subpoenas, which the Clerk

14   accepted protecting addresses of 11 witnesses in a comparable Hawaii restraining
order case (Exhibits D). *Meet and confer does not mandate full addresses, phone*

15   *numbers, and emails.* Moreover, this case outlines elements of obstruction of

16   justice and witness interference, including testimony related to missing person's

17   case, Anthony Fox, and sensitive matters related to location, declaring, and family.

18   This application, aligns with Federal Rule of Civil Procedure (FRCP) 5.2, 49.1,

19   26(c), the Civility and Professional Clause, and Local Rules (LR) 79-5, 7-19, and
5.2-1, which mandate appropriate redaction and the protection of sensitive

20   information. Plaintiff seeks that the Court standardize privacy protection measures

21   and redactions in accordance with the established criteria of subpoenas issued by
the Clerk, protecting addresses of 11 witnesses in an overlapping case.

22

23   In particular, the actions by Defendant to expose this information is in
retaliation to intimidate and create a climate of danger, with a threat of injury,

24   going missing to not 'appear,' and mortality, if not directly from Defendants, then

25   from those they're directing to attack. Plaintiff only provided her New York Area
Phone Number to Defendant's attorney, to try to prevent not only intimidation

26   from Defendants themselves, but from Does directed by Defendants as well, and to

27   minimize lack of clarity from where the intimidation is occurring from. With
sensitive information exposed, directed individuals can access this sensitive

28   information to continue the prolonged intimidation message to recant, adhere to

---

Defendants' demands, and remain silent or be coerced. However, intimidation will not cease without court relief and good will.

The Civility Clause of this U.S. District Court underscores that attorneys are obligated to refrain from engaging in conduct that constitutes abuse, harassment, or mistreatment of adverse parties and witnesses, and must reject any directives to engage in such conduct.

In support thereof, Plaintiff pleads that the disclosure of sensitive information without appropriate redaction would result in irreparable harm and expose individuals to the risk of retaliatory violence due to Defendant Paul Barresi's dangerous and malicious conduct. Furthermore, witnesses and victims who may provide testimony are aware of Defendant Barresi's attacks against Plaintiff and reasonably fear that similar retaliation may be directed at them should they choose to assist in these proceedings.

## B. Meet and Confer Efforts with Extenuating Overlapping Cases Situation

In accordance with Local Rule 7-3 of the Central District of California, Plaintiff undertook reasonable and diligent efforts to resolve this matter prior to seeking judicial intervention. On March 2 and February 21, 2025, Plaintiff provided written correspondence to Defendant's counsel, formally requesting the redaction of Plaintiff's personal contact information from public filings, as mandated by Local Rule 79-5 and Federal Rule of Civil Procedure 5.2 (Exhibit 1 and 35). Despite these justified efforts, Defendant declined to implement the requested redactions, thereby necessitating the filing of this Ex Parte Application to protect. Given the exigent and sensitive nature of the circumstances, coupled with the immediate risk of harm arising from the continued public accessibility of Plaintiff's personal contact information, Plaintiff submits this application ex parte.

Regarding, Co-Defendant Adam Waldman, a process server already tried to address him in Palm Beach. Plaintiff references the case *Anthony V. Fox vs. Safe In Heaven Dead Productions, Inc. et al*, Superior Court of California, County of Los Angeles, Case No. SC062176, which further illustrates a pattern of coercive and retaliatory tactics. In particular, the case docket illustrated crime-fraud and self-incrimination exceptions filed by Depp and company Trouser Trumpet Inc before Mr. Fox went missing in case VPD 01-18806 (Exhibit 15). Plaintiff submitted that a witness conveyed that a 2019 registered company Chud King Inc was a company used for transferring assets and hiding assets of Depp's (Exhibit 16).

The initial complaint demonstrated that, upon witnesses realizing Defendant

Barresi, Waldman, and Depp were suppressing witnesses in dealings together, attorneys of potential witness Amber Heard were threatened to keep her silent, and told Plaintiff's attorney Thomas Urban of an amicus brief that they were not directing him (FAC 256 to 259). "Mr. David Axelrod, who Mr. Barresi had emailed about Ms. Taft and Mr. Albertini - while threatening Ms. Heard, never responded."

In these matters, this Plaintiff declares additional information respectfully, about that witness's refrainment, does not comply to Defendant Barresi's outrageous abuse. This demonstrates, as in the forgoing Stallone, Travolta, and Schwarzenegger cases, that attorneys can be compelled to silence their clients from testifying against Defendant Paul Barresi, due to avoid exploitation and false attachment of the clients and attorneys together with Barresi's multiple schemes, which involve outrageous invasions of privacy.

# I. INTRODUCTION

A. **Purpose and Scope of Relief:**
Plaintiff Taft respectfully requests an immediate ex parte order enjoining public access to filings containing sensitive personal contact history, and to re-file under redaction. In the record, such information shall be limited to minimal identifying info only, adhering to US District's Privacy Protection Standards. Plaintiff requests that the Court **standardize privacy protection measures** in alignment with the established protection standards applied to issued subpoenas, which previously safeguarded the addresses of 11 witnesses in a related Hawaii restraining order case (*True and correct copies, Exhibits D, 31*). Defendant Barresi's retaliatory conduct highlights the urgent necessity for these protective measures.

This application aligns with **Federal Rule of Civil Procedure (FRCP) 5.2, 49.1, 26(c), and Local Rules (LR) 79-5, 7-19, and 5.2-1**, which mandate appropriate redaction and the protection of sensitive information. Plaintiff asserts that no procedural rule, including Local Rule 7-4, compels the public disclosure of such information, and that Defendants' actions are aimed at intimidation and coercion, constituting an abuse of the judicial process.

Federal Rule of Civil Procedure 5.2, which mandates the redaction of personal data in court filings to protect individual privacy.

The Central District of California's Civility and Professionalism Guidelines emphasize that attorneys have an obligation to treat adverse parties and witnesses

with fairness and due consideration, and to avoid conduct intended to harass or burden an opposing party.

**Name:** Christina Taft

**History of Residential Addresses:**
– Redacted (City and State Only: Honolulu, HI)
– Redacted (City and State Only: Honolulu, HI)

**Recent Telephone Numbers:** (Current New York Area Phone Number Redacted, only given for Defendant's attorney); (France Area Phone Number)

**History of Email Addresses:** taftchristina.ceo@gmail.com; Ceo.Taft@Rescue-Social.com; (Additional historic email addresses redacted)

Plaintiff asserts that the full, unredacted disclosure of this sensitive information substantially increases her risk of retaliatory harm.

B. **Context and Factual Background:**

Defendant Barresi has repeatedly included Plaintiff's unredacted contact information in his filings, thereby exposing her to ongoing and future harassment. Furthermore, Defendant's retaliatory conduct following Plaintiff's proper service on Co-Defendant Adam Waldman, with the likelihood of fact witnesses to these matters being called, underscores the necessity for robust protective measures.

**Continued Intimidation and Exploitation by Defendant Barresi:**

Defendant Barresi has continued to enjoin exploitation with intimidation and threats. For example, Defendant re-exposed Plaintiff's Beloved mother's Coroner's Report with an image of Victoria Taft claiming nudity as an actress (Exhibits A). Moreover, the FAC noted strongly the threats of breakins and vandalism, with a masked man, in relation to intimidation of testimony implicating Johnny Depp (Exhibits F). Notably, Defendant threatened mortality, to not live or breathe and be in a tomb, and procured a non-public photograph of Plaintiff and appended details to a Mozart ring to illustrate his intrusion into her social connections (Exhibits A).

**E. Additional Evidence – The Anthony Fox Matter**

Plaintiff incorporates herein evidence from the Anthony Fox matter, including pertinent email communications (e.g., "Fwd: ANTHONY FOX'S DAUGHTER CONSTANCE", "Fwd: ANTHONY FOX - ENDANGERED MISSING PERSONS INVESTIGATION, NO. VPD 01-18806", and "Fwd: Anthony Fox Missing Person Investigation VPD 01-18806") (Exhibits B, 17-18).

This evidentiary record not only substantiates Defendant Barresi's propensity for racketeering, blackmail, and intimidation but also reinforces the necessity of redacting Plaintiff's personal contact history to prevent further exploitation and harassment.

The disclosure of this sensitive information would thereby embolden Defendant's conduct and contravene the principles embodied in the Central District's Civility and Professionalism Guidelines, which require that adverse parties and witnesses be treated with fairness and respect.

**Repeating Reported Patterns of Exploitation by Paul Barresi of alleged clients, witnesses, victims and "Hollywood Fixer" Defendant:**

Defendants threaten exposure and intimidation to force recanting of facts. In 2022 during Co-Defendants Barresi and Waldman enhancing actions against Plaintiff, witnesses, and aware victims, an over ten year old article was retracted about Defendant Barresi harming alleged former client, Sylvester Stallone, for Anthony Pellicano, convicted of racketeering and who Stallone later testified against. Plaintiff exhibits the article timestamped before retraction on Plaintiff's not-for-profit account (Exhibit 19) and after retraction on Defendant (Exhibit 24).

Secondly, when Defendant Barresi *falsely* claimed he was in a two year relationship with John Travolta with Dylan Howard's publishing preventing escape from coercion or payment, lawyers for Travolta stated, "Through his attorney's Travolta denied the allegations by Barresi, who was paid $100,000 by the Enquirer." (In discussions related to Defendant Barresi and lawyer clients being harmed, The John Travolta Saga: A Relic From the Past or an Enduring Reality?[1]).

Moreover, the Anita Busch case showed threats accompanied by her investigations as a reporter, and as shown by independent Luke Ford's profile on Anthony Pellicano, Paul Barresi was invested in not allowing New York Times reporters to implicate him with Anthony Pellicano or for harming Stallone or Schwarzenegger, by claiming they're attached to attorney Marty Singer. With this, was a veiled threat about "*fall* out of my chair" and corrupted the independent journalist (Exhibit 22). Defendant repeated this behavior to Plaintiff and witnesses.

Plaintiff complied to prepare for litigation, with over one hundred contacts in CaseFleet, and relate to this case, depending on its art in pleading. This behavior by Defendant to expose information with accompanied intimidation is a danger for this case's procedural fairness and ability to properly present its merit, with

---

[1] See, "*Whether the latest allegations about John Travolta are true **or not**…-- it's all pretty sad, the jokes and the snickering notwithstanding,*" subtitled from, https://www.huffpost.com/entry/the-john-travolta-saga-a_b_1589777

witnesses and victims that can attest to facts in these matters.

C. **Precedential and Procedural Considerations:**

   In related restraining order proceedings, subpoenas for eleven witnesses were accepted only after their residential addresses were redacted in strict adherence to Local Rule 79-5 and pursuant to the protective provisions of FRCP 5.2, 49.1 and FRCP 26(c). This established practice evidences the Court's recognition that exposure of sensitive personal data inherently increases the risk of further harassment and prolonged witness tampering.

D. **Legal Authority:**

This Application is brought pursuant to:

   I.    **Local Rule 7-19** (regulating ex parte filings and communications);

   II.   **Federal Rule of Civil Procedure 26(c)** (authorizing protective orders to shield confidential information);

   III.  **Federal Rule of Civil Procedure 5.2** and **Local Rule 5.2-1** (mandating proper document redaction and the exclusion of sensitive details such as full home addresses, which must be redacted to city and state only);

   IV.   **Constitutional Provisions,** including the Fourth Amendment (which protects against unreasonable invasions of privacy) and the Due Process Clause (which safeguards individual liberty against unjust deprivation); and

   V.    **Local Rule 79-5** (governing the sealing of documents in the Central District of California);

   VI.   **Relevant Case Law,** including *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) and *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir.), as well as the Central District's Civility and Professionalism Guidelines.

## II. STATEMENT OF FACTS

### A. Unredacted Inclusion of Personal Contact Information

   Defendant Barresi's filing in this litigation contained Plaintiff's history of residential addresses, telephone numbers, and email addresses in an unredacted format.

Plaintiff provided such sensitive personal data under the reasonable and express assumption of confidentiality. Its subsequent public disclosure directly violates this expectation and runs afoul of both constitutional privacy protections and the redaction requirements mandated by Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-1.

The disclosure contravenes the Central District's established policies, which require that home addresses be redacted to display only the city and state, as set forth in the district's document redaction guidelines and the guidance provided under FRCP 49.1.

## B. Defendant's Invasive and Retaliatory Conduct

Defendant Barresi's conduct extends beyond mere disclosure. He has systematically engaged in harassment, intimidation, and witness tampering. For instance, he procured a non-public photograph of Plaintiff taken in Salzburg, Austria a photograph which Plaintiff has never published and appended evidentiary details, including the presence of a Mozart ring (a detail that serves to demonstrate his access to her social connections, declarants, and to further intimidate her).

In addition to this egregious intrusion, Defendant's conduct extends to unauthorized access to Plaintiff's financial records and other sensitive data. Co-Defendants threaten mortality. His actions were clearly retaliatory, precipitated by Plaintiff's proper service on Co-Defendant Adam Waldman, thereby demonstrating a deliberate intent to coerce, humiliate, and cause further harm.

Such conduct not only violates the common law duty of confidentiality but also impermissibly exploits Plaintiff's private information in a manner that violates her rights under both the Fourth Amendment and Due Process protections.

## C. Protective Precedent in Related Proceedings

Subpoenas for 11 witnesses in concurrent Hawaii restraining order hearings were approved after their complete residential addresses were redacted, indicating that the Court understood the dangers of revealing private information. Plaintiff intends to subpoena far more fact witnesses in this case. In this instance, it is both required and justified to implement the same precautionary measures.

This practice is fully consistent with Local Rule 79-5 and the protective order authority under FRCP 5.2, 49.1, FRCP 26(c) to prevent potential harassment and witness tampering.

The judicial acceptance of these redactions establishes a clear and persuasive precedent that the public disclosure of sensitive personal information creates a

significant risk of harm, thereby justifying similar protective measures in the instant matter.

**D. Imminence and Irreparability of Harm**

The substantial and imminent risk of repeated harassment and retaliatory violence is immediately created by the continued public disclosure of Plaintiff's unredacted personal contact information.

Such injury is intrinsically irreparable, as monetary damages are incapable of adequately compensating for the loss of privacy or reducing the threat to Plaintiff's emotional and physical health.

The unredacted records, if left accessible, would violate the protective objectives of both FRCP 5.2, FRCP 26(c) and the Central District's confidentiality guidelines and expose Plaintiff to additional constitutional rights violations.

**III. ARGUMENT AND AUTHORITIES**

**A. Constitutional and Statutory Right to Privacy and Due Process**

**Precedent on Protections:**

As articulated in *Doe v. City of Los Angeles*, 79 F.3d 1000 (9th Cir. 1996), the nonredacted public disclosure of sensitive personal information constitutes an unreasonable invasion of privacy. Plaintiff's unredacted personal contact information, if disseminated, will expose her to significant risks—including stalking, harassment, and further invasions of her privacy—

**VII.   Due Process:**

The Due Process Clause ensures that no individual shall be deprived of their life, liberty, or property without the due process of law. This protection has been interpreted to incorporate an individual's interest in personal privacy and security. In Mathews v. Eldridge, 424 U.S. 319 (1976), the Court determined that the deprivation of fundamental privacy interests necessitates the implementation of robust procedural safeguards. Plaintiff's rights are violated by the disclosure of her complete, unredacted contact history, which not only jeopardizes her personal security but also undermines her capacity to securely engage in judicial proceedings.

**VIII.   Statutory and Common Law Protections:**

Federal statutes and established common law doctrines impose significant restrictions on the dissemination of personal data. For instance, the Telephone Consumer Protection Act (TCPA) and various

state privacy statutes limit the use and disclosure of personal contact information, particularly where such disclosure may facilitate harassment or stalking. Moreover, common law privacy torts have long recognized a right to be free from unwarranted public exposure of sensitive personal information. The cumulative effect of these protections underscores that Plaintiff's unredacted contact information must be shielded from public view.

**B. Ex Parte Relief and the Good Cause Standard**

**Immediate Necessity for Relief:**

Under Local Rule 7-19 and the protective order authority conferred by FRCP 26(c), ex parte relief is warranted when there is a demonstrable need to prevent imminent harm. Here, Defendant Barresi's systematic pattern of malicious, retaliatory conduct creates an imminent risk of irreparable harm to Plaintiff. The urgency of this matter, as supported by the evidentiary record, satisfies the "good cause" standard, justifying the immediate redacting of Plaintiff's contact information without prior notice, subject to the Court's discretion and good will.

**Irreparable Harm Beyond Monetary Relief:**

As established in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008), when harm is irreparable—such that it cannot be remedied by monetary damages—injunctive relief becomes the sole effective remedy. The public dissemination of Plaintiff's unredacted contact history exposes her to ongoing and irreparable risks of stalking, harassment, and retaliatory violence. Financial award cannot adequately compensate for the loss of privacy or the threat to her physical and emotional well-being; thus, protective records is an immediate effective remedy.

**C. Judicial Consistency and the Imperative for Protective Orders**

**Precedent for Redacting Sensitive Information:**

The Central District of California has consistently authorized the redacting of sensitive information in situations where public disclosure would result in a substantial risk. Subpoenas issued for eleven witnesses in related restraining order proceedings were accepted by the Clerk for issuance after the redaction of their full residential addresses, as required by Local Rule 79-5 and the protective provisions of FRCP 5.2, 49.1, FRCP 26(c). This established practice is directly applicable to the current situation and serves as evidence that the public disclosure of sensitive contact information poses a significant risk of additional damage.

**Balancing Public Transparency with Individual Security:**

Although transparency in judicial records is a critical component of open government, this interest must be sacrificed when the disclosure of sensitive information poses a tangible hazard to personal safety. The Ninth Circuit has consistently maintained that the public's right to access must be balanced against the potential injury to associated individuals, as demonstrated in *Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003)*. In this instance, the protective order that conceals Plaintiff's contact information from public view is justified by the significant threat to her privacy and security.

## D. Additional Argument: Defendant's Dangerous, Malicious, and Retaliatory Conduct

## Intrusive and Coercive Behavior:

Defendant Barresi's conduct, with intimidation of mortality, exploitation of and threats to family, and coercion of witnesses to not declare, including the unauthorized procurement of a nonpublic photograph of Plaintiff in Salzburg, demonstrates a deliberate invasion of Plaintiff's privacy. This behavior is designed to intimidate, coerce, and manipulate, thereby substantially increasing Plaintiff's risk of future harm. This pattern mirrors the intimidation tactics employed in the case of In *Busch v Pellicano and Orvitz*, where journalist Anita Busch was subjected to harassment orchestrated by private investigator Anthony Pellicano on behalf of principals and lawyers, leading to various tort and statutory claims.

## E. Violations of the Central District's Civility and Professionalism Standards

The U.S. District Court for the Central District of California's Civility and Professionalism Guidelines mandate that attorneys and litigants "**treat adverse parties and witnesses with fairness and due consideration**." Defendant's conduct, involving the public exposure of Plaintiff's personal contact information in contravention of explicit court standards requiring redaction, constitutes a clear breach of these fundamental principles of professionalism.

This Court bears the responsibility to enforce ethical litigation practices and to prevent the misuse of court filings as tools for intimidation against opposing parties. Other courts have consistently taken corrective measures in response to similar misconduct. For instance, in *Prenda Law v. Godfread*, the court sanctioned attorneys for engaging in vexatious conduct, including the improper disclosure of personal information, underscoring the judiciary's intolerance for such unethical behavior. In alignment with this precedent, Plaintiff respectfully requests that this Court grant the present application to redact her personal contact history, thereby

11

EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS REQUEST AND OBJECTION TO DEFENDANTS' INTIMIDATION (Pursuant to Privacy Protection FRCP 5.2, 49.1, LR 5.2-1, LR 79-5, LR 7-19, FRCP 26(c))

upholding the integrity of the judicial process and safeguarding the privacy rights of individuals involved.

**Retaliation and Blackmail:**

Defendant's retaliatory actions taken in response to Plaintiff's proper service on Co-Defendant Adam Waldman include unauthorized access to Plaintiff's financial records and other coercive measures. Such actions reveal a pattern of racketeering and blackmail, consistent with the precedents established in *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir.). The defendant's conduct is not only malicious but also demonstrative of his intent to silence and intimidate through the strategic exploitation of sensitive personal information.

**Corroborative Evidence – The Anthony Fox Matter:**

Plaintiff incorporates evidence from the Anthony Fox matter, including key email threads (e.g., "Fwd: ANTHONY FOX'S DAUGHTER CONSTANCE," "Fwd: ANTHONY FOX – ENDANGERED MISSING PERSONS INVESTIGATION, NO. VPD 01-18806," and "Fwd: Anthony Fox Missing Person Investigation VPD 01-18806") and the case *Anthony V. Fox vs. Safe In Heaven Dead Productions, Inc. et al* (Superior Court of California, County of Los Angeles, Case No. SC062176). This evidence substantiates Defendant Barresi's use of coercive tactics, thereby reinforcing the need to redact Plaintiff's contact information to preclude further exploitation and retaliation.

**Procedural Norms and Civility Requirements:**

No provision of Local Rule 7-4 or any similar procedural norm mandates the disclosure of a party's full historical contact information. Moreover, the Central District's Civility and Professionalism Guidelines require that all parties treat adverse parties and witnesses with fairness and respect and prohibit conduct that is intended primarily to harass or unduly burden an opposing party. Defendant Barresi's unredacted disclosures not only violate these guidelines but also exacerbate the risk of ongoing harm.

## IV. CONCLUSION

For the foregoing reasons and in order to prevent the imminent and irreparable harm that would result from the continued public disclosure of Plaintiff's sensitive personal contact information and witnesses intimidated by thus, which jeopardizes constitutional rights under the Fourth Amendment and the Due Process protections, Plaintiff respectfully requests that this Court grant the following relief:

1. **Redact Relevant Records:**
   Issue an order redacting future filings and records that contain overbroad

historical residential addresses, telephone numbers, and email addresses pursuant to Local Rule 79-5. Such privacy protection is essential to prevent further violations of Plaintiff's privacy and to forestall the risk of stalking, harassment, and retaliatory conduct.

2. **Sustain Plaintiff's Objection:**
Accept and uphold the Plaintiff's unambiguous objection to the public disclosure of her unredacted personal information. This action is essential to guarantee adherence to the Central District's document redaction guidelines, which include the requirements of FRCP 5.2 and FRCP 49.1, and to maintain the Court's Civility and Professionalism Guidelines, which require that all parties be treated with fairness and respect.

3. **Mandate Future Redaction:**
Direct the Clerk to require that any future submissions containing Plaintiff's personal contact information be properly redacted prior to public posting. Such redaction must comply with the Central District's redaction standards (as outlined in Local Rule 5.2-1) to ensure that only minimal identifying information (i.e., city and state for home addresses) is disclosable.

4. **Grant Relief Even for Film, Music, Arts Related Cases:**
Grant relief deemed necessary and proper, including the issuance of a protective order under FRCP 26(c), to safeguard Plaintiff's privacy, personal safety, and the integrity of judicial proceedings. This protective relief is critical to preclude further harassment, stalking, witness tampering, or retaliatory conduct by Defendant Barresi or any co-defendants, as established in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) and *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir.).

With Good Cause in the Application, Memorandum, Declaration, and Proposed Order, Plaintiff requests **Privacy Protection Standards**, **even for cases related to film, music, arts and *pro se* witnesses**. Safeguarding sensitive redactions prevents vulnerabilities and coercion, ensuring that witnesses and victims may declare. Providing protective assurance opens precedent for civility, relief, and justice.

Respectfully submitted this 3rd day of March, 2025,

*Christina Taft*

*Pro Se Plaintiff - Christina Taft*

EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS REQUEST AND OBJECTION TO DEFENDANTS' INTIMIDATION (Pursuant to Privacy Protection FRCP 5.2, 49.1, LR 5.2-1, LR 79-5, LR 7-19, FRCP 26(c))

1

## **<u>Verification Of Oath</u>**

2   I certify that the information herein is true and correct to the best of my knowledge

3   and belief. This attestation is made under oath under the laws of the United States.

4

5   Dated: March 3, 2025

6   *Christina Taft*

7   CHRISTINA TAFT
    Plaintiff in Pro Per
8   United States

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

CHRISTINA TAFT v. PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive.

5:24-cv-01930-TJH-DTB

I, the undersigned, certify and declare that I am at least 18 years of age. I am a resident of the United States.

On February 16th, 2025, I served a true copy of filings:

**(1) Application of Request for Privacy Protection Standards and Objection to Co-Defendants' Intimidation, (2) Memorandum of Points of Authorities, (3) Declaration, (4) Exhibits A-D in Support of Privacy Protection Standards and Objection, (5) [Proposed] Order**

__X__ (By Electronic Transmission) I caused the document(s) described herein to be electronically transmitted and served via the Pacer system. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E)

____ (By Delivery) I caused the document(s) described herein to be delivered to the person(s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

| | |
|---|---|
| 1. MELISSA Y. LERNER<br>2. MEGAN S. MALLONEE<br>LAVELY & SINGER PROFESSIONAL CORPORATION<br>ATTORNEYS AT LAW<br>2049 CENTURY PARK EAST, SUITE 2400<br>LOS ANGELES, CALIFORNIA 90067-2906 | *Attorneys for Defendants,*<br>PAUL BARRESI, ADAM R WALDMAN |

I declare under oath and penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in the United States on **March 3, 2025**.

_____.

**Christina Taft**
**Plaintiff in Pro Per**

EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS REQUEST AND OBJECTION TO DEFENDANTS' INTIMIDATION (Pursuant to Privacy Protection FRCP 5.2, 49.1, LR 5.2-1, LR 79-5, LR 7-19, FRCP 26(c))