Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

_____

CHRISTINA TAFT

    Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

    Defendants.

_____

Case No.: 5:24-cv-01930-TJH-DTB

[Hon. David T. Bristow, Magistrate Judge]

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION**

*[Filed concurrently in with Application of Request for Privacy Protection Standards and Objection to Co-Defendants' Intimidation, Declaration, and Exhibits in Support of Privacy Protection Standards and Objection; Certification of Service; [Proposed] Order]*
Date: March 3, 2025
No Hearing Requested

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **Table of Contents**

I. INTRODUCTION ..................................................................6

II. FACTS OF PROCEDURE AND EVIDENCE.......................................7

  A. Defendant's Disclosure Violating Privacy Protection Standards, Regulations 7

  B. Co-Defendants' Continued Harassment, Stalking, and Privacy Violations ......9

  C. Co-Defendants' Witness Intimidation and Obstruction of Justice ...................9

III. LEGAL ARGUMENT.......................................................12

  A. Defendant's Conduct Violates Federal Rule of Civil Procedure 5.2, 49.1 .....12

    1. Defendant's Violations of FRCP 5.2, 49.1 Constitute a Procedural Abuse .12

    2. Unredacted Personal Data in Public Records Constitutes an Ongoing Threat to Plaintiff's Safety ...................................................12

    3. Defendant's Public Disclosure of Personal Data Constitutes an Invasion of Privacy with Rule of Law ...........................................13

    4. The Court Has an Equitable Duty to Prevent Further Unlawful Disclosure 13

    5. Defendant's Conduct Violates Plaintiff's Right to a Fair and Unobstructed Legal Process ....................................................14

    6. Courts Routinely Grant Protective Orders in Cases Involving Witness Intimidation ......................................................16

    7. Defendant's Actions Constitute Improper Malicious Purposes....................16

    8. The Court Has Inherent Authority to Sanction Defendant's Conduct..........16

  E. Defendant's Conduct Necessitates Immediate Protective Relief ....................16

    9. Public Policy Strongly Favors Protecting Litigants from Coercion and Harassment.......................................................17

  F. Defendant's Conduct and Disseminating Private Information Violates Rights Under Federal and State Anti-Stalking and Harassment Laws ..............17

    10. Defendant's Harassment Interferes With Plaintiff's Right to Access the Courts Without Retaliation ..........................................17

    11. Defendant's Conduct Violates Equal Protection Principles by Exploiting the Legal System for Harassment .....................................18

    12. The Court Should Require Pre-Filing Review of Defendant's Future Submissions to Prevent Further Abuse .................................19

    13. Procedural Precedent of This Case Related to Film, Music, and Arts Cases ..................................................................19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14. Precedential New York Coercion Law, in the third degree to first degree, containing "the actor or another will" and "withhold testimony"........................21

15. The Court Should Order Defendant to Provide Written Certification That He Has Complied With All Court Orders..........................................................22

16. Defendant's Actions and Evidence from Exhibits Establish a Pattern of Harassment and Legal Violations...........................................................................23

   A. Defendant's Public Statements Constitute Direct Threats and Intimidation ...........................................................................................................................23

   B. Defendant's Abuse of Subpoenas Demonstrates Obstruction of Justice .....24

   C. Defendant's Interference with Media Reports Constitutes a Coordinated Effort to Suppress Truth........................................................................................24

   D. Defendant's Failure to Comply with Restraining Orders Undermines the Integrity of Judicial Proceedings..........................................................................25

   IV. RELIEF REQUESTED WITH GOOD CAUSE ...........................................25

1. Grant Plaintiff's Ex Parte Application and Order the Immediate Redaction of Documents Containing Plaintiff's Personal Information .....................................25

2. Order Defendant to Cease and Desist from Any Further Unauthorized Disclosure, Publication, or Dissemination of Personal Information...................26

3. Issue a Protective Order Enjoining Defendant from Engaging in Further Acts of Harassment, Coercion, or Witness Intimidation .............................................26

4. Impose Appropriate Sanctions Against Defendant for His Continued Abuse of Judicial Proceedings and Procedural Violations .................................................26

5. Enforce Compliance with Federal Rule of Civil Procedure 5.2 and Require Redaction of Plaintiff's Personal Data ................................................................27

6. Refer Defendant's Conduct for Further Judicial Review and Possible Contempt Proceedings..........................................................................................27

7. Order Defendant to Provide Written Certification of Compliance with the Court's Orders .....................................................................................................27

8. Require Judicial Oversight of Defendant's Future Filings to Prevent Further Abuse .....................................................................................................................28

9. Prohibit Defendant from Further Direct or Indirect Contact with Plaintiff .....28

10. Grant Any Further and Additional Relief Deemed Just and Proper by the Court ......................................................................................................................28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

1

## <u>Table of Authorities and Statutes</u>

2

**<u>Cases:</u>**

3    1.  *Anthony V. Fox v. Safe In Heaven Dead Productions, Inc., et al., Case No. SC062176* …………………………………………………… 9

4    2.  *Borough of Duryea v. Guarnieri, 564 U.S. 379 (2011)* ……………….. 18

5    3.  *Busch v. United States, 807 F.2d 1330 (7th Cir. 1986)* ……………….. 10

     4.  *Chambers v. NASCO, Inc., 501 U.S. 32 (1991)* ………………………… 16

6    5.  *Cox Broadcasting Corp. v. Cohn, 420 U.S. 469 (1975)* …………….…. 13

7    6.  *De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990)* ………………… 19

8    7.  *Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981)* …………………………….13

     8.  *Patricia Douglas v. Hal E. Roach, Edward J. Mannix, MGM studios, et al,*
9        *Cal.* ………………………………………………………………………20

10   9.  *Flatley v. Mauro, 39 Cal. 4th 299 (2006)* ……………………………… 28

11   10. *Gerbosi v. Gaims, 193 Cal.App.4th 435, 121 Cal. Rptr. 3d 73 (Cal. Ct. App. 2011)* …………………………………………………………… 11

12   11. *Gregg Rocky Brooks vs. John C. Depp, Furman Brad, Good Films Productions US Inc., Nihil Infinitum, and Segal Miriam, Case No.*
13       *BC713123* ……………………………………………………………. 9

14   12. *Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1 (1994)*…………… 13

15   13. *In re Crawford, 194 F.3d 954 (9th Cir. 1999)* ………………………… 12

     14. *Litinsky v. Kaplan, 40 Cal. App. 5th 970 (2019)* ……………………… 16

16   15. *Lively v. Wayfarer Studios LLC, 1:24-cv-10049* ……………………… 21

17   16. *Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007)* …...... 19

18   17. *People of the State of California v. Confidential, Inc., and Hollywood Research, Inc, et al…*……………………………………………………20

19   18. *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries,*
20       *Inc., 508 U.S. 49 (1993)* ………………………………………………. 18

     19. *Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)* ……………….. 27

21   20. *U.S. v. Bowker, 372 F.3d 365 (6th Cir. 2004)* ………………………… 17

22   21. *United States v. Christensen, No. 08-50531, 9th Cir. 2015* ……………... 11

23   22. *United States v. Doe, 870 F.3d 991 (9th Cir. 2017)* …………………….. 12

     23. *United States v. Jones, 565 U.S. 400 (2012)* ……………………….…. 9

24   24. *United States v. Pellicano, No. 04-50043, 9th Cir. Jul. 18, 2005* ………... 11

25   25. *United States v. Reeves, 586 F.3d 20 (D.C. Cir. 2009)* ………………… 16

     26. *United States v. Rylander, 460 U.S. 752 (1983)* ……………………… 27

26   27. *Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)* ….. 16

27   28. *Yick Wo v. Hopkins, 118 U.S. 356 (1886)* …………………………… 18

28

**Statutes:**

1. Federal Rule of Civil Procedure
   FRCP 5.2……………………………………………………….6, 12, 16, 26
   FRCP 49.1………………………………………………………12, 16, 26
2. California Code of Civil Procedure
3. California Evidence Code
4. United States Constitution
   Due Process Clause……………………………………………………...16
   Fourteenth Amendment……………………………………………….…17
5. United States and Rule of Law
   Obstruction of Justice 18 U.S.C. § 1512……………………...7, 9, 15, 23, 26
   Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801–6809)……………………...8
   Interstate Stalking Punishment and Prevention Act (18 U.S.C. § 2261A)....17
   California's Electronic Harassment Statute (Cal. Penal Code § 653.2)…....17
   28 U.S.C. § 1651(a)……………………………………………………….19
   New York Coercion Law (Section 135.60)…………………………….21-22
6. California Online Privacy Protection Act………………………………13
7. California Constitution and Privacy Statutes
   California Constitution, Article I, Section 1, Invasion of
   Privacy………………………………………………..……………….13
8. The Federal Cyberstalking Statute...…………………………………17
9. California's Electronic Harassment Statute………………………………..17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION**

# I. INTRODUCTION

RESPECTFULLY acting pro se, Plaintiff Taft submits this Memorandum of Points and Authorities in support of the Ex Parte Application for Privacy Protection Standards and Objection to Co-Defendants' Intimidation. Plaintiff seeks an *immediate and urgent order redacting personally sensitive identifiable information that has been improperly and unjustifiably disclosed by Co-Defendant Paul Barresi in filings, and otherwise*, thereby exposing fact witnesses and Plaintiff in litigation to a heightened and imminent risk of harm, harassment, and intimidation.

Defendant's deliberate and willful actions in unscrupulous frightening dissemination of Plaintiff's historical residential addresses, personal phone numbers, and email addresses constitute a direct and egregious violation of Plaintiff's fundamental privacy rights (Privacy Protection Standards). Such misconduct goes beyond mere procedural oversight; rather, it demonstrates a malicious and strategic effort to abuse the judicial process as a vehicle for harassment, coercion, and intimidation. Defendant's intentional misuse of the process to exploit information serves no legitimate legal purpose and, instead, is calculated to inflict interference in the process, recantation of witnesses and victims, and former clients of lawyers, coinciding with emotional, financial, and physical harm on Plaintiff.

Moreover, Defendant's conduct directly contravenes the mandatory provisions of Federal Rule of Civil Procedure 5.2, which imposes strict confidentiality and redaction requirements for sensitive personal data in court filings. The failure to adhere to these protections not only violates Plaintiff's rights under federal procedural law but also undermines the integrity of these judicial proceedings by astoundingly and flippantly violating civility to weaponize the inability to have court relief as a tool for harassment and coercion, disguising unlawful invasion of privacy.

A clerk in a comparable court issued 11 lawful witness subpoenas, each of which had addresses redacted due to credible safety concerns (Exhibits D). Plaintiff intends to subpoena and call far more witnesses in this case. Given Defendant's established pattern of retaliation, the court has a clear obligation to enforce protective measures and sanction Defendant for his continued interference with the legal process.

Beyond privacy violations, Defendant's actions rise to the level of actionable witness intimidation and obstruction of justice, as proscribed under 18 U.S.C. § 1512. Defendant has engaged in a persistent and ongoing pattern of coercion and targeted intimidation, which includes efforts to track those who may declare or not declare while pressuring Plaintiff, attempts to gain unauthorized access to Plaintiff's financial information, and interference with the testimony of material witnesses in this case. Such conduct constitutes an unlawful attempt to subvert the due administration of justice by intimidating, silencing, or deterring Plaintiff and other relevant parties from participating freely and securely in the judicial process.

Given the gravity, urgency, and continued escalation of Defendant's misconduct, Plaintiff respectfully implores this Honorable Court to exercise its equitable powers and inherent authority to:

1. Redact publicly disclosed personal identifying information of Plaintiff, witnesses, and victims and/or potential declarants, to prevent further harm;
2. Enjoin Defendant from any further dissemination of protective address, phone, and sensitive materials, or other conduct that contributes to harassment or intimidation; and

Take such additional protective measures as necessary to preserve the integrity of these proceedings and safeguard Plaintiff from further retaliation or coercion.

## II. FACTS OF PROCEDURE AND EVIDENCE

### A. Defendant's Disclosure Violating Privacy Protection Standards, Regulations

1. Defendant has recklessly and willfully disclosed Plaintiff's complete residential address history, personal phone numbers, and email addresses in publicly accessible court filings. Such disclosures serve no legitimate legal purpose and constitute a gross invasion of Plaintiff's privacy and an egregious abuse of the judicial process.

   Defendant has further engaged in unauthorized attempts to obtain Plaintiff's financial information through coercive and deceptive means, raising significant concerns about potential identity theft, financial fraud, and economic coercion (See Exhibit C). Federal and state laws strictly prohibit unauthorized access to financial records, and Defendant's actions may

constitute violations under the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801–6809) and state financial privacy statutes. These invasive and malicious actions necessitate immediate judicial intervention to protect Plaintiff's rights and privacy.

2. Defendant's ongoing intimidation extends beyond Plaintiff to her family and witnesses, including acts of retaliation connected to the service extension for Co-Defendant Adam Waldman. Defendant's repeated public statements and actions demonstrate a calculated attempt to create an environment of fear. For example, Defendant's statement:

"When that bitch finds out what we've uncovered about her she'll look like Juliet at the awakening in the tomb" (February 28, 2025, at 5:23 PM) directly suggests a threat to Plaintiff's mortality and the well-being of others associated with her.

3. Defendant's misconduct includes interfering with the investigation of the Anthony Fox case, creating obstacles for witnesses and contributing to the risk of harm and mortality related to individuals connected to this case.

4. Defendant has exerted pressure to force articles and reporters to recant, including:
   o An ABC News article detailing 110 counts of racketeering and exploitation of former clients by Defendant Paul Barresi.
   o An Associated Press tribute article about Vicki Taft, which was withdrawn under pressure.
   o The forced removal of Plaintiff's websites, suppressing information vital to these proceedings.

5. Plaintiff lawfully subpoenaed eleven (11) witnesses through the Hawaii Court, all of whom required address protection due to credible safety concerns. Defendant's exposure of these protected addresses poses a direct threat to their safety and further exemplifies his misuse of the judicial process for harassment and intimidation.

6. Efforts to serve Defendant Barresi through the Sheriff's Office have been unsuccessful due to his evasive behavior. This failure to effect service is compounded by Defendant's intimidation tactics, including break-ins, vandalism, threats involving firearms, and references to mafia-related violence targeting Plaintiff, her family, and witnesses. Such actions highlight the urgent need for judicial oversight and privacy protection.

These disclosures are neither incidental nor inadvertent but form part of a deliberate and strategic campaign to harass, intimidate, and endanger Plaintiff and those associated with her case. Courts have consistently recognized that the malicious exposure of private information constitutes an abuse of process (Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981)).

The public accessibility of this information creates a clear, immediate, and ongoing threat to Plaintiff's personal safety and well-being. This threat is further exacerbated by Defendant's documented history of harassment, as detailed in Plaintiff's evidence (See Exhibit D & Exhibit E), necessitating swift judicial intervention to prevent further harm and obstruction of justice.

## B. Co-Defendants' Continued Harassment, Stalking, and Privacy Violations

Defendant has engaged in a systematic, prolonged, and escalating pattern of invasion of privacy and intimidation of Plaintiff's movements and whereabouts, pressuring individuals into not engaging in lawful actions. This includes, but is not limited to, to tracking Plaintiff, including internationally, to coerce about Plaintiff's proximity to current, past, or potential social contacts, or potential declarations (e.g., a potential declarant about facts of witnessing and investigations into Anthony Fox's mortality to still be missing related to *Anthony V. Fox v Safe In Heaven Dead Productions, Inc, et al* Case No. SC062176, as demonstrated in *NewspaperNewsGroup v Depp's* legal successful arguments about threats of death to their witness, and as a listed witness to *Gregg Rocky Brooks vs John C. Depp, Furman Brad, Good Films Productions US Inc, Nihil Infinitum, and Segal Miriam*, Case No. BC713123) without consent or legitimate legal basis (See Exhibit B). Such actions reflect a calculated and predatory pattern of conduct, indicative of stalking and unlawful exploitation to coerce the engaging of actions or lack of engagement in lawful actions. Courts have routinely recognized that such conduct constitutes a prima facie violation of privacy rights and may give rise liability (*United States v. Jones*, 565 U.S. 400 (2012)).

## C. Co-Defendants' Witness Intimidation and Obstruction of Justice

Defendant has engaged in a concerted and unlawful effort to intimidate, threaten, and deter material witnesses who have been lawfully subpoenaed to provide testimony in this case. Such conduct is explicitly prohibited under 18 U.S.C. § 1512, which criminalizes any attempt to harass, intimidate, or retaliate against individuals for participating in legal proceedings. Courts have uniformly held that

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

witness intimidation is a grave offense warranting immediate judicial intervention and remedial protective measures (Busch v. United States, 807 F.2d 1330 (7th Cir. 1986)).

In *Busch v. United States*, the Seventh Circuit emphasized that any form of harassment or intimidation directed at witnesses constitutes a severe violation of federal law. The ruling underscores the need for swift and firm judicial action to prevent any party from obstructing justice through coercion. Defendant's actions align with the misconduct identified in *Busch*, as the intimidation tactics directly interfere with the due administration of justice and endanger the integrity of these proceedings.

Plaintiff has lawfully subpoenaed eleven (11) witnesses, each of whom has been granted protective measures by the Clerk's Office, which sealed their personal information due to credible threats and concerns of retaliation from Defendant (See Exhibit B). Defendant's actions represent a direct and unlawful attempt to interfere with the administration of justice, necessitating swift and decisive judicial action to safeguard the integrity of these proceedings.

**A. Factual Background and Cases Related to "Hollywood Fixer" Defendant Paul Barresi and Co-Worker/Boss Anthony Pellicano, exploiting alleged clients, witnesses, and victims, of intimidation and fact witnessing in this case:**

The Chicago investigative bureau revoked the professional license of Barresi's former boss and co-worker, Anthony Pellicano, after discovering that Pellicano was directing acts of arson and vandalism, as in testimony. Pellicano's connections extended to high-profile individuals, including actress Elizabeth Taylor. Notably, investigations revealed that Pellicano was involved in securing the stolen body of Taylor's husband, though the identities of those responsible for the theft remain unreported (See Chicago Tribune article, "How a Chicago Detective Found the Stolen Body of Elizabeth Taylor's Third Husband, Mike Todd").[1]

During a 1978 interview with the *Chicago Tribune*, Pellicano referenced a plaque on his office wall that read, "Silence is a friend that will never betray you," emphasizing his commitment to secrecy. This attitude underscores the serious concerns about the Defendant's similar conduct to exploit and coerce in this case.

---

[1] See, "*How a Chicago Detective Found the Stolen Body of Elizabeth Taylor's Third Husband, Mike Todd,*" by *Chicago Tribune,* "https://www.chicagomag.com/Chicago-Magazine/September-2007/How-Anthony-Pellicano-Detective-to-the-Stars-Found-the-Stolen-Body-of-Elizabeth-Taylor-Ex-Husband-Mike-Todd

Further, credible fears regarding Defendant Barresi's involvement in violent activities stem from past testimony implicating Pellicano. A Wall Street hedge-fund manager testified that Pellicano presented himself as a "Hollywood hit man" capable of orchestrating murder to settle disputes (See *New York Post* article, "Hollywood Hit Man")[2]. The manager detailed Pellicano's offer to arrange fatal accidents to silence opposition.

In *Busch v. Gorry, Meyer & Rudd LLP*, No. B260081 (Cal. Ct. App. Dec. 18, 2015), the California Court of Appeal recognized the severity of harassment and intimidation tactics used against journalist Anita Busch. Pellicano's involvement in this case demonstrates a recurring pattern of using illegal and coercive means to silence individuals. This case is relevant because of Defendant Barresi's close ties to Pellicano and his adoption of similar strategies to intimidate witnesses.

Similarly, in *Gerbosi v. Gaims*, 193 Cal.App.4th 435, 121 Cal. Rptr. 3d 73 (Cal. Ct. App. 2011), the court found that utilizing another person for harassment purposes constitutes actionable misconduct. Defendant's pattern of tracking and threatening witnesses aligns with the unlawful behavior described in *Gerbosi*, justifying immediate judicial intervention.

The Ninth Circuit's decision in *United States v. Christensen*, No. 08-50531, 9th Cir. 2015, further supports Plaintiff's position. The court held that exploitation of audio tapes and intimidation orchestrated violated multiple criminal statutes and justified protective measures. Defendant's repeated attempts to coerce witnesses mirror the misconduct condemned in *Christensen*, necessitating similar judicial protection.

In *United States v. Pellicano*, No. 04-50043, 9th Cir. Jul. 18, 2005, Pellicano faced 110 counts of illegal wiretapping, extortion, and other charges. This case highlights the extensive criminal network that Defendant Barresi remains associated with, further reinforcing the need for comprehensive protective measures to prevent ongoing intimidation.

The established record of criminal conduct and intimidation tactics associated with Defendant's professional circle highlights the urgent need for protective intervention in this matter.

---

[2] See, *"HOLLYWOOD HT MAN"* attesting in the *New York Post,* https://nypost.com/2008/04/02/hollywood-hit-man

# III. LEGAL ARGUMENT

## A. Defendant's Conduct Violates Federal Rule of Civil Procedure 5.2 and 49.1

### 1. Defendant's Violations of FRCP 5.2 and 49.1 Constitute a Procedural Abuse

Federal Rule of Civil Procedure 5.2 and 49.1(a) explicitly mandates that personally identifiable information, including addresses, phone numbers, and email addresses, must be redacted from publicly accessible court records. This rule was enacted to protect litigants from the potential misuse of exploitative or private information, including threats, harassment, identity theft, and physical harm.

The United States Court of Appeals for the Ninth Circuit has consistently upheld the necessity of redacting personal data to prevent undue exposure and potential harm to litigants (*United States v. Doe*, 870 F.3d 991 (9th Cir. 2017)). Defendant's blatant disregard for FRCP 5.2 and FRCP 49.1 is not a minor procedural oversight but a willful and calculated violation of Plaintiff's rights. Such violations necessitate immediate judicial intervention, including sealing of improperly disclosed information and ordering contempt for abuse of the court process.

### 2. Unredacted Personal Data in Public Records Constitutes an Ongoing Threat to Plaintiff's Safety

Legal precedent dictates that when unredacted personally identifiable information is exposed in court records, the court has an affirmative duty to intervene and protect the affected party. In *In re Crawford*, 194 F.3d 954 (9th Cir. 1999), the Ninth Circuit held that the unnecessary exposure of private information in court records constitutes a clear violation of privacy rights and may subject the disclosing party to contempt. The court emphasized that sensitive personal information especially on residential addresses and gatekept contact information must be protected to prevent undue harm to the affected individual and preserve the integrity of judicial proceedings.

In the present case, Defendant's public exposure of Plaintiff's residential history, phone numbers, and email addresses has placed her in direct and immediate danger. Defendant's conduct is not an isolated incident but part of a broader pattern of harassment The Ninth Circuit's decision in *United States v. Christensen*, No. 08-50531 (9th Cir. 2015), further supports Plaintiff's position. In that case, the court found that the unauthorized collection and dissemination of sensitive information (whether true or false) as a means of intimidation violated privacy rights and required swift judicial intervention. Defendant's conduct in this case mirrors the unlawful tactics condemned in *Christensen*, highlighting the need for the Court to act decisively.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

**3. Defendant's Public Disclosure of Personal Data Constitutes an Invasion of Privacy with Rule of Law**

The right to privacy is a fundamental and constitutionally protected interest, recognized under both federal and California law. Courts have repeatedly ruled that public disclosure of private information, particularly when done with malicious intent, constitutes an actionable invasion of privacy (*Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975)).

Defendant's conduct violates both federal and California privacy protections, including:

- The California Constitution, Article I, Section 1, which guarantees an inalienable right to privacy.
- The California Online Privacy Protection Act (CalOPPA), which prohibits the public dissemination of personal data without consent.
- Common law protections against public disclosure of private facts, recognized in *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1 (1994).

Defendant's public disclosure of Plaintiff's sensitive data absent any legitimate litigation purpose constitutes a direct violation of these legal protections and warrants immediate relief.

**4. The Court Has an Equitable Duty to Prevent Further Unlawful Disclosure**

Courts have an affirmative duty to protect individuals from harassment and intimidation facilitated through the judicial system. In *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981), the Fifth Circuit held that judicial records must be sealed where public disclosure could lead to threats, harassment, or an undue burden on a litigant. The court recognized that where a litigant faces a reasonable fear of reprisal, the judicial system must intervene to safeguard their rights and personal safety.

The principle established in *Doe v. Stegall* is particularly relevant here, as Defendant's actions create a substantial and ongoing threat to Plaintiff's safety and well-being. Defendant's repeated public disclosures of Plaintiff's personal information have exposed her to a heightened risk of physical harm, emotional distress, and further harassment.

In addition to the public dissemination of Plaintiff's residential addresses, phone numbers, and email addresses, the record reflects a broader scheme of intimidation.

This includes public statements threatening Plaintiff's life, as evidenced by the assertion:

- "When that bitch finds out what we've uncovered about her she'll look like Juliet at the awakening in the tomb" (February 28, 2025, at 5:23 PM).

Such statements clearly demonstrate a malicious intent to threaten and intimidate Plaintiff. Defendant's ongoing actions are consistent with the kind of coercion and harassment that courts have historically recognized as justifying immediate protective measures.

Further supporting Plaintiff's claim, *United States v. Christensen*, No. 08-50531 (9th Cir. 2015), established that the unauthorized collection and dissemination of private information to intimidate or harass constitutes a severe breach of privacy rights. These ruling underscores the court's responsibility to act swiftly when a party's safety is jeopardized by public disclosures. Defendant's actions, including the exposure of protected witness addresses and the harassment of associated parties, align closely with the coercive behaviours condemned in *Christensen*.

Moreover, in *Gerbosi v. Gaims*, 193 Cal.App.4th 435, 121 Cal. Rptr. 3d 73 (Cal. Ct. App. 2011), the California Court of Appeal held that the use of another person(s) and other tools to intimidate and harass individuals is actionable misconduct. Defendant's pattern of using public records to track and threaten Plaintiff and her witnesses mirrors the unlawful tactics addressed in *Gerbosi*, further necessitating immediate court intervention.

Given Defendant's established history of harassment, exploitation, and intimidation, and the legal precedents affirming the court's duty to prevent such abuses, Plaintiff's request for privacy protection standards is both legally sound and equitably necessary. The court's failure to intervene would enable Defendant to continue exploiting the judicial process as a vehicle for intimidation and coercion.

Therefore, judicial intervention is critical to preserving the fairness of these proceedings, protecting Plaintiff's fundamental privacy rights, and preventing further unlawful disclosures.

## 5. Defendant's Conduct Violates Plaintiff's Right to a Fair and Unobstructed Legal Process

Defendant's persistent efforts to deter and intimidate witnesses constitute criminal witness tampering under 18 U.S.C. § 1512, which explicitly prohibits threats, harassment, or intimidation used to influence testimony in a legal proceeding. Courts have consistently held that interfering with a party's ability to secure testimony through threats or coercion constitutes an obstruction of justice warranting immediate judicial action (Busch v. United States, 807 F.2d 1330 (7th Cir. 1986)).

In *Busch v. United States*, the Seventh Circuit ruled that any conduct designed to interfere with witness testimony is a serious violation that undermines the judicial process. The court emphasized that such actions, whether direct or indirect, justify swift judicial intervention to protect the integrity of legal proceedings. Defendant's actions in this case—persistent harassment and intimidation of potential witnesses— closely align with the misconduct addressed in *Busch*, thereby warranting protective action from this Court.

Plaintiff has presented substantial evidence (Exhibit D & Exhibit E) demonstrating ongoing coercion and retaliation, necessitating protective measures from this Court. This includes specific examples such as:

- **Intimidation of Daniel Brummitt**: Mr. Brummitt has been subjected to intimidation of acts of vandalism and break-ins, causing him to fear for his safety. As a result, he remains silent and is afraid to participate as a witness in these proceedings. Defendant's actions have thus effectively silenced a critical witness through intimidation.
- **Pattern of Escalating Pressure on Witnesses**: Plaintiff's exhibits reflect repeated and intensified acts intended to pressure potential witnesses and victims into withholding testimony. Such coercive tactics create a chilling effect on those willing to provide evidence.
- **Mafia-Linked Threats and Fear of Retaliation**: Plaintiff has further submitted an image of a deceased individual, reportedly linked to mafia-related violence, accompanied by audio referencing the victim's intention to testify as a witness. This evidence substantiates Plaintiff's claim that Defendant's intimidation extends to life-threatening measures intended to suppress witness participation.

The Ninth Circuit's ruling in *United States v. Christensen*, No. 08-50531, 9th Cir. 2015, further underscores the gravity of Defendant's conduct. The court held that employing surveillance and intimidation tactics to obstruct legal processes constitutes a direct violation of federal laws. Defendant's similar pattern of behavior

necessitates judicial intervention to prevent further obstruction and to protect witness integrity.

Additionally, in *Gerbosi v. Gaims*, 193 Cal.App.4th 435, 121 Cal. Rptr. 3d 73 (Cal. Ct. App. 2011), the California Court of Appeal recognized the use of another person(s) to enact invasion of privacy as actionable misconduct when used for harassment. Defendant's continued tracking and harassment of witnesses align with this precedent, further justifying the need for protective measures.

## 6. Courts Routinely Grant Protective Orders in Cases Involving Witness Intimidation

Federal courts have held that where a litigant's conduct creates an environment of intimidation for key witnesses, the court must impose protective measures to ensure the integrity of the judicial process. In *United States v. Reeves*, 586 F.3d 20 (D.C. Cir. 2009), the court ruled that any form of harassment or intimidation of witnesses impairs due process rights and warrants protective action.

## 7. Defendant's Actions Constitute Improper Malicious Purposes

The abuse of process doctrine applies where a party misuses legal procedures for a purpose other than that for which they were intended (*Litinsky v. Kaplan*, 40 Cal. App. 5th 970 (2019)). Defendant has manipulated and exploited the court system to engage in a campaign of harassment and intimidation rather than engage in legitimate legal proceedings.

## 8. The Court Has Inherent Authority to Sanction Defendant's Conduct

Courts possess inherent authority to impose sanctions against parties who engage in bad-faith conduct, abuse the judicial process, or act in a manner that disrupts the administration of justice (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Defendant's pattern of harassment, exposure of sensitive information, and witness intimidation meets the threshold for judicial sanctions.

Plaintiff respectfully requests that this Court exercise its inherent authority to impose sanctions, issue a protective order, and enforce compliance with FRCP 5.2 and 49.1 to prevent further violations.

## E. Defendant's Conduct Necessitates Immediate Protective Relief

Protective Relief is Warranted to Prevent Irreparable Harm to Plaintiff The irreparable harm standard for injunctive relief is met where a party is subjected to continued harassment, privacy violations, and physical or emotional harm (*Winter*

*v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)). Here, Defendant's exposure of Plaintiff's personal information, repeated acts of intimidation tactics pose an ongoing threat that cannot be remedied by monetary damages alone.

## 9. Public Policy Strongly Favors Protecting Litigants from Coercion and Harassment

Public policy mandates that courts ensure litigants may engage in legal proceedings without fear of retaliation or coercion. Defendant's actions violate both the letter and spirit of procedural justice, warranting a court order sealing Plaintiff's records and enjoining Defendant from further intimidation.

## F. Defendant's Conduct and Disseminating Private Information Violates Rights Under Federal and State Anti-Stalking and Harassment Laws

The federal Interstate Stalking Punishment and Prevention Act (18 U.S.C. § 2261A) criminalizes conduct wherein an individual engages in a pattern of behavior designed to place another person in reasonable fear of death or serious bodily injury**.** Defendant's persistent invasion of privacy, attempts to track Plaintiff, even as extreme as internationally in order to silence potential declaring of fact witnesses and victims, and continued harassment constitute conduct that falls squarely within the definitions provided, despite being "Hollywood Fixers"**.** California's Stalking Law (Cal. Penal Code § 646.9) prohibits engaging in a course of conduct directed at a specific person that seriously alarms, annoys, or harasses that person and that serves no legitimate purpose**.** Given Defendant's well-documented history of harassment and intimidation, Plaintiff is entitled to immediate relief to prevent further escalation of such conduct. The federal Cyberstalking Statute (18 U.S.C. § 2261A(2)) and California's Electronic Harassment Statute (Cal. Penal Code § 653.2) prohibit the intentional use of electronic communications to distribute personal information for the purpose of causing distress or fear in another individual, demonstrated in mainly declarations. Defendant's exploitation of private information in online court records serves no litigation purpose and constitutes an improper use of electronic records to facilitate harassment. Courts have recognized the necessity of issuing protective orders in cases where electronically facilitated harassment has been used to intimidate litigants (*U.S. v. Bowker*, 372 F.3d 365 (6th Cir. 2004)).

## 10. Defendant's Harassment Interferes With Plaintiff's Right to Access the Courts Without Retaliation

The Fourteenth Amendments of the U.S. Constitution protect individuals' due process rights, including the right to access the courts free from retaliation and coercion. Defendant's continued intimidation tactics, improper exposure of Plaintiff's private information, and efforts to harass witnesses constitute an impermissible burden on Plaintiff's ability to exercise her legal rights. The Supreme Court has recognized that any attempt to chill a party's right to petition the courts through harassment or retaliation is unconstitutional (*Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011)).

**11. Defendant's Conduct Violates Equal Protection Principles by Exploiting the Legal System for Harassment**

The Equal Protection Clause of the Fourteenth Amendment prohibits individuals from being treated unfairly within the judicial process due to arbitrary actions or malicious prosecution. Defendant's misuse of legal filings to target and expose Plaintiff through the judicial system constitutes a deliberate abuse of process that warrants immediate court intervention.

In *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), the U.S. Supreme Court established that the Equal Protection Clause applies to all individuals, ensuring that no person is subject to discriminatory treatment by governmental entities, including the judiciary. This precedent applies directly to Plaintiff's case, where Defendant's misuse of public filings subjects her to an unjust and targeted campaign of harassment and intimidation. Defendant's actions amount to arbitrary and malicious exploitation of judicial processes, violating Plaintiff's right to equal protection under the law.

The Supreme Court in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993), further held that litigation tactics designed to harass, rather than legitimately adjudicate claims, constitute an abuse of process and must be sanctioned. Here, Defendant's continuous and calculated disclosure of Plaintiff's personal information, coupled with public threats and intimidation, reflects a pattern of harassment rather than a good-faith legal pursuit. Defendant's objective is not to seek justice but to leverage the judicial system as a tool for intimidation and coercion.

Moreover, in *Gerbosi v. Gaims*, 193 Cal.App.4th 435, 121 Cal. Rptr. 3d 73 (Cal. Ct. App. 2011), the California Court of Appeal recognized that invasion of privacy and using another person(s) to harass and intimidate individuals violates legal protections and constitutes actionable misconduct. Defendant's systematic exposure

of sensitive information and the use of intimidation tactics aligns closely with the misconduct identified in *Gerbosi*, thereby justifying court intervention to protect Plaintiff's rights.

The abuse of judicial processes to harm and intimidate an opposing party not only undermines the fair administration of justice but also violates fundamental constitutional protections under the Equal Protection Clause. Defendant's conduct poses a continuous threat to Plaintiff's safety and privacy, warranting the Court's immediate intervention to curb further abuses.

## 12. The Court Should Require Pre-Filing Review of Defendant's Future Submissions to Prevent Further Abuse

The systematic misuse of legal proceedings for the purpose of harassment, intimidation, and exposure of private information necessitates judicial intervention to curb Defendant's continued abuse of the litigation process. Defendant's pattern of improperly disclosing Plaintiff's personally identifiable information, engaging in retaliatory litigation tactics, and filing documents with no legitimate legal purpose establishes a prima facie case of vexatious litigation.

Under 28 U.S.C. § 1651(a), courts possess broad discretion to impose filing restrictions on parties who misuse the judicial system to engage in harassment, coercion, or intimidation. The Ninth Circuit has long upheld restrictions on litigants who demonstrate a pattern of frivolous, malicious, or abusive filings (*De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990)). Courts have found that where a litigant repeatedly submits filings designed to harass an opposing party rather than to advance legitimate claims, pre-filing restrictions are necessary to protect both the judicial system and the targeted individual (*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007)).

Given Defendant's repeated and willful misuse of legal filings to expose, target, and intimidate Plaintiff, as well as to circumvent protective legal mechanisms, Plaintiff respectfully requests that the Court exercise its inherent authority to impose pre-filing restrictions on Defendant. Such a measure would require Defendant to seek judicial approval before submitting any additional filings that contain references to Plaintiff's personal information, communications, or private matters, ensuring compliance with court orders and procedural safeguards.

## 13. Procedural Precedent of This Case Related to Film, Music, and Arts Cases

The misconduct of Defendant Paul Barresi and the use of intimidation tactics are part of a long-standing pattern of behavior associated with "Hollywood Fixers." Similar instances of coercion, harassment, and interference have been documented in notable legal cases involving the entertainment industry.

In *Busch v. Gorry, Meyer & Rudd LLP*, No. B260081 (Cal. Ct. App. Dec. 18, 2015), journalist Anita Busch was subjected to an extensive campaign of harassment and intimidation orchestrated by private investigator Anthony Pellicano. This case demonstrates how individuals associated with the entertainment industry have historically used coercive tactics to suppress information and silence witnesses. Defendant Barresi's ties to Pellicano and his similar conduct in this case align with the coercive strategies condemned by the court in *Busch*.

A significant historical precedent is the lawsuit filed by Patricia Douglas against Hollywood executive Eddie Mannix. In *Douglas v. Mannix*[3], Douglas, a 20-year-old film extra, alleged she was raped at a 1937 MGM studio party and subsequently faced threats and harassment to prevent her from pursuing legal action. The case exposed the use of bribes, perjury, and witness interference to suppress evidence and silence victims (See, "It Happened One Night . . . at MGM," Vanity Fair, 2003)[4]. This case illustrates a clear procedural precedent where the court recognized that corporate and individual actors in the entertainment industry have historically engaged in illegal and coercive measures to prevent witness participation. Defendant Barresi's intimidation tactics, including efforts to silence Plaintiff's witnesses through fear and harassment, mirror the behavior documented in the Douglas case.

The *People of the State of California v. Confidential, Inc., and Hollywood Research, Inc.*, involved extensive allegations against entities engaged in the unauthorized collection and dissemination of private information for the purpose of coercion and public shaming. The California Attorney General prosecuted the case to combat invasive and exploitative practices in the entertainment industry. This case highlights the legal system's longstanding commitment to curbing the misuse of personal information for harassment, a central concern in the present matter against Defendant Barresi (See, Digital Collections at the University of Illinois at Urbana-Champaign Library)[5].

---

[3] See, "*Patricia Douglas Amends Complaint*" by *San Pedro News Pilot, Volume 11, Number 157, 8 September 1938*
[4] See, "*It Happened One Night . . . at MGM*" by *Vanity Fair*, http://www.vanityfair.com/news/2003/04/mgm200304
[5] See, "*People of the State of California, plaintiff, vs. .... Confidential, Inc., Hollywood Research, Inc., Publishers Distributing Corporation, and Whisper, Inc. : reporters' daily transcript / Ward E. McConnell & James E. Vaughn, official reporters (Volume 16) | Digital Collections at the University of Illinois at Urbana-Champaign Library*," at

Modern legal standards continue to address such abuses. In *Lively v. Wayfarer Studios LLC*, 1:24-cv-10049 (S.D. New York), the court considered allegations of coercion and witness interference related to the entertainment industry. The case reaffirmed the judiciary's role in promptly addressing coercive tactics. Notably, the U.S. District Court permitted expedited submissions to promptly address concerns of intimidation. In that case, threats to a witness's family and personal safety were raised, underscoring the necessity for swift judicial oversight. Plaintiff's case similarly involves credible threats, and Defendant's pattern of behavior necessitates comparable judicial intervention.

The pattern of intimidation and coercion documented in these cases supports Plaintiff's position that Defendant's conduct is part of a broader, systematic effort to obstruct justice. The legal precedents demonstrate the need for immediate and robust protective measures to safeguard witnesses and prevent further harassment.

**14. Precedential New York Coercion Law, in the third degree to first degree, containing "the actor or another will" and "withhold testimony"**

The experienced, proactive New York has precedent elements of laws against coercion, not requiring a direct financial transfer, including "the actor or another will" and "withhold testimony." More details and elements to coercion and extortion should be provided in the states. A person is guilty of coercion in the third degree *when he or she compels or induces a person to engage in conduct which the latter has a legal right to abstain from engaging in, <u>or to abstain from engaging in conduct in which he or she has a legal right to engage,</u>* or compels or induces a person to join a group, organization or criminal enterprise which such latter person has a right to abstain from joining, or compels or induces a person to produce, disseminate, or otherwise display an image or images depicting nudity of such person or depicting such person engaged in sexual conduct as defined in subdivisions two and three of section 235.20 of this chapter, by means of instilling in him or her a fear that, if the demand is not complied with, **the actor or another will**:

1. Cause physical injury <u>to a person</u>; or

2. <u>Cause damage to property</u>; or

3. Engage in other conduct constituting a crime; or

4. Accuse some person of a crime or cause criminal charges to be instituted against him or her; or

---

https://digital.library.illinois.edu/items/46dc4d20-2c90-013b-c7b0-02d0d7bfd6e4-f#?cv=14&xywh=692%2C-2155%2C2411%2C4308

5. Expose a secret or publicize an asserted fact, *whether true or false,* tending to subject some person to hatred, contempt or ridicule; or

6. Cause a strike, boycott or other collective labor group *action injurious* to some person's business; except that such a threat shall not be deemed coercive when the act or omission compelled is for the benefit of the group in whose interest the actor purports to act; or

7. **Testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or**

8. Use or abuse his or her position as a public servant by performing some act within or related to his or her official duties, or by failing or refusing to perform an official duty, in such manner as to affect some person adversely; or

9. Perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his or her health, safety, business, calling, career, financial condition, reputation or personal relationships.

10. Report his or her immigration status or suspected immigration status. Coercion in the third degree is a class A misdemeanor.

Source: Section 135.60 — Coercion in the third degree, https://www.-nysenate.-gov/legislation/laws/PEN/135.-60 (updated Dec. 24, 2021; accessed Mar. 1, 2025).

**15. The Court Should Order Defendant to Provide Written Certification That He Has Complied With All Court Orders**

Plaintiff further requests that Defendant Barresi be required to submit compliance with all judicial directives issued in this matter. Given Defendant's history of disregarding procedural rules, violating Plaintiff's privacy rights, and engaging in bad-faith litigation practices, a formal certification process is necessary to ensure full accountability. The Defendant needs to redact and remove improperly disclosed information, facilitating intimidation and invasions accompanied by real threats to a fair process, from court filings, communications, and accounts.

This ensures enforceability of judicial orders and creates a formal record of Defendant's compliance (or noncompliance), which may serve as grounds for future sanctions or contempt proceedings should Defendant fail to adhere to court directives.

The United States Supreme Court has affirmed the judiciary's authority to require compliance certifications in cases where a litigant demonstrates a pattern of procedural violations or contemptuous conduct (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Accordingly, Plaintiff respectfully requests that Defendant be ordered to submit such a sworn certification within a specified period, subject to penalty for perjury and further sanctions for any misrepresentations or failures to comply.

**16. Defendant's Actions and Evidence from Exhibits Establish a Pattern of Harassment and Legal Violations**

The evidence presented through Plaintiff's exhibits provides clear and compelling proof of Defendant Paul Barresi's ongoing harassment, intimidation, and abuse of the judicial process. Defendant's public statements, misuse of subpoenas, interference with media reports, and refusal to comply with legal procedures collectively demonstrate a deliberate effort to threaten Plaintiff and obstruct justice. The following arguments detail the legal significance of these exhibits and their direct impact on the case.

**A. Defendant's Public Statements Constitute Direct Threats and Intimidation**

Defendant's conduct- demonstrated in exhibits attached to this request (Coinciding to 2022 to 2023 to 2024 to February to February 28, 2025, at 5:23 PM)—is a clear and deliberate act of intimidation. This statement, referencing a tragic death, is a veiled threat aimed at causing Plaintiff psychological distress and fear for her safety.

Such public statements fall within the scope of criminal witness tampering under 18 U.S.C. § 1512, which prohibits using intimidation or threats to influence, delay, or prevent the testimony of any person in an official proceeding. Courts have consistently recognized that public declarations intended to frighten or coerce a litigant into silence constitute actionable misconduct (Busch v. United States, 807 F.2d 1330 (7th Cir. 1986)).

Further, the Ninth Circuit's decision in *United States v. Christensen*, No. 08-50531 (9th Cir. 2015), established that using public or private platforms to disseminate threats or harass a litigant violates privacy rights and warrants judicial intervention.

Defendant's public statements fall directly within the coercive conduct prohibited by federal law and should prompt the Court to impose immediate restrictions and sanctions.

## B. Defendant's Abuse of Subpoenas Demonstrates Obstruction of Justice

Plaintiff lawfully subpoenaed eleven (11) witnesses whose addresses were protected by the Clerk's Office due to credible threats of retaliation (See Exhibit E). Despite these protections, Defendant has engaged in conduct aimed at intimidating these witnesses and interfering with their ability to testify freely.

The misuse of subpoenas to expose confidential information or pressure witnesses is a well-recognized form of legal abuse that courts have repeatedly condemned. In *Busch v. United States*, the Seventh Circuit ruled that any attempt to coerce or intimidate individuals lawfully participating in legal proceedings constitutes obstruction of justice. Defendant's ongoing efforts to undermine the protective measures granted by the Clerk's Office mirror the conduct prohibited under this precedent.

Moreover, the *United States v. Pellicano*, No. 04-50043 (9th Cir. 2005) case demonstrated that using legal mechanisms to harass and intimidate parties and witnesses warrants significant judicial sanctions. Defendant's misuse of subpoenas aligns with the behavior condemned in *Pellicano* and justifies immediate court intervention.

## C. Defendant's Interference with Media Reports Constitutes a Coordinated Effort to Suppress Truth

Evidence submitted by Plaintiff shows that Defendant coerced the retraction of critical media reports, including:

- An ABC News article detailing 110 counts of racketeering and exploitation of former clients by Defendant Paul Barresi.
- An Associated Press tribute article about Vicki Taft, which was withdrawn under external pressure.
- The removal of Plaintiff's websites, further limiting her ability to present evidence and protect her wellbeing, which can be interpreted as reputation.

Courts have held that manipulating media narratives to obstruct the truth or discredit a litigant is an abuse of the judicial system. In *Gerbosi v. Gaims*, 193 Cal.App.4th

435, 121 Cal. Rptr. 3d 73 (Cal. Ct. App. 2011), the court found that using alleged, illicit investigators and other external pressures to suppress truthful evidence is an actionable offense. Defendant's efforts to control public information mirror the conduct addressed in *Gerbosi*, justifying additional protective measures and sanctions.

**D. Defendant's Failure to Comply with Restraining Orders Undermines the Integrity of Judicial Proceedings**

Plaintiff's exhibits further demonstrate that Defendant has consistently disregarded legal orders intended to protect Plaintiff and witnesses. This pattern of non-compliance amplifies the ongoing threat posed by Defendant's actions.

The U.S. Supreme Court has long held that defiance of court orders undermines the rule of law and warrants judicial enforcement (Chambers v. NASCO, Inc., 501 U.S. 32 (1991)). Defendant's refusal to adhere to privacy protection standards and legal directives constitutes contempt of court and must be addressed through decisive judicial action.

# IV. RELIEF REQUESTED WITH GOOD CAUSE

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court grant the following relief to ensure the protection of Plaintiff's rights, prevent continued harassment and intimidation, and uphold the integrity of these proceedings:

**1. Grant Plaintiff's Ex Parte Application and Order the Immediate Redaction of Documents Containing Plaintiff's Personal Information**

- Plaintiff requests that the Court immediately redact publicly accessible documents and court filings that contain Plaintiff's personally identifiable information, including residential addresses, phone numbers, and email addresses, to prevent further harm, harassment, or intimidation.
- This request is made pursuant to Federal Rule of Civil Procedure 49.1 and established precedent that mandates judicial intervention where public exposure of sensitive information poses an undue risk to a litigant's privacy and security (*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)).

**2. Order Defendant to Cease and Desist from Any Further Unauthorized Disclosure, Publication, or Dissemination of Personal Information**

- Plaintiff seeks a court order enjoining Defendant from making any further unauthorized disclosure, public exposure, or transmission violating Privacy Protection Standards and basic civility, whether through:
    - Court filings, pleadings, or motions
    - When Defendants engage to interfere with declarations of witnesses and/or victims who could be potential litigants, including through communications, including email, text messages, and online accounts
- Any further dissemination of Plaintiff's private information would constitute a willful violation of court orders and subject Defendant to contempt.

**3. Issue a Protective Order Enjoining Defendant from Engaging in Further Acts of Harassment, Coercion, or Witness Intimidation**

- Plaintiff requests that the Court issue Standards barring Defendant from:
    - Engaging in improper or unwanted contact with Plaintiff or witnesses
    - Attempting to interfere with, retaliate against, or intimidate witnesses who have been subpoenaed or will be lawfully subpoenaed
    - Using the judicial process as a tool for harassment or coercion
- Defendant's conduct constitutes a violation of 18 U.S.C. § 1512, which prohibits intimidation of witnesses in legal proceedings. Judicial intervention is necessary to preserve the integrity of the case and protect Plaintiff's due process rights.

**4. Impose Appropriate Sanctions Against Defendant for His Continued Abuse of Judicial Proceedings and Procedural Violations**

- Plaintiff requests that this Court impose sanctions against Defendant for his willful and repeated abuse of the judicial system, including:
    - Monetary sanctions to deter further misconduct
    - Evidentiary sanctions, including an adverse inference that Defendant's actions were undertaken in bad faith
    - Contempt proceedings for failure to comply with procedural rules and court directives
- Sanctions are justified under the Court's inherent authority to discipline parties who engage in vexatious, harassing, or improper litigation tactics (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

**5. Enforce Compliance with Federal Rule of Civil Procedure 5.2 and Require Redaction of Plaintiff's Personal Data**

- Plaintiff requests that the Court compel Defendant to immediately redact and remove all references to Plaintiff's personally identifiable information (PII) from:
  - All future court filings
  - Any publicly accessible legal documents already submitted in this case
- Compliance with FRCP 5.2 and 49.1 is mandatory and necessary to prevent continued harm. The Court has an affirmative duty to protect litigants from undue exposure of sensitive information (*In re Crawford*, 194 F.3d 954 (9th Cir. 1999)).

**6. Refer Defendant's Conduct for Further Judicial Review and Possible Contempt Proceedings**

- Given the deliberate and repeated nature of Defendant's procedural violations, Plaintiff requests that the Court refer Defendant's conduct for further judicial review and issue an Order to Show Cause (OSC) as to why Defendant should not be held in contempt.

- Contempt sanctions are appropriate where a party knowingly violates court rules and engages in persistent procedural abuses (*United States v. Rylander*, 460 U.S. 752 (1983)).
- Courts have recognized that holding in contempt an opposing party for egregious or bad-faith conduct serves both a remedial and deterrent function (*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)).

**7. Order Defendant to Provide Written Certification of Compliance with the Court's Orders**

- Plaintiff requests that Defendant be required to submit, under penalty of perjury, certifying that he has fully complied with all court orders, including:
  - Sealing of all previously disclosed personal data
  - Cessation of any further unauthorized disclosures
  - Commitment to refraining from future acts of harassment, coercion, or intimidation
- Certification ensures enforceability of court orders and provides a formal mechanism for accountability. Courts have routinely imposed compliance

certifications on parties who have engaged in repeated procedural violations (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

## 8. Require Judicial Oversight of Defendant's Future Filings to Prevent Further Abuse

- Defendant's history of improper and retaliatory filings necessitates heightened judicial oversight. Plaintiff requests that the Court require pre-filing review of Defendant's future court submissions to ensure:
  - They do not contain improper disclosures of Plaintiff's private data
  - They do not serve as a tool for continued harassment or procedural abuse
- Courts have imposed pre-filing restrictions on parties who demonstrate a pattern of vexatious litigation (*De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990)).

## 9. Prohibit Defendant from Further Direct or Indirect Contact with Plaintiff

- Plaintiff requests an absolute prohibition on any further direct or indirect contact between Defendant and Plaintiff, including:
  - Any form of personal communication (written, verbal, or electronic)
  - Indirect contact or intimidation through incited parties or intermediaries
  - Use of online platforms, filings, or electronic records to harass or intimidate Plaintiff
- No-contact orders are standard in protective orders issued in harassment cases (*Flatley v. Mauro*, 39 Cal. 4th 299 (2006)).

## 10. Grant Any Further and Additional Relief Deemed Just and Proper by the Court

- Given the ongoing and evolving nature of Defendant's misconduct, Plaintiff requests that the Court:
  - Retain jurisdiction over this matter to ensure Defendant's compliance with court orders
  - Grant any additional protective relief necessary to fully safeguard Plaintiff's rights

**WHEREFORE,** Plaintiff has demonstrated good cause, compelling justification, and a pressing need for immediate relief. Defendant's continued

harassment, privacy violations, and witness intimidation present an ongoing and escalating threat to Plaintiff's security, necessitating swift judicial intervention.

Privacy Protection Standards applied to this case is aligned with legal standards, facts shown in the timeline and declarations by witnesses, with ongoing activity that hinders processes, and having sensitive residential address and personal contact information protected ensures a fair and just resolution, ensuring a complete and fair presentation of the issues before the Court, and otherwise.

Therefore, *with Good Cause shown*, Plaintiff requests that this Court allow *Redaction of sensitive information in filings, especially of address information, personal contact information, and endangering financial information that could implicate missing persons and/or retaliation.* These Privacy Protection Standards should be followed by attorneys acting on behalf of Defendants, who frequently prevent just court access to fact witnesses and victims, clients of legal professionals who are forced to be Pro Se if they wish for exploitative actions to finally cease, and others for adhering to simple FRCP 49.1.

In the interest of justice and understanding circumstances, Plaintiff respectfully pleads for these simple, regularly given protection standards in these related matters, even for cases related to film/music/arts, as for regular cases.

Dated this 3rd day of March, 2025.

By: *Christina Taft*
CHRISTINA TAFT
*Plaintiff in Pro Se*

## **Verification Of Oath**

I certify that the information herein is true and correct to the best of my knowledge and belief. This attestation is made under oath under the laws of the United States.

Dated: March 3, 2025

By: *Christina Taft*
CHRISTINA TAFT
Plaintiff in Pro Per
United States

**CERTIFICATE OF SERVICE**

CHRISTINA TAFT v. PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive.

5:24-cv-01930-TJH-DTB

I, the undersigned, certify and declare that I am at least 18 years of age. I am a resident of the United States.

On February 16th, 2025, I served a true copy of filings:

**(1) Application of Request for Privacy Protection Standards and Objection to Co-Defendants' Intimidation, (2) Memorandum of Points of Authorities, (3) Declaration, (4) Exhibits A-D in Support of Privacy Protection Standards and Objection, (5) [Proposed] Order**

__X__ (By Electronic Transmission) I caused the document(s) described herein to be electronically transmitted and served via the Pacer system. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E)

____ (By Delivery) I caused the document(s) described herein to be delivered to the person(s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

| | |
|---|---|
| 1. MELISSA Y. LERNER<br>2. MEGAN S. MALLONEE<br>LAVELY & SINGER PROFESSIONAL<br>CORPORATION<br>ATTORNEYS AT LAW<br>2049 CENTURY PARK EAST, SUITE 2400<br>LOS ANGELES, CALIFORNIA 90067-2906 | *Attorneys for Defendants,*<br>PAUL BARRESI, ADAM R WALDMAN |

I declare under oath and penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in the United States on **March 3, 2025**.

_____.

**Christina Taft
Plaintiff in Pro Per**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PRIVACY PROTECTION AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION