Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

_____

CHRISTINA TAFT

    Plaintiff,

vs.

PAUL BARRESI, ADAM R

WALDMAN, and DOES 1-10, inclusive,

    Defendants.

_____

Case No.: 5:24-cv-01930-TJH-DTB
[Hon. David T. Bristow, Magistrate Judge]

**DECLARATION IN SUPPORT OF EX PARTE APPLICATION OF PRIVACY PROTECTION STANDARDS REQUEST AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION**

_[Filed concurrently with Application of Privacy Protection Standards Request, Memorandum of Points and Authorities in Support of Privacy Protection Standards, Exhibits in Support of Request for Privacy Protection Standards and Objection to Intimidation; Certificate of Service; [Proposed] Order]_

1

## DECLARATION IN SUPPORT OF EX PARTE APPLICATION OF
## PRIVACY PROTECTION STANDARDS REQUEST AND OBJECTION TO
## CO-DEFENDANTS' INTIMIDATION

*Respectfully the Plaintiff in these matters, I, Christina Taft,* declare as follows:

I. INTRODUCTION AND PURPOSE OF DECLARATION

1. I am the Plaintiff in the above-captioned matter and submit this Declaration in support of my Ex Parte Application to *protect certain records containing my and witnesses' personal contact information* and prevent intimidation.

2. The statements set forth herein are based on my *personal knowledge and an investigation into relevant facts*. If called as a witness, I could and would competently testify to the same. I've subpoened *11 witnesses already*.

3. This Declaration establishes that Defendant's exposure of full personal contact details is unlawful, retaliatory especially after extension of service to Co-Defendant Adam Waldman, and exposes me to ongoing irreparable harm, including intimidation and pressuring to recant full or major statements, adhering to trying to create a fallacy *rejected by Baron Ellenborough of* "falsus in uno, falsus in omnibus" regarding testimony and witnessing. Specifically, Defendant Paul Barresi, a self-proclaimed 'Hollywood Fixer' creates this fallacy. California lacks *New York's Coercion Law and quick letter procedures*.

4. Accordingly, I respectfully request that the Court issue an order under Federal Rule of Civil Procedure ("FRCP") 5.2, 26(c) (Protective Orders) and Central District of California Local Rule 79-5 (Redaction of Sensitive Information, of Court Records) to redact the filings containing a history of full residential address, telephone numbers, and email addresses of me and *fact* witnesses.

II. PERSONAL CONTACT INFORMATION PROVIDED IN THIS CASE

5. The following personal information has been publicly disclosed in court filings by Defendant:

   A. Residential Addresses, Telephone Numbers, Email Addresses

6. My personal information should not be accessible to the public due to the risk of irreparable harm, including retaliation and increase to physical harm.

7. GOOD CAUSE WITH TRUE AND CORRECT COPIES OF EXHIBITS: Providing Good Cause to these matters, I have provided true and correct copies, with an index of exhibits.

I provided true and correct exhibits with slip covers of these sections:

   A. Intimidation Continuing of myself, family, and witnesses with Retaliation for service extension to Co-Defendant Adam Waldman

   B. Missing Anthony Fox Case Witnessing, Interference, and Mortality

   C. Forceful Articles and Reporters Recanting, including of an article about 110 counts of racketeering and exploitation of former clients by Defendant Paul Barresi in an ABC article, a tribute article of Vicki Taft recanted in Associated Press, and taking down my websites

   D. Subpeonas of 11 Witnesses with Protected Addresses in Hawaii Court

   E. Sheriff unable to serve Defendant Barresi, and intimidation of breakins, vandalism, threats of mortality by the mafia and guns, and of family, witnesses, hence the requests for privacy protection standards

WITNESS INTERFERENCE AND INTIMIDATION TO FORCE RECANTING:

8. I declare that I demonstrate that witness Daniel Brummit is intimidated by Defendant Barresi when he exploited his address, and this threat to do breakins, vandalism, with authority of Co-Defendant Adam Waldman, attached to audio/imagery, continues to be leveraged by Defendant Barresi. This directly interferes with my rights to due process and witnesses.

9. My uncle Don Debaun in an interview with a reporter clearly stated my beloved mom Vicki Taft sued the Production Company, not Warren Beatty.

DECLARATION IN SUPPORT OF EX PARTE APPLICATION OF PRIVACY PROTECTION STANDARDS REQUEST

AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

10. In my report to the Bureau of Investigations and Security, later forwarded to the FBI, the top victim I listed of Barresi/Waldman was Witness Amber Heard. Secondly, I eye-witnessed her refrainment from direct communication. In response to me, she's stated to my statement "they're enabling this domestic abuse" that "yes they are," she also stated later, "focus on the future." Further, Anthony Fox unfortunately is a victim too.

## III. EXPECTATION OF CONFIDENTIALITY AND VIOLATION THEREOF

7. I provided my personal contact information under the reasonable expectation of confidentiality, consistent with:
   o Federal Rule of Civil Procedure 5.2(a) – which requires the redaction of personal identifiers such as home addresses and contact information.
   o Central District of California Local Rule 5.2-1 – which mandates the protection of sensitive information in court filings.
   o FRCP 26(c) (Protective Orders) – which allows courts to prohibit or restrict the disclosure of sensitive information to prevent harassment or harm.

8. Defendant Barresi deliberately and maliciously included my full, unredacted contact information in filings, which exacerbates my vulnerability to harassment, intimidation, and physical harm.

9. The unredacted disclosure of my contact details is unnecessary to the resolution of this case and serves no legitimate legal purpose. Courts have consistently held that parties should not be forced to sacrifice their safety or privacy interests in the course of litigation (*Doe v. United States, 253 F.3d 256, 263 (9th Cir. 2001)*).

## IV. DEFENDANT'S INVASIVE AND RETALIATORY CONDUCT

DECLARATION IN SUPPORT OF EX PARTE APPLICATION OF PRIVACY PROTECTION STANDARDS REQUEST

AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

A. Unauthorized Procurement and Publication of Private Information

    10. Defendant obtained a non-public photograph of me in Salzburg, Austria, an image that I have never shared online, and used it to assert knowledge of my private social connections, even to Europe, to pressure recanting and control.

    11. Defendant's conduct is intrusive, alarming, and serves no legitimate litigation purpose—it is clearly intended to intimidate and harass me.

    12. Such actions constitute an invasion of privacy and align with harassment and cyberstalking tactics, which courts have found warrant redactions and protective orders (*United States v. Osinger, 753 F.3d 939 (9th Cir. 2014)*).

B. Retaliation Following Proper Service of Co-Defendant Adam Waldman

    13. Defendant's actions are retaliatory and stem from my lawful attempt to serve Co-Defendant Adam Waldman, implicating Principal Johnny Depp.

    14. Defendant has exploited access to court filings to unlawfully publish my personal information in an attempt to intimidate and deter me from seeking legal remedies. E.g., I've worked as a new process server in Hilo and stayed.

V. PRECEDENT FOR REDACTIONS AND PROTECTIVE ORDERS

    15. The Central District of California has a clear precedent for sealing sensitive information, particularly where public disclosure would expose a party to harassment or harm (*Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)*).

    16. In my related restraining order proceedings, the Court required the redaction of addresses in subpoenas for 11 witnesses, demonstrating a clear judicial policy of protecting sensitive contact information. I will subpoena more.

VI. ADDITIONAL EVIDENCE: THE ANTHONY FOX MATTER

    17. I incorporate additional evidentiary materials related to Defendant's pattern of coercion, intimidation, and information exploitation, including:

DECLARATION IN SUPPORT OF EX PARTE APPLICATION OF PRIVACY PROTECTION STANDARDS REQUEST

AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

- Email Threads:
  - *"Fwd: ANTHONY FOX'S DAUGHTER CONSTANCE"*
  - *"Fwd: ANTHONY FOX – ENDANGERED MISSING PERSONS INVESTIGATION, NO. VPD 01-18806"*
  - *"Fwd: Anthony Fox Missing Person Investigation VPD 01-18806"*
- Case Citation: *Anthony V. Fox vs. Safe In Heaven Dead Productions, Inc. et al*, Superior Court of California, County of Los Angeles, Case No. SC062176, *including dockets of "crime-fraud" and "self-incrimination."*

18. These materials corroborate a broader pattern of coercion, blackmail, and retaliatory conduct engaged in by Defendant Barresi, further necessitating court intervention in this case and *these matters*.

## VII. LEGAL BASIS FOR PRIVACY PROTECTION AND WITNESS RELIEF

19. The continued public disclosure of my personal contact history violates:

- Fourth Amendment – Protecting against unreasonable invasions of privacy.
- Fifth Amendment – Due Process Clause – Prohibiting court-sanctioned disclosures that endanger personal safety.
- FRCP 5.2(a) & FRCP 49.1(a) – Requiring redaction of personal identifiers in court filings.
- Local Rule 79-5.2.2(a)(i) – Authorizing sealing where disclosure may result in harm or harassment.

20. Differences of evidence involved, e.g., witnesses, declarations or documentation of witnesses or people, and/or exhibits of prioritized objects (e.g., witness interference producing audios) and lack of *res judicia* of an already decided case of NewspaperNewsGroup v John C. Depp of finding facts of 12 of 14 violent matters in a timeline harming a potential witness and threat of being killed is beyond control.

DECLARATION IN SUPPORT OF EX PARTE APPLICATION OF PRIVACY PROTECTION STANDARDS REQUEST AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

21. For instance, Hawaii focuses on declarations, with people first, while unfortunately California focuses on objects first, of which, objects historically have been altered by "Hollywood Fixers" when witnesses and personnel are interfered with by these "Fixers," for example, to create objects that continue the interference.

22. I am forced to be Pro Se in these matters, to have witnesses and a fair case.

23. My great grandfather Everett Debaun, contributed as a Television Writer, to criminology, including for production studios, and analysis on American Language of obscuring terminologies for illicit activities and/or crime. Therefore, I remark on Defendants' alarming terminologies and their continual confessions, to the obliviousness of commentators.

## VIII. CONCLUSION

24. Based on the foregoing, I respectfully request that this Court:

- Maintain redaction of filings and court records containing my personal contact history, and further mandate that witnesses have privacy protection.
- Sustain my Objection to the public dissemination of my contact details.
- Mandate the redaction of all future filings in accordance with FRCP 5.2(a), FRCP 49.1(a) with Privacy Protection Standards, and Local Rule 5.2-1.
- Issue a Privacy Protection Related Order to Redact under FRCP 26(c) to safeguard my privacy and prevent further harassment and retaliation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. In interests of justice, I request relief. Executed on March 3, 2025 in the United States.

Christina Taft, *Propria Persona*

DECLARATION IN SUPPORT OF EX PARTE APPLICATION OF PRIVACY PROTECTION STANDARDS REQUEST

AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION