Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

_____

CHRISTINA TAFT

    Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

    Defendants.

_____

Case No.: 5:24-cv-01930-TJH-DTB
[Hon. David T. Bristow, Magistrate Judge]

**[PROPOSED] ORDER GRANTING REQUEST OF EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION**

*[Filed concurrently with Application of Privacy Protection Standards Request, Memorandum of Points and Authorities, Declaration in Support, Exhibits in Support of Application for Request of Privacy Protection Standards and Objection]*

1

[PROPOSED] ORDER GRANTING REQUEST OF EX PARTE APPLICATION FOR PRIVACY PROTECTION

STANDARDS AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

# [PROPOSED] ORDER GRANTING REQUEST OF EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

**(Pursuant to FRCP 5.2, FRCP 49.1 Privacy Standards, Local Rule 79-5, Local Rule 7-19, FRCP 26(c), applicable document redaction requirements)**

WHEREFORE, Upon consideration of the Ex Parte Application for Privacy Protection Standards (applicable to film, music, arts cases) and Objection to Co-Defendants' Intimidation, accompanying Memorandum of Points and Authorities, Declaration, and Exhibits, and Good Cause appearing therein, this Court finds and orders as follows, in the interests of justice, the Honorable Court **GRANTS** relief:

1. Future filings must adhere to Privacy Protection Standards as in FRCP 49.1 and FRCP 5.2, especially to protect witnesses, victims, and just proceedings.

2. Previous filings, including the ex parte application to extend time for sur-reply to preliminary injunction, need to be re-filed with redacting exposure.

3. Plaintiff's Objection for protections, safety, and justice is sustained.

## A. Need for Privacy Protection Standards and Witness Relief

The Court finds **risk of retaliation** from **unscrupulous availability** of personal contact information in court filings, beyond conferring. Plaintiff provided facts and evidence of Defendant Barresi's persistent and invasive conduct, including:

- **Retaliatory actions** after Plaintiff extended service to Co-Defendant Adam Waldman and continued exposure beyond rule for meet and conferring;

- **Public exposure** of Plaintiff's home address, phone number, and email, which violates **federal privacy protections** (FRCP 5.2(a)(2) and (3)); and

- **Continued witness intimidation**, warranting further protective action under *Perry v. Schwarzenegger*, 591 F.3d 1147, 1153 (9th Cir. 2010).

2

[PROPOSED] ORDER GRANTING REQUEST OF EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

## I. FINDINGS OF FACT AND LEGAL CONCLUSIONS

### A. Good Cause and Legal Basis for Redacting with Privacy Standards

Plaintiff seeks an order to **redact** court filings and documents containing invasive and exposed personal contact information including historical addresses, telephone numbers, and email addresses on the grounds that such disclosure presents an immediate and ongoing risk to safety, privacy, and security.

This Court finds that Plaintiff has met the **good cause standard** for redacting non-dispositive judicial records under *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). Plaintiff establishes this standard for film, music, arts cases.

Plaintiff's request is further supported by:

1. **Local Rule 79-5.2.2(a)(i)** (Central District of California), which permits sealing when a party demonstrates that disclosure will result in harm;
2. **FRCP 5.2(a)** and **FRCP 49.1(a)**, which require that court filings protect private personal identifiers;
3. **FRCP 26(c)(1)**, which authorizes protective orders to prevent "annoyance, embarrassment, oppression, or undue burden or expense"; and
4. **Plaintiff's reasonable expectation of privacy**, established in *Doe v. City of Los Angeles*, 79 F.3d 1000 (9th Cir. 1996), affirming that individuals have a right to protect private, identifying information from unwarranted public disclosure.

This Court further acknowledges the precedent set in Plaintiff's related restraining order proceedings, in which subpoenas were accepted and enforced with redactions of all witness addresses for protection. Given these established judicial protections, the Court finds that permitting unscrupulous access to overbroad contact information would undermine established privacy safeguards.

### C. Balancing Public Interest and Judicial Transparency

Judicial records are presumptively public and courts recognize that privacy interests outweigh public access where disclosure would result in harm (*United States v. Doe*, 655 F.2d 920, 922 (9th Cir. 1981)). The Supreme Court has held that courts have discretion to seal sensitive information where disclosure poses a real threat of harm (*Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982)). Given the malicious and retaliatory nature of Defendant Barresi's conduct, the Court finds that Plaintiff's request satisfies the legal standard for redaction under FRCP 49.1, 5.2, FRCP 26(c) and Local Rule 79-5.

### III. EXHIBITS AND SUPPORTING EVIDENCE:

**Redacted subpoenas to witnesses** issued in the related restraining order proceedings, confirming the **Clerk's practice of redacting witness addresses** due to privacy concerns, and thus minimizing discretionary and ministerial errors.

**Archived facts, witnessing, reporting, and legal references**, including investigation and litigation records concerning:

- Defendant Barresi's history of coercive and retaliatory tactics, including blackmailing public figures, witnesses, and litigants, as discussed in the Application, Memorandum, and Exhibits.
- The *Anthony V. Fox v. Safe in Heaven Dead Productions Inc, Trouser Trumpet Inc, and Depp, et al* case (SC062176, Los Angeles Superior Court), further evidencing Defendants' involvement in witness intimidation and privacy violations.

Accordingly, the Court hereby GRANTS Plaintiff's Ex Parte Application as follows:

### II. ORDER

1. **Redaction of Records:**
   Filings and records containing sensitive overbroad contact information, including but not limited to home addresses, telephone numbers, and email addresses, **shall be re-filed with redaction from view** upon discretion.

4

[PROPOSED] ORDER GRANTING REQUEST OF EX PARTE APPLICATION FOR PRIVACY PROTECTION STANDARDS AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION

2. **Objection to Sensitive Public Disclosure:**
Plaintiff's objection to the public disclosure of sensitive information, including of her, family, witnesses, and others, is **sustained**. No party shall publicly disclose unredacted contact details, including sensitive location information of witnesses, absent a specific order from this Court.

3. **Redaction of Future Filings:**
The **Parties** shall ensure that any **future filings** containing personal contact information are **appropriately redacted** in compliance with:

   - **Local Rule 5.2-1** (Privacy Protection for Electronic Filings);
   - **FRCP 5.2(a)** and **FRCP 49.1(a)** (redaction of personal identifiers); and
   - **Central District of California E-Filing Document Redaction Guidelines**, which mandate that if a home address must be included, **only the city and state may be disclosed**.

4. Pursuant to **FRCP 49.1, 5.2 and 26(c)**, the Court finds **good cause** to issue an **Order** prohibiting Defendants to:

   - Not to use **exposing contact history** to facilitate intimidation or cost;
   - Not engage in further **retaliatory conduct** targeting Plaintiff, family members, witnesses, victims who may be potential plaintiffs, or potential witnesses; and
   - Not directing any parties to publicly disclose, publish, or share **sensitive** full address, location or contact information.

**IT IS HEREBY ORDERED** that:

The Court Grants that there are Privacy Protection Standards as regulated, *even in cases or witnessing in some relation* to Film, Music, and the Arts.

**GRANTED.**   *In the interests of justice*, the Court grants relief.

**IT IS SO ORDERED.**

Dated: March_____, 2025

_____

Hon. David T. Bristow

U.S. Magistrate Judge

[PROPOSED] ORDER GRANTING REQUEST OF EX PARTE APPLICATION FOR PRIVACY PROTECTION

STANDARDS AND OBJECTION TO CO-DEFENDANTS' INTIMIDATION