**MELISSA Y. LERNER (SBN 285216)**
mlerner@lavelysinger.com
**MEGAN S. MALLONEE (SBN 340276)**
mmallonee@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>         Plaintiff,<br><br>    vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>         Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br><br>[Hon. David T. Bristow, Magistrate Judge]<br><br>**DEFENDANT PAUL BARRESI'S EVIDENTIARY OBJECTIONS TO PLAINTIFF CHRISTINA TAFT'S EXHIBITS TO REPLY IN SUPPORT OF PRELIMINARY INJUNCTION** |

4528-3

Defendant Paul Barresi ("Defendant") submits the following evidentiary objections to the exhibits to Plaintiff Christina Taft's ("Plaintiff") Reply in Support of Preliminary Injunction (the "Reply").

As an initial matter, the exhibits offered in support of the Reply (the "Exhibits") are improper because they consist of new evidence not responsive to any arguments in Defendant's Opposition to the Preliminary Injunction. *See, e.g., QBAS Co. v. C Walters Intercoastal Corp.*, No. SACV 10-406 AG MLGX, 2010 WL 7785955, at *3 (C.D. Cal. Dec. 16, 2010). Indeed, in its January 15, 2025 order granting Plaintiff's request to file a reply, the Court noted that "any evidence presented not as 'rebuttal evidence' is not permitted." (ECF No. 35). The Exhibits are not rebuttal evidence and should not be considered.

Even if the Exhibits were properly before the court (they are not), they should be stricken. Defendant objects to the Exhibits because they consist largely of opinion evidence, hearsay, and irrelevant and unsupported allegations that are therefore inadmissible. This includes statements of "fact" that are irrelevant under Federal Rule of Evidence ("FRE") 401, statements that are hearsay under FRE 801(c) and/or 802, statements that lack foundation under FRE 602, statements that are not based on personal knowledge under FRE 701, and/or statements that are rooted in opinion in contravention of L.R. 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4).")

Defendant objects to the Exhibits on the following grounds:

| **Description** | **Defendant's Specific Objections** |
|---|---|
| 1. Declaration of Ian Herndon, ¶ 1-44. | Mr. Herndon lacks personal knowledge about Defendant's conduct or actions and offers improper expert testimony not based on his own |

| Description | Defendant's Specific Objections |
|---|---|
| | perception. (¶¶ 1-3, 31-55, 37-40, 42, 44). *See* FRE 602, 701. Mr. Herndon's declaration contains inadmissible hearsay evidence for which no exception applies (¶¶ 6-21, 24, 28, 40-41). FRE 801, 802. Mr. Herndon's testimony about "Angela," Richard Albertini, and Olivia Barash are not relevant. (¶¶ 2-36). FRE 401. Herndon's declaration consists of opinions rather than facts and therefore fails to comply with L.R. 7-7. (¶¶ 5, 29, 31, 42-44). |
| 2. Declaration of Molly Beaton, ¶¶ 1-28. | Ms. Beaton lacks personal knowledge about Defendant's conduct and offers improper expert testimony not based on her own perception. (¶¶ 1-10). *See* FRE 602, 701. Ms. Beaton's declaration contains inadmissible hearsay for which no exception applies. (¶¶ 3, 5, 10-14, 18, 23-25). FRE 801, 802. Ms. Beaton's statements about Angela, Angel for Artists, and Ian Herndon are not relevant. (¶¶ 1-4, 10-19). FRE 401. Ms. Beaton's declaration consists of opinions rather than facts and therefore fails to comply with L.R. 7-7. (¶¶ 1, 3-4, 15, 21-22, 26-27). |
| 3. Declaration of Erik R. Eichler, ¶¶ 8-10. | Mr. Eichler's statements about his conversation with Rebecca Berry and Joan Berry are inadmissible hearsay evidence. FRE 801, 802. |

BARRESI'S EVIDENTIARY OBJECTIONS TO TAFT'S EXHIBITS TO REPLY ISO PRELIMINARY INJUNCTION

| Description | Defendant's Specific Objections |
|---|---|
| 4. Declaration of Mike McCormick | Mr. McCormick lacks personal knowledge about communications that other people received and offers improper expert testimony not based on his own perception. *See* FRE 602, 701. (pp. 2:4-6, 2:20-21, 2:25-3:13, 3:15-21). Mr. McCormick's declaration contains inadmissible hearsay for which no exception applies. (pp. 1:17-24; 2:11-14, 3:10-13). FRE 801, 802. Mr. McCormick's statements about Mr. Albertini, witnesses related to the Viper Room, Rebecca Barry, Adam Waldman and Mario Nitrini are not relevant. (pp. 1:14-16, 1:20-24, 2:20-3:18). FRE 401. Mr. McCormick's declaration consists of opinions rather than facts and therefore fails to comply with L.R. 7-7. (pp. 1:23-24, 2:12-18, 3:22-23). |
| 5. Declaration of Michael Kountz, ¶¶ 2-18. | Mr. Kountz offers improper opinion testimony not based on his own perception and lacks personal knowledge about Defendants' motives and Christina Taft's perceptions. (¶¶ 1-2, 11, 17). *See* FRE 602, 701; L.R. 7-7. Mr. Kountz's declaration contains inadmissible hearsay for which no exception applies. (¶¶ 3-13, 15-18). FRE 801, 802. Mr. Kountz's statements about James Conner, Auriela Barajas, Joe Triscari, and Taft's family are not relevant. (¶¶ 1-14). FRE |

4

| Description | Defendant's Specific Objections |
|---|---|
| | 401. Mr. Kountz's declaration consists of opinions rather than facts and therefore fails to comply with L.R. 7-7. (¶¶ 1-2, 16). |
| 6. Exhibit F, "Exhibit of Further abuse Related to Mother" | There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 7. Exhibit O, "Barresi's Posts" | There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 8. Exhibit M, "Barresi's 'Cowards' Statement" | There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 9. Hawaii TRO Filing | The filing is inadmissible hearsay. FRE 801, 802. There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 10. Exhibit K, "Defendant Preventing Declaration of Former Lawyer Client & Potential Witness" | There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 11. Exhibit R, "McCormick's Email (Intimidation)" | The email is inadmissible hearsay. FRE 801, 802. There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 12. Exhibit E, "Declaration of Mario Nitrini" | The "declaration" is an unauthenticated email and is therefore inadmissible hearsay. FRE 801, 802. The purported statement also lacks foundation and consists of hearsay. Fed. R. Evid. 602, 701, 801, 802. |

BARRESI'S EVIDENTIARY OBJECTIONS TO TAFT'S EXHIBITS TO REPLY ISO PRELIMINARY INJUNCTION

| Description | Defendant's Specific Objections |
|---|---|
| 13. Exhibit L, "Undertaker Exhibit" | There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 14. Exhibit P, "Berry's Reluctance to provide formal declaration" | The communications are inadmissible hearsay. FRE 801, 802. There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 15. Hawaii Petition for Ex Parte TRO | The petition is inadmissible hearsay. FRE 801, 802. There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |
| 16. Exhibit H, "Exhibit of License Revocation" | The document is inadmissible hearsay. FRE 801, 802. There is no foundation laid for the exhibit to allow for its authentication. Fed. R. Evid. 901. |

Dated: March 12, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MELISSA Y. LERNER
MEGAN S. MALLONEE


By:      s/ *Melissa Y. Lerner*
         MELISSA Y. LERNER
    Attorneys for Defendant PAUL BARRESI

BARRESI'S EVIDENTIARY OBJECTIONS TO TAFT'S EXHIBITS TO REPLY ISO PRELIMINARY INJUNCTION