Christina Taft
1700 Ala Moana Blvd., Apt. 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Email: Ceo.Taft@Rescue-Social.com
Plaintiff in *Propria Persona*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT, | ) Case No. 5:24-cv-01930-TJH-DTB |
| Plaintiff, | ) |
| | ) **DECLARATION OF PLAINTIFF IN** |
| vs. | ) **SUPPORT OF SECOND EXTENSION** |
| | ) **OF TIME TO SERVE DEFENDANT** |
| PAUL BARRESI; ADAM R | ) **AND MAIL AND PUBLICATION** |
| WALDMAN; and DOES 1-10, | ) **PURSUANT TO FRCP 4(m) AND 6(b)** |
| inclusive, | ) |
| | ) *[Filed concurrently with Application,* |
| Defendants. | ) *Memorandum of Points and Authorities* |
| | ) *within application, and Exhibits in* |
| | ) *Support of Extension of Time to Serve;* |
| | ) *Proof of Service; [Proposed] Order]* |

Date: March 24, 2025
Time: Under submission

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

## **DECLARATION OF PLAINTIFF IN SUPPORT OF EXTENSION OF TIME TO SERVE DEFENDANT PURSUANT TO FRCP 4(m) AND 6(b)**

I am the Pro Se Plaintiff, Christina Taft, in these matters and hereby declare:

1. I have personal and first-hand knowledge of the matters set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

1. I submit this Declaration in support of my Application to Extend Time for Service upon Defendant Adam R. Waldman, and for authorization to effectuate service via mail and publication, pursuant to Federal Rule of Civil Procedure 4(e)(1), Federal Rule of Civil Procedure 4(m), and California Code of Civil Procedure §§ 415.30 and 415.50.

2. I, Plaintiff, apply to extend time for service including by mail and publication in legal notices in the *Palm Beach Post* or *Palm Beach Daily News.*

3. Despite diligent efforts to effectuate personal service on Defendants, this has not been fruitful, due to Defendant Waldman's evasion of service, as well as his unavailability at his known and confirmed Palm Beach address.

4. I've adhered to guidebooks from the Public Counsel's Law Center, the Federal Pro Se Clinic Central District of California: Western Division, in Los

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

Angeles, to the best of my ability as a process server with pro se witnesses. See, https://publiccounsel.org/services/federal-court/forms-guides-samples

## I. INTRODUCTION

5. The statements contained herein are based upon my personal knowledge, affidavits from professional process servers, records obtained through certified sources, diligent investigative efforts, witnesses, and evidentiary materials supporting this Application and Memorandum for Extension.

6. I have exercised due diligence in attempting to effectuate service upon Defendant Waldman; however, and intimidation from co-defendant Paul Barresi have resulted in unavoidable delays necessitating judicial relief.

## II. <u>TIMELINE OF ATTEMPTED PROCESS SERVES TO DEFENDANT ADAM WALDMAN, AFFIDAVITS, DOCUMENTS, TRUE AND CORRECT:</u>

*I declare that each are attached with true and correct copies.*

4. After multiple unsuccessful attempts at serving Defendant Waldman, the inability to traditionally serve is beyond my control, constituting good cause under FRCP 4(m) and excusable neglect under FRCP 6(b).

5. While process servers diligently attempted to serve Defendant Waldman in Palm Beach, the clerk issued 25 subpoenas of witnesses, as I was informed

was my right to do so for due process in overlapping cases and matters.

6. On March 22th, adhering to L.R. 7-3, I emailed Defendant's attorneys on the record to ask if accept or oppose this ex parte application for extending service to Adam Waldman, recalling that in the Sur-Reply Defendant Barresi was "impugning at least 10 people —- including licensed private investigators, process servers, witnesses, victims, former clients of attorneys, and licensed attorneys residing in California" (Exhibit 6, True and Correct). Defendant's proximity in California makes licensed individuals in the same state more afraid, including of representing, witnessing. The reply was non-responsive.

7. On the 7th day of March, 2025, process server Ivana Linic in Palm Beach affirms in Declaration that between February 20th to March 14th, there wasn't completed service of summons in a civil action, amended verified complaint and demand for jury trial, civil minutes-general, ex-parte application for extension of time to serve defendant Adam Waldman pursuant to federal rules of civil procedure 4(m) and 6(b), civil cover sheet (Exhibits 1, pages 8-11). After due search, careful inquiry and diligent attempts was unable to serve on Defendant Adam Waldman.

8. On 12th March, 2025 There was a mail sent by process server Philip Hamilton to Adam Waldman that he mailed a copy of summons by a certified mail,

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

which requires signature confirmation, as well as by text of a 2nd mailing, he should expect document to arrive at his residence by next week. (Exhibits 3, pages 15-18)

9. On 12th March, 2025 Server Philip asked to serve a subpoena to a witness. Taft mailed Roberta Kaplan that she is outside record and she gave her phone number to Roberta and asked if any witness want, they can reach Plaintiff.

11. On 2nd March, 2025 Email sent to Melissa Lerner and Megan Mallonee regarding Ex Parte Request for Privacy Protection Standards and Objection to Defendant's Conduct, with judicial notice of Hawaii case 3DSS-25-0000044.

12. Philip Hamilton communicated with normalcy: March to March 14th, 2025 to Adam Waldman (text and email) to notify Defendant Waldman of mailing service (Exhibits 3, pages 15-18) through Hamilton Legal Services

13. Exhibits B subpoenas of witnesses – true and correct. There are 25 subpoenas of witnesses, issued by the Clerk to Amanda Bridenbaugh, Claudia Jamison, Don Debaun, Ian Herndon, Joe Triscari, Kim Haynes, Lauren Pena, Leilani Gigena, Mario Nitrini, Mark Ackrich, Molly Beaton, Niko Sanchez, Erik R. Eichler, Juan Carlos Brooks, Lindsey Burill, Michael Kountz, Mike McCormick, Rebecca Berry, Richard Albertini, Ryan Gardner, Sean Conner, James Conner, Shannon Denise Newsome, Stacy Conner, Starla Ramirez.

- With a larger Index of Exhibits, I further verify that the exhibits submitted in support of this application, including the affidavits of process servers, law enforcement service records, and email/text correspondences, are true and correct copies of the original documents in my possession.

## DECLARATIONS - ADDITIONAL FACTUAL BACKGROUND:

- In 2021, colleagues and analysts of mine attempted to help a Witness named Amber Heard. After the initial results, I spoke with her lawyer Roberta Kaplan. Defendants have terrorized me to keep silent about this, and to oppress me and others from basic rights of communication, assembly, association, and the right to life, property, free from coercion.

- A PhD student at the University of Pisa, Italy named Michele Mazza, discovered Production Company implicated movie networks, among other traits. I sent findings assistance to her assistant and Glass Canon Inc/journalist Ronan Farrow. Later that year of 2021, I spoke with Rose McGowan, who left the U.S. after experiencing break-ins without proper representation, and Tara Reade about the retaliation they faced and wanting assistance, from me also.

- A professor at the University of Wisconsin, Nazim Choudhury, further assisted analysis. Our findings were amenable for publishing in an academic journal. Analysts from Egypt did further analysis, eager to find solutions.

- Moreover, I was helping Niko Sanchez of SaveMeNow to reach out to partners including NGA911 (Los Angeles based). In Niko's version, there are options for witnesses and first responders (*to actually save lives with accuracy*). Now, there's a SaveMe app that 5,000 people have already used.

- With coercion for me to not say this: In 2022, Witness Amber Heard said this to me,  in response to me, she's stated to my statement "they're enabling this domestic abuse" that "yes they are," she also stated later while looking to me drained, "focus on the future." Her lawyer Rottenborn was oblivious, saying "huh." It was meaningful to me at the time, and ridiculous to me about the lawyer. Now after 3 years of suffering myself, the situation where I am drained and doing the best to regain rights, with the lack of basics, is quite scary. Further, Anthony Fox is also a victim.

- I have been a process server for about 3 months in Hawaii. We make the process easier and nicer, with communication, where respondents often accept the papers. This makes everyday situations including divorce and other situations go smoother and faster, not drawn out and painful (to the point of threats of mortality and brutality) as Defendants have made it.

- Mailing and publication in legal notices is a regularly accepted practice.

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- I have only barely been able to return back to work due to having this lawsuit for civil rights, where notarized declarations are freeing from coercion over time. There needs to be more time for those involved with Defendants.

- On February 27, 2023, a Witness Jennifer Howell stated, "After what I have endured for the past few years, I could never tell anyone to be honest and tell the truth in any trial because the price you pay is literally beyond comprehension… because witnesses are terrified to come forward with what they know. This is the United States of America, the 'land of the free and the home of the brave' and this is what people endure as mere witnesses."

- I spent my entire life trying to improve public safety since losing my mom Vicki Taft after we were not officially warned to evacuate, and two older adults were talking with her over the phone and not evacuating. She listened to them instead of me. We *civilly* debated throughout life. I love my stubborn mom and miss her everyday, and the Defendants have only proceeded to mercilessly torture me and others. The inaccurate and false information by Defendants is exactly against these life goals for better public safety.

- Further, in 2021, after publication in the San Diego Tribune for 4 weeks, I obtained a name change with a "short and simple statement" prepared for me by a legal company (Case 37-2021-00034642-CU-PT-CTL in San Diego,

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

Affidavit Exhibits A and Granted Decree of Name Change). I didn't know the process could be that easy, rendering prior situations in a rural community moot. San Diego seemed more sophisticated and a nicer city.

- Similarly my parents divorced in the newspaper with publication, however it had been drawn out for 10 years prior. I assist clients and respondents for an easier and more congenial process for relief.

- I request a clearer and more just process, in these matters to have an extension of time to process serve Defendant Adam Waldman and in mailing and publication.

## III. INTERFERENCE AND OBSTRUCTION BY CO-DEFENDANT PAUL BARRESI

12. Throughout these proceedings, I have been subjected to persistent harassment, threats, and interference orchestrated by Co-Defendant Paul Barresi, which has materially obstructed my ability to focus on service of process.

13. Specifically, Co-Defendant Barresi has engaged in a calculated campaign of intimidation, including but not limited to: Direct and indirect coercion aimed at discouraging my legal pursuit of claims. Seven witnesses came forward against Co-Defendants. Intimidation of witnesses, instilling fear and obstructing their cooperation, requiring attention and time. Engaging in acts

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)

of coercion and undue influence, designed to interfere with my litigation strategy and continue corrupt motives. Disrupting my access to legal resources, thereby impeding my ability to effectuate timely service upon Defendant Waldman.

14. These acts of deliberate obstruction have had a material adverse impact on my ability to exercise my procedural rights within the prescribed statutory period.

Given that Co-Defendant Barresi's conduct directly contributed to the delay in service, the principles of equity and justice necessitate the judicial extension of time sought herein.

- Considering merit, witnesses and victims of unlimited means, pleading for relief from forcing "Hollywood Fixers," in these matters, not forsaking society as a whole, I ask for permission of extension of time for process serving by mail and publication. Moreover, an affidavit from the newspaper source permitted as a witness, to see if Defendant Adam Waldman accepts service.

- I ask for relief to be granted and consideration of circumstances, with interests of justice and Good Cause for judicial efficiency.

I hereby declare under oath and penalty of perjury of the laws of the United

States that the foregoing is true and correct.

    Dated this 24th of March in the United States.

By:

CHRISTINA TAFT
*Plaintiff in Pro Se*

DECLARATION IN SUPPORT OF EXTENDING TIME TO SERVE DEFENDANT ADAM WALDMAN FRCP 6(b)