**MELISSA Y. LERNER (SBN 285216)**
mlerner@lavelysinger.com
**MEGAN S. MALLONEE (SBN 340276)**
mmallonee@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br>[Hon. Terry J. Hatter, Jr.]<br><br>**DEFENDANT PAUL BARRESI'S OPPOSITION TO PLAINTIFF'S SECOND EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANT ADAM R. WALDMAN (DKT. NO. 54)** |

4528-3

DEFENDANT PAUL BARRESI'S OPPOSITION TO SECOND EX PARTE APPLICATION

In typical fashion, Plaintiff Christina Taft's ("Plaintiff" or "Taft") Second Ex Parte Application and Memorandum for Extension of Time to Serve Defendant Adam R. Waldman and Service by Mail and Publication Pursuant to FRCP 4(m) and 6(b) (Dkt. No. 54) ("Second Ex Parte Application") contains pages of irrelevant information and argument and is accompanied by nearly 100 pages of purported evidence that has nothing to do with the relief requested therein. The muddled contents of the Second Ex Parte Application confirm yet again that Taft's main goal in this litigation is to republish false and defamatory lies about Defendant Paul Barresi ("Barresi") and his counsel at every possible turn. Regardless of the manner in which Taft styles her filings, they always amount to the same thing: an inappropriate effort to litigate the merits of her case and/or her failed request for a preliminary injunction against Barresi. As a result, Barresi is required to incur time and attorneys' fees to deny her allegations at every turn, even in response to a purported request for service of *another party* by publication.

As she did in her Reply re Preliminary Injunction (Dkt. No. 39), Taft tries to convince the Court that her outlandish and incomprehensible claims against Barresi are legitimate because she has filed a request for a restraining order against him in Hilo, Hawaii and subpoenaed witnesses in that proceeding. (Dkt. No. 54 at 4:24-5:24, 7:23-10:2; *see also* Dkt. No. 54-2 at pp. 23-25; Dkt. No. 54-3 at pp. 4-64.) Taft's temporary restraining order in Hilo, Hawaii was obtained by perjury. (*See* Dkt. No. 51 at 4:22-5:1, 11:24-12:11, 16:1-17:2.) Taft *admits* in her Second Ex Parte Application that she does not live in Hilo, Hawaii, but now claims she was purportedly there for work and suddenly holds herself out to be a process server. (Dkt. No. 54 at 12:8-11.) Taft's repeated references to other frivolous litigation she has commenced against Barresi have no place in the Second Ex Parte Application and remain a costly and distracting sideshow in the instant action.

DEFENDANT PAUL BARRESI'S OPPOSITION TO SECOND EX PARTE APPLICATION

Taft filed this lawsuit nearly seven months ago. Her inability to serve Adam Waldman has nothing to do with Barresi and, contrary to Taft's allegations, Barresi has never told Waldman to evade service. Taft's gratuitous and unfounded accusations against Barresi are improper. He should not be dragged into Taft's efforts to serve Waldman.

Dated: March 25, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MELISSA Y. LERNER
MEGAN S. MALLONEE

By:    <u>s/ *Melissa Y. Lerner*</u>
       MELISSA Y. LERNER
Attorneys for Defendant PAUL BARRESI