**MELISSA Y. LERNER (SBN 285216)**
mlerner@lavelysinger.com
**MEGAN S. MALLONEE (SBN 340276)**
mmallonee@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br>[Hon. Terry J. Hatter, Jr.]<br>[Hon. David T. Bristow, Magistrate Judge]<br><br>**DECLARATION OF MELISSA Y. LERNER IN SUPPORT OF DEFENDANT PAUL BARRESI'S OPPOSED FIRST EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AGAINST PLAINTIFF CHRISTINA TAFT** |

4528-3

## <u>DECLARATION OF MELISSA Y. LERNER</u>

I, Melissa Y. Lerner, do hereby declare:

1.      I am an attorney at law duly licensed to practice before all the courts of this state and am a partner of the law firm Lavely & Singer Professional Corporation, attorneys for Defendant Paul Baressi ("Defendant") herein. I have personal and first-hand knowledge of the matters set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2.      On March 26, 2025, I provided notice of this *Ex Parte* Application, including the date and nature of relief sought, to Plaintiff Christina Taft. She indicated that she would oppose it. A true and correct copy of my correspondence with Ms. Taft is attached hereto as **Exhibit A**.

3.      On March 21, 2025, after Ms. Angela Gayle notified me that a private investigator had pounded on her door, taken photographs of her house, and surveilled in for hours from her car, I sent an email to Plaintiff Christina Taft ("Taft") advising her to cease her harassment of Ms. Angela Gayle. Taft did not acknowledge receipt of my email, let alone comply with the request. A true and correct copy of my March 21, 2025 correspondence is attached hereto as **Exhibit B**.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of March, 2025, at Los Angeles, California.

s/ *Melissa Y. Lerner*
MELISSA Y. LERNER

2

# EXHIBIT A

**Melissa Y. Glass**

---

| | |
|---|---|
| **From:** | Christina Taft <taftchristina.ceo@gmail.com> |
| **Sent:** | Tuesday, March 25, 2025 6:12 PM |
| **To:** | Melissa Y. Glass |
| **Cc:** | Christina Taft; taft.christina@yahoo.com; Megan Mallonee |
| **Subject:** | Re: Defendant Paul Barresi's Ex Parte Application - Taft v Barresi 5:24-cv-01930-TJH-DTB |

Lerner:

I oppose and both your, Mr. X's, and Defendant's coercion of Angela, who was forced to sign to "Mr. X"
instead of ██████████.

Here's the local rule about cross-examining a declarant.

Angela is a witness that recanted testimony or statements, including no consent of audio and who the
assaulter is.

Chapter I: Local Civil Rules
https://www.cacd.uscourts.gov/court-procedures/local-rules

**L.R. 7-8 Presence of Declarants - Civil Cases.** On motions for and orders to show cause **re
preliminary injunctions**, motions to be relieved from default and other motions where an issue of
fact is to be determined (e.g., civil contempt, but excluding motions contesting venue and personal
jurisdiction), not later than fourteen (14) days prior to the hearing, a party desiring to cross-examine any
declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party
offering the declaration may serve by hand (or facsimile or by electronic filing) and file a notice of request
to cross-examine such declarant. If the party offering the declaration disputes that the declarant is within
the subpoena power of the Court and reasonably available to the offering party, such party shall serve and
file an objection to the notice of request to cross-examine not later than eleven (11) days prior to the
hearing. The offering party shall be under no obligation to produce the declarant unless the Court has
granted the request to cross-examine by written order not later than three (3) days prior to the hearing.
No declaration of a declarant with respect to whom such a request has been granted shall be considered
unless such declarant is personally present and available at the hearing for such **cross-
examination** as the Court may permit. The Court may, in the alternative, order that the
crossexamination be done by deposition taken on two (2) days' notice with the transcript being lodged five
(5) days prior to the hearing. The Court may impose sanctions pursuant to these Local Rules against any
party or counsel who requests the presence of any declarant without a good-faith intention to cross-
examine the declarant.

Angela did not consent to ANY of the steps,
especially regarding forceful steps in any related matters.

Christina Taft
Propria Persona

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*


On Tue, Mar 25, 2025 at 4:06 PM Melissa Y. Glass <mlerner@lavelysinger.com> wrote:

Ms. Taft:


We will be appearing *ex parte* on behalf of Defendant Paul Barresi ("Defendant") on Thursday, March 27, 2025, Monday, February 24, 2024, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 in the George E. Brown, Jr. Federal Building & United States Courthouse located at 3470 12th Street, 3rd Floor, Riverside, California 92501, the Honorable David T. Bristow, to request a Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b) restraining and enjoining you and/or anyone acting at your direction or on your behalf from the following during the pendency of the instant action: (i) contacting Angela Gayle and/or her mother by any method, including, without limitation, phone, email, text message, social media, mail, or in person; (ii) coming within 100 yards of Ms. Gayle's home; and (iii) publicly disclosing Ms. Gayle's home address and/or last name, and/or the full name of her attacker, which would violate the witness's privacy and put her in danger ("Ex Parte Application"). The foregoing is requested with a narrow exception permitting you to propound, validly serve and conduct formal discovery in accordance with all applicable laws, including, without limitation, those of the Court and of the State of Tennessee.


The Ex Parte Application is made on the basis that good cause exists for a TRO because of your ongoing harassment and intimidation of Ms. Gayle and efforts to coerce her into withdrawing her truthful testimony submitted in this case, which have caused her severe emotional distress, fear and anxiety. Without a TRO, Ms. Gayle is likely to suffer irreparable harm and Defendant will suffer irreparable harm insofar as Ms. Gayle's withdrawal from testifying in this case will impede his preparation and presentation of a full defense to your asserted claims. The balance of equities weigh in Defendant's favor and the requested TRO is in the public interest.


Please let me know by 9 a.m. Pacific tomorrow, March 26, 2025, whether you will be opposing the Ex Parte Application, so that we can include this information in the caption per Judge Bristow's local-local rules.


Sincerely,


---------------------------------------------------------------------------------------
**MELISSA Y. GLASS (née LERNER)**
**LAVELY & SINGER PROFESSIONAL CORPORATION**
**ATTORNEYS AT LAW**
2049 CENTURY PARK EAST, SUITE 2400
LOS ANGELES, CALIFORNIA 90067-2906

TELEPHONE: (310) 556-3501

FACSIMILE: (310) 556-3615

www.LavelySinger.com

E-MAIL: mlerner@lavelysinger.com



# EXHIBIT B

## Melissa Y. Glass

| | |
|---|---|
| **From:** | Melissa Y. Glass |
| **Sent:** | Friday, March 21, 2025 6:08 PM |
| **To:** | Christina Taft; Megan Mallonee |
| **Subject:** | Re: Ex Parte to Extend Service to Adam Waldman |

Ms. Taft,

We are wondering if you have any information about who may be trying to question Angela Gayle about your federal lawsuit against Paul Barresi and Adam Waldman. We have received very disturbing news today that someone is staked out at Angela's home in Tennessee and has been harassing her about your frivolous lawsuit and also speaking to her neighbors. The woman knocked aggressively on Angela's door and then waited in her car for hours before coming to the door again at night. She refused to tell Angela her name or for whom she is working. This happened the same day we received your first email to us since the filing of Mr. Barresi's Sur-Reply on March 12. Quite a coincidence.

Given the allegations you have made in various legal filings, I seriously doubt a court would look favorably on your involvement in stalking, harassing and intimidating a witness who has provided a declaration in support of Mr. Barresi.

I am not involved in your frivolous Hawaii litigation, but your email confirms that you are using the courts in various jurisdictions in a concerted scheme to target, harass and harm our client.

Shame on you.

We will be opposing your ex parte.

All of my client's rights and remedies remain reserved.

Sincerely,

-------------------------------------------------------------------------------------------
**MELISSA Y. GLASS**
**LAVELY & SINGER PROFESSIONAL CORPORATION**
**ATTORNEYS AT LAW**

2049 CENTURY PARK EAST, SUITE 2400

LOS ANGELES, CALIFORNIA 90067-2906

TELEPHONE: (310) 556-3501

FACSIMILE: (310) 556-3615

www.LavelySinger.com
E-MAIL: mlerner@lavelysinger.com

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Date:** Friday, March 21, 2025 at 10:22 AM
**To:** Melissa Y. Glass <mlerner@lavelysinger.com>, Megan Mallonee <mmallonee@lavelysinger.com>
**Subject:** Ex Parte to Extend Service to Adam Waldman

1

Hello Lerner and Mallonee:

I'm requesting if you accept or oppose an Ex Parte to Extend Process Service to Defendant Adam Waldman.

Two process servers diligently attempted service in Palm Beach, conventionally and by mailing

Approximately 25-35 Witnesses and victims have been subpoenaed in my restraining order case against Defendant Barresi and that's only pre-discovery

The California State Sheriff attempted 5 times to process serve Defendant Barresi in 2 months

You submitted 426 pages against a preliminary injunction and impugning at least 10 people —- including licensed private investigators, process servers, witnesses, victims, former clients of attorneys, and licensed attorneys residing in California

I am a process server for 3-4 months in Hawaii and trained by Civil Sheriff.

It is simply FRCP 45 and 6(b).

Regards,
Christina Taft

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*