**MELISSA Y. LERNER (SBN 285216)**
mlerner@lavelysinger.com
**MEGAN S. MALLONEE (SBN 340276)**
mmallonee@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br>[Hon. Terry J. Hatter, Jr.]<br><br>**DECLARATION OF ANGELA GAYLE IN SUPPORT OF DEFENDANT PAUL BARRESI'S EX PARTE APPLICATION FOR RESTRAINING ORDER AGAINST PLAINTIFF CHRISTINA TAFT** |

4528-3

DECLARATION OF ANGELA GAYLE

## DECLARATION OF ANGELA GAYLE

I, Angela Gayle, do hereby declare:

1. I am over the age of 18 and competent to make this Declaration. I am a U.S. citizen and resident of the State of Tennessee. I make this declaration in support of Defendant Paul Barresi's Ex Parte Application for Restraining Order Against Plaintiff Christina Taft ("Application"). I have personal and first-hand knowledge of the matters set forth in this Declaration, except for those that are stated on information and belief, and, as to those, I am informed and believe them to be true. If called and sworn as a witness, I could and would testify competently to these matters under oath.

2. On March 12, 2025, I signed a declaration in support of Mr. Barresi's Sur-Reply to Plaintiff's Reply Re Preliminary Injunction. I did so despite my fear about how Ms. Taft might react. I felt it was important to submit testimony about the lengths that Ms. Taft has gone through to convince herself and others that Mr. Barresi is a dangerous man who had attacked me in the past, even though her allegations are totally false.

3. For a little over a week after my declaration was filed on March 12, 2025, life continued as it had before without incident. This all changed on Friday, March 21, 2025. I was at home around mid-day, when I observed a woman through the window who appeared to be taking photographs of my house. I now know this woman to be Heather Michele Cohen of Justice Warrior Investigations, who is a private investigator based in or near the Knoxville, Tennessee area. Ms. Cohen started knocking on the door and when I answered, she told me she needed to ask me some questions. She asked me questions about whether I had consented to the recording of a phone call I had with Christina Taft. I did not answer her question, and instead demanded to know who Ms. Cohen was and who had sent her to my door. Ms. Cohen became very aggressive at this point. She kept knocking on the door, refused to tell me who she was working for and would not explain why she was at my door. I told her firmly to leave.

4. I thought that Ms. Cohen had listened to me and actually left. However, around 6 or 6:30 p.m. on the evening of Friday, March 21, 2025, I spotted her parked

across the street from my house. I observed Ms. Cohen speaking to one of my neighbors. I went outside and began to film a video on my iPhone. When Ms. Cohen saw that I was preparing to record our interaction and her activities, she drove off and I did not see her again.

5. I surmised from the timing of Ms. Cohen's appearance at my house, the questions she was asking and her refusal to identify herself that Ms. Cohen came to my house at Christina Taft's request. My suspicions were confirmed today.

6. Today, Monday, March 24, 2025, my mother told me that someone was at the door downstairs and the individual needed me to sign some papers in front of a notary. Because I was not expecting any documents requiring a signature, let alone a notarized signature, I was skeptical when I came downstairs. I was particularly guarded because of the aggressive and frightening interaction I had with Heather Cohen on Friday, March 21. For that reason, I decided to record today's interaction. I will make a copy of the audio-video recording I made available at the Court's request.

7. With my mom next to me, I went to the door and found a different woman who was not Heather Cohen. Later in our conversation, she told me that her name is Renee and she left me a pen branded with the name and phone number of her company, Stillwatch Investigations. Attached hereto as **Exhibit A** is a photograph of the pen Renee left me. From what I have found online and what Renee told me, Stillwatch Investigations is a private investigator company based in the Nashville, Tennessee area.

8. Renee introduced herself as a private investigator and a notary. She told me that Heather Cohen, who had been sent to my house on Friday, did not get documentation of our interaction. Renee said she was going to ask me the same questions that Heather had. Reading off a piece of paper, Renee began asking me questions about the telephone call I had with Christina in or around late summer or early fall 2022 and the audio recording of that call. I refused to answer her questions. Renee also stated that she had two different affidavits that I could sign, including one that identified by his full name the man who attacked me in 2015 (referred to as "Mr. X" in my March 12

2

DECLARATION OF ANGELA GAYLE

declaration), and that her client hired her to come to my house and get the documents signed. I asked Renee who her client was. Renee said she could not tell me who hired her, but she pointed to the name "Taft" on one of the affidavits she had with her. At the end of our interaction, Renee gave me copies of the affidavits. Attached hereto as **Exhibit B** is a copy of the affidavit with the full name of Mr. X and my legal name redacted for my safety and privacy. Attached hereto as **Exhibit C** is a copy of the other affidavit that does not include Mr. X's name, on which I have redacted my legal name for my safety and privacy. I have marked with a red oval on **Exhibit C** the name to which Renee pointed when I asked who hired her.

9. When I observed Renee point to Christina Taft's name, I was very distressed. I was visibly shaking from fear and anxiety. I told the woman at the door that Ms. Taft was trying to intimidate me because I was a witness and that I was very nervous. The woman then told me that was all she needed to know, and started asking about another case she is working on regarding a missing boy. She stated that she believed "something seems odd and fishy" and "off" about Ms. Taft after she spoke to her. She also said, "Don't worry about her. I'll refund her money. I don't want any part in any of this." Renee made it very clear that she found it to be inappropriate to send multiple people to someone's home address trying to force them to sign a legal document while actively seeking to hide their identity.

10. Renee said she found it odd that Ms. Taft was reaching out to her and Heather Cohen, and potentially other private investigators in Tennessee, asking everyone to come to my house. She stated that she would give Ms. Taft a firm talking to and encouraged me to call the police if anyone harassed me after this.

11. I have reviewed the affidavits and the statements they contain are false and misleading. The only person who did things without my consent is Ms. Taft. At some point toward the end of our call, I asked her if I was being recorded, she said yes. I started crying and told her she did not have my permission to do that and that it was illegal. She told me she would never use it. This was a blatant lie. Ms. Taft started

disseminating the illegal recording and even posted parts of it online. She did all of this without my consent. I asked Ms. Taft for a copy of the recording. While she agreed to send me a copy of the full recording, she never did.

12. I am now living in fear that Ms. Taft will keep sending people to harass and intimidate me at my home; that she will continue to make false and defamatory statements about me; and that she will publicly file documents disclosing my address and identifying the man who assaulted me by name against my wishes. I knew that I took a risk by testifying in this case against Ms. Taft and her web of lies, but I was naive enough to think that she would not harass me because that is what she has falsely accused Mr. Barresi of doing. I am terrified that Ms. Taft knows where I live and I worry that she may hire people who are unethical and, unlike Renee, will stop at nothing to scare me out of testifying against Ms. Taft's lies in this case.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of March, 2025, at Nashville, Tennessee.


ANGELA GAYLE

4

DECLARATION OF ANGELA GAYLE

Docusign Envelope ID: AB4C067C-5155-4FA7-BC80-5BBEBB57FE9E

# EXHIBIT A

Docusign Envelope ID: AB4C067C-5155-4FA7-BC80-5BBEBB57FE9E



# EXHIBIT B

AFFIDAVIT
Of
ANGELA ▓▓▓▓▓

The affiant, after being duly sworn, deposes and says as follows:

1. I, Angela Gayle ▓▓▓▓▓, did not consent to the use of the recorded phone call from July 2022 between me and Taft.
2. I did not consent to the recorded phone call being sent.
3. I did not consent to the recorded phone call being published, nor used, nor sent, by Defendant.
4. Mr. X is ▓▓▓▓▓▓▓▓. He assaulted me

AFFIDAVIT OF ANGELA ▓▓▓▓▓

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Angela ▓▓▓▓▓, after being duly sworn according to law make oath that the statements contained in the foregoing Affidavit regarding release of a recording around July of 2022.

_____
Angela ▓▓▓▓▓

Sworn to and subscribed before this _____ day of _____, 2025
_____
Notary Public

My Commission Expires: _____

# EXHIBIT C

AFFIDAVIT
Of
ANGELA [REDACTED]

The affiant, after being duly sworn, deposes and says as follows:

1. I, Angela Gayle [REDACTED], did not consent to the use of the recorded phone call from July 2022 between me and Taft.
2. I did not consent to the recorded phone call being sent.
3. I did not consent to the recorded phone call being published, nor used, nor sent, by Defendant.


AFFIDAVIT OF ANGELA [REDACTED]

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Angela [REDACTED], after being duly sworn according to law make oath that the statements contained in the foregoing Affidavit regarding release of a recording around July of 2022.

_____
Angela [REDACTED]


Sworn to and subscribed before this _____ day of _____, 2025

_____
Notary Public

My Commission Expires: _____