Christina Taft
1700 Ala Moana Blvd., Apt. 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Email: Ceo.Taft@Rescue-Social.com
Plaintiff in *Propria Persona*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PAUL BARRESI; ADAM R WALDMAN; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | ) Case No. 5:24-cv-01930-TJH-DTB<br>) [Hon. David T. Bristow, Magistrate Judge]<br>)<br>) **DECLARATION OF PLAINTIFF IN**<br>) **SUPPORT OF OPPOSITION TO**<br>) **RESTRAINT BY DEFENDANT'S EX**<br>) **PARTE APPLICATION RE:**<br>) **WITNESS/VICTIM ANGELA GAYLE**<br>)<br>) *[Filed with Opposition Brief to Ex Parte,*<br>) *and Exhibits with Licensed Investigators,*<br>) *Documentation, Witnesses in Support of*<br>) *Opposition; Proof of Service;*<br><br>　　Date: March 28, 2025<br>　　Time: Under submission |

Page 1

DECLARATION OF PLAINTIFF IN SUPPORT OF OPPOSITION TO RESTRAINT BY DEFENDANT'S EX PARTE

APPLICATION RE: WITNESS/VICTIM ANGELA GAYLE

# DECLARATION OF PLAINTIFF IN SUPPORT OF OPPOSITION TO RESTRAINT BY DEFENDANT'S EX PARTE APPLICATION RE: WITNESS/VICTIM ANGELA GAYLE

I, Christina Taft, the Pro Se Plaintiff in these matters hereby urgently declare:

1. I have personal and first-hand knowledge of the matters set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2. I submit this Declaration in Support of my Opposition Brief to Defendant's Ex Parte to restrain Plaintiff, in legitimate concerns for witness wellbeing and for their independence. Angela Gayle Meador is a witness, who deserves kindness and freedom of speech, and I request that she is not coerced or blackmailed. In civil procedure and in public safety matters, a Plaintiff is allowed to ask witnesses to have affidavits, about consent, to check on how they are with legitimate communication, and to cross-examine witnesses.

3. I was highly concerned when Defendant submitted papers where Witness Angela Gayle had to recant the name of the assaulter of her, actor Marton Csokas, to instead be called "Mr. X" and statements contradicting documentation of communications between us and witnesses, while I know that Gayle is distressed in matters, including retaliation and recordings.

Page 2

DECLARATION OF PLAINTIFF IN SUPPORT OF OPPOSITION TO RESTRAINT BY DEFENDANT'S EX PARTE APPLICATION RE: WITNESS/VICTIM ANGELA GAYLE

4. While subpoenaing many witnesses and obtaining more affidavits through this official notice, I became very worried about how restricted Gayle was, when I knew her primary concern years ago was on who assaulted her, Marton Csokas, and not on the Defendant. Defendant obtained an audio recording between me and witness Gayle, and used it for coercion (according to Plaintiff, as well as Declarations submitted by Ian Herndon and Molly Beaton). I had not engaged Gayle due to us in the same telephone call. I was in Los Angeles at the time in July 2022, and this made me afraid.

5. I wasn't aware how coerced Angela was in that she would recant the name of who assaulted her. I became queasy, tearful, faint, and head spinning, actually even today I am still experiencing these symptoms. It brought traumatic experiences. Witness Herndon attested to me that Angela was known to tell the truth, and wanted to help her. It's devastating to me that Angela has been harmed to this point. Knowing our communications prior to Defendant putting her under his control, it is heinous to me that Angela would be forced to recant who assaulted her. That can be devastating to people to be forced to recant who harmed them and to not name them ever again. Further, we had mostly positive interactions before Defendant obtained our telephone recording.

6. I reached out to a licensed private investigator in Tennessee after the many years. I similarly was in additional states, with witnesses not in the same recorded phone call, being reachable and communicative. However, Angela Gayle remained neglected for years in matters, like Herndon witnessed, did not receive help from licensed private investigators or process servers. Moreover, Angela had been traumatized by the retaliation by Csokas, including obstructions to her rightful reporting for public safety.

7. I attest that I had good will in contacting licensed investigators to try to help Angela by asking questions on consent and who Mr. X was, who she had ***named*** prior to litigation against Defendant. As for the issues of the letter and photos, I agree with Angela, and empathize it's inappropriate to publicize, as it is repeatedly implicating the wrongful retaliation she experienced. Secondly, I never published the telephone recording – defendant did, and defendant similarly was the one that forced implicated statements (Exhibits B, texts). Angela wanted relief from Csokas and it distressed me to see she had to 'pay' regarding the recording of her in her January 2024 email to me with Defendant copied onto it, though I didn't quite understand what it meant.

8. Public Safety viewpoint to help and connecting my work with SaveMeNow (Exhibit 11-12 hereto– Rescue Instructor Niko Sanchez in accurate reporting).

DECLARATION OF PLAINTIFF IN SUPPORT OF OPPOSITION TO RESTRAINT BY DEFENDANT'S EX PARTE APPLICATION RE: WITNESS/VICTIM ANGELA GAYLE

9. Angela Gayle Meador in previous instances, before the retaliation by Marton Csokas, had successful cases and reports, with stating her interests in helping others and safety. Her reports and lawsuits were strong enough to obtain charges, and witnesses reinforced her testimony. She further explained that others, in selfless interests while she was a lifeguard supervisor, were being harmed as well. It is essential that she is not forced to recant or submit statements contradicting herself due to being under duress. Here are two public cases and articles:

10. Meador v. Nashville Shores Holdings, LLC, through Steiner Steiner Law Firm, Nashville, TN, Attorney for Plaintiff, Angela Gayle Meador.

"The Plaintiff was employed by Defendant, Nashville Shores, as a Lifeguard Supervisor, and in that capacity, Plaintiff was responsible for day-to-day supervision of a team of Lifeguards who worked at the water park pools and beach. Plaintiff worked for Nashville Shores for three consecutive summers from 2007-2010 until she was terminated from her position on June 11, 2010."

See, https://casetext.com/case/meador-v-nashville-shores-holdings-2

Meador successfully litigated against retaliation and sexual harassment. (Exhibit 10 attached hereto this declaration)

11. In another example, Meador successfully reported, testified, and had multiple witnesses corroborate her on a crime, as she was in Law School in Florida. "Several witnesses corroborated Meador's story, which set airline procedures in motion.... When the plane landed in Nashville, Meador was moved to the front and allowed to leave first. Police then moved in and arrested Johnson.

Angela said the support she felt from passengers, airline staff and police compelled her to head straight to the courthouse and testify.

"I did feel better," Meador sighed. "I felt better that I was able to stand up and tell the truth.

"It's hard for any victim of any crime to stand up and say this happened. The right thing to do was to step forward, and be strong, and stand up. So I sort of felt an obligation to do that."

See, https://myfox8.com/news/woman-groped-on-airplane-shares-her-story Meador reported as a crime victim. (Exhibit 9 attached hereto this declaration)

12. I agree with Angela's views on these issues, and unfortunately, did not know this about her. I am highly worried about her ability to have additional cases, reports, and her career when Defendant has her doing recantations. I have repeatedly tried to convey since the beginning of these proceedings about

witness tampering and obstruction of justice. Several people had to report to the police and the FBI, and I similarly in March 2024 gave the FBI the recording between me and Angela. Unfortunately, I did not know the severity of the undue influence since we were not communicating. I moved to care about Angela, and it was in good faith.

13. Licensed Investigator Heather Cohen correctly eye-witnessed directly that Angela Meador did not consent to the recording, did not consent to the use of it, and did not send it to Defendant. Angela Meador is afraid of Mr. X, Defendant, and Molly – the latter is a witness who decided to help her instead of continue their dispute. Angela wanted Cohen to find out who Mr. X was.

14. In 2021, I learned from Denise Brown, Nicole Brown Simpson's sister, of what an Evidentiary Abuse Affidavit was after I asked her about my work with SaveMeNow for better, faster, and more accurate communications and reporting between citizens, witnesses, and responders. When I did that recording it was for litigation preparation and preparation for reporting, and to document the abuse occurring, although it had more discussion. It was in good faith, and it is the complete opposite of what Defendant does when he takes recordings, people's autonomy, and their statements away from them. In fact, witness Nitrini provided me emails of Defendant Barresi's

involvement with audio recording potential witnesses that could have supported Brown, and his twisted interpretations that ruin, could blackmail.

15. I was distressed when Brewer's 2nd copy of an affidavit proposal to Angela removed that Marton Csokas was Mr. X and assaulted her. What I requested was to remove the statement about Defendant. The most crucial issues was consent of use, sending, and assault. As a licensed private investigator, Brewer did not follow my directives enough to have sympathy for an assault victim. Secondly, this interaction was after Defendant had already had contact with Angela, therefore, making this 2nd interaction influenced and abnormal.

16. TRUE AND CORRECT COPIES OF EXHIBITS

17. I declare that the attached exhibits are true and correct copies: Declaration by Heather Cohen, Affidavit of Renee Brewer, Text messages between Me and Meador, Notarized Declaration of Ian Herndon, Notarized Declaration of Molly Beaton, Emails Between Me and Meador, Email from Denise Brown to me on Evidentiary Abuse Affidavit, Collaboration with SaveMeNow's rescue instructor Niko Sanchez and accompanying pdf about explaining improving accuracy of communications and reporting (including victims and witnesses, and responders), article of Angela Meador's

successful report on an airline with 7 corroborating witnesses and testifying, and casetext on Meador v Nashville Shores with representation at the time.

18. Angela Gayle Meador, as she is named on the successful lawsuit of hers against Nashville Shores as a lifeguard supervisor, and in the news in a successful and corroborated by several witnesses report on an airline, should have a life. I believe that it is partly due to the success of her reports and suits, that she had severe retaliation and monitoring done against her by Marton Csokas and those fixing for him to oppress victims of his. I wish the best for her, and that she no longer needs to be influenced and can live her life freely. It is devastating to me that this has happened to her.

19. I did not have enough time to respond to the ex parte, and I've tried the best as I can to not only stand up for Angela Gayle's character, but also that there is undue influence as well. As for her free speech while distressed, I've similarly said many things while coerced physically, emotionally, and in actions that I normally would not say. Similarly, that effect persists even after the retaliation.  I further was raised without corporal punishment and to instead debate. Moreover, the public safety work and to improve accuracy that I have done is in good will. People should look at the whole entirety of circumstances, instead of the moment of when a person exclaims due to the

DECLARATION OF PLAINTIFF IN SUPPORT OF OPPOSITION TO RESTRAINT BY DEFENDANT'S EX PARTE APPLICATION RE: WITNESS/VICTIM ANGELA GAYLE

influence by another persons and/or situation causing that distress.

20. Defendant's attempt to wrongfully restrict this witness and his effort to cut off her communication, and make her do what he wants, should be rejected.

21. Meador for far too many years has been harmed without any relief and needs independence. Unfortunately, due to circumstances, we had no justice.

22. Angela Gayle Meador should have justice in her life, and as a Plaintiff, with interests in public safety, I should have the right to seek justice as well, with consideration of people who may need assistance and communication.

23. I am worried for Angela Gayle's life and independence, especially when recanting who assaulted her and when Defendant could have additional recordings of her. I plead that this Court does not entertain Defendant in sadistic oppression anymore. I plead that the court considers that we should not be entangled and should have the freedom to communicate rightfully.

I hereby declare under oath and penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated this 28th of March in the United States.

/s/ Christina Taft
*Plaintiff in Propria Persona*

# PROOF OF SERVICE

On the date set forth, I served the foregoing document(s) described as:

1. DECLARATION OF PLAINTIFF IN SUPPORT OF OPPOSITION TO RESTRAINT BY DEFENDANT'S EX PARTE APPLICATION RE: WITNESS/VICTIM ANGELA GAYLE;

2. Exhibits to Declaration of Plaintiff in Opposition; Public Safety Support; BY NOT MORE THAN 30 DAYS; via Mail and Email, Local Rules, (L.R. 5-3), on the interested parties in this action as follows:

MELISSA Y. LERNER
MEGAN MALLONEE
Attorneys for Defendant PAUL BARRESI

**By Mail:**
LAVELY & SINGER PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2049 CENTURY PARK EAST, SUITE 2400
LOS ANGELES, CALIFORNIA 90067-2906

**By Electronic Service:**
mlerner@lavelysinger.com, mmallonee@lavelysinger.com

[X] BY FEDERAL EXPRESS: I am "readily familiar" with the practice of collection and processing correspondence for Federal Express. Under that practice it would be deposited with FedEx on that same day with all costs fully prepaid in the United States, in the ordinary course of business.

[X] ELECTRONIC SERVICE: I served the on the parties listed via electronic service in accordance with the applicable rules (Local Rule 5-3).

Dated: March 28, 2025

*[signature: Christina Taft]*

*Christina Taft in Propria Persona*

*United States*

___

1
PROOF OF SERVICE FOR DECLARATION OF PLAINTIFF IN SUPPORT OF OPPOSITION TO RESTRAINT BY DEFENDANT'S EX PARTE APPLICATION RE: WITNESS/VICTIM ANGELA GAYLE