# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **5:24-cv-01930-TJH (DTB)**                                        Date: **April 7, 2025**

Title:  **Christina Taft v. Paul Barresi, et al.**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                    ATTORNEYS PRESENT FOR DEFENDANT(S):

None present                                                                                     None present

**PROCEEDINGS: (IN CHAMBERS) ORDER REGARDING PLAINTIFF'S SECOND EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANT ADAM R. WALDMAN AND SERVICE BY MAIL AND PUBLICATION [DOCKET NO. 54]**

On March 24, 2025, Plaintiff filed a "Second Ex Parte Application and Memorandum for Extension of Time to Serve Defendant Adam R. Waldman and Service by Mail and Publication Pursuant to FRCP 4(m) and 6(b)" ("Application"). (Docket No. 54).[1] Attached to the Application are the following: (1) Plaintiff's Declaration, dated March 24, 2025 (Docket No. 54-1); and (2) an Index of Exhibits and numerous exhibits (Docket Nos. 54-2, 54-3). In the Application, Plaintiff seeks an additional 40 to 60 day extension of time within which to serve defendant Adam R. Waldman with the First Amended Complaint by mail. (Application at 4, 10-12, 21). Plaintiff seeks, in the alternative, an order authorizing her to serve defendant Adam R. Waldman by publication in a newspaper. (Id.).

Plaintiff has demonstrated good cause for an extension of time in which to serve defendant Adam R. Waldman. Accordingly, the Court GRANTS Plaintiff a 40-day

---

[1] On February 19, 2025, the Court granted Plaintiff's ex parte application for an extension of time, giving Plaintiff until March 30, 2025 to serve defendant Adam R. Waldman with the First Amended Complaint. (Docket No. 44).

extension within which to serve defendant Adam R. Waldman.  The Court makes no finding about Plaintiff's allegations of evasion, interference, or harassment.  The question before the Court is the manner of service.  Plaintiff, who admits to knowing defendant Adam R. Waldman's residential address in Palm Beach, Florida (Application at 4-6, 11, 13), seeks to serve defendant Adam R. Waldman "by mail, requiring [him] to respond by signature within 20 days of mailing." (Application at 4).  In an Order dated October 16, 2024, the Court provided the following information about service by mail: "California law provides that service may be accomplished by first class mail, postage prepaid, requiring a return receipt.  C.C.P. § 415.50.  Service in such manner is deemed complete on the 10th day after such mailing. (Id.)." (Docket No. 11 at 2).[2]

      While Plaintiff in the Application relies on documents related to (1) attempted personal service of the Summons and the First Amended Complaint at Adam R. Waldman's residence at 44 Cocoanut Row, Palm Beach Florida 33480 on February 20, 22, 24 and 26, 2025 and March 1, 2025 (see Docket No. 54-2 at 7-11), (2) a form entitled "Request for Change of Address or Boxholder Information Needed for Service of Legal Process," signed by Kenneth Ford (apparently the postmaster in Washington D.C. 20016) and dated February 4, 2025, which states that the new address of Adam Waldman, whose former address was 5163 Tilden Street Northwest, Washington D.C. 20016, is 44 **Cocoanot** Row, Palm Beach, Florida 33480 (Docket No. 54-2 at 13; emphasis added), and (3) an Affidavit of Service by Mail of the Amended Summons and Complaint on Adam R. Waldman at 44 **Cocoanut** Row A222, Palm Beach, Florida 33480 on March 12 and 14, 2025, dated March 16, 2025, including a copy of a Certified Mail Receipt, dated March 11, 2025, sent to Adam Robert Waldman at 44 **Cocoanut** Row Apt. A222, Palm Beach, Florida 33480-4069 (see Docket No. 54-2 at 15-18; emphasis added), see Application at 4-6, 11, 18; Plaintiff's Declaration at 3-6, Plaintiff has not submitted an authenticated document reflecting that defendant Adam R. Waldman's present address is actually 44 Cocoanut Row, Palm Beach, Florida, 33480 (rather than 44 Cocoanot Row, Palm Beach, Florida, 33480), or that defendant Adam R. Waldman was served by mail with the Summons and the First Amended Complaint.  Consequently, the Court finds that, based on the evidence presented, Plaintiff has failed to show that she served the Summons and the First Amended Complaint on defendant Adam R. Waldman by mail in accordance with California law.  See C.C.P. § 417.20(a) (". . . [I]f service is made by mail pursuant to Section 415.40, proof of service [of a summons] shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence[.]").  Moreover, it appears that the Application may be premature.  (See Application at 21 ["Service is

---

    2    The Court's citation was incorrect; the correct citation is CCP § 415.40.

already in process by certified mail and regular mail to Defendant's known address to see if a signed return receipt is provided[.]"]).

In the alternative, Plaintiff seeks to serve defendant Adam R. Waldman by "do[ing] a publication of the legal notice for 4 weeks in the *Palm Beach Post* and *Palm Beach Daily News*. (Application at 12). Since Plaintiff has not shown that defendant Adam R. Waldman cannot with reasonable diligence be served in another manner, such as by mail, the Court is unable to authorize service by publication at this time. See C.C.P. § 415.50(a). Accordingly, the Court DENIES the portion of the Application requesting to serve the Summons and First Amended Complaint by publication on defendant Adam R. Waldman.

Plaintiff must serve the First Amended Complaint on defendant Adam R. Waldman on or before **May 19, 2025.**

**IT IS SO ORDERED.**