# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| CHRISTINA TAFT, | EDCV 24-01930 TJH (DTBx) |
|     Plaintiff, | |
|     v. | Order |
| PAUL BARRESI, *et al.* | |
|     Defendants. | |

    The Court has considered Defendant Paul Barresi's *ex parte* application for a temporary restraining order [dkt. # 57], together with the moving and opposing papers.

    The following facts are as alleged in the First Amended Complaint ["FAC"].

    Defendant Adam Waldman was Johnny Depp's talent agent. From April, 2020, to September, 2024, Waldman used Barresi – allegedly, a "Hollywood fixer" – to harass and intimidate Plaintiff Christina Taft as she independently investigated allegations of abuse against Depp.

    On September 7, 2024, Taft filed this case, in *pro per,* against Barresi and Waldman.

On October 24, 2024, Taft filed a motion for a preliminary injunction, which is pending before Magistrate Judge Bristow. Taft argued that Barresi and Waldman hired a private investigator, Mike McCormick, to hinder Taft's investigation of her claims, here. Taft seeks to enjoin Barresi and Waldman from contacting Taft or her witnesses, private investigators, legal consultants, or representatives.

On November 30, 2024, Taft filed her FAC against Barresi and Waldman, alleging claims for: (1) Civil conspiracy; (2) Deprivation of civil rights, in violation of 42 U.S.C. § 1983; (3) Racketeering, in violation of 18 U.S.C. §§ 1961 and 1962; (4) Invasion of privacy, in violation of Article 1, Section 1 of the California Constitution; (5) Improper use of name or likeness, in violation of Cal. Civ. Code § 3344; (6) Harassment; (7) Negligence; (8) Intentional infliction of emotional distress; and (9) Negligent infliction of emotional distress.

On December 13, 2024, Barresi filed a motion to dismiss the FAC for failure to state a claim, which is, also, pending before Magistrate Judge Bristow.

Barresi, now, moves *ex parte,* for a temporary restraining order to prohibit Taft, and anyone acting on her behalf, from:

(1) Contacting third party witness Angela Gayle or her mother;

(2) Coming within 100 yards of Angela Gayle's home; and

(3) Disclosing Angela Gayle's home address, last name, or attacker.

The *ex parte* application is procedurally flawed and substantively deficient. Interestingly, the arguments that Barresi advanced in his opposition to Taft's motion for a preliminary injunction could have just as well been made in opposition to his *ex parte* application, here.

In his *ex parte* application, Barresi argued that Taft hired two private investigators who harassed and intimidated Angela Gayle at her house in Tennessee. On March 21, 2025, the first private investigator, Heather Michael Cohen, knocked on the front door of Angela Gayle's house. When Angela Gayle opened the door, Cohen asked Angela Gayle questions about a phone call Angela Gayle had with Taft in 2022.

When Angela Gayle refused to answer, Cohen left the property but sat in her car in front of the house for a few hours. Then, on March 24, 2025, a second private investigator went to Angela Gayle's house, asked her similar questions about the 2022 phone call, and then asked Angela Gayle to sign two affidavits about Barresi. When Angela Gayle refused to sign the affidavits, the investigator left.

First, neither Barresi's application, nor Taft's opposition brief, contain certificates of compliance required by Local Rule 11-6.2, which provides that all memoranda of points and authorities shall include a certificate of compliance setting forth the word count and certifying that the brief does not exceed the 7,000 word limit set forth in Local Rule 11-6.1.

Second, Barresi's counsel of record, Melissa Y. Lerner, appears to be practicing law under a different name than what the Court has on file for her, and failed to comply with Local Rule 83-2.4, which provides that an attorney who has changed her name must, within five days of the change, notify the Clerk of Court in writing, and if any actions are pending, file and serve a copy of the notice upon all parties. Barresi submitted email correspondence between Taft and Lerner, dated March 25, 2025, in which Lerner used the name "Melissa Y. Glass (née Lerner)." Lerner has not notified the Court of her name change as required by Local Rule 83-2.4.

Third, Barresi is seeking temporary restraining order that would last throughout the pendency of this case. However, Barresi's counsel should know that the purpose of a temporary restraining order is to preserve the status *quo* for, usually, up to 14 days, pending the issuance of a preliminary injunction. *See East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018).

Fourth, Barresi submitted a declaration from Angela Gayle in support of the instant application. However, the declaration was not hand-signed by the declarant. Local Rule 5-4.3.4(a)(3) provides that a declaration from a non-party witness must have a hand-signed signature. Further, Angela Gayle is not the declarant's full name, but rather only her first and middle names. If Barresi seeks to protect the declarant's full

name from public disclosure, he should follow the procedures set forth in the Local Rules, including the requirement to obtain prior approval from the Court, to file the declarant's full name under seal. Despite Barresi's desire to keep Angela Gayle's last name from being disclosed, Taft used Angela Gayle's full name in her opposition brief.

Fifth, an *ex parte* application, as opposed to a regularly noticed motion, "must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To justify *ex parte* relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." *Mission Power*. The *ex parte* application, here, failed to make any of those required preliminary showings.

Finally, even if the Court were to put aside all of the above procedural flaws, the *ex parte* application, also, lacks a sufficient factual basis to support the requested emergency injunctive relief because it failed to establish harassment or intimidation. Barresi did not establish that Taft's private investigators acted inappropriately.

Nevertheless, the parties, here, and their counsel should know that the Court will not permit the harassment or intimidation of any witness or opposing party.

Accordingly,

It is Ordered that the *ex parte* application for a temporary restraining order be, and hereby is, Denied.

Date: April 8, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge