Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Email: Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

CHRISTINA TAFT

      Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

      Defendants.

Case No.: 5:24-cv-01930-TJH-DTB

[Hon. David T. Bristow, Magistrate Judge]

**PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)**

***[Filed concurrently with Certificate of Service; Proposed Order; Express, Written Consent Required]***

Date: May 7, 2025
Time: Under submission

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................4

II. FACTUAL BACKGROUND ............................................................................6

III. LEGAL STANDARD........................................................................................8

IV. LEGAL ARGUMENTS ...................................................................................10

  A. The Order is Void Ab Initio for Lack of Subject-Matter Jurisdiction to Magistrate Without District Judge Pursuant to 28 U.S.C. § 636 .........................10

  B. Dispositive Motions Require a Report and Recommendation Under Rule 72(b) and § 636(b) ............................................................................................11

  C. Lack of Consent Under § 636(c)(1) Renders the Order Jurisdictionally Defective..................................................................................................................12

  D. The Plaintiff's Constitutional Due Process Rights Were Infringed ...............13

V. SUPPORTING AUTHORITIES ......................................................................14

VI. PRAYER FOR RELIEF ..................................................................................17

VII. CONCLUSION ...............................................................................................19

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

1

## **TABLE OF AUTHORITIES**

2

Cases

3

*Gomez v. United States*, 490 U.S. 858, 873–74 (1989) ........................................3, 16

4

*Hanson v. Garrett*, No. 2:07-cv-01207, 2009 WL 10699850 (D. Nev. Nov. 30,

5

   2009) .......................................................................................................................3, 16

6

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) .................................................3, 13

7

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) .................3, 11

8

*United States v. Rivera–Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) .....3, 11, 15

9

*Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) ...............................3, 9, 12, 15

10

Statutes

11

28 U.S.C. § 636(b)(1)(B) ....................................................................................passim

12

28 U.S.C. § 636(c)(1).........................................................................................passim

13

Federal Rule of Civil Procedure 60(b)(1).........................................................3, 8, 17

14

Federal Rule of Civil Procedure 72(b)(1)–(3) ..................................................3, 15

15

Rules

16

Local Civil Rule 7-18..........................................................................................4, 8, 17

17

Local Civil Rule 72-3..............................................................................................4

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

# I. INTRODUCTION

**Due to Written, Express Consent Required** for Magistrate Orders on Dispositive Motions**,** the Plaintiff, Christina Taft, an individual appearing pro se, respectfully submits this Motion to Reconsider and to vacate the Order entered by United States Magistrate Judge David T. Bristow on May 1, 2025, and entered into the docket as Document Number 66 (hereinafter the "Order"). Said Order purports to conclusively adjudicate a Motion to Dismiss Claims for Relief, notwithstanding the absence of a statutorily *mandated* **Report and Recommendation ("R&R")** and in direct contravention of 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72-3 of the Central District of California.

Critically, the Magistrate Judge issued this dispositive ruling without first securing the unmistakable, **express, and written consent** of the Plaintiff as required by 28 U.S.C. § 636(c)(1). Plaintiff did not file or sign any written consent form authorizing dispositive adjudication by a magistrate judge. The absence of such consent is a jurisdictional defect—not a procedural irregularity—and renders the Order **void ab initio**. This is not a curable omission; the magistrate judge acted ultra vires by entering a dispositive order absent statutory authority, and the action must therefore be vacated in its entirety.

Plaintiff respectfully submits that the Magistrate Judge's issuance of a dispositive ruling without first issuing an R&R and without obtaining the unmistakable, express, and written consent of all parties as required under 28 U.S.C. § 636(c)(1) constitutes an ultra vires act and a fundamental violation of statutory jurisdictional boundaries. Such action, having been undertaken in excess of the lawful judicial authority vested in magistrate judges, renders the Order void ab initio

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

and necessitates prompt remedial action by this Honorable Court to preserve the integrity of the proceedings.

Moreover, the contested Order substantially infringes upon Plaintiff's substantive and procedural due process rights, as secured under the Fifth Amendment to the United States Constitution, by depriving her of the right to present timely objections to the proposed findings of a Magistrate Judge and to obtain de novo review by a duly appointed Article III District Court Judge, as explicitly contemplated and required by Federal Rule of Civil Procedure 72(b)(3). The elimination of this essential procedural safeguard is not a mere technical deficiency, but a structural defect that undermines the legitimacy of the adjudicative process and denies Plaintiff her right to a constitutionally adequate hearing on the merits of her claims.

It is well-settled and axiomatic in federal jurisprudence that motions seeking relief from dismissal of claims (under Rule 12(b)(6)), including the dismissal of causes of action for lack of relief, are dispositive in nature and are therefore outside the scope of a magistrate judge's final adjudicative authority in the absence of party consent. See, e.g., ***Williams v. King***, 875 F.3d 500 (9th Cir. 2017). The Magistrate Judge incorrectly labeled the R&R on the Motion to Dismiss Complaint as the R&R for the preliminary injunction (which was not the dispositive motion at issue here), and failed to issue the correct Report and Recommendation, labeling it instead as a final decision on the Complaint. This procedural error undermines the integrity of the Order and requires reconsideration and vacatur.

In addition, Plaintiff acknowledges and appreciates the role of the judiciary, including the Magistrate Judge, in reviewing and managing these complex proceedings. Plaintiff notes that the Magistrate Judge's Order largely reiterated

5

elements of the Plaintiff's timeline and procedural history, which she recognizes as part of the judicial effort to ensure clarity and impartiality. Plaintiff respectfully affirms that she is open to and benefits from judicial feedback, especially as it provides a critical third-party perspective. Plaintiff further states that she is willing and able to reformat or restyle her complaint using more traditional narrative structure and sentence forms if so advised. The initial stylistic approach taken was informed by the Plaintiff's understanding of requirements for verified complaints and by the immense factual complexity and high volume of contested allegations. This case involves a Defendant who often utilizes manipulative tactics, obscures facts, and exploits perceived vulnerabilities—a pattern of conduct that Plaintiff characterizes as "pulling both ends against the middle." In light of the extended procedural timeline and the multifaceted nature of related legal matters, including ongoing notice and protection efforts involving witnesses and victims, Plaintiff respectfully requests that this Honorable Court—particularly the presiding District Judge—consider providing additional guidance and feedback, given the gravity of the factual and legal implications involved, the prospective trial phase, and the broader legal precedent such rulings may establish.

Accordingly, for all the foregoing reasons, Plaintiff respectfully prays that this Court will vacate the void Order, direct that a proper Report and Recommendation be issued as required by law, preserve Plaintiff's rights to full de novo review, and restore due process in a manner consistent with the Constitution of the United States and the principles of justice that govern the federal judiciary.

## II. FACTUAL BACKGROUND

Plaintiff Christina Taft, proceeding pro se, duly and timely filed an Opposition Brief to Defendant's Motion pursuant to Federal Rule of Civil Procedure 12(b)(6),

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)

seeking to dismiss Defendant Paul Barresi's claims for lack of claims to relief (as stated in the Complaint). Plaintiff's Opposition was grounded on significant legal arguments questioning the validity of the causes of action under the Federal Rules, and supported by relevant legal principles and judicial precedents.

On or about May 1, 2025, the Honorable United States Magistrate Judge David T. Bristow entered Document No. 66 (hereinafter, the "Order"), which purported to conclusively adjudicate and grant Defendant Barresi's Motion to Dismiss Complaint. The Order was styled and entered as a final dispositive ruling, rather than as a Report and Recommendation as required under 28 U.S.C. § 636(b)(1)(B). No procedural mechanism was provided for objections under Rule 72(b), and no referral was made to the presiding Article III District Judge for de novo review, as is procedurally mandated in all matters of dispositive nature where no consent to magistrate jurisdiction has been executed.

At no time has Plaintiff executed or filed a Consent to Proceed Before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) or Local Civil Rule 73-2, nor does the docket reflect any such submission or stipulation by either party. As such, the Magistrate Judge was without lawful jurisdiction to enter a binding and final order on Plaintiff's dispositive motion. The statutory scheme under 28 U.S.C. § 636(b)(1) plainly limits a magistrate judge's authority to that of issuing non-binding recommendations, subject to review, objection, and final determination by the assigned Article III District Judge.

By failing to observe this procedural bifurcation and entering a dispositive Order without the prerequisite Report and Recommendation, the Magistrate Judge exceeded the scope of lawful authority delegated under the Federal Magistrates Act, thereby vitiating the Order's legal efficacy and infringing upon Plaintiff's procedural

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

and constitutional rights to an impartial and proper adjudication before a judge duly vested with Article III authority.

# III. LEGAL STANDARD

The standard governing Plaintiff's Motion for Reconsideration is rooted in **Federal Rule of Civil Procedure 60(b)(1)**, which allows the Court to relieve a party from a final order, judgment, or proceeding when such ruling was issued due to "mistake, inadvertence, surprise, or excusable neglect," or where there exists manifest legal error. The invocation of Rule 60(b)(1) is warranted where the record demonstrates that the challenged adjudicative act exceeded the jurisdictional limits set by controlling federal statutes or where fundamental procedural defects have impaired the legal integrity of the order. The improper exercise of jurisdiction, particularly by a judicial officer acting in excess of statutory authority, may necessitate corrective action to restore the legal order.

In addition, **Local Civil Rule 7-18** of the United States District Court for the Central District of California permits the filing of a motion for reconsideration upon a showing of "a manifest showing of a failure to consider material facts presented to the Court before such decision," or "a manifest showing of a failure to apply or misapplication of controlling law." Such motions are particularly appropriate where a Court's ruling is based on clear error or a misunderstanding of the controlling statutory framework or relevant case law. The application of this rule is essential to ensuring that judgments are not premised upon errors of law, fact, or statutory interpretation that would undermine the fairness and legitimacy of the judicial process.

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

Under the **Federal Magistrates Act**, codified at **28 U.S.C. § 636(b)(1)(B)**, a United States Magistrate Judge is authorized to conduct hearings and issue findings and recommendations for the disposition of certain **dispositive pretrial motions**, including motions for dismissal of causes of action (such as a Motion to Dismiss for Lack of Claims of Relief). However, the statute explicitly prohibits a Magistrate Judge from issuing final rulings on such dispositive matters. The Magistrate Judge is statutorily confined to issuing a **Report and Recommendation** ("R&R"), which must then be reviewed de novo by the assigned District Judge following the filing of any objections. This procedural bifurcation ensures that all dispositive matters are subject to proper judicial oversight by an Article III judge. See also **Fed. R. Civ. P. 72(b)(3)**, which mandates that, upon objections, a District Judge must conduct de novo review of the proposed findings and recommendations.

Further, under **28 U.S.C. § 636(c)(1)**, a Magistrate Judge may only enter final judgments or dispositive orders with the express written and voluntary consent of all parties to the litigation. Absent such consent, a Magistrate Judge's jurisdiction is limited, and any attempt by the Magistrate Judge to render a final order or judgment on a dispositive motion is void ab initio, as it exceeds the statutory authority granted under **§ 636**. The **Ninth Circuit Court of Appeals** has unequivocally reaffirmed this jurisdictional limitation, holding that:

"A magistrate judge lacks jurisdiction under § 636(c) to enter final judgment absent the consent of all parties."

***Williams v. King***, 875 F.3d 500, 504 (9th Cir. 2017).

This principle is reinforced by both the statutory framework and case law, which recognize that **motions to dismiss for lack of claims of relief** (as raised in this case) **are dispositive in nature**, and as such, cannot be conclusively adjudicated

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)

by a Magistrate Judge without the express, written consent of the parties. This Court, and particularly a Magistrate Judge, may not unilaterally issue a dispositive order on such a motion without first issuing a **Report and Recommendation**, followed by de novo review by an Article III District Judge. The failure to follow these procedures constitutes a fundamental jurisdictional transgression, not subject to harmless error analysis, and renders the Order void and of no legal effect.

Accordingly, Plaintiff's Motion for Reconsideration is not only procedurally valid but also jurisdictionally compelled, as it seeks to restore the proper statutory and constitutional framework governing the authority of Magistrate Judges and to preserve the due process rights guaranteed to litigants under the U.S. Constitution. As such, the Magistrate Judge's actions in issuing the dispositive Order, without following the prescribed statutory procedures, must be vacated, and the matter must be remanded for proper procedural handling under the jurisdiction of an Article III District Judge.

## IV. LEGAL ARGUMENTS

**A. The Order is Void Ab Initio for Lack of Subject-Matter Jurisdiction to Magistrate Without District Judge Pursuant to 28 U.S.C. § 636**

It is a well-established and fundamental principle of federal jurisprudence that subject-matter jurisdiction is a condition precedent to the validity of any court order. Jurisdiction cannot be waived, circumvented, or overlooked by the Court, as it is the foundation upon which all legal determinations are based. Under the Federal Magistrates Act, codified at 28 U.S.C. § 636(b)(1)(B), a Magistrate Judge may be delegated authority to conduct hearings and submit proposed findings of fact and recommendations for the disposition of certain dispositive pretrial matters, including motions for injunctive or claims for relief. However, such authority is strictly limited

to issuing a Report and Recommendation ("R&R"), not entering final orders, unless the parties have provided explicit and unequivocal consent under 28 U.S.C. § 636(c).

Plaintiff's Motion for Preliminary Injunction is a dispositive motion in nature, as it seeks immediate and equitable relief to prevent ongoing and irreparable harm, including violations of Plaintiff's constitutional and statutory rights. The motion directly implicates substantive rights and has the effect of altering the legal relationship between the parties. Therefore, the Magistrate Judge was statutorily required to issue an R&R, not a final "Order," in order to comply with the bifurcated review process prescribed by law. The Magistrate Judge's issuance of Document No. 66, styled as a final order, without the requisite Report and Recommendation, exceeds the scope of permissible jurisdiction and renders the decision ultra vires, making it void ab initio.

As the U.S. Supreme Court has stated:

"Jurisdiction is a condition precedent to validity. If a court acts without jurisdiction, its orders are nullities."

*Steel Co. v. Citizens for a Better Env t*, 523 U.S. 83, 94–95 (1998).

## B. Dispositive Motions Require a Report and Recommendation Under Rule 72(b) and § 636(b)

Federal law unambiguously mandates that a Magistrate Judge issue a Report and Recommendation (R&R) for any dispositive motion. This procedural requirement is a key component of the statutory framework under 28 U.S.C. § 636(b)(1)(B), as interpreted by the Ninth Circuit Court of Appeals, which has consistently held that motions for dismissing claims of relief and preliminary injunctions are dispositive in nature. As such, the Magistrate Judge's role is limited

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

to issuing an R&R, and the District Judge must then review the matter de novo upon the filing of timely objections.

In *United States v. Rivera–Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004), the Ninth Circuit held:

"Motions for injunctive relief are among the dispositive matters that a magistrate judge may not determine without the consent of the parties."

Similarly, in *Hanson v. Garrett*, No. 2:07-cv-01207, 2009 WL 10699850, at *1 (D. Nev. Nov. 30, 2009), the district court vacated a Magistrate Judge's final order on a preliminary injunction, dispositive as motions to dismiss claims of relief, emphasizing:

"The proper procedure for a Magistrate Judge presented with a motion for preliminary injunction is to issue a report and recommendation... not to enter a final order."

The failure to issue a Report and Recommendation in this case deprived Plaintiff of her procedural right to file written objections under Rule 72(b)(2) and denied her the corresponding right to de novo review by the District Court, as required by Rule 72(b)(3). This failure constitutes not merely procedural error, but a violation of the doctrine of separation of powers and a denial of due process rights, including the right to meaningful judicial review.

## C. Lack of Consent Under § 636(c)(1) Renders the Order Jurisdictionally Defective

A Magistrate Judge's authority to enter a binding final order on any dispositive motion, including a motion for injunctive relief, is contingent upon the express

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)

written and voluntary consent of all parties, as mandated by 28 U.S.C. § 636(c)(1).
The Ninth Circuit has reaffirmed this principle, stating:

"A magistrate judge lacks jurisdiction under § 636(c) to enter final judgment absent
the consent of all parties."

*Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017).

In the present case, Plaintiff has never executed a consent to proceed before a
Magistrate Judge for the adjudication of dispositive motions. The absence of such
consent is evident from the docket and the record, and as such, the Magistrate Judge
lacked jurisdiction to enter a final dispositive order. The Order entered on May 1,
2025 (Dkt. No. 66) is therefore jurisdictionally defective and must be vacated as a
matter of law.

**D. The Plaintiff's Constitutional Due Process Rights Were Infringed**

The Fifth Amendment to the United States Constitution guarantees procedural
due process rights, which include the opportunity to be heard at a meaningful time
and in a meaningful manner. The procedural framework established by 28 U.S.C. §
636(b)(1) and Rule 72(b) is designed to safeguard these constitutional rights by
providing litigants with the opportunity to file objections to a Magistrate Judge's
Report and Recommendation, and to obtain de novo review by an Article III District
Judge.

The Magistrate Judge's failure to issue a Report and Recommendation in this
case deprived Plaintiff of this procedural safeguard, thereby denying her the right to
timely objections and de novo review. This structural failure is not merely a technical
oversight but a substantive deprivation that impairs Plaintiff's ability to challenge
the Order on appeal, preserve the record, and ensure impartial adjudication. As the
U.S. Supreme Court noted:

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

"Procedural due process requires not only fair notice and an opportunity to be heard, but also an impartial tribunal capable of rendering a lawful judgment." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

By entering a dispositive order without affording Plaintiff these procedural safeguards, the Magistrate Judge's actions resulted in a violation of Plaintiff's constitutional due process rights, requiring immediate remedial action to restore fairness to the proceedings.

# V. SUPPORTING AUTHORITIES

The Plaintiff's Motion for Reconsideration is grounded in a well-established body of statutory, procedural, and case law, which delineates the structural limitations of magistrate jurisdiction, the mandatory nature of party consent, and the procedural requirements for dispositive adjudication. The following authorities are dispositive and controlling:

1. **28 U.S.C. § 636(b)(1)(B)**

   This provision provides that a magistrate judge "may submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)," which includes motions for injunctive relief. This statute mandates that dispositive motions be resolved via a Report and Recommendation (R&R), and not a final order, unless consent is properly obtained from all parties. The failure to comply with this requirement renders any final order issued by a magistrate judge without authority.

2. **28 U.S.C. § 636(c)(1)**

   This section strictly prohibits a magistrate judge from entering final

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

judgment on dispositive matters unless "the parties consent to have a magistrate judge conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment." In the absence of clear and express consent by all parties, the magistrate judge lacks jurisdiction to issue a final determination, rendering any such order void and without legal effect. This principle underscores the importance of jurisdictional limits placed on magistrates by the statute.

3. **Federal Rule of Civil Procedure 72(b)(1)–(3)**

Federal Rule of Civil Procedure 72(b) codifies the procedural framework for dispositive motions, including motions to dismiss claims for relief and preliminary injunctions. It requires that a magistrate judge "must enter a recommended disposition" and that the district judge "must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." This rule affirms the bifurcated role of the judiciary, where the magistrate judge's role is limited to issuing recommendations, subject to de novo review by the district judge. The failure to follow this rule and provide for a report and recommendation with the opportunity for objections constitutes a clear violation of due process.

4. ***Williams v. King***, 875 F.3d 500, 504 (9th Cir. 2017)

The Ninth Circuit in *Williams v. King* held that magistrate judges lack jurisdiction to enter final judgment on dispositive motions without the consent of all parties. The court stated:

"Because consent of all parties was not obtained, the magistrate judge lacked jurisdiction to enter final judgment, and the judgment must be vacated." This

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)

holding confirms that a magistrate judge's decision on dispositive matters
without party consent is void for lack of jurisdiction.

5. ***United States v. Rivera–Guerrero***, 377 F.3d 1064, 1068 (9th Cir. 2004)

In this case, the Ninth Circuit addressed the classification of motions to
dismiss claims for relief and preliminary injunctions as dispositive motions
and concluded that such motions are "not within the scope of §
636(b)(1)(A)," which covers non-dispositive matters. The court reiterated
that the failure of a magistrate judge to follow the correct procedure and
issue a report and recommendation invalidates any dispositive decision made
by the magistrate judge. This ruling reinforces the principle that preliminary
injunction motions are dispositive and must be handled according to the
prescribed procedural requirements.

6. ***Hanson v. Garrett***, No. 2:07-cv-01207, 2009 WL 10699850 (D. Nev. Nov.
30, 2009)

In *Hanson v. Garrett*, the district court vacated a magistrate judge's denial of
a preliminary injunction, stating that:

"A preliminary injunction is a dispositive motion. A magistrate judge may
not enter a final order on such a motion without the parties 'consent." The
court directed that the magistrate issue a Report and Recommendation,
rather than a dispositive ruling. This case further supports the requirement
that motions to dismiss claims for relief must be treated as dispositive and
follow the procedural guidelines set forth in § 636.

7. ***Gomez v. United States***, 490 U.S. 858, 873–74 (1989)

The U.S. Supreme Court in *Gomez v. United States* emphasized that
delegations of authority to magistrate judges must be narrowly construed

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON
DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU
NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE
REQUIRED RULE 72(b) AND 636 (b)

and strictly confined to statutory limits in order to preserve the structural protections of Article III of the U.S. Constitution. The Court stated: "Any additional duties performed by magistrates must not be inconsistent with the Constitution and laws of the United States." This decision underscores the importance of adhering to the jurisdictional boundaries established for magistrates, ensuring that they do not overstep the limits of their delegated authority.

# VI. PRAYER FOR RELIEF

**WHEREFORE,** based upon the foregoing, Plaintiff Christina Taft respectfully and formally prays that this Honorable Court:

1. **GRANT** this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1), Local Civil Rule 7-18, and the inherent equitable authority of this Court to correct orders entered without statutory or constitutional authority, mandating a Report and Recommendation;

2. **VACATE** the Magistrate Judge's Order entered on May 1, 2025, and reflected in Docket Number 66, on the grounds that it was entered ultra vires and is void ab initio for want of subject-matter jurisdiction under 28 U.S.C. § 636;

3. **DECLARE** that the Magistrate Judge lacked the lawful authority to issue a dispositive order on Defendant's Motion for dismissal of claims for relief, in the absence of a Report and Recommendation under § 636(b)(1)(B) and without Plaintiff's express written consent as required by § 636(c)(1);

4. **DIRECT** that Plaintiff's Motion for Preliminary Injunction be adjudicated in accordance with governing law by the issuance of a duly considered Report

and Recommendation, to be submitted for de novo review by the presiding Article III District Court Judge pursuant to Rule 72(b);

5. **PRESERVE** and expressly recognize Plaintiff's procedural and constitutional rights to timely file objections to any Report and Recommendation, to receive meaningful de novo review by the District Court, and to maintain an adequate record for appellate review consistent with due process guarantees;

6. **AWARD** such other and further relief as this Court deems just, proper, and in the interests of justice and constitutional fidelity.

## ACKNOWLEDGMENT OF JUDICIAL FEEDBACK AND PLAINTIFF'S RESPONSIVENESS

Plaintiff further wishes to acknowledge the Court's role as a neutral adjudicator and expresses sincere appreciation for the time, effort, and attention devoted by both the Magistrate Judge and the presiding District Judge in overseeing this matter. While Plaintiff respectfully contests the legal and jurisdictional basis of the May 1, 2025 Order, she affirms that she considers all judicial feedback seriously and seeks to respond constructively.

Plaintiff notes that the Magistrate Judge's recitation of the factual timeline is duly noted and appreciated. Plaintiff respectfully explains that her prior Verified Complaint employed shortened sentence structure in an effort to comply with verification formality and clarity, not as a means to avoid substance. Plaintiff is committed to amending or clarifying filings as needed to facilitate accurate review and comprehension. She also highlights the complexities presented by the Defendant's obfuscating communication style, deceptive conduct, and

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)

psychologically coercive tactics, which have required extraordinary diligence and precision in advocacy.

Moreover, Plaintiff remains willing to revise and expand her pleadings where necessary and respectfully requests any guidance or commentary the District Court may offer as it considers the broader impact of this case, both for the administration of justice and for future precedent affecting victims of coercion, privacy violations, and repeated social sabotage.

# VII. CONCLUSION

The procedural and constitutional infirmities presented by the May 1, 2025 Order defies the structural integrity of Article III oversight and the statutory framework governing magistrate jurisdiction under the Federal Magistrates Act. The Order was rendered in clear contravention of 28 U.S.C. § 636 and Rule 72(b), without party consent, without a Report and Recommendation, and without the opportunity for de novo review all of which collectively undermine the Plaintiff's due process rights.

For the reasons set forth herein, this Honorable Court is respectfully urged to vacate the Order in Dkt. No. 66, restore the matter to its proper procedural posture, and uphold the constitutional and statutory protections guaranteed to all litigants before this Court.

Respectfully submitted,
Dated this May 7th, 2025

Christina Taft
Pro Se Plaintiff

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)

## **Certificate of Compliance**

The on-the-record, Plaintiff in Propria Persona, certifies that this brief contains 4,126 words, which complies with the word limit of L.R. 11-6.2. Pursuant to Local Civil Rule 11-6, I hereby certify that this filing complies with the formatting, length, and font requirements set forth in the Local Rules. This Motion does not exceed the permitted page limits and has been prepared in 14-point Times New Roman font.

   This 7th of May, 2025

*Christina Taft*

Christina Taft

*Plaintiff in Propria Persona*

PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b)

## CERTIFICATE OF SERVICE

CHRISTINA TAFT v. PAUL BARRESI, et al.

5:24-cv-01930-TJH-DTB

I, the undersigned, certify and declare that I am at least 18 years of age. I am a resident of the United States.

On May 7, 2025, I served a true copy of; **PLAINTIFF'S MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR DISMISSING CLAIMS FOR RELIEF (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b); (2) PROPOSED ORDER; EXPRESS, WRITTEN CONSENT REQUIRED**

  X  (By Electronic Transmission) I caused the document(s) described herein to be electronically transmitted and served via the Pacer system. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E)

| | |
|---|---|
| Melissa Y. Glass<br>Megan Mallonee<br>Lavely & Singer Professional Corporation<br>Attorneys At Law<br>2049 Century Park East, Suite 2400<br>Los Angeles, California 90067-2906 | *Attorneys for Defendants,*<br>Paul Barresi, Adam R<br>Waldman |

  X  (By Delivery) I caused the document(s) described herein to be delivered to the person(s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

I declare under oath and penalty of perjury under the laws of the United States that the foregoing is true and correct.

       Dated in Hawaii on **May 7, 2025.**

*Christina Taft* (signature)

**Christina Taft**

*Plaintiff in Pro Per*

21