Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 0623441766
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

_____

CHRISTINA TAFT

    Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

    Defendants.

_____

Case No.: 5:24-cv-01930-TJH-DTB
[Hon. David T. Bristow, Magistrate Judge, and Hon. Terry J. Hatter Jr., District Judge]

**[PROPOSED] ORDER GRANTING RECONSIDERING MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION (DKT. NO. 66) DU NOVO REVIEW WITH REPORT AND RECOMMENDATION TO DISTRICT JUDGE REQUIRED RULE 72(b) AND 636 (b);**

*EXPRESS, WRITTEN CONSENT REQUIRED*

1

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION ON

PRELIMINARY INJUNCTION IN SUPPORT OF PROTECTION OF WITNESSES AND VICTIMS

**IT IS HEREBY ORDERED** that the COURT:

## I. INTRODUCTION

The court reconsiders the Magistrate Judge's Order of 1 May 2025 (Dkt. No. 66), which addressed her Motion to Dismiss the Complaint without the required **Report and Recommendation**, as mandated by 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72-3. The Court further notes that, without the parties' **express, written consent** under 28 U.S.C. § 636(c)(1), the Magistrate Judge lacked authority to issue a final dispositive ruling. Plaintiff humbly requests the opportunity to file objections and to ensure a fair review by the District Judge.

For the reasons set forth below, the Plaintiff's Motion to Reconsider is GRANTED.

## II. FINDINGS AND CONCLUSIONS

1. **Lack of Statutory Authority without District Judge**

Under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72-3, a report and recommendation ("R& R") on dispositive motions, such as a motion to dismiss must be issued by the Magistrate Judge, unless all parties have expressly consented in writing under 28 U.S.C § 636(c)(1) to the magistrate Judge issuing a final order. In the given situation, no such consent exists. Therefore, the order of 1 May 2025 was issued without proper authority and in contravention of the statutory framework established under 28 U.S.C.

2. **Violation of Due Process**

Due to the failure to issue a report and recommendation, the plaintiff was denied the opportunity to file objections and have her case reviewed afresh by the

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION ON

PRELIMINARY INJUNCTION IN SUPPORT OF PROTECTION OF WITNESSES AND VICTIMS

District judge as per Rule 72(b)(3). It is in violation of the due process established under law and affects the constitutional rights of the Plaintiff. The Plaintiff's First Amended Complaint, which focuses on public safety reporting and rescue efforts, is entitled to de novo review of any dispositive motion and findings by the District Judge, as mandated under Rule 72(b)(3). The Magistrate Judge's order (Dkt. No. 66) appears to reference the original complaint, not the first amended complaint and mischaracterizes the claims as urging living relief from crimes rather than civil claims for relief. These distinctions are correct and warrant proper review.

3. **Vacatur of the Order**

The Court is mindful of the need for clarity and fairness in these proceedings. Plaintiff's request is not about delaying justice but about ensuring the process is followed correctly. To address the procedural and jurisdictional error, the Order of 1 May 2025 must be set aside, and the matter returned to the Magistrate Judge for a Report and Recommendation. This will allow Plaintiff to raise objections, including to the mischaracterisation of her claims, and ensure the District Judge can review the matter fully.

**III. ORDER**

For the reasons stated above, it is hereby ORDERED:

1. Plaintiff's Motion to Reconsider and to issue a Mandated Report and Recommendation on Disposition of Relief (Dkt. No. 70) is GRANTED.
2. The Magistrate Judge's Order (Dkt. No. 66) is VACATED as void ab initio, due to the lack of statutory authority without the District Judge and in violation of procedural requirements.

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION ON PRELIMINARY INJUNCTION IN SUPPORT OF PROTECTION OF WITNESSES AND VICTIMS

3. The matter is REMANDED to the Magistrate Judge for the issuance of a proper Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B), Rule 72(b), and Local Civil Rule 72-3.

4. Defendant's Motion to Dismiss Claims for Relief and Plaintiff's Opposition Supporting Claims of Relief, as dispositive motions, shall be adjudicated by the Magistrate Judge through the appropriate procedural channels, followed by de novo review by the presiding District Judge.

5. Express, written consent for keeping rights will be preserved for people and preserving the right to not consent to waiving rights to see a District Judge.

6. The parties may file objections to the Report and Recommendation, as provided by law, to ensure full due process.

The Court trusts that this resolution respects the procedural safeguards owed to the Plaintiff and all parties in this matter, who need express, written consent.

**IT IS SO ORDERED.**

DATED: _____

_____

Hon. Terry J. Hatter, Jr.

United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION ON PRELIMINARY INJUNCTION IN SUPPORT OF PROTECTION OF WITNESSES AND VICTIMS