Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 212-718-1003
Email: Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

CHRISTINA TAFT

     Plaintiff,

vs.

PAUL BARRESI, ADAM R
WALDMAN, and DOES 1-10,
inclusive,

     Defendants.

Case No.: 5:24-cv-01930-TJH-DTB

[Hon. David T. Bristow, Magistrate
Judge]

**DECLARATION OF PLAINTIFF
FOR ENTRY OF DEFAULT
AGAINST DEFENDANT PAUL
BARRESI FOR NONRESPONSE
TO SECOND AMENDED
COMPLAINT**

*[Filed concurrently with Application
for Entry of Default Against
Defendant, Exhibits of Service,
Certificate of Service]*

Date: June 14, 2025
Time: Under submission

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST PAUL BARRESI FOR NONRESPONSE TO
SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT</u>

I, the Plaintiff in this matter, Christina Taft, declare as follows:

1. If called as a witness, I could and would competently testify thereto. The purpose of this declaration is to support the Application for Entry of Default against Defendant Paul Barresi, in accordance with Federal Rule of Civil Procedure 55(a), due to Defendant's failure to file a timely response to the Second Amended Complaint and his willful failure to respond to this action. The Court has factual and procedural basis for the request that the Clerk of the Court enter default against Defendant Paul Barresi.

2. Defendant Paul Barresi was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on May 26th, as evidenced by the proof of service on file with this Court. The Certificate of Service, confirming that Defendant was served with the Second Amended Complaint on May 26, 2025, was filed with this Court on the same day. The Certificate of Service is attached as Exhibit 1. Defendant did not respond to Plaintiff's Courtesy Copy of the Second Amended Complaint served via email to his Counsel of Record, Ms. Lerner and Ms. Mallonee on May 26th. Defendant and his Counsel of Record did not respond to Plaintiff's requests with its service to Immediately Cease and Desist Activities Regarding Wellbeing of Angela Meador, including California Penal Code §§ 632 and 637.2, ceasing unauthorized disclosures and wrongful use of unlawful recordings of phone calls or

of any materials. I pled to Defendant's lawyers for Angela Meador and served the second amendment. Copies of this correspondence are attached as Exhibit 2 and 3.

3. Under Rule 12, Defendant Paul Barresi was required to plead or otherwise respond to the complaint by June 9th, 2025. Under Federal Rule of Civil Procedure 12(a)(1)(A), Defendant was required to file an answer to the Second Amended Complaint within fourteen (14) days after service of the Complaint, i.e., by June 9, 2025.

4. The time to plead or otherwise respond to the complaint has not been extended by any agreement of the parties or any order of the Court.

5. Defendant Paul Barresi has failed to serve or file a pleading or otherwise respond to the complaint. The applicable time limit for responding to the complaint has expired.

6. On May 26, 2025, I properly served Defendant Paul Barresi with a true and correct copy of the Second Amended Complaint in this action, in full compliance with Federal Rule of Civil Procedure 4. Service was effected electronically, utilizing the PACER/CM/ECF system, which is the Court's electronic filing system. As Defendant's legal counsel is registered with the Court's CM/ECF system, the documents were served via electronic transmission, and Defendant's counsel has consented to electronic service as required by Federal Rule of Civil Procedure 5(b)(2)(E). PACER served via email, shown in Exhibit 4.

7. I have attached to this declaration true and correct copies of the proofs of service on file with this Court for the above-named Defendant.

8. Defendant Paul Barresi is not a minor or an incompetent person.

9. Defendant Paul Barresi is not currently in the military service, and therefore the Servicemembers Civil Relief Act does not apply. Accordingly,

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT

Defendant is not exempt from the requirement to respond to the Complaint under FRCP 12(a).

10. Defendant's Failure to Respond: Despite this clear obligation, Defendant Barresi has failed to file any responsive pleading, answer, or motion in this matter within the required time frame.

11. As of the date of this declaration, Defendant Barresi has not filed an answer, motion on claims for relief, or any other pleading. This failure to respond, along with Defendant's failure to engage in the litigation process, constitutes a clear violation of the Federal Rules of Civil Procedure.

12. Defendant's Willful Failure to Defend: On May 27, 2025, Defendant communicated in writing publicly that his lawyers would not respond to any filings from Plaintiff and stated that they were no longer participating in the defense of this action. Defendant Barresi further published the cover of the second amended complaint served. Copies of this correspondence are attached as Exhibits 5 and 6. This written communication constitutes an explicit abandonment of defense, confirming that Defendant has willfully failed to comply with the judicial process.

13. Again, Plaintiff's Second Amended Complaint urgently conveys needs for injunctive relief, especially centering around Plaintiff and Angela Gayle Meador, refuting Defendant Barresi leveraging their helplessness, unconsented recordings and unauthorized disclosures, and her family unmercifully. Defendant willfully does not want to respond and his Counsel of Record did not respond.

14. Defendant Barresi's refusal to respond and deliberate abandonment of his defense further support Plaintiff's claim that Defendant has willfully disregarded his obligation to defend against the allegations set forth in the Second

Amended Complaint. This continued failure to participate in the case warrants the entry of default under FRCP 55(a).s

15. Defendant's Non-Compliance with Legal Obligations:

Defendant Barresi's actions demonstrate a willful failure to comply with his obligations under the Federal Rules of Civil Procedure and this Court's rules. Defendant was properly served with the Second Amended Complaint and was provided ample time to respond. Yet, Defendant has refused to comply with the procedural requirements for responding to the Complaint and has made no attempt to seek an extension or file a motion.

16. Defendant Barresi's refusal to participate in this litigation has caused ongoing prejudice to Plaintiff, including but not limited to emotional distress, harm to prevent freely living, and a prolonged violation of privacy due to Defendant's unlawful actions, which are the subject of the Complaint. Plaintiff's inability to proceed with the case due to Defendant's failure to engage has created undue hardship and further supports the need for the Clerk to enter default.

17. Request for Entry of Default:

Based on the facts outlined above, including Defendant's failure to respond, willful abandonment of defense, and noncompliance with the Federal Rules, I respectfully request that the Clerk of the Court enter default against Defendant Paul Barresi for his failure to plead or otherwise defend this action in accordance with Federal Rule of Civil Procedure 55(a).

18. As Defendant has failed to file any response within the prescribed time, and has abandoned his defense, Plaintiff is entitled to the entry of default, which will allow Plaintiff to proceed with a motion for default judgment and seek appropriate relief.

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT

19. Prejudice to Plaintiff:

Defendant's failure to defend has caused significant harm to Plaintiff, including ongoing violations of privacy, emotional distress, and damage to communications. The unlawful recordings and disclosures made by Defendant, as alleged in the Second Amended Complaint, continue to cause harm. Defendant's abandonment of defense further exacerbates this harm, as Plaintiff is unable to secure redress in a timely manner.

20. The delay caused by Defendant's failure to respond to the Complaint has prevented Plaintiff from moving forward with this case, allowing Defendant's unlawful conduct to remain unchecked.

21. Legal Standard for Entry of Default:

Federal Rule of Civil Procedure 55(a) provides that when a properly served defendant fails to answer or otherwise defend the action, the Clerk of the Court must enter default. In this case, Defendant Barresi has failed to respond, making the entry of default both warranted and appropriate under the Federal Rules. As Defendant's failure to respond is willful, it is not excusable, and Plaintiff is entitled to the relief sought in this application.

22. Conclusion for Nonresponse to Second Amended Complaint:

For the reasons set forth above, Plaintiff Christina Taft respectfully requests that the Clerk of the Court enter default against Defendant Paul Barresi due to his failure to respond to the Second Amended Complaint, as well as his failure to defend and comply with the legal requirements of this litigation.

23. The entry of default is necessary for Plaintiff to proceed with the next stages of the litigation, including seeking default judgment and injunctive relief.

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT

24. I have attached to this declaration a true and correct copy of the proofs of service on file with this Court for the above-named Defendant, Paul Barresi.

I declare under oath and penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Dated this June 14, 2025

*Christina Taft*

Christina Taft

*Plaintiff in Propria Persona*

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST PAUL BARRESI FOR NONRESPONSE TO
SECOND AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

CHRISTINA TAFT v. PAUL BARRESI,  et al.

5:24-cv-01930-TJH-DTB

I, the undersigned, certify and declare that I am at least 18 years of age. I am a resident of the United States.

On June 14, 2025, I served a true copy of;  **(1) APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT; (2) DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT; (3) EXHIBITS PROOF OF SERVICE**

__X__ (By Electronic Transmission) I caused the document(s) described herein to be electronically transmitted and served via the Pacer system. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E)

__X__ (By Delivery) I caused the document(s) described herein to be delivered to the person(s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

| | |
|---|---|
| Melissa Yaffa Lerner<br>Megan Scott Mallonee<br>Lavely & Singer Professional Corporation<br>Attorneys At Law<br>2049 Century Park East, Suite 2400<br>Los Angeles, California 90067-2906 | *Attorneys for Defendant(s),*<br>Paul Barresi |

I declare under oath and penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated in Hawaii on **June 14, 2025**.

Christina Taft

*Plaintiff in Propria Persona*

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT