1  **MELISSA Y. LERNER (SBN 285216)**
   mlerner@lavelysinger.com
2  **MEGAN S. MALLONEE (SBN 340276)**
   mmallonee@lavelysinger.com
3  LAVELY & SINGER
4  PROFESSIONAL CORPORATION
   2049 Century Park East, Suite 2400
5  Los Angeles, California 90067-2906
   Telephone: (310) 556-3501
6  Facsimile: (310) 556-3615
7
8  Attorneys for Defendant
9  PAUL BARRESI

10
                 **UNITED STATES DISTRICT COURT**
11
               **CENTRAL DISTRICT OF CALIFORNIA**
12
                      **EASTERN DIVISION**
13

| | |
|---|---|
| 14  CHRISTINA TAFT, | CASE NO. 5:24-cv-01930-TJH (DTB) |
| 15       Plaintiff, | [Hon. Terry J. Hatter, Jr.] |
| 16  vs. | **DEFENDANT PAUL BARRESI'S FIRST OPPOSED EX PARTE APPLICATION FOR RELIEF AND EXTENSION OF TIME TO FILE MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)** |
| 17 | |
| 18  PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive, | |
| 19 | |
| 20 | |
| 21       Defendants. | |
| 22 | |

23
24
25
26
27
28

**PLEASE TAKE NOTICE** that Defendant Paul Barresi ("Defendant"), through his attorneys of record herein, hereby applies to this Court, *ex parte*, for an order granting relief from his failure to file a response to Plaintiff Christina Taft's ("Plaintiff") Second Amended Complaint (the "SAC") and granting a brief extension of time to file Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

There is good cause for the Court to grant this *ex parte* application because Defendant failed to file a response due to excusable neglect in the form of a calendaring error that was not identified until Plaintiff's Motion for Entry for Default was filed. Declaration of Megan Mallonee ("Mallonee Decl."), ¶ 2. If Defendant is not granted the relief he seeks, Defendant will be irreparably harmed because he will be deprived of the opportunity to respond to the SAC and defend this matter.

This Application is made pursuant to, and in compliance with, Local Rules 7-19 and 7-19.1. Notice of this *Ex Parte* Application was provided to Plaintiff on June 25, 2025, 2025. *See id.* ¶ 4, Ex. A. Plaintiff indicated that she would oppose the Application.

This Application is based on the Memorandum of Points and Authorities, the Declaration of Megan Mallonee attached hereto, all papers and pleadings on file herein, those matters of which the Court may properly take judicial notice and on such other oral and documentary evidence as may be presented at the time of this hearing.

Dated: June 26, 2025

LAVELY & SINGER, P.C.
MELISSA Y. LERNER
MEGAN S. MALLONEE

By: ___*s/ Megan S. Mallonee*___
      MEGAN S. MALLONEE

Attorneys for Defendant
PAUL BARRESI

2

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**I.     <u>INTRODUCTION</u>**

Defendant Paul Barresi ("Defendant" or "Barresi") applies *ex parte* to the Court for relief from his failure to file a response to Plaintiff Christina Taft's ("Plaintiff") Second Amended Complaint (the "SAC"). Defendant requests an extension of time until July 1, 2025 to file a responsive pleading, which will be a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant failed to file a response due to a calendaring error that was not identified until Plaintiff's Motion for Entry for Default was filed. If Defendant is not granted the relief he seeks, Defendant will be irreparably harmed because he will be deprived of the opportunity to respond to the SAC and defend this matter.

**II.     <u>INFORMATION REQUIRED BY L.R. 7-19</u>**

Defendant's counsel took reasonable and good faith efforts to advise Plaintiff of the date and substance of this *ex parte* application. On June 26, 2025, counsel for Defendant notified Plaintiff of the instant application. Declaration of Megan Mallonee ("Mallonee Decl.") ¶ 4, Ex. A. Plaintiff indicated that she would oppose it. *Id.*

Pursuant to L.R. 7-19, to the best of Defendant's knowledge, Plaintiff's contact information is as follows:

**Name:**     Christina Taft

**Address:**     1676 Ala Moana Boulevard, Apartment 508, Honolulu, Hawaii 96815 **or** 1700 Ala Moana Boulevard, Apartment 2301, Honolulu, Hawaii 96815

**Tel. No.:**     212-718-1003 **or** +33 0623441766

**Email(s):**     taftchristina.ceo@gmail.com, Ceo.Taft@Rescue-Social.com, taft.christina@yahoo.com

**III.     <u>FACTUAL BASIS FOR DEFENDANT'S NEED FOR *EX PARTE* RELIEF</u>**

Plaintiff filed the instant action on September 7, 2024. On November 6, 2024, Plaintiff filed a Motion to Amend the Complaint. (Dkt. No. 18.) On November 7,

3

2024, Defendant filed a Motion to dismiss the Complaint (Dkt. No. 16.) After the Court granted Plaintiff's Motion, Plaintiff filed a First Amended Complaint on November 30, 2024. (Dkt. No. 23.) On December 13, 2024, Defendant filed a Motion to Dismiss the FAC. (Dkt. No. 26.) The Court granted the Motion to Dismiss on May 1, 2025, without prejudice and with leave to amend. (Dkt. No. 66.)

Plaintiff filed a Second Amended Complaint on May 26, 2025. (Dkt. No. 74.) Due to a calendaring error, counsel for Defendant inadvertently failed to file a responsive pleading. Mallonee Decl. ¶ 2. Defendant intended to file a third Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    ARGUMENT

### A. *Ex Parte* Relief Is Warranted So That Defendant's Request May Be Heard Before the Current Deadline to File the Sur-Reply.

*Ex parte* relief is appropriate where the moving party shows that (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) it is "without fault in creating the crisis that requires e*x parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp 488, 492 (C.D. Cal. 1995). In assessing "excusable neglect," courts consider the four *Pioneer* factors: (1) danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Rojas ex rel. Rojas v. Cal. Dep't of Corr. & Rehab.*, No. 2:21-CV-01086 DAD AC, 2024 WL 150135, at *1 (E.D. Cal. Jan. 12, 2024) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Defendant will suffer irreparable prejudice if the underlying motion was heard according to regular noticed motion procedures because Plaintiff is seeking to enter a default judgment against him. Moreover, the crisis occurred as a result of excusable neglect due to a calendaring error that occurred when a legal assistant calendared the response date for a complaint rather than an amended complaint, thereby

1  leading counsel to believe there was additional time to respond. Mallonee Decl. ¶ 2.

2  Courts have found that calendaring errors constitute excusable neglect under similar

3  circumstances. *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (neglect

4  was excusable where Defendants filed a notice of appeal twenty-four days late based on

5  a calendaring mistake); *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)

6  ("excusable neglect 'encompass[es] situations in which the failure to comply with a

7  filing deadline is attributable to negligence," and includes "omissions caused by

8  carelessness").

9       The additional *Pioneer* factors also weigh in Defendant's favor. There is only a

10  brief three-week delay, and Defendant has acted in good faith in seeking relief. *See, e.g.*,

11  *Rojas*, 2024 WL 150135, at *1-2 (Plaintiff's 16-day delay was short, did not have any

12  impact on overall proceedings, and calendaring error was justified reason for delay).

13  Defendant began to prepare the instant application upon notice of the error. *See*

14  Moreover, the prejudice to Plaintiff is minimal. *See Ahanchian v. Xenon Pictures, Inc.*,

15  624 F.3d 1253, 1262 (9th Cir. 2010) (relief granted where defendants "would have won

16  a quick but unmerited victory, the loss of which we do not consider prejudicial.") As

17  such, Defendant respectfully submits that *ex parte* relief is proper because it will prevent

18  prejudice and allow him time to prepare a Motion to Dismiss.

19       **B.  The Court Should Grant Defendant's *Ex Parte* Application for an**

20       **Extension of Time to Respond.**

21       The court should grant Defendant's request for relief and extension of time to file

22  a motion to dismiss. Fed. R. Civ. P. 6(b)(1) provides that the court may extend time for

23  an act for good cause shown. Rule 6(b)(1), like all the Federal Rules of Civil Procedure,

24  "[is] to be liberally construed to effectuate the general purpose of seeing that cases are

25  tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren*

26  *v. Am. Nat'l Bank & Tr. Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)); *see also*

27  Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and

28  administered to secure the just, speedy, and inexpensive determination of every action

and proceeding."). "Good cause" as required by Rule 6(b)(1) is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1253 (citing *Venegas-Hernandez v. Sonolux Recs.*, 370 F.3d 183, 187 (1st Cir. 2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir. 1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987)). Defendant's need for additional time to file a Motion to Dismiss in order to ensure determination of this action and allow him the opportunity to respond satisfies the "good cause" required by Rule 6(b)(1).

Defendant therefore respectfully requests that he be granted until Tuesday, July 1, 2025 to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

# V. <u>CONCLUSION</u>

For the reasons set forth herein, Defendant respectfully requests that the Court grant the *Ex Parte* Application and issue an order extending Defendant's time to file a Motion to Dismiss until July 1, 2025.

Dated:  June 26, 2025

                LAVELY & SINGER
                PROFESSIONAL CORPORATION
                MELISSA Y. LERNER
                MEGAN S. MALLONEE

        By:   *s/ Megan S. Mallonee*
                MEGAN S. MALLONEE
                Attorneys for Defendant PAUL BARRESI

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

     The undersigned, counsel of record for Defendant Paul Barresi, certifies that this brief contains 1,143 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 26, 2025          LAVELY & SINGER
                           PROFESSIONAL CORPORATION
                           MELISSA Y. LERNER
                           MEGAN S. MALLONEE

                 By:    _s/ *Megan S. Mallonee*_____
                           MEGAN S. MALLONEE
                           Attorneys for Defendant PAUL BARRESI