Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 212-718-1003
Email: Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

CHRISTINA TAFT

     Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

     Defendants.

Case No.: 5:24-cv-01930-TJH-DTB

[Hon. David T. Bristow, Magistrate Judge; Hon. Terry J. Hatter, Jr, District Judge]

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT**

*[Filed concurrently with Declaration of Plaintiff in Support; Exhibits in Support of Default, Reconciliations, and Against Defendant's Bad Faith; and Certificate of Service]*

Date: June 27, 2025
Time: Under submission

## **TABLE OF CONTENTS**

I. OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES...............1

A. Failure to Demonstrate Excusable Neglect and Insufficient Ignorance............7

B. Defendant's Bad Faith and Strategic Prejudice from Resolutions................8

C. Violation of Consent and Stipulation Requirements under Rule 29(b) and
    Superseding of Amended Complaints……………………………………………9

II. FACTUAL BACKGROUND...................................................6

III. APPLICABLE LEGAL STANDARD...................................8

IV. ARGUMENT...............................................................10

A. Defendant Has Failed to Establish Excusable Neglect as Required Under Rule
6(b)(1)(B)....................................................................10

B. Entry of Default Is Mandatory Upon Plaintiff's Timely Request Under Fed. R.
Civ. P. 55(a)................................................................11

C. Defendant's Conduct Reflects Bad Faith, Procedural Abuse, and Prejudice to
Plaintiff, Witnesses, and Co-Defendants................................12

D. Plaintiff and Victims Will Suffer Severely and Irreparable Prejudice............15

E. Defendant's Application Violates Local Rule 7-19 Governing Ex Parte
Relief.......................................................................16

F. The Filing of the Second Amended Complaint Superseded All Prior Pleadings
and Mooted Pending Motions............................................16

G. No Stipulation or Written Consent Exists as Required by Rule 29(b)............17

H. Procedural Fairness and Judicial Integrity Demand Enforcement of Default
Mechanisms……………………………………………………………….17

I. The Doctrine of Unclean Hands Bars Defendant from Equitable Relief...........18

V. SUPPORTING CASE LAW AND STATUTORY AUTHORITIES...............18

A. Federal Judicial Standards Governing Excusable Neglect and Default............18

B. Federal Procedural Requirements Mandate Default Entry………………......20

1  VI. CONCLUSION TO SUPPORTING JUSTICE WITH DEFAULT.................21

2  VII. PRAYER FOR RELIEF.................................................................................23

4  ## **TABLE OF AUTHORITIES**

5  Cases                                                                    Pages

6  *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir.

7  1996).........................................................................................................18

8  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).........4, 22

9  *Bateman v. United States Postal Service*, 231 F.3d 1220, 1223-25 (9th Cir.

10  2000)........................................................................................................8, 19

11  *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1112 (9th Cir.

12  2011)........................................................................................................19

13  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997).........................8

14  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).......................................15

15  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).....................................19

16  *Gonzalez v. Texaco Inc.*, 344 F. Supp. 2d 524, 540-41 (S.D. Tex. 2004)..............14

17  *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).................................................14

18  *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994)..........................8, 11

19  *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc)....5, 17, 19

20  *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981)...............9

21  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D.

22  Cal. 1995)............................................................................................5, 9, 16, 19

23  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)……………...11

24  *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507

25  U.S. 380, 395 (1993)………………………………………………....8, 10, 18

26  *Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004) (en banc)………....3, 22

27  *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery*

28  *Co.*, 324 U.S. 806, 814 (1945)…………………………………………......18, 19

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND
LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT

*Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)...17, 19

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).............8, 10

*Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986)……………………………………………………………………..15

*U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)……………………….....11

**STATUTES AND RULES**

Federal Rules of Civil Procedure:

Fed. R. Civ. P. 1……………………………………………………………….9, 7

Fed. R. Civ. P. 4(l)……………………………………………………………….6

Fed. R. Civ. P. 5(b)(2)(E)……………………………………………………….6

Fed. R. Civ. P. 6(b)………………………………………….1, 6, 8, 10, 20, 23

Fed. R. Civ. P. 11……………………………………………………….17, 23

Fed. R. Civ. P. 12(a)…………………………………………………2, 5, 20, 23

Fed. R. Civ. P. 15(a)……………………………………………………4, 6, 17

Fed. R. Civ. P. 16(f)…………………………………………………………….7

Fed. R. Civ. P. 26(c)…………………………………………………………..23

Fed. R. Civ. P. 29(b)………………………………………………….....5, 17, 20

Fed. R. Civ. P. 45……………………………………………………………..15

Fed. R. Civ. P. 55…………………………………………….....2, 6, 11, 18, 20, 23

Federal Rules of Evidence:

Fed. R. Evid. 201(b)…………………………………………………………..23

Federal Statutes:

18 U.S.C. § 1512(b)……………………………………………….7, 13, 14, 23

18 U.S.C. § 2511………………………………………………….....13, 14, 23

18 U.S.C. § 2520……………………………………………………………..13

28 U.S.C. § 1651(a)…………………………………………………………..23

28 U.S.C. § 1657……………………………………………………………...6

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT

28 U.S.C. § 1746.................................................................................................6

28 U.S.C. § 1927……………………………………………...7, 9, 14, 23

42 U.S.C. § 1983.......................................................................................7, 23

California Statutes:

Cal. Civ. Code § 1708.7……………………………………………...13, 14

Cal. Code Civ. Proc. § 527.6...............................................7, 13, 14, 23

Cal. Const., Art. I, § 1 ……………………………………………..7, 13

Cal. Penal Code § 632……………………………………….... 6, 7, 13

Cal. Penal Code § 637.2 …………………………………….......6, 13

Cal. Penal Code § 646.9……………………………………………....7

Local Rules:

C.D. Cal. Local Rule 7-19…………………………………..6, 9, 16

C.D. Cal. Local Rule 7-19.1 …………………………………....5, 16

Local Rule 6-1……………………………………………………..2

Local Rule 7-10…………………………………………………....6

Local Rule 55-1…………………………………………………....2

California Rules of Professional Conduct:

Cal. R. Prof. Cond. 1.1 …………………………………………...6

Cal. R. Prof. Cond. 1.3 …………………………………….......6

Cal. R. Prof. Cond. 3.3 …………………………………………...14

Cal. R. Prof. Cond. 4.1 …………………………………………...14

Cal. R. Prof. Cond. 8.4 …………………………………………...14

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND
LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFF'S OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES AGAINST DEFENDANT'S EX PARTE ABOUT ENTRY OF DEFAULT AND UNJUSTIFIED LATE RESPONSE

Plaintiff Christina Taft, appearing *in propria persona*, respectfully files this Opposition to the Ex Parte Application against Plaintiff's Entry of Default and for a Late Extension of Time to Respond to the Second Amended Complaint ("SAC") submitted by Defendant Paul Barresi on or about June 26, 2025. Said Application is devoid of any legitimate basis in law or equity, with it being postured in bad faith in Defendant Barresi's agenda to control individuals with illegal recording combined with disclosures and to interrupt vital reconciliations or communications for their revivals, is procedurally defective, and constitutes a manifest abuse of the judicial process intended to delay adjudication, evade default, and prejudice the rights and protections afforded to Plaintiff and third-party witnesses.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's responsive pleading to the SAC, which was filed on or about May 26, 2025, was due no later than June 9, 2025. No responsive pleading, Rule 12 motion, stipulation for extension under Rule 6(b), or properly noticed motion under L.R. 6-1 was filed by Defendant prior to the expiration of that deadline. As a result, and consistent with the procedural framework established under Rule 55(a), Plaintiff duly submitted a Request for Entry of Default approximately two weeks ago on June 14th, supported by the requisite declaration under L.R. 55-1. The Clerk's Office has failed to act on said request without justification, thereby ushering Defendant's counsel to now improperly seek ex parte relief from consequences attributable solely to Defendant's own bad faith, circumvention, and deliberate inaction.

Defendant's Application must be denied for the forthwith reasons:

**A. Failure to Demonstrate "Excusable Neglect" and Insufficient Ignorance:**

The Ninth Circuit has held that "excusable neglect" encompasses circumstances beyond mere inadvertence or strategic delay. See *Pincay v. Andrews*, 389 F.3d 853, 855–56 (9th Cir. 2004) (en banc). Defendant willfully proclaimed on March 27th after he was served the Second Amended Complaint that his lawyers would not file responses and he did not attach a responsive filing to his ex parte either, Exhibits 2. The Second Amended Complaint mainly aided Plaintiff, Angela Meador, Plaintiff's family, and against Unconsented Recordings of Phone Calls and Unlawful Disclosures. Secondly, as Defendant Barresi's lawyer admits in his submitted ex parte, he did not miss the deadline for responding to the First Amended Complaint of two weeks (14 days), making his alleged ignorance moot. Not only did Defendant not file a declaration from the assistant to verify directly or any exhibits of their alleged calendaring error, Defendant's claim that they intended to respond within 21 days is irrelevant, since if the Defendant intended to file a response by this alleged error, he would have filed on June 16th. The Defendant's failure to respond to the Second Amended Complaint by the June 9, 2025 deadline is the core reason for the default application. Furthermore, Defendant failed to take any action until June 26, 2025, nearly two weeks after Plaintiff had already requested default.

Plaintiff's Motion for Default was timely filed on June 14, 2025, within the 10 days required window to file default after the deadline for the SAC response. This was well within the window for default to be requested and reflects Plaintiff's compliance with the rules. The filing of the motion was in direct response to Defendant's non-compliance with the 14-day deadline for amended complaints

under Fed. R. Civ. P. 15(a)(3), and there is no legal justification for Defendant's failure to respond.

Where, as here, a represented party has willfully defaulted with full knowledge of deadlines, for a *Second* Amendment, there can be no "excusable neglect." The burden to justify relief under Rule 6 is high and falls squarely on Defendant. See also *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

## B. Defendant's Bad Faith and Strategic Prejudice from Resolutions:

The Defendant's late response only came after Plaintiff filed a subpoena to facilitate communication with Angela Gayle Meador, an important victim and witness in the case. Defendant's ex parte came well after the expiration of the 14-day response period for the SAC, showing that Defendant's actions were prompted by Plaintiff's proactive legal actions, not any intention to comply with court-imposed deadlines. Defendant failed to comply with the correct deadline, and only after Plaintiff's filing of a subpoena to Angela Gayle Meador did Defendant attempt to respond on June 26, 2025—well past the response deadline.

Plaintiff's subpoena and the repeated calling by Defendant Barresi to her 297 times in T-Mobile phone records demonstrate stalking behaviors and his control over Meador, a vulnerable assault victim and witness of financial abuse. This delay raises concerns about the validity of Defendant's claims of excusable neglect.

Plaintiff's filed subpoena's supportive letter and exhibits, as did the Second Amended Complaint, further revealed that Plaintiff reached out to co-defendant Adam Waldman to help Angela Meador and admitting he, like Meador, was unconsentedly recorded and these recordings illegally disclosed for coercion, that she reported to the Sheriff of these facts, and urged for reconciliation. Defendant Barresi's actions demonstrate that he wants control over vulnerable assault victim

Meador and of Adam Waldman, including to irrationally continue fear of statements he wields out-of-context to force disputes. With Plaintiff's encouragement, these two individuals were closer to freeing themselves from the Defendant and his forced friction with recordings. Defendant's Counsel repeatedly have ignored service of the Second Amended Complaint and her demands for protections of Meador from illegal recordings and disclosures, as well as against materials, explained in the Second Amended Complaint on March 26th, March 29th, June 9th, and June 25th (Exhibits 1-7). This bad faith action by Defendant Barresi – to avoid default only when seeing it may free vulnerable and controlled individuals through the proactivity of Plaintiff's generosity and empathy, is purely prejudicial to the Plaintiff.

## C. Violation of Consent and Stipulation Requirements under Rule 29(b) and Superseding of Amended Complaints:

Plaintiff did not and does not consent to any post hoc extension, and Fed. R. Civ. P. 29(b) prohibits any enlargement of time for filing responsive pleadings without a stipulation in writing or a court order. Defendant cannot unilaterally extend deadlines without written stipulation or court order as required by Fed. R. Civ. P. 29(b), and Plaintiff expressly withholds consent to any extension beyond Rule 12(a)'s deadline. In absence of mutual written agreement, Defendant is bound by the deadline set forth under Rule 12(a).

Defendant's pattern of procedural violations demands immediate judicial intervention. First, Defendant's improper ex parte application violates Local Rules 7-3 and 7-19.1 by failing to demonstrate the irreparable prejudice required for such extraordinary relief, as mandated by *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Third, superseded pleadings reflect

fundamental established law that "an amended complaint supersedes the original, rendering it of no legal effect," *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc), which rendered Plaintiff's May 2025 motion for reconsideration moot upon filing the Second Amended Complaint.

## II. FACTUAL BACKGROUND

On or about May 26, 2025, Plaintiff Taft, appearing *in propria persona*, filed and effectuated service of her Second Amended Complaint ("SAC") upon Defendant Barresi and to his registered counsel, both on PACER and in emails (Exhibits 1-7), pursuant to Fed. R. Civ. P. 5(b)(2)(E) and in compliance with applicable notice requirements of Fed. R. Civ. P. 4(l), thereby establishing jurisdiction and commencing the operative pleading period.

Under Fed. R. Civ. P. 15(a)(3) and Local Rule 7-10, Defendant's deadline to file a responsive pleading or motion was June 9, 2025—14 days from service. No stipulation, application, or extension under Fed. R. Civ. P. 6(b)(1) was filed prior to the lapse of this deadline.

On June 14, 2025, Plaintiff submitted a procedurally valid Request for Entry of Default under Fed. R. Civ. P. 55(a), supported by a declaration of service and compliance with the procedural standards governing clerk defaults.

The Clerk of the Court has, to date, failed to perform the ministerial duty to enter default without the Judge being requested, resulting in manifest prejudice to Plaintiff and violating the principle of administrative promptness under 28 U.S.C. § 1657, which guarantees priority to cases implicating substantial rights.

Defendant's Ex Parte Application—filed nearly three weeks late on June 25, 2025—fails both substantively and procedurally. It cannot satisfy the "excusable neglect" standard under Fed. R. Civ. P. 6(b)(1)(B) as defined by *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993), which requires good faith, lack of prejudice, and a meritorious claim, none of which are present here. The Application also violates C.D. Cal. Local Rule 7-19 by failing to provide required declarations of notice, showings of irreparable harm, or demonstrations of inability to proceed by regular motion. As a represented party, Defendant bears heightened obligations under California Rules of Professional Conduct 1.1 and 1.3 for competent representation and diligent calendaring, making his procedural failures inexcusable. Plaintiff repeatedly notified of the Second Amended Complaint in emails with Cease & Desists to Protect Meador. Defendant offers no verified declaration directly from the assistant that allegedly errored under 28 U.S.C. § 1746, and his proffered rationale—a conclusory "calendaring error"—is facially insufficient to overcome the presumption of strategic delay, especially given the procedural posture and prior opportunities to engage.

Defendant's bad faith is compounded by his ongoing extrajudicial misconduct, including the unauthorized and unlawful recording and dissemination of private conversations in contravention of Cal. Penal Code §§ 632(a), 637.2(a) and 18 U.S.C. §§ 2511(1)(c), 2520. Plaintiff pleads for Meador's wellbeing as a result.

Plaintiff has submitted a formal subpoena to witness Angela Gayle Meador (see Exhibits 3-4, Docket 77), which outlines coercion and emotional distress caused by Defendant's campaign, and is directly tied to Defendant's litigation posture and obstruction. Subpoenaed telecommunications records (Exhibits 3) from T-Mobile confirm at least 297 calls initiated by Defendant Barresi to Ms. Meador, many of which occurred outside reasonable hours and were uninvited, suggesting a pattern of conduct meeting the statutory definition of stalking and civil harassment under Cal. Code Civ. Proc. § 527.6 and Penal Code § 646.9. Such behavior rises to the

level of witness tampering and obstruction of justice under 18 U.S.C. § 1512(b), particularly as Defendant is aware that Ms. Meador is a material witness and has continued to engage her in a manner intended to deter, dissuade, or manipulate testimony. It's an uncontroverted fact that Meador did not consent to recordings.

Defendant has also disclosed or threatened disclosure of audio recordings involving Co-Defendant Adam Waldman, who did not consent to any such recordings, thereby potentially violating Cal. Const., Art. I, § 1 (Right to Privacy), and subjecting Defendant to civil liability under Cal. Penal Code §§ 637.2(a) and 632(d). Plaintiff supported the revival of Meador and pleaded for Waldman's help.

Plaintiff has lodged multiple reports with the San Bernardino County Sheriff's Department, including Case No. RCR2506114, citing the need for protection of Plaintiff, Meador, family and documentation of a sustained pattern of targeted harassment, fear-inducing conduct, and psychological manipulation.

Defendant's actions have created a chilling effect on witnesses and caused measurable emotional and psychological harm to Plaintiff and others. This deprives Plaintiff of her constitutional rights to meaningful access to the courts under 42 U.S.C. § 1983 and the First and Fourteenth Amendments.

Defendant's noncompliance with procedural deadlines, when viewed in conjunction with his substantive misconduct, constitutes willful litigation abuse warranting sanctions under Fed. R. Civ. P. 16(f) and 28 U.S.C. § 1927, and militates against any discretionary relief from default.

The delay has undermined judicial economy and integrity of process, violating Plaintiff's right to timely adjudication as protected by Rule 1 of the Federal Rules of Civil Procedure, which mandates the just, speedy, and inexpensive determination of every action. Exhibits and declaration attached support default.

For all these reasons, including Defendant's pattern of delay, abuse of ex parte procedure, and continued acts of intimidation and harassment, Plaintiff respectfully urges the Court to **deny the Ex Parte Application**, order the **Clerk to enter default without further delay** pursuant to **Fed. R. Civ. P. 55(a)**, and reserve the right to impose sanctions and protective orders to safeguard the Plaintiff's legal and personal security.

## III. APPLICABLE LEGAL STANDARD

The determination of whether a party may be granted an enlargement of time after the expiration of a prescribed deadline is governed by Federal Rule of Civil Procedure 6(b)(1)(B), which provides:

"When an act may or must be done within a specified time, the court may, for good cause, extend the time... on motion made after the time has expired if the party failed to act because of excusable neglect."

To invoke this provision, the moving party bears the burden of demonstrating a compelling justification that satisfies the "excusable neglect" threshold, which is construed strictly in favor of procedural compliance. The United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), set forth a four-factor equitable framework for analyzing such requests:

1. The danger of prejudice to the nonmoving party;

2. The length of the delay and its potential impact on the proceedings;

3. The reason for the delay, including whether it was within the reasonable control of the movant; and

4. Whether the movant acted in good faith.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND
LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT

Among these, the third factor—**the reason for the delay**—has been accorded particular importance. Courts have consistently found that calendaring errors, failure to monitor deadlines, or neglect by counsel do not rise to the level of excusable neglect. See *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003); *Kyle v. Campbell Soup Co*., 28 F.3d 928, 930 (9th Cir. 1994). In the Ninth Circuit, the Pioneer test is applied rigorously. In *Bateman v. United States Postal Service*, 231 F.3d 1220, 1224 (9th Cir. 2000), the Court emphasized that mere oversight or "press of business" by counsel is insufficient where the delay was avoidable and caused unnecessary disruption to the judicial process. Similarly, in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997), the Ninth Circuit vacated a trial court order that failed to apply the Pioneer test, reaffirming that courts must conduct a detailed, four-part analysis before excusing untimely conduct.

Moreover, Local Rule 7-19 of the U.S. District Court for the Central District of California mandates that ex parte applications may only be granted upon:

- A sufficient affidavit or declaration showing that irreparable injury or prejudice will occur if relief is delayed until the matter can be heard as a regularly noticed motion; and

- A showing that the moving party complied with L.R. 7-19.1, including efforts to advise the opposing party and the rationale for proceeding ex parte.

Failure to meet these procedural prerequisites renders an ex parte application improper. See *Mission Power Eng'g Co. v. Continental Cas. Co*., 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("Ex parte motions are rarely justified and should only be used for genuine emergencies.").

Furthermore, where, as here, the Plaintiff has already sought the entry of default under Federal Rule of Civil Procedure 55(a), any post-deadline extension must also comport with the inherent due process protections afforded to the opposing party. The Federal Rules are designed to "secure the just, speedy, and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1), and strategic delays or dilatory conduct undermine this core principle.

To permit an enlargement of time in such circumstances—where the Defendant failed to move timely, failed to stipulate, and now invokes a vague "calendaring error" as justification would nullify the orderly administration of justice and embolden noncompliance. As courts have noted:

"A lawyer's failure to read or follow the Federal Rules of Civil Procedure is not excusable neglect. Attorneys are expected to know and abide by the rules of the court." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981).

Finally, under 28 U.S.C. § 1927, federal courts are empowered to sanction attorneys who "unreasonably and vexatiously" multiply proceedings. Where an attorney's conduct causes unnecessary delay and procedural burden as here courts may also consider referral to disciplinary authorities or cost shifting.

## IV. ARGUMENT

### A. Defendant Has Failed to Establish "Excusable Neglect" as Required Under Rule 6(b)(1)(B)

The Defendant's reliance on an alleged "calendaring error" is legally insufficient, unsupported by declaration or evidentiary documentation, and falls short of the threshold for "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B). The standard under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), as applied in the Ninth Circuit, mandates a rigorous showing that

the failure to act was outside the reasonable control of the movant and not due to neglect, oversight, or mere inadvertence. See also *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("run-of-the-mill inattentiveness by counsel" does not constitute excusable neglect).

Here, Defendant is represented by experienced counsel and has demonstrated prior familiarity with the Court's procedures, deadlines, and filings, including active monitoring of the docket, knowledge of the SAC's filing on or about May 26, 2025, and awareness of Plaintiff's subpoena issued to non-party witness Angela Gayle Meador. The decision to act only after that subpoena issued, nearly five weeks after the responsive deadline, strongly suggests calculated procedural delay, not inadvertent omission.

In *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994), the Court rejected a nearly identical claim of calendaring error, holding that mismanagement of deadlines is within the control of the attorney and not a basis for post hoc leniency. The same conclusion applies here.

**B. Entry of Default Is Mandatory Upon Plaintiff's Timely Request Under Fed. R. Civ. P. 55(a)**

Federal Rule of Civil Procedure 55(a) provides in mandatory terms that:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend… the clerk must enter the party's default."

The procedural record reflects that Plaintiff filed a timely and facially valid **Request for Entry of Default** on **June 14, 2025**, consistent with the requirements of **Rule 55(a)**. No responsive pleading, Rule 12(b) motion, stipulation, or Court-approved extension preceded this request. As stated in *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996), "[a] party is not entitled to relief from

default where failure to respond is willful, or where the party acted with reckless disregard of procedural deadlines."

Moreover, the Clerk's delay in processing the default does not cure the Defendant's procedural noncompliance nor confer discretion upon the Court to retroactively excuse the omission. See *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (Rule 55 is designed to prevent abusive delay and ensure orderly administration of justice).

### C. Defendant's Conduct Reflects Bad Faith, Procedural Abuse, and Prejudice to Plaintiff, Witnesses, and Co-Defendants

Defendant Barresi's delay must be viewed in light of his pattern of unlawful conduct, procedural sabotage, and retaliation, foundational in the Second Amendment. Defendant's bad faith motive is revealed by timing and conduct.

Defendant's sudden litigation activity on June 26, 2025—occurring only after Plaintiff filed a subpoena to witness Angela Gayle Meador—exposes the retaliatory and obstructionist nature of his belated response. T-Mobile records from the past year demonstrate a disturbing pattern: 297 calls initiated by Defendant to Meador versus only 12 outgoing calls from her, with significant increases on dates when Plaintiff attempted lawful and supportive communication with Meador. On March 26, 2025, when Plaintiff sent one text asking Meador to call while at Lori Mattix's residence, Defendant Barresi bombarded Meador with 9 calls. On March 31, 2025, when process server Tracy Kroft attempted to serve the subpoena and Meador required police protection, Defendant Barresi escalated to 31 incoming calls. This conduct directly contradicts Defendant's counsel's prior representations about subpoena service while demonstrating Defendant's use of illegal recordings and unlawful disclosures controlling Meador and Taft into unwanted demise.

**Defendant's Pattern of Unlawful Conduct Warrants No Judicial Indulgence:**

Defendant currently faces credible allegations of multiple violations that underscore his bad faith in this proceeding, including violation of California's Invasion of Privacy Act under Cal. Penal Code §§ 632(a), 637.2(a) for unlawful recording and disclosure without consent; blackmailing tactics to force or recant statements and bind permanently to himself; civil harassment under Cal. Code Civ. Proc. § 527.6, substantiated by 297 documented phone calls by Barresi to witness Meador (Exhibits 3); this extensive pattern of coercive contact with witness Angela Gayle Meador may constitute civil stalking under Cal. Civ. Code § 1708.7, while retaliatory disclosures and intimidation of subpoenaed witnesses support witness tampering liability; witness intimidation under 18 U.S.C. § 1512(b) through systematic obstruction of Plaintiff's lawful witness contact; and violation of constitutional privacy rights under California Constitution Article I, § 1, as co-defendant Adam Waldman never consented to being recorded. Defendant's motion appears calculated to maintain his coercive control over these individuals precisely when Plaintiff's advocacy and legal intervention moved to liberate them from his manipulative influence.

This misconduct has been formally reported to the San Bernardino County Sheriff's Office and is supported by documentary evidence including subpoena filings, communication records, phone logs, and sworn declarations. A defendant who deploys such tactics to obstruct legitimate legal process deserves no accommodation for his procedural failures.

In sum, the Defendant's Ex Parte Application is not only untimely and unfounded but reflects a continuing pattern of procedural abuse, strategic delay,

and retaliatory obstruction. The Court should reject his Application in its entirety,
order the **Clerk of Court to enter default pursuant to Rule 55(a)**, and grant such
further relief as is just and proper to preserve judicial efficiency, safeguard the
rights of victims, and uphold the constitutional and statutory protections afforded
to Plaintiff and third-party witnesses.

1. **Unlawful Recording and Disclosures**: Defendant knowingly engaged in
   the unauthorized audio recording and subsequent dissemination of private
   conversations involving Plaintiff and others, including victim Angela
   Meador, James Conner and about Victoria Taft, and Co-Defendant Adam
   Waldman, in violation of Cal. Penal Code §§ 632(a), 637.2, and 18 U.S.C. §
   2511(1)(c). These statutes criminalize and establish civil remedies for
   surreptitious interception of communications without consent.

2. **Civil Stalking**: T-Mobile Call Detail Records substantiate over 309
   documented communications, primarily inbound from Defendant to non-
   party witness Angela Gayle Meador. This conduct constitutes a course of
   harassment under Cal. Civ. Proc. Code § 527.6, and independently supports
   tort liability under Cal. Civ. Code § 1708.7 (Civil Stalking Liability Act).

3. **Retaliatory Disclosure and Witness Tampering**: Defendant responded to
   Plaintiff's lawful subpoena to Ms. Meador with retaliatory disclosures of
   audio recordings. These acts potentially violate 18 U.S.C. § 1512(b) (witness
   intimidation), and may give rise to obstruction of justice, tampering, or
   spoliation claims under federal and California law.

4. **Violation of Judicial Orders and Ethical Obligations**: The deliberate
   manipulation of deadlines, coupled with abusive conduct, may also invoke
   sanctions under 28 U.S.C. § 1927, Rule 11, Fed. R. Civ. P., and the

California Rules of Professional Conduct, particularly Rules 3.3, 4.1, and 8.4 (Misconduct).

See *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991) (bad faith conduct is sufficient grounds to deny equitable relief or procedural indulgence); *Gonzalez v. Texaco Inc.*, 344 F. Supp. 2d 524, 540–41 (S.D. Tex. 2004) (court may deny procedural relief where there is evidence of bad faith or abuse of process).

**D. Plaintiff and Victims Will Suffer Severely and Irreparable Prejudice**

Plaintiff, a pro se litigant, has actively sought legal protection for herself and a vulnerable witness, Meador, amid illegal disclosures of phone call recordings and retaliatory materials, substantiated threats and emotional trauma. Delay in the adjudication of this matter prolongs both psychological harm and exposure to continued retaliation. Under *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981), prejudice to vulnerable parties—including emotional distress, disruption of witness cooperation, and deprivation of timely relief—is a proper basis for denial of untimely motions.

Further delay undercuts Plaintiff's procedural rights, chills the exercise of her subpoena authority under Fed. R. Civ. P. 45, and emboldens further extrajudicial misconduct. Courts have routinely found that prejudice encompasses more than trial delay; it includes the erosion of witness evidence, manipulation of litigation posture, and psychological harm. See *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986).

Accordingly, this Court should deny the Defendant's ex parte request, direct the Clerk to enter default, and reaffirm that the judicial process is not a vehicle for tactical abuse or unauthorized surveillance.

### E. Defendant's Application Violates Local Rule 7-19 Governing Ex Parte Relief

Under Central District of California Local Rule 7-19, ex parte applications are disfavored and may only be granted upon a demonstration of (1) irreparable harm, (2) immediate need for relief, and (3) a declaration indicating notice to opposing counsel or party. Defendant has failed to satisfy any of these requirements. There is no irreparable harm presented by Defendant's failure to comply with Rule 12 deadlines. Additionally, there is no valid explanation for the delay or failure to obtain consent. Failure to comply with Local Rule 7-19 and 7-19.1 provides independent grounds to deny the application. See also *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### F. The Filing of the Second Amended Complaint Superseded All Prior Pleadings and Mooted Pending Motions

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the filing of an amended complaint replaces the original complaint in its entirety. See *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Defendant cannot rely on earlier pleadings or motions to toll deadlines or excuse default. Any prior motion to reconsider is rendered moot by operation of law. Accordingly, Defendant's failure to respond to the operative complaint within the Rule 12(a)(1)(A)(i) deadline constitutes a forfeiture of procedural rights.

### G. No Stipulation or Written Consent Exists as Required by Rule 29(b)

Federal Rule of Civil Procedure 29(b) requires that any extension of discovery or procedural deadlines must be made (1) by written stipulation or (2) by court order.

Plaintiff did not consent to any post hoc extension and expressly objected to Defendant's delay. Informal or implied consent is legally insufficient to extend filing deadlines. Defendant's failure to secure a Rule 29(b) stipulation is fatal to his application and constitutes an unauthorized enlargement of time. Misrepresenting such consent would further constitute a violation of Rule 11(b)(3), Fed. R. Civ. P.

### H. Procedural Fairness and Judicial Integrity Demand Enforcement of Default Mechanisms

The procedural structure of the Federal Rules is designed to ensure order, predictability, and fairness. When a party knowingly disregards deadlines without justification and attempts through unsupported ex parte pleadings, the Court must preserve procedural integrity by enforcing defaults. As held in *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996), the orderly administration of justice requires consequences for procedural noncompliance. The Plaintiff has met all conditions under Rule 55(a), and the default must be entered.

### I. The Doctrine of Unclean Hands Bars Defendant from Equitable Relief

Equity does not favor litigants who seek judicial indulgence while engaging in related misconduct. Under the doctrine of unclean hands, "he who comes into equity must come with clean hands." See *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945). Defendant's pattern of harassment, unlawful surveillance, retaliation against subpoenaed witnesses, and disregard for procedural rules forfeits any claim to equitable discretion by this Court. The equities overwhelmingly favor Plaintiff, who has complied with every applicable rule while enduring delay, distress, and retaliatory abuse.

## V. SUPPORTING CASE LAW AND STATUTORY AUTHORITIES

Plaintiff respectfully submits the following binding and persuasive legal authorities—comprising Supreme Court precedent, controlling Ninth Circuit case law, the Federal Rules of Civil Procedure, and pertinent California statutory provisions—to support the denial of Defendant's untimely Ex Parte Application for extension of time, and to compel entry of default under Rule 55(a). These authorities collectively affirm that strategic delay, noncompliance with procedural rules, and continuing unlawful conduct foreclose equitable relief and trigger default as a matter of right.

**A. Federal Judicial Standards Governing Excusable Neglect and Default**

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)

The Supreme Court held that "excusable neglect" under Rule 6(b)(1)(B) is a strict standard requiring consideration of: (i) danger of prejudice to the opposing party, (ii) length of delay and potential impact on proceedings, (iii) reason for the delay, and (iv) whether the movant acted in good faith. Mere inadvertence, ignorance of the law, or careless calendaring does not suffice. The burden of establishing excusable neglect rests solely on the party seeking relief.

*Bateman v. United States Postal Service*, 231 F.3d 1220, 1223–25 (9th Cir. 2000)

The Ninth Circuit reaffirmed that ex parte relief for missed deadlines is unavailable where the delay results from a tactical decision, lack of diligence, or deficient justification. Representation by counsel weighs heavily against a finding of excusable neglect, as does strategic silence in the face of pending deadlines.

*Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1112 (9th Cir. 2011)

A party's failure to timely respond, in the absence of a compelling reason, supports entry of default. Relief from default requires more than generalized hardship; it must be supported by a concrete, procedurally valid explanation. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)

Courts evaluating motions to set aside default consider: (i) prejudice to plaintiff; (ii) sufficiency of claims; (iii) culpability of the defendant; and (iv) whether default was willful. A party who deliberately withholds response in anticipation of procedural advantage is not entitled to relief.

The court emphasized that ex parte relief must be denied where the purported urgency arises from self-imposed delay. The moving party must demonstrate that the matter could not have been addressed by regular noticed motion without irreparable harm *Mission Power Eng'g Co. v. Continental Cas. Co*., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015); *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc)

These cases affirm the well-settled rule that an amended complaint supersedes all prior pleadings. All pending motions directed to earlier pleadings are rendered moot. Consequently, failure to respond to the latest operative complaint constitutes waiver under Rule 12. *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.,* 324 U.S. 806, 814 (1945)

A party found to have acted with inequitable conduct or bad faith—particularly in matters relating to the litigation—is barred from invoking the equitable powers of the court, including discretionary extensions.

**B. Federal Procedural Requirements Mandate Default Entry**

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND
LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT

Federal Rules of Civil Procedure establish clear deadlines and procedural requirements that Defendant has systematically violated. Rule 12(a)(1)(A) mandates defendants serve an answer or motion within 14 days after service, which Defendant failed to do by the June 9, 2025 deadline, constituting procedural default. Rule 55(a) makes clerk's entry of default mandatory when a party fails to plead or defend, stating the clerk "must enter the party's default" upon verified showing of non-response, which Plaintiff fulfilled in her filing for Default on June 14th, 2025. Rule 29(b) requires any stipulation modifying pleading schedules to be in writing or court-approved, rendering Defendant's ex parte motion procedurally improper without such authorization. Rule 6(b)(1)(B) permits post-deadline extensions only upon showing excusable neglect, and absent this threshold showing, courts lack discretion to retroactively enlarge time, as judicial efficiency and finality demand strict construction.

## VI. CONCLUSION TO SUPPORTING JUSTICE WITH DEFAULT

Defendant's ex parte motion represents a transparent attempt to evade the consequences of willful procedural default through demonstrably uncompelling claims of calendaring error. Under the Ninth Circuit's strict standard in *Pincay v. Andrews*, 389 F.3d 853, 855–56 (9th Cir. 2004) (en banc), "excusable neglect" requires more than mere inadvertence or strategic delay—neither of which Defendant can establish given his March 27th proclamation that his lawyers would not file responses and his counsel's admission of meeting the prior deadline. Tellingly, Defendant Barresi failed to provide any verifying declaration from the assistant who allegedly made the calendaring error, nor did he attach any exhibits of emails or communications documenting this purported mistake—fundamental evidence that would be readily available if such error allegedly occurred. The

timing of Defendant's belated June 26th response—occurring only after Plaintiff subpoenaed witness Angela Gayle Meador—exposes the retaliatory nature of his litigation conduct and confirms that his actions were prompted not by any intent to comply with deadlines, but that his control over a vulnerable witness was being challenged and that supportive communications to provide relief to her was given.

Defendant's controlling pattern, documented through 297 T-Mobile calls to witness Meador, coupled with his systematic use of illegal recordings to maintain control over both Meador and co-defendant Waldman, demonstrates the bad faith that permeates his motion. This dilatory tactic becomes particularly egregious when viewed against Plaintiff's efforts toward reconciliation and ending the cycle of abuse—the Second Amended Complaint and Plaintiff's communications sought to free Meador and Waldman from Defendant's coercive use of illegal recordings and to facilitate healing rather than perpetuate conflict. Defendant's response was to double down on unlawful use of illegal recordings and procedural obstruction rather than engage with Plaintiff's constructive efforts.

Where a represented party willfully defaults with full knowledge of deadlines, as established in *Ahanchian v. Xenon Pictures, Inc*, 624 F.3d 1253, 1259 (9th Cir. 2010), no excusable neglect exists. Plaintiff's timely June 14th default motion, filed within the required window following Defendant's June 9th deadline, reflects proper compliance with procedural rules that Defendant systematically ignored. The Court should deny this transparent attempt to reward dilatory tactics and enter default as requested, particularly given Defendant's ongoing illegal recording disclosure misconduct, unmerciful control over vulnerable assault victim Angela Meador with needing police protection for fear of her life demonstrated by uncontrollable shaking and inability to identify her assailant, obstructing co-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT

defendants including Adam Waldman from freeing themselves from out-of-context statements used to be intimidating, and deliberate obstruction of Plaintiff's reconciliation efforts that Defendant Barresi's late ex parte motion seeks to atrociously bury. Plaintiff notified Defendant's Counsel multiple times. Defendant Barresi can neither provide verifiable evidence of his neglect through an assistant's direct declaration or in his exhibits, nor refute his bad faith tactics.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** based upon the foregoing facts, legal standards, and evidentiary materials filed concurrently herewith, and pursuant to the authority vested in this Honorable Court under the Federal Rules of Civil Procedure, the United States Constitution, applicable statutory law, and its inherent equitable powers, Plaintiff Taft, respectfully prays that the Court grant the following relief:

1. Defendant's Ex Parte Application for Denial of **Entry of Default** and **Late Extension** of Time to Respond to Plaintiff's *Second* Amended Complaint be **DENIED** pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for failure to establish "excusable neglect," bad faith to prevent reconciliations, and unjustified delay contrary to the interests of justice and judicial efficiency;

2. The **Clerk of Court be DIRECTED to ENTER DEFAULT** against said Defendant under Federal Rule of Civil Procedure 55(a) for failure to timely file a responsive pleading within amended complaint fourteen (14) day windows prescribed by Rule 12(a)(1)(A)(i), following lawful and effective service of process on or about May 26, 2025, and Plaintiff's timely filing of a Request for Entry of Default on June 14, 2025;

3. The Court issue a **PROTECTIVE ORDER** pursuant to Federal Rule of Civil Procedure 26(c), 28 U.S.C. § 1651(a) (All Writs Act), and/or

California Code of Civil Procedure § 527.6, enjoining Defendant from any further unlawful, retaliatory, or prejudicial conduct directed toward Plaintiff, victim Meador, and Plaintiff's family in this action, including but not limited to: (a) non-consensual audio/video recording; (b) dissemination of private communications, materials, or recorded phone call disclosures; (c) direct or indirect witness intimidation; and (d) extrajudicial disclosures that compromise the integrity of pending judicial proceedings;

4.  The Court take **JUDICIAL NOTICE**, pursuant to **Federal Rule of Evidence 201(b)**, of the following publicly verifiable and court-submitted documents, each of which is incorporated herein by reference: (a) incident reports filed with the San Bernardino County Sheriff's Department in Rancho Cucamonga (Case No. RCR2506114); (b) subpoenaed call detail records evidencing over 297 calls from Defendant to vulnerable witness Angela Gayle Meador (Exhibits 3); and (c) verified declarations, including the compassionate letter issued in support of subpoena compliance and victim protection;

5.  The Court imposes **APPROPRIATE DISCIPLINARY ORDERS** as authorized under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and/or its inherent powers to deter procedural abuse, protect vulnerable litigants and third parties, and uphold the administration of justice where it is shown that Defendant's conduct constitutes: (a) bad faith litigation tactics; (b) misuse of ex parte procedures to delay lawful adjudication; or (c) obstruction of fact discovery and witness cooperation;

6.  The Court grant such **DEFAULT ADDITIONAL RELIEF** as may be deemed just, proper, and equitable under the circumstances, including:

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT

a. Expedited adjudication of Default for Plaintiff's forthcoming Motion for Default Judgment pursuant to **Federal Rule of Civil Procedure 55(b)**;

b. With the Interests of Justice in Granting Default, the Court can convey that victims are free to have the ability to do referrals of unauthorized recordings, unlawful disclosures, and tampering to the appropriate law enforcement or regulatory authorities pursuant to 18 U.S.C. § 2511, § 1512(b), and Cal. Penal Code § 632 and 637; and to live autonomously;

Respectfully submitted,

Dated this June 27th, 2025

*Christina Taft*

Christina Taft

*Plaintiff in Propria Persona*

### Certificate of Compliance

The on-the-record, Plaintiff in Propria Persona, certifies that this brief contains 6,209 words, which complies with the word limit of L.R. 11-6.2. Pursuant to Local Civil Rule 11-6 and applicable court practices, I hereby certify that this filing complies with the formatting, length, and font requirements set forth in the Local Rules. This Motion does not exceed the permitted 25 pages limits for the memorandum brief and has been prepared in 14-point Times New Roman font.

This 27th of June, 2025

*Christina Taft*

Christina Taft

*Plaintiff in Propria Persona*

## **CERTIFICATE OF SERVICE**

CHRISTINA TAFT v. PAUL BARRESI, et al.

5:24-cv-01930-TJH-DTB

I, the undersigned, certify and declare that I am at least 18 years of age. I am a resident of the United States.

On June 27, 2025, I served a true copy of;  **(1) PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT; (2) DECLARATION OF PLAINTIFF IN SUPPORT OF DEFAULT AND OPPOSITION; (3) EXHIBITS IN SUPPORT OF DEFAULT, RECONCILIATIONS, AND OF OPPOSITION**

  X   (By Electronic Transmission) I caused the document(s) described herein to be electronically transmitted and served via the Pacer system. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E)

  X   (By Delivery) I caused the document(s) described herein to be delivered to the person(s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

| | |
|---|---|
| Melissa Yaffa Lerner<br>Megan Scott Mallonee<br>Lavely & Singer Professional Corporation<br>Attorneys At Law<br>2049 Century Park East, Suite 2400<br>Los Angeles, California 90067-2906 | *Attorneys for Defendant(s),*<br>Paul Barresi |

I declare under oath and penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated in Pennsylvania on **June 27, 2025**.

*Christina Taft*

Christina Taft

*Plaintiff in Propria Persona*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION AGAINST ENTRY OF DEFAULT AND LATE EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT