1  Christina Taft
   Plaintiff in Propria Persona
2  1700 Ala Moana Blvd Apt 2301
   Honolulu, Hawaii 96815
3  Phone: 212-718-1003
   Email: Ceo.Taft@Rescue-Social.com
4

5              UNITED STATES DISTRICT COURT

6              CENTRAL DISTRICT OF CALIFORNIA

7                    EASTERN DIVISION

8

9   CHRISTINA TAFT                    Case No.: 5:24-cv-01930-TJH-DTB

10                                     [Hon. David T. Bristow, Magistrate
11        Plaintiff,                   Judge; Hon. Terry J. Hatter, Jr,
    vs.                                District Judge]
12
13  PAUL BARRESI, ADAM R              **DECLARATION OF PLAINTIFF**
    WALDMAN, and DOES 1-10,          **FOR ENTRY OF DEFAULT**
14  inclusive,                        **AGAINST DEFENDANT PAUL**
                                      **BARRESI FOR NONRESPONSE**
15                                    **TO SECOND AMENDED**
          Defendants.                 **COMPLAINT AND**
16                                    **CONFIRMATION OF BAD FAITH**
17                                    **CONDUCT**

18                                    *[Filed concurrently with Opposition*
19                                    *Brief Memorandum of Points and*
20                                    *Authorities, Exhibits in Support, and*
                                      *Certificate of Service]*
21
22
23                                    Date: June 27, 2025
                                      Time: Under submission
24
25
26
27
28

## DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

I, Christina Taft, Plaintiff in this matter appearing in propria persona, declare as follows:

1. If called as a witness, I could and would competently testify to the matters set forth herein. The purpose of this declaration is to support Entry of Default against Defendant Paul Barresi, in accordance with Federal Rule of Civil Procedure 55(a), due to Defendant's failure to file a timely response to the Second Amended Complaint and his willful bad faith against reviving reconciliation. This declaration exposes Defendant's calculated pattern of bad faith conduct, including his systematic harassment and obsessive control over vulnerable individuals through illegal recordings, unauthorized disclosures, and witness oppression tactics specifically designed to obstruct legitimate legal proceedings and maintain coercive dominance over assault victim Angela Gayle Meador and co-defendant Adam Waldman. Defendant's conduct represents a deliberate abuse of the judicial process intended to delay adjudication, evade accountability, and perpetuate his unlawful campaign. The Court has factual and procedural basis for the request that the Clerk of the Court with the Judge enter default against Defendant Paul Barresi.

2. Defendant Paul Barresi was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on May 26, 2025, as evidenced by the proof of service on file with this Court. The Certificate of Service, confirming that Defendant was served with the Second Amended Complaint on May 26, 2025, was filed with this

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

Court on the same day. The Certificate of Service is attached as Exhibit 7. I have attached true and correct correspondence demonstrating that I repeatedly notified Defendant's Counsel of the Second Amended Complaint and my Cease and Desist requests to help Ms. Meador and myself, explicitly explaining the severe needs for protection and relief from Defendant's illegal conduct, see Exhibits 1 section. These communications make clear that Defendant's counsel was fully aware this was a Second Amended Complaint, not an original complaint, eliminating any excuse for confusion about applicable deadlines or procedural requirements.

3. Defendant did not respond to Plaintiff's Courtesy Copy of the Second Amended Complaint served via email to his Counsel of Record, Ms. Lerner and Ms. Mallonee on May 26th, see Exhibits 1 section. Defendant and his Counsel of Record did not respond to Plaintiff's requests with its service to Immediately Cease and Desist Activities Regarding Wellbeing of Angela Meador, including California Penal Code §§ 632 and 637.2, ceasing unauthorized disclosures and wrongful use of unlawful recordings of phone calls or of any materials. I pled to Defendant's lawyers for Angela Meador and served the second amendment. Copies of this correspondence are attached in Exhibits 1 section and Exhibit 7.

4. Under Federal Rule of Civil Procedure 12(a)(1)(A), Defendant was required to file an answer to the Second Amended Complaint within fourteen (14) days after service of the Complaint, i.e., by June 9, 2025.

5. The time to plead or otherwise respond to the complaint has not been extended by any agreement of the parties or any order of the Court.

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

6. Defendant Paul Barresi has failed to serve or file a pleading or otherwise respond to the complaint. The applicable time limit for responding to the complaint has expired.

7. On May 26, 2025, I properly served Defendant Paul Barresi with a true and correct copy of the Second Amended Complaint in this action, in full compliance with Federal Rule of Civil Procedure 4. Service was effected electronically, utilizing the PACER/CM/ECF system, which is the Court's electronic filing system. As Defendant's legal counsel is registered with the Court's CM/ECF system, the documents were served via electronic transmission, and Defendant's counsel has consented to electronic service as required by Federal Rule of Civil Procedure 5(b)(2)(E). PACER served via email, shown in Exhibit 7.

8. I have attached to this declaration true and correct copies of the proofs of service on file with this Court for the above-named Defendant.

9. Defendant Paul Barresi is not a minor or an incompetent person.

10. Defendant Paul Barresi is not currently in the military service, and therefore the Servicemembers Civil Relief Act does not apply. Accordingly, Defendant is not exempt from the requirement to respond to the Complaint under FRCP 12(a).

11. Despite this clear obligation, Defendant Barresi has failed to file any responsive pleading, answer, or motion in this matter within the required time frame. As of the date of this declaration, Defendant Barresi has not filed an answer, motion on claims for relief, or any other pleading. This failure to respond, along with Defendant's failure to engage in the litigation process, constitutes a clear violation of the Federal Rules of Civil Procedure.

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

12. On May 27, 2025, Defendant communicated in writing publicly that his lawyers would not respond to any filings from Plaintiff and stated that they were no longer participating in the defense of this action. Defendant Barresi further published the cover of the second amended complaint served. Copies of this correspondence are attached as Exhibits 2 section. This written communication constitutes an explicit abandonment of defense, confirming that Defendant has willfully failed to comply with the judicial process.

13. On June 14, 2025, I properly and timely filed an Application for Entry of Default against Defendant Paul Barresi with the Clerk of this Court, supported by a complete Declaration and exhibits proving service of the Second Amended Complaint and Defendant's willful failure to respond by the June 9, 2025 deadline. This filing was made in full compliance with Federal Rule of Civil Procedure 55(a) and all applicable local rules.

14. Plaintiff's Second Amended Complaint urgently conveys needs for injunctive relief, especially centering around Plaintiff and Angela Gayle Meador, refuting Defendant Barresi leveraging their helplessness, unconsented recordings and unauthorized disclosures, and her family unmercifully. My Second Amended Complaint could only ask for help regarding myself, Angela Meador, and my family due to the scope of relief available under the applicable legal framework. Defendant willfully does not want to respond and his Counsel of Record did not respond.

15. My concerns for Angela Gayle Meador's safety and wellbeing have intensified significantly due to Defendant Barresi's escalating pattern of control and Defendant Barresi's irrational stalking behavior. T-Mobile call detail records reveal an alarming and disturbing pattern of obsessive contact: Defendant initiated

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

297 calls to Ms. Meador over the past year, while she made only 12 outgoing calls to him—a shocking disparity that demonstrates the one-sided, predatory nature of his communications, see Exhibits 3. This 25-to-1 ratio of incoming harassment calls versus voluntary contact represents a clear pattern of irrational stalking behavior designed to maintain psychological control over a vulnerable assault victim. The sheer volume and frequency of these unwanted communications, many occurring outside reasonable hours, establishes a course of conduct that meets the statutory definition of harassment and civil stalking under California law.

16. Ms. Meador is a vulnerable assault victim who has required police protection due to fear for her life, as evidenced by her uncontrollable shaking and inability to identify her assailant during attempted service of process.

17. Rather than respond to my Second Amended Complaint, Defendant Barresi engaged in calculated bad faith conduct. My efforts were specifically designed to provide what protection I could for Ms. Meador within my legal capacity, and to facilitate reconciliation by asking Mr. Waldman for help regarding Ms. Meador's situation, as both individuals have been victimized by Defendant's unauthorized recordings and coercive use of such materials. My outreach to Mr. Waldman seeking his assistance ultimately provided both individuals with greater autonomy from Defendant's manipulative control.

18. Both Ms. Meador and Mr. Waldman have been subjected to Defendant's systematic pattern of illegal recording without consent, followed by unauthorized disclosures used for coercion and control, see Exhibits 1-6. These practices violate California Penal Code §§ 632(a), 637.2(a) and constitute witness intimidation under 18 U.S.C. § 1512(b).

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

19. My communications and legal filings sought to break this cycle of abuse and provide what protection I could legally offer to both individuals, along with pathways to greater autonomy from Defendant's manipulative influence through reconciliation efforts and requests for assistance from Mr. Waldman.

20. Following my efforts to provide relief and facilitate reconciliation, and after receiving my support and police protection after years of Defendant Barresi's irrational stalking and harassment, Ms. Meador began to re-appear positively briefly, demonstrating the beneficial impact of legal intervention and protective measures. Ms. Meador made public references to "security," confirming the ongoing threats and fears that necessitated my intervention and the protective measures sought in my legal filings (Docket 77, attached). This positive emergence from isolation directly correlates with the reduction of Defendant's coercive influence when faced with legitimate legal oversight and protective intervention.

21. Mr. Waldman publicly discussed illegal recording practices and was observed showing a subpoena identifying him as a witness, demonstrating his awareness of the legal violations and his willingness to participate in legitimate legal proceedings rather than continue under Defendant's coercive control.

22. These public appearances by Ms. Meador and Mr. Waldman occurred only after my legal intervention and efforts to provide them relief and protection. This timeline demonstrates that Defendant Barresi's obsessive control over these individuals was never unabated until faced with legitimate legal challenge.

23. T-Mobile records demonstrate that on March 26, 2025, when I sent one text asking Meador to call while at Lori Mattix's residence, Defendant bombarded Meador with 9 calls. On March 31, 2025, when process server Tracy Kroft

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

attempted to serve the subpoena and Meador required police protection, Defendant escalated to 31 harassing calls, see Exhibits 3 section.

24. This pattern of escalating contact demonstrates Defendant's obsessive need to maintain control over Ms. Meador precisely when she was receiving support and legal protection through my intervention (Exhibits 1-6).

25. Defendant's failure to respond to the Second Amended Complaint by June 9, 2025, followed by his belated ex parte motion filed only after I subpoenaed Ms. Meador and both victims began showing signs of independence, clearly demonstrates bad faith motivation. This conduct constitutes procedural abuse designed to maintain control rather than engage in legitimate legal process.

26. Defendant Barresi's refusal to participate in this litigation has caused ongoing prejudice to Plaintiff, including but not limited to emotional distress, harm to prevent freely living, and a prolonged violation of privacy due to Defendant's unlawful actions, which are the subject of the Complaint. Plaintiff's inability to proceed with the case due to Defendant's failure to engage has created undue hardship and further supports the need for the Clerk to enter default.

27. The delay in entering default has allowed Defendant's harmful conduct to continue unchecked, causing ongoing psychological harm to vulnerable individuals and undermining the protective relief sought in my pleadings. Ms. Meador remains under Defendant's coercive influence through illegal recordings, while Mr. Waldman has been subjected to similar manipulative tactics designed to prevent cooperation with legitimate legal proceedings.

28. Defendant's failure to defend has caused significant harm to Plaintiff, including ongoing violations of privacy, emotional distress, and damage to

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

communications. The unlawful recordings and disclosures made by Defendant, as alleged in the Second Amended Complaint, continue to cause harm.

29. Federal Rule of Civil Procedure 55(a) provides that when a properly served defendant fails to answer or otherwise defend the action, the Clerk of the Court must enter default. In this case, Defendant Barresi has failed to respond, making the entry of default both warranted and appropriate under the Federal Rules. As Defendant's failure to respond is willful, it is not excusable, and Plaintiff is entitled to the relief sought in this application.

30. I have attached to this declaration true and correct copies of all exhibits referenced in my Opposition to Defendant's Ex Parte Application, including but not limited to: proof of service documents, correspondence with Defendant's counsel requesting cessation of illegal activities, T-Mobile call detail records evidencing the 297 calls from Defendant to Ms. Meador, subpoena documentation, communications demonstrating my efforts toward reconciliation, and incident reports filed with the San Bernardino County Sheriff's Department (Case No. RCR2506114), Exhibits 3-6. All exhibits accurately reflect the factual circumstances and timeline of events described in my Opposition and this Declaration.

31. Additionally, I have attached true and correct correspondence showing my efforts to protect Ms. Meador within my legal capacity and my communications to Co-Defendant Waldman asking for his help and seeking reconciliation, which ultimately provided both individuals with greater autonomy from Defendant Barresi's control. These exhibits reveal my consistent efforts to facilitate healing and resolution rather than perpetuate conflict. Furthermore, I have attached true and correct reports to law enforcement documenting Defendant's

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT

1  illegal disclosures of unauthorized phone recordings, particularly recordings of my

2  conversations with Ms. Meador, establishing a clear pattern of unlawful conduct

3  that supports the entry of default against this defaulting defendant.

4      32. Defendant has failed to provide any verifying declaration from the

5  assistant who allegedly made the calendaring error, nor has he provided any

6  exhibits of emails or communications documenting this purported mistake—

7  fundamental evidence that would be readily available if such error actually

8  occurred.

9

10     33. The entry of default is necessary for Plaintiff to proceed with the next

11  stages of the litigation, including seeking default judgment and injunctive relief.

12  Based on the facts outlined above, including Defendant's failure to respond, willful

13  abandonment of defense, and noncompliance with the Federal Rules, and based on

14  my timely filing on June 14, 2025, Defendant's willful untimely response, and the

15  demonstrated pattern of bad faith conduct outlined above, I respectfully request

16  that the Clerk of the Court and the Judge enter default against Defendant Paul

17  Barresi for his failure to plead or otherwise defend this action in accordance with

18  Federal Rule of Civil Procedure 55(a), and deny any attempts to excuse his

19  procedural violations through unsupported claims of calendaring error.

20

21      I declare under oath and penalty of perjury under the laws of the United

22  States of America that the foregoing is true and correct.

23      Respectfully submitted,

24  This June 27th, 2025

25  *[signature]*

26

27  Christina Taft

28  *Plaintiff in Propria Persona*

DECLARATION OF PLAINTIFF FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR
NONRESPONSE TO SECOND AMENDED COMPLAINT AND CONFIRMATION OF BAD FAITH CONDUCT