Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 212-718-1003
Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

_____

CHRISTINA TAFT

   Plaintiff,

vs.

PAUL BARRESI, ADAM R WALDMAN, and DOES 1-10, inclusive,

   Defendants.

_____

Case No.: 5:24-cv-01930-TJH-DTB
[Hon. David T. Bristow, Magistrate Judge; Hon. Terry J. Hatter, Jr., District Judge]

**[PROPOSED] ORDER GRANTING PLAINTIFF'S ENTRY OF DEFAULT; ORDERING CLERK TO ENTER DEFAULT; AND DENYING APPLICATION BY DEFENDANT BARRESI TO DENY DEFAULT AND EXTEND TIME TO RESPOND TO SECOND AMENDED COMPLAINT; GRANTING DEFAULT RELIEF**

# [PROPOSED] ORDER

WHEREFORE, upon review of Plaintiff's Entry for Default to the Clerk, as well as Defendant Paul Barresi's Ex Parte Application against Entry for Default and Extension of Time to respond to the Second Amended Complaint, Pursuant to F.R.C.P. 12(b)(6), and the parties' submissions to the Court in support of and Opposition thereto, and based upon the foregoing facts, legal standards, and evidentiary materials filed concurrently herewith, and pursuant to the authority vested in this Honorable Court under the Federal Rules of Civil Procedure, the Constitution, applicable statutory law, and its inherent equitable powers,

IT IS HEREBY ORDERED that the Clerk of the United States District Court for the Central District of California is ORDERED TO ENTER DEFAULT against Defendant Paul Barresi, and the Court grants the following relief:

A) The Clerk of the United States District Court for the Central District of California is Ordered to Default Paul Barresi due to bad faith and circumvention:

1. Defendant's Ex Parte Application for Denial of Entry of Default and Late Extension of Time to Respond to Plaintiff's Second Amended Complaint is DENIED pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for failure to establish "excusable neglect," bad faith to prevent reconciliations from recordings; and unjustified delay contrary to the interests of justice and judicial efficiency;

2. The Clerk of Court is DIRECTED to ENTER DEFAULT against said Defendant under Federal Rule of Civil Procedure 55(a) for failure to timely file a responsive pleading within amended complaint fourteen (14) day windows prescribed by Rule 12(a)(1)(A)(i), following lawful and effective service of process on or about May 26, 2025, and Plaintiff's timely filing of a Request for

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S ENTRY OF DEFAULT; ORDERING CLERK TO ENTER DEFAULT; AND DENYING APPLICATION BY DEFENDANT BARRESI TO DENY DEFAULT AND EXTEND TIME TO RESPOND T SECOND AMENDED COMPLAINT; GRANTING DEFAULT RELIEF

Entry of Default on June 14, 2025;

Pursuant to Federal Rule of Civil Procedure 55, for the Entry of Default against Defendant, Paul Barresi, for his failure to respond to the Second Amended Complaint within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules of this Court, and requests that the Clerk enter the default of the following Defendant for failure to respond to this action in a timely manner.

a) As evidenced by the proof of service on file with this Court, the abovenamed Defendant was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on May 26, 2025. Multiple emails told Defendant's Counsel it was a Second Amendment and to Cease the use of illegal recordings and disclosures.

b) The applicable time limit for the above-named Defendant to appear or otherwise respond to this action expired on June 9, 2025, (14) days competently.

c) Defendant Barresi is not a minor, incompetent, or active military member.

This request is supported with legal arguments and the attached Declaration of Plaintiff, meeting standards for default as filed on June 14th, 2025.

3. The Court issues a PROTECTIVE ORDER pursuant to Federal Rule of Civil Procedure 26(c), 28 U.S.C. § 1651(a) (All Writs Act), and/or California Code of Civil Procedure § 527.6, enjoining Defendant from any further unlawful, retaliatory, or prejudicial conduct directed toward Plaintiff, victim Angela Meador, and Plaintiff's family in this action, including but not limited to: (a) non-consensual audio/video recording; (b) dissemination of private communications, materials, or illegal recorded phone call disclosures; (c) direct or indirect witness intimidation; and (d) extrajudicial disclosures that compromise the integrity of pending judicial proceedings;

4. The Court takes JUDICIAL NOTICE, pursuant to Federal Rule of Evidence 201(b), of the following publicly verifiable and court-submitted documents, each of which is incorporated herein by reference: (a) incident reports filed with the San Bernardino County Sheriff's Department in Rancho Cucamonga (Case No. RCR2506114); (b) subpoenaed call detail records evidencing over 297 calls from Defendant to vulnerable witness Angela Gayle Meador; and (c) verified declarations, including the compassionate letter issued in support of subpoena compliance and victim protection;

5. The Court imposes APPROPRIATE DISCIPLINARY ORDERS as authorized under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and/or its inherent powers to deter procedural abuse, protect vulnerable litigants and third parties, and uphold the administration of justice where it is shown that Defendant's conduct constitutes: (a) bad faith litigation tactics; (b) misuse of ex parte procedures to delay lawful adjudication; or (c) obstruction of fact discovery and witness cooperation;

6. The Court grant such DEFAULT ADDITIONAL RELIEF as may be deemed just, proper, and equitable under the circumstances, including:

a. Expedited adjudication of Default for Plaintiff's forthcoming Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b);

b. With the Interests of Justice in Granting Default, the Court can convey that victims are free to have the ability to do referrals of unauthorized recordings, unlawful disclosures, and tampering to the appropriate law enforcement or regulatory authorities pursuant to 18 U.S.C. § 2511, § 1512(b), and Cal. Penal Code § 632 and 637; and to live autonomously with reviving reconciliations;

4

[PROPOSED] ORDER GRANTING PLAINTIFF'S ENTRY OF DEFAULT; ORDERING CLERK TO ENTER DEFAULT; AND DENYING APPLICATION BY DEFENDANT BARRESI TO DENY DEFAULT AND EXTEND TIME TO RESPOND T SECOND AMENDED COMPLAINT; GRANTING DEFAULT RELIEF

**IT IS SO ORDERED.**

Dated: June_____, 2025

_____

Hon. David T. Bristow and Hon. Terry J. Hatter, Jr

U.S. Magistrate Judge and U.S. District Judge

[PROPOSED] ORDER GRANTING PLAINTIFF'S ENTRY OF DEFAULT; ORDERING CLERK TO ENTER DEFAULT;

AND DENYING APPLICATION BY DEFENDANT BARRESI TO DENY DEFAULT AND EXTEND TIME TO RESPOND

T SECOND AMENDED COMPLAINT; GRANTING DEFAULT RELIEF