UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **5:24-cv-01930-TJH (DTB)**                                                                 Date: **June 30, 2025**

Title:  **Christina Taft v. Paul Barresi, et al.**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                               ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                                             None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PAUL BARRESI FOR NONRESPONSE TO SECOND AMENDED COMPLAINT [DOCKET NO. 75]; AND ORDER DENYING DEFENDANT PAUL BARRESI'S EX PARTE APPLICATION FOR RELIEF AND EXTENSION OF TIME TO FILE A MOTION TO DISMISS SECOND AMENDED COMPLAINT [DOCKET NO. 78]**

On May 26, 2025 (pursuant to the Court's May 1, 2025 Order Granting Motion to Dismiss Complaint with Leave to Amend, see Docket No. 66), Plaintiff filed a Second Amended Complaint. (Docket No. 74).

On June 14, 2025, Plaintiff filed an "Application for Entry of Default Against Defendant Paul Barresi for Nonresponse to Second Amended Complaint" ("Application for Entry of Default") pursuant to Federal Rule of Civil Procedure 55(a) (Docket No. 75), accompanied by Plaintiff's Declaration dated June 14, 2025 (Docket No. 75-1) and six exhibits (Docket No. 75-2). Plaintiff seeks entry of a default judgment based on the failure of defendant Barresi, who had been served with a copy of the Second Amended Complaint on May 26, 2025, to respond to the Second Amended Complaint by June 9, 2025. (Docket No. 75 at 2-6).[1]

---

[1] While Plaintiff asserts that defendant Barresi had fourteen days to respond to the Second Amended Complaint under Federal Rule of Civil Procedure 12(a)(1)(A) (see Docket No. 75-1 at 3 (¶

On June 26, 2025, defendant Barresi filed a "First Opposed Ex Parte Application for Relief and Extension of Time to File Motion to Dismiss" ("Ex Parte Application") (Docket No. 78), accompanied by his counsel's Declaration dated June 25, 2025 (Docket No. 78-1). Defendant Barresi contends that he failed to file a response to the Second Amended Complaint based on the excusable neglect of his counsel, and that good cause exists for the Court to grant the Application. (Docket No. 78 at 2-6). Plaintiff counsel declares: "Due to a calendaring error, a legal assistant inadvertently calendared the response deadline based on an original complaint rather than an amended complaint, and Defendant failed to file a timely response, which was an anticipated third Motion to Dismiss." (Docket No. 78-1 at 2, ¶ 2).

On June 27, 2025, Plaintiff filed an Opposition to the Ex Parte Application, arguing that defendant Barresi has not shown the requisite "excusable neglect" to justify the grant of the Ex Parte Application. (Docket No. 79).

1. Application for Entry of Default.

Under Rule 55(a) of the Federal Rules of Civil Procedure, entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). However, entry of default is not appropriate when "a defendant has entered a response indicating its intent to defend the action." Sanders v. Los Angeles County, Case No. 2:15-cv-00907-PA-RAO, 2018 WL 8016188, at *2 (C.D. Cal. Nov. 16, 2018) (citing Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir. 1988); Witowsky v. Home Depot U.S.A., Inc., Case No. 2:09-cv-06486-ODW-AGR, 2009 WL 10673595, at *2 (C.D. Cal. Dec. 30, 2009) ("However, a responsive pleading evincing 'a clear purpose to defend the suit,' even if late, will prevent entry of default.") (quoting Direct Mail Specialists, Inc.., 840 F.2d at 689) ; see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002) (a court may properly deny a request for entry of default when a motion to dismiss has been filed shortly after the deadline, the plaintiff has suffered no prejudice, and the "exceptional circumstances that would justify entry of a default judgment are not present"). Courts have "generally disfavored [default judgments]; whenever it is reasonably possible, cases should be decided on their merits." Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974).

---

3)), it appears that defendant Barresi had fourteen days to respond to the Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

Here, defendant Barresi's Ex Parte Application, which seeks an extension of time to file a motion to dismiss the Second Amended Complaint, as well as defendant Barresi's earlier pleadings, including his motions to dismiss the Complaint and First Amended Complaint (see Docket Nos. 16, 26), demonstrate defendant Barresi's clear intent to defend Plaintiff's suit.  See Carr v. Dudley, Case No. 2:22-cv-04897-MCS-PVC, 2022 WL 16568123, at *1 (C.D. Cal. Oct. 7, 2022) ("Defendants' ex parte application requests more time to file a responsive pleading, which evinces a clear intent to defend the action.").

Therefore, Plaintiff's Application for Entry of Default is DENIED.

2.  Ex Parte Application.

As noted above, defendant Barresi has moved, *ex parte*, for an order for an extension of time to file a motion to dismiss the Second Amended Complaint. (Docket No. 78).

Ex parte relief is warranted if (1) the moving party shows its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) the moving party "is without fault in creating the crisis the requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).  "Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Franchise Holding II, LLC v. Huntington Restaurant Group, Inc., 375 F.3d 922 (2004) (citation omitted).

Defendant Barresi alleges that there was "excusable neglect due to a calendaring error that occurred when a legal assistant calendared the response date for a complaint rather than an amended complaint, leading counsel to believe there was additional time to respond." (Docket No. 78 at 4-5, citing Docket No. 78-1 at 2 (¶ 2)).[2]  As defendant Barresi notes (see Docket No. 78 at 5), a calendaring error may constitute excusable neglect under certain circumstances.  However, as Plaintiff notes (see Docket No. 79 at 7), even if there was a calendaring error by defendant Barresi's counsel's legal assistant, defendant Barresi's response to the Second Amended Complaint would have been calendared as due by June 16, 2025, within 21 days after service (see Federal Rule of Civil Procedure12(a)(1)(A)(i)).  Because defendant Barresi did not file a response to the

---

[2] According to defendant Barresi, the calendaring error was discovered when Plaintiff filed her Application for Entry of Default on June 14, 2025.  (Docket No. 78 at 2).  If true, 12 days passed before defendant Barresi filed his Ex Parte Application.

Second Amended Complaint by June 16, 2025, the Court is unable to find, under the circumstances stated, that the calendaring error constituted excusable neglect.

Accordingly, the Ex Parte Application is DENIED.

Defendant Barresi is ORDERED to file a response to the Second Amended Complaint on or before **July 3, 2025.**

**IT IS SO ORDERED.**