**MELISSA Y. LERNER (SBN 285216)**
mlerner@lavelysinger.com
**MEGAN S. MALLONEE (SBN 340276)**
mmallonee@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Defendant
PAUL BARRESI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 5:24-cv-01930-TJH (DTB)<br><br>[Hon. David T. Bristow, Magistrate Judge]<br><br>**DEFENDANT PAUL BARRESI'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MEGAN S. MALLONEE IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Megan S. Mallonee; [Proposed] Order]<br><br>Date:　July 7, 2025<br>Time:　No appearance necessary |

4528-3

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on July 7, 2025, in Courtroom 9C in the United States Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012, the Honorable Terry J. Hatter, Jr. presiding, Defendant PAUL BARRESI ("Defendant") will and hereby do move the Court for an Order under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff CHRISTINA TAFT's ("Plaintiff") Second Amended Complaint (the "FAC") as to all claims against Defendant on the grounds that Plaintiff has failed to allege a cognizable legal theory and/or sufficient facts to support a cognizable legal theory as to the eleven (11) claims for relief asserted in her SAC (ECF No. 74).

This Motion is made following a telephonic conference of counsel on July 2, 2025. *See* Declaration of Megan S. Mallonee.

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; other pleadings and papers filed in this action; those matters of which the Court may take judicial notice, including those described and attached to Defendant's Request for Judicial Notice filed concurrently herewith, the Declaration of Megan S. Mallonee; and such other and further submission, evidence and argument as may be presented to the Court prior to or at the time of hearing on this Motion.

Dated:  July 3, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MELISSA Y. LERNER
MEGAN S. MALLONEE

By:    /s/ Megan S. Mallonee
MEGAN S. MALLONEE
Attorneys for Defendant PAUL BARRESI

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................8

II.   SUMMARY OF RELEVANT FACTS ..................................................8

    A.    The Parties ...................................................................................8

        1.    Defendant ..........................................................................8

        2.    Plaintiff ............................................................................9

    B.    Procedural Background ...............................................................10

    C.    The Claims Asserted in the SAC ................................................12

        1.    California State Law Claims .............................................12

        2.    Civil Conspiracy Claim ...................................................12

        3.    RICO Claim .....................................................................12

III.  LEGAL STANDARD ...........................................................................13

IV.   ARGUMENT ........................................................................................13

    A.    Plaintiff Fails to State a Claim for Violation of the Tom Bane Civil Rights Act. ..........................................................................13

    B.    Plaintiff's Invasion of Privacy Claim Fails ................................14

    C.    Plaintiff Does Not State a Claim Under Cal. Penal Code §§ 632 and 637.2. ...................................................................................14

    D.    Plaintiff Fails to Allege Sufficient Facts to State a Claim under California Civil Code § 3344 ......................................................15

    E.    Plaintiff's Civil Harassment Claim Fails ...................................16

    F.    Plaintiff Cannot State a Claim Under Cal. Civ. Code § 1708.7 .................16

    G.    Plaintiff's Civil Conspiracy Claim Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted ...........................17

    H.    Plaintiff's Negligence Claim is Subject to Dismissal. ...............17

    I.    Plaintiff's IIED and NIED Claims Fail Because Plaintiff Has Not Adequately Alleged the Elements of Outrageous Conduct or Severe Emotional Distress ......................................................................18

MOTION TO DISMISS

1.    Plaintiff Has Failed to Allege Facts that Demonstrate Mr. Barresi's Conduct was Outrageous ................................................................. 18

2.    Plaintiff Has Failed to Assert that She Has Suffered Severe or Extreme Emotional Distress ........................................................... 20

J.    Plaintiff's RICO Claim Fails as a Matter of Law ........................ 21

K.    The SAC Should Be Dismissed With Prejudice Because Amendment Would Be Futile. ............................................................................. 21

V.    CONCLUSION ...................................................................................... 22

MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdul-Jabbar v. Gen. Motors Corp.*,
    85 F.3d 407 (9th Cir. 1996) ................................................................. 15, 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................. 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 545 (2007) ................................................................................. 13

*Bikkina v. Mahadevan*,
    241 Cal. App. 4th 70 (2015) .................................................................... 20

*Calm Ventures LLC v. Newsom*,
    548 F. Supp. 3d 966 (C.D. Cal. 2021) ...................................................... 22

*Cochran v. Cochran*,
    65 Cal. App. 4th 488 (1998) .................................................................... 19

*Comedy III Prods., Inc. v. Gary Saderup, Inc.*,
    25 Cal. 4th 387 (2001) ............................................................................ 15

*Dora v. Frontline Video, Inc.*
    15 Cal. App. 4th 536 (1993) .................................................................... 15

*Dove v. PNS Stores, Inc.*,
    982 F. Supp. 1420 (C.D. Cal. 1997) ................................................... 18, 20

*Duronslet v. Cnty. of Los Angeles*,
    266 F. Supp. 3d 1213 (C.D. Cal. 2017) .................................................... 20

*Gionfriddo v. Major League Baseball*,
    94 Cal. App. 4th 400 (2001) .................................................................... 15

*Grimmett v. Brown*,
    75 F.3d 506 (9th Cir. 1996) ..................................................................... 21

*Hughes v. Pair*,
    46 Cal. 4th 1035 (2009) ...................................................................... 19, 20

5

*Jackson v. Mayweather*,
    10 Cal. App. 5th 1240 (2017) ................................................................... 18

*Kelly-Zurian v. Wohl Shoe Co.*,
    22 Cal. App. 4th 397 (1994) ..................................................................... 20

*Kiseskey v. Carpenters' Trust for S. Cal.*,
    144 Cal. App. 3d 222 (1983) .................................................................... 19

*McFadyen v. Cnty. of Tehama*,
    218CV02912TLNDMC, 2020 WL 4480376 (E.D. Cal. Aug. 4, 2020) .............. 13, 14

*Mintel Learning Tech. v. Beijing Kaidi Educ.*,
    2007 WL 2288329 (N.D. Cal. Aug. 9, 2007) ............................................... 17

*Sanders v. Am. Broad. Companies, Inc.*,
    20 Cal. 4th 907, 978 P.2d 67 (1999) ......................................................... 14

*Schneider v. TRW, Inc.*
    938 F.2d 986 (9th Cir. 1991) .................................................................... 19

*Skiffington v. Keystone RV Co.*,
    No. 12-cv-09359, 2013 WL 12133662 (C.D. Cal., Dec. 9, 2013) ................... 20

*Somers v. Apple*,
    729 F.3d 953 (9th Cir. 2013) .................................................................... 13

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) .................................................................. 13

*Wong v. Tai Jing*,
    189 Cal. App. 4th 1354 (2010) .................................................................. 20

*Woodrum v. Woodward County*,
    866 F.2d 1121 (9th Cir. 1989) .................................................................. 17

**Statutes**

18 U.S.C. § 371 ....................................................................................... 10

18 U.S.C. § 875 ....................................................................................... 10

18 U.S.C. § 1512 ..................................................................................... 10

18 U.S.C § 1519 ...................................................................................... 11

MOTION TO DISMISS

18 U.S.C. § 1952 ...................................................................................................... 11

Cal. Civ. Code § 1708.7 .............................................................................. 12, 16, 17

Cal. Civ. Code § 3344 ....................................................................... 10, 11, 12, 15

Cal. Civ. Proc. Code § 527.6 ............................................................................ 10, 12

Cal. Civ. Proc. Code § 527.6(b)(2), (3), (7)...................................................... 16

Cal. Penal Code § 632......................................................................... 12, 14, 15

Cal. Penal Code § 637.2 ............................................................................ 7, 12, 14

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)............................................................................... 8, 13

MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Christina Taft's ("Taft") Second Amended Complaint (ECF No. 74) (the "SAC") fails to rectify any of the errors at issue in the FAC, which was dismissed with leave to amend on May 1, 2025 (ECF 66). Like Plaintiff's original Complaint and the FAC, the SAC is a rambling document comprised of unintelligible and absurd allegations. The SAC makes clear that the claims making up Taft's lawsuit have no basis in reality. Rather, the action is a product of her escalating obsession with Defendant Paul Barresi ("Defendant" or "Barresi"). Aside from the fact that the SAC is barren of allegations to support Taft's claims, Taft also cannot demonstrate that she has suffered any damages. Moreover, rather than address the deficiencies with the FAC, the majority of the changes in the SAC are allegations involving the latest target of Taft's paranoid obsession, Angela Meador. Taft does not have standing to bring a claim on Meador's behalf, nor does Meador want her to.

By way of this Motion, Defendant seeks dismissal of Plaintiff's SAC in full with prejudice and without leave to amend. This case is based on the delusions of a woman who is undoubtedly obsessed with Defendant and who has weaponized this Court to serve her agenda. Rule 12(b)(6) motions are intended to weed out factually implausible and legally defective lawsuits, such as the one Plaintiff has filed. Accordingly, Defendant respectfully requests that the Court bring an end to this action and grant him, and Meador, a reprieve from Plaintiff's relentless onslaught of harassment, defamation and abuse.

## II.    SUMMARY OF RELEVANT FACTS

### A.    The Parties

#### 1.    Defendant

Defendant is an investigator and consultant who has worked with many high-profile clients over the years. In or about July 2019, Defendant was hired by Amber Heard's ("Heard") attorneys, Eric George of Browne George Ross LLP, to investigate her ex-husband, Johnny Depp ("Depp"), in connection with the case *Depp v. Heard*. In

MOTION TO DISMISS

furtherance of his work, Defendant followed leads that brought him into contact with hack jobs seeking the spotlight by involving themselves in this case. After months of research and interviews, Defendant was unable to identify any credible witnesses or legitimate, verifiable claims of wrongdoing by Mr. Depp to support Ms. Heard's case. Defendant has never met Christina Taft.

## 2. **Plaintiff**

Taft describes herself as a "Humanitarian, Philanthropist, and Entrepreneur" and the founder and CEO of various corporate entities (*e.g.*, Worldie Ltd., a British limited company founded in 2020, and Rescue Social Inc., a Hawaiian corporation founded in September 2023). (ECF No. 74 ("SAC") ¶ 10.) These for-profit corporate entities do not offer any discernable products or services; rather, they are used as shell companies by Taft to lend a very thin veneer of "legitimacy" to the false and defamatory lies she spreads about Barresi and others. The website of Rescue Social Inc. is a repository of posts authored by Taft that, like the Complaint filed in this action, consist of nonsense ramblings from a mind untethered to reality or reason. (*See, e.g.*, Declaration of Megan S. Mallonee ("Mallonee Decl.") ¶ 2, Ex. A (Rescue Social Inc. website exemplars).)

As reflected in the Complaint, Taft became obsessed with Heard, Depp and their civil suit as early as 2020. (SAC ¶ 15.) The trial in *Depp v. Heard* was held in Fairfax County, Virginia from April to June 2022. During that time, Taft's fixation on Heard as a purported victim continued to grow. She routinely attended the trial in Virginia, stood outside the courthouse with signs, and sometimes succeeded in her efforts to speak to reporters about her opinions regarding the case. After Depp prevailed over Heard in the jury trial, Taft became completely unhinged. Around this time, she became convinced that a criminal cabal run by Depp's attorney, Defendant Adam Waldman ("Waldman"), and including Barresi was responsible for Heard's defeat through witness intimidation, obstruction of justice and other alleged wrongdoing. (*Id.* ¶ 15.) Taft connected with unsavory characters who claimed to be fixtures of seedy Hollywood nightlife. (*Id.* ¶ 27-28.) These individuals, including convicted felons and mentally ill drug abusers fed who

MOTION TO DISMISS

fed her lies, rumors and conspiracy theories had met Barresi in the course of his work for Heard's attorney in 2019. (*Ibid.*) She became convinced without a shred of evidence that Barresi, who was hired by and working for Heard's attorney, was actually a double agent and part of a criminal cabal and conspiracy with Waldman for Depp's benefit to defeat Heard. (*See, e.g., id.* ¶¶ 27-28, 30, 31-33.) Her Complaint arises from this single delusional premise.

Over the past two years, Plaintiff has attempted to destroy Barresi's career by submitting frivolous complaints to Consumer Affairs, filed false reports with law enforcement agencies and the FBI and helped one of her confederates file a meritless restraining order application against Barresi in state court, which was summarily denied and dismissed. (*Id.* ¶¶ 111, 129, 135; *see also* Mallonee Decl. ¶ 11, Ex. E.) She has filed additional restraining orders during the pendency of this case based on false information. (*Id.* ¶ 127.) Worse still, Plaintiff has now fixated on third-party Angela Meador, (mentioned 384 times in the SAC) signing fraudulent subpoenas to obtain her cell phone records, purporting to assert claims on her behalf, and harassing her incessantly. (SAC ¶¶ 34-39, 48, 130-134, 149). This lawsuit and the incomprehensible motions that have followed since the Complaint was filed are her latest abuse of process in furtherance of her harassment of Barresi.

### B. Procedural Background

Plaintiff filed the instant action on September 7, 2024. (ECF 1). The original Complaint asserted claims for violations of "Federal Conspiracy Law," *i.e.*, 18 U.S.C. § 371; obstruction of justice in violation of 18 U.S.C. § 1512; invasion of privacy under the California Constitution; infringement of her name and likeness in violation of Cal. Civ. Code § 3344; civil harassment in violation of Cal. Civ. Proc. Code § 527.6; negligence in violation of Plaintiff's civil rights; infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED"); interstate communications containing a threat to kidnap or injure another in violation of 18 U.S.C. § 875; interstate travel or transportation in aid of racketeering enterprises in violation of

the "Travel Act," *i.e.*, 18 U.S.C. § 1952; and destruction, alteration or falsification of records in violation of 18 U.S.C §1519 the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), citing 18 U.S.C. §§ 1961, 1962.

During initial conversations regarding the Complaint (ECF 1), Plaintiff copied in correspondence two alleged "legal consultants," Lucy Hanna ("Hanna") and Melodye Sue Hannes ("Hannes"). (Mallonee Decl. ¶ 3.)[1] On October 24, 2024, Plaintiff served a document captioned "Emergency Motion for Preliminary Injunction" ("PI Motion") on Defendant via email. (*Id.* ¶ 6; *see also* ECF Nos. 15, 16.) On November 6, 2024, Plaintiff filed and served Defendant with a single spaced, 25-page document styled as a "Brief with Memorandum in Support of Plaintiff's Motion to Amend Complaint and Continued Injunction Requests With Points and Authorities." (*Id.* ¶ 8, Ex. F.)

On November 8, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint (ECF 16). On November 13, 2024, the Magistrate Judge issued a Minute Order granting Plaintiff's Motion to Amend the Complaint (ECF 20). Plaintiff filed a First Amended Complaint on November 30, 2024 (ECF 23) (the "FAC"), which replaced the claims for relief previously alleged under federal criminal law with two new claims for relief, one for "Civil Conspiracy" and one for violation of the Civil Rights Act.  Defendant filed a Motion to Dismiss the FAC on December 13, 2024 (ECF 26) which was granted on May 1, 2025 (ECF 66).

On May 26, 2025, Plaintiff filed a Second Amended Complaint (ECF 74) ("SAC"). The major difference in Plaintiff's SAC is the addition of allegations about the current object of Plaintiff's obsession, third party Angela Meador. The SAC again alleges claims for civil conspiracy, Cal. Civ. Code § 3344, civil harassment, negligence, intentional

---

[1] Hanna is listed as the "Media Contact" for Plaintiff in an online posting about the instant action dated October 17, 2024. (Mallonee Decl. ¶ 4, Ex. B.) Hannes was disbarred over 18 years ago, pursuant to a State Bar Court of California order dated June 26, 2006, after embezzling $317,584.41 of client funds from her firm's client trust account and spending it on lavish vacations, clothing, dinners out and other personal expenses. (*See* Mallonee Decl. ¶ 5, Exs. C, D.)

inflction of emotional distress, negligent infliction of emotional distress, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff also asserts four new claims for relief: (1) violation of the Tom Bane Civil Rights Act; (2) invasion of privacy; (3) Cal. Penal Code §§ 632, 637.2; and (4) stalking.

On July 2, Defendant and Plaintiff participated in a telephonic meet and confer regarding the instant Motion. (Mallonee Decl. ¶ 10.)

### C.    The Claims Asserted in the SAC

#### 1.    California State Law Claims

The majority of Taft's claims for relief are rooted in California state law. Based on conclusory allegations and legal argument, Plaintiff claims that Barresi is liable for violation of the Tom Bane Civil Rights Act (claim for relief 1); invasion of privacy (claim for relief 2); unauthorized recording and disclosure in violation of Cal. Penal Code §§ 623, 637.2 (claim for relief 3); unauthorized use of voice, name and likeness in violation of Cal. Civ. Code § 3344 (claim for relief 4); civil harassment in violation of Cal. Civ. Proc. Code § 527.6 (claim for relief 5); stalking in violation of Cal. Civ. Code § 1708.7 (claim for relief 6); negligence (claim for relief 8); intentional infliction of emotional distress ("IIED") (claim for relief 9); and negligent infliction of emotional distress ("NIED") (claim for relief 10).

#### 2.    Civil Conspiracy Claim

Plaintiff alleges that Barresi is civilly liable for "Civil Conspiracy" (claim for relief 7). Plaintiff does not specifically allege a statute or source of law for her civil conspiracy claim or link it to another claim for relief, but cites California case law as support for her allegations. (SAC ¶ 276.)  In connection with the Civil Conspiracy claim, Plaintiff seeks compensatory and punitive damages, which she estimates to be in excess of $2 million. (SAC ¶¶ 278.)

#### 3.    RICO Claim

Plaintiff asserts a claim against Barresi pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), citing 18 U.S.C. §§ 1961, 1962 (claim for relief

11). Plaintiff's claim for relief is primarily comprised of a recitation of the statutory language of the RICO Act coupled with conclusory and implausible allegations. (SAC ¶¶ 324-337.)

## III.  LEGAL STANDARD

A complaint must be dismissed if it fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple,* 729 F.3d 953, 959 (9th Cir. 2013). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. A court is not "bound to accept as true legal conclusions couched as factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007). As the Ninth Circuit more recently held, "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.  ARGUMENT

### A.  Plaintiff Fails to State a Claim for Violation of the Tom Bane Civil Rights Act.

Plaintiff seeks to assert a claim against Defendant for violation of California's Tom Bane Civil Rights Act (the "Bane Act"). She cannot do so. As an initial matter, Plaintiff's ability to assert claims under California statutory law is in doubt based on her own admission that she relocated in 2022 "permanently from California to Hawaii, and after 2023, to France." (SAC ¶ 17.) Even if she were able to avail herself of the Bane Act, however, she has failed to sufficiently allege a claim for relief. "Key to a claim under the Bane act is an allegation that the defendant used threats, intimidation, or coercion." *McFadyen v. Cnty. of Tehama*, 218CV02912TLNDMC, 2020 WL 4480376,

at *13 (E.D. Cal. Aug. 4, 2020) (citing *Shoyoye v. Cty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012). The court in *McFadyen* held that a claim under the Bane Act must be dismissed if it lacks facts "indicating what specific threats, intimidation, or coercion" led to a violation of plaintiff's constitutional or statutory rights." *Ibid.* The SAC lacks such facts, making only vague allegations of threats and the purported violation of Taft's right of association. (*See* SAC ¶¶156-157.) There are plainly not sufficient allegations to tie Taft's claims to the alleged constitutional right, and this claim should therefore be dismissed.

### B.    Plaintiff's Invasion of Privacy Claim Fails

Taft again seeks to assert an invasion of privacy claim. Taft bases this claim on "intrusion into private affairs and conversations," specifically, the allegation that Barresi "surreptitiously obtained" a recording of her conversation with Angela Meador ("Meador"). (SAC ¶ 178.) This type of invasion of privacy claim has two elements: "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Sanders v. Am. Broad. Companies, Inc.*, 20 Cal. 4th 907, 914, 978 P.2d 67, 71 (1999). Here, Taft cannot realistically claim a reasonable expectation of privacy over conversations between herself and another person, who had every right to disclose such conversations to Defendant and which she alleges that she recorded. Moreover, Plaintiff again seeks to assert claims against Barresi on behalf of others, including Meador and, once again, including her late mother. (SAC ¶¶ 192.) She cannot do so, and this claim for relief should be dismissed.

### C.    Plaintiff Does Not State a Claim Under Cal. Penal Code §§ 632 and 637.2.

Plaintiff's third claim for relief for violation of California Penal Code § 632 fails as a matter of law. Section 632, along with Penal Code § 637.2 (which creates a civil right of action), applies where a person "intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication." However, as

MOTION TO DISMISS

plainly alleged in the SAC, ***Taft recorded her conversation with Meador, not Barresi.*** **(**SAC ¶ 202 ("On July 28, 2022, Plaintiff recorded her phone conversation with Angela Meador.")) Taft's remaining allegations involving this claim state only that Barresi "obtained" the recording. This is clearly not a violation of Penal Code § 632, and this claim must also be dismissed.

### D.    Plaintiff Fails to Allege Sufficient Facts to State a Claim under California Civil Code § 3344

Plaintiff has not alleged any facts that establish Defendant has used her name, image or likeness ("NIL") to profit from Plaintiff's identity. The right to publicity at its core is an economic right. *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 403 (2001) ("The right of publicity is essentially an economic right. What the right of publicity holder possesses is not a right of censorship, but a right to prevent others from misappropriating the economic value generated by the [plaintiff] through merchandising of the 'name, voice, signature, photograph or likeness of the [plaintiff].'"); *Gionfriddo v. Major League Baseball*, 94 Cal. App. 4th 400, 409 (2001) ("California recognized the right to profit from the commercial value of one's identify as an aspect of the right of publicity.").

Because Section 3344 prohibits an invasion of an economic right, cases in which these claims are asserted comprise of an allegation that the defendant has used the plaintiff's name or likeness in a typical commercial context, such as to advertise, endorse or sell a product or service. *Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 409 (9th Cir. 1996) (famous basketball player brought claim under § 3344 for use of his name in an automobile commercial which aired five to six times on television); *Comedy III Prods.*, 25 Cal. 4th at 393 (owner of rights to comedy act brought action against artist who sold T-shirts which bore the likeness of the comedy act); *Dora v. Frontline Video, Inc.* 15 Cal. App. 4th 536, 540 (1993) (plaintiff brought claim for use of footage of plaintiff surfing and interview of plaintiff in defendant's documentary). The statute ***requires*** that the

plaintiff demonstrate that there is a direct connection between the alleged use and its commercial purpose. *Abdul-Jabbar*, 85 F.3d at 414.

In the SAC, Plaintiff tries to evade dismissal of this claim by alleging that Barresi's purported use of an alleged recording of Plaintiff's phone call with Meador "increased his followers significantly—from a handful to over 7,000—and generated commercial interest and profit, including interactions with media outlets and publicists[.]" (SAC ¶ 227.) Taft claims that this has earned Barresi hundreds of thousands of dollars, including from his own website. (*Id.* ¶ 228.) However, Defendant's alleged posting about Plaintiff, in response to her ongoing public defamation campaign against him, does not have an actual commercial purpose. Moreover, Plaintiff has not alleged any economic harm. (*See id.* ¶ 236.) Plaintiff's revisions to this claim fail to remedy its shortcomings, and it must be dismissed.

### E.     **Plaintiff's Civil Harassment Claim Fails**

Plaintiff cannot establish a claim for civil harassment. Plaintiff fails to allege that Barresi has engaged in a pattern of harassment, and her Complaint is devoid of any credible threat of violence or actual violence. Cal. Civ. Proc. Code § 527.6(b)(2), (3), (7). Even Plaintiff's paranoid delusions about communications from Defendant do not turn his conduct into the kind that would "cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." *Id.* § 527.6(b)(3). None of the allegations would cause a reasonable person to suffer emotional distress. Plaintiff's civil harassment claim is also subject to dismissal for failure to state facts giving rise to a plausible claim for relief.

### F.     **Plaintiff Cannot State a Claim Under Cal. Civ. Code § 1708.7**

The FAC fails to state a claim for relief for stalking under Cal. Civ. Code § 1708.7. In order to establish a claim, a plaintiff must establish either that, in addition to "engaging in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass the plaintiff a pattern of conduct," the defendant also (1) made a *credible* threat "with either (i) the intent to place the plaintiff in reasonable fear for his or

MOTION TO DISMISS

her safety, or the safety of an immediate family member, or (ii) reckless disregard for the safety of the plaintiff or that of an immediate family member" or (2) violated an existing restraining order. Cal. Civ. Code § 1708.7. "Credible threat" refers to any "verbal or written threat" that is made with "the intent and apparent ability to carry out the threat." *Id.* The allegations in support of Taft's claim do not allege a credible threat. Taft refers to "explicit threats," but the only specific references that Taft provides are vague and nonsensical excerpts of purported statements, including "fearing for her life, "deathly afraid," and references to a "floor of residence." (SAC ¶ 258.) None of these alleged statements are in any way sufficient to establish that Barresi made a credible threat. This claim fails as a matter of law.

### G. **Plaintiff's Civil Conspiracy Claim Should Be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted**

Plaintiff's "civil conspiracy" claim for relief fails to state a claim upon which relief should be granted. The SAC fails to sufficiently allege the elements of an underlying tort. In California, there is no separate and distinct tort cause of action for civil conspiracy. *Mintel Learning Tech. v. Beijing Kaidi Educ.*, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007) (dismissing civil conspiracy claim). Indeed, a civil conspiracy claim must be pleaded as part of another substantive cause of action, and all elements of the underlying tort must be satisfied. *Id.* Here, the SAC does not sufficiently allege the elements of an underlying tort; rather, it makes conclusory statements about allegedly wrongful conduct, with no real factual allegations to support it. These allegations are insufficient to support a conspiracy cause of action. *See Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir. 1989) ("allegations of conspiracy must be supported by material facts, not merely conclusory statements."). Thus, Plaintiff's civil conspiracy claim for relief should be dismissed with prejudice.

### H. **Plaintiff's Negligence Claim is Subject to Dismissal.**

Plaintiff's claim for relief for negligence must also be dismissed for failure to state a claim. Plaintiff has not established that Defendant breached any legal duty. Plaintiff

alleges that Barresi owed a duty of care "to not impede and interfere with Plaintiff's constitutional rights" as a "fellow member of the professional community" and a duty "to refrain from harming" her family members. (SAC ¶¶ 282.) Neither is a duty recognized under the law, nor does Plaintiff make any specific allegations as to how either duty has been breached. Plaintiff's nonsensical assertions that Defendant "negligently coordinated harm" to Plaintiff and "negligently contacted Plaintiff's associates" does not actually establish a claim for relief for negligence. (SAC ¶¶ 290, 292.)

## I.  Plaintiff's IIED and NIED Claims Fail Because Plaintiff Has Not Adequately Alleged the Elements of Outrageous Conduct or Severe Emotional Distress

Plaintiff's seventh and eighth claims for relief, for IIED and NIED, respectively, are subject to dismissal. Plaintiff has not alleged outrageous conduct or any direct causation of her severe or extreme emotional distress.

### 1.  Plaintiff Has Failed to Allege Facts that Demonstrate Mr. Barresi's Conduct was Outrageous

Under a claim for IIED, a plaintiff must allege that the conduct at issue is extreme and outrageous. *Dove v. PNS Stores, Inc.*, 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). The standard for whether conduct can be considered outrageous is high, as the conduct must be "so extreme to exceed all bounds of that usually tolerated in a civilized society." *Ibid.* The conduct must additionally be "intended to inflict injury or engaged in with the realization that injury will result." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1265 (2017) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009)). Mere insults, threats, annoyances, petty oppressions, or other trivial acts cannot support a claim for IIED. *Id.* at 1050.

Plaintiff's allegations of outrageous conduct, including Defendant's alleged rude statements, threats and defense of his reputation, fall far short of the level of conduct tolerated in other cases asserting a claim for IIED. *Jackson*, 10 Cal. App. 5th at 1265

(defendant posting on social media about plaintiff's alleged abortion, along with a sonogram of fetuses and medical report regarding the pregnancy and additional discussion about the abortion during a radio interview could not "fairly be characterized as atrocious or intolerable in a civilized society"); *Hughes*, 46 Cal. 4th 1035, 1040-1052 (2009) (defendant's sexually explicit comments, including "I'll get you on your knees eventually" and "I'm going to fuck you one way or another," failed to rise to the level of outrageous conduct); *Schneider v. TRW, Inc.* 938 F.2d 986, 992 (9th Cir. 1991) (defendant yelling and screaming about plaintiff's job performance, threatening employment and threatening gestures did not amount to outrageous conduct).

Even if Plaintiff's allegations regarding "harassing messages" she or others received from Defendant are taken as true, more than implied threats, rude language or insults are necessary to support an NIED or IIED claim. *Cochran v. Cochran*, 65 Cal. App. 4th 488, 496 (1998) ("[P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to interfere in every case where some one's feelings are hurt."). Plaintiff extrapolates threats from alleged statements. Outrageous conduct is not demonstrated by Plaintiff's interpretations; the element requires a more concrete statement or message intended to "compel behavior through threats of physical violence or death." *Kiseskey v. Carpenters' Trust for S. Cal.*, 144 Cal. App. 3d 222, 230 (1983). Plaintiff's irrational interpretation of Barresi's purported statements or actions (particularly those directed at third parties) cannot satisfy this element of her IIED and NIED claims. *Cochran*, 65 Cal.App.4th 488, 499 (1998) (telephone message made to plaintiff discussing an airline crash which was interpreted by the plaintiff as a death threat was not considered outrageous). On this basis alone, Plaintiff's IIED and NIED claims are subject to dismissal.

MOTION TO DISMISS

## 2. <u>Plaintiff Has Failed to Assert that She Has Suffered Severe or Extreme Emotional Distress</u>

To prevail on her IIED and NIED claims, Plaintiff must assert that she has suffered severe or extreme emotional distress as a result of Defendant's conduct. *Dove v. PNS Stores, Inc.*, 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). The emotional distress must be of "such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Duronslet v. Cnty. of Los Angeles*, 266 F. Supp. 3d 1213, 1220 (C.D. Cal. 2017) (quoting *Hughes*, 46 Cal. 4th at 1051). Like the element of outrageous conduct, the element is not easily satisfied and the level of distress required is significant. *Skiffington v. Keystone RV Co.*, No. 12-cv-09359, 2013 WL 12133662, at *7 (C.D. Cal., Dec. 9, 2013) (quoting *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1376 (2010)) ("The California Supreme Court has a set a high bar for what can constitute severe distress").

Plaintiff's general allegations and recitations of the element are not sufficient to meet the high standard required to prove severe emotional distress. In cases where severe emotional distress was found, plaintiffs have described in detail how the alleged conduct impacted their emotional and physical state. *Bikkina v. Mahadevan*, 241 Cal. App. 4th 70, 88 (2015) (plaintiff provided sufficient evidence to survive a motion to strike where defendant's conduct "caused him to begin clenching his teeth to such a degree that he had broken two teeth requiring dental implants", had ongoing stomach and chest pains, suffered from insomnia, and was fearful of losing his employment); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (plaintiff suffered from anxiety, tightness in chest, heart palpitations, panic attacks, depression and diagnosis of post-traumatic stress disorder). Plaintiff's claim that she felt fearful and that this prevented her from functioning normally is the type of generalized anxiety that is not actionable as IIED or NIED. *Wong v. Jing*, 189 Cal. App. 4th 1354, 1377 (2010) (plaintiff's loss of sleep, upset stomach and generalized anxiety did not support finding of severe or enduring emotional distress); *Hughes*, 46 Cal. 4th at 1051 ("plaintiff's assertions that she has suffered discomfort,

worry, anxiety, upset stomach, concern, and agitation" as the result of defendant's conduct could not support element of severe emotional distress).

In sum, because Plaintiff cannot sufficiently allege two essential elements her emotional distress claims, both her IIED and NIED claims must be dismissed.

### J.    Plaintiff's RICO Claim Fails as a Matter of Law

"The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Here, Plaintiff has failed to allege facts sufficient to establish the existence of an enterprise, a pattern of predicate acts or injury to her business or property. Plaintiff's allegations are based on illegible conspiracy theories and a recitation of statutory law. (SAC ¶¶ 325.) The predicate acts alleged in the RICO claim are based on accusations of others about purported witness intimidation, audio recordings (Plaintiff seems to forget her proclivity to record and/or share unauthorized recordings of phone calls and private conversations), and alleged psychological manipulation. (*Id.* ¶¶ 328, 331.) Most critically, Plaintiff's Complaint is devoid of a single well-pled factual allegation regarding any legitimate damage to her business or property caused by Barresi and/or Waldman other than alleged financial loss incurred in her own harassment of Barresi and her decision to prosecute this meritless action. (SAC ¶ 336 (alleging funds were "forcibly redirected into personnel who were re-interviewing, investigating, and attempting to prepare her case against Defendants.")) These conclusory allegations do not state a plausible claim for relief. Accordingly, Plaintiff's eleventh claim for relief should be dismissed.

### K.    The SAC Should Be Dismissed With Prejudice Because Amendment Would Be Futile.

Plaintiff has now had three opportunities to allege facts sufficient to give rise to a claim for relief. She has failed to do so. Accordingly, Defendants respectfully submit that the Court should dismiss Plaintiff's claims with prejudice and without leave to amend

because amendment would be futile and needlessly burden the judicial system. *See Calm Ventures LLC v. Newsom*, 548 F. Supp. 3d 966, 984 (C.D. Cal. 2021).

**V.**    **CONCLUSION**

For the reasons set forth hereinabove, Defendant Paul Barresi respectfully requests that the Court dismiss Plaintiff's SAC and each claim for relief contained therein without leave to amend and with prejudice.


Dated:  July 3, 2025                    LAVELY & SINGER
                                        PROFESSIONAL CORPORATION
                                        MELISSA Y. LERNER
                                        MEGAN S. MALLONEE

                                  By:   /s/ Megan S. Mallonee
                                        MEGAN S. MALLONEE
                                        Attorneys for Defendant PAUL BARRESI

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant, certifies that this brief contains 4835 words, which complies with the word limit of L.R. 11-6.1.


Dated:  July 3, 2025                                      LAVELY & SINGER
                                                                         PROFESSIONAL CORPORATION
                                                                         MELISSA Y. LERNER
                                                                         MEGAN S. MALLONEE

                                                   By:     /s/ Megan S. Mallonee
                                                                         MEGAN S. MALLONEE
                                                                         Attorneys for Defendant PAUL BARRESI

MOTION TO DISMISS