**ANGELA GAYLE MEADOR**
Email: CONFIDENTIAL – TO BE FILED UNDER SEAL
Address: CONFIDENTIAL – TO BE FILED UNDER SEAL
Telephone: CONFIDENTIAL – TO BE FILED UNDER SEAL

Non-Party Witness/Victim

FILED
CLERK, U.S. DISTRICT COURT
07/25/2025
CENTRAL DISTRICT OF CALIFORNIA
BY AP DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

CHRISTINA TAFT,

Plaintiff,

vs.

PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, Inclusive

Defendants.

CASE NO. 5:24-cv-01930-TJH (DTB)
[Hon. David T. Bristow, Magistrate Judge]

**EMERGENCY MOTION FOR IMMEDIATE PROTECTIVE RELIEF**

**(NOTICE TO PLAINTIFF WAIVED DUE TO SAFETY**

**CONCERNS)(UNOPPOSED BY DEF. PAUL BARRESI'S COUNSEL)**

**INTERESTED NON-PARTY ANGELA GAYLE MEADOR'S VICTIM-WITNESS STATEMENT**

# ANGELA GAYLE MEADOR'S VICTIM-WITNESS STATEMENT

## I. INTRODUCTION

I, Angela Gayle Meador, am an interested non-party witness in this case and a resident of the state of Tennessee. Following the truthful declaration I submitted in this litigation, the Plaintiff, Christina Taft, has engaged in ongoing harassment, stalking, witness tampering, and coercion. Her conduct has included filing multiple lawsuits in various jurisdictions, misrepresenting her address to obtain standing, and fraudulently obtaining my personal and private information, including my phone records, by misusing legal processes and subpoenas.

I am not submitting this statement to address the merits of this case, but solely to document the Plaintiff's ongoing harassment and misuse of legal processes for the purpose of stalking and retaliating against me for providing a truthful declaration in this matter, and to respectfully request protective relief.

One of the Plaintiff's most recent filings, the **Second Amended Complaint And Demand For Jury Trial**, filed on **May 26th, 2025**, is predominantly focused on me. It discloses deeply personal and private information about my life—most of which I never consented to be publicly disclosed, to which the Plaintiff was not a witness and which has no relevance to this lawsuit. Additionally, the Plaintiff has involved unrelated individuals in this lawsuit, including someone with whom I have a deeply traumatic history, as part of the deliberate effort to intimidate and harass me.

The stalking and harassment began after I submitted my declaration in this case and have continued to escalate ever since. This ongoing conduct has caused me significant fear, distress, and disruption of my daily life, interfering with my ability to safely participate as a witness. I submit this Victim-Witness Statement to inform the Court of the harm I have suffered in connection with these proceedings and respectfully request that the Court grant immediate protective relief to prevent further harm and protect my privacy.

## II. STATEMENT FOR BASIS OF STANDING

I have standing to submit this Victim-Witness Statement because, although I am not a party to this litigation, I am a witness in this case whose safety, privacy, and ability to participate

have been directly harmed by the Plaintiff's actions arising from these proceedings. After I filed a truthful declaration in this matter, the Plaintiff began engaging in ongoing harassment, intimidation, and retaliation against me, including the misuse of legal processes to obtain my private information and the disclosure of deeply personal details about my life in court filings. These actions threaten my safety and undermine the integrity of the judicial process. I am also concerned that the Plaintiff will continue using these tactics to harass me and obtain my private information in future cases unless protective relief is granted. For these reasons, I respectfully submit this statement to seek protective relief necessary to prevent further harm, to safeguard my privacy, and to protect me from similar harassment in future cases while fulfilling my obligations as a witness in this case.

## III. STATEMENT REGARDING NOTICE PURSUANT TO LOCAL RULE 7-19.1

On July 24th, 2025, I provided notice of my intent to file this Ex Parte Motion for Protective Order to the Defendant, Paul Barresi, through his counsel of record via text message and email. To my knowledge, Adam R. Waldman has not been served in this lawsuit and does not have an attorney of record. Regarding Plaintiff, Christina Taft, I currently have an active Order of Protection against her. (See Exhibit 1). Because I fear for my safety, I have not provided notice to her. Based on Plaintiff's documented history of stalking, retaliation, and abuse of the legal process in this matter, providing notice to her would likely increase the risk of further harassment, intimidation, and harm to myself and my family. I respectfully request that the Court permit this motion to proceed without giving notice to the Plaintiff and any future notice be provided through the Court.

## IV. STATEMENT OF FACTS

1. On approximately **March 12th, 2025**, I, Angela Gayle Meador, submitted a truthful declaration in this case, *Christina Taft v. Paul Barresi, Adam R. Waldman, et al.*, case no. 5:24-cv-01930-TJH (DTB), United States District Court for the Central District of California, Eastern Division, at the request of Defendant's Counsel, providing information relevant to the issues before the Court. (Filed in this case as: **Declaration of Angela Gayle in Support of Defendant Paul Barresi's Sur Reply to Plaintiff's Reply RE Preliminary Injunction** – Filed 03-12-2025))

The declaration I submitted addressed a limited, specific issue relevant to this litigation at the time. I had no expectation that providing truthful information on that issue would result in me becoming the primary focus of this lawsuit.

2. After my declaration was filed, the Plaintiff began targeting me with harassment, intimidation, and retaliation, including unwanted contact beginning around **March 21st, 2025**.

3. A police report regarding the Plaintiff's harassment was filed with the Goodlettsville Police Department on **March 29th, 2025**, with additional updates provided on **March 30th** (*See* Exhibit 3) and **March 31st, 2025** (Police Report No. 25-00527)(*See* Exhibit 2). Additional incidents occurred so frequently that the police report had to be updated again on **April 9** (*See* Exhibit 4)**, April 11**(*See* Exhibit 5), **April 14, and April 17, 2025** (*See* Exhibit 6).

4. On **April 7th, 2025**, the Goodlettsville Police Department took out a warrant against the Plaintiff for the crime of **Harassment** related to her actions toward me. (Warrant No. SU28000)(*See* Exhibit 7)

5. On **April 8th, 2025**, a judge in Davidson County, Tennessee, granted and issued to me an order of protection against the Plaintiff. (Order of Protection No. 25DCSO1118)(*See* Exhibit 1)

6. On or about **April 17th, 2025**, the case was handed over to the **District Attorney's Office in Nashville, Tennessee** for further review and action to work in tandem with local police in Goodlettsville, Tennessee. At this point, new incidents and updates regarding the Plaintiff's harassment and stalking were occurring on an almost daily basis.

7. On **July 16th, 2025**, three additional warrants were issued against the Plaintiff for the crimes of **Stalking** (Warrant No. GS1078723), **Coercion of a Witness** (Warrant No. GS1078724), and **Retaliation for Past Action** (Warrant No. GS1078725), all connected to the Plaintiff's continued harassment and intimidation due to my participation as a witness in this case. (*See* Exhibit 8).

**8.** On **May 26th, 2025**, Plaintiff filed a "**Second Amended Complaint and Demand For Jury Trial**," which largely focuses on me, disclosing deeply personal, private, and false information about my life.

9. The Plaintiff involved unrelated individuals in this lawsuit, including a person with

whom I have a deeply traumatic history, as a deliberate tactic to intimidate and harass me. (*See* Exhibit 21)

10. The Plaintiff's conduct has caused me significant fear, distress, and disruption in my personal and professional life, and these impacts have been numerous and continuous.

11. I believe the Plaintiff will continue these tactics unless the Court intervenes.

**a) Plaintiff's Pattern of Abusive Court Process for Purposes of Further Harassment – Fraudulent Subpoenas**

The Plaintiff obtained subpoenas in cases across multiple jurisdictions to gain access to my private and personal phone records. When one court shut down her efforts, she would file in another jurisdiction and try again. Even when this Court found her actions improper, she nearly immediately turned to a court in Hawaii and filed another subpoena there.

The two cases she used for these subpoenas, apart from this one, were cases where I was not a party, had no connection to the parties, and where the subject matter had no connection to me whatsoever. My name was not mentioned in the complaints, and there was no reason for my personal information to be sought in those matters. For example, the *Christina Taft v. Javonti Thomas* case was a small claims breach of contract action (*See* Exhibit 9); Mr. Thomas and I do not know each other and have no connection of any kind. In the *Christina Taft v. Paul Barresi* case in Hawaii, my name was not included in the filing documents, and I had no connection to the subject matter, which involved a restraining order application. (*See* Exhibit 10). I have never lived in Hawaii, and I was not a witness to the allegations made by Plaintiff against Mr. Barresi in that case. Despite these facts, Plaintiff misused these unrelated cases to subpoena and obtain my private phone records and data and then she immediately began disseminating them, using them to contact my family and friends and harass them, sent them to me to let me know what she's capable of, and filed them in your case to make them public record. (*See* Exhibit 20).

1. On **March 18th, 2025**, in *Christina Taft v. Paul Barresi*, Case No. SDSS-25-0000044, in the District Court of the Third Circuit, North and South Hilo Division, Hawaii, the Plaintiff filed a subpoena duces tecum directed to T-Mobile seeking production of all phone records, text message information, stored data, and location data for all communications between myself and

Paul Barresi, among other people as well, covering the period from January 2022 through March 14th, 2025. (*See* Exhibit 11)

2. On **March 28th, 2025**, in the same case, the Plaintiff filed a subpoena directed to me. See Exhibit 12). This subpoena lacked a date and time for me to appear, rendering it invalid, and was used as a pretext to justify surveillance and harassment by numerous third parties sent to my home. The reality is that she had those people videotaping me without my knowledge or consent, in places where I had an expectation of privacy, and surveilling around my house and neighborhood. The information collected was provided to Plaintiff, who then used information to make false implications about my life and Plaintiff also emailed me to let me know what she learned about me, further harassing and humiliating me. She also included her findings in the record in this case. Additionally, along with the invalid subpoena, Plaintiff left papers at my residence, including veiled threats, promises to "help my music career," and explanations that her actions were for purposes of my testimony in this case.

3. On **April 16th, 2025**, the case of *Christina Taft vs. Paul Barresi*, Case No. 3DSS-25-0000044, District Court of the Third Circuit, North and South Hilo Division, Hawaii, terminated and dismissed the case due to jurisdictional concerns, noting that Plaintiff had filed multiple cases in Hawaii across different jurisdictions using multiple addresses, and that Plaintiff had previously filed for restraining orders against Paul Barresi in other jurisdictions with no results. (*See* Exhibit 13, page 8 of 8).

4. On **May 28th, 2025**, in *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091, the Plaintiff filed a subpoena duces tecum to T-Mobile demanding my phone records, including call logs, contacts, text messages, and stored data from May 28th, 2024, to May 28th, 2025. (*See* Exhibit 14).

5. On **May 28th, 2025**, in the Javonti case, Plaintiff submitted a letter to T-Mobile along with her subpoena, detailing the specific data she was demanding and her justification for obtaining it. In the letter, Plaintiff states that "T-Mobile has indicated willingness to assist with ... compliance," and attaches an online chat with T-Mobile, which she labeled as "Exhibit A." This demonstrates Plaintiff's eagerness to obtain my private information before she had even

secured a court-approved subpoena and shows her attempts to claim authority to have my phone number changed. These actions further illustrate Plaintiff's intent to misuse legal processes to access and control my private information. (*See* Exhibit 14)

6. On **May 30th, 2025**, the Plaintiff sent a letter to T-Mobile requesting expedited delivery of my phone records via unsecured email to her personal address. However, the Plaintiff did not notify the Court that she was doing this until June 26th, 2025. (*See* Exhibit 15).

7. On **June 21st, 2025**, in *Christina Taft v. Paul Barresi*, Case No. 5:24-cv-01930-TJH (DTB), in the U.S. District Court for the Central District of California, Eastern Division, the Plaintiff filed a subpoena demanding that I produce phone logs, emails, texts, police reports, orders of protection, and documentation about songs I wrote all of which was wholly unrelated to this lawsuit. (*See* Exhibit 16).

8. On **June 25th, 2025**, in *Christina Taft v. Jarrett Thomas*, Case No. 20HC-25-0000091, the Plaintiff filed an additional subpoena duces tecum to T-Mobile for my phone records covering June 1st, 2023, to June 30th, 2024, and May 28th, 2025, to June 28th, 2025. Plaintiff also had a condition listed in the subpoena to where she could acquire my records on a continuous basis at the end of every month. (*See* Exhibit 17).

9. Additionally, in connection with the **June 25th, 2025** subpoena, the Plaintiff filed a memorandum with the subpoena in which she included deeply personal, humiliating, and false information about me and sent this to T-Mobile to justify her request for my records. In this memo, she falsely represented that there was an "active restraining order" against Paul Barresi, referencing *Christina Taft v. Paul Barresi*, Case No. SDSS-25-0000044. However, this case had been terminated and dismissed by the judge on April 16th, 2025, nearly two months before she filed the subpoena, making her statements in the memo both false and misleading to the Court and to T-Mobile. (*See* Exhibit 17)(*See* Exhibit 13)

10. On **June 26th, 2025**, the Plaintiff emailed me a copy of my phone records that she obtained. In this email, she broke down how many calls I made, to whom, and for how many minutes, amongst other things. She also included many emails that she had sent to other people, showing me that she was using and disseminating my phone records which she fraudulently obtained. (*See* Exhibit 20).

11. On **June 27th, 2025**, this Court issued a motion to strike documents submitted by Plaintiff in *Christina Taft v. Paul Barresi*, Case No. 5:24-cv-01930-TJH (DTB), Docket Nos. 76 and 77, explaining they were improperly executed and obtained. (*See* Exhibit 18).

12. On **July 21st, 2025**, in *Christina Taft v. Javonti Thomas*, Case No. 2DSSC-25-0000091, the Court, presided over by Judge Bernard, held a hearing regarding the Plaintiff's subpoenas for my phone records. Judge Bernard ruled that the Plaintiff was fraudulently misusing the courts to obtain my records and deemed Ms. Taft a vexatious litigant in the state of Hawaii due to her repeated abuse of the legal process. The Court further ordered Plaintiff to destroy my records and not to publish or further disseminate them without my knowledge or consent. Due to the deeply personal and private nature of the information Plaintiff included within these subpoenas—and her actions in making them public record—the Court also ordered that the subpoenas and related filings be sealed. During the hearing, the **Plaintiff admitted under oath that she was seeking my phone records for the purpose of using them in this case**, further confirming her misuse of judicial processes to stalk, harass, and retaliate against me as a witness. (*See* Exhibit 19, pp. 4-5)

**b) HARASSMENT AND SURVEILLANCE**

1. On or about **March 21st, 2025**, the Plaintiff began sending private investigators and/or process servers to my home, instructing them to videotape me without my knowledge or consent.

2. The first individual refused to explain her purpose, and I asked her to leave. It was later learned through Plaintiff's filings in this Court that I was being videotaped without my knowledge or consent. I was standing in my home when this incident occurred, and this individual was on my front porch.

3. The next day, another individual arrived with statements the Plaintiff demanded I sign immediately to invalidate or recant my declaration made in this case. I refused to sign. (*See* Exhibit 22).

4. The Plaintiff subsequently sent approximately eleven individuals at different times, and at times simultaneously to my home for surveillance and harassment, while also contacting and harassing my family members.

5.    On or about **April 16th, 2025**, a sergeant from the Goodlettsville Police Department called the Plaintiff and informed her about the protective order and warrant. The Plaintiff acknowledged this on the recorded call, which I can provide to the Court upon request. However, Plaintiff's behavior did not stop.  In fact, it continued to escalate.

6.    The Plaintiff and her agents harassed me through calls, texts, voicemails, emails, and social media, and employed third parties to throw envelopes at my house, tape documents to doors and windows, and surveil my home by looking in windows and knocking on doors at all hours. They would sit outside my house for many hours at a time.  When I left the house, they would follow me in their car, to the point I would have to return home and stay inside. When I didn't display any response, the Plaintiff and the third parties she hired began texting, emailing, leaving voicemails, calling, and surveilling all of my family members.

7.    One night, a man was heard walking up my basement stairs, causing severe fear for mine and my family's safety. He was chased out of the house.

8.    The Plaintiff began calling 9-1-1 Emergency to report that I was being abused and held hostage in my home. She sent emergency services to my house enough times that the police here had to put my address on a list, so that if 9-1-1 was called anymore, no one would respond to my home.

9.    Due to escalating threats, and concern for my safety, the Defendant in this case hired an armed security guard to stay at my home for several days, including overnight, for protection. I had to leave my home a couple of times for a few days, and considered at different points whether it would be better for me to leave my home for a longer term in order to keep myself and my family safe.

10. The Plaintiff left a 12-page letter at my home explaining her motives, further alarming me.  In this letter, Plaintiff included screen shots of my social media pages, pictures of me that she kept, and letters that she was writing to my friends and associates about me.

**c)  ONLINE HARASSMENT AND IMPERSONATION**

1.    When I did not respond to the Plaintiff's direct harassment, she escalated by targeting my social media and personal contacts.

2.   She messaged individuals on my friends list whom she believed to be in the entertainment industry, impersonating my agent or manager to solicit work for me without my consent.

3.   After I blocked her, she created new accounts under names of people on my friends list to refollow and monitor me.

4.   She contacted individuals in the reporting sector to arrange interviews about deeply personal matters, including my sexual assault history, causing retraumatization.

5.   She contacted my record label, manager, and friends to seek details about my whereabouts and schedule to appear uninvited at locations where I would be.

**d)   PUBLIC DISCLOSURE OF PRIVATE INFORMATION AND RETALIATORY HARASSMENT**

1.   The Plaintiff publicly posted intimate details about me on social media, including my full legal name, which I have never used publicly, and discussed a past sexual assault, tying my name to the perpetrator despite my efforts to keep this private.

2.   One reason I originally ceased contact with the Plaintiff was because she threatened to reintroduce this individual into my life if I did not comply with her demands.

3.   The Plaintiff began harassing this individual by sending him cease and desist letters and contacting his associates for reasons unknown to me other than to try to egg him on to seek me out as a result of being threatened by Plaintiff. (See Exhibit 21)

4.   She then emailed me describing these actions, knowing it would scare and intimidate me.

**e)   CONFIDENTIAL SECTION: HARASSMENT INVOLVING THIRD PARTY AND THREATS TO SAFETY**

Plaintiff sent a letter to an individual who previously assaulted me, falsely representing my account of that incident and my involvement in this litigation. In doing so, Plaintiff knowingly exploited my fear and trauma related to this person, who poses a serious threat to my safety. Plaintiff explicitly threatened that if I did not comply with her demands, she would "drag him back into my life." Despite my clear refusals, Plaintiff followed through by contacting him and sharing humiliating, false, and deeply personal information about me. Also importantly,

Plaintiff published all of this very deeply private, personal, humiliating information in this lawsuit, now making it public record without my consent, and no way to protect myself from further disclosures.

Furthermore, Plaintiff has sent text messages to numerous members of my family, claiming that I was raped by this individual and soliciting their involvement and conveying this information as immediate and as an emergency that I was involved with in the present, scaring all my family into thinking I was in a very dangerous, immediate situation. She also publicly posted on social media my full legal name—information I have never disclosed publicly—alongside this person's name, accusing him of assaulting me. These actions have retraumatized me, compromised my privacy, and placed me in ongoing fear for my physical and emotional safety.

I never intended for these deeply personal and painful details to be part of the public record. However, Plaintiff's misuse of the legal system and disregard for my privacy have forced me to disclose this information in order to seek protection. Given the nature of these allegations and the threats to my safety, I request that this section of my statement be filed under seal to prevent further harm.

**f) USE OF MANIPULATIVE LANGUAGE TO UNDERMINE MY TRUTHFUL STATEMENTS**

Since I submitted my truthful declaration in this case, the Plaintiff has engaged in a pattern of conduct intended to pressure, harass, and intimidate me into retracting or altering my statements to match a narrative she wishes to promote. One method the Plaintiff has used is presenting herself as a concerned advocate while simultaneously undermining my credibility and causing fear and confusion.

For example, in filings submitted to this Court and in documents connected to this case, the Plaintiff has included statements such as "your truth matters" and "we understand how isolating and frightening it must feel to have someone pressure you to change your truth." (*See* Exhibit 16). While these statements are framed as supportive, in reality, they are veiled attempts to discredit the truthful declaration I have provided to this Court. The Plaintiff's repeated use of

such statements is part of an effort to create a false narrative that I was coerced into providing my declaration, while she is the one engaging in pressure and harassment to force me to change it.

This tactic is part of the Plaintiff's broader misuse of legal processes and psychological manipulation, creating confusion and distress while portraying herself as my advocate. This conduct has caused significant fear and emotional distress, making it difficult for me to participate safely as a witness in this case. Additionally, the confusion of the Plaintiff switching tactics from being threatening and aggressive, to something like this has also greatly disrupted my life and the life of my family, for whom she has also employed these tactics against.

Furthermore, the Plaintiff's decision to file this letter containing these statements alongside her improper subpoena in this case is another example of how she uses this Court's proceedings as a tool of harassment. By including this letter in the record, the Plaintiff has made these manipulative statements and personal information about me part of the public record, furthering her ongoing pattern of using litigation to humiliate, intimidate, and retaliate against me for participating truthfully as a witness in this matter.

I respectfully bring this to the Court's attention to clarify that my declaration was made voluntarily and truthfully, and that the Plaintiff's subsequent conduct has been an ongoing effort to pressure me into recanting or altering my truthful statements through harassment, intimidation, and misuse of the legal process.

## V. STATEMENT REGARDING SCOPE OF EVIDENCE

I understand that this Court may not have jurisdiction to make a formal determination regarding the Plaintiff's stalking and harassment outside of the litigation context. I have included factual details related to these incidents solely to provide necessary context regarding the harm I have suffered as a result of the Plaintiff's misuse of legal processes and the need for protective relief in this case. I possess voluminous additional evidence, including over 400 documented incidents and supporting materials, that can substantiate these facts in detail. However, in an effort to respect the Court's time and avoid burdening the record unnecessarily, I have limited the evidence submitted in this filing to materials directly related to the Plaintiff's misuse of legal

processes and the scope of relief this Court has jurisdiction to consider. If the Court requests or deems it necessary, I am prepared to submit the additional evidence upon request.

## VI. ARGUMENT

I am submitting this request to ask the Court to protect me as a witness in this case. I am not a party to this lawsuit, but I am directly affected by the Plaintiff's actions after I provided a truthful declaration to the Court. The Plaintiff's harassment, stalking, and misuse of legal processes to obtain my private information have caused me fear and distress, and I am concerned for my safety and my privacy. I believe the Court has the authority to protect witnesses like me from harassment and intimidation connected to this case. The Plaintiff's behavior is making it difficult and unsafe for me to participate as a witness and to normally live my life, and I am asking for the Court's help to stop this ongoing conduct. Furthermore, the Plaintiff has mentioned to me multiple times in her messages to me and through filings in this Court, that she is never going to stop doing this until she gets what she wants. If she is not successful in this lawsuit and in attaining what she is after from me, she says she has filed many lawsuits before this case in other jurisdictions and will continue to do so, "over and over again."

I am requesting an emergency order because the Plaintiff's harassment has been ongoing and escalating, and I fear that providing notice to her would make the situation worse and put me at greater risk. I am asking the Court to allow this request to proceed without notifying the Plaintiff directly, and for any necessary notice to be handled by the Court in a way that protects my safety.

## VII. REQUEST FOR RELIEF

Based on the ongoing harassment and threats to my safety described above, I respectfully request that the Court:

1) **Grant immediate protective relief** to prevent Plaintiff, Christina Taft, from continuing to misuse subpoenas, legal processes, or any litigation tactic to harass, intimidate, or obtain and disseminate my private and personal information without proper judicial oversight, pursuant to **Fed. R. Civ. P. 26(c)** and the Court's inherent authority to protect witnesses and the integrity of these proceedings.

2) Direct that any further notice to the Plaintiff regarding this request be handled through the Court, due to my fear for my safety and the existence of an active order of protection against Plaintiff.

3) Order the Plaintiff to reimburse me for reasonable costs incurred in protecting my privacy and safety as a direct result of her misuse of subpoenas and legal processes, including but not limited to:

a. Costs incurred responding to improper subpoenas,

b. Protective measures taken to safeguard myself and my personal information,

c. Any related out-of-pocket expenses.

4) Order that Plaintiff's "Second Amended Complaint and Demand for Jury Trial," filed in this matter on May 26, 2025, be stricken, sealed, or redacted as the Court deems appropriate, to protect my privacy and to prevent the continued publication of irrelevant, false, or highly personal information disclosed without my consent, which appears intended solely to harass, intimidate, and retaliate against me as a witness.

5) Consider issuing an order to show cause regarding potential sanctions against Plaintiff for her misuse of subpoenas and litigation tactics for the purpose of harassment, witness intimidation, and forum shopping, and for such other conduct as the Court may determine warrants sanctions to protect the integrity of these proceedings.

6) Refer this matter to appropriate law enforcement or the United States Attorney's Office for investigation into potential witness tampering, harassment, and retaliation against a witness participating in federal proceedings, should the Court find sufficient grounds to do so.

7) Grant any other relief the Court deems just and proper to protect my privacy, safety, and ability to participate as a witness in these proceedings and proceedings in the future without fear of harassment or retaliation.

8) Respectfully request that the Court consider deeming Plaintiff a vexatious litigant pursuant to its inherent authority and under 28 U.S.C. § 1651(a), in light of Plaintiff's pattern of abusive, harassing, and retaliatory litigation tactics, including misuse of subpoenas and court filings to harass and intimidate me as a witness and to misuse judicial resources. I further

request that the Court consider entering a narrowly tailored pre-filing review order requiring Plaintiff to seek leave of Court before initiating further actions or filings related to me in this or any future proceeding in this District.

## VIII. CLOSING STATEMENT

Your Honor, I am asking for this Court's protection because I am afraid. I have been living in fear every day, knowing that someone I barely know has used the court system to obtain years of my private phone records, text messages, and deeply personal information—things that have nothing to do with her or this case—and has used them to scrutinize, control, and embarrass me. She has used the courts to publish and share these details without my knowledge or consent, causing me ongoing humiliation and anxiety that this will continue if the Court does not intervene.

I ask the Court to consider how it would feel if a stranger could misuse subpoenas and legal processes to pry into your private life and then weaponize that information to harass you, harm your reputation, and make you feel unsafe in your own home. I am not submitting this statement to address the merits of this lawsuit but to plead for relief so that I can live in peace without the constant fear of surveillance, exposure, and retaliation simply because I told the truth in a declaration.

I respectfully request that the Court grant immediate protective relief to prevent the Plaintiff from continuing to misuse the legal system to harass, intimidate, or further obtain or disseminate my private information. I further request that any additional notices to the Plaintiff regarding this request be handled through the Court, as I fear for my safety and there is an active order of protection in place against her.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 25th day of July, 2025, at Goodlettsville, Tennessee.

Signed - Angela Gayle Meador

(Personal Identifying Information CONFIDENTIAL – TO BE FILED UNDER SEAL)

**EXHIBIT LIST**

**In Support of Victim-Witness Statement and Request for Protective Relief**
Angela Gayle Meador
Case No.: 5:24-cv-01930-TJH (DTB)
U.S. District Court for the Central District of California, Eastern Division

---

**Exhibit 1:** Order of Protection issued by Davidson County, Tennessee, No. 25DCSO1118, dated April 8th, 2025.

**Exhibit 2:** Police Report #25-00527, dated March 29th, 2025, documenting harassment by Plaintiff and law enforcement's initial involvement.

**Exhibit 3:** Police Report Update, dated March 30th, 2025. In my locality, updates to police reports are done via email and added as amendments to reports.

**Exhibit 4**: Police Report Update, dated April 9th, 2025.

**Exhibit 5**: Police Report Update, dated April 11th, 2025.

**Exhibit 6**: Police Report Update, dated April 17th, 2025.

**Exhibit 7**: Warrant for Criminal Harassment. Warrant number SU28000.

**Exhibit 8**:Summary page showing warrants issued for Stalking (GS1078723), Coercion of a Witness (GS1078724), and Retaliation for Past Action (GS1078725), dated July 16, 2025, demonstrating continued escalation of Plaintiff's conduct resulting in criminal charges.

**Exhibit 9:** Original Complaint for the case of *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091, In the District Court for the Second Circuit, Wailuku Division, Hawaii. Filed May 19th, 2025.

**Exhibit 10**: Original Restraining Order Application for the case of Christina Taft v. Paul Barresi, Case No. 3DSS-25-0000044, In the District Court for the Third Circuit, North and South Hilo Division. Filed January 21st, 2025.

**Exhibit 11**: Subpoena Duces Tecum to T-Mobile, Inc. in the case of *Christina Taft v. Paul Barresi*, Case No. 3DSS-25-0000044. Filed March 18th, 2025.

**Exhibit 12**: Subpoena to Angela Gayle Meador in the case of *Christina Taft v. Paul Barresi*, Case No. 3DSS-25-0000044. Filed March 28th, 2025.

**Exhibit 13**: CaseView Summary of case disposition. *Christina Taft v. Paul Barresi*. Case No. 3DSS-25-0000044. This summary contains the judges notes about the case being dismissed. Here, Judge noted jurisdiction concerns as Plaintiff is using multiple addresses to file the same complaint in multiple jurisdictions. Case terminated and dismissed on April 16th, 2025.

**Exhibit 14**: Subpoena to T-Mobile, Inc. in the case of *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091. Filed May 28th, 2025.

**Exhibit 15**: Letter to Expedite Subpoena Production sent to T-Mobile, Inc. on April 30th, 2025. *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091. Did not notify the court of this action until June 26th, 2025.

**Exhibit 16**: Subpoena to Angela Gayle Meador in the case of *Christina Taft v. Paul Barresi, Adam R. Waldman, et al.*, Case No. 5:24-cv-01930-TJH (DTB) – Filed June 21st, 2025. Along with the subpoena, the Plaintiff attached a document addressed to me that was 69 pages in total. One of many examples in this case where she is using the legal process to humiliate and retaliate against me.

**Exhibit 17**: Subpoena to T-Mobile, Inc. in the case of *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091. Filed June 25th, 2025.

**Exhibit 18**: Order Striking Filed Documents From The Record, *Christina Taft v. Paul Barresi, Adam R. Waldman*, Case No. 5:24-cv-01930-TJH (DTB).

**Exhibit 19**: CaseView Summary of case disposition. *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091.

**Exhibit 20**: Email sent to me by Plaintiff on June 26th, 2025. This was the email where Plaintiff sent me my phone records to let me know she was capable; she detailed my phone calls between others, how long the calls were, how many, etc. Additionally, in this email, she sent me a number of other emails that she sent to other people where she was disseminating my phone records.

**Exhibit 21**: Letter that Plaintiff sent to a third party with whom I have a traumatic past.

**Exhibit 22**: One of several affidavits that Plaintiff sent to my house through third parties to get me to sign to recant my declaration in this case.

**Additional Note:**

I have extensive additional documentation supporting these exhibits and the ongoing harassment, stalking, and misuse of legal processes by Plaintiff (approximately 400 incidents documented). I am prepared to submit this additional evidence under seal or in any manner the Court directs to protect my privacy while supporting this request for protective relief.

Executed this 25th day of July, 2025, at Goodlettsville, Tennessee.

Signed - Angela Gayle Meador

(Personal Identifying Information CONFIDENTIAL – TO BE FILED UNDER SEAL)

**EXHIBIT LIST**

**In Support of Victim-Witness Statement and Request for Protective Relief**
Angela Gayle Meador
Case No.: 5:24-cv-01930-TJH (DTB)
U.S. District Court for the Central District of California, Eastern Division

---

**Exhibit 1:** Order of Protection issued by Davidson County, Tennessee, No. 25DCSO1118, dated April 8th, 2025.

**Exhibit 2:** Police Report #25-00527, dated March 29th, 2025, documenting harassment by Plaintiff and law enforcement's initial involvement.

**Exhibit 3:** Police Report Update, dated March 30th, 2025. In my locality, updates to police reports are done via email and added as amendments to reports.

**Exhibit 4**: Police Report Update, dated April 9th, 2025.

**Exhibit 5**: Police Report Update, dated April 11th, 2025.

**Exhibit 6**: Police Report Update, dated April 17th, 2025.

**Exhibit 7**: Warrant for Criminal Harassment. Warrant number SU28000.

**Exhibit 8**:Summary page showing warrants issued for Stalking (GS1078723), Coercion of a Witness (GS1078724), and Retaliation for Past Action (GS1078725), dated July 16, 2025, demonstrating continued escalation of Plaintiff's conduct resulting in criminal charges.

**Exhibit 9:** Original Complaint for the case of *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091, In the District Court for the Second Circuit, Wailuku Division, Hawaii. Filed May 19th, 2025.

**Exhibit 10**: Original Restraining Order Application for the case of Christina Taft v. Paul Barresi, Case No. 3DSS-25-0000044, In the District Court for the Third Circuit, North and South Hilo Division. Filed January 21st, 2025.

**Exhibit 11**: Subpoena Duces Tecum to T-Mobile, Inc. in the case of *Christina Taft v. Paul Barresi*, Case No. 3DSS-25-0000044. Filed March 18th, 2025.

**Exhibit 12**: Subpoena to Angela Gayle Meador in the case of *Christina Taft v. Paul Barresi*, Case No. 3DSS-25-0000044. Filed March 28th, 2025.

**Exhibit 13**: CaseView Summary of case disposition. *Christina Taft v. Paul Barressi*. Case No. 3DSS-25-0000044. This summary contains the judges notes about this case being dismissed. Here, Judge noted jurisdiction concerns as Plaintiff is using multiple addresses to file the same complaint in multiple jurisdictions. Case terminated and dismissed on April 16th, 2025.

**Exhibit 14**: Subpoena to T-Mobile, Inc. in the case of *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091. Filed May 28th, 2025.

**Exhibit 15**: Letter to Expedite Subpoena Production sent to T-Mobile, Inc. on April 30th, 2025. *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091. Did not notify the court of this action until June 26th, 2025.

**Exhibit 16**: Subpoena to Angela Gayle Meador in the case of *Christina Taft v. Paul Barresi, Adam R. Waldman, et el.*, Case No. 5:24-cv-01930-TJH (DTB) – Filed June 21st, 2025. Along with the subpoena, the Plaintiff attached a document addressed to me that was 69 pages in total. One of many examples in this case where she is using the legal process to humiliate and retaliate against me.

**Exhibit 17**: Subpoena to T-Mobile, Inc. in the case of *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091. Filed June 25th, 2025.

**Exhibit 18**: Order Striking Filed Documents From The Record, *Christina Taft v. Paul Barresi, Adam R. Waldman*, Case No. 5:24-cv-01930-TJH (DTB).

**Exhibit 19**: CaseView Summary of case disposition. *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091.

**Exhibit 20**: Email sent to me by Plaintiff on June 26th, 2025. This was the email where Plaintiff sent me my phone records to let me know she was capable; she detailed my phone calls between others, how long the calls were, how many, etc. Additionally, in this email, she sent me a number of other emails that she sent to other people where she was disseminating my phone records.

**Exhibit 21**: Letter that Plaintiff sent to a third party with whom I have a traumatic past.

**Exhibit 22**: One of several affidavits that Plaintiff sent to my house through third parties to get me to sign to recant my declaration in this case.

**Additional Note:**

I have extensive additional documentation supporting these exhibits and the ongoing harassment, stalking, and misuse of legal processes by Plaintiff (approximately 400 incidents documented). I am prepared to submit this additional evidence under seal or in any manner the Court directs to protect my privacy while supporting this request for protective relief.

Executed this 25th day of July, 2025, at Goodlettsville, Tennessee.

Signed - Angela Gayle Meador

(Personal Identifying Information CONFIDENTIAL – TO BE FILED UNDER SEAL)

**To:** Clerk of the Court, United States District Court, Central District of California

**Requesting Immediate Review by Hon. David T. Bristow**

**Re:** *Angela Gayle Meador – Victim-Witness Statement and Ex Parte Motion for Protective Order*

Dear Clerk,

I am submitting the attached documents for immediate review as an **ex parte emergency filing** in the case *Christina Taft v. Paul Barresi, et al., Case No. 5:24-cv-01930-TJH (DTB)*.

I am a **non-party victim-witness** seeking **protective relief** from ongoing harassment and misuse of the court process by the Plaintiff, including requests to seal my personal identifying information and prevent further misuse of subpoenas for harassment purposes.

Given the urgency of the situation and ongoing fear for my safety, I respectfully request that this filing be **promptly forwarded to Judge Bristow for immediate consideration**.

Please advise if any additional steps or documents are needed to ensure proper review of this emergency request.

Thank you for your assistance and understanding.

Respectfully,

Angela Gayle Meador

CONTACT:  FOR CLERK'S USE ONLY

Phone number: (615)423-4768

Email: babs481@aol.com

**EXHIBIT 1**

Order of Protection issued April 8, 2025

Christina Taft v. Paul Barresi, et al.

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

ORIGINAL

# Temporary Order of Protection
## (Ex Parte Order of Protection)

Case # (the Clerk fills this in) 25OP918
DCSO # 25DCS01118

IN THE ☐ CIRCUIT ☐ GENERAL SESSIONS ☐ JUVENILE COURT OF DAVIDSON COUNTY, TENNESSEE

**Petitioner's Name** *(person needing protection)*
***[List child's name if filed on behalf of person under 18 years of age, pursuant to T.C.A. §36-3-602]***

Angela [First] Gayle [Middle] Meador [Last]

**Check if applicable:**

☐ Petitioner is under 18 and the Petition was filed on behalf of an unemancipated person (someone under 18 years of age), pursuant to *T.C.A. §36-3-602*, by ☐ *child's parent*, ☐ *legal guardian*, or ☐ *a caseworker*

☐ The Petition was made by a law enforcement officer pursuant to *T.C.A. §36-3-619* and Petitioner consented to the filing of this Petition by the law enforcement officer.

**Petitioner's Child(ren) Under 18 Protected by this Order:**

*Name / DOB / Relationship to Respondent* | *Name / DOB / Relationship to Respondent*

1. ______ 7. ______
2. ______ 8. ______
3. ______ 9. ______
4. ______ 10. ______
5. ______ 11. ______
6. ______ 12. ______

**Respondent's Information** *(person you want to be protected from)*:

Christina [First] Amanda [Middle] Taft [Last] [redacted] 1993 [MM/DD/YYYY]

1676 Ala Moana Blvd. Apt. 508 [Home Address] Honolulu [City] HI [State] 96815 [Zip]

Respondent's Employer: ______ [Employer's Name] [Employer's Phone #]

**Describe Respondent:**

| Sex | Race | Hair | Eyes | Height – Weight – SSN – Other | |
|---|---|---|---|---|---|
| F | Caucasian | Black/Brown | Brown | Height | 5'3" |
| | | | | Weight | 105 |
| | | | | Social Security # | (Provided to Clerk's Office if known) |
| | | | | Scars/Special Features | |
| | | | | Phone Number | ~~808~~ 212-718-1003 |

**Petitioner's Relationship to the Respondent** (*Check all that apply*):

☐ We are married or used to be married. ☐ We live together or used to live together.
☐ We have a child together. ☐ We are dating, used to date, or have had sex.
☐ We are relatives, related by adoption, or are/were in-laws. *Specify)*: ______
☐ We are the children of a person whose relationship is described above. *(Specify)*: ______
☑ The Respondent has stalked me. ☐ The Respondent has sexually assaulted me.
☐ Other: ______

The Court having reviewed the Petition for Temporary Order of Protection and finding, pursuant to *T.C.A. §36-3-605(a)*, that Petitioner is under an immediate and present danger of abuse from the Respondent and good cause appearing, the Court issues the following:

***Warning!***
☐ Weapon involved
☑ Has or owns a weapon

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

Service ID 1918182

ORIGINAL

Service ID 1918182

*Orders to the Respondent:*

☑ Do not abuse, threaten to abuse, hurt or try to hurt, or frighten Petitioner and/or Petitioner's minor child(ren) under 18.

☑ Do not put Petitioner and/or Petitioner's minor child(ren) under 18 in fear of being hurt or in fear of not being able to leave or get away.

☑ Do not stalk or threaten to stalk Petitioner and/or Petitioner's minor child(ren) under 18.

☒ Do not come about the Petitioner and/or Petitioner's minor child(ren) protected by this Order (including coming by or to a shared residence) for any purpose.

☒ Do not contact the Petitioner and/or Petitioner's minor child(ren) protected by this Order either directly or indirectly, by phone, email, messages, mail or any other type of communication or contact.

☐ If you and Petitioner shared a residence, **you** must immediately and temporarily vacate the residence shared with the Petitioner, pending a hearing on the matter.

☐ If you and Petitioner shared a residence, **you** can obtain **your** clothing and personal effects (such as medicine) according to the following process approved by local law enforcement personnel:
**You will be allowed one (1) opportunity to contact local law enforcement agency to escort or oversee you obtaining your personal effects needed while the application is pending. If law enforcement, for any reason, is unable to accommodate your request, a third party may be designated by you who will be allowed to pick up your clothing, medicine and other personal effects you need until the final hearing on this application.**

☒ You must not hurt, or threaten to hurt, any animals owned or kept by the Petitioner or Petitioner's children.

☑ Other orders: **Do not commit or attempt to commit malicious damage to Petitioner and/or Petitioner's child(ren)'s personal property.**

---

☑ **Go to Court** on *(date)* ______________________ at:

☐ ***Juvenile Court*** *(615-862-7980)* @ Courtroom C, 100 Woodland Street, Nashville, TN 37213.

☐ ***General Sessions Court-Civil Division*** *(615-862-5195)* @ Justice A.A. Birch Building, 408 2nd Avenue N, Courtroom 4D, Nashville, TN 37201 **@ 9:00 A.M.**

☐ ***3rd Circuit Court*** *(615-862-5181)* @ Historic Courthouse, 5th Floor, Courtroom 510, Nashville, TN 37201 **@ 9:00 A.M.**

☐ ***4th Circuit Court*** *(615-862-5181)* @ Historic Courthouse, 5th Floor, Courtroom 510, Nashville, TN 37201 **@ 9:00 A.M.**

**You must obey these Orders until the date of the hearing or until changes are made by the Court.** If you do not agree with these Orders, go to the Court hearing and tell the Court why. If you do not go, the Court can make orders against you. You have the right to bring your own lawyer. If you do not obey all orders on this form, you may be fined and sent to jail.

**Only the Court can change this Order.** Neither you nor the Petitioner can agree to change this Order. Even if the Petitioner tries to contact you or agrees to have contact with you, you must obey this Order. If you do not, you can be sent to jail for up to ten (10) days and fined up to $50 for each violation. *(T.C.A. §36-3-610)*

**IF YOU WANT TO TELL YOUR SIDE TO THE JUDGE, YOU MUST BE AT THE HEARING. IF YOU DO NOT COME TO THE HEARING, THE JUDGE WILL DECIDE BASED ONLY ON THE PETITIONER'S TESTIMONY.**

---

Date: APR 0 8 2025 Time: 10:39 ☑ a.m. ☐ p.m.

Jerice L. Glanton
Judicial Magistrate
*Judicial Officer's Signature*

 Rev. 4/18/18 and 9/1/22

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

25DCS01118

COPY

ORIGINAL

**Warnings to Respondent:**

A copy of this Order will be sent to all law enforcement agencies where Petitioner resides AND any Court in which the Respondent and Petitioner are parties to an action. Any law enforcement officer who reasonably believes you have disobeyed this Order may arrest you.

If you hurt or try to hurt anyone while this Order, probation or diversion is in effect, you may face separate charges for aggravated assault, a Class C felony. *(T.C.A. §39-13-102(c))*

Service ID 1918182

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

ORIGINAL

Service ID 1918182

## Proof of Service:

| **Proof of Service on Respondent of *Petition, Notice of Hearing* and *Temporary Order of Protection* on:** | If the Petitioner is **under 18** and service of these documents would **not** put him/her at risk, the Clerk will serve and fill out below (*T.C.A. §36-3-605(c)*). |
|---|---|
| ____________ at ________ ☐ a.m. ☐ p.m.<br>*[Date]* *[Time]* | *I served the child's parents with copies of the Petition, Notice of Hearing, and Temporary Order of Protection by personal delivery or U.S. Mail on* ____________<br>*[Date]* |
| by (***check one***):<br>☐ Personal service: ____________<br>☐ U.S. Mail per *T.C.A. §20-2-215* and *§20-2-216* (The Respondent does not live in Tennessee).<br>☐ Not Found: ____________ | at *(address)* ____________<br>____________<br>____________<br>____________ |
| ☐ Translator Requested / Language: ____________ | Clerk's Signature ____________ |
| ____________<br>Server's Signature<br>____________<br>Print Name | |

## Petitioner Notification

____ Petitioner was notified of the service result on ____________, 20____ at ______ am / pm.

____ I was unable to reach the Petitioner to give notification of the service result. The Clerk will attempt to give either verbal or written notification of the service result.

## Respondent Notification

____ Respondent was notified of the issuance of the *Temporary Order of Protection* on ____________, 20____ at ______ a.m. / p.m. by ____________.

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

25DCS01118

ORIGINAL

# Petition for Order of Protection and Order for Hearing

Case # (the Clerk fills this in) 25OP918

DCSO # 25OCS01118

☐ TRANSLATOR REQUESTED / LANGUAGE: ______

IN THE ☐ CIRCUIT ☐ GENERAL SESSIONS ☐ JUVENILE COURT OF DAVIDSON COUNTY, TENNESSEE

**Petitioner's Name** *(person needing protection)*
***[List child's name if filed on behalf of person under 18 years of age, pursuant to T.C.A. §36-3-602]***

Angela [First] Gayle [Middle] Meador [Last]

**Check if applicable:**

☐ Petitioner is under 18 and this Petition is being filed on behalf of an unemancipated person (someone under 18 years of age), pursuant to *T.C.A. §36-3-602. This request is being made by* ______ ☐ *child's parent,* ☐ *legal guardian, or* ☐ *a caseworker*

☐ This request is being made by a law enforcement officer pursuant to *T.C.A. §36-3-619*. The person on whose behalf this Petition is filed consents in writing to the filing and signs here: ______

**Petitioner's Child(ren) Under 18 Who Petitioner Believes are in Need of Protection:**

| *Name / DOB / Relationship to Respondent* | *Name / DOB / Relationship to Respondent* |
|---|---|
| 1. | 7. |
| 2. | 8. |
| 3. | 9. |
| 4. | 10. |
| 5. | 11. |
| 6. | 12. |

**Respondent's Information** *(person you want to be protected from)*:

Christina [First] Amanda [Middle] Taft [Last] [redacted] 1993 [Date of Birth (MM/DD/YYYY)]

1676 Ala Moana Blvd. Apt. 508 [Street Address] Honolulu [City] HI [State] 96815 [Zip]

Respondent's Employer: ______ [Employer's Name] [Employer's Phone #]

**Describe Respondent:**

| Sex | Race | Hair | Eyes | Height – Weight – SSN – Other | |
|---|---|---|---|---|---|
| (F) | Caucasian | Brown/Black | Brown | Height | 5.3 |
| | | | | Weight | 105 |
| | | | | Social Security # | (Provided to Clerk's Office if known) |
| | | | | Scars/Special Features | |
| | | | | Phone Number | 212-718-1003 |

1. What is Petitioner's relationship to Respondent? *(check all that apply)*:
   a. ☐ We are married or used to be married.
   b. ☐ We live together or used to live together.
   c. ☐ We have a child together.
   d. ☐ We are dating, used to date, or have had sex.
   e. ☐ We are relatives, related by adoption, or are/were in-laws. *(Specify)*: ______
   f. ☐ We are the child(ren) of a person whose relationship is described above. *(Specify)*: ______
   g. ☑ The Respondent has stalked me.
   h. ☐ The Respondent has sexually assaulted me.
   i. ☐ Other: ______

***Warning!***
☐ Weapon involved
☑ Has or owns a weapon

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

25OCS01118

Service ID 1918182

ORIGINAL

Service ID 1918182

2. **List ALL Your Child(ren) UNDER 18:**

☐ *Check here if listing addresses would put you or your child(ren) in danger. If **yes**, leave any spaces for addresses blank.*

| Name of Child | DOB | Is Respondent Parent of Child? | Does Child Need to be Protected From Respondent? | Child's Address |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☒ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☒ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

3. **Where Else Have the Child(ren) [you and Respondent have together] Lived During Last 6 Months?**

| Child(ren)'s Previous Addresses | Who Did They Live With at This Address? |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

4. **Other Court Cases.** Is there any Court, other than this Court, in which the Respondent and Petitioner are parties to an action (including cases in which the parties have children in common)? ☐ *Yes* ☐ *No* If **Yes**, fill out below:

| Court Name (including County) | State | Case # (if you know it) | Kind of Case (check all that apply) | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Divorce | Domestic Violence | Criminal | Juvenile | Child Custody | Other (specify) |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

5. **Custody Rights.** Does anyone besides you or the Respondent claim to have custody or visitation rights to the child(ren) that you and Respondent have together? ☐ *Yes* ☐ *No* If **Yes**, who?

| Name | Address |
|---|---|
| | |
| | |
| | |

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

25UCS01118

ORIGINAL

6. **Describe Abuse (use additional sheets of paper if necessary and attach to Petition).**

**Describe Abuse, Stalking or Assault (include, IF APPLICABLE, information about abuse or fear of abuse to your child(ren), personal property or animals)**

Warrant SU2800 - Police Report # 25-00527
03/29/2025 - Police responded to my home after a process server was sent to my house by Ms. Taft. He refused to leave, was very aggressive and said he would be watching me and will be back. He was trespassed from my property
He was the third person to be trespassed out of at least 8 P.I.s since approx. 03/20/2025.
04/05/2025 - Ms. Taft pulled my background report and began texting, calling, and emailing every known associate of mine - Between her texting, calling, emailing, and harassing me on social media, she is ~~[illegible]~~ has multiple people also doing the same - These process servers follow me when I leave, they wait outside my house day and night, they are constantly banging on the door. They report back to her and her behavior escalates and continues.

**Where and When Did This Happen? (address and dates)**

Between 03/12/2025 to present
01/22/2024 - She was warned to leave me alone because she's stalking me and I'm afraid of her.
03/26/2025 - Was warned again to stop her stalking behavior

**Describe Any Weapons Used (types – gun, knife, etc.)**

She says she has a handgun and has warned me that every person she sends to my house and to stalk me carries weapons and they're not afraid to use them

 Rev. 4/18/18 and 9/1/22

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

25DCS01118

Service ID 1918182

ORIGINAL

6. **Describe Abuse (use additional sheets of paper if necessary and attach to Petition).**

| Describe Abuse, Stalking or Assault [Include, IF APPLICABLE, information about abuse or fear of abuse to your child(ren), personal property or animals] | Where and When Did This Abuse, Stalking or Assault Happen? | Describe Any Weapons Used |
|---|---|---|
| on 04/05/2025 - Ms Taft and additionally, hired process servers contacted one of my brothers and me niece (11 years old) and said to them "do you know your (family member) (Angela) was brutally raped and never told you about it?" This is one of the threats she made that she followed through on. She sent me a voicemail saying that if I don't recant a statement I made (in a court case) that she would make sure the authorities and judge in the case "know that I'm lying and make sure I face any and all legal consequences." She hired so many people to stalk me and my family that 2 nights an armed security guard was sent to stay at my house overnight. She said that if I don't do what she wants, she's going to send "more aggressive men" than she already sent. Right now, I'm afraid to leave my house without being followed and can't go outside without someone she has sent ~~to~~ watching my house. | | |

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

25DCS01118

Service ID 1918182

COPY

FILED [illegible] CASE [illegible] Clerk

I ask the Court to make the following Orders after the hearing (check ALL that apply):

7. ☑ **No Contact**

Please order the Respondent to not contact: ☑ me and/or
☐ our child(ren) under 18

either directly or indirectly: by phone, email, messages, text messages, mail or any other type of communication or contact.

8. ☑ **Stay Away**

Please order the Respondent to stay away from: ☑ my home
☑ my workplace, and/or
☑ [illegible] for any purpose

9. ☑ **Personal Conduct**

Please order the Respondent NOT to: ☑ cause intentional damage to my property or interfere with the utilities at my home, and/or
☑ [illegible] any animal that I live with or keep.

☐ **Temporary Custody**

Please give me temporary custody of our child(ren).

☐ **Child Support**

Please order the Respondent to pay reasonable child support.

☐ **Petitioner Support (if married)**

Please order the Respondent to pay reasonable spousal support.

☐ **Move-out / Provide Other Housing**

Please order the Respondent to either: ☐ move out of our family home immediately, or
☐ provide other suitable housing (if married).

☐ *Check here if your home is leased to the Respondent [illegible]*

☐ Please allow the Respondent to obtain his/her clothing and personal effects such as medicines and other things s/he may need, *if parties share a residence.*

☐ **Counseling/Substance Abuse Programs**

Please order the Respondent to go to a certified batterers' intervention program if one is available in the area, or a counseling program.

15. ☑ **No Firearms**

Please order the Respondent NOT to have, possess, transport, buy, receive, use, or in any other way get any firearm. List all types of firearms (pistol, rifle, etc.) that the Respondent owns, controls, or has access to and where the firearm(s) are located:

[illegible handwriting]

16. ☐ **Animals / Pets**

Please give me custody and control of any animal owned, possessed, leased, kept or held by me, the Respondent, or the child(ren) listed above.

17. ☑ **Costs, Fees, and Litigation Taxes**

Please order the Respondent to pay all Court costs, lawyer fees, and taxes for this case.

To request an ADA accommodation, please contact [illegible]

[illegible stamp]

ORIGINAL

18. ☐ **Transfer the billing responsibility for and rights to wireless telephone number(s).**
Please issue an Order directing ______________________, a wireless telephone service provider, to transfer the billing responsibility for and rights to the wireless telephone number or numbers of Petitioner since Petitioner is not the account holder.
Current account holder *(name)*: ______________________
Billing telephone number: ______________________
New account holder *(name)*: ______________________
All telephone numbers to transfer to new account holder:
Telephone number *(include area code)*: ______________________
Telephone number *(include area code)*: ______________________
Telephone number *(include area code)*: ______________________
Telephone number *(include area code)*: ______________________
☐ Check box to include *Attachment* with additional telephone number(s).
*If the Judge makes this Order, you will be financially responsible for the transferred wireless telephone number or numbers, including the monthly service costs and costs of any mobile device associated with the wireless telephone number or numbers. You may be responsible for other fees. You must contact the wireless service provider to find out what fees you will be responsible for and whether you are eligible for an account.*

19. ☑ **Other Orders:** (*General Relief*) Stop sending 3rd parties on her behalf

Service ID 1918182

**I also ask the Court to:**

1. Make an immediate Temporary Order of Protection (*Ex-Parte Order of Protection*).
2. Notify law enforcement in this county of that Order.
3. Serve the Respondent a copy of that *Order* and Notice of Hearing to take place within 15 days of service.
4. Serve a copy of the Request, Notice of Hearing, and Temporary Order on the parents of the Petitioner (if the Petitioner is under 18 years of age) unless the Court finds that this would create a serious threat of serious harm to the Petitioner (*T.C.A. §36-3-605(c)*).

**Petitioner (or parent / legal guardian / caseworker) signs here in front of Notary/Clerk/Judicial Officer and swears that s/he believes the above information is true.**

▶ [signature] Date: 04/08/2025

**Notary fills out below** (*T.C.A. §36-3-602*) –
I declare that the Petitioner has read this Petition, and swears it to be true to the best of her/his knowledge.
Sworn and subscribed before me, the undersigned authority,
By *(Print name of Notary)*: Jerice L. Glanton Judicial Magistrate
On this date: APR 0 8 2025
[signature]
*Notary/Court Clerk sign here* *Date Notary's commission expires*
*(Notary's seal here)*

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

25DCS01118



**Notice to the Respondent about Firearms**

If the Court grants Petitioner's request for a Protective Order:

☑ You will not be able to have a firearm while this or any later Protective Order is in effect. You will have to transfer all firearms in your possession within forty-eight (48) hours to any person who is legally allowed to have them. ***18 U.S.C. §922(g)(8). T.C.A. §36-3-606(f), T.C.A. §36-3-625.***

☑ You will not be allowed to buy a firearm until the Court says otherwise.

## Findings of the Court:

☑ **The Court finds good cause and will issue a Temporary Order of Protection.** See the attached *Temporary Order of Protection* for the Court's Orders and the scheduled Court date.

☐ **The Court does not find good cause and denies a Temporary Order of Protection.** The Court finds there is no immediate and present danger of abuse to the Petitioner and denies the Petitioner's request for a *Temporary Order of Protection*. The Court will set the matter for hearing.

**ORDER FOR HEARING**

The Petitioner and Respondent must go to Court and explain to the Judge why the Judge should or should not issue an *Order of Protection* against the Respondent.

**Go to Court** on (date) ______________ ______________ at:

☐ ***Juvenile Court*** *(615-862-7980)* @ Courtroom C, 100 Woodland Street, Nashville, TN 37213

☐ ***General Sessions Court-Civil Division*** *(615-862-5195)* @ Justice A.A. Birch Building, 408 2nd Avenue N, Courtroom 4D Nashville, TN 37201 **@ 9:00 A.M.**

☐ ***3rd Circuit Court*** *(615-862-5181)* @ Historic Courthouse, 5th Floor, Courtroom 510, Nashville, TN 37201 **@ 9:00 A.M.**

☐ ***4th Circuit Court*** *(615-862-5181)* @ Historic Courthouse, 5th Floor, Courtroom 510, Nashville, TN 37201 **@ 9:00 A.M.**

Date: ______________________ ______________________
*Judge / Judicial Commissioner*

**You must obey these Orders until the date of the hearing or until changes are made by the Court.** If you do not agree with these Orders, go to the Court hearing and tell the Court why. If you do not go, the Court can make orders against you. You have the right to bring your own lawyer. If you do not obey all orders on this form, you may be fined and sent to jail.

**Only the Court can change this Order.** Neither you nor the Petitioner can agree to change this Order. Even if the Petitioner tries to contact you or agrees to have contact with you, you must obey this Order. If you do not, you can be sent to jail for up to ten (10) days and fined up to $50 for each violation (*T.C.A. §36-3-610*).

**IF YOU NEED A TRANSLATOR FOR THE HEARING, IMMEDIATELY NOTIFY TREY COLLIER AT (615) 880-3309.**

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

Service ID 1918182



ORIGINAL

Service ID 1918182

**Proof of Service:**

| Proof of Service on Respondent of *Petition* and *Notice of Hearing*: | If the Petitioner is under 18 (and Petitioner is a social worker, filing on behalf of a minor) and service of these documents would **not** put him/her at risk, the Clerk will serve and fill out below (*T.C.A. §36-3-605(c)*) |
|---|---|
| ______ at ______ ☐ a.m. ☐ p.m.<br>*[Date]* *[Time]*<br>by (*check one*)<br>☐ Personal service: ______<br>☐ U.S. Mail per T.C.A. *§20-2-215* and *§20-2-216*. (The Respondent does not live in Tennessee)<br>☐ Not Found: ______<br>☐ Translator Requested / Language: ______<br>______<br>Server's Signature<br>______<br>Print Name | *I served the child's parents with copies of the Petition, Notice of Hearing and Temporary Order of Protection by personal delivery or U.S. Mail on* ______<br>*[Date]*<br>at *(address)*: ______<br>______<br>______<br>______<br>______<br>Clerk's Signature: ______ |

## Petitioner Notification

____ Petitioner was notified of the service result on ______, 20____ at ______ a.m. / p.m.

____ I was unable to reach the Petitioner to give notification of the service result. The Clerk will attempt to give either verbal or written notification of the service result.

 Rev. 4/18/18 and 9/1/22

To request an ADA accommodation, please contact Trey Collier at 615-880-3309.

25DCS01118

**EXHIBIT 2**

Police Report – March 29, 2025

Christina Taft v. Paul Barresi, et al.

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

# GOODLETTSVILLE POLICE DEPARTMENT

105 South Main Street Goodlettsville, TN 37072

REV. 08/18
GPD Form #100
ORI #TNO190400

## INCIDENT REPORT

INCIDENT # 25-00527
Related Incident #

| 1. Location of Incident | 2. Latitude: | Longitude: | 3. Other Agency Incident # |
|---|---|---|---|
| 123 E Cedar Street | 36.323569 | -86.710588 | |

| 4. Victim (Last, First Middle) | 5. Incident Date/Time | 6. Reported Date/Time: | 7. Zone |
|---|---|---|---|
| Meador, Angela Gayle | 03-21-25 1800 | 03-29-25 2335 | 4 |

8. Case Status: ☒ Open ☐ Unfounded ☐ Cleared by Reporting Officer ☐ Cleared by Arrest ☐ Filed (Low Solvability)

9. Cleared by exception (Select one below): ☐ Death of Offender ☐ Prosecution Declined ☐ Extradition Declined ☐ Refused to Cooperate ☐ Juvenile, No Custody Date

10. Report Type: ☒ Dispatched ☐ Self Initiated ☐ Walk-in at PD ☐ Tele-serve ☐ Other

| | 11/12. Offense Description and Code | 13. Offense Status | 14. F M | 15. Location Type CODE | 16. Weapon CODE (Enter up to 3) | 17. Criminal Activity CODE (Enter up to 3) |
|---|---|---|---|---|---|---|
| #1 | Intimidation (13C) | Completed | ☐ ☒ | 20 | | |
| #2 | | | ☐ ☐ | | | |
| #3 | | | ☐ ☐ | | | |
| #4 | | | ☐ ☐ | | | |

PHOTOS ☐ VIDEO ☐ FINGERPRINTS ☐

20. Bias Motivation CODE (Submit Only One) ☐ Yes ☐ No ☒ N/A 1. 2.

21. Type of Residence (Use only with premise type code 20) 1 2

Block 23-29 ☒ N/A

22. Offense Involved: (Check as many as Apply)
1. ☐ Alcohol ☐ Computer Equipment ☐ Drugs ☒ Not Applicable
2. ☐ Alcohol ☐ Computer Equipment ☐ Drugs ☒ Not Applicable

23. What Were The Acts Involved? 1. 2.

24. Alarm Status 1. 2.

25. Point of Entry 1. 2.

26. Evidence at Scene 1. 2.

27. Instrument Used 1. 2.

28. Method of Entry (For Burglary Only) 1. ☐ Forcible ☐ No Force 2. ☐ Forcible ☐ No Force

29. Number of Units Entered 1. 2. 3. 4.

30. Home Invasion? (Burglary and Robbery Only) ☐ Yes ☒ No
Hostage Involved? ☐ Yes ☒ No

31. Gang Activity ☐ Juvenile Gang ☐ Other Gang ☐ Juvenile and Other Gang ☒ No Gang Activity
Gang # 1 Type _____ #2 Type _____
#1 Name _____
#2 Name _____

**Part I Other Person #1** ☒ N/A

32. Other Person Type (Non Victim) ☐ Complainants ☐ Victim's Nearest Relative ☐ Witness ☒ Other

33. (Last, First Middle Name) Lerner, Melissa Y

34. Address City State Zip Code ☐ GOODLETTSVILLE, TN 37072 ☐ UNK
2049 Century Park East, Suite 2400 Los Angeles, CA 90067

35. Place of Employment/School ☐ UNK
Lavely & Singer

36. Status ☐ N/A ☒ Not Interviewed ☐ Person Questioned ☐ Interviewed

37. Sex ☐ M ☒ F

38. Race ☐ White ☐ Black ☐ Amer. Indian/Alaskan ☐ Asian/Pacific Islander ☒ UNK

39. Age ☒ UNK

40. DOB ☒ UNK / /

41. Phone HM ( ) - WK ( 310 ) 710 - 0388

**Part 1 Other Person #2** ☒ N/A

32. Other Person Type (Non Victim) ☐ Complainants ☐ Victim's Nearest Relative ☐ Witness ☐ Other

33. (Last, First Middle Name)

34 Address City State Zip Code ☐ GOODLETTSVILLE, TN 37072 ☐ UNK

35. Place of Employment/School ☐ UNK

36. Status ☐ N/A ☐ Not Interviewed ☐ Person Questioned ☐ Interviewed

37. Sex ☐ M ☐ F

38. Race ☐ White ☐ Black ☐ Amer. Indian/Alaskan ☐ Asian/Pacific Islander ☐ UNK

39. Age ☐ UNK

40. DOB ☐ UNK / /

41. Phone HM ( ) - WK ( ) -



## Part 4 Property
☒ N/A

**Property Codes**
1 = None
2 = Burned
3 = Counterfeited/Forged
4 = Destroyed/Damaged/ Vandalized
5 = Recovered
6 = Seized
7 = Stolen
8 = Unknown

**Condition (Cond)**
1 = New
2 = Some damage
3 = Undamaged (Used)
4 = Destroyed
5 = Wet/Submerged
6 = Other

**Stored By**
1 = GPD Vehicle Impound Lot
2 = GPD Property Section
3 = Victim
4 = Other: (Specify)

**Category (Cat)**
01 = Aircraft
02 = Alcohol
03 = Automobiles
04 = Bicycles
05 = Buses
06 = Clothes/Furs
07 = Computer Hardware/Software
08 = Consumable Goods
09 = Credit/Debit Card
10 = Drugs/Narcotics
11 = Drug/Narcotic Equipment
12 = Farm Equipment
13 = Firearms
14 = Gambling Equipment
15 = Heavy Construction/Industrial Equip
16 = Household Goods
17 = Jewelry/Precious Metals/Gems
18 = Livestock
19 = Merchandise
20 = Money
21 = Negotiable Instrument
22 = Non-Negotiable Instrument
23 = Office-Type Equip
24 = Other Motor Vehicles
25 = Purse/Handbag/Wallet
26 = Radio/TV/VCR
27 = Recordings - Audio/Visual
28 = Recreational Vehicles
29 = Structures - Single Occupancy Dwelling
30 = Structures - Other Dwelling
31 = Structures - Other Commercial/Business
32 = Structures - Industrial/Manufacturing
33 = Structures - Public/Community
34 = Structures - Storage
35 = Structures - Other
36 = Tools
37 = Trucks
38 = Vehicle Parts/Access
39 = Watercraft
41 = Aircraft Parts/Access
42 = Artistic Supplies/Access
43 = Building Materials
44 = Camping/Hunting/Fishing Equip/Supplies
45 = Chemicals
46 = Collections/Collectibles
47 = Crops
48 = Documents - Personal or Business
49 = Explosives
59 = Firearm Access
64 = Fuel
65 = Identity Documents
66 = Identity - Intangible
67 = Law Enforcement Equip
68 = Lawn/Yard/Garden Equip
69 = Logging Equip
70 = Medical/Medical Lab Equip
71 = Metals - Non-Precious
72 = Musical Instruments
73 = Pets
74 = Photographic/Optical Equip
75 = Portable Electronic Communications
76 = Recreational/Sports Equip
77 = Other
78 = Trailers
79 = Watercraft Equip/Parts/Access
80 = Weapons - Other
88 = Pending Inventory
90 = Prescription Drugs

| 68 Victim/Suspect | No. | 69 Cat. CODE | 70 Property Description (Make) (Model) (Size) (Type) (Color) | 71 Serial Number and/or Owner Applied Number | 72 QTY. CODE | 73 Type CODE | 74 Cond. CODE | 75 Est. $ Value | 76 Date Recov-ered | 77 Stored By CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Victim | | | | SN: | | | | | | |
| ☐ Suspect | | | | OAN: | NCIC# | | | Entered By: | | |
| ☐ Victim | | | | SN: | | | | | | |
| ☐ Suspect | | | | OAN: | NCIC# | | | Entered By: | | |
| ☐ Victim | | | | SN: | | | | | | |
| ☐ Suspect | | | | OAN: | NCIC# | | | Entered By: | | |
| ☐ Victim | | | | SN: | | | | | | |
| ☐ Suspect | | | | OAN: | NCIC# | | | Entered By: | | |
| ☐ Victim | | | | SN: | | | | | | |
| ☐ Suspect | | | | OAN: | NCIC# | | | Entered By: | | |
| ☐ Victim | | | | SN: | | | | | | |
| ☐ Suspect | | | | OAN: | NCIC# | | | Entered By: | | |
| ☐ Victim | | | | SN: | | | | | | |
| ☐ Suspect | | | | OAN: | NCIC# | | | Entered By: | | |

78 If Offense was arson & property was a structure, was the structure occupied? ☐ Yes ☐ No ☒ N/A

Insurance Carrier Name ______ Address ______ Telephone ( ) -

### Complete this Section for Motor Vehicle Theft, Seizure, or Recovery

| Motor Vehicle N/A ☒ | 68 Victim /Suspect Number | 69 Cat CODE | 73 Type CODE | 74 Cond. CODE | 75 Est. $ Value | 76 Date Recovered | 77 Stored by CODE | 78. Lic. No. | State | Year |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ Victim ☐ Suspect | | | | | | | | | |

79. V.I.N. ☐ None ☐ Altered ☐ UNK | 80 Year | 81 Make | 82 Model | 83 Style | 84 Color

85 Doors Locked: ☐ Yes ☐ No ☐ N/A ☐ UNK

86 Ignition Locked: ☐ Yes ☐ No ☐ N/A ☐ UNK

87 Keys in Vehicle: ☐ Yes ☐ No ☐ N/A ☐ UNK

88 Special Equip/Accessories ☐ N/A: ☐ AM/FM/CD ☐ Custom Paint ☐ GPS ☐ LoJack ☐ OnStar ☐ Radar Detector ☐ Custom Wheels ☐ None ☐ UNK ☐ Other (See Narrative)

89 Evidence of Stripping/Removal ☐ N/A: ☐ Accessories ☐ Battery ☐ Engine Parts ☐ Exterior Parts ☐ Interior Parts ☐ Tires/Wheels ☐ Transmission ☐ None ☐ UNK ☐ Other (See Narrative)

90 Method of Entering Vehicle: ☐ Door Lock Punched ☐ Key ☐ Slim Jim/Tool ☐ Window Broken ☐ Other ☐ UNK ☐ N/A

91 Method of Taking Vehicle: ☐ Hot Wired ☐ False Purchase ☐ Ignition Lock Pulled ☐ Keys ☐ Rented/Leased ☐ Steering Column Peeled ☐ Towed ☐ UNK

92 Vehicle Towed To: ☐ GPD Impound Lot ☐ CID ☐ MNPD ☐ Other (Specify)

93 Authorization to Tow: ☐ Insurance Co. ☐ Reporting Officer ☐ Supervisor ☐ Vice ☐ Other (Specify)

94 Hold Vehicle For: ☐ CID ☐ Vice ☐ Other (Specify) ☐ N/A

95 Describe Damage to Vehicle as a Result of this incident. ☐ UNK ☐ N/A

96 Insured By: ☐ UNK

97 Financed By or Titleholder: ☐ UNK

### Complete Items 68 - 78 and 98 - 101 for Drug/Narcotics Violation

| Drugs ☒ N/A | 98 Suspected Drug Type Code | 99 Estimated Quantity | 100 Type Measurement | Drug Type |
|---|---|---|---|---|
| Drug #1 | | | | |
| Drug #2 | | | | |
| Drug #3 | | | | |

101 Marijuana Plants ☐ N/A
☐ Indoor
☐ Outdoor No. of Plots: ____
☐ Both
Latitude: ______
Longitude: ______

## Part 5 Injury & Transport
☒ N/A

**Codes**

**Injury**
1 = None
2 = Apparent Broken Bones
3 = Possible Internal Injury
4 = Severe Laceration
5 = Apparent Minor Injury
6 = Other Major Injury
7 = Loss of Teeth
8 = Unconsciousness
9 = Gunshot

**Medical Treatment**
01 = Refused Treatment
02 = Nashville Fire Dept.
03 = General/Meharry
04 = Skyline
05 = St. Thomas Midtown
06 = Hendersonville
07 = Sumner Region
08 = Northcrest
09 = Summit
10 = Skyline Madison
11 = VA
12 = Vanderbilt
13 = Other (Specify)
14 = N/A

**Transported By:**
1 = N/A
2 = UNK
3 = Self
4 = Reporting Officer
5 = Private Vehicle
6 = NFD Ambulance
7 = Other (Specify)

| 102 Injury | 103 "Injury" Code (Enter Up to 5) | 104 Describe Injury | 105 Medical Treatment | 106 Transported By | 107 Examining Physician | 108 Status |
|---|---|---|---|---|---|---|
| ☐ Victim ☐ Suspect | ☐1 ☐2 ☐3 ☐4 | | | | ☐ N/A | ☐ Admitted ☐ Released |
| ☐ Victim ☐ Suspect | ☐1 ☐2 ☐3 ☐4 | | | | ☐ N/A | ☐ Admitted ☐ Released |
| ☐ Victim ☐ Suspect | ☐1 ☐2 ☐3 ☐4 | | | | ☐ N/A | ☐ Admitted ☐ Released |

| Part 6 ☐ N/A ☐ UNK Suspect #1 | 109 (Last, First Middle Name) ☐ Alias ☐ UNK: Taft, Christina Amanda | 110 Address City Zip Code ☐ GOODLETTSVILLE, TN 37072 ☐ UNK: 1700 Ala Moana Blvd Apt 2301 Honolulu, HI 96815 |
|---|---|---|
| 111. SSN or Driver License No. ☐ UNK ☒ SSN ████8269 ☒ DL H01778393 HI | 112 Phone No. ☐ UNK ( 212 ) 718 - 1003 | 113 Weapon/Tool (Enter up to 3): ☐ Handgun ☐ Revolver ☐ Motor Vehicle ☐ Fire/Incendiary ☐ Drugs ☐ Other ☐ Shotgun ☐ Other Firearm ☐ Cutting Instrument ☐ Explosives ☐ Asphyxiation ☒ None ☐ Rifle ☐ Blunt Object ☐ Personal (hands, etc) ☐ Poison ☐ UNK |
| 114 Sex ☐ M ☒ F ☐ UNK | 115 Race ☐ Amer. Indian/Alaskan ☒ White ☐ Asian/Pacific Islander ☐ Black ☐ UNK | 116 Ethnicity ☐ Hispanic ☒ UNK ☐ Non-Hispanic |
| 117 Age ☐ UNK: 3 1 | 117 DOB ☐ UNK: 10/13/93 | 119 Suspected of Using ☐ Alcohol ☐ Computer ☐ Drugs ☒ N/A |
| 120 Status (Enter up to 2) ☒ At Large ☐ Warrant Signed by Officer ☐ Arrested ☐ Warrant Signed by Citizen | | |
| 121 Height: 5'5" | 122 Weight: 105 | 123 Hair: Brn |
| 124 Eyes: Brn | 125 Scars and other identifiers: Unk | 126 Clothing: Unk |
| 127 Vehicle Used ☒ None ☐ UNK ☐ N/A ☐ Seized (If seized, complete Part 4, Motor Vehicle Section) (Year) (Make) (Model) (Style) (Color) (License No.) (State) (Yr) | | Place of Employment/School: Unk |

| ☒ N/A ☐ UNK Suspect #2 | 109 (Last, First Middle Name) ☐ Alias ☐ UNK | 110 Address City Zip Code ☐ GOODLETTSVILLE, TN 37072 ☐ UNK |
|---|---|---|
| 111. SSN or Driver License No. ☐ UNK ☐ SSN ☐ DL | 112 Phone No. ☐ UNK ( ) - | 113 Weapon/Tool (Enter up to 3): ☐ Handgun ☐ Revolver ☐ Motor Vehicle ☐ Fire/Incendiary ☐ Drugs ☐ Other ☐ Shotgun ☐ Other Firearm ☐ Cutting Instrument ☐ Explosives ☐ Asphyxiation ☐ None ☐ Rifle ☐ Blunt Object ☐ Personal (hands, etc) ☐ Poison ☐ UNK |
| 114 Sex ☐ M ☐ F ☐ UNK | 115 Race ☐ Amer. Indian/Alaskan ☐ White ☐ Asian/Pacific Islander ☐ Black ☐ UNK | 116 Ethnicity ☐ Hispanic ☐ UNK ☐ Non-Hispanic |
| 117 Age ☐ UNK | 117 DOB ☐ UNK / / | 119 Suspected of Using ☐ Alcohol ☐ Computer ☐ Drugs ☐ N/A |
| 120 Status (Enter up to 2) ☐ At Large ☐ Warrant Signed by Officer ☐ Arrested ☐ Warrant Signed by Citizen | | |
| 121 Height | 122 Weight | 123 Hair |
| 124 Eyes | 125 Scars and other identifiers | 126 Clothing |
| 127 Vehicle Used ☐ None ☐ UNK ☐ N/A ☐ Seized (If seized, complete Part 4, Motor Vehicle Section) (Year) (Make) (Model) (Style) (Color) (License No.) (State) (Yr) | | Place of Employment/School |

| Part 7 Other ☒ N/A Units Requested | 128. CID/Detective responded for: ☐ Photos ☐ Prints ☐ Other | 129. Other Units Called: ☐ Aviation ☐ Domestic Violence ☐ Negotiators ☐ Youth Services ☐ Bomb Squad ☐ K-9 ☐ SWAT ☐ None ☐ CID ☐ Med Examiner ☐ Vice ☐ Other |
|---|---|---|

**Part 8 Narrative 130** — Officer dust for fingerprints? ☐ Yes ☐ No ☒ N/A Fingerprints lifted? ☐ Yes ☐ No If applicable, and "No" - state reason: If applicable add Warrant number

On 03/29/2025 at approximately 2335 hours, Officers were dispatched to a return public service call via phone in reference to harassment. Upon speaking with the victim, Angela G Meador, she reported the following.

On January 11, 2024 I sent an email to Christina Taft, an acquaintance of mine. In this email I told Taft to no longer contact me after receipt of the email, I told her I was afraid of her and her behavior constituted harassment. Taft acknowledged receipt of this email in her declaration of plaintiff in support of opposition to restraint by defendant's Ex Parte on 03/28/25 in exhibit 7.
This harassment started on 03/21/2025 when she sent a private investigator by my residence at approximately 1800 hours. The investigator attempted to ask me questions in regards to a phone recording between Taft and me from 2022. After not getting what she requested from me, the investigator stayed across the street until approximately 1830 hours and also spoke with my neighbors. I began to try to film her and she left. A second private investigator came to my residence on 3/24/2025 (this interaction was video recorded on my phone) she had the same questions as the first investigator but they were typed out on paper. During this interaction I requested to know who sent her and she pointed to the name Taft on the document, she also said she had spoken with the private investigator from the 21st and that she was sent by Taft as well. I told her that Taft had been harassing me in regards to a federal civil case and we spoke for a few minutes longer and then she left my residence. In addition to the investigators coming to my residence, I began receiving contact from a phone number known to me to be Taft's on 03/26/2025 at approximately 0346 hours and they continued approximately every fifteen minutes until the frequency annoyed, offended, alarmed and frightened me to the extent that I blocked it. Christina has also sent me emails during this time.

131 Report is Continued on: ☒ N/A (Check all that apply) ☐ Supplement Report ☐ Victim Addendum ☐ Incident Report Addendum ☐ Incident Report Property Addendum

| 134 Approving Supervisor | Employee No. | 133 Reporting Officer | Employee No. |
|---|---|---|---|
| Lt. Ben E. Alexander Jr. | 265 | Sgt. Hannah Poole | 372 |

**EXHIBIT 3**

Police Report Update – March 30, 2025

Christina Taft v. Paul Barresi, et al.

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

Christina Taft- 3rd Update - 03/30/2025

From:   babs481 (babs481@aol.com)

To:     keithmsutherland@jisnashville.gov

Date:   Tuesday, April 15, 2025 at 11:59 AM CDT


----- Forwarded Message -----
**From:** babs481 <babs481@aol.com>
**To:** Hannah Poole <hpoole@goodlettsville.gov>
**Sent:** Sunday, March 30, 2025 at 06:24:57 PM CDT
**Subject:** Christina Taft- 3rd Update

Well…I've now been contacted by a third company demanding that I open my door tomorrow and sign her papers. That's 3 different companies, 5 to 7 different people all coming to visit tomorrow, all to get me to recant my declaration.

I'd like to say that this is as annoying as it's going to get but based on the manner of which she's speaking to these people, lying about who she is and what she's doing, and the increased frustration that I won't change my story, I have a feeling and an concerned things are gong to continue to escalate.

Again, keeping you updated for record keeping purposes.

Thank you,

Angela Gayle M.

**EXHIBIT 4**

Police Report Update – April 9, 2025

Christina Taft v. Paul Barresi, et al.

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

Christina Taft Update - 04/09/2025

From: babs481 (babs481@aol.com)

To: keithmsutherland@jisnashville.gov

Date: Tuesday, April 15, 2025 at 12:03 PM CDT

----- Forwarded Message -----
**From:** babs481 <babs481@aol.com>
**To:** Hannah Poole <hpoole@goodlettsville.gov>
**Cc:** Megan Mallonee <mmallonee@lavelysinger.com>
**Sent:** Wednesday, April 9, 2025 at 09:35:31 PM CDT
**Subject:** Christina Taft Update

Hello,

For record keeping purposes and because the courts have asked me to keep you updated, I am writing another update.

02/02/2025 - Christina made multiple calls to 9-1-1 to have police sent to my house. Police reported that her calls were nonsensical, and they couldn't really make out exactly what her complaint was, so they stopped by to see if the person who called 9-1-1 was in the house. I did request with the police department in Goodlettsville and Nashville to get a copy of the calls to no avail. Also, the police were given instructions not to respond to my home if any further emergency calls were made.

Multiple people (Christina and people she contacted) began calling and leaving messages with my mother. In a 12-hour span, she received approximately 20 phone calls and messages.

Multiple times, there were cars sitting at various places around my house surveilling it. If me or my family went anywhere, we had to leave together. A couple of times I went to run an errand and was followed so I had to return home.

Police were called several times over the course of the week. Because I had already gone downtown to swear out a warrant and it was in the process, they informed me that there isn't much they can do unless there is an immediate threat at myself or my home. Otherwise, I am to keep a log of everything going on.

Justin, the armed security guard was hired to stay the night because of the increase of activity towards me and my family.

On 04/04/2025 Ms. Taft began calling, emailing, texting, and calling every known associate that is on my background report. In addition to trying to figure out where I am, she texted one of my brothers, as well as my niece (who is 11 years old) and said to them "do you know Angela was brutally raped." This is one of the things that she said she was going to do if I didn't retract the statement in the federal case that I originally made. Family was told to block and ignore her, but that was only after they all received an incessant amount of messages.

The phone calls, texts, voicemails and emails continued by Ms. Taft and multiple people that she has paid to find me and follow me.

She has decided, apparently, that I am somehow being controlled, or coerced by everyone around me and that she needs to save me.  So, her contact goes from veiled threats (where she is implying that my career and social life will be ruined if I don't give her what she wants) to the other extreme where she's telling me she loves me and everything she is doing is to "protect me."  Then she goes back to anger.

On 04/07/2025 -  I went to the Goodlettsville police station and was given an escort downtown to apply for a warrant.  It was granted.

On 04/08-2025 - I went back downtown and was granted an order of protection.

  Still receiving calls, text, voicemails, emails from Christina and various process servers acting on her behalf.  Today, one of the process servers started sending me text messages of things that Christina wanted to relay to me.  In addition, Christina texted screenshots where she is contacting people in the music industry, acting like she is my manager or promoter and engaging them for work on my behalf.  Not only have I never consented to this in any way, shape, or form, but this is also, from my perspective a threat because past messages she's sent were that she "could really have strong effects on my career if I don't follow her instructions."

Sergeant Poole, you should know that one message Christina sent told me not to bother speaking with you anymore because she's contacted you and you and she are working together to save and protect me.  As such, there's no need to contact you again. I don't know if she got your name from contacting the police herself or what.

I was told that Nashville police sometimes serve the Orders of Protection over the phone now.  If you do speak to her before you and I speak again, she has not been served yet so not sure if you are able to do that?  If not, I just don't want her dodging service to keep it from going into effect.  FYI.  The judge said it could take up to 7 days because of where she is located.

These are the updates for now.

Regards,

Angela Gayle Meador

---

**EXHIBIT 5**

Police Report Update – April 11, 2025

Christina Taft v. Paul Barresi, et al.

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

Fw: Christina Taft - Update - Papers Delivered - 04/11/2025

From: babs481 (babs481@aol.com)

To: bmatthews@goodlettsville.gov

Date: Thursday, April 17, 2025 at 02:22 AM CDT

----- Forwarded Message -----
**From:** babs481 <babs481@aol.com>
**To:** keithmsutherland@jisnashville.gov <keithmsutherland@jisnashville.gov>
**Sent:** Tuesday, April 15, 2025 at 12:15:35 PM CDT
**Subject:** Christina Taft - Update - Papers Delivered - 04/11/2025

----- Forwarded Message -----
**From:** babs481 <babs481@aol.com>
**To:** Hannah Poole <hpoole@goodlettsville.gov>
**Cc:** Melissa Lerner <mlerner@lavelysinger.com>; Megan Mallonee <mmallonee@lavelysinger.com>; davidzoccola@jisnashville.gov <davidzoccola@jisnashville.gov>
**Sent:** Friday, April 11, 2025 at 02:10:41 PM CDT
**Subject:** A. Meador - Christina Taft - Update 04/11/2025

Hello,

I'm writing to update you about the latest.

Last night, I received multiple phone calls, 2 being from a "hidden caller ID" number and others from process servers. Voicemails and texts follow.

This morning, I woke up to Christina sending me messages on social media. I haven't opened them yet because I don't want her to know whether I'm reading them or not.

Then, around 8:30 a.m., a man in a white S.U.V. parked in front of my neighbor's house on the street, walked down to my house and was banging on the door. My parents were downstairs, and they figured he would go away when they didn't answer the door. However, this man continued banging on the door for longer and then began walking around my house taking pictures. My parents were very concerned, so they called me. He still wasn't leaving, so I contacted the Goodlettsville Police Department. After a few minutes, the man approached the front door again and threw an envelope at the door and finally left.

I let the police know about it and an officer was sent to investigate this envelope. It contained a packet of documents which I have attached here. There are a few observations I'd like to make about the contents, aside from the fact that they are confirmation that Christina Taft has no valid "legal documents" that she is serving. They are for the purpose of stalking and intimidation and witness tampering. After today, I am very concerned about what she might do next. There's a ton of references and implications in this packet and so, hopefully listing these observations will help you understand what the reality is of what she's doing.

1) As far as witness tampering goes, this entire packet of papers discusses the Court Case in California, Paul Barresi, and Taft's attempt to deflect the things she's been doing to me and my family onto others as part of this case.

2) There are a few paragraphs about different things that I posted on social media over the last few years. She has somehow taken vague statements I made and believes them to be about her. There is not one post on social media or the internet where I am referencing or discussing her. Those are wholly her delusions.

3) One of the threats she has made to me is that if I don't retract my statement in the court case, she is going to get the man that raped and assaulted me brought back into my life. This is a threat because she is well aware how scared I am of that man and how unbelievably painful it was to heal from what he did. With that, she suggests that Paul Barresi is tied to my assaulter and that together, he and Paul have some sort of coercive control over me. She says in this letter that she is going to send him a cease and desist. So, some of my worst fears are now happening.

4) She says that she has attempted many times to litigate this case unsuccessfully. Then she states "you're nearly free...I'll always proceed forward from here to free you.." This is a threat. This means that she's never going to stop what she's doing. This is also extremely scary for me.

5) Next, she includes a copy of an email that she sent to my record label and management. She describes herself as a "passionate admirer" and then request a list of 7 different questions that she wants to be kept informed on. To an outsider, this looks like a fan simply inquiring about someone they admire. It's anything but that. She is looking to get more information about my life, including where I go and when, and she will undoubtedly use that to continue this stalking campaign.

6) Next is a copy of a subpoena. Aside from the fact that it wasn't served directly to me, or properly, it also does not have a hearing date or time on it.

7) She acknowledges what she has been doing to me and apologizes for what she's doing.

8) On the other side of the coin, she is offering to help my career and various other things if I change my declaration. So, witness tampering?

9) Next, you'll notice various screenshots that she put in this packet. If you notice, on her phone and on a social media account she's using, she changed her name to my name. I am unclear whether this is to make people think I wrote these messages or it's part of the fixation with me. But it's also concerning.

10) She sent me screenshots of emails and messages she is sending to people in the entertainment industry acting on my behalf as some sort of manager or promoter and soliciting work on my behalf. This is crossing over into an obsession.

11) With my name saved to her phone acting is if she's me, she admits that she's doing all of these things "behind her back "

I hope this helps organize what is happening in this packet of papers. I don't know how far this has to go before she's made to stop this.

Thank you for all that you do! I am copying this email to the lawyers in California, as well as an investigator in the D.A.'s office that has also been trying to help.

Kind regards,

Angela Gayle Meador


Christina Taft - Letter.pdf
6.4MB

**EXHIBIT 6**

Police Report Update – April 17, 2025

Christina Taft v. Paul Barresi, et al.

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

## Christina Taft - Update - 04/17/2023

From: babs481 (babs481@aol.com)

To: keithmsutherland@jisnashville.gov; mlerner@lavelysinger.com; mmallonee@lavelysinger.com; bmatthews@goodlettsville.gov

Bcc: paulbarresi@aol.com

Date: Thursday, April 17, 2025 at 02:06 AM CDT

Good evening,

I hope a day comes soon where I don't have to keep doing this. But until then...

04/15/2025 - In addition to the various process servers/random people that have been coming to the house and following me around, Christina has now employed the help of the U.S. Postal Service. The postman is now stopping by every day to try and get me to sign for the papers that she is attempting to "serve". Again, that have no actual valid legal document and also, they have already been left at my house twice. They are the same ones.

04/16/2025 - Christina has decided to start posting my personal information on the internet, including my full legal name, phone number, and private details about the assault I endured in 2015, in addition to other things. She is now posting his name as well and threatening him with legal action. This is no way consented to by me. She has been told in the past that it puts me in great fear for my life and that I wanted to keep information about that time private. I also went to great lengths to not have my full legal name on the internet. She found that and all my personal information by paying to get my background check, which is how she's consistently able to violate my privacy and my life.

About Christina's threats of "exposing" information about me if I didn't change my declaration in the federal lawsuit: The assault that happened to me in 2015 was a very dangerous and tragic time in my life. It was a life and death situation that I worked very hard to manage and heal from. Now that she is "exposing" me, I am living in fear every day that something bad is going to happen as result of stirring that situation back up. That adds to the fear that Christina is already creating by continuing this behavior. I am constantly watching outside for the next visitor, looking around for the next person to be following me, filled with anxiety every time my phone rings. Nobody should be forced to live this way.

I know there are people that are trying to help me. I will keep sending updates and following the directions that the authorities give me. But I am very concerned that if this continues, in order to have a sense of safety again, the only option I have left is to change the declaration I made in the federal case. That is not something I could ever bring myself to do. So that just leaves me with waiting for the next thing that Christina is going to do or send someone else to do for her. Please help me.

Regards,

Angela Gayle Meador

---

**EXHIBIT 7**

Criminal Harassment Warrant issued for Christina Taft

Christina Taft v. Paul Barresi, et al.

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

COMPLAINT NUMBER: 2025-0218482 WARRANT NUMBER: SU28000

PROSECUTOR: Angela Gayle Meador
DEFENDANT: Christina Amanda Taft
VICTIM: Angela Gayle Meador

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
Harassment Repetitive Calls
39-17-308(a)(2)

Personally appeared before me, the undersigned, **[Select one]** _x__ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that **[Select one]** ___ he __x_ she **[Select one]** ___ personally observed _x__ has probable cause to believe that the defendant name above on 04/07/2025 to OFFENSE_DT_TO in Davidson County, intentionally did communicate with the victim, named above without lawful purpose, anonymously or otherwise, with the intent that the frequency or means of the communication annoys, offends, alarms, or frightens the victim and these actions did annoy, offend, alarm, or frighten the victim.

***The probable cause is as follows:***

On 3/29/25 Goodlettsville PD responded to a harassment complaint from the above listed victim. The victim advises that on 1/11/2024, she had sent the defendant in this case an email to no longer contact her. In this email the victim expressed fear of the defendant and wanted communication to cease. Starting on 3/21/2025 The defendant began sending out of state private investigators to her residence inquiring on phone messages from 2022. A second private investigator arrived on 3/24/2025, this private investigator advised she was there on behalf of the defendant Ms. Taft. These instances are related to a court case from another state. Where the harrassment becomes relevant is when the victim advised that on 3/26/2025 she began recieving phone calls from a phone number known to the victim to belong to the defendant around 0346 hours. These phone calls continued approximately every 15 minutes until the calls annoyed, offended, alarmed and frightened the victim to the point she blocked the defendants phone number. During this time there were also emails sent from the defendant to the victim, after requesting communications cease.

ESignature

Prosecutor: Angela Gayle Meador
123 E. Cedar St {STATION_ASSIGNED}

goodlettsville , Tennessee 37072
615 423-4768

ARREST WARRANT

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense of Harassment Repetitive Calls A MISD, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 04/07/2025 16:09:58.

Lori S Glenn
Judge of the Metropolitan General Sessions Court/Commissioner

If the defendant's charge is dismissed, a no true bill is returned by a grand jury, the defendant is arrested and released without being charged with an offense, or the court enters a nolle prosequi in the defendant's case, the defendant is entitled, upon petition by the defendant to the court having jurisdiction over the action, to the removal and destruction of all public records relating to the case without cost to the defendant.

**EXHIBIT 8**

Criminal Warrants for Stalking, Coercion of a Witness, and Retaliation for Past Acts issued for Christina Taft

Christina Taft v. Paul Barresi, et al.

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

F

F

---

**EXHIBIT 9**

Original complaint for *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025



Electronically Filed
SECOND CIRCUIT
2DSC-25-0000091
19-MAY-2025
01:20 PM
Dkt. 1 SCN

Claims – General Statement ... (#2DC06)

... Claims Division
District Court of the Second Circuit
Wailuku Division
... Hawaii

**Please read these instructions before you start the form**

STATEMENT ... CLAIM

1

**2** Give the Court information about the money that the Defendant owes you.

Defendant

**3** Information ... Declaration

... Defendant ... amount ... above ... would ... Defendant ... interest ... believes ... reasonable.

**PLAINTIFF'S DECLARATION**

... information ... correct ... understand ... prosecuted ... perjury ... stated anything ...

Signature ... Today's

**NOTICE OF HEARING**

**4** Fill in the Defendant's name below and then take or mail the form to the Court. Court staff will schedule a hearing and fill out the rest of Part III ... serve.

Defendant's

Waikiki Division ... Waikiki, Hawaii

Kahaluu Division ... Kamehameha Highway, Kahaluu, Hawaii

Division ... 4675 Kapolei ... Kapolei, Hawaii 96707

Molokai Division ... Kaunakakai, Hawaii

Division ... Hawaii

JUN 16 2025 ... 1:30pm

... anything ... address ... hearing ... other location

Circuit

Street ... Waikiki, Hawaii

Signature ... /sgd/ A. KAILI (seal) ... Today's ... MAY 19 2025

IN THE DISTRICT COURT OF THE SECOND CIRCUIT,
MAUI DIVISION

CHRISTINA TAFT,
Plaintiff,
v.
JAVONTI THOMAS
AKA JBT Media Planning
Defendant.

CASE NO.: ____________________

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

I. NATURE OF THE ACTION

1. Plaintiff, Christina Taft ("Plaintiff"), a citizen of Hawaii, by this Complaint, brings forth claims against Javonti Thomas AKA JBT Media Planning ("Defendant"), arising from Defendant's failure to perform contractual obligations, fraudulent misrepresentations regarding his qualifications and services, unjust enrichment, and tortious interference with Plaintiff's business relationships, tangibly associated with Film, Music, Arts Cases and nonprofits. This action seeks legal and equitable relief pursuant to Hawaii Revised Statutes ("HRS") §§ 480-2, [illegible], [illegible], and applicable common law principles.

2. Plaintiff engaged Defendant to provide public relations services, including media outreach, press release distribution, and interview scheduling, based on Defendant's representations that he possessed the necessary industry experience and professional connections to secure meaningful media coverage. Relying on these assurances, Plaintiff entered into a Public Relations Work Contract ("Contract") and remitted payments totaling between $700 and $1,200 in exchange for said services.

3. Defendant materially breached the Contract by failing to perform the agreed-upon services. Despite receiving full or partial payment, Defendant failed to conduct media outreach, secure any press coverage, or deliver the promised public relations work. Plaintiff never received the expected press exposure, interviews, or strategic media engagement, rendering Defendant's performance non-existent and a direct violation of the contractual agreement.

4. In furtherance of his fraudulent scheme, Defendant misrepresented his professional credentials, industry connections, and ability to perform the contracted work. An outsourcing platform partially refunded Plaintiff after Defendant proceeded to [illegible]her [illegible] externally, with the only recognized journalist being a CBS Reporter in Los Angeles within the platform's guided facilitation. These material misrepresentations induced Plaintiff to enter the agreement under false pretenses, constituting fraudulent inducement and

IR [illegible]-2 [illegible]

The actual [illegible]ork perf[illegible]rme[illegible] incl[illegible] ing [illegible] [illegible]s [illegible]utreac[illegible] efforts an[illegible]

[illegible]rga[illegible]

Defendant's interference was deliberate, unjustified, and intended to create dependency on his fraudulent services, causing irreparable harm to Plaintiff's professional standing and economic prospects.

7. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered financial losses, reputational harm, and professional setbacks, including but not limited to:

    - Monetary damages from payments rendered to Defendant for services not performed;
    - Diminished business opportunities due to Defendant's failure to execute media outreach and press coverage;
    - Loss of goodwill, credibility, and harm stemming from Defendant's fraudulent misrepresentation of Plaintiff's public relations efforts.

8. Defendant's actions constitute a material breach of contract under HRS § 490:2-615 and HRS § 490:2-715, which govern contractual nonperformance and consequential damages. Plaintiff is entitled to full restitution and damages for all financial and professional harm suffered as a result of Defendant's breach.

9. Plaintiff further asserts claims for tortious interference with prospective economic advantage under Hawaii common law, as Defendant's wrongful

clai curred is jur sdi 's aui Sec nd

13. This Court has personal jurisdiction over Defendant, Javonti Thomas, pursuant to HRS § 634-35, commonly known as Hawaii's Long-Arm Statute, which extends jurisdiction over non-resident defendants who engage in business transactions within the State of Hawaii or otherwise establish minimum contacts sufficient to satisfy due process requirements under International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. Defendant has purposefully availed himself of the privileges and benefits of conducting business in Hawaii by:

a. Entering into a contract with a Hawaii resident (Plaintiff) for the provision of professional services;

b. Receiving monetary compensation from Plaintiff, a Hawaii resident, thereby deriving financial benefit from business activities tied to the jurisdiction;

c. Engaging in conduct that had substantial effects within the State of Hawaii, including financial loss and professional harm suffered by Plaintiff within this jurisdiction;

d. Committing acts of fraudulent misrepresentation and deceptive trade practices, which gave rise to the claims asserted herein, the effects of which were intended to and did manifest within Hawaii.

[illegible]

[illegible] su[illegible]icient [illegible] est [illegible] gener [illegible] spec [illegible] ior sa[illegible]isf[illegible]in[illegible] [illegible]



expertise. Defendant misrepresented his qualifications, experience, and ability to secure media placements, making fraudulent inducements that form the basis of the present claims for breach of contract, fraudulent misrepresentation, unjust enrichment, and tortious interference with business relations.

19. Despite receiving full or partial compensation from Plaintiff, Defendant failed to execute the contractual obligations as agreed, made material misrepresentations, and engaged in deceptive business practices, all of which have caused direct and proximate harm to Plaintiff within the jurisdiction of Hawaii. Plaintiff's financial losses, professional setbacks, and reputational damage occurred within this jurisdiction, making venue and jurisdiction proper in the Small Claims Court of the Second Circuit, State of Hawaii, County of Maui.

## III. FACTUAL ALLEGATIONS

### A. Formation of the Contract

20. On or about August 31, 2024, Plaintiff and Defendant entered into a legally binding Public Relations Work Contract ("Contract"), wherein Defendant agreed to provide professional publicist services to Plaintiff in exchange for

Se[illegible]ng as [illegible] spokesperson when neces[illegible] to enhance public [illegible]

De[illegible]

**B. Defendant's Failure to Perform and Contractual Breach**

23. Despite receiving full or partial payment, Defendant willfully and materially breached the Contract by failing to deliver the agreed-upon services, including but not limited to:

- Failure to secure any substantive media coverage, interviews, or press placements for Plaintiff;

- Failure to execute media outreach to journalists, editors, or public relations professionals on behalf of Plaintiff;

- Failure to act as Plaintiff's public representative, conduct promotional activities, or fulfill any obligations as agreed under the Contract.

24. Defendant's failure to perform constitutes a material breach of contract as defined under HRS § 490:2-615, which governs performance obligations in contractual agreements, and HRS § 490:2-715, which entitles Plaintiff to recover consequential and incidental damages resulting from nonperformance. Defendant's nonperformance deprived Plaintiff of the benefit of the bargain, resulting in monetary losses, reputational harm, and lost business opportunities.

25. Plaintiff provided multiple opportunities for Defendant to cure his nonperformance, yet Defendant failed and refused to rectify the breach, deliver the promised services, or refund the amounts paid.

**C. Defendant's Fraudulent Misrepresentations**

26. Defendant knowingly and intentionally misrepresented material facts to induce Plaintiff into entering the Contract. These false representations pertained to:

- Defendant's professional qualifications and industry experience as a publicist;
- His alleged connections with journalists, media outlets, and public relations professionals;
- His capability and intent to perform the contracted services in a competent and diligent manner.

27. Defendant's misrepresentations constitute fraudulent inducement because:

- Defendant made false statements of fact with knowledge of their falsity or with reckless disregard for the truth;
- Plaintiff reasonably and justifiably relied upon these misrepresentations in deciding to contract with Defendant;





**COUNT ONE – BREACH OF CONTRACT (HRS § 490:2-615, HRS § 490:2-715)**

33. Plaintiff and Defendant entered into a valid and enforceable contract for the provision of professional public relations services, wherein Defendant expressly agreed to perform media outreach, press release distribution, and interview scheduling on behalf of Plaintiff.

34. Plaintiff fully performed her contractual obligations by remitting monetary consideration as required under the Contract, making full and timely payments totaling between $700 and $1,200, in reliance on Defendant's representations and contractual commitments.

35. Defendant failed and refused to perform his contractual obligations, despite having received full or partial compensation, thereby materially breaching the contract and depriving Plaintiff of the benefit of her bargain.

36. Defendant's material breach entitles Plaintiff to damages under Hawaii law, including but not limited to:

- Restitution of all payments made under the contract;

- Compensatory damages for direct financial losses caused by Defendant's failure to perform;

- Consequential damages pursuant to HRS § 490:2-715, which permits the recovery of damages arising from nonperformance, including lost opportunities and reputational harm suffered by Plaintiff.

37. Plaintiff demands judgment in her favor for all contractual damages, interest, and any further relief deemed just and proper by the Court.

COUNT TWO – UNJUST ENRICHMENT

38. Defendant knowingly accepted and retained financial benefits from Plaintiff without performing the contracted services, thereby unjustly enriching himself at Plaintiff's expense.

39. Hawaii law prohibits unjust enrichment where one party obtains financial gain or material benefit under circumstances where it would be inequitable and unjust to permit retention of the benefit without compensation to the injured party.

40. Defendant's failure to provide the promised services, issue a refund, or take corrective action resulted in Plaintiff suffering economic harm while Defendant retained an ill-gotten financial benefit.

41. Plaintiff seeks full restitution of all amounts wrongfully retained by Defendant, along with any other equitable relief the Court deems appropriate to prevent Defendant from further benefiting from his wrongful conduct.

**COUNT THREE – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

42. Defendant knowingly and intentionally interfered with Plaintiff's existing and prospective business relationships, including her engagement with journalists, media professionals, and nonprofit organizations.

43. Defendant's interference was undertaken wrongfully, maliciously, and without justification, with the intent to:

- Disrupt Plaintiff's existing business relationships in the public relations and media industry;
- Sever Plaintiff's connections to other professionals who could have assisted her in achieving publicity and media exposure;
- Induce reliance on Defendant's services while simultaneously failing to deliver any substantive benefit to Plaintiff.

44. As a direct and proximate result of Defendant's wrongful interference, Plaintiff suffered:

- Economic losses from disrupted business engagements and professional opportunities;

Plaint seek gmer her ory orn

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment in her favor against Defendant and requests the following relief:

1. Compensatory damages in an amount not less than **$1,200** or as proven at trial, for all financial and reputational harm suffered by Plaintiff as a direct result of Defendant's breach of contract, fraudulent misrepresentation, unjust enrichment, and tortious interference with Plaintiff's professional relationships;

2. Restitution of all funds wrongfully retained by Defendant, including but not limited to the full amount of payments made by Plaintiff for services that were never performed, along with all incidental and consequential damages arising from Defendant's wrongful conduct;

3. Pre-judgment and post-judgment interest at the statutory rate, as permitted under HRS § 478-3, from the date of Defendant's breach until full satisfaction of the judgment, to compensate Plaintiff for the loss of use of funds and the delay in receiving compensation for damages suffered;

4. A declaratory judgment that Defendant's actions constitute fraudulent misrepresentation, breach of contract, and deceptive trade practices, and that

Defendant is legally responsible for the damages incurred by Plaintiff as a result of said wrongful conduct;

5. Injunctive relief permanently prohibiting Defendant from engaging in further deceptive trade practices, fraudulent misrepresentation, and unfair business practices, including but not limited to the solicitation of public relations services under false pretenses, pursuant to HRS § 480-13, which provides for injunctive relief against deceptive trade practices;

6. Punitive damages where applicable, in an amount sufficient to punish Defendant for his willful, malicious, and fraudulent conduct and to deter similar wrongful actions in the future, pursuant to Hawaii common law and the principles articulated in Stoppe v. Gucci America, Inc., 14 P.3d 1049 (Haw. 2000), which allows for punitive damages where a defendant's conduct is intentional, reckless, and in conscious disregard of the rights of another;

7. An award of attorneys' fees and litigation costs, as permitted under HRS § 607-14, which authorizes the recovery of reasonable attorneys' fees in actions involving contractual disputes and fraud claims, in addition to any further costs of litigation reasonably incurred in prosecuting this action;

8. Any and all other relief deemed just, equitable, and proper by this Court, including such other legal and equitable remedies necessary to fully

ces

Here is more information to help both parties prepare for the hearing.

**What if I don't come to the hearing?**

If you are the Defendant and you do not come to the hearing on the date and time shown above, the Court may order you to pay the Plaintiff the amount requested in the Statement of Claim. This is called a Default Judgment.

If you are the Plaintiff and you do not come to the hearing, the Court may dismiss your case.

**May I hire an attorney?**

Yes. You may come to the hearing with or without an attorney.

**May I bring witnesses and documents to support my case to the hearing?**

Yes. If you plan to question witnesses, they must come to the hearing at the date and time shown above.

You may also ask the Judge to look at documents that support your case. You must bring those documents, with at least 2 copies, to the hearing.

**How can I make sure my witnesses show up for the hearing?**

The Court can help you make sure a witness comes to the hearing by issuing a subpoena. If you wish to subpoena witnesses, contact the Court Clerk as soon as possible before the hearing.

**How can I get the case moved to a different court?**

A small claims case can only be transferred to the Court's Regular Claims Division if the Plaintiff agrees to the transfer. If the Plaintiff agrees to the transfer, you must pay the regular claims filing fee to this Court.

**Defendant,** if you file a counterclaim for more than $5,000, then either you or the Plaintiff may ask for a jury trial. Once the jury fee is paid, the Court will decide if the case should be transferred to the Circuit Court.

**If I lose the case, may I appeal it?**

No. In a small claims action, the Judge's decision is final. You MAY NOT appeal a judgment of the Small Claims Division.

**Instructions to the Plaintiff about delivering this form to the Defendant**

You must deliver a full copy of this form to the Defendant, either by registered or certified mail, with restricted delivery, or by personal service. Please read the Instructions on the **Service of Process Information Sheet** carefully before you try to serve the Defendant.

Restriction on personal service: This claim may not be personally delivered between 10:00 p.m. and 6:00 a.m. unless it is served at a location that is open to the public, or unless a Judge of this Court, by written order, permits personal delivery during those hours.

AMERICANS WITH DISABILITIES ACT NOTICE

If you need an accommodation for a disability when participating in a court program, service or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation:

- Call (808) 244-[illegible], Fax (808) [illegible], or
- Send an e-mail to: adarequest@courts.hawaii.gov

The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.

If you need help with this document, please contact PHONE NO. (808) 244-[illegible] or VISIT the Service Center at [illegible] Main Street, Room [illegible], Wailuku.

---

# EXHIBIT 10

Original Application for *Christina Taft v. Paul Barresi*, Case No. 3DSS-25-0000044

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025



Electronically Filed
THIRD CIRCUIT
3DSS-25-0000044
21-JAN-2025
10:08 AM
Dkt. 1 EPTRO

**DECLARATION OF PETITIONER**

Petitioner states the following is true:

☒ Recent or past act(s) of harassment occurred; and/or
☒ Threats of harassment make it probable that acts of harassment may occur soon.
Respondent(s) ☒ own; ☒ possess; or ☐ intend to obtain or possess
☒ Firearm(s) and/or ammunition that may be used to threaten or injure Petitioner(s).
☐ Electric gun
Describe the firearm(s)/ammunition or electric gun: Paul has a Beretta Gun.
Location of the firearm(s)/ammunition or electric gun: Gun in his house.
Date last seen: ______.
Street address/specific location where last seen: ______.

(Briefly and clearly explain how you have been harassed or how you have been threatened with harassment, including all relevant dates. Write legibly so the Court can read your statement. Use additional sheets only if necessary.)

My name is Christina Taft and I have a stalker for the last three years (for reasons unknown to me)
Paul Barresi has been:

1) Tracking my every move from Oahu to Hilo to Europe and back.
2) He knows all my addresses, phone numbers, and email accounts.
3) I've had to cancel all of my social media accounts and essentially feel like I am in hiding from this predator.

4) He has threatened my family members, my significant other, and myself with violence and even death.

5) He calls repeatedly unwantingly and threatens to sexually abuse, physically hurt, and now literally kill me and those I love. His behavior is clearly escalating.

6) I have reported this to the police department (filed numerous reports 23-436213, 23-450802, 24-00289) all to no avail.
7) I moved to another country, but that didn't help stop the abuse and threats of assault from him and associates.
8) He is demanding money from me now! And in exchange he will leave me alone

9) Judge I am living a nightmare and I am desperate for the court's protection. PAUL BARRESI's actions and terrifying behavior is escalating.
I am not sure of this individual's exact address or whereabouts. I've recently hired a process server Mark Ackrich (APS) to locate his physical address here in Hilo once this temporary protection order is granted. Mr. Ackrich feels that with this temporary order he can locate this individual.

Paul has found my reports before and the abuse and threats escalate to kill me.

Your honor I am pleading with you for my life and the court's protection.

☒ Unless Respondent(s)' wrongful conduct is stopped or prevented by order of the Court, Petitioner(s) will suffer emotional distress.

I have read the Petition and Declaration, know their contents, and verify that the statements contained therein are true to my personal knowledge and belief.

**I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF HAWAI'I THAT THE FACTS AND CIRCUMSTANCES STATED IN THE PETITION AND DECLARATION ARE TRUE AND CORRECT.**

| | |
|---|---|
| | Signature of Petitioner(s): Christina Taft |
| Date: 1/21/2025 | Print/Type Name(s): Christina Taft |

# EXHIBIT 11

Subpoena Duces Tecum – T-Mobile - *Christina Taft v. Paul Barresi*, Case No. 3DSS-25-0000044

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

Electronically Filed
THIRD CIRCUIT
3DSS-25-0000044
18-MAR-2025
10:03 AM
Dkt. 73 SDT

IN THE [illegible] COURT OF THE [illegible]

[illegible]

[illegible]

Plaintiff,

v.

[illegible]

Defendant(s).

CASE NO. [illegible]

**SUBPOENA DUCES TECUM FOR PRODUCTION OF PHONE RECORDS**
**(Records of Defendant Paul Barresi – T-Mobile)**

TO: Custodian of Records, T-Mobile

Corporation Service Company
[illegible] Bishop Street, Suite [illegible]
Pauahi Tower
Honolulu, Hawaii [illegible]
[illegible] U.S.

**YOU ARE HEREBY COMMANDED TO PRODUCE:**

Pursuant to Rule [illegible] Hawaii Rules of Civil Procedure (HRCP) [illegible] applicable statutes, you are directed to produce and provide copies of the following Phone records, documents, and electronically stored information (ESI) related to Defendant Paul Barresi's T-Mobile account (Account [illegible]), Defendant's Phone Number [illegible] 7712.

These are relevant to the continuing safety concerns and injury to [illegible] (2023, 2024, 2024-2025) and [illegible] Paul Barresi's 2024 restraining order case [illegible] protective restraining orders [illegible].

1. Call Detail Records (CDRs) Logs – Outgoing and incoming calls, including timestamps, duration, originating and terminating numbers, [illegible] received calls, [illegible] location data [illegible] regions [illegible] calls.

[illegible]

- **Text Message Logs – Records** [illegible] **received SMS/MMS messages,** including timestamps [illegible] recipient/sender numbers.
- **Frequency** [illegible] **Calls** [illegible] **Texts Information** – [illegible] number [illegible] calls [illegible] texts between phone numbers listed here, especially outgoing calls [illegible] texts from [illegible] (Defendant [illegible] called and texted repeatedly, [illegible]).
- **Location Data** [illegible] **available)** – [illegible] cell tower records [illegible] approximate location during calls/texts [illegible] tower data [illegible] codes [illegible] phone numbers.
- **Content** [illegible] **available)** – [illegible]

**TIME PERIOD OF REQUEST:**

[illegible] requested records shall cover [illegible] period from January [illegible] 2022, [illegible] present, [illegible] (including three years [illegible] 2022, 2023, 2024, [illegible] 2025).

**RECORDS** [illegible] **SPECIFIC PHONE NUMBERS REQUESTED:**

[illegible] records sought must include communications [illegible] calls outgoing and incoming and text messages, outgoing and incoming, involving [illegible] following phone numbers [illegible] relevant to this case:

| Phone Number | Associated Individual | Role in Litigation | Timeframe |
|---|---|---|---|
| (909) [illegible]-5712 | Paul Barresi | Defendant | 2022 – Present |
| (661) [illegible]-[illegible] | Mike McCormick | Witness, Licensed Private Investigator | 2022 – Present |
| (530) 763-[illegible] | Vicki Taft | Family – Petitioner | 2022 – Present |
| (928) [illegible]-[illegible]<br>(928) 221-5709 | [illegible] | Family – Petitioner | 2022 – Present |
| (530) 615-8522<br>(212) 718-[illegible] | Christina Taft | Petitioner | 2022 – Present |
| (505) [illegible]-[illegible]<br>(505) [illegible]-9042 | [illegible] | Family – Petitioner | 2022 – Present |
| [illegible]-[illegible]<br>(817) [illegible]-[illegible] | [illegible] | Family – Petitioner | 2022 – Present |
| [illegible]-[illegible]<br>(505) [illegible]-[illegible] | [illegible] | Family – Petitioner | 2022 – Present |

[illegible]

| | | | |
|---|---|---|---|
| [illegible]<br>(915) [illegible] | | | |
| (Redacted)<br>(217) [illegible] | Rebecca Henry | Witness | 2023 - Present |
| [illegible] | Shannon Newsome | Witness | 2022 - Present |
| [illegible] | David [illegible] | Witness | 2022 - Present |
| (213) [illegible] | [illegible] | Witness | 2022 - Present |
| [illegible] | [illegible] | Witness | 2022 - Present |
| [illegible]-[illegible] | Mitchell | Witness | 2022 - Present |
| (Redacted) | [illegible] | Witness | 2022 - Present |
| (Redacted) | Molly [illegible] | Witness | 2022 - Present |
| (310) [illegible] | Antonio [illegible] | Witness | 2022 - Present |
| [illegible] | [illegible] | Witness | 2022 - Present |
| (310) [illegible] | David Stone | Witness | 2022 - Present |
| [illegible] | Angela Mendez | Related Defendants | 2022 - Present |
| [illegible] | Aaron McKinney | Witness | 2022 - Present |
| [illegible]<br>[illegible]<br>(310) [illegible] | Juan Carlos [illegible] | Witness, Licensed Private Investigator | 2022 - Present |
| [illegible] | Tomas [illegible] (Alias Tomas Michaelis) | Defendant Related Hawaii Case | 2023 - Present |
| [illegible] | Aaron [illegible] | Co-Defendant | 2022 - Present |

| (202) 2 | | | |
|---|---|---|---|
| | | | |
| (213) | | | |
| (212) | | | |
| | | | |
| | | | n |
| | | | |
| (210) | | | |

u

Emailed ecurel et er ceo.taft@rescue-social.com.

to

T

1003 Bishop Street, Suite 1600
Pauahi Tower
Honolulu, Hawai'i 96813

Agent of Service on Hawaii Business Express for T-Mobile

- NOTICE: To communicate about records, call Petitioner at 212-718-1003 and/or email Petitioner at taftchristina.ceo@gmail.com to notify and coordinate.

**LEGAL AUTHORITY:**
This subpoena is issued pursuant to **Rule 45 of the Hawai'i Rules of Civil Procedure** and **Hawai'i Revised Statutes (HRS) § 621-1**, which authorize the court to compel the production of evidence.

**The restraining orders statutes §586-4 to 5.5 and Haw. Rev. Stat. § 604-10.5 enable a petitioner to obtain phone records to prevent harassment, abuse, threats, and intimidation.** ***This includes those acting on behalf of Defendants.***

**NOTICE OF RIGHTS & OBJECTIONS:**

- The clerk of this court issued this subpoena and return of service to enforce.
- If you object to any portion of this subpoena, please provide reasons to petitioner to accept modifications, and/or you must file a motion to quash or modify the subpoena within the timeframe prescribed under **HRCP Rule 45(c)**.
- Noncompliance without legal justification may result in enforcement measures by the court.

**EXECUTED ON THIS DATE:**

March 14, 2025

Christina Taft
**Plaintiff, Pro Se**
747 Laukapu St
Hilo, Hawaii
ceo.taft@rescue-social.com
212-718-1003

**<u>SUBPOENA ISSUED BY THE CLERK OF THE HAWAII COURT</u>**

POENA ISSUED B

---

**EXHIBIT 12**

Subpoena – Issued to Angela Gayle Meador - *Christina Taft v. Paul Barresi*, Case No. 3DSS-25-0000044

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

☑ SUBPOENA OR ☐ SUBPOENA DUCES TECUM; EXHIBIT A

Form# 3DC49

IN THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
STATE OF HAWAIʻI

Electronically Filed
THIRD CIRCUIT
3DSS-25-0000044
28-MAR-2025
12:30 PM
Dkt. 91 SUB

| | |
|---|---|
| Plaintiff(s)<br>CHRISTINA TAFT | Reserved for Court Use |
| | Civil No. 3DSS-25-0000044 |
| Defendant(s)<br>PAUL BARRESI | Filing Party(ies)/Filing Party(ies)' Attorney (Name, Attorney Number, Firm Name (if applicable), Address, Telephone and Facsimile Numbers)<br>Christina Taft, Pro Se<br>747 Laukapu St<br>Hilo, Hawaii 212-718-1003 |
| Name and Address of Witness:<br>ANGELA GAYLE MEADOR<br>(Street of Witness Hidden for Protection)<br>Nashville, Tennessee | Date & Time:<br>Upcoming Trial for Restraining |
| | Location To Appear:<br>Zoom for Courtroom 2C<br>777 Kilauea Avenue<br>Hilo, Hawaii 96720-4212 |

☑ SUBPOENA OR ☐ SUBPOENA DUCES TECUM

**THE STATE OF HAWAIʻI TO ANY OFFICER AUTHORIZED BY LAW TO SERVE SUBPOENAS IN THE STATE OF HAWAIʻI** YOU ARE COMMANDED to subpoena the individual named above.

This subpoena/subpoena duces tecum shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above-entitled Court permits, in writing on this subpoena/subpoena duces tecum, personal delivery during those hours.

**TO THE WITNESS**

YOU ARE COMMANDED to appear at the time and place indicated to testify as a witness on behalf of the

☑ PLAINTIFF(S) ☐ DEFENDANT(S)

who shall be responsible to provide you with a fee for attendance and mileage allowed by law.

☐ You are further ordered to bring with you the items listed in Exhibit A.

☐ You are required to designate a representative of your organization to testify for the organization on the following matters:

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT.**

Date: MAR 2 8 2025 Clerk of the above-entitled Court [signature] T. ENOS-GODINEZ

In accordance with the **Americans with Disabilities Act**, and other applicable State and Federal laws, if you require an accommodation for your disability when working with a court program, service, or activity please contact the District Court Administration Office at PHONE NO. (808) 961-7424, FAX (808) 961-7411, or TTY (808) 961-7422 **at least (10) working days before** your preceeding, hearing, or appointment date.
**For all Civil related matters, please call or visit the District Court at: Hilo Division, 777 Kilauea Avenue, Hilo, Ph. (808) 961-7515 • Kohala Division, 67-5187 Kamamalu Street, Kamuela, Ph. (808) 443-2030 • Kona Division, 79-1020 Haukapila Street, Kealakekua, Ph. (808) 322-8700.**

SUBPOENA

I certify that this is a full, true and correct copy of the original issued from this office.

Clerk, District Court of the Above Circuit, State of Hawaiʻi

---

**EXHIBIT 13**

CaseView Summary - *Christina Taft v. Paul Barresi*, Case No. 3DSS-25-0000044 – Case terminated and dismissed on April 16, 2025

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

# PRINTABLE CASE VIEW

**Generated: 23-JUL-2025 06:16 PM**

**Search Criteria: Case ID or Citation Number: 3DSS-25-0000044**

**1 record(s) total**

| | | |
|---|---|---|
| **Case ID:** 3DSS-25-0000044 - CHRISTINA TAFT V. PAUL BARRESI<br>**Type:** SS - DC Temp Restraining Order<br>**Status:** TERMINATED - Terminated Case<br>**Last Updated:** 02-Jun-2025 | **Filing Date:** TUESDAY, JANUARY 21, 2025<br>**Court:** THIRD CIRCUIT<br>**Location:** NORTH AND SOUTH HILO DIVISION | |

**Related Cases**

No related cases were found.

**Case Parties**

| Seq # | Assoc | End Date | Type | ID | Name / Aliases |
|---|---|---|---|---|---|
| 1 | | | Petitioner | @6683500 | TAFT, CHRISTINA |
| 2 | | | Respondent | @6683501 | BARRESI, PAUL |
| 3 | | | Court Reporter | RSPVR3 | Supervising Court Reporter 3rd Circuit |

**Bail / Bond Information**

No Bails were found.

**Events**

| Event | Parties | Date | Time | Room | Location | Judge | Appearance Disposition |
|---|---|---|---|---|---|---|---|
| Hearing | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | 04/16/2025 | 09:30:00 | N/S Hilo Courtroom 2C | NORTH AND SOUTH HILO DIVISION | | DND-Denied |
| Hearing | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | 04/02/2025 | 09:30:00 | N/S Hilo Courtroom 2C | NORTH AND SOUTH HILO DIVISION | | CON-Continued |
| Hearing | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | 02/26/2025 | 09:30:00 | N/S Hilo Courtroom 2C | NORTH AND SOUTH HILO DIVISION | | CON-Continued |

| Event | Parties | Date | Time | Room | Location | Judge | Appearance Disposition |
|---|---|---|---|---|---|---|---|
| Hearing | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | 01/29/2025 | 09:30:00 | N/S Hilo Courtroom 2C | NORTH AND SOUTH HILO DIVISION | | CON-Continued |

**Dockets**

| Docket # | Date | Docket | Document Name | Parties | Filing Party |
|---|---|---|---|---|---|
| 1 | 01/21/2025 | Ex Parte Petition for TRO | PETITION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND FOR INJUNCTION AGAINST HARASSMENT; DECLARATION OF PETITIONER; TEMPORARY RESTRAINING ORDER AGAINST HARASSMENT; AND NOTICE OF HEARING | CHRISTINA TAFT - Petitioner | TAFT, CHRISTINA |
| 3 | 01/21/2025 | Payment Due to Court | | CHRISTINA TAFT - Petitioner | |
| 5 | 01/21/2025 | Document | TRO QUESTIONNAIRE | CHRISTINA TAFT - Petitioner | TAFT, CHRISTINA |
| 7 | 01/21/2025 | Info Confidential Doc - HCCR9 | Sealed | CHRISTINA TAFT - Petitioner | TAFT, CHRISTINA |
| 9 | 01/21/2025 | Payment<br>Payment by Cash-Civil in the amount of $15.00 by PET - TAFT, CHRISTINA (6683500) | | CHRISTINA TAFT - Petitioner | |
| 10 | 01/22/2025 | Order-Temporary R/Order **CJIS** | TEMPORARY RESTRAINING ORDER AGAINST HARASSMENT; NOTICE OF HEARING<br>GRANTED --JJHAWK-- | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | |
| 12 | 01/22/2025 | Notice of Court Date | | All Case Parties | |
| 13 | 01/29/2025 | Service-Return/Acknowledgement | RETURN OF SERVICE; ACKNOWLEDGEMENT OF SERVICE | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 15 | 01/29/2025 | Ext Temp Restraining Order | Order Extending Temporary Restraining Order; Amended Notice of Hearing | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | |
| 17 | 01/29/2025 | Notice of Court Date | | All Case Parties | |

| | | | | | |
|---|---|---|---|---|---|
| 18 | 01/29/2025 | Minutes (MKL/JAVS/TCW/EG) Petitioner, Christina Taft present pro se via zoom. Non appearance of respondent Paul Barresi. Court noted no service was made on respondent. Case continued to February 26, 2025 at 9:30am., in courtroom 2C for service and hearing on tro. Order extending temporary restraining order signed and filed. Petitioner is responsible for picking up copies of orders from the courthouse. | | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | |
| 19 | 02/20/2025 | Subpoena | SUBPOENA - JOE TRISCARI | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 21 | 02/20/2025 | Subpoena | SUBPOENA - MICHAEL KOUNTZ | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 23 | 02/20/2025 | Subpoena | SUBPOENA - LEILANI GIGENA | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 25 | 02/20/2025 | Subpoena | SUBPOENA - CLAUDIA JAMISON | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | |
| 27 | 02/20/2025 | Subpoena | SUBPOENA - MIKE MCCORMICK | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 29 | 02/20/2025 | Subpoena | SUBPOENA - MOLLY BEATON | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 31 | 02/20/2025 | Subpoena | SUBPOENA - IAN HERNDON | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 33 | 02/20/2025 | Subpoena | SUBPOENA - RICHARD ALBERTINI | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 35 | 02/20/2025 | Subpoena | SUBPOENA - MARIO NITRINI | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |

| | | | | | |
|---|---|---|---|---|---|
| 37 | 02/20/2025 | Subpoena | SUBPOENA - RYAN GARDNER | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | |
| 39 | 02/20/2025 | Subpoena | SUBPOENA - AMANDA BRIDENBAUGH | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 41 | 02/26/2025 | Notice of Court Date | | All Case Parties | |
| 42 | 02/26/2025 | Ext Temp Restraining Order | ORDER EXTENDING TEMPORARY RESTRAINING ORDER; AMENDED NOTICE OF HEARING | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | |
| 44 | 02/26/2025 | Minutes (MKL/JAVS/TCW/EG) Petitioner, Christina Taft present pro se via zoom. Non appearance of respondent Paul Barresi. Court noted no service was made on respondent. Case is continued to April 02, 2025 at 9:30am., in courtroom 2C for service and hearing on tro. Order extending temporary restraining order signed and filed. Petitioner is responsible to pick up copies of order from court court. | | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | |
| 45 | 03/11/2025 | Subpoena | SUBPOENA - SHANNON DENISE NEWSOME | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 47 | 03/11/2025 | Subpoena | JSUBPOENA - KIM HAYNES | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 49 | 03/11/2025 | Subpoena | SUBPOENA - REBECCA BERRY | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 51 | 03/11/2025 | Subpoena | SUBPOENA - DANIEL BRUMMITT | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 53 | 03/11/2025 | Subpoena | SUBPOENA - LAUREN PENA | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | TAFT, CHRISTINA |

| 55 | 03/11/2025 | Subpoena | SUBPOENA - ERIK R. EICHLER | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
|---|---|---|---|---|---|
| 57 | 03/12/2025 | Subpoena Duces Tecum | SUBPOENA DUCES TECUM; EXHIBIT A - LINDSEY BURRILL | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 59 | 03/12/2025 | Subpoena | SUBPOENA - ANDREW DOUGHERTY | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 61 | 03/12/2025 | Subpoena | SUBPOENA - STARLA RAMIREZ | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 63 | 03/12/2025 | Subpoena | SUBPOENA - NIKO SANCHEZ | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 65 | 03/12/2025 | Subpoena | SUBPOENA - JUAN CARLOS BROOKS | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 67 | 03/12/2025 | Subpoena | SUBPOENA - MARK ACKRICH | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 69 | 03/12/2025 | Subpoena Duces Tecum | SUBPOENA DUCES TECUM; EXHIBIT A - JUAN CARLOS BROOK | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 71 | 03/18/2025 | Subpoena | SUBPOENA - JAMES CONNER | CHRISTINA TAFT - Petitioner | TAFT, CHRISTINA |
| 73 | 03/18/2025 | Subpoena Duces Tecum | SUBPOENA DUCES TECUM; EXHIBIT A - T-MOBILE | CHRISTINA TAFT - Petitioner | TAFT, CHRISTINA |
| 75 | 03/18/2025 | Subpoena<br>Petitioner selected Subpoena but also directs witness to also bring items with them to hearing.<br>Filed as is. TEG 03/18/2025 | SUBPOENA - LINDSEY BURRILL | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 77 | 03/18/2025 | Subpoena | SUBPOENA - DON DEBAUN | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |

| | | | | | |
|---|---|---|---|---|---|
| 79 | 03/18/2025 | Subpoena | SUBPOENA - STACY CONNER | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 81 | 03/18/2025 | Subpoena | SUBPOENA - SEAN CONNER | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 83 | 03/28/2025 | Service-Return/Acknowledgement | RETURN OF SERVICE; ACKNOWLEDGMENT OF SERVICE<br><br>REBECCA M. BERRY WAS SERVED ON MARCH 12, 2025 AT 1859HRS. WITH SUBPOENA DUCS TECUM BY ERIK EICHLER. | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 85 | 03/28/2025 | Service-Return/Acknowledgement | RETURN OF SERVICE; ACKNOWLEDGMENT OF SERVICE<br><br>JAMES CONNER WAS SERVED ON MARCH 26, 2025 AT 2:00PM WITH SUBPOENA BY ALEJANDRO HERNANDEZ. | CHRISTINA TAFT - Petitioner | TAFT, CHRISTINA |
| 87 | 03/28/2025 | Service-Return/Acknowledgement | RETURN OF SERVICE; ACKNOWLEDGMENT OF SERVICE<br><br>T-MOBILE USA, INC. C/O CORP. SERVICE COMPANY WAS SERVED ON 03/25/2025 AT 11:30AM WITH SUBPOENA DUCS TECUM BY TAD OIE. | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 89 | 03/28/2025 | Service-Return/Acknowledgement | RETURN OF SERVICE; ACKNOWLEDGMENT OF SERVICE<br><br>LINDSEY BURRILL AS SERVED ON 3/17/2025 AT 12:55PM WITH SUBPOENA DUCES TECUM, EXHIBIT A BY SANDRA YADE. | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 91 | 03/28/2025 | Subpoena | SUBPOENA - ANGELA GAYLE MEADOR | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 93 | 04/02/2025 | Notice of Court Date | | All Case Parties | |
| 94 | 04/02/2025 | Ext Temp Restraining Order | ORDER EXTENDING TEMPORARY RESTRAINING ORDER; AMENDED NOTICE OF HEARING | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | |

| | | | | | |
|---|---|---|---|---|---|
| 96 | 04/02/2025 | Minutes (MKL/JAVS/TCW/EG) Petitioner, Christina Taft present pro se via zoom Non appearance of respondent Paul Barresi. Court noted no service was made on respondent. Court also noted that restraining order will expire on 04/21/25. Petitioner requests continuance of matter as she believes that she can get respondent served. Case continued to April 16, 2025 at 9:30am., in courtroom 2C for service and hearing on TRO. Order extending temporary restraining order signed and filed. Petitioner is responsible for obtaining copies of orders. | | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | |
| 97 | 04/10/2025 | Subpoena Duces Tecum | SUBPOENA DUCE TECUM; EXHIBIT A - T-MOBILE USA | CHRISTINA TAFT - Petitioner | TAFT, CHRISTINA |
| 99 | 04/11/2025 | Subpoena Duces Tecum | Subpoena Duces Tecum; Exhibit A (Rebecca Mariah Berry) | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | |
| 101 | 04/11/2025 | Subpoena Duces Tecum | Subpoena Duces Tecum; Exhibit A (Ian Travis Herndon) | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | |
| 103 | 04/11/2025 | Subpoena Duces Tecum | AMENDED Subpoena Duces Tecum; Exhibit A (IAN TRAVIS HERNDON) | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | |
| 105 | 04/14/2025 | Return of Service | RETURN OF SERVICE; ACKNOWLEDGMENT OF SERVICE | CHRISTINA TAFT - Petitioner | |
| 107 | 04/15/2025 | Return of Service | Proof of Service<br><br>PAUL BARRESI WAS SERVED ON 4/11/2025 AT 3:02PM WITH PETITION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND FOR INJUNCTION AGAINST HARASSMENT; DECLARATION OF PETITIONER; TEMPORARY RESTRAINING ORDER AGAINST HARASSMENT; AND NOTICE OF HEARING BY M. RAITH FOR J. DEAN. | CHRISTINA TAFT - Petitioner PAUL BARRESI - Respondent | |

| | | | | | |
|---|---|---|---|---|---|
| 109 | 04/15/2025 | Document | Affidavit of Service | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | |
| 111 | 04/16/2025 | Minutes<br>(MKL/JAVS/TCW/EG) Petitioner, Christina Taft present pro se via zoom. Non appearance of respondent Paul Barresi. As to Docket #107 court places findings on record and rules that service was insufficient. Court noted restraining order expires on 04/21/25. Petitioner requests to continue matter without tro extension. Court takes judicial notice of 1DSS-23-1195 where petitioner filed same matter and tro was denied. Petitioner states she lives in various locations. Court takes judicial notes of the record and all filings within this matter and over the objection of petitioner dismisses matter without prejudice. | | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | |
| 112 | 04/24/2025 | Declaration | DECLARATION OF SERVICE<br><br>RE: SUBPOENA FOR ANGELA MEADOR<br><br>*ATTEMPT MADE WITH NO CONTACT - 4/14/25 at 3:59 pm CT<br><br>(Received electronically on 16-APR-2025 at 07:38:17 AM) | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | TAFT, CHRISTINA |
| 114 | 05/06/2025 | Request for Transcript | REQUEST FOR WRITTEN TRANSCRIPT OF PORCEEDINGS<br>DATE OF PROCEEDINGS: 04/16/2025 | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | BARRESI, PAUL |
| 116 | 05/06/2025 | Request for Transcript | REQUEST FOR RECORDING OF PROCEEDINGS<br>DATE OF PROCEEDINGS : 01/29/2025 | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | BARRESI, PAUL |
| 118 | 06/02/2025 | Req for Audio-Video Recording | REQUEST FOR RECORDING OF PROCEEDINGS<br><br>DATE OF PROCEEDINGS: 1/29/25 | CHRISTINA TAFT - Petitioner<br>PAUL BARRESI - Respondent | BARRESI, PAUL |

---

**EXHIBIT 14**

Subpoena to T-Mobile – *Christina Taft v. Javonti Thomas – Case No. 2DSC-25-0000091* – Subpoena for Angela Gayle Meador's phone contents

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

☐ SUBPOENA ☑ SUBPOENA DUCES TECUM [illegible]

IN THE DISTRICT COURT OF THE SECOND CIRCUIT

WAILUKU DIVISION

STATE OF HAWAI'I

Plaintiff(s):

CHRISTINA TAFT

Defendant(s):

[illegible] THOMAS
aka JPT MEDIA PLANNING

Reserved for Court Use:

Electronically Filed
SECOND CIRCUIT
2DSC-25-0000091
28-MAY-2025
03:40 PM
Dkt. 7 SDT

Civil No. 2DSC-25-0000091

Filing Party(ies)/Filing Party(ies)' Attorney (Name, Attorney Number, Firm Name (if applicable), Address, Telephone and Facsimile Numbers)

Christina Taft, Pro Se
[illegible]
Kihei, Hawaii [illegible]
[illegible]

Name and Address of Witness:

T-Mobile USA, Inc. Agent of Service
c/o Corporation Service Company
1003 Bishop Street, Suite 1600
Pauahi Tower, Honolulu, Hawaii [illegible]

Date & Time: June [illegible], 2025 at 1:30pm

Location To Appear:

Hearing: 2145 Main Street, Courtroom [illegible], Third Floor, Wailuku, Hawaii [illegible]
Email: [illegible]@gmail.com

☐ SUBPOENA OR ☑ SUBPOENA DUCES TECUM

THE STATE OF HAWAI'I TO ANY OFFICER AUTHORIZED BY LAW TO SERVE SUBPOENAS IN THE STATE OF HAWAI'I: YOU ARE COMMANDED to subpoena the individual named above.

This subpoena/subpoena duces tecum shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above-entitled Court permits, in writing on this subpoena/subpoena duces tecum, personal delivery during those hours.

TO THE WITNESS:

YOU ARE COMMANDED to appear at the time and place indicated to testify as a witness on behalf of the

☑ PLAINTIFF(S) ☐ DEFENDANT(S)

who shall be responsible to provide you with a fee for attendance and mileage allowed by law.

☑ You are further ordered to bring with you the items listed in Exhibit A.

☐ You are required to designate a representative of your organization to testify for the organization on the following matters:

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT.

MAY 28 2025

Date:

Clerk of the above-entitled Court

[illegible] GOMES (seal)

In accordance with the Americans with Disabilities Act, and other applicable State and Federal laws, if you require a reasonable accommodation for your disability when working with a court program, service, or activity, please contact the District Court Administration Office at PHONE NO. 244-2[illegible], FAX 244-2[illegible], or email [illegible]@courts.hawaii.gov at least ten (10) working days before your proceeding, hearing, or appointment date. For Civil related matters, please call 244-2[illegible] or visit the Service Center at 2145 Main Street, Room [illegible], Wailuku, Hawaii [illegible].

[illegible]

I certify this is a full, true, and correct copy of the original on file in this office.

Clerk, District Court of the above Circuit, State of Hawai'i

ibi

---

# EXHIBIT 15

Letter to Expedite Subpoena Production – *Christina Taft v. Javonti Thomas – Case No. 2DSC-25-0000091* – Subpoena for Angela Gayle Meador's phone contents

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

[illegible]

Electronically Filed
SECOND CIRCUIT
2DSC-25-0000091
27-JUN-2025
09:19 AM
Dkt. 17 DOC

May 30th, 2025

Via facsimile (973) 292-8697

Custodian of Records
T-Mobile USA, Inc. Powered Nashville
Legal & Emergency Response Department
Subpoena Compliance
4 Sylvan Way
Parsippany, NJ 07054

Re: Records Request/Subpoena duces tecum
District Court (Hawaii Second Circuit)
2145 Main St. Courtroom 3D
Wailuku, Hawaii 96793
Case No. 2DSC-25-0000091

Dear Legal & Emergency Response Department:

This court represents me in the above-entitled action. Attached herewith please find the subpoena duces tecum ("subpoena") issued by the District Court, Hawaii Second Court, requesting Phone Records information contained therein and in Attachment to said subpoena.

I have been informed by the Subpoena Compliance Department, T-Mobile USA, Inc. ("T-Mobile"), that service of subpoenas, pursuant to the internal policies and procedures of T-Mobile, that delivery/transmission of a subpoena may be rendered via facsimile. It is also my understanding that payment for the production of any records is expected by T-Mobile after the provision of any documents. If any of the instructions I have recited may be inaccurate or imprecise, kindly inform me and I will remediate these issues forthwith.

The attached subpoena is in compliance with the Rule 45 of the Federal Rules of Civil Procedure ("FRCP"). To wit, the subpoena is issued from the District Court, Hawaii Second Circuit, which is the Court where the action is pending. Rule 45(a)(2). Additionally, the subpoena is to be executed with a pending date and approved by the district circuit court judge duly authorized to practice in the issuing court. Rule 45(a)(3).

If there is any option whereby T-Mobile Subpoena Compliance can expedite this request, I respectfully request that this be carried out and affirmatively consent to payment of any expedited processing fees assessed by T-Mobile in accordance with said request. If no options exist for expedited requests for the matter herein, please process this request accordingly.

Once the requested documents, electronically stored information, or tangible things ("records") are assembled, you may, in lieu of appearance at the prescribed place set forth for production, transmit them to me via email at [illegible]@gmail.com, via the hearing on June 10th. Should you have any questions or concerns, please do not hesitate to contact me at [illegible]. Thank you in advance for your courtesy and cooperation.

RECEIVED JUN 26 2025

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (FRCP) and all applicable statutes, you are directed to produce and provide copies of the following phone records, documents, and electronically stored information, pertaining to the T-Mobile account associated with phone number (615) [illegible] registered to Angela Carole [illegible] in Nashville, Tennessee.

T-MOBILE'S PRIOR COOPERATION

Based on communications with T-Mobile representatives (attached as supporting documentation), T-Mobile has indicated willingness to assist with subpoena compliance to help prevent stalking and harassment. A T-Mobile service representative specifically stated they would "assist with the number change and any other related requests" and that they are "committed to helping [the affected party] to the best of our ability."

1. Pattern of Harassment Documentation: A full year of records is necessary to establish patterns of unwanted contact and harassment that may have escalated over time.
2. Ongoing Safety Concerns: The records are essential to document the scope and frequency of communications related to ongoing safety concerns in connection with Tell v. Barnes, et al. (Case No. [illegible]), where protective restraining orders were issued pursuant to RCW § [illegible]. These safety concerns extend to harassment of politician [illegible] and music performer Angela Carole [illegible], whose phone records may reveal the extent of unwanted contact and interference with their professional activities in Plaintiff (Case [illegible]).

B. Necessity for Stalking Prevention
The phone records sought are directly relevant to:
1. Documented Safety Concerns: The Court in [illegible] has issued protective restraining orders, demonstrating judicial recognition of legitimate safety concerns requiring documentary evidence.
2. Pattern Evidence: Phone records are essential to establish patterns of unwanted communications that constitute harassment, abuse, threats, and intimidation as prohibited under [illegible] protective order statutes.
3. Professional Interference Claims: The records will document communications of stalking of Plaintiff's friendships and that allegedly interfered with Plaintiff's professional relationships in the film, music, and arts sectors, causing safety, reputational and economic harm.
C. Limited Scope and Proportionality
The request is narrowly tailored to:
• Single phone number: (615) [illegible] only
• Defined time period: Exactly one year (May 28, 2024 to May 28, 2025)
• Specific relevance: Direct connection to documented safety concerns and business relationship interference

Protection from Harassment and Stalking of Professional Relationships:
These records are necessary to identify and prevent stalking behavior, ensuring swift attention.

Very truly yours,
/s/ [illegible]

[illegible]

☐ SUBPOENA OR ☑ SUBPOENA DUCES TECUM; EXHIBIT A

Form 2D39

IN THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
STATE OF HAWAI'I

Plaintiff(s)

CHRISTINA TAFT

Electronically Filed
SECOND CIRCUIT
2DSC-25-0000091
28-MAY-2025
03:40 PM
Dkt. 7 SDT

Reserved for Court Use

Civil No. 2DSC-25-0000091

Filing Party(ies)/Filing Party(ies)' Attorney (Name, Attorney Number, Firm Name (if applicable), Address, Telephone and Facsimile Numbers)

Christina Taft, Pro Se
869 Waimahanu St.
Kihei, Hawaii 96753
202-718-1003

Defendant(s)

JAVONTI THOMAS
aka JPT MEDIA PLANNING

Name and Address of Witness:

T-Mobile USA, Inc. Agent of Service
c/o Corporation Service Company
1003 Bishop Street, Suite 1600
Pauahi Tower, Honolulu, Hawaii 96813

Date & Time: June 16, 2025 at 1:30pm

Location To Appear:

Hearing: 2145 Main Street, Courtroom 3D, Third Floor, Wailuku, Hawaii 96793
Email: taftchristina.ceo@gmail.com

☐ SUBPOENA OR ☑ SUBPOENA DUCES TECUM

THE STATE OF HAWAI'I TO ANY OFFICER AUTHORIZED BY LAW TO SERVE SUBPOENAS IN THE STATE OF HAWAI'I

YOU ARE COMMANDED to subpoena the individual named above.

This subpoena/subpoena duces tecum shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above-entitled Court permits, in writing on this subpoena/subpoena duces tecum, personal delivery during those hours.

TO THE WITNESS

YOU ARE COMMANDED to appear at the time and place indicated to testify as a witness on behalf of the

☑ PLAINTIFF(S) ☐ DEFENDANT(S)

who shall be responsible to provide you with a fee for attendance and mileage allowed by law.

☑ You are further ordered to bring with you the items listed in Exhibit A.

☐ You are required to designate a representative of your organization to testify for the organization on the following matters:

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT.

Date: MAY 28 2025

Clerk of the above-entitled Court

/s/ N. GOMES (seal)

In accordance with the Americans with Disabilities Act, and other applicable State and Federal laws, if you require an accommodation for your disability when working with a court program, service, or activity, please contact the District Court Administration Office at PHONE NO. 244-2800, FAX 244-2849, or email adarequest@courts.hawaii.gov at least ten (10) working days before your proceeding, hearing, or appointment date. For Civil related matters, please call 244-2706 or visit the Service Center at 2145 Main Street, Room 144A, Wailuku, Hawaii 96793.

SUBPOENA.W
2D-P-82 (Rev 7/30/2017)
[illegible]

I certify this is a full, true, and correct copy of the original on file in this office.

Clerk, District Court of the above Circuit, State of Hawaii

EXHIBIT A

## SUBPOENA DUCES TECUM FOR PRODUCTION OF PHONE RECORDS

Case No.: 2DSC-25-0000091
Related Case: 3DSS-25-0000044 (Restraining Order Matter)

TO: T-Mobile USA, Inc. Powertel Nashville
Legal & Emergency Response Department
4 Sylvan Way
Parsippany, NJ 07054
Email: lerinbound@t-mobile.com
Phone: (973) 292-8911
Fax: (973) 292-8697

**YOU ARE COMMANDED TO PRODUCE:**

Pursuant to Rule 45 of the Hawaii Rules of Civil Procedure (HRCP) and all applicable statutes, you are directed to produce and provide copies of the following phone records, documents, and electronically stored information, pertaining to the T-Mobile account associated with phone number (615) 425-4768 registered to Angela Gayle Weader in Nashville, Tennessee.

---

**DOCUMENTS REQUESTED**

**Call Detail Records (CDRs)** – All incoming and outgoing calls, including timestamps, duration, originating and terminating numbers for phone number (615) 425-4768 for the timespan between May 28, 2024 to May 28, 2025 (one year period).

**Text Message Logs** – Records of all sent and received SMS/MMS messages with phone number (615) 425-4768, including timestamps and recipient/sender numbers for the same time period.

---

**TIME PERIOD JUSTIFICATION**

The requested one-year timespan (May 28, 2024 to May 28, 2025) is reasonable and necessary for the following legal reasons:

1. **Pattern of Harassment Documentation:** A full year of records is necessary to establish patterns of unwanted contact and harassment that may have escalated over time.

2. **Ongoing Safety Concerns:** The records are essential to document the scope and frequency of communications related to ongoing safety concerns in connection with Taft v. Barnes, et al. (Case No. 3DSS-25-0000044), where protective restraining orders were issued pursuant to HRS § 604-10.5. These safety concerns extend to harassment of publicist Javoni Thomas and music performer Angela Gayle Weader, whose phone

ma ... terferen ... thei

[illegible]

8089440877 UPS STORE 4951 05:36:49 p.m. 05-30-2025 10/12

| Place: | | |
|---|---|---|
| | [X] Wailuku Division | 2145 Main Street, Courtroom 3D, Third Floor, Wailuku, Hawai'i 96793 |
| | [ ] Lahaina Division | 1870 Honoapi'ilani Highway, Lahaina, Hawai'i 96761 |
| | [ ] Hana Division | 4974 Uakea Road, Hana, Hawai'i 96713 (Hana Cultural Center, corner of Uakea Road and Keawa Drive) |
| | [ ] Molokai Division | 55 Makaena Place, Kaunakakai, Hawai'i 96748 |
| | [ ] Lana'i Division | 312 8th Street, Lana'i City, Hawai'i 96763 |

Date & time: JUN 16 2025 1:30pm

If you need to mail or deliver anything to the Court, use this address, even if your hearing is at another location:

**2nd Circuit Court**

**2145 Main Street, Room 106, Wailuku, Hawai'i 96793**

Clerk's signature: /sgd/ A. KAILI (seal) Today's date: MAY 19 2025

2

2D-P-302 (rev. 8/30/2022)

7

Exhibit A - Subpoena Duces Tecum to Legal and Emergency Team for Phone Records at T-Mobile

**RETURN OF SERVICE; ACKNOWLEDGMENT OF SERVICE**

Form #2DC47

IN THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU Division
STATE OF HAWAI'I

**Electronically Filed**
**SECOND CIRCUIT**
**2DSC-25-0000091**
**30-MAY-2025**
**04:04 PM**
**Dkt. 10 RAS**

Plaintiff(s)
CHRISTINA TAFT

Reserved for Court Use
Court Date:

Civil No. 2DSC-25-0000091

Defendant(s)
JAVONTI THOMAS AKA JRT MEDIA PLANNING

Requestor(s)' Attorney (Name, Attorney Number, Firm Name (if applicable), Address, Telephone and Facsimile Number(s)
CHRISTINA TAFT
747 LAUKAPU ST
HILO, HAWAII
212-718-1003

DOCUMENT(S) SERVED:
SUBPOENA DUCES TECUM; EXHIBIT A

| | |
|---|---|
| NAME OF PARTY SERVED: T-MOBILE USA, INC. C/O CORPORATION SERVICE COMPANY | ADDRESS WHERE SERVED: 1003 BISHOP STREET SUITE 1600 PAUAHI TOWER Honolulu, HI 96813 |
| DATE SERVED: 5/29/2025 | MILEAGE $ 6 |
| TIME OF SERVICE 01:27 PM | NUMBER OF MILES TRAVELED: 10 |

✓ FULL OR PARTIAL RETURN OF SERVICE

I have read this Return of Service, know the contents and verify that the statements are true to my personal knowledge and belief.
**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF HAWAI'I THAT THE FOLLOWING IS TRUE AND CORRECT:**

I, Deputy Sheriff or Police Officer of the State of Hawai'i or ✓ person who is not a party and is not less than 18 years of age, do certify that I received a certified copy of the documents listed above and that I served same on the Party Served above on the Date and Time of Service and at the Address listed above within the State of Hawai'i as listed on the reverse.

Signature: [signature]

Print/Type Name TAD OIE, CIVIL PROCESS SERVER

PO BOX 283163
Honolulu, HI 96828
Phone 808-375-7720 Fax 800-878-7397
Print/Type Address, Telephone and Facsimile Numbers

Our Job # 90103

RECEIVED (LDB) MAY 3 2025

I certify that this is a full, true and correct copy of the original on file in this office

Clerk, District Court of the Above Circuit, State of Hawai'i

REPROGRAPHICS (06/10) HevaComm 508 Certified

ROS 2D P-261 (Rev 11/20/15)







T-MOBILE
9732924438
LER
3560 DALLAS PKWY
FRISCO TX 75034
LTR
1 OF 1
SHIP TO:
CHRISTINA TAFT PRO SE
9999999999
DISCTRICT COURT
2145 MAIN STREET
WAILUKU HI 96793

HI 968 2-01

UPS 2ND DAY AIR
2
TRACKING #: 1Z 97V 43R 02 9872 8061

BILLING: P/P
Reference No.1: V0401001259 5691938
XOL 25.06.16
NV45 26.0A 06/2025*

Extremely Urgent
Visit UPS.com
UPS Next Day Air
UPS Ground
UPS 2nd Day Air
For information about UPS's privacy practices or to opt out
personal information, please see the UPS Privacy Notice

---

# EXHIBIT 16

Subpoena for Angela Gayle Meador – *Christina Taft v. Paul Barresi, Adam R. Waldman, et.al* – Case No. 5:24-cv-01930 – TJH (DTB) – Subpoena for Angela Gayle Meador's phone contents, any reports of past assaults, any reports to law enforcement, files from music production, all social media interaction.

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

*Plaintiff*

v.

Civil Action No.

*Defendant*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: ; email taftchristina.ceo@gmail.com | Date and Time: |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:24-cv-01930-TJH-DTB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________
__________________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________________________________
__________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A - COMPASSIONATE REQUEST FOR DOCUMENTATION TO PROTECT WITNESS SAFETY, FREELY LIVING, AND INDEPENDENCE**

**TO: ANGELA GAYLE MEADOR (Supporting Exhibits & Pleading to Adam Waldman)**

Dear Angela,

We understand that you have been through tremendous trauma and you hope for changes positively. We deeply respect your perspective and recognize your courage despite hardships. The documents we are respectfully requesting are not intended to cause you additional distress, but rather to help establish what you have experienced, so that appropriate protections can be put in place and justice can be served.

More importantly, you deserve a future where you can freely live, pursue your music career, where you can express yourself freely in communications with friends, anyone, both privately and publicly, and where you can live with the peace of mind that comes from knowing your voice has been heard and your truth has been validated. Critically, we are also seeking to protect you against financial abuse and help you regain your rightful interests and career that have been derailed by this intimidation campaign. We understand that reclaiming your life and your future may feel overwhelming right now, but please know that we are committed to supporting you through this process. There are attached documents to provide some support and understanding to this request, as Plaintiff wants to protect both you and herself through this process, with the ultimate goal of ensuring you can move forward with dignity and security.

**COMMUNICATIONS WITH DEFENDANT PAUL BARRESI**

We recognize that Paul Barresi has engaged in a pattern of intimidation against you regarding your identification of Marton Csokas as your assailant. Defendant Barresi further stalks celebrities and Plaintiff requested help from Adam. We understand how isolating and frightening it must feel to have someone pressure you to change your truth, and we want you to know that your original account matters and deserves to be protected. Please provide all communications between you and Defendant Paul Barresi, including texts, emails, call logs, voicemails, and any other written or electronic communications from when Barresi obtained the unconsented phone recording between you and Taft approximately October 2022 to Present June 2025, anything in 2023 including recording disclosures leading to the coerced email in January 2024 and September 2024 to May 2025, including Defendant Barresi's reaction to your distress and any false statements to you that he made on wrongful retaliation to you.

This includes any communications where Barresi discussed your assault, your identification of "Mr. X" as Marton Csokas, or any pressure to change your testimony. Remember, it's against California law to make you be silenced on misconduct, assaults, harassment, or crimes. Nothing binds you in this court from speaking. We recognize that revisiting these communications may be emotionally difficult, but we also believe that documenting this pattern of manipulation is essential for ensuring that no one can ever put you in this position again. While this has already been documented, providing direct communications helps with additional reports to Sheriffs and enforcement, as well if Plaintiff needs to file additional lawsuits due to Defendants' default. We

understand these communications may be distressing, but they are crucial for documenting the witness intimidation you have endured and protecting you from further financial exploitation. Your future peace of mind depends on ensuring that those who have tried to silence you are held accountable.

**EVIDENCE OF YOUR ASSAULT AND CSOKAS'S INTIMIDATION CAMPAIGN**

The legal documents describe a horrific assault by Marton Csokas and a subsequent systematic intimidation campaign designed to silence you. We want you to know that we believe you, we support you, and we understand that coming forward about such trauma requires immense bravery. Your experience deserves to be validated, not buried under threats and intimidation. Please provide any documentation of the assault itself, as well as evidence of the intimidation during, ongoing, and afterwards.

This includes any communications where you expressed fear of Csokas, evidence of interference in civil lawsuits and reporting, wrongful retaliation, surveillance or tracking, threats from his associates, or documentation of how you've had to alter your living situation for safety. We understand that your life has been turned upside down by this trauma and the subsequent campaign to silence you. We also understand that you may feel reluctant to relive these experiences, documenting this pattern may also help you reclaim your sense of agency and safety and may not only protect other victims but also help you find the peace and security you need to rebuild your life and pursue your dreams. You deserve to live without fear, and we hope that bringing this truth to light will help you find the peace and security you need to rebuild your life and pursue your dreams.

**UNAUTHORIZED RECORDINGS AND DISCLOSURES - ADAM WALDMAN'S REBUKE**

We know that Defendant Barresi made and obtained unauthorized recordings of your private phone conversations and has disclosed recordings without your consent. You had every right to expect that your private communications would remain private, and we want to help ensure that your privacy rights are protected going forward.

Please provide any evidence of these recordings, any communications about these recordings, call logs, or any documentation showing you did not consent to being recorded. This includes any audio files, transcripts, or evidence of how these recordings have been used to intimidate or coerce you. After Plaintiff asked for help for you from Adam against unconsented recordings and that he was unconsentedly recorded by Defendant Barresi, notably, Adam Waldman has rebuked the use of unconsented recordings regarding the recording of him and recognizing them as violations of privacy and rights, although he hasn't yet directly responded about Plaintiff and you.

Your privacy was violated, and documenting this helps establish the broader pattern of harassment and supports efforts to restore your financial and career interests that have been damaged by these illegal recordings. We believe that by standing up for your privacy rights now, we can help ensure that you can communicate freely and privately in the future.

*Attachment A to Witness Subpoena to Angela Gayle Meador Case in United States District & Exhibits*

**STALKING AND CELEBRITY HARASSMENT BY DEFENDANT BARRESI**

Defendant Paul Barresi has a documented history as a celebrity stalker who targets high-profile individuals and those connected to them. We understand that this targeting likely made you feel held against your will and helpless—no one should have to endure being pursued simply for expressing their artistic voice or supporting someone they believe in. As someone who supported Johnny Depp and became involved in celebrity-adjacent matters through your tribute song, you became a target of Barresi's stalking behavior, which is both unfair and deeply wrong. Additionally, you are an important witness who observed financial abuse and other forms of abuse, making your testimony crucial not only as a supporter but as someone who witnessed significant wrongdoing that needs to be documented and addressed.

Please provide any evidence of stalking conduct by Barresi, including repeated unwanted contact, surveillance, wrongful retaliation, monitoring of your activities, or any behavior that made you feel harassed or unsafe. This includes evidence of Barresi's pattern of targeting individuals connected to celebrities, his use of intimidation tactics against witnesses, or any documentation showing how he has exploited your connection to the Johnny Depp case and your identification of Marton Csokas to harass and intimidate you.

We want you to know that your artistic expression and your right to support causes you believe in should never make you a target for harassment. Barresi's background as someone who stalks and harasses celebrities and their supporters is relevant to understanding why you became a target and the systematic nature of the harassment you've endured. Having your own artistic interests made you particularly vulnerable to Barresi's attacks. By documenting this pattern, we hope to not only protect you but also ensure that you can return to your artistic pursuits without fear of retaliation or harassment.

**PLAINTIFF'S EFFORTS TO HELP AND YOUR WISE COUNSEL**

In our deep concern for your safety and well-being, Plaintiff reached out to Adam Waldman seeking assistance to help protect you from the intimidation you were facing. We understand that you advised staying rational and measured in our approach to this situation, demonstrating your wisdom and strength even while under tremendous pressure. Your ability to provide thoughtful guidance while navigating your own trauma speaks to your character and resilience.

We deeply respect your perspective and judgment in this matter. Please provide any communications regarding these efforts to seek help on your behalf, including any discussions about approaching Adam Waldman or other potential sources of assistance. We want you to know that we value your input and wisdom throughout this process. Plaintiff's attempts at reconciliation have been motivated primarily by genuine worry for your safety and welfare, recognizing that you deserved protection and support during this frightening time. We hope that by working together, we can create a path forward that honors your perspective while ensuring your safety and future security.

**YOUR SUPPORT FOR JOHNNY DEPP AND RESULTING TARGETING**

Your courage in creating a tribute song for Johnny Depp and publicly supporting him demonstrates your compassionate character and artistic integrity. We believe that your voice and your art have value, and it's deeply unfair that expressing your beliefs and creativity led to you being targeted for harassment. You should be celebrated for your artistic contributions, not punished for them.

However, this support appears to have made you a target for intimidation by Barresi, who has a pattern of targeting those connected to celebrity cases. Please provide documentation of your tribute song "Emotional Song Against Abuse" "Love Yourself" any positive responses you received from the community, and any evidence showing how your support for Johnny Depp was used against you or made you a target for harassment by Barresi or others acting on behalf of Csokas.

We hope that by addressing this harassment, we can help restore not only recognition of your artistic contributions but also your confidence to continue creating and sharing your music without fear. You deserve to have a thriving artistic career, and we want to help ensure that your future creative endeavors are met with appreciation rather than intimidation. This documentation will help restore recognition of your artistic contributions and protect your career interests, allowing you to pursue your passion for music with the freedom and security every artist deserves.

**FEAR AND SAFETY CONCERNS**

We understand you have been living in fear and have had to seek police protection. We recognize how exhausting and emotionally draining it must be to constantly worry about your safety, and we want you to know that this is not how you should have to live. You deserve to feel safe in your own home, secure in your daily activities, and free to pursue your goals without fear.

Please provide any reports you made to law enforcement, records of requests for protection, communications expressing fear for your safety, or documentation of how the intimidation has affected your daily life, career, and ability to communicate freely. This includes evidence of how you've been forced to become inactive on social media or alter your music career due to safety concerns from both Csokas's intimidation campaign and Barresi's stalking behavior.

We believe that documenting these impacts is crucial not only for legal purposes but also for helping you reclaim your life. We want to help you get to a place where you can engage freely on social media again, where you can perform and share your music without fear, and where you can live your life on your own terms. Your future should be filled with the joy of creative expression and personal freedom, not overshadowed by fear and intimidation.

**OUR COMMITMENT TO YOUR PROTECTION AND FREELY LIVING**

Please know that your safety is our primary concern, but beyond that, we are committed to helping you reclaim your future. We will work with law enforcement to ensure you have appropriate protection from both Csokas's intimidation network and Barresi's stalking behavior. We envision a future where you can return to your music with confidence, where you can engage

with your fans and community without fear, and where you can build the life and career you deserve.

Your courage in providing this documentation may help protect other potential victims of this intimidation campaign and celebrity stalking, but more importantly, it may help you break free from the cycle of fear that has constrained your life. We respect your trauma and will handle all sensitive information with the utmost care, understanding that you deserve to live without fear and to have your voice heard safely. We are committed to ensuring that this process empowers rather than re-traumatizes you.

Most importantly, we are committed to helping you regain your rightful interests and protecting you from any financial abuse or exploitation. We want to see you thrive, not just survive. We want to help you rebuild not just your safety, but your confidence, your artistic career, and your sense of agency over your own life.

**YOUR STRENGTH, YOUR VOICE, YOUR FUTURE**

Angela, your experiences matter, your voice matters, your perspective matters, and your future matters. Your advice to approach this situation rationally shows your strength and wisdom even under extreme duress. We deeply respect your viewpoint and want you to know that we see you not just as a witness, but as a person deserving of respect, safety, and a bright future.

By documenting what you've endured from both Csokas's systematic intimidation and Barresi's celebrity stalking tactics, you are not only protecting yourself but potentially saving others from similar trauma. More than that, you are taking back your power and working toward a future where you can live and create freely.

We are committed to ensuring that you can tell your story safely, with dignity, and without fear of retaliation, while also working to restore your career and financial interests that have been damaged by this campaign of intimidation. We believe in your resilience, we respect your wisdom, and we are dedicated to helping you move forward into a future where you can flourish as both an artist and as a person.

Your voice deserves to be heard, your art deserves to be celebrated, and your future deserves to be bright and free from fear. We are honored to stand with you in pursuit of justice, safety, and the restoration of your rightful place in the world.

Respectfully submitted,

Christina Taft
Pro Se Plaintiff

*This request is made with deep respect for your trauma, genuine care for your wellbeing, profound appreciation for your perspective, and unwavering commitment to your future happiness and success.*

*SEE ATTACHED EXHIBITS*





 

LinkedIn

Christina Taft <taftchristina.ceo@gmail.com>

## Enthusiastic Support and Inquiry About Angela Gayle's Music Career

**Leland Grant** <lelandgrant@gmail.com> Sat, Apr 12, 2025 at 5:35 PM
To: Christina Taft <taftchristina.ceo@gmail.com>

Hi Christina,

Apologies but I don't know the answers to any of your questions, I worked with Angela, but it has been a few years since I have seen her... Hope all is well thank you!

L

Sent with iphone.

On Apr 12, 2025, at 4:31 PM, Christina Taft <taftchristina.ceo@gmail.com> wrote:

Dear Leland Grant,

As a passionate admirer of Angela Gayle's music and artistic journey, I was thrilled to learn about her signing with University Records/MMG and Warner Music Group. Her powerful singles "Have You Told Her" and "Love Yourself" have been on repeat in my playlists, and I deeply connect with the emotional honesty in her songwriting.

Angela has an impressive career path from her early days as a Nashville native to her current multifaceted career as a singer-songwriter, musician, actress, and model. Her performances at iconic venues like the Grand Ole Opry and the Ryman Auditorium, as well as singing the national anthem for the Nashville team and Tennessee Titans, showcase her remarkable versatility and talent.

I'm reaching out both to express my continued support for Angela's career and to inquire about her current projects with Leland Grant and Southlight Sound. As someone who values her message of kindness and positivity, I'm eager to stay informed about:

1. Her upcoming releases, especially details about the album she's been working on
2. Any plans for touring, particularly the European radio tour mentioned in some of her interviews
3. Her experience performing on the Grand Ole Opry stage - I understand it was a "humbling experience" for her, and - what was it like for her to stand on that iconic stage?
4. Any behind-the-scenes insights about her creative process for her album in development
5. Any scheduled performances or touring plans (I'd travel to see her perform!)
6. Her release of her new single, Compromise.
7. How her background in law, international relations, and humanitarian work influences her music

Her quote, "Be positive; work hard; always be kind; and help whenever and wherever you can," resonates deeply with me, as does her commitment to being known first as "a kind human being" before any of her professional titles.

Thank you for your time and consideration. I'm genuinely excited to continue supporting Angela's artistic journey and to hear more about her path forward with South Light Sound.

Warmest regards,
Christina Taft
212-718-1003

--
*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*

8:57

AM

Angela

I think it's admirable that you were listened to for yourself in these
2014 Article Meador at Law School in Florida (News): "Police say Zachary Johnson, 33, inappropriately touched Angela Meador, 31, on a flight from Orlando to Nashville Wednesday, reported WSMV."
2010 Angelea Meador Lawsuit against Nashville Stores: "Plaintiff would state that she was retaliated against and terminated for reporting sexual harassment in the workplace. " Meador v. Nashville Shores Holdings, LLC, No. 3:10-0904, 3 (M.D. Tenn. Nov. 30, 2010

I hope that you will be okay, and Mr. X is Marton Csokas. I hope you won't be scared and I'll diligently try to help you

Who is this?

I'm so sorry ❤️‍🩹

I have love for you and hope you are okay. I probably don't have much time to write this to you

Wed, Mar 26 at 10:03 AM

I'm at my friend Lori Mattix's house. Can I please call you later today?

I hope your day is going okay.

Sat, Mar 29 at 9:30 AM

iMessage 

Linkedin

Case 5:24-cv-01930-TJH-DTB Document 77-1 Filed 07/21/25 Page 140 of 62 Page ID #:5757

6:25 

Adam

iMessage
Tue, Jun 3 at 9:15 AM

Hi Adam, I'm reaching out to find urgent help for Angela Gayle and I'm a process server.
Angela wrote a tribute song to Johnny and is now at high risk from Barresi, who made unconsented recordings of both her and you that appear to be used for coercion/extortion with unauthorized disclosures. I'm genuinely worried for her safety - she's a Johnny supporter witness being held with no way to get help. I've even amended my entire lawsuit trying to find resolutions. Philip Hamilton discovered Braga thought "Paul" left him a voicemail, showing more unconsented recordings.
Please, I don't know where else to turn and believe you understand this situation.
Any help would be deeply appreciated. I'm devastated seeing her harmed and have serious trauma from witnessing this. Can we talk?

I also emailed you with "Request for Assistance - Regarding Angela Gayle and Unconsented Recordings."
Propria Persona
Christina Taft

Delivered

 iMessage

8:59
Angela
Cancel
Calls
AM
Angela Meador
phone
4/14/25
AM
Angela Meador
phone
4/12/25
AM
Angela Meador
phone
4/1/25
AM
Angela Meador
phone
3/30/25
Contacts
AC
Angela Casler
AG
Angela Gayle
Info@angelagayleofficial.com
"Angela"
Angela's
q w e r t y u i o p
a s d f g h j k l
z x c v b n m
123
space
search

2:09 82

**Angela Gayle ...** @Angela... · Mar 29, 2020
@MerynRuppert ! My love. I'm always with you! t.co/54kgv8x6m1

This Post is from an account that no longer exists. Learn more

1 3

**Angela Gayle ...** @Angela... · Mar 28, 2020
Angela Gayle #Musician #Singer #Actress #Model What Makes You Famous #PO... youtu.be/4lc8Y-gCpJQ via @YouTube
She discusses experiencing fame in an adult #jazz band at 10 years old. Her real experience with #PiratesoftheCaribbean #traveling the world, #AngelinaJolie, and #law

youtube.com
Angela Gayle #Musician #Singer #Actress #Model What Makes Yo...

7 9

**Angela Gayle ...** @Angela... · Mar 28, 2020
That's awesome. Please try to enjoy your loved ones during this difficult time.

**one step from ev...** @one... · Mar 28, 2020
Replying to @AngelaGayle01 @sunstroke_house and 5 others
Recording, playing, and quality family time! Seizing the moment! All my best to you Angela!

2 4

**Angela Gayle ...** @Angela... · Mar 28, 2020
Saying hello to new friends. @sunstroke_house

x.com

Case 5:24-cv-01930-TJH-DTB Document 83-1 Filed 06/21/25 Page 178 of 245 Page ID #:3760

2:21 79

**Angela Gayle O...** @AngelaG... · Dec 1, 2019

Thank you, @JWmusic2019 ! t.co/bVfRCxlpel

This Post is from an account that no longer exists. Learn more

  1  6

**Angela Gayle O...** @AngelaG... · Dec 1, 2019

Retweeting because this makes me smile every day. #FollowBackPsychoSquad t.co/NU6zlY7LVM

This Post is from an account that no longer exists. Learn more

  1  4

**Angela Gayle O...** @AngelaG... · Dec 1, 2019

I will also be doing my first live interview on December 13, on @thewarpfactor ! I can't wait to discuss anything and everything with them! #channeloneradio #UKradio

**Angela Gayle O...** @Angela... · Dec 1, 2019

It's official!! My new single, Love Yourself, will be released on Friday! I can't wait to share it with all of you lovely people. It will give all the feels. 🙂

x.com

2:15
81
Post
Angela Gayle O... @Angela... · Dec 4, 2019
#Spotify Wednesday! My is goal to stream each playlist that my songs are on 100 times before 2020. I have a great group of angels who stream every day! If you'd like to get your playlist game up, please add me and drop your #SPOTIFYPLAYLIST here! open.spotify.com/album/4Gea4GdL...
9
9
31
Bjorn Alden @BALDmusician · Dec 5, 2019
open.spotify.com/user/balden/pl...
1
2
Angela Gayle O... @Angela... · Dec 6, 2019
Great playlist! How can I get my new single on there so I can get my angels to stream it?
2
1
Bjorn Alden
@BALDmusician
Follow
It's there now. Hey... Beautiful song!! Love Yourself
1:32 AM · Dec 6, 2019
1
2
x.com

Angela Gayle
Intro
See more on Facebook
Log In
See more on Facebook
Log In
See more on Facebook
Log In

2:49

Angela

(818) 322-4056

California Set to Pass AB 2777 Sexual Abuse And Cover-Up Accountability Act, Opening Window for New Lawsuits
dlawgroup.com

It says it includes Cover Up window too which includes Paul Barresi.
Should see if it allows non-California residents Victim's

Sep 19, 2022 at 7:08 PM

Hey! I will take a look at the law in more detail tomorrow. But as long as he is out of the country, essentially running, my timeline is extended, from what I've been told.

Okay great! It looks like there are even attorneys with a 98% success rate. The only question is location. I've heard of ways jurisdiction can be moved... maybe federal court. Hope it can help you!! 💗
Melissa talked to us the other day and I talked to her dad Jerry yesterday

Sep 20, 2022 at 3:40 AM

Who is Melissa?

Sep 20, 2022 at 5:12 AM

iMessage



2:48
AM
Angela

FREE
HUGS
goldenretrieversworld Follow
Sending you a hug! Share with anyone who ...
goldenretrieversworld · Original audio

Free hugs!!

Oct 10, 2022 at 12:04 PM

What the heck is happening on Twitter?

2:34
BSIS

iMessage 



**Metal Rock Punk News**
@MetalRockPunkN

Angela Gayle - Have You Told Her? (Official Audio)
Listen here metal-rock-punk-news.blogspot.com/2019/11/angela...
Follow @AngelaGayle01 angelagayleofficial.com
#AngelaGayle #HaveYouToldHer #OfficialAudio
#metalrockpunknews

10:35 AM · Nov 10, 2019

8 15 1



Case 5:24-cv-01930-TJH-DTB Document 77-1 Filed 07/25/25 Page 23 of 69 Page

4:36
15m
CA MARTON CSOKAS - PROTECTION NOTICE FOR ANGELA MEADOR AS FEDERAL WITNESS
Inbox
Philip Andrew Hamilton 4:35 PM
to Eric, me
Eric Fulton,
Here is a legal protection notice for a federal witness that my client Christina Taft wanted to bring to your attention. May you respond with an acknowledgment that you have received this cease and desist?
Philip Andrew Hamilton
Owner
Hamilton Legal Services, LLC.
CA MARTON CSOKAS - PRO...
PDF

Received and understood.
Yes, I received it.
Acknowledged.
Reply
Reply all
Forward

4:51 5G 41

Inbox
Philip Andrew Hamilton 4:35 PM
Eric Fulton, Here is a legal protection notice for a fe...
Philip Andrew Hamilton 4:51 PM
to MARTON-CSOKAS, csokasm, cm...

Martin Csokas,

Here is a legal protection notice for a federal witness that my client Christina Taft wanted to bring to your attention. May you respond with an acknowledgment that you have received this cease and desist?

Philip Andrew Hamilton
Owner: Hamilton Legal Services, LLC.
Website: HamiltonLegalServicesLLC.com
Serving clients in NC, VA, MD and DC!
Cellular Phone: (571) 455-5312

CA MARTON
CSOKAS - PRO...
PDF
Received and understood.
Acknowledged.
Yes, I received it.
Reply
Reply all
Forward

3:04

AM

Angela

He was looking for my location and photos, so he is now targeting me and I think he knows by attacking others around it bothers.

Try not to worry and I also wish it wasn't taking so long. I'm sorry that you were so tortured and it's disgusting that he keeps twisting it. Everything is your own choice and freedom.

Marton is the one that did all of this. Baressi's involvement would have only extended to whatever Marton wanted. There is no reason for him to come after me. But I hope everyone feels great about getting Marton stirred. All because Molly decided to exploit me and tell lies.

Marton has taken enough of me. Please, I'm begging you guys to make this stop.

He will kill me himself. Do you understand?

This is my real fucking life.

This isn't some reality show. It's my ACTUAL life!!!

I'm really sorry. They're uncontrollable and predators. Martin is a sadistic torturer... these people really need to stop.

iMessage

3:19
5G
X
Formerly Twitter

Post

**Adam Waldman** @adam_waldman

Follow

This reimagination of history just out in the New Yorker - Claiming AH's and her friends' and family's personal info were leaked online.

In this case, accusations were actually confessions.

Back in reality, who that actually happened to was me (re my family home at that time)

friends, was leaked on online forums. In the end, the court determined that Heard and Depp had defamed each other, but Heard was ordered to pay a larger amount. "I defended my truth and in doing so my life as I knew it was destroyed," she wrote on Instagram. The musician Marilyn Manson sued the actress Evan Rachel Wood, his ex-fiancée, for defamation after she accused him of drugging and raping her during a music-video shoot. He denied wrongdoing and claimed that she was seeking attention and trying to smear him. She soon became the target of online harassment. Manson eventually dropped the suit and agreed to pay Wood's legal fees. But Wood told a podcast,

SUBPOENA FOR WITNESS (CIVIL) – ATTORNEY ISSUED

2:24 PM · Jun 19, 2025 · **9,860** Views

x.com

Case 5:24-cv-01930-TJH-DTB Document 77-1 Filed 07/21/25 Page 27 of 62 Page ID #:6770

5:59
◄ App Store
5G 60

Post

**Adam Waldman** @adam_waldman · 6/5/25
TEST
194 85 745 17K

**Teri Cee Cee** @TeriDesiderata · 5d
Is it y'rself?
1 3 50

**Christina Taft**
@XTinaTaft_Film

Adam, Please help Angela Gayle who did a tribute song to Johnny Depp which put her at so much risk. I love her dearly. Further yes it's unconsented recordings of telephone calls even of you was unconsented and it's based on where the cell phone is.

😭

YouTube

Post your reply

     

3:19

X
Formerly Twitter

Post

**Adam Waldman** @adam_waldman

Follow

Why does getting doxxed, and then having the New Yorker twist it around matter?

My home was burglarized and bugged - the bug was built into a piece of furniture just six inches away from my pillow.

2:44 PM · Jun 19, 2025 · **54.8K** Views

159 130 651 50

**Dr Truthseeker** @Truthse10335075 · Jun 19

x.com

Case 5:24-cv-01930-TJH-DTB Document 77-1 Filed 07/21/25 Page 90 of 69 Page ID #:6773

1 2

Angela Gayle Official
5 years ago

Check out my first live radio streaming interview on OB Radio Canada! https://drive.google.com/a/angelagayl...

1

Home Shorts Subscriptions You

youtube.com

5:18 5G 81

HC
Heather

Edited

The unspoken message that I'm getting from her is "stay away from me... leave me alone... you're putting me in danger." Not that you actually are the danger, but that you sending people to talk to her is putting her in danger.

Defendants put her in danger and it's a natural reaction

I've actually almost been killed in my past and I understand these reactions. It's just a survival reaction

I know it's the defendants... but she can't say. I think she knows she's being watched and bugged.

You did say there could be a Jammer

I believe it was a jammer that interfered with my audio...

That's why she has a jammer.

Angela doesn't know what a jammer is

And maybe the reason she was using it was so she could tell me what she told me without them knowing.

She's just a regular person. I don't even know where one is bought

iMessage                      

5:20 5G 80

HC
Heather

order case in Hilo but I need more time for it.

I put a lot of people and phone numbers there

Didn't she tell you that your client (me) could contact her? I didn't see that in your declaration but it's what you told me

She said you can tell whoever sent you to contact me directly.

1 Reply

But she never said your name.

And neither did I.

I do not want her to be scared

My mom Victoria and friend Michelle both died because I become too cowardly and don't invade their privacy

Edited

I know. I was trying to assure her she wasn't in danger from me. And that's why we agreed that I wouldn't go back that night.

I've done diligences court. I will be contacting her again

iMessage

Case 5:24-cv-01930-TJH-DTB Document 77-1 Filed 06/23/25 Page 33 of 69 Page ID #:3776

**Patricia >**

Text Message • RCS
Today 8:22 PM

Patricia,
Last night I emailed you a copy of the subpoena for your daughter Angela Meador. May you confirm that you got that subpoena or if your daughter has it? It's regarding a lawsuit that was filed by Hawaiian resident Christian Taft.

Philip Hamilton
Owner
Hamilton Legal Services, LLC.

Delivered





**Wesley** >

Text Message • RCS
Today 8:28 PM

Wesley,
Last night I emailed you a copy of the subpoena for your sister Angela Meador. May you confirm that you got that subpoena or if your sister has it? It's regarding a lawsuit that was filed by Hawaiian resident Christian Taft.

Philip Hamilton
Owner
Hamilton Legal Services, LLC.

Delivered


Kevin >

iMessage
Today 8:25 PM

Kevin,
Last night I emailed you a copy of the subpoena for your daughter Angela Meador. May you confirm that you got that subpoena or if your daughter has it? It's regarding a lawsuit that was filed by Hawaiian resident Christian Taft.

Philip Hamilton
Owner
Hamilton Legal Services, LLC.

Correction I meant to state your sister Angela Meador.

Read 8:28 PM



12:08
5G 68
Christina Taft
332 posts
Posts
Replies
Highlights
Videos
Photos
Article
2
144
You reposted
Nicole Arbour @NicoleArbour · 4d
Facts.
#GOTEAM
This is how your light changes the world.
SHE SERVES
3
3
37
3.3K

You reposted
WORLD 2025 @W0rld2025 · 1d
Monaco

Case 5:24-cv-01930-TJH-DTB Document 77-1 Filed 06/03/25 Page 189 of 245 Page ID #:3031

11:58

**Christina Taft** @XTinaTaft_Film · 5m

A Tribute to GRACE KELLY, "as your manner, I don't care to hear about it."

youtu.be/WIfyONSIW9k?si... via @YouTube

youtube.com
A Tribute to GRACE KELLY

1 6

**Christina Taft** @XTinaTaft_Film · 5m

A Tribute to GRACE KELLY, "as your manner, I don't care to hear about it."

Defendant Paul Barresi is blocked on every media, email, phone, otherwise. I further REFUSE to review his profile EVER AGAIN as he coerces, which if reviewing the implicated content, shows help needed.

Show more

0:59
REAR WINDOW (1954)

1 4

**Christina Taft** @XTinaTaft_Film · 14h

I'd go back to Greece for the start of civilization. Missing you French friends!! Thank you for years long support from Europeans. I'll have more stories

x.com

9:59
5G 75

**Angela Gayle O...** @Angela... · Sep 9, 2019

Replying to @NotTodayEric

That's fair enough. 😉

1

**Angela Gayle O...** @Angela... · Sep 9, 2019

"Does she know what you're doing? All your schemes behind her back. Have you told her?" Getting ready for my new single release, "Have You Told Her?" Coming our Wednesday! Links posted tomorrow! #angelagayle #musicianlife #songwriter #NewRelease #Cheaters #GetReady

AG

1 1 6

**Angela Gayle O...** @Angela... · Sep 3, 2019

Replying to @olienaceous

Best thing ever!

x.com

9:34
5G 81
Angela Gayle Official
1,559 posts
Follow
P.Wasy New Mayfai... · May 18, 2020
QuaranStream Singer- Songwriters
@maddieoldsmusic
@TheRobbMurphy
@LunaKellerM...
1
3
Angela Gayle ... @Angela... · May 18, 2020
No better social distancing than acting out a phone call. #SocialDistancing #actorslife #working #movies #actress #MondayMotivaton
1
2
9
Angela Gayle Official reposted
SECoast_Social-Sh... @S... · May 18, 2020
@AngelaGayle01 Thanks for following #StaySafe
2
2
Angela Gayle Official reposted
The Delerium T... @Deleriu... · May 17, 2020
Replying to @AngelaGayle01 and @etunesm
Thank you Angela, glad you're here as well
x.com

Paul Barresi
Home
Videos
Latest
Popular
Oldest
PARADISE CAMPFIRE VICTIM VICTORIA TAFT ABANDONED TO...
VICTORIA TAFT BURNS OF PARADISE DAUGHTER LEFT HER T...
VICTORIA TAFT BURNS OF PARADISE AGONIZINGLY BURNED...
CHRISTINA TAFT RIDDEN WITH GUILT FOR LEAVING POOR MOM...
VICTORIA TAFT BURNS ALIVE IN PARADISE FIRE THANKS TO HER...
THE DEMOCRATIC PARTY IS NOT DEFENDING & PROTECTING
SWAT RAID IN MY COMMUNITY
Johnny Depp v. Amber Heard Discover Plus Documentary
Paul Barresi Johnny Depp

# AFFIDAVIT OF ALEJANDRO HERNANDEZ

1. I am signing this Unsworn Declaration in place of an Affidavit as allowed by 28 U.S. Code § 1746.
2. My name is Alejandro Hernandez; I am a licensed private investigator in Texas. I am over the age of 21 years old, of sound mind and competent to provide this Affidavit. I understand that I am swearing or affirming under oath to the truthfulness of the factual statements made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
3. All statements made herein are made from personal knowledge and are true and correct.
4. On April 18, 2025, I interviewed Ian Herndon for approximately 2 hours. This affidavit provides the contents of the statements Mr. Herndon made to me during this interview which I memorialize here in the interest of truth and justice. Mr. Herndon told me he knew Angela Gayle Meador. He said he first met her after he was contacted by a person with the name of Richie Albertini, who provided him her phone number and told Herndon to help her come forward with allegations that she was making against a very well-known celebrity actor, Marton Csoskas.
5. Mr. Herndon stated he spoke to Angela on several occasions and for several hours, from November 25, 2020, to January 8, 2021.
6. Specifically, Angela told him that back in April of 2015, she had been flown into New Orleans LA, by a person she had met on an online dating site. When she arrived in New Orleans she found out that the man she had met online was using a fake profile and photos, because the real person was Marton Csokas a famous actor.
7. Mr. Herndon stated Angela told him she was shocked to see that the person she had met online was a famous actor, who she knew and appreciated his work. Angela is also a model who works in the music entertainment industry.
8. Mr. Herndon stated Angela told him that she understood why Mr. Csokas would use a fake profile considering he was a celebrity, so she agreed to accompany him, and they went out for dinner at a local restaurant. Then Mr. Csokas took Angela to a residence where he was staying. Then Mr. Csokas surreptitiously drugged Angela with an overpowering substance that left her incapacitated to defend herself. Angela told Herndon that is when Mr. Csokas attacked her and forced himself sexually on her. Angela told Herndon that Mr. Csokas held her against her will for 36 hours and during that time, he raped her, beat her, tortured her, and caused her to be mutilated with a knife causing serious bodily injury to her leg.
9. Mr. Herndon stated that Angela told him that Mr. Csokas threatened her safety. Later, Angela told him she learned that he had done the same thing to at least 10 other women. Also, Angela told Herndon that when she returned to her home in Tennessee, an assailant surprised her, pointed a gun to her head and told her that he would kill her if she said anything about what Csokas did to her. Bolstering this statement, Mr. Herndon provided me a message that Angela had texted him to his number which said in part: "You are all putting my life at risk by pushing this. He (meaning Csokas) will kill me if he knows I've even spoken about it. I can't seem to be clear enough about that."
10. Mr. Herndon stated that he tried to convince Angela to come forward to the police with her story; however, Angela did not want to proceed out of pure fear. Although what Angela told him had occurred several years earlier, Angela was deathly afraid of Mr. Csokas. Angela would

say emphatically that "He will kill me!" if he found out that she had told anyone what Csokas did to her.

11. When I asked Mr. Herndon if he could provide an affidavit about what he had just told me, Mr. Herndon initially agreed but then backed out because he feared that "fixers" for Mr. Csokas would come after him to silence him, like they came after Angela. Mr. Herndon was afraid because a person by the name of Paul Barresi had called his wife in the past to discourage him from trying to help Angela.

12. Therefore, I am providing this affidavit to memorialize what he told me in the interest of preserving truth and justice.

[signature] 5/23/2025

ALEJANDRO HERNANDEZ

 Christina Taft <taftchristina.ceo@gmail.com>

## Urgent Report for Witness/Victim Angela Meador & Christina Taft to TN

**Christina Taft** <taftchristina.ceo@gmail.com> Wed, Apr 2, 2025 at 6:00 PM
To: bmatthews@goodlettsville.gov

Dear Officer Brian,

I am trying to assist a police investigation and trying to reach the right Officer that was investigating for Witness Protection to assist Angela Meador in Goodlettsville.

A process server named Tracy Kroft was trying to serve a Subpoena of a Witness to Angela, and told me that an Officer was there all day.

I need to assist the police investigation and to report after these years of coercion by Defendant after he obtained recorded phone calls and made her and I afraid of implicated violence. She's been forced to recant the name of her assaulted her by Defendant.

The address of the report would be:

I am Christina Taft, the plaintiff/victim in two cases.

I need to urgently contribute to this investigation and then I need to go to do a report locally to where I am in Hawaii as well.

Please and thank you.

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*

---------- Forwarded message ---------
From: **Christina Taft** <taftchristina.ceo@gmail.com>
Date: Tue, Apr 1, 2025 at 8:02 PM
Subject: Re: Officer Bork: Report for Witness/Victim Angela Meador & Christina Taft to TN
To: <Justin.Bork@nashville.gov>

Hi Officer Bork,

Further, as an assault victim, Angela Meador, who was assaulted by Marton Csokas who is Mr X that Defendant forced her to recant the name of — contrary to all of our prior communications where Csokas was her named concern — she is more valuable for the Defendant to control and to coerce.

If I could please have a call back and a response I would appreciate it. I mainly need to report the incident to the use of audios and her being too afraid to name Csokas as who assaulted her anymore.
I'm very worried for her.

Christina Taft
212-718-1003

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*

On Tue, Apr 1, 2025 at 7:26 PM Christina Taft <taftchristina.ceo@gmail.com> wrote:

Hi Officer Bork,

Did you kindly receive this report and information to assist the police investigation into witness/victim tampering -- starting with unconsented use of Defendant of phone recordings, forcing statements and implicated violence?
I'm trying to report locally to help Witness/Victim Angela Meador and I was told you were investigating from the process server trying to serve a Subpoena of a Witness.

I'd appreciate this becoming a police report or if I could speak to you from 212-718-1003. I left two voicemails and texts as well to your phone number at 615-930-4652.
Also I'd appreciate this as I would need to report again to the FBI locally in Honolulu specifically on how Meador and I were victimized, and how it is so much worse than I knew since we were not communicating.

I'm glad you went to do Witness Protection, and I'd like to contribute to helping Angela have a life without the undue influence she's seen
Sincerely,
Christina Taft

---------- Forwarded message ---------
From: **Christina Taft** <taftchristina.ceo@gmail.com>
Date: Tue, Apr 1, 2025 at 4:52 AM
Subject: Officer Bork: Report for Witness/Victim Angela Meador & Christina Taft to TN
To: <Justin.Bork@nashville.gov>

Dear Officer Bork,

I am trying to assist the police investigation. I left a voicemail and text messages for you. Here is what I wrote last night and attached with declarations to assist you and Angela Meador.

There are multiple unconnected audio recordings of calls that Defendant has and he's repeatedly intimidated, threatened me over the years. Since Meador and I were in the same phone call he obtained (which discussed retaliation), I neglected this situation and I'm very worried for Angela, and that Defendant forced Angela to recant the name of Marton Csokas who assaulted her, as well as took away her consent.

I'm reporting to you of the coercion and witness/victim tampering that Defendant did starting with obtaining audio recordings of phone calls that include discussing violence, assaults, and were then forced into other statements for 3 years. This use of audios by Defendant forces victims to recant and be in fear, with continued manipulation by Defendant.

Meador and I did not consent to the use of the audio recording of a call between us by Defendant.
In October 2022, Defendant obtained an audio recording of Angela Meador, a witness-victim, speaking with me on the phone from July 2022. Angela had been brutally assaulted and retaliated against by Marton Csokas.

Defendant records his calls as well, and probably has additional recordings of Meador to make undue influence. Defendant took away Meador's consent and continually implicated violence happening to her for years. The repetition is harrowing, distressing, and coercive.
I had to report to the FBI myself in March 2024, and I am so sorry that I did not know the level of distress and influence that Angela was under, that she eventually would be forced to recant the name of who assaulted her. It's traumatizing and frightening to witness this, as well as very worrying.

Since we had been in the same phone call, I was too afraid and did not communicate with her for years. I filed cases and issued subpoenas to witnesses. I've attached exhibits of declarations, texts, emails, proving these facts with the urgent need for evidence regarding witness/assault victim tampering, and an investigation.

Cases: Hawaii Restraining Order 3DSS-25-0000044, attached, and subpoena to witness Meador.
U.S. District Case: 5:24-cv-01930

**A. Evidence of Defendant's Witness Manipulation**

The transcribed audio recording from July 22, 2022, filed concurrently herewith, provides critical evidence that Gayle was intimidated into silence regarding her assault by Csokas (Exhibit C). It also demonstrates that Gayle initially sought to corroborate investigations but later appeared coerced into changing her stance. And lastly, the audio recording evidences that Defendant has engaged in attempts to control Gayle's narrative away from justice from her assaulter, Marton Csokas, and pressuring her into statements that contradict documentation of communications. Gayle herself expressed fear and concern over Defendant's actions, raising serious questions about the legitimacy of her later statements in support of Defendant.

Licensed private investigator Heather Cohen vigorously refutes Defendant's claims in each fact.

From Cohen's affidavit (Exhibit 1), "Question #1: Did you give consent for the call (between yourself and CLIENT) to be recorded?

Answer: "No."

Question #2: Did you consent for the call to be used?

Answer: "No."

Question #3: Did you give the recording to the defendant?

Answer: "No."

"…Ms. Meador asked if I was trying to figure out who 'Mr. X' was…"

"17. I attest that the statement relied upon the filed ex parte is grossly false in regards to any interaction with Ms. Meador (Gayle)... b. I did not talk with Ms. Meador's neighbors or knock on any other doors; c. I did not 'pound' on the door, d. I did not 'demand' that she answer questions; c. I did identify myself as Licensed Private Investigator, Heather Cohen (2x); f. I showed my license to her; g. I did not refuse to leave; h. I did not stay for hours; and i. I did not see her (at any point) lift her phone to record me."

"18. Further, I assured Ms. Meador (Gayle) that I was not a threat to her and I was only there to ask some questions." Moreover, Cohen conveyed sympathy.

"19. The assertions made by the defendant's attorney, in regards to my interaction with Ms. Meador, are blatantly false."

**B. Plaintiff's Minimal Contact with Gayle**

Plaintiff has had no communication with Gayle since **October 2022 and January 2024**, the latter instance occurring when Defendant himself was actively threatening Plaintiff. Notably, Gayle copied Defendant in her January 2024 communication, indicating his direct involvement in influencing her statements. Plaintiff's limited contact with Gayle negates any false claim that she has engaged in any harassment or any intent outside of good will (Exhibits B; texts).

**C. Gayle's Continued Fear of Csokas**

Gayle, according to the affidavit of Cohen, asked if she was seeing who "Mr. X" was and if the investigator was working for "Mr. X" or Defendant (Exhibit 1). At first Gayle did not mention Plaintiff at all. Plaintiff was concerned when she saw the statements submitted that recanted who Mr. X was, as a violation of Gayle's right to name who assaulted her. Similarly, Cohen attests that Plaintiff stated she "felt bad for her." Gayle had mentioned to Plaintiff of her assault by Marton Csokas, who is Mr. X, and to others. Gayle had conveyed to Plaintiff her fear of Marton Csokas, that she was begging the exploitation of her to stop, including of her in the use of restraining order proceedings, and that she wished people would recognize Csokas, and not Defendant Barresi (Exhibits B; texts). Conveyed in the call between Plaintiff and Gayle is violence, assault, and abuse towards Gayle, other women (pushed down the stairs for instance) and others by Csokas. In additional texts, Gayle states, "Marton has taken enough of me. Please, I'm begging you guys to make this stop. He will kill me himself, do you understand? This is my real fucking life. This is not a reality show. It's my ACTUAL life!!!" Plaintiff apologized and called Marton an uncontrollable predator, and a sadistic torturer. Plaintiff admits that during months in 2022 it was quite a confusing with many activities, and that Gayle is affirmed in her focus on Csokas.

Unfortunately, Plaintiff did not engage Gayle over the years, unlike other witnesses, and felt unable to help her due to the recording between them, that Defendant has persistently exploited and used. Witnesses Ian Herndon for example wanted to help Gayle. Gayle to Cohen stated the use of the audio of their call was against her consent, and she did not send it to Defendant (Exhibit 1).

Gayle's official website is inactive, reinforcing her fear of retaliation. In the transcribed recording and in prior texts, she explicitly stated that she fears Csokas, yet Defendant continues to mischaracterize her statements to serve his objectives.

Plaintiff sought to free Gayle from issuing statements that counter years of her interests, beliefs, and wishes. From Gayle's initial answers to licensed private investigator Cohen, who shows empathy, Gayle reinforced her previous stances. When Plaintiff requested an ex parte to extend time for service of a co-defendant, a bizarre email was sent to her by Defendant's attorney, which is highly contested by the licensed investigator (Exhibit 1; page 2). Defendant is wrongfully attributing false interactions in order to control this assault victim who is in the music business. Moreover, according to local rules, Plaintiff is entitled to cross-examine a declarant (L.R. 7-8 Presence of Declarants - Civil Cases). Plaintiff never told Gayle she was an attorney, however, she did refer to the SB 2777 law against sexual abuse and cover-ups, and informed her of her rights to file a lawsuit against Marton Csokas, who resides in California (Exhibits B).

The declarations submitted allegedly of Gayle are not hand-signed, and are via DocuSign, of a person who is probably under distress. As in prior motions, Plaintiff has attempted to demonstrate that witnesses would start to recant in these matters, and sadly in additional matters, if they were not protected from Defendant's direct contact.

Plaintiff is legitimately afraid that Gayle will be unable to name her assaulter or conduct further lawful actions, if she's forced to submit statements that counter documentation and evidence. Plaintiff is legitimately and generously afraid for Gayle's safety and her autonomy, independence. Plaintiff's actions were done to protect Gayle, and to reinforce her independence.

**D. Evidence of Ongoing Harassment and Threats by Defendant**

Molly Beaton's affidavit, attached hereto (Exhibit 4), provides compelling evidence that Defendant has subjected Plaintiff, and others associated with her, to threats and manipulative behavior. Despite their prior dispute, Ms. Beaton moved to protect Gayle from Defendant calling her a 'non-entity' and forcing statements of their interactions. The affidavit describes multiple instances in which Defendant contacted her with threats of harm, engaged in stalking, and attempted to coerce her into making statements contrary to her beliefs. Notably, Ms. Beaton attests that Defendant's actions have been designed to silence witnesses, including herself, and to intimidate those who support Plaintiff's position. Specifically, Ms. Beaton recounts how Defendant's communications included manipulative emails and phone calls that sought to control her testimony and intimidate her into submission. Ms. Beaton's fear of Barresi's criminal behavior is palpable throughout her affidavit, with her noting that his actions have caused severe emotional distress and a genuine fear for her safety.

Moreover, Ms. Beaton's affidavit corroborates Plaintiff's own claims of harassment, detailing how she personally observed Defendant stalking and intimidating Plaintiff. Ms. Beaton's testimony regarding the actions of Defendant, including his ongoing surveillance of Plaintiff, his threats, and the manipulation of witnesses to target and attack Plaintiff, establishes a clear and documented pattern of behavior that supports the need for immediate legal protection.

Ms. Beaton also draws attention to the nature of Defendant's criminal activities, describing him as a "fixer" with a history of involvement in dangerous and illegal operations. This reinforces the claim that Defendant's actions are not merely nuisance harassment but a deliberate effort to obstruct justice and intimidate witnesses.

Ian Herndon's affidavit, attached here as well (Exhibit 5), provides compelling evidence that Defendant had coerced Gayle through death threats after she told Mr. Herndon that Mr. Csokas had sexually assaulted her and retaliation ensued with threatening letters to her, along with joint action against her civil rights to report the assault. Mr. Herndon reported that Defendant had pointed a gun at Angela's face, which is a claim that repeats without relief.

Gayle should not be coerced into recanting the identity of the person who assaulted her. The evidence makes it clear that Gayle was assaulted by Csokas, and her primary focus has always been on her recovery and safety, not on Defendant or his actions. However, the Defendant has continued to cause harm by pressuring Gayle to redact her statements. Initially, Gayle's concerns were centered on the individual who violently assaulted her, but the Defendant has forced this witness and victim to focus instead on responding to his manipulative demands.

Contrary to Defendant's assertion, Plaintiff never stated that Defendant pointed a gun at her face. Plaintiff specifically informed Gayle that she should not be afraid and that she should never recant the intimidating interactions she experienced, even if the identity of the individuals involved was unknown. The continual efforts by Defendant to force a statement claiming that he pulls guns on people, among other manipulative tactics, exemplify his coercion and intimidation. This is an attempt to instill fear in witnesses and prevent them from providing fuller statements about the broader types of coercion they have endured from Defendant. Plaintiff's primary goal has been to free Gayle from the Defendant's coercive influence, allowing her to move forward in her life and, importantly, to ensure that her assaulter is named and held accountable.

Ms. Meador is a material witness in my case, and licensed private investigators were instructed to ask whether Ms. Meador did not consent to the recorded phone calls, the use of the audio, or the sending of the audio, and to clarify that when she said Mr. X assaulted her, that she
meant "Marton Csokas".
The Undue Influence Law in California Civil Code § 1575, has been enforced since the
year of 1872. The elements of that definition which are still in effect for law are:

1. The use, by one in whom a confidence is reposed by another, or who holds real or apparent authority over him or her, of such confidence or authority for the purpose of obtaining an unfair advantage over him or her;
2. In taking an unfair advantage of another's weakness of mind; and
3. In taking a grossly oppressive and unfair advantage of another' necessities or distress.

Due to Undue Influence, the Unsworn Declarations 28 U.S. Code § 1746 prevents a witness/victim from harm if they have been under distress, intimidated, misrepresented to, and/or audio recordings used against them.

**Still Uploaded - Defendant Publishing Audio of Call of Meador & Me Against Consent:**

Mr. X- "Marton Csokas" Who Assaulted Meador Is Named in Every Publishing by Defendant -

- Defendant shows images of gun to head by unknown assailant, which is re-traumatizing

**((Removed links, videos, photos, please confirm receipt and will send evidence, declarations, and certified transcription))**



--
*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
***Linkedin***

--
*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*



**Still Uploaded - Defendant Publishing Audio of Call of Meador & Me Against Consent:**

On Thu, Apr 3, 2025 at 3:05 AM Brian Matthews <bmatthews@goodlettsville.gov> wrote:

The officer you spoke with is Sgt. Poole. I forwarded her your email. She works nights and is not available before 6 pm

**From:** Christina Taft <taftchristina.ceo@gmail.com>
**Sent:** Wednesday, April 2, 2025 5:00 PM
**To:** Brian Matthews <bmatthews@goodlettsville.gov>
**Subject:** Fwd: Urgent Report for Witness/Victim Angela Meador & Christina Taft to TN

*****CAUTION*****

**THIS EMAIL GENERATED FROM OUTSIDE OF City of Goodlettsville ORGANIZATION. DO NOT CLICK LINKS OR OPEN ATTACHMENTS UNLESS YOU RECOGNIZE THE SENDER AND KNOW THE CONTENT IS SAFE!**

Dear Officer Brian,

I am trying to assist a police investigation and trying to reach the right Officer that was investigating for Witness Protection to assist Angela Meador in Goodlettsville.

A process server named Tracy Kroft was trying to serve a Subpoena of a Witness to Angela, and told me that an Officer was there all day.

I need to assist the police investigation and to report after these years of coercion by Defendant after he obtained recorded phone calls and made her and I afraid of implicated violence. She's been forced to recant the name of her assaulted her by Defendant.

The address of the report would be:

I am Christina Taft, the plaintiff/victim in two cases.

I need to urgently contribute to this investigation and then I need to go to do a report locally to where I am in Hawaii as well.

Please and thank you.

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*

---------- Forwarded message ---------
From: **Christina Taft** <taftchristina.ceo@gmail.com>
Date: Tue, Apr 1, 2025 at 8:02 PM
Subject: Re: Officer Bork: Report for Witness/Victim Angela Meador & Christina Taft to TN
To: <Justin.Bork@nashville.gov>

Hi Officer Bork,

Further, as an assault victim, Angela Meador, who was assaulted by Marton Csokas who is Mr X that Defendant forced her to recant the name of —- contrary to all of our prior communications where Csokas was her named concern —- she is more valuable for the Defendant to control and to coerce.

If I could please have a call back and a response I would appreciate it. I mainly need to report the incident to the use of audios and her being too afraid to name Csokas as who assaulted her anymore.

I'm very worried for her.

Christina Taft

212-718-1003

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*

On Tue, Apr 1, 2025 at 7:26 PM Christina Taft <taftchristina.ceo@gmail.com> wrote:

> Hi Officer Bork,
>
> Did you kindly receive this report and information to assist the police investigation into witness/victim tampering -- starting with unconsented use of Defendant of phone recordings, forcing statements and implicated violence?
>
> I'm trying to report locally to help Witness/Victim Angela Meador and I was told you were investigating from the process server trying to serve a Subpoena of a Witness.
>
> I'd appreciate this becoming a police report or if I could speak to you from 212-718-1003. I left two voicemails and texts as well to your phone number at 615-930-4652.
> Also I'd appreciate this as I would need to report again to the FBI locally in Honolulu specifically on how Meador and I were victimized, and how it is so much worse than I knew since we were not communicating.
>
> I'm glad you went to do Witness Protection, and I'd like to contribute to helping Angela have a life without the undue influence she's seen
> Sincerely,
> Christina Taft
>
> ---------- Forwarded message ---------
> From: **Christina Taft** <taftchristina.ceo@gmail.com>
> Date: Tue, Apr 1, 2025 at 4:52 AM
> Subject: Officer Bork: Report for Witness/Victim Angela Meador & Christina Taft to TN
> To: <Justin.Bork@nashville.gov>
>
> Dear Officer Bork,
>
> I am trying to assist the police investigation. I left a voicemail and text messages for you. Here is what I wrote last night and attached with declarations to assist you and Angela Meador.

There are multiple unconnected audio recordings of calls that Defendant has and he's repeatedly intimidated, threatened me over the years. Since Meador and I were in the same phone call he obtained (which discussed retaliation), I neglected this situation and I'm very worried for Angela, and that Defendant forced Angela to recant the name of Marton Csokas who assaulted her, as well as took away her consent.

I'm reporting to you of the coercion and witness/victim tampering that Defendant did starting with obtaining audio recordings of phone calls that include discussing violence, assaults, and were then forced into other statements for 3 years. This use of audios by Defendant forces victims to recant and be in fear, with continued manipulation by Defendant.

Meador and I did not consent to the use of the audio recording of a call between us by Defendant.

In October 2022, Defendant obtained an audio recording of Angela Meador, a witness-victim, speaking with me on the phone from July 2022. Angela had been brutally assaulted and retaliated against by Marton Csokas.

Defendant records his calls as well, and probably has additional recordings of Meador to make undue influence. Defendant took away Meador's consent and continually implicated violence happening to her for years. The repetition is harrowing, distressing, and coercive.

I had to report to the FBI myself in March 2024, and I am so sorry that I did not know the level of distress and influence that Angela was under, that she eventually would be forced to recant the name of who assaulted her. It's traumatizing and frightening to witness this, as well as very worrying.

Since we had been in the same phone call, I was too afraid and did not communicate with her for years.

I filed cases and issued subpoenas to witnesses. I've attached exhibits of declarations, texts, emails, proving these facts with the urgent need for evidence regarding witness/assault victim tampering, and an investigation.

Cases: Hawaii Restraining Order 3DSS-25-0000044, attached, and subpoena to witness Meador.

U.S. District Case: 5:24-cv-01930

## A.    Evidence of Defendant's Witness Manipulation

The transcribed audio recording from July 22, 2022, filed concurrently herewith, provides critical evidence that Gayle was intimidated into silence regarding her assault by Csokas (Exhibit C). It also demonstrates that Gayle initially sought to corroborate investigations but later appeared coerced into changing her stance. And lastly, the audio recording evidences that Defendant has engaged in attempts to control Gayle's narrative away from justice from her assaulter, Marton Csokas, and pressuring her into statements that contradict documentation of communications. Gayle herself expressed fear and

concern over Defendant's actions, raising serious questions about the legitimacy of her later statements in support of Defendant.

Licensed private investigator Heather Cohen vigorously refutes Defendant's claims in each fact.

From Cohen's affidavit (Exhibit 1), "Question #1: Did you give consent for the call (between yourself and CLIENT) to be recorded?

Answer: "No."

Question #2: Did you consent for the call to be used?

Answer: "No."

Question #3: Did you give the recording to the defendant?

Answer: "No."

"…Ms. Meador asked if I was trying to figure out who 'Mr. X' was…"

"17. I attest that the statement relied upon the filed ex parte is grossly false in regards to any interaction with Ms. Meador (Gayle)... b. I did not talk with Ms. Meador's neighbors or knock on any other doors; c. I did not 'pound' on the door, d. I did not 'demand' that she answer questions; c. I did identify myself as Licensed Private Investigator, Heather Cohen (2x); f. I showed my license to her; g. I did not refuse to leave; h. I did not stay for hours; and i. I did not see her (at any point) lift her phone to record me."

"18. Further, I assured Ms. Meador (Gayle) that I was not a threat to her and I was only there to ask some questions." Moreover, Cohen conveyed sympathy.

"19. The assertions made by the defendant's attorney, in regards to my interaction with Ms. Meador, are blatantly false."

**B.      Plaintiff's Minimal Contact with Gayle**

Plaintiff has had no communication with Gayle since **October 2022 and January 2024**, the latter instance occurring when Defendant himself was actively threatening Plaintiff. Notably, Gayle copied Defendant in her January 2024 communication, indicating his direct involvement in influencing her statements. Plaintiff's limited contact with Gayle negates any false claim that she has engaged in any harassment or any intent outside of good will (Exhibits B; texts).

### C.    Gayle's Continued Fear of Csokas

Gayle, according to the affidavit of Cohen, asked if she was seeing who "Mr. X" was and if the investigator was working for "Mr. X" or Defendant (Exhibit 1). At first Gayle did not mention Plaintiff at all. Plaintiff was concerned when she saw the statements submitted that recanted who Mr. X was, as a violation of Gayle's right to name who assaulted her. Similarly, Cohen attests that Plaintiff stated she "felt bad for her." Gayle had mentioned to Plaintiff of her assault by Marton Csokas, who is Mr. X, and to others. Gayle had conveyed to Plaintiff her fear of Marton Csokas, that she was begging the exploitation of her to stop, including of her in the use of restraining order proceedings, and that she wished people would recognize Csokas, and not Defendant Barresi (Exhibits B; texts). Conveyed in the call between Plaintiff and Gayle is violence, assault, and abuse towards Gayle, other women (pushed down the stairs for instance) and others by Csokas. In additional texts, Gayle states, "Marton has taken enough of me. Please, I'm begging you guys to make this stop. He will kill me himself, do you understand? This is my real fucking life. This is not a reality show. It's my ACTUAL life!!!" Plaintiff apologized and called Marton an uncontrollable predator, and a sadistic torturer. Plaintiff admits that during months in 2022 it was quite a confusing with many activities, and that Gayle is affirmed in her focus on Csokas.

Unfortunately, Plaintiff did not engage Gayle over the years, unlike other witnesses, and felt unable to help her due to the recording between them, that Defendant has persistently exploited and used. Witnesses Ian Herndon for example wanted to help

Gayle. Gayle to Cohen stated the use of the audio of their call was against her consent, and she did not send it to Defendant (Exhibit 1).

Gayle's official website is inactive, reinforcing her fear of retaliation. In the transcribed recording and in prior texts, she explicitly stated that she fears Csokas, yet Defendant continues to mischaracterize her statements to serve his objectives.

Plaintiff sought to free Gayle from issuing statements that counter years of her interests, beliefs, and wishes. From Gayle's initial answers to licensed private investigator Cohen, who shows empathy, Gayle reinforced her previous stances. When Plaintiff requested an ex parte to extend time for service of a co-defendant, a bizarre email was sent to her by Defendant's attorney, which is highly contested by the licensed investigator (Exhibit 1; page 2). Defendant is wrongfully attributing false interactions in order to control this assault victim who is in the music business. Moreover, according to local rules, Plaintiff is entitled to cross-examine a declarant (L.R. 7-8 Presence of Declarants - Civil Cases). Plaintiff never told Gayle she was an attorney, however, she did refer to the SB 2777 law against sexual abuse and cover-ups, and informed her of her rights to file a lawsuit against Marton Csokas, who resides in California (Exhibits B).

The declarations submitted allegedly of Gayle are not hand-signed, and are via DocuSign, of a person who is probably under distress. As in prior motions, Plaintiff has attempted to demonstrate that witnesses would start to recant in these matters, and sadly in additional matters, if they were not protected from Defendant's direct contact.

Plaintiff is legitimately afraid that Gayle will be unable to name her assaulter or conduct further lawful actions, if she's forced to submit statements that counter documentation and evidence. Plaintiff is legitimately and generously afraid for Gayle's safety and her autonomy, independence. Plaintiff's actions were done to protect Gayle, and to reinforce her independence.

**D. Evidence of Ongoing Harassment and Threats by Defendant**

Molly Beaton's affidavit, attached hereto (Exhibit 4), provides compelling evidence that Defendant has subjected Plaintiff, and others associated with her, to threats and manipulative behavior. Despite their prior dispute, Ms. Beaton moved to protect

Gayle from Defendant calling her a 'non-entity' and forcing statements of their interactions. The affidavit describes multiple instances in which Defendant contacted her with threats of harm, engaged in stalking, and attempted to coerce her into making statements contrary to her beliefs. Notably, Ms. Beaton attests that Defendant's actions have been designed to silence witnesses, including herself, and to intimidate those who support Plaintiff's position. Specifically, Ms. Beaton recounts how Defendant's communications included manipulative emails and phone calls that sought to control her testimony and intimidate her into submission. Ms. Beaton's fear of Barresi's criminal behavior is palpable throughout her affidavit, with her noting that his actions have caused severe emotional distress and a genuine fear for her safety.

Moreover, Ms. Beaton's affidavit corroborates Plaintiff's own claims of harassment, detailing how she personally observed Defendant stalking and intimidating Plaintiff. Ms. Beaton's testimony regarding the actions of Defendant, including his ongoing surveillance of Plaintiff, his threats, and the manipulation of witnesses to target and attack Plaintiff, establishes a clear and documented pattern of behavior that supports the need for immediate legal protection.

Ms. Beaton also draws attention to the nature of Defendant's criminal activities, describing him as a "fixer" with a history of involvement in dangerous and illegal operations. This reinforces the claim that Defendant's actions are not merely nuisance harassment but a deliberate effort to obstruct justice and intimidate witnesses.

Ian Herndon's affidavit, attached here as well (Exhibit 5), provides compelling evidence that Defendant had coerced Gayle through death threats after she told Mr. Herndon that Mr. Csokas had sexually assaulted her and retaliation ensued with threatening letters to her, along with joint action against her civil rights to report the assault. Mr. Herndon reported that Defendant had pointed a gun at Angela's face, which is a claim that repeats without relief.

Gayle should not be coerced into recanting the identity of the person who assaulted her. The evidence makes it clear that Gayle was assaulted by Csokas, and her primary

focus has always been on her recovery and safety, not on Defendant or his actions. However, the Defendant has continued to cause harm by pressuring Gayle to redact her statements. Initially, Gayle's concerns were centered on the individual who violently assaulted her, but the Defendant has forced this witness and victim to focus instead on responding to his manipulative demands.

Contrary to Defendant's assertion, Plaintiff never stated that Defendant pointed a gun at her face. Plaintiff specifically informed Gayle that she should not be afraid and that she should never recant the intimidating interactions she experienced, even if the identity of the individuals involved was unknown. The continual efforts by Defendant to force a statement claiming that he pulls guns on people, among other manipulative tactics, exemplify his coercion and intimidation. This is an attempt to instill fear in witnesses and prevent them from providing fuller statements about the broader types of coercion they have endured from Defendant. Plaintiff's primary goal has been to free Gayle from the Defendant's coercive influence, allowing her to move forward in her life and, importantly, to ensure that her assaulter is named and held accountable.

Ms. Meador is a material witness in my case, and licensed private investigators were instructed to ask whether Ms. Meador did not consent to the recorded phone calls, the use of the audio, or the sending of the audio, and to clarify that when she said Mr. X assaulted her, that she

meant "Marton Csokas".

The Undue Influence Law in California Civil Code § 1575, has been enforced since the year of 1872. The elements of that definition which are still in effect for law are:

1. The use, by one in whom a confidence is reposed by another, or who holds real or apparent authority over him or her, of such confidence or authority for the purpose of obtaining an unfair advantage over him or her;
2. In taking an unfair advantage of another's weakness of mind; and
3. In taking a grossly oppressive and unfair advantage of another' necessities or distress.

Due to Undue Influence, the Unsworn Declarations 28 U.S. Code § 1746 prevents a witness/victim from harm if they have been under distress, intimidated, misrepresented to, and/or audio recordings used against them.

**Still Uploaded - Defendant Publishing Audio of Call of Meador & Me Against Consent:**

Mr. X- "Marton Csokas" Who Assaulted Meador Is Named in Every Publishing by Defendant -

- Defendant shows images of gun to head by unknown assailant, which is re-traumatizing

**((Removed links, videos, photos, please confirm receipt and will send evidence, declarations, and certified transcription))**

--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*

*LinkedIn*

--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*

--

*LinkedIn*



Christina, What is a package report drop-off. You said it. Don't you remember what you are claiming????

**ScreenShot Tool -20250331203609.png**
**146K**

**Texts Angela No Permision Barresi Publish ( (3)-merged (1).pdf**
**634K**

**Notarized - Ian Herndon DECLARATION WITNESS (1).pdf**
**1234K**

**Notorized - Molly Beaton DECLARATION.pdf**
**293K**

**Subpoena Angela Meador Witness - Hewell restraining case against Defendant (2).pdf**
**414K**

**Cohen Declaration p1 (1).pdf**
**2473K**

**Cohen Declaration p.2 (3) (1).pdf**
**2202K**

**Exhibits Oppose Ex Parte Angela Taft - March 26 2025 - merged (1).pdf**
**12642K**

**Case View 3DSS-25-0000044 Taft v Barresi - Witness Angela Meador.pdf**
**14K**

**Signed_Audio Used by Barresi - Taft and Angela TN Talk - July22 2022.pdf**
**675K**

**Dec 13 Barresi Emails Taft - FRUSTRATED MENTALLY UNSTABLE BE LOCKED UP - In reply to supportive texts to Angela requotes.pdf**
**205K**

**PROTECTION NOTICE FOR ANGELA MEADOR AS FEDERAL WITNESS**

**Re: Angela Meador - Protected Witness in Federal Civil Rights Litigation**

**TO: MARTON PAUL CSOKAS**
**1130 5th AVE, VENICE, CALIFORNIA 90291**
**Phone: (424) 901-3738**
**Email: csokasm@gmail.com**

**DEMAND TO CEASE ALL RETALIATION**

This letter serves as a formal demand that you, Marton Csokas, immediately cease and desist from any retaliation against Angela Meador or the use of any private personnel against her after the assaults you perpetuated against her, as such actions are against the law and constitute witness intimidation, violations of laws, stalking, and obstruction of justice.

This letter serves as formal notice that Angela Meador is a protected witness who has been subpoenaed in Case No. 5:24-cv-01930-TJH-DTB in the United States District Court for the Central District of California. I am aware that you have implemented unethical and illegal tactics to interfere with Ms. Meador's testimony. Meador has been granted police protection since March and April 2025, including documentation of restrictions of Meador's speech and fears for her life due to the initial assaults and retaliation by Marton Csokas "Mr. X" and any further actions by Csokas will continue to be documented to law enforcement.

**Documented Pattern of Violence and Retaliation by Marton Csokas Against Angela Meador**

The federal complaint details extensive allegations of systematic violence and ongoing retaliation perpetrated by Marton Csokas against Ms. Angela Meador. In April 2015, Csokas allegedly initiated contact with Meador through deceptive means, luring her to New Orleans under false pretenses. The complaint describes a horrific three-day assault and captivity ordeal where Csokas overpowered with a substance of Meador, physically confined her by locking multiple doors to prevent escape, subjected her to physical assault and violence, rape, and sexual assault, caused serious bodily injury by cutting her leg, forced her confinement in small spaces, and filmed these assaults without consent while she was stripped and helpless.

Following the alleged assault, Csokas implemented a systematic campaign of intimidation and surveillance designed to silence Meador and prevent her from reporting these crimes. The retaliation began before Meador was even released from the hospital and continued "almost every day" for "the first year and a half to the two years." This campaign included explicit death threats, the use of armed associates who pointed guns at her head and threatened to kill her if she spoke about the assault, private investigators conducting surveillance who called saying "We're tracking your phone" and "we know you're here at this place right now," and coordinated harassment designed to maintain control over Meador.

The complaint indicates this violence is part of a broader pattern affecting "like 14 other girls," with international scope including recent incidents where victims in Italy and England have

reported similar violent assaults, drugging, and gun threats by Csokas. The ongoing intimidation has forced Meador to completely alter her identity and living situation, stating "I don't want them to find me," and has derailed her modeling and music career.

Recent evidence from March 2025 confirms that surveillance and intimidation continue to this day. Licensed private investigator Heather Cohen observed Meador as "visibly shaken" and "quite scared" during an interview, with technical interference suggesting electronic surveillance countermeasures being employed to disrupt documentation of her statements.

**Vital Claims for Relief Under California Law**

Ms. Meador possesses vital claims for relief under AB 2777, also known as the Sexual Abuse and Cover-Up Accountability Act, which provides extended statutes of limitations for sexual assault victims and specifically addresses institutional cover-ups and retaliation. The documented pattern of violence, systematic intimidation, and ongoing surveillance by Csokas and his associates directly interferes with Meador's ability to pursue these legal remedies and her constitutional right to access the courts. The continued monitoring and interference with her ability to communicate and provide testimony constitutes obstruction of justice and witness tampering.

Given that Ms. Meador has viable civil claims against Csokas and the documented evidence of ongoing intimidation designed to prevent her from exercising her legal rights, Marton Csokas is hereby warned to immediately cease all surveillance, monitoring, intimidation, and interference with Ms. Meador's communications, testimony, and legal proceedings.

**Federal Witness Protection Statutes**

You are hereby advised that it is illegal and a violation of Federal law to "knowingly use intimidation, threats, or corruptly persuade another person, or engages in misleading conduct towards another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding." See 18 U.S. Code § 1512(b)(1). Yet, you have tampered with a witness and an assault victim in order to "withhold testimony, or withhold a record, document, or other object, from an official proceeding." Your conduct violates 18 U.S. Code § 1512(b)(1)(2) - Tampering with a witness, victim, or an informant.

Your actions are also in violation of 42 U.S. Code § 3617 - Interference, coercion, or intimidation, because you used coercive tactics to scare Ms. Meador into not cooperating in my case as a witness, knowing that her truthful attestation would aid me in the exercise of my rights. Moreover, your actions violate Tennessee law as well. See TN Code § 39-16-507 (2024), which specifically states that it is a Class D Felony, to "by means of coercion, influences or attempts to influence a witness or prospective witness in an official proceeding with intent to influence the witness to:

(1) Withhold any truthful testimony, truthful information, document or thing; or (2) Elude legal process summoning the witness to testify or supply evidence, or to be absent from an official proceeding to which the witness has been legally summoned."

**Documented Pattern of Harm to Ms. Meador**

The federal complaint details extensive allegations of harm suffered by Ms. Meador at the hands of Marton Csokas, including a three-day kidnapping and assault in New Orleans in April 2015, followed by years of wrongful systematic intimidation designed to prevent her from reporting these crimes. Ms. Meador's communication regarding this pattern of violence and subsequent wrongful retaliation is essential.

The ongoing surveillance and intimidation of Ms. Meador, as evidenced by recent interviews where she appeared "visibly shaken" and "quite scared," along with technical interference suggesting electronic surveillance countermeasures, demonstrates that efforts to silence her continue to this day. Any further attempts to intimidate, threaten, or prevent Ms. Meador from providing truthful testimony will be prosecuted to the fullest extent of federal and state law.

Additionally, between 2022-2025, there have been repeated unauthorized disclosures of recordings involving Ms. Meador and wrongful repeated contact with her, demonstrating a continued pattern of harassment and intimidation designed to prevent her from exercising her legal rights and providing testimony. These actions violate California Penal Code § 632, which makes it illegal to record confidential communications without the consent of all parties, California Penal Code § 637.2, which provides civil remedies for such violations, and 18 U.S.C. § 2511 (Federal Wire-Tapping Law), which prohibits the interception of wire, oral, or electronic communications, particularly when such recordings are used for coercive purposes. Defendant Paul Barresi has repeatedly broken these laws through unauthorized recordings and disclosures, and Csokas will face liability if he continues to retaliate against Ms. Meador in any way. These actions constitute ongoing violations of federal witness protection statutes and will be prosecuted accordingly.

**Warning Against Further Intimidation**

This notice serves as a formal warning that Ms. Meador is under federal protection as a witness whose testimony is material to ongoing civil rights litigation. Any person who attempts to interfere with her testimony, intimidate her, or prevent her cooperation with federal authorities will face immediate prosecution under federal witness tampering statutes, which carry penalties of up to 20 years imprisonment.

Law enforcement agencies have been notified of the protection status of this witness, and any suspicious activity or attempts at contact will be immediately reported to federal authorities.

**CONCLUSION**

Accordingly, I demand that you immediately cease and desist from contacting Angela Meador by private personnel, intermediaries, or third parties acting on your behalf, or via any other means, whether in person, by phone, email, social media, or through surveillance. This includes any direct or indirect contact, intimidation, harassment, unconsented telephone or video recordings, unauthorized disclosures of recordings or other materials, surveillance, or attempts to gather information about Ms. Meador through associates, personnel, or other intermediaries.

You are hereby ORDERED to immediately and permanently:

1. **CEASE** all surveillance, monitoring, tracking, or observation of Ms. Angela Meador by yourself, intermediaries, or any third parties acting on your behalf, including but not limited to private investigators, associates, or other intermediaries; directly or indirectly;
2. **DESIST** from any and all forms of contact, communication, or attempted communication with Ms. Meador, whether direct or indirect, including through intermediaries, telephone calls, social media, electronic means or any other method; DESIST from any interference or disruptions of interviews of Ms. Meador documenting the assaults you perpetuated and retaliation against her to investigators, police, and courts; DESIST from any interference in Ms. Meador’s life and career;
3. **TERMINATE** all intimidation, harassment, threats, making her “scared to death,” stalking, unauthorized recordings, unauthorized disclosures of recordings, or retaliatory conduct directed toward Ms. Meador or any person associated with her;
4. **DESTROY** any unauthorized recordings, unauthorized recorded telephone calls, unconsented video recordings, photographs, or other materials obtained without Ms. Meador's consent and confirm such destruction in writing within ten (10) days of receipt of this notice. Failure to comply with destruction of these unconsented materials shall be deemed coercive and illegal.

If you do not comply with this cease and desist demand, which must be permanent from this time forward, I will pursue all available legal remedies, including but not limited to seeking criminal charges against you for tampering with a witness by making her “scared to death” and stalking, a referral against you to state and federal authorities, and I will swiftly initiate civil litigation seeking monetary damages, injunctive relief, and an order that you pay court costs and attorney's fees.

I will be continuing to report to federal and local law enforcement to protect Ms. Meador hereto.

Your liability and exposure under such legal action could be considerable.

This letter serves as formal notice of our position and our intent to protect Ms. Meador's safety and legal rights. I strongly advise you to govern yourself accordingly.

I expect your written confirmation of compliance with these demands immediately upon receipt of this correspondence.

Sincerely,

/s/ *Christina Taft*

CEO of Rescue Social Inc

Plaintiff in proceedings against Defendant Paul Barresi and Does 1-10



ALL victims matter,
and their truth should be told;
Stop judging based on a body,
and just look at their soul.
Domestic violence
can be physical,
sexual or emotional
abuse.

Tribute to Johnny Depp | Because You're a Man | Emotional Song Against Abuse Song by Angela Gayle
eHacker
Join
Subscribe
350
Share
3,342 views Jul 20, 2020
Tribute to Johnny Depp | Because You're a Man | Emotional Original Song by Angela Gayle
Angela's Twitter here: / angelagayle01 (Give her a follow and some support!)
My Patreon! Starting at $1.00! https://www.patreon.com/user?u=11797644
MY TWITTER: @EnterHacker
MAIL ME: campsmithmedia@gmail.com
https://chesthead.bandcamp.com/releases Chest Head Album Here!
Patreon Channels! CHECK THEM OUT!
the Stove Top Ninja: • Video
Adega's Book: https://www.amazon.com/Evolution-Adeg...
TitozWorld Channel: • Spiderman: Disney vs Sony / Star Wars IX / ...
Teresa Martin: / @mrsmartinmuses
TEE SPRING! I have merch. Prices are standard TeeSpring for now.
https://teespring.com/stores/hacker-g...
Transcript
Follow along using the transcript.
Show transcript
eHacker
Videos
About
Patreon
Twitter
Show less
154 Comments
Sort by
Add a comment...
Pinned by @EnterHacker
@EnterHacker
Angela sent me this song and I was pretty impressed! Give her a follow on Twitter for more info or if you wanna know about the song! https://twitter.com/AngelaGayle01
Reply
1 reply
@ChristinaTaft
This is a beautiful song of men and women being equal as well as against abuse, including being against financial abuse. The lyrics are comforting, although it would have been nice if without the media. I'm glad you supported Angela Gayle
Reply
1 reply
@EnterHacker
I agree! Thanks for checking it out!
Reply
@pamelodeda
You know he feels the support of the people when he enters the court building. He touches his heart with his hand. He can feel our support and I hope he wins big and that the world understands that even men can be victims of abuse at the hands of the ones they love.
Reply
@humility1st
Angela Gayle beautiful! Thank you! Thanx Entertainment Hacker!
Reply
1 reply
@arielleagolas4506
Absolutely beautiful
Reply

All
Watched
Katy Perry - Lost (live at Hollywood Palladium)
Mix - Nicole Arbour- HANDS UP
Sean P DIDDY TRIAL LIVE!! Former Assistant & "Drug Mul...
Turned back for a cat, and she just hopped into the bag herself!
Conservatives Shouldn't Fear Social Media Censorship (Pt. ...
WHO TO TRUST?
A Tribute to GRACE KELLY
Latest On The Johnny Depp and Amber Heard Trial | This...
ROC Nation CEO *FULL LAWSUIT* Reading (..daughter...
Katy Perry - Waking Up In Vegas (Official)
Nicole Arbour- Biddi Bum
R KELLY 'OVERDOSED' IN SOLITARY CONFINEMENT?
Katy Perry - Waking Up In Vegas (Live at SXSW)
A man saw a cat dragging a heavy bag —what lay inside wa...
JAY-Z & DIDDY Case Major *UPDATES* ( ..Jane Doe &...
Love Yourself
Natalie Wood and Steve McQueen - Love with the Prop...
Katy Perry - Roar | Coronation Concert at Windsor Castle -...
Trent Maxwell Nearly Died Becoming a Bondi Rescue...
Nearly Died On Live TV
Katy Perry - Making of the "Roar" Music Video
Tess & Oliver [Green Arrow] URA Fever
Live with Nicole Arbour: Calling Out Candace Owens and...
LIVE WITH NICOLE ARBOUR
Katy Perry Live Concert Set (SXSW)
Running Into Three Kittens



5:37
5G 14
X
Formerly Twitter

Post
Paul Barresi
@PaulBarresi1
Follow

Near completion of my new book on how I prevented Hollywood Golden Age legendary actors like Marlon Brando, Audrey Hepburn & Grace Kelly after death from becoming the subject of unwanted scandal. No title yet but it promises to be a class act page-turner.

Last edited 9:44 PM · Jun 18, 2025 · **271** Views

1
1
20
1
x.com



<taftchristina.ceo@gmail.com>

<awaldman@theendeavorgroup.com>

# EXHIBIT 17

Subpoena to T-Mobile for Angela Gayle Meador's phone content – *Christina Taft v. Javonti Thomas* – Case No. 2DSC-25-0000091 – Subpoena for Angela Gayle Meador's phone contents, and accompanying memo

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

☐ SUBPOENA OR ☑ SUBPOENA DUCES TECUM; EXHIBIT A

Form #2DC49

IN THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
STATE OF HAWAI'I

FILED DISTRICT COURT OF THE SECOND CIRCUIT
2025 JUN 25 P 1:53
D. SIONE

Electronically Filed
SECOND CIRCUIT
2DSC-25-0000091
25-JUN-2025
01:53 PM
Dkt. 15 SDT

Reserved for Court Use

Plaintiff(s)
CHRISTINA TAFT

Civil No. 2DSC-25-0000091

Defendant(s)
JAVONTI THOMAS
aka JRT MEDIA PLANNING

Filing Party(ies)/Filing Party(ies)' Attorney (Name, Attorney Number, Firm Name (if applicable), Address, Telephone and Facsimile Numbers)
Christina Taft, Pro Se
869 Mahealani St
Kihei, Hawaii 96753
212-718-1003

Name and Address of Witness:
T-Mobile USA, Inc. Agent of Service
c/o Corporation Service Company
1003 Bishop Street, Suite 1600
Pauhi Tower, Honolulu, Hawaii 96813

Date & Time: July 21, 2025 at 1:30pm

Location To Appear:
Hearing: 2145 Main Street, Courtroom 3D, Third Floor, Wailuku, Hawaii 96793
Email: taftchristina.ceo@gmail.com

☐ SUBPOENA OR ☑ SUBPOENA DUCES TECUM

THE STATE OF HAWAI'I TO ANY OFFICER AUTHORIZED BY LAW TO SERVE SUBPOENAS IN THE STATE OF HAWAI'I

YOU ARE COMMANDED to subpoena the individual named above.

This subpoena/subpoena duces tecum shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above-entitled Court permits, in writing on this subpoena/subpoena duces tecum, personal delivery during those hours.

TO THE WITNESS

YOU ARE COMMANDED to appear at the time and place indicated to testify as a witness on behalf of the

☑ PLAINTIFF(S) ☐ DEFENDANT(S)

who shall be responsible to provide you with a fee for attendance and mileage allowed by law.

☑ You are further ordered to bring with you the items listed in Exhibit A.

☐ You are required to designate a representative of your organization to testify for the organization on the following matters:

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT.**

Date: JUN 25 2025

Clerk of the above-entitled Court

In accordance with the **Americans with Disabilities Act,** and other applicable State and Federal laws, if you require an accommodation for your disability when working with a court program, service, or activity please contact the District Court Administration Office at PHONE NO. 244-2800, FAX 244-2849, or email adarequest@courts.hawaii.gov at least (10) working days before your preceeding, hearing, or appointment date. For Civil related matters, please call 244-2706 or visit the Service Center at 2145 Main Street, Room 141A, Wailuku, Hawai'i 96793.

SUBPOENA.X
2D-P-263 (Rev 7/28/2017)
RG-AC-508 (8/17)

I certify this is a full, true, and correct copy of the original on file in this office.

Clerk, District Court of the above Circuit, State of Hawai'i

**EXHIBIT A**

***REVISED* SUBPOENA DUCES TECUM FOR PRODUCTION OF PHONE RECORDS**

**Case No.:** 2DSC-25-0000091
**Related Case:** 3DSS-25-0000044 (Restraining Order Matter)

---

**TO:** T-Mobile USA, Inc. Powertel Nashville
**Legal & Emergency Response Department**
4 Sylvan Way
Parsippany, N.J. 07054
Email: lerinbound@t-mobile.com
Phone: (973) 292-8911
Fax: (973) 292-8697

***YOU ARE COMMANDED TO PRODUCE PHONE RECORDS:***

Pursuant to Rule 45 of the Hawai'i Rules of Civil Procedure (HRCP) and all applicable statutes, you are directed to produce and provide copies of the following phone records, documents, and electronically stored information, pertaining to the **T-Mobile account associated with phone number (615) 423-4768** registered to **Angela Gayle Meador** in Nashville, Tennessee.

**This request seeks the remaining 12 months of T-Mobile's available 24-month record retention period (June 2023 to June 2024), plus the most recent month, to complete the full documentation needed for critical protection from stalking activities, fear for safety and life, and retaliation to help Meador and Taft that T-Mobile has already begun providing.**

---

**DOCUMENTS REQUESTED**

**Call Detail Records (CDRs) -** All incoming and outgoing calls, including timestamps, duration, originating and terminating numbers for phone number **(615) 423-4768** for the timespan between year **June 1, 2023 to June 30, 2024** and the recent month **May 28, 2025 to June 28, 2025**.

These additional **2023-2024 records** are essential to complete the documentation of 24 months, as T-Mobile has already provided records of the most recent year in request ID 5691938.

**Text Message Logs -** Records of all sent and received SMS/MMS messages with phone number **(615) 423-4768**, including timestamps and recipient/sender numbers for the same time periods.

---

**EXPANDED TIME PERIOD JUSTIFICATION**

The requested **additional 12-month period (June 1, 2023 to June 30, 2024) plus recent month (May 28, 2025 to June 28, 2025)** is necessary and reasonable for the following legal reasons:

1. **Immediate Necessity for Protections and Reports:** Not only for this case, Plaintiff has sent the given phone records from T-Mobile already to San Bernardino Sheriffs for Case Number RCR2506114 to protect both and to where Meador resides for police protection.

2. **Ongoing Safety Concerns:** The records are essential to document the scope and frequency of communications related to ongoing safety concerns in connection with **Taft v. Barresi, et al.** (Case No. 3DSS-25-0000044), where protective restraining orders were issued pursuant to HRS § 604-10.5. These safety concerns extend to harassment of publicist Javonti Thomas and music performer Angela Gayle Meador, whose phone records may reveal the extent of unwanted contact and interference with their professional activities in the entertainment industry.

3. **Professional Relationship Context:** The timeframe encompasses the period during which professional relationships in the film, music, and arts industries were disrupted, as detailed in the underlying litigation involving publicist services and client relationships.

4. **Complete Timeline Documentation:** The additional 12-month period will establish when this one-sided monitoring campaign began and document its escalation pattern. The 2023 and beginning of 2024 records are vital, as escalations occurred between July 2023, October 2023, December 2023 to January and February 2024. Angela Gayle expressed "coming out of hiding" in September 2023 that was then curtailed by Defendants.

5. **T-Mobile Retention Period Utilization:** T-Mobile retains call detail records for 24 months. This request captures the complete available timeline.

6. **Current Activity Assessment:** The most recent month will document ongoing harassment despite prior restraining orders in the related case 3DSS-25-0000044.

---

## CRITICAL PHONE RECORDS EVIDENCE ALREADY DISCOVERED

T-Mobile has already provided comprehensive phone records for Angela Gayle Meador covering May 28, 2024 to May 28, 2025, which revealed **alarming evidence of systematic stalking and harassment** by Paul Barresi (phone identity 19086565712) targeting both Angela Meador (music performer) and connected to harassment of Plaintiff Christina Taft and publicist Javonti Thomas. However, it's critical for the full 24 months of records for proper response.

**Documented Stalking Pattern from Existing Records from Previous Request:**

- **297 incoming calls** from Defendant Paul Barresi (19086565712) to Angela Meador, with outgoing only twelve which demonstrates one-sided monitoring and stalking behavior

- **March 31, 2025: 26 calls in a single day** from Defendant Barresi to Meador - the day Meador required police witness protection and a server could not provide a subpoena for Meador to communicate. Plaintiff had supported Meador in obtaining this police protection, as Meador had needed such protection for years due to stalking and other violations, including unauthorized disclosures leading to fear for life and being held against ones will, that harmed autonomously living, speech, and having a music career

- **April 14, 2025: 9 calls** from Defendant Barresi to Meador on the date process servers attempted witness service in the overlapping restraining order case (3DSS-25-0000044)

**Entertainment Industry Professional Harassment:**

The pattern shows systematic targeting of entertainment professionals including Angela Gayle Meador (music performer and victim), Christina Taft (Plaintiff), and publicist Javonti Thomas (defendant in related case), demonstrating coordinated interference with multiple arts industry relationships across overlapping legal proceedings in both this case (2DSC-25-0000091) and the restraining order matter (3DSS-25-0000044).

---

## LEGAL AUTHORITY AND ENHANCED JUSTIFICATION

**A. Statutory Authority** This revised subpoena is issued pursuant to:

- Rule 45 of the Hawai'i Rules of Civil Procedure
- Hawai'i Revised Statutes (HRS) § 621-1
- HRS § 604-10.5 (restraining order provisions)
- HRS § 586-4 to 5.5 (protective order statutes)

**B. Compelling Need for Complete Stalking Documentation** The phone records are essential for:

1. **Systematic Stalking Evidence:** T-Mobile's existing records document 308 calls in 12 months, with concentrated harassment (26 calls on March 31st, 9 calls on April 14th). The additional 12-month period will show the complete pattern and origin of this stalking campaign.
2. **Entertainment Industry Harassment Network:** Documentation will reveal coordinated harassment affecting multiple professionals in the music and entertainment industry:
    - **Angela Gayle Meador** (music performer and stalking victim for 3 years)
    - **Christina Taft** (Plaintiff and stalking victim for 3 years)
    - **Javonti Thomas** (publicist whose professional reputation and client relationships are vulnerable to stalking behaviors, making documentation of such conduct essential)
3. **Pattern Evidence:** Phone records are essential to establish patterns of unwanted communication that constitute harassment, abuse, threats, and intimidation as prohibited under Hawaii's protective order statutes, and to document interference with court proceedings, preventing effective service of legal documents and interfering with witness testimony.









more information; however, since you are not logged in, our access is limited. I appreciate your understanding.

Okay I understand. However, I need the right information on a phone subpoena. Do I provide it to the agent of service for T Mobile and (Powertel Nashville).

She's never changed her phone number in decades, maybe it was her family's tradition. However yes, the police should tell her to change her phone number. I will ask them to do that but I'm far away in another state.

Since her number is recognized by our T-Mobile system, we are able to assist her with the number change and any other related requests.

Okay thank you. Can I serve the subpoena in my local state or to her local T Mobile or T Mobile headquarters? I need this information against the man stalking her and us.

Delivered

I would be happy to assist you, but I am not fully equipped to answer your question. I recommend reaching out to our team over the phone, as they may be able to provide the information you need. Alternatively, you may be referred to the Legal and Emergency Response (LER) department for further assistance.

+

C

Exhibit A – Subpoena Duces Tecum to Legal and Emergency Team for Phone Records at T-Mobile

4:16

T-Mobile

She's with POWERTEL Nashville but I do not see an active company for that. It looks like it was bought by T Mobile

Could you please provide her mobile number?

+1 (615) 423-4768

Thank you for providing this information. To assist her further, could she please call us at 611 or 1-800-937-8997? We are committed to helping her to the best of our ability and will provide you with any necessary information you may need.

Is this phone number with T Mobile with Powertel Nashville?

As you are currently not logged in, our access is limited. However, once she calls in, we will have enhanced coverage and tools available to assist you better.

This is the T-Mobile Hotline, and it has successfully recognized your friend's number.

Thanks I appreciate your help. Can my process server deliver a Subpeona to T Mobile for this phone number? Do I need to state on the subpoena that she and I are being stalked?

Delivered

Message T-Mobile

Filed in Open Court
Date and Time: June 16, 2025(2:00 pm)
Clerk: T. Walaleale

IN THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
STATE OF HAWAI'I

Christina Taft

Plaintiff(s),

vs

Javonti Thomas

Defendant(s).

Civil No.: 2DSC-25-0000091

ORDER FOR CONTINUANCE;
CERTIFICATE OF SERVICE

**ORDER FOR CONTINUANCE**

NOTICE OF HEARING having been issued by this Court and the same having been returned unserved,

IT IS HEREBY ORDERED that the said NOTICE OF HEARING be re-set to 07/21/25 at 1:30 P.M. in the Wailuku District Court, Courtroom 3D, 2145 Main Street, Wailuku, Maui

Dated: Wailuku, Hawai'i, 06/16/25.

LS

Judge of the Above-Entitled Court
ANNALISA M. BERNARD LEE

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

T. Walaleale
Clerk, District Court of the Second Circuit

Exhibit A – Subpoena Duces Tecum to Legal and Emergency Team for Phone Records at T-Mobile

---

**EXHIBIT 18**

Order to Strike Documents from the record – *Christina Taft v. Paul Barresi, Adam R. Waldman, et. al* – Case No. 5:24-cv-01930-TJH (DTB) – Court struck subpoenas created by Christina Taft for signing as an attorney and for requesting inappropriate content

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

CLEAR FORM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina Taft, PLAINTIFF(S) v. Paul Barresi, et al DEFENDANT(S). | CASE NUMBER 5:24-cv-01930-TJH-DTB |
| | **ORDER STRIKING FILED DOCUMENTS FROM THE RECORD** |

WHEREAS, the documents listed below are deficient for the following reason(s): Pursuant to Fed.R.Civ.P. 45(a)(3), only the Clerk of Court or an attorney authorized to practice in this Court may issue a subpoena. Plaintiff has signed the subpoena despite the fact that she is not an attorney authorized to practice in this Court, in violation of Rule 45(a)(3). In addition, Docket No. 77 appears to be duplicative of Docket No. 76.

IT IS HEREBY ORDERED that the documents shall be stricken from the record and shall not be considered by the Court:

| **Document Entitled** | **Filed** |
|---|---|
| Request for Clerk to Issue Subpoena (Docket No. 76) | 06/21/2025 |
| Request for Clerk to Issue Subpoena (Docket No. 77) | 06/21/2025 |

IT IS FURTHER ORDERED that the documents shall not be returned to the filing party; however, the Clerk shall note on the case docket that the documents are stricken from the record.

June 27, 2025
Date

United States Magistrate Judge

# EXHIBIT 19

CaseView Summary – *Christina Taft v. Javonti Thomas – Case No. 2DSC-25-0000091 – Christina Taft deemed a vexatious litigant*

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

# PRINTABLE CASE VIEW

**Generated: 23-JUL-2025 06:21 PM**

**Search Criteria: Case ID or Citation Number: 2DSC-25-0000091**

**1 record(s) total**

| | | |
|---|---|---|
| **Case ID:** 2DSC-25-0000091 - Christina Taft v. Javonti Thomas<br>**Type:** SC - Small Claim<br>**Status:** ACTIVE - Active Case<br>**Last Updated:** 21-Jul-2025 | **Filing Date:** MONDAY, MAY 19, 2025<br>**Court:** SECOND CIRCUIT<br>**Location:** WAILUKU DIVISION | |

**Related Cases**

No related cases were found.

**Case Parties**

| Seq # | Assoc | End Date | Type | ID | Name / Aliases |
|---|---|---|---|---|---|
| 1 | | | Plaintiff | @6755147 | Taft, Christina |
| 2 | | | Defendant | @6755154 | Thomas, Javonti<br>*Planning, JRT Media* |

**Bail / Bond Information**

No Bails were found.

**Events**

| Event | Parties | Date | Time | Room | Location | Judge | Appearance Disposition |
|---|---|---|---|---|---|---|---|
| Jury Waived Trial | Christina Taft - Plaintiff | 08/18/2025 | 13:30:00 | Wailuku Courtroom 3D | WAILUKU DIVISION | Bernard Lee , Annalisa | |
| Jury Waived Trial | Christina Taft - Plaintiff | 07/21/2025 | 13:30:00 | Wailuku Courtroom 3D | WAILUKU DIVISION | Bernard Lee , Annalisa | CON-Continued |
| Jury Waived Trial | | 06/16/2025 | 13:30:00 | Wailuku Courtroom 3D | WAILUKU DIVISION | | CON-Continued |

**Dockets**

| Docket # | Date | Docket | Document Name | Parties | Filing Party |
|---|---|---|---|---|---|
| 1 | 05/19/2025 | Statement-Claim And Notice | | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | Taft, Christina |
| 3 | 05/19/2025 | Document | (GRANTED) Request for Exemption from Small Claims Online Dispute Resolution (ODR) Pilot Project | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | |

| | | | | | |
|---|---|---|---|---|---|
| 5 | 05/19/2025 | Payment Due to Court | | Christina Taft - Plaintiff | |
| 7 | 05/28/2025 | Subpoena Duces Tecum | Sealed | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | Taft, Christina |
| 9 | 05/28/2025 | Payment<br>Payment by Credit Card-Civil in the amount of $35.00 by PLT - Taft, Christina (6755147) | | Christina Taft - Plaintiff | |
| 10 | 05/30/2025 | Service-Return/Acknowledgement | RETURN OF SERVICE; ACKNOWLEDGEMENT OF SERVICE<br><br>T-MOBILE USA, INC. C/O CORPORATION SERVICE COMPANY WAS SERVED ON 5/29/2025 AT 01:27PM WITH SUBPOENA DUCES TECUM; EXHIBIT A BY TAD OIE. | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | Taft, Christina |
| 12 | 06/16/2025 | Order Re: Continuance | | Christina Taft - Plaintiff | |
| 14 | 06/16/2025 | Minutes<br>Plaintiff- present via zoom<br>Defendant- not present, not served<br>Continued for Service on 07/21/25 at 1:30pm pending service | | All Case Parties | PLT Taft, Christina<br>JUDG Bernard Lee , Annalisa<br>CLK Waialeale, Teagan<br>JDG Bernard Lee , Annalisa |
| 15 | 06/25/2025 | Subpoena Duces Tecum | Sealed | Christina Taft - Plaintiff | |
| 17 | 06/27/2025 | Document<br>Physical Exhibit (Disk Mailer, Tracking #5691938) forwarded to District Court Clerks office. | Records Request/Subpoena Duces Tecum | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | |
| 19 | 06/30/2025 | Return of Service<br>Ex Offico Filing | Return of Service; Acknowledgment of Service/R.Davidson/nr | Christina Taft - Plaintiff | |
| 21 | 07/01/2025 | Service-Return/Acknowledgement | RETURN OF SERVICE; ACKNOWLEDGMENT OF SERVICE | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | Taft, Christina |
| 23 | 07/10/2025 | Subpoena Duces Tecum | SUBPOENA DUCES TECUM; EXHIBIT A | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | |
| 25 | 07/14/2025 | Return of Service | Return of Service Re: Subpoena Duces Tecum; Exhibit A; Order for Continuance Re: At&T Corp. C/O C T Corporation System | Christina Taft - Plaintiff | |
| 27 | 07/16/2025 | Order | Sua Sponte Order Setting Aside Issuance of Subpoenas Duces Tecum; Certificate of Service | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | |
| 29 | 07/16/2025 | Notice | Notice of Ex-Parte Communication; Certificate of Service | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | |

| 31 | 07/16/2025 | Notice | Notice of Ex-Parte Communication; Certificate of Service | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | |
|---|---|---|---|---|---|
| 33 | 07/18/2025 | Proposed | [PROPOSED] PLAINTIFF'S EX PARTE MOTION TO STRIKE UNAUTHORIZED DECLARATION; FOR PROTECTIVE ORDER; TO VACATE SUA SPONTE ORDER (DKT. 27); MEMORANDUM OF LAW; DECLARATION; EXHBITS A-C; AND CERTIFICATE OF SERVICE | Christina Taft - Plaintiff<br>Javonti Thomas - Defendant | |

| | | | | | |
|---|---|---|---|---|---|
| 35 | 07/21/2025 | Minutes<br>Plaintiff: Present via zoom<br>Defendant: Not Present; Not Served<br>Plaintiff requests more time for service;<br>Plaintiff Sworn in -Court reviews Plaintiff Subpoena Duces Tecum for Phone records of third party- Angela Meador- Dkt 7 and 15.<br>Court orders Plaintiff to show cause why Plaintiff should not be deemed a vexatious litigant by engaging in frivolous discovery tactics and subject to pre-filing order and other relief requested. Court finds defendant filing of Subpoena Duces Tecum to be irrelevant, frivolous and engaging in frivolous discovery tactics Plaintiff did not show court relevance for Subpoena Duces Tecum for Phone Records of third party from June 2023-June 2024<br>Plaintiff did not show court good cause to not be deemed vexatious litigant Plaintiff did not show court that Plaintiff did not file Subpoenas to conduct unnecessary discovery or that Plaintiff engaged in any other tactics that are frivolous, Court allowed Ms. Meador, non-party, to speak today as direct subject of Subpoena Duces Tecum filed in case<br>Court Finds Plaintiff a Vexatious Litigant under 634j(3)- Pertaining to Subpoena Duces Tecum;<br>Court enters pre-filing order prohibiting plaintiff from filing any new litigation in the courts of the state on your own behalf without first obtaining leave from the presiding court where litigation is proposed to be filed;<br>Court Issues monetary sanction in the amount of $100 for citing law that does not exist, paid to the Clerk of the Court Forthwith;<br>Court Finds T-Mobile did not follow | | Christina Taft - Plaintiff | PLT Taft, Christina<br>JDG Bernard Lee , Annalisa<br>CLK Waialeale, Teagan<br>JUDG Bernard Lee , Annalisa |

| | | | | | |
|---|---|---|---|---|---|
| | | court Subpoena Order commanding an agent of T-Moblie to appear in court to hand over the documents- which they did not do-sent via email; Plaintiff ordered to cease from sharing Ms. Meador's information, immediately destroy email from T-mobile of Ms Meadors phone records, personal information, received from Subpoena Duces Tecum completely unrelated to case it was filed in. Plaintiff is not allowed to use records from T-Mobile in Any Way; Plaintiff is not allowed to share records with any third party or persons Plaintiff is not allowed to use records in any other potential filings;<br><br>Plaintiff Request to appeal-Court Advises Plaintiff this is Small Claims case-No right to appeal; Court seals Subpoena Duces Tecum Dockets 7 and 15 due to personal information of Ms. Meador including phone number- from public viewing. Court Advises Plaintiff that if the information is shared after being ordered to destroy it, Plaintiff will be held in contempt of court for failing to abide by court orders. Case continued for service of Defendant to 08/18/25 at 1:30 pm in 3D.<br><br>*Note: order for continuance mailed to plaintiff address stated by Plaintiff on record | | | |
| 36 | 07/21/2025 | Order Re: Continuance | Order for Continuance; Certificate of service | Christina Taft - Plaintiff | |

# EXHIBIT 20

Email sent to Angela Gayle Meador by Christina Taft on June 26, 2025 – Plaintiff sends obtained phone records, and shows that she is disseminating them to multiple people

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

**Christina Taft**

**From:**taftchristina.ceo@gmail.com

**To:**babs481@aol.com

Thu, Jun 26 at 10:28 AM

Dearest Angela,

You are a remarkable, strong woman, and I need you to know that you are protected and deeply cared for. I'm writing with urgent information to help keep you safe.

**Please report the illegal recording of your phone calls immediately:**

- **San Bernardino County Sheriff's Department** (Rancho Cucamonga)
- **Case Number: RCR2506114**
- **Contact: Deputy Szulc and Deputy Acuna** - they are caring officers who will help you
- The District Attorney is already being sent this case for prosecution

**You can also file a Courtesy Report** with your local Goodlettsville Police, and they will forward it to the appropriate jurisdiction in Rancho Cucamonga.

Angela, I was deeply traumatized learning about the extent of Barresi's harassment - hundreds of calls, you shaking and afraid. My heart breaks knowing what you've endured. Please don't be afraid anymore. **You are a protected victim and witness.**

I'm so sorry I didn't understand the full background when we spoke in 2022. I had no idea what you had been through since 2020. Please forgive my lack of understanding, and I pray for your healing and peace.

**Critical concern:** Barresi likely has illegal recordings of your phone calls with him through automatic recording apps. This is extremely serious, and I'm very worried for your safety.

**Good news:** T-Mobile has advised they will help you against the ongoing stalking. You have support and protection.

I hope you had a wonderful birthday months ago - I apologize that I wasn't aware of it and was quite stressed at the time. I have cried many times these past months, deeply worried

for you. **My main concern is restoring your livelihood** and seeing you safe and thriving again.

I also need to apologize for disconnecting with you on October 19th. I tried to leave it acknowledging that I knew abuse had occurred to you, and I didn't want to argue with you. I knew Barresi would obtain any further texts I sent, and my frustration was heightened knowing he'd see what I was sending to you - so please be aware some of that was really me knowing he'd see it. I was going through attempted extortion that you witnessed, and I'm grateful you care about stopping financial abuse.

I truly appreciate your care about stopping financial abuse - please remember what a great quality that is to have. **You are a quality person with genuine great character inside.**

**Please, Angela - love yourself and take care of yourself.** You deserve peace, safety, and healing. You are not alone in this.

**Note:** I'm forwarding what I sent to Lt. Matthews and the Deputies with the Sheriff's Department. However, I've covered Deputy Szulc's email to prevent Barresi from sending multiple emails to harm the investigation.

Report this immediately. You are protected. You are loved. You are strong.

With deepest care and concern,

Christina Taft

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*

---------- Forwarded message ---------
From: **Christina Taft** <taftchristina.ceo@gmail.com>
Date: Mon, Jun 23, 2025 at 7:48 PM
Subject: URGENT - Request for Assistance for Victim Angela Meador - Case RCR2506114 - Life Safety Concerns
To: Brian Matthews <bmatthews@goodlettsville.gov>

**URGENT EMAIL TO LIEUTENANT MATTHEWS**

Dear Lieutenant Matthews,

I am writing to provide an urgent update to your case records regarding assault victim Angela Meador, who is in immediate need of protection and assistance.

After reporting to the San Bernardino County Sheriff's Department, I received concerning phone records from T-Mobile that demonstrate the urgent need to help Angela from Paul Barresi's ongoing stalking, as Barresi has constantly been calling Angela apparently hundreds of times. Ms. Meador's life and safety are at serious risk due to ongoing harassment, stalking, and witness intimidation tactics being employed by Paul Barresi, who resides in Rancho Cucamonga, California.

**IMMEDIATE SITUATION AND URGENT REQUEST FOR HELP**

I have reported to the San Bernardino County Sheriff's Department in Rancho Cucamonga against Paul Barresi for his illegal possession and weaponization of an unauthorized phone recording between myself and Angela Meador. **Case Number: RCR2506114**. In this recording, Barresi fixates on disturbing "gun-to-the-head" content and continues to disclose it publicly (most recently on June 30th), which has left Ms. Meador in constant fear for her life.

The attached cease and desist letter to Marton Csokas and the affidavit by licensed investigator Alejandro Hernandez (who interviewed Ian Herndon) detail the horrific nature of the assaults Angela endured and specifically describe the gun assailant who threatened her. Angela is terrified that this person will discover she has spoken about what happened to her.

**CRITICAL EVIDENCE FROM T-MOBILE PHONE RECORDS**

I received very concerning T-Mobile phone records today that provide stark evidence of the ongoing coercion and stalking. The data is alarming:

- **297 incoming calls from Barresi to Angela in only one year** (June 2024 to June 2025)

- **309 total calls between Barresi and Angela**

- **Angela only called him 12 times** - showing the one-sided nature of this harassment

- **On March 26th, 2025 alone, there were 9 calls between them** - all on the same day when I texted Angela once requesting to speak with her

This pattern clearly shows excessive and terrifying surveillance behavior. T-Mobile themselves advised that Angela needs to change her phone number to curtail the stalking.

**CRITICAL CLARIFICATION REGARDING 2025-0218482 INCIDENT REPORT**

**Important correction**: The incident report 2025-0218482 incorrectly states that I called Angela on March 26th. This is not accurate. I sent only **ONE text message** that day stating I was at Lori Mattix's house (who worked for Johnny Depp's sister) and asking if I could please call her later that day (attached evidence).

According to the T-Mobile records, **Barresi called Angela 9 times on March 26th** - not me. I did not actually call Angela until March 30th, and per the subpoena I filed in US District Court, I only called her **4 times total on different days**: March 30th, April 1st, April 12th, and April 14th.

This date reference comes from Complaint Number: 2025-0218482 (content obtained from Barresi's public threats).

**ANGELA'S FEAR AND NEED FOR PROTECTION**

Angela has stated in her ex parte filing that she "received threats that she has evidence of," but she is too afraid to report Barresi directly due to the illegal phone recording and its disturbing gun-related content. Barresi has falsely manipulated her into believing she must depend on him and continue taking his calls, or face wrongful retaliation.

**I worry every day for Angela and have cried many times over these past months.** While I knew the situation was severe, these phone records reveal it's even worse than I realized, showing that Barresi has been repeatedly calling her constantly to monitor her activities. The evidence shows a pattern of systematic intimidation and control.

**URGENT REQUEST FOR ASSISTANCE**

**Please help Angela by informing her that she can report as a victim to:**

- **Deputy Szulc and Deputy Acuna** at the San Bernardino County Sheriff's Department in Rancho Cucamonga, California

- **Case Number: RCR2506114**

- She can file a **Courtesy Report** with Goodlettsville Police, and they can forward it to the appropriate jurisdiction

- The case will be forwarded to the District Attorney

- **California authorities are very likely to help an assault victim** who is afraid due to gun threats and has been mercilessly stalked

**MY INTENTIONS AND CONCERN FOR ANGELA**

For the record, my only intention was to help Angela feel better, feel safe, and no longer be afraid. I advised her years ago to change the identity of the threats in her reports and not to recant what her lived experience was in receiving intimidation. I would never harm or retaliate against Angela, nor would anyone in our support group.

Barresi has weaponized this illegal recording to maintain control over both Angela and myself, creating a situation where an assault victim is too terrified to seek help.

**DETAILS OF ANGELA'S ASSAULT EXPERIENCES**

For context, Angela experienced horrific assaults at the hands of Marton Csokas in New Orleans in April 2015, where she was held against her will for three days, physically assaulted, sexually assaulted, and had her leg cut with a knife causing serious bodily injury. Shortly after returning to Florida, an unidentified assailant held a gun to her head and threatened to kill her if she spoke about what Csokas had done to her. This gun-to-head threat is specifically referenced in the illegal recording that Barresi continues to weaponize against Angela.

Under California law, it is against the law to make someone be silent about misconduct, harassment, or assaults. Both Barresi (who resides in California) and myself (who was in California in 2022 when the recording was made) are subject to these protections. Angela has the legal right to speak about her experiences without being silenced through intimidation or coercion.

**CONCLUSION**

Angela Meador is a victim who desperately needs protection and support to break free from this cycle of intimidation. The T-Mobile phone records provide clear evidence of harassment and stalking behavior that must be addressed immediately.

I respectfully urge you to reach out to Angela and provide her with the information about how she can safely report to the California authorities. Her life and safety depend on getting the proper protection she deserves.

Thank you for your attention to this urgent matter. Please contact me if you need any additional information or clarification.

Respectfully,

Christina Taft CEO, Rescue Social Inc 212-718-1003 taftchristina.ceo@gmail.com

**Attachments:**

- T-Mobile Phone Records (CDR_Mediations_6154234768_17914462.xls)

- Cease and Desist Letter to Marton Csokas

- Affidavit of Alejandro Hernandez

- Text message evidence from March 26th

- Subpoena filed in US District Court

BELOW ARE MY REPORTS TO DEPUTIES AT THE SHERIFF'S DEPARTMENT IN RANCHO CUCAMONGA

---------- Forwarded message ---------
From: **Christina Taft** <taftchristina.ceo@gmail.com>
Date: Sat, Jun 21, 2025 at 7:22 PM
Subject: Re: URGENT - Request for Investigation and Prosecution of Unauthorized Audio Recording Disclosures
To: <ASZULC@sbcsd.org>

Hello Deputy Szulc,

Thank you again for your kindness and attention last week when I reported, and provided more evidence after our interview.

Yesterday (June 20th, 2025) there was another illegal unauthorized disclosure by Defendant Barresi of the illegal recording of my phone call with assault victim Angela Meador, and for more pressuring and coercion of us.

The "gun-to-the-head" content is midway in this disclosure, and in the beginning of it Angela states she doesn't want any posting or disclosures of her content related to the retaliation incidents. Added to this illegal disclosure in Barresi's added text, is about

breakins and pressuring about false criminalizations. Barresi sent this to a person he unconsentedly recorded himself and then just 30 minutes ago disclosed that recording again illegally too, falsely claiming that victim wants unconsented recordings when he also just rebuked being recorded.

I'm most concerned with my vulnerable friend and victim/witness Angela Meador, my voice in this recording being unwantingly used for coercion of her where she cannot have autonomous statements, and her and I's demise from Barresi's coercion.

Further, I just tried to subpoena Angela in my main case where he's defaulting/won't answer, and with this coercion and Barresi holding her like this against her will with this illegal recording forcing statements of her with his use of it and added threats, I can't even communicate with her or serve her.

The link to the disclosure yesterday is here: 2:56 PM · Jun 20, 2025

https://x.com/PaulBarresi1/status/1936181394318999675

Christina Taft

212-718-1003

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*
*LinkedIn*

On Wed, Jun 11, 2025 at 5:11 PM Christina Taft <taftchristina.ceo@gmail.com> wrote:

To Deputy Acuna,

I'm in Rancho Cucamonga to do a report urgently and printed my evidence, I have the original recording device cell phone, and I have a flash drive with the same evidence.

---------- Forwarded message ---------
From: **Christina Taft** <taftchristina.ceo@gmail.com>
Date: Fri, Jun 6, 2025 at 9:12 PM
Subject: Re: URGENT - Request for Investigation and Prosecution of Unauthorized Audio Recording Disclosures
To: <rancho@sbcsd.org>


TO: San Bernardino County Sheriff's Department
**Violations of California Penal Code Sections 632 and 637**
FROM: Christina Taft
DATE: June 6th, 2025
**RE: URGENT - Request for Investigation and Prosecution of Unauthorized Audio Recording Disclosures**
REQUEST FOR CRIMINAL PROSECUTION

URGENT REQUEST FOR ASSISTANCE
Dear Sheriff's Department, I am reporting as the victim of unauthorized disclosures by Paul Barresi in San Bernardino of an illegal phone recording of a conversation between me and Angela Meador. The urgency of this matter is heightened because Angela is an assault victim and Defendant Barresi is fixating on the recording content that discusses a gun being held to the head by an unidentified assailant, weaponizing this traumatic assault content as an ongoing threat. The defendant fixated on this since people alleged he held the gun to her head, and I ask her about the gun to the head in this recording he leverages.
This situation has escalated to where Angela is "scared to death" and was "shaking uncontrollably" as I told to dispatch, and I've been coerced by not wanting harm to her and avoiding the threats, which Barresi leverages. These unauthorized disclosures have escalated so far that police protection was needed for the other victim in my phone call that was recorded (while I was in Los Angeles), and I as the reporting victim have also suffered severe trauma from these repeated violations. Defendant Barresi has been wielding and leveraging this traumatic recording, releasing it as threats, and continues leveraging it to this day with threats of release. He has become fixated on the gun-to-the-head content, using it as psychological warfare against both victims.

I urgently need to know where I can report Barresi for breaking California law through his unauthorized disclosures of an unlawful phone recording between myself and assault victim Angela Meador.

**IMMEDIATE UPDATE:** I called dispatch at 4pm PST today and was told a deputy would call me back, but the deputy has not yet called me. I spoke with Deputy Acuna today at 5pm PST and explained the content of the recording of us (with Angela) discussing her being assaulted (by Csokas), being held hostage 3 days, kidnapping, hit multiple times, stripped, filmed against her will and the unidentified assailant with the gun to the head shortly after the assault. These are unauthorized disclosures and threats. Given the urgent nature of these ongoing criminal violations, I can first report under "threats."

This situation involves 15 documented incidents of criminal violations spanning from December 2024 through October 2022, and to this very day the threat of unauthorized disclosure of the illegal phone call is being wielded by Barresi. I was residing at 5550 Grosvenor Blvd, Los Angeles, California when this unlawful recording was made by me, establishing clear California jurisdiction for prosecution under state privacy laws. Defendant Paul Barresi is located at 9648 Nova Place, Rancho Cucamonga, 91730 where Barresi is repeatedly breaking the law from.

The severity and urgency of this matter is demonstrated by documented distress incidents involving Angela Meador. This situation has caused significant hardship and stress, including stalking behavior by Barresi that escalated to the point where Angela Meador, the vulnerable assault victim in our unlawfully recorded phone call, required police witness protection. I am writing to you following your department's three months of assistance in attempting to serve stalker Paul Barresi with a restraining order.

**EXTREMELY SENSITIVE CONTENT:** The illegal recording contains extremely sensitive and traumatic content about a gun being held to the head by an unidentified assailant, which has caused severe trauma and fear to both Meador and myself. Through showing me the helplessness he was causing to my friend by sending me her text messages where she asked me for help, Barresi has repeatedly conveyed I would have to be falsely charged for the illegal recording and permanently silence myself in order to get the harm from his unauthorized disclosures to stop. Barresi repeatedly shows severe aggression and stalking, demonstrating his deliberate intent to cause psychological harm through exploitation of this traumatic content.

It has become so horrific and devastating, and I have to report these unauthorized disclosures of the phone call to help Angela and myself from Barresi's coercion of using it. I've been so afraid from Barresi's threats that I left the state. My vulnerable friend Angela is

now too afraid to identify who assaulted her (further discussed in this recording) and is too afraid to identify Defendant Paul Barresi as the one doing these threats of unauthorized disclosures and retaliation. I cannot stand for my friend to be continually distressed by these ongoing violations, nor can I continue to be coerced through Barresi's exploitation of this illegally obtained recording. I need to prosecute Barresi for these criminal actions and the substantial harm he has inflicted upon both myself and my vulnerable friend. The repeated violations of our privacy through illegal recording disclosures have created an ongoing pattern of harassment and intimidation that must be addressed through the criminal justice system.

SUMMARY OF VIOLATIONS

I am formally requesting investigation and prosecution of Paul Barresi for multiple violations of California Penal Code Sections 632 (Eavesdropping and unauthorized disclosures) and 637 (Disclosure of Recorded Communications) involving the unauthorized disclosure of confidential audio recordings of conversations between Christina Taft and Angela Meador.

TIMELINE OF CRIMINAL VIOLATIONS (Within 3-Year Statute of Limitations)

The following incidents of unauthorized disclosure occurred within the statutory period for prosecution, organized from most recent:

March-April 2025 - Repeated threats from Barresi occurred; victim Angela Meador required police protection during this period

December 31, 2024 - Most recent unauthorized disclosure incident that led to a declaration made under duress

July-August 2024 - Email disclosures of confidential recordings

January 2024 - Multiple instances of wrongful dissemination

December 31, 2023 - Unauthorized disclosure incident

October 28, 2023 - Continued unauthorized dissemination

October 27, 2023 - Wrongful disclosure of confidential recording

December 31, 2022 - Unauthorized disclosure incident

December 28, 2022 - Wrongful dissemination of recording

December 16, 2022 - Unauthorized disclosure incident

November 2022 - Email disclosures of confidential recordings

October 22, 2022 - Continued unauthorized dissemination

October 15, 2022 - Wrongful disclosure incident

October 14, 2022 - Continued unauthorized dissemination

October 10, 2022 - Early wrongful disclosure incident

October 9, 2022 - Early unauthorized disclosure

APPLICABLE CALIFORNIA PENAL CODE SECTIONS

Penal Code Section 632 (Unlawful recording and unauthorized disclosures):

Prohibits intentional recording of confidential communications without consent of all parties California is a "two-party consent" state requiring all participants' permission The recording device (ACR) was located in California, establishing clear violation of state law

Penal Code Section 637 (Disclosure):

Prohibits disclosure of recorded telephone conversations Applies when disclosing party was not participant in original conversation **KNOWING VIOLATION:** Barresi is fully aware this is an illegal recording as both I and Angela as victims from the phone call have repeatedly pleaded with him that it's illegal, specifically informing him that the device for the recording was in California (ACR). Despite this knowledge, he continues to unlawfully disclose the recording.

CRIMINAL PENALTIES

These violations are "wobbler" offenses that may be charged as misdemeanors or felonies:

Misdemeanor: Up to 1 year county jail and/or $2,500 fine per violation Felony: Up to 3 years imprisonment and/or $2,500 fine per violation Repeat Offender: Up to $10,000 fine per violation

EVIDENCE AVAILABLE

Documentation of disclosure dates and methods

Evidence of ongoing pattern of unauthorized dissemination

Proof that disclosures involved confidential communications

Records showing lack of consent from recorded parties

Text messages from Angela Meador asking for help, which Barresi sent to demonstrate the distress he was causing Evidence of disclosures on YouTube channels and in emails to others (and to me)

Private investigators and police have witnessed the intense shaking and fear that Angela is going through as Barresi repeatedly commits these crimes and holds her seemingly hostage from her own autonomy, and me as well since I'm in this phone call

IMPACT OF VIOLATIONS

The unauthorized disclosure of the sensitive contents of the confidential phone call has resulted in:

Coercion: The defendant has used the illegally obtained recording as leverage to force compliance and extract declarations under duress, constituting criminal coercion through exploitation of private communications containing extremely traumatic content about gun

violence. Too afraid to identify who assaulted her and the defendant, and I'm coerced as well for not wanting harm to her.

Emotional Distress: The repeated unauthorized dissemination of private, sensitive conversations containing traumatic assault details has caused severe psychological harm, anxiety, and mental anguish to the victims whose privacy was violated. The content involves a gun being held to someone's head by an unidentified assailant, making the unauthorized disclosures particularly devastating.

Financial Harm: The wrongful disclosure and exploitation of confidential communications has resulted in measurable economic damages, including but not limited to loss of opportunities, reputation damage, and costs associated with addressing the privacy violations.

REQUEST FOR ACTION

I respectfully request that the San Bernardino County Sheriff's Department:

Initiate a criminal investigation into these violations
Interview relevant witnesses and collect evidence
Forward findings to the District Attorney's Office for prosecution consideration
File appropriate criminal charges based on the evidence
The defendant's repeated violations demonstrate a pattern of willful disregard for California privacy laws and warrant immediate law enforcement intervention.

If you could please provide how I can urgently do a police report about this for an investigation that is urgently needed, I will do what you advise to me.

Contact Information:
Christina Taft
212-718-1003

On Thu, Jun 5, 2025 at 5:35 PM Christina Taft <taftchristina.ceo@gmail.com> wrote:

TO: San Bernardino County Sheriff's Department
**Violations of California Penal Code Sections 632 and 637**
FROM: Christina Taft
DATE: June 5th, 2025
**RE: URGENT - Request for Investigation and Prosecution of Unauthorized Audio**

**Recording Disclosures**

REQUEST FOR CRIMINAL PROSECUTION

URGENT REQUEST FOR ASSISTANCE

Dear Sheriff's Department, I am reporting as the victim unauthorized disclosures by Paul Barresi in San Bernardino of an illegal phone recording of a conversation between me and Angela Meador. The urgency of this matter is heightened because Angela is an assault victim and Defendant Barresi is fixating on the recording content that discusses a gun being held to the head by an unidentified assailant, weaponizing this traumatic assault content as an ongoing threat.

This situation has escalated to where Angela is "scared to death" and was "shaking uncontrollably" as I told to dispatch, and I've been coerced by not wanting harm to her, which Barresi leverages. These unauthorized disclosures have escalated so far that police protection was needed for the other victim in my phone call that was recorded, and I as the reporting victim have also suffered severe trauma from these repeated violations.

Defendant Barresi has been wielding and leveraging this traumatic recording, releasing it as threats, and continues leveraging it to this day with threats of release. He has become fixated on the gun-to-the-head content, using it as psychological warfare against both victims.

I urgently need to know where I can report Barresi for breaking California law through his unauthorized disclosures of an unlawful phone recording between myself and assault victim Angela Meador.

**IMMEDIATE UPDATE:** I called dispatch at 4pm PST today and was told a deputy would call me back, but the deputy has not yet called me. Given the urgent nature of these ongoing criminal violations, I can first report under "threats."

This situation involves 15 documented incidents of criminal violations spanning from December 2024 through October 2022, and to this very day the threat of unauthorized disclosure of the illegal phone call is being wielded by Barresi. I was residing at 5550 Grosvenor Blvd, Los Angeles, California when this unlawful recording was made by me, establishing clear California jurisdiction for prosecution under state privacy laws. Defendant Paul Barresi is located at 9648 Nova Place, Rancho Cucamonga, 91730 where Barresi is repeatedly breaking the law from.

The severity and urgency of this matter is demonstrated by documented distress incidents involving Angela Meador. This situation has caused significant hardship and stress, including stalking behavior by Barresi that escalated to the point where Angela Meador, the vulnerable assault victim in our unlawfully recorded phone call, required police witness

protection. I am writing to you following your department's three months of assistance in attempting to serve stalker Paul Barresi with a restraining order.

**EXTREMELY SENSITIVE CONTENT:**

The illegal recording contains extremely sensitive and traumatic content about a gun being held to the head by an unidentified assailant, which has caused severe trauma and fear to both Meador and myself. Through showing me the helplessness he was causing to my friend by sending me her text messages where she asked me for help, Barresi has repeatedly conveyed I would have to be falsely charged for the illegal recording and permanently silence myself in order to get the harm from his unauthorized disclosures to stop. Barresi repeatedly shows severe aggression and stalking, demonstrating his deliberate intent to cause psychological harm through exploitation of this traumatic content.

It has become so horrific and devastating, and I have to report these unauthorized disclosures of the phone call to help Angela and myself from Barresi's coercion of using it. I've been so afraid from Barresi's threats that I left the state. My vulnerable friend Angela is now too afraid to identify who assaulted her (further discussed in this recording) and is too afraid to identify Defendant Paul Barresi as the one doing these threats of unauthorized disclosures and retaliation. I cannot stand for my friend to be continually distressed by these ongoing violations, nor can I continue to be coerced through Barresi's exploitation of this illegally obtained recording. I need to prosecute Barresi for these criminal actions and the substantial harm he has inflicted upon both myself and my vulnerable friend. The repeated violations of our privacy through illegal recording disclosures have created an ongoing pattern of harassment and intimidation that must be addressed through the criminal justice system.

SUMMARY OF VIOLATIONS

I am formally requesting investigation and prosecution of Paul Barresi for multiple violations of California Penal Code Sections 632 (Eavesdropping) and 637 (Disclosure of Recorded Communications) involving the unauthorized disclosure of confidential audio recordings of conversations between Christina Taft and Angela Meador.

TIMELINE OF CRIMINAL VIOLATIONS (Within 3-Year Statute of Limitations)

The following incidents of unauthorized disclosure occurred within the statutory period for prosecution, organized from most recent:

March-April 2025 - Repeated threats from Barresi occurred; victim Angela Meador required police protection during this period

December 31, 2024 - Most recent unauthorized disclosure incident that led to a declaration

made under duress

July-August 2024 - Email disclosures of confidential recordings

January 2024 - Multiple instances of wrongful dissemination

December 31, 2023 - Unauthorized disclosure incident

October 28, 2023 - Continued unauthorized dissemination

October 27, 2023 - Wrongful disclosure of confidential recording

December 31, 2022 - Unauthorized disclosure incident

December 28, 2022 - Wrongful dissemination of recording

December 16, 2022 - Unauthorized disclosure incident

November 2022 - Email disclosures of confidential recordings

October 22, 2022 - Continued unauthorized dissemination

October 15, 2022 - Wrongful disclosure incident

October 14, 2022 - Continued unauthorized dissemination

October 10, 2022 - Early wrongful disclosure incident

October 9, 2022 - Early unauthorized disclosure

APPLICABLE CALIFORNIA PENAL CODE SECTIONS Penal Code Section 632 (Eavesdropping):

Prohibits intentional recording of confidential communications without consent of all parties California is a "two-party consent" state requiring all participants' permission The recording device (ACR) was located in California, establishing clear violation of state law

Penal Code Section 637 (Disclosure):

Prohibits disclosure of recorded telephone conversations Applies when disclosing party was not participant in original conversation **KNOWING VIOLATION:** Barresi is fully aware this is an illegal recording as both I and Angela as victims from the phone call have repeatedly pleaded with him that it's illegal, specifically informing him that the device for the recording was in California (ACR). Despite this knowledge, he continues to unlawfully disclose the recording.

CRIMINAL PENALTIES These violations are "wobbler" offenses that may be charged as misdemeanors or felonies:

Misdemeanor: Up to 1 year county jail and/or $2,500 fine per violation Felony: Up to 3 years imprisonment and/or $2,500 fine per violation Repeat Offender: Up to $10,000 fine per violation

EVIDENCE AVAILABLE
Documentation of disclosure dates and methods Evidence of ongoing pattern of unauthorized dissemination Proof that disclosures involved confidential communications

Records showing lack of consent from recorded parties

Text messages from Angela Meador asking for help, which Barresi sent to demonstrate the distress he was causing Evidence of disclosures on YouTube channels and in emails to others (and to me)

Private investigators and police have witnessed the intense shaking and fear that Angela is going through as Barresi repeatedly commits these crimes and holds her seemingly hostage from her own autonomy, and me as well since I'm in this phone call

IMPACT OF VIOLATIONS The unauthorized disclosure of the sensitive contents of the confidential phone call has resulted in:

Coercion: The defendant has used the illegally obtained recording as leverage to force compliance and extract declarations under duress, constituting criminal coercion through exploitation of private communications containing extremely traumatic content about gun violence.

Emotional Distress: The repeated unauthorized dissemination of private, sensitive conversations containing traumatic assault details has caused severe psychological harm, anxiety, and mental anguish to the victims whose privacy was violated. The content involves a gun being held to someone's head by an unidentified assailant, making the unauthorized disclosures particularly devastating.

Financial Harm: The wrongful disclosure and exploitation of confidential communications has resulted in measurable economic damages, including but not limited to loss of opportunities, reputation damage, and costs associated with addressing the privacy violations. Barresi further wanted me to pay him tens of thousands of dollars to make him stop and to silence myself.

REQUEST FOR ACTION

I respectfully request that the San Bernardino County Sheriff's Department:

Initiate a criminal investigation into these violations

Interview relevant witnesses and collect evidence

Forward findings to the District Attorney's Office for prosecution consideration

File appropriate criminal charges based on the evidence

The defendant's repeated violations demonstrate a pattern of willful disregard for California privacy laws and warrant immediate law enforcement intervention.

If you could please provide how I can urgently do a police report about this for an investigation that is urgently needed, I will do what you advise to me.

Contact Information:

Christina Taft

212-718-1003

--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*

*LinkedIn*

--

*Founder & Entrepreneur | Innovator | Egalitarian, Humanitarian*

*LinkedIn*

Download all attachments as a zip file

- A Letter to Deputy Szulc – Second Evidence Submission Summary Case.docx

  20.5 kB

- Print 309 Mostly Incoming Calls Barresi to Angela - T-Mobile.pdf

  498.8 kB

- 309 times Calls Barresi Angela, Most Incoming - CDR_Mediations_6154234768_17914462.xls

1.7 MB

- CDR_Mediations_6154234768_17914462.xls

1.7 MB

- CA MARTON CSOKAS - PROTECTION NOTICE FOR ANGELA MEADOR AS FEDERAL WITNESS.pdf

108.6 kB

- Assaults Content Affidavit of Alejandro Hernandez 24-May-2025 21-40-52.pdf

1.1 MB

- Filed 2 US District Subpoena to Angela Gayle Meador June 21, 2025-compressed.pdf

8.8 MB

# EXHIBIT 21

Cease and Desist Letter sent to unrelated third party with traumatic history

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

Filed: July 25, 2025

**PROTECTION NOTICE FOR ANGELA MEADOR AS FEDERAL WITNESS**

**Re: Angela Meador - Protected Witness in Federal Civil Rights Litigation**

**TO: MARTON PAUL CSOKAS**
**1130 5th AVE, VENICE, CALIFORNIA 90291**
**Phone: (424) 901-3738**
**Email: csokasm@gmail.com**

**DEMAND TO CEASE ALL RETALIATION**

This letter serves as a formal demand that you, Marton Csokas, immediately cease and desist from any retaliation against Angela Meador or the use of any private personnel against her after the assaults you perpetuated against her, as such actions are against the law and constitute witness intimidation, violations of laws, stalking, and obstruction of justice.

This letter serves as formal notice that Angela Meador is a protected witness who has been subpoenaed in Case No. 5:24-cv-01930-TJH-DTB in the United States District Court for the Central District of California. I am aware that you have implemented unethical and illegal tactics to interfere with Ms. Meador's testimony. Meador has been granted police protection since March and April 2025, including documentation of restrictions of Meador's speech and fears for her life due to the initial assaults and retaliation by Marton Csokas "Mr. X" and any further actions by Csokas will continue to be documented to law enforcement.

**Documented Pattern of Violence and Retaliation by Marton Csokas Against Angela Meador**

The federal complaint details extensive allegations of systematic violence and ongoing retaliation perpetrated by Marton Csokas against Ms. Angela Meador. In April 2015, Csokas allegedly initiated contact with Meador through deceptive means, luring her to New Orleans under false pretenses. The complaint describes a horrific three-day assault and captivity ordeal where Csokas overpowered with a substance of Meador, physically confined her by locking multiple doors to prevent escape, subjected her to physical assault and violence, rape, and sexual assault, caused serious bodily injury by cutting her leg, forced her confinement in small spaces, and filmed these assaults without consent while she was stripped and helpless.

Following the alleged assault, Csokas implemented a systematic campaign of intimidation and surveillance designed to silence Meador and prevent her from reporting these crimes. The retaliation began before Meador was even released from the hospital and continued "almost every day" for "the first year and a half to the two years." This campaign included explicit death threats, the use of armed associates who pointed guns at her head and threatened to kill her if she spoke about the assault, private investigators conducting surveillance who called saying "We're tracking your phone" and "we know you're here at this place right now," and coordinated harassment designed to maintain control over Meador.

The complaint indicates this violence is part of a broader pattern affecting "like 14 other girls," with international scope including recent incidents where victims in Italy and England have

reported similar violent assaults, drugging, and gun threats by Csokas. The ongoing intimidation has forced Meador to completely alter her identity and living situation, stating "I don't want them to find me," and has derailed her modeling and music career.

Recent evidence from March 2025 confirms that surveillance and intimidation continue to this day. Licensed private investigator Heather Cohen observed Meador as "visibly shaken" and "quite scared" during an interview, with technical interference suggesting electronic surveillance countermeasures being employed to disrupt documentation of her statements.

**Vital Claims for Relief Under California Law**

Ms. Meador possesses vital claims for relief under AB 2777, also known as the Sexual Abuse and Cover-Up Accountability Act, which provides extended statutes of limitations for sexual assault victims and specifically addresses institutional cover-ups and retaliation. The documented pattern of violence, systematic intimidation, and ongoing surveillance by Csokas and his associates directly interferes with Meador's ability to pursue these legal remedies and her constitutional right to access the courts. The continued monitoring and interference with her ability to communicate and provide testimony constitutes obstruction of justice and witness tampering.

Given that Ms. Meador has viable civil claims against Csokas and the documented evidence of ongoing intimidation designed to prevent her from exercising her legal rights, Marton Csokas is hereby warned to immediately cease all surveillance, monitoring, intimidation, and interference with Ms. Meador's communications, testimony, and legal proceedings.

**Federal Witness Protection Statutes**

You are hereby advised that it is illegal and a violation of Federal law to "knowingly use intimidation, threats, or corruptly persuade another person, or engages in misleading conduct towards another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding." See 18 U.S. Code § 1512(b)(1). Yet, you have tampered with a witness and an assault victim in order to "withhold testimony, or withhold a record, document, or other object, from an official proceeding." Your conduct violates 18 U.S. Code § 1512(b)(1)(2) - Tampering with a witness, victim, or an informant.

Your actions are also in violation of 42 U.S. Code § 3617 - Interference, coercion, or intimidation, because you used coercive tactics to scare Ms. Meador into not cooperating in my case as a witness, knowing that her truthful attestation would aid me in the exercise of my rights. Moreover, your actions violate Tennessee law as well. See TN Code § 39-16-507 (2024), which specifically states that it is a Class D Felony, to "by means of coercion, influences or attempts to influence a witness or prospective witness in an official proceeding with intent to influence the witness to:

(1) Withhold any truthful testimony, truthful information, document or thing; or (2) Elude legal process summoning the witness to testify or supply evidence, or to be absent from an official proceeding to which the witness has been legally summoned."

**Documented Pattern of Harm to Ms. Meador**

The federal complaint details extensive allegations of harm suffered by Ms. Meador at the hands of Marton Csokas, including a three-day kidnapping and assault in New Orleans in April 2015, followed by years of wrongful systematic intimidation designed to prevent her from reporting these crimes. Ms. Meador's communication regarding this pattern of violence and subsequent wrongful retaliation is essential.

The ongoing surveillance and intimidation of Ms. Meador, as evidenced by recent interviews where she appeared "visibly shaken" and "quite scared," along with technical interference suggesting electronic surveillance countermeasures, demonstrates that efforts to silence her continue to this day. Any further attempts to intimidate, threaten, or prevent Ms. Meador from providing truthful testimony will be prosecuted to the fullest extent of federal and state law.

Additionally, between 2022-2025, there have been repeated unauthorized disclosures of recordings involving Ms. Meador and wrongful repeated contact with her, demonstrating a continued pattern of harassment and intimidation designed to prevent her from exercising her legal rights and providing testimony. These actions violate California Penal Code § 632, which makes it illegal to record confidential communications without the consent of all parties, California Penal Code § 637.2, which provides civil remedies for such violations, and 18 U.S.C. § 2511 (Federal Wire-Tapping Law), which prohibits the interception of wire, oral, or electronic communications, particularly when such recordings are used for coercive purposes. Defendant Paul Barresi has repeatedly broken these laws through unauthorized recordings and disclosures, and Csokas will face liability if he continues to retaliate against Ms. Meador in any way. These actions constitute ongoing violations of federal witness protection statutes and will be prosecuted accordingly.

**Warning Against Further Intimidation**

This notice serves as a formal warning that Ms. Meador is under federal protection as a witness whose testimony is material to ongoing civil rights litigation. Any person who attempts to interfere with her testimony, intimidate her, or prevent her cooperation with federal authorities will face immediate prosecution under federal witness tampering statutes, which carry penalties of up to 20 years imprisonment.

Law enforcement agencies have been notified of the protection status of this witness, and any suspicious activity or attempts at contact will be immediately reported to federal authorities.

**CONCLUSION**

Accordingly, I demand that you immediately cease and desist from contacting Angela Meador by private personnel, intermediaries, or third parties acting on your behalf, or via any other means, whether in person, by phone, email, social media, or through surveillance. This includes any direct or indirect contact, intimidation, harassment, unconsented telephone or video recordings, unauthorized disclosures of recordings or other materials, surveillance, or attempts to gather information about Ms. Meador through associates, personnel, or other intermediaries.

You are hereby ORDERED to immediately and permanently:

1. **CEASE** all surveillance, monitoring, tracking, or observation of Ms. Angela Meador by yourself, intermediaries, or any third parties acting on your behalf, including but not limited to private investigators, associates, or other intermediaries; directly or indirectly;

2. **DESIST** from any and all forms of contact, communication, or attempted communication with Ms. Meador, whether direct or indirect, including through intermediaries, telephone calls, social media, electronic means or any other method; DESIST from any interference or disruptions of interviews of Ms. Meador documenting the assaults you perpetuated and retaliation against her to investigators, police, and courts; DESIST from any interference in Ms. Meador's life and career;

3. **TERMINATE** all intimidation, harassment, threats, making her "scared to death," stalking, unauthorized recordings, unauthorized disclosures of recordings, or retaliatory conduct directed toward Ms. Meador or any person associated with her;

4. **DESTROY** any unauthorized recordings, unauthorized recorded telephone calls, unconsented video recordings, photographs, or other materials obtained without Ms. Meador's consent and confirm such destruction in writing within ten (10) days of receipt of this notice. Failure to comply with destruction of these unconsented materials shall be deemed coercive and illegal.

If you do not comply with this cease and desist demand, which must be permanent from this time forward, I will pursue all available legal remedies, including but not limited to seeking criminal charges against you for tampering with a witness by making her "scared to death" and stalking, a referral against you to state and federal authorities, and I will swiftly initiate civil litigation seeking monetary damages, injunctive relief, and an order that you pay court costs and attorney's fees.

I will be continuing to report to federal and local law enforcement to protect Ms. Meador hereto.

Your liability and exposure under such legal action could be considerable.

This letter serves as formal notice of our position and our intent to protect Ms. Meador's safety and legal rights. I strongly advise you to govern yourself accordingly.

I expect your written confirmation of compliance with these demands immediately upon receipt of this correspondence.

Sincerely,

/s/ *Christina Taft*

CEO of Rescue Social Inc

Plaintiff in proceedings against Defendant Paul Barresi and Does 1-10

---

# EXHIBIT 22

Affidavit Plaintiff attempted to get signed by Angela Gayle Meador recanting, or changing original declaration

***Christina Taft v. Paul Barresi, et al.***

Case No. 5:24-cv-00000-DTB

---

Filed: July 25, 2025

AFFID
Of
ANGELA MEADOR

The affiant, after being duly sworn, deposes and says as follows:

1. I, Angela Gayle Meador, did not consent to the use of the recorded phone call from July 2022 between me and Taft.
2. I did not consent to the recorded phone call being sent.
3. I did not consent to the recorded phone call being published, nor used, nor sent, by Defendant.

4. Mr. X is Marton Csokas. He assaulted me

AFFIDAVIT OF ANGELA MEADOR

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Angela Meador, after being duly sworn according to law make oath that the statements contained in the foregoing Affidavit regarding release of a recording around July of 2022.

________________
Angela Meador

Sworn to and subscribed before this _____ day of _______________, 2025

________________
Notary Public

My Commission Expires: _______________