AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| CHRISTINA TAFT | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  5:24-cv-01930-TJH-DTB |
| PAUL BARRESI, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  GINA DEUTERS

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A ATTACHED FOR WITNESS SUBPOENA

| Place: Email: Ceo.Taft@Rescue-Social.com or TaftChristina.Ceo@gmail.com or TaftChristina.Life@gmail.com | Date and Time: 11/11/2025 5:30 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Plaintiff Christina Taft _____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  5:24-cv-01930-TJH-DTB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>EXHIBIT A – WITNESS SUBPOENA</u>

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

**AO88B - Civil Action**

**TO:** GINA DEUTERS
**FROM:** Plaintiff Christina Taft
**CASE:** 5:24-cv-01930-TJH-DTB
**RESPONSE DUE DATE:** November 11, 2025

**PLEASE NOTE:** All information requested is voluntary. You may modify or increase the time to respond. Cooperation will help provide reconciliation and solutions.

### A MESSAGE OF HOPE AND FREEDOM

This subpoena presents you with an opportunity to free yourself from the conduct of Defendant Paul Barresi and reclaim your own autonomy, while simultaneously assisting Plaintiff Christina Taft and her family, who Defendant Barresi has unfortunately fixated on in an attempt to silence for the last three years while he has prolonged various disputes. **We extend hope to you for compassion, reconciliation, and warmth as we move forward together in seeking truth and justice.**

I understand that you're engaged in **publicity and relations** regarding Johnny. I <u>urgently</u> need to know **who "Justin" is -full name- as he blocks witness access**. Defendant Barresi **illegally recorded** Adam Waldman's telephone calls and on Plaintiff. I believe you have information on *Barresi's deranged contacting of publicists*. <u>In 2023</u>, I saw that *Barresi victimized Johnny's circle* and I'd be grateful for answers with any resolutions.

### BACKGROUND AND WITNESS SYMPATHY

We understand that you may have been unwillingly drawn into circumstances involving <u>Defendant Paul Barresi, who unconsentedly records and discloses telephone recordings while wielding connections to media outlets</u>. Defendant Barresi is a 'celebrity stalker' who has mercilessly brought Plaintiff Christina Taft, her family, friends, and associates into his agendas and disputes through his irrational and harmful behavior. We believe that you may have witnessed this troubling conduct, and Plaintiff extends her sympathy to you for any distress or inconvenience you may have experienced as a result of Defendant Barresi's actions. By responding to these requests (remembering that any responses can be relevant and voluntary information), you have the opportunity to demonstrate your innocence and establish your disconnect from this individual's harmful activities.

This subpoena is issued in relation to the Second Amended Complaint of this case.

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

**The artistic process requires openness and sensitivity, making creative individuals more deeply affected by conflict and injustice and particularly vulnerable to Defendant Barresi's conduct.**

## STATEMENT AGAINST ABUSE

All types of abuse are unacceptable and harmful. No individual should be subjected to harassment, intimidation, stalking, financial exploitation, or any form of misconduct that violates their dignity, privacy, or wellbeing.

**Direct Contact for Document Production:** For easy production of documents, **you or a person associated with you** may directly contact Plaintiff at her email addresses: ceo.taft@rescue-social.com, taftchristina.ceo@gmail.com, or taftchristina.life@gmail.com by November 11, 2025 (preferably as soon as possible). If you wish to communicate over the phone with Plaintiff, you must email to request Plaintiff's phone number.

## PROCESS SERVICE INFORMATION

Plaintiff is using NAPPS (National Association of Professional Process Servers) process servers. NAPPS members assure a citizen's right to due process and access to the legal system. To this end, a NAPPS member is committed to being accountable, reliable and valuable to their legal clients, the courts and the parties and witnesses they serve. Membership is on an individual basis, and each member is expected to adhere to high ethical standards and have a thorough understanding of the NAPPS Code of Ethics on which NAPPS prides itself. More information can be found at: https://napps.org/inside_about.aspx

## DOCUMENT PRODUCTION REQUESTS

You are hereby commanded to produce the following documents, information, or objects, or to permit inspection of premises, by **November 11, 2025**:

## REQUEST NO. 1: COMPLAINTS AND GRIEVANCES

Produce relevant or voluntary documents, records, reports, complaints, grievances, or communications of any kind that you have made, filed, communicated, or submitted against Defendant Paul Barresi from January 1, 2022, through the present date of 2025, including but not limited to those made during the period from January 1, 2022, through the present date of 2025. This can be in the form of official complaints in transcriptions, informal complaints made to others, or communicated grievances to others.

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

We have reason to believe that you may know something about this conduct and may want relief from it, which could help Plaintiff obtain relief.

**REQUEST NO. 2: COMMUNICATIONS FROM PAUL BARRESI**

Produce relevant or voluntary communications from Defendant Paul Barresi to you or **to** those associated to you or to your family, including but not limited to:

- Email messages and attachments
- Text messages and SMS communications
- Voicemails and voice recordings
- Phone call logs and records
- Social media messages and communications
- Letters, notes, or written correspondence
- Any other form of electronic or written communication
- Any increase in Paul Barresi's contacting in relation to Plaintiff

**Time Period:** January 1, 2022, through the present date of 2025

**REQUEST NO. 3: COMMUNICATIONS REGARDING CHRISTINA TAFT**

Produce relevant or voluntary communications from Defendant Paul Barresi to you or **to** those associated to you concerning, mentioning, or relating to Plaintiff Christina Taft, including but not limited to:

- Email messages and attachments
- Text messages and SMS communications
- Voicemails and voice recordings
- Phone call logs and records showing calls about Christina Taft
- Social media messages and communications
- Letters, notes, or written correspondence
- Any other form of electronic or written communication

**Time Period:** January 1, 2022, through the present date of 2025

**REQUEST NO. 4: DOCUMENTATION OF ASSOCIATES**

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

Produce relevant or voluntary documents, communications, records, or information
identifying or relating to individuals who have acted in concert, collaboration, or
partnership with Defendant Paul Barresi, including but not limited to:

- Names and contact information of such individuals

- Documentation of their relationships or associations with Paul Barresi

- Communications between you and such individuals

- Any agreements, contracts, or arrangements involving such individuals and Paul
  Barresi

- Any documentation by Paul Barresi related to Plaintiff or her family regarding
  these associates

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 5: RECORDINGS INVOLVING CHRISTINA TAFT

Produce relevant or voluntary documentation, communications, or records relating to
recordings **Barresi sent to** you, publicists, security guards, or other personnel concerning
Plaintiff Christina Taft and associated individuals, including but not limited to:

- Audio recordings, video recordings, or transcripts

- Communications transmitting or discussing such recordings

- Documentation of the distribution or sharing of recordings

- Records of who received copies of recordings about Christina Taft

- Any materials, recordings, or information involving individuals associated with
  Christina Taft

- Communications about the content, purpose, or use of such recordings

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 6: DOCUMENTATION REGARDING PLAINTIFF'S BUSINESSES AND PROFESSIONAL CONNECTIONS

Produce relevant or voluntary documentation, communications, or records **from**
Defendant Paul Barresi regarding Plaintiff's businesses and professional connections,
including but not limited to:

- Any documentation sent by Paul Barresi to you about Plaintiff's businesses,
  initiatives, either in public safety, social good, or helping artists

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

- Any documentation sent by Paul Barresi to you about her mother Victoria Taft or her colleagues' social connections in the Arts
- Any unauthorized or illegal recordings related to Plaintiff and her family's businesses and professional connections
- Any emails, texts, phone logs, or social media posts related to Plaintiff and her family's businesses and professional connections

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 7: COMMUNICATIONS REGARDING "JUSTIN" AND SECURITY PERSONNEL

Produce relevant or voluntary communications, documents, records, or information relating to any individual known as "Justin" in connection with Defendant Paul Barresi, and any armed guards or security personnel associated with Paul Barresi, including but not limited to:

- Email messages and attachments
- Text messages and SMS communications
- Voicemails and voice recordings
- Phone call logs and records
- Documentation identifying "Justin's" full name and contact information
- Records of Justin's relationship or association with Paul Barresi
- Any contracts, agreements, or arrangements for security services
- Communications about security measures or armed personnel
- Any unconsented or illegal recordings shared with or discussed by security personnel
- Any edited or disseminated emails, texts, voice recordings, or social media posts by Plaintiff that were shared with these security individuals

**URGENT:** It is urgent to have an answer to who Justin is.

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 7: COMMUNICATIONS WITH PUBLICISTS

Produce relevant or voluntary communications relating to publicists in connection with Defendant Paul Barresi, including but not limited to:

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

- Email messages and attachments between you and publicists regarding Paul Barresi

- Text messages and SMS communications with publicists about Paul Barresi

- Voicemails and voice recordings involving publicists and Paul Barresi

- Phone call logs and records of calls with publicists regarding Paul Barresi

- Any other communications between publicists and Paul Barresi

- Any documentations and communications about Plaintiff Christina Taft related to the publicists

- Any documentation related to Plaintiff, her family, and associates about publicists

- Any unconsented or illegal recordings shared with or discussed by publicists

- Any edited or disseminated emails, texts, voice recordings, or social media posts by Plaintiff that were shared with these publicists

- Specifically including sensitive, scandalous, impertinent, and harmful materials - Plaintiff is requesting the negative and harmful interactions, that is not at all 'newsworthy'

- Please provide any documentation where you or your associates wanted to cease and desist Defendant Paul Barresi's negative agendas in relation to publicists, media, and journalists, and any in relation to Plaintiff, if applicable

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 8: IDENTIFICATION OF PUBLICISTS

Provide relevant or voluntary names and contact information of publicists who have communicated with or been associated with Defendant Paul Barresi, including but not limited to:

- Full names of publicists

- Business names and affiliations of publicity firms or agencies

- Contact information for such publicists

- Documentation of their professional relationship with Paul Barresi

- Any contracts, agreements, or arrangements between publicists and Paul Barresi

- Any documentations and communications about Plaintiff Christina Taft related to the publicists

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

- Any documentation related to Plaintiff, her family, and associates about publicists

- Any unconsented or illegal recordings shared with or discussed by publicists

- Any edited or disseminated emails, texts, voice recordings, or social media posts by Plaintiff that were shared with these publicists

- Specifically including sensitive, scandalous, impertinent, and harmful materials - Plaintiff is requesting the negative and harmful interactions, that is not at all 'newsworthy'

- Please provide any documentation where you or your associates wanted to cease and desist Defendant Paul Barresi's negative agendas in relation to publicists, media, and journalists, and any in relation to Plaintiff, if applicable

- Specifically including but not limited to communications with or about:

  - David Shane

  - Melissa Nathan

  - Matthew Hiltzik

  - Hiltzik Strategies

  - Any other publicists or publicity firms associated with the above individuals

**Time Period:** January 1, 2022, through the present date of 2025

**REQUEST NO. 9: IDENTIFICATION OF JOURNALISTS**

Produce relevant or voluntary documentation, communications, or records relating to recordings sent to you, publicists, security guards, or other personnel concerning Plaintiff Christina Taft and associated individuals, including but not limited to:

- Audio recordings, video recordings, or transcripts

- Communications transmitting or discussing such recordings

- Documentation of the distribution or sharing of recordings

- Records of who received copies of recordings about Christina Taft

- Any materials, recordings, or information involving individuals associated with Christina Taft

- Communications about the content, purpose, or use of such recordings

**Time Period:** January 1, 2022, through the present date of 2025

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

**REQUEST NO. 11: COMPLAINTS REGARDING MEDIA AND SECURITY USE**

Produce relevant or voluntary documents, records, reports, complaints, grievances, or communications expressing concerns about Defendant Paul Barresi's use of:

- Media contacts and media relationships

- Publicists and publicity services

- Security guards and security personnel

- Any complaints about Paul Barresi's media strategy or public relations activities

- Grievances about Paul Barresi's use of security services or armed personnel

- Concerns about Paul Barresi's interactions with journalists or media outlets

- Any documentation of disputes regarding Paul Barresi's media or security practices

**Time Period:** January 1, 2022, through the present date of 2025

**REQUEST NO. 12: COORDINATION WITH JUSTIN AND JOSEPH GONZALES**

Produce relevant or voluntary documentation, communications, or records relating to coordination between Defendant Paul Barresi and Justin or Joseph Gonzales concerning Plaintiff Christina Taft and her associates, including but not limited to:

- Communications between Paul Barresi and Justin regarding Christina Taft

- Communications between Paul Barresi and Joseph Gonzales regarding Christina Taft

- Documentation of joint activities, plans, or operations involving Christina Taft

- Records of coordination between Paul Barresi, Justin, and/or Joseph Gonzales

- Any instructions, directives, or assignments given regarding Christina Taft or her associates

- Documentation of surveillance, monitoring, or information gathering activities

- Communications about individuals associated with Christina Taft

- Any agreements or arrangements between these parties regarding Christina Taft

**Time Period:** January 1, 2022, through the present date of 2025

**REQUEST NO. 13: COMMUNICATIONS ABOUT PLAINTIFF'S FAMILY MEMBERS**

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

Produce relevant or voluntary documentation, communications, or records from
Defendant Paul Barresi to you concerning family members of Plaintiff Christina Taft,
including but not limited to:

- Communications mentioning or discussing Christina Taft's family members

- Information shared about Christina Taft's relatives, spouse, children, parents, or
  siblings

- Documentation of surveillance or monitoring of Christina Taft's family members

- Any threats, concerns, or references to Christina Taft's family

- Communications about the personal lives, activities, or whereabouts of family
  members

- Any attempts to contact or communicate with Christina Taft's family members

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 14: COMPLAINTS REGARDING STALKING AND HARASSMENT

Produce relevant or voluntary documents, records, reports, complaints, grievances, or
communications regarding Defendant Paul Barresi's stalking, harassment, or fixations,
including but not limited to:

- Complaints about Paul Barresi's stalking behavior toward you or others

- Documentation of harassment by Paul Barresi of you, your family members, or
  associates

- Records of Paul Barresi's fixations on your sensitive personal information

- Complaints about Paul Barresi's intrusive behavior regarding your family
  members

- Documentation of Paul Barresi's monitoring or surveillance of your activities

- Grievances about Paul Barresi's obsessive or inappropriate conduct

- Any restraining orders, cease and desist letters, or legal actions regarding Paul
  Barresi's behavior

- Communications expressing concerns about Paul Barresi's stalking or harassment
  patterns

**Time Period:** January 1, 2022, through the present date of 2025

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

**REQUEST NO. 15: COMMUNICATIONS ABOUT PLAINTIFF'S LOCATION**

Produce relevant or voluntary documentation, communications, or records of Defendant Paul Barresi informing you or any party associated with you about Plaintiff Christina Taft's location, whereabouts, or residency, including but not limited to:

- Communications sharing Christina Taft's current or former addresses

- Information about Christina Taft's residence, workplace, or frequent locations

- Documentation of Christina Taft's whereabouts, movements, or activities

- Communications about Christina Taft's travel plans or locations

- Any surveillance reports or observations regarding Christina Taft's location

- Information shared about where Christina Taft could be found or contacted

- Communications tracking or monitoring Christina Taft's location

- Any attempts to locate or identify Christina Taft's residence or whereabouts

**Time Period:** January 1, 2022, through the present date of 2025

**REQUEST NO. 16: IDENTIFICATION OF "JUSTIN"**

Provide relevant or voluntary information in your possession, custody, or control regarding the identity of the armed guard known as "Justin," including but not limited to:

- Justin's full legal name (first name, middle name, last name)

- Justin's contact information (address, phone numbers, email addresses)

- The nature and extent of Justin's relationship with Defendant Paul Barresi

- Justin's employment history or association with Paul Barresi

- Any contracts, agreements, or arrangements between Justin and Paul Barresi

- Documentation of Justin's role as security personnel or armed guard for Paul Barresi

**REQUEST NO. 17: INVASIONS OF PRIVACY**

Produce relevant or voluntary documentations of Defendant Paul Barresi's invasions of privacy against you, including but not limited to:

- Documentation of Paul Barresi finding or investigating your activities

- Records of Paul Barresi's intrusion into your personal relationships

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

- Documentation of Paul Barresi discovering or tracking your locations

- Records of Paul Barresi's investigation into your residencies or housing

- Documentation of Paul Barresi's inquiries into your financial assets

- Any communications where Paul Barresi demonstrated knowledge of your private information

- Records of surveillance or monitoring activities by Paul Barresi against you

- Documentation of Paul Barresi's unauthorized access to your personal information

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 18: COMPLAINTS REGARDING FIXATIONS AND FINANCIAL INFORMATION

Produce relevant or voluntary documentations of complaints, grievances, reports, or communications against Paul Barresi regarding his fixations, including but not limited to:

- Complaints about Paul Barresi's fixation on financial resources of any individual

- Grievances about Paul Barresi's targeting of witnesses or victims

- Reports about Paul Barresi's obsession with specific individuals

- Communications about Paul Barresi's fixation on family members

- Documentation of complaints about Paul Barresi's intrusion into friendships and relationships

- Grievances about Paul Barresi's targeting of any relevant parties

- Any documentations where Paul Barresi has sent you or those associated with you any information about Plaintiff Christina Taft's alleged financial resources

- Any documentations where Paul Barresi has sent you or those associated with you any information about Plaintiff's family members

- Communications where Paul Barresi shared financial information about any individual

- Records of Paul Barresi's attempts to investigate or discuss financial matters of others

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 19: DOCUMENTATION REGARDING WITNESSES OR VICTIMS

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

Produce relevant or voluntary documentation, communications, or records from Defendant Paul Barresi to you or your associates relating to witnesses or victims in relation to Plaintiff Christina Taft, including but not limited to:

- Communications about individuals who may be witnesses in this case

- Information shared about potential victims of Paul Barresi's conduct

- Documentation of Paul Barresi's discussions about witnesses or victims

- Records of Paul Barresi's attempts to contact, influence, or intimidate witnesses or victims

- Communications about individuals who have experienced similar conduct from Paul Barresi

- Any materials relating to other parties who have been targeted by Paul Barresi in connection with Plaintiff Christina Taft

- Documentation of Paul Barresi's strategy regarding witnesses or victims

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 20: DOCUMENTATION REGARDING ADAM WALDMAN AND "JOHNNY DEPP'S ACCIDENTAL FIXER"

Produce relevant or voluntary documentation, communications, or records from Defendant Paul Barresi regarding his fixation onto Adam Waldman and any materials in relation to "Johnny Depp's Accidental Fixer" release, including but not limited to:

- Any documentation from Paul Barresi about his fixation onto Adam Waldman

- Any documentation of Paul Barresi's illegal recordings of Adam Waldman and disclosures, or threats of disclosures of unconsented recordings of Adam Waldman

- Communications about Adam Waldman in relation to Plaintiff, her family, her friends, or her associates

- Any materials, communications, or records relating to "Johnny Depp's Accidental Fixer" release in relation to Plaintiff, her family, her friends, or her associates

- Any complaints, grievances, or reports against Paul Barresi regarding his fixation on Adam Waldman

- Any complaints, grievances, or reports against Paul Barresi regarding "Johnny Depp's Accidental Fixer" materials or content

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

- Documentation of Paul Barresi's attempts to connect Plaintiff or her associates to Adam Waldman

- Any communications where Paul Barresi discussed Adam Waldman or "Johnny Depp's Accidental Fixer" in relation to targeting Plaintiff or her circle

- Any documentation about Plaintiff and her communications to witnesses, victims, friends of Johnny Depp or Amber Heard, business partners, or sympathetic individuals to either party, sent by Paul Barresi to you or your associates

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 21: DOCUMENTATION REGARDING PLAINTIFF'S BUSINESSES AND PROFESSIONAL CONNECTIONS

Produce relevant or voluntary documentation, communications, or records from Defendant Paul Barresi regarding Plaintiff's businesses and professional connections, including but not limited to:

- Any documentation sent by Paul Barresi to you about Plaintiff's businesses, initiatives, either in public safety, social good, or helping artists

- Any documentation sent by Paul Barresi to you about her mother Victoria Taft or her colleagues' social connections in the Arts

- Any unauthorized or illegal recordings related to Plaintiff and her family's businesses and professional connections

- Any emails, texts, phone logs, or social media posts related to Plaintiff and her family's businesses and professional connections

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 22: STATEMENTS AND DECLARATIONS

You may provide any statements to Plaintiff or declarations, either informal or formal, in regards to these matters. Such statements or declarations can help establish the truth and demonstrate your independence from Defendant Paul Barresi's conduct.

**Time Period:** January 1, 2022, through the present date of 2025

## REQUEST NO. 23: ANY OTHER RELEVANT INFORMATION

Provide any other relevant or voluntary information, documentation, communications, or records that you believe may be pertinent to this case or that relate to Defendant Paul Barresi's conduct, activities, or associations that have not been specifically addressed in the above requests.

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

**Time Period:** January 1, 2022, through the present date of 2025

## PRODUCTION INSTRUCTIONS

1. **Format:** Documents may be produced in their original format or as legible copies. Electronic documents should be produced in their native format when possible.

2. **Organization:** Documents should be organized and labeled clearly, with a brief description of each category of documents produced.

3. **Privilege Log:** If any documents are withheld on the basis of privilege or other objection, provide a privilege log identifying each withheld document and the basis for withholding.

4. **Certification:** The production should be accompanied by a certification that the search for responsive documents has been thorough and complete.

5. **Due Date:** All responsive documents must be produced by **November 11, 2025**.

**FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT IN CONTEMPT OF COURT. However, Plaintiff likely will not enforce this matter until later in the case.**

## VOLUNTARY COOPERATION

We hope that you can cooperate voluntarily and provide communications and documentations to the Plaintiff upon notice. Your voluntary assistance in this matter would be greatly appreciated and can help establish the truth while demonstrating your independence from Defendant Barresi's harmful conduct.

## RIGHTS REGARDING SUBPOENAS UNDER FRCP 45

You have important rights under Federal Rule of Civil Procedure 45 regarding this subpoena. If you have been properly served with this subpoena, you have the right to:

- File a motion to modify or quash this subpoena if you believe it is unreasonable or oppressive

- Object to the production of privileged or other protected matter

- Seek a protective order from the court

- Request that the court limit the scope, timing, or manner of compliance

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.

Please note that this subpoena is not enforceable without proper personal service, even if
it is clerk issued.

However, if you have not been personally served, Plaintiff would still greatly appreciate
voluntary communication and production of any relevant documentation or declarations
related to these matters, as your cooperation can help establish the truth and your
independence from Defendant Barresi's conduct.

## ADDITIONAL CONTEXT

Some history of Defendant Barresi's pattern of harming individuals through his agendas
related to his fixations onto performers and artists, while involving innocent parties,
witnesses, and victims through telephone recordings, can be found at:

- https://abcnews.go.com/amp/Primetime/LegalCenter/story?id=1625097&page=1

- https://www.hollywoodinterrupted.com/single-post/2019/12/20/the-bagman

- https://lukeford.net/profiles/profiles/anthony_pellicano.htm

All types of abuse are concerning, including financial abuse, and you shouldn't be a
victim of this defendant. Understanding the issues of blackmail is especially concerning
for artists, as these tactics have plagued creative individuals for generations and decades.
Defendant Barresi has admitted to repeating methods from previous generations that have
destroyed the wellbeing of many individuals, as documented since *People of California v
Confidential Inc* and *Hollywood Research*, and even since the Silent Film Era.

By responding, you may be helping against these traditional problems.

**Hopefully, we can move forward in work and charity, and move beyond this destructive
and manipulative individual**.

*This Exhibit A is to be attached to Form AO88B - Subpoena To Produce Documents,
Information, Or Objects Or To Permit Inspection of Premises in A Civil Action*

**EXHIBIT A - CASE:** 5:24-cv-01930-TJH-DTB – Taft v Paul Barresi, et al.