# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No. **5:24-cv-01930-TJH (DTB)**                          Date: **October 9, 2025**

Title: **Christina Taft v. Paul Barresi, et al.**

==================================================================

**DOCKET ENTRY**

==================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                              None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS TO DEFENDANT ADAM R. WALDMAN FOR FAILURE TO PROSECUTE**

On September 7, 2024, Plaintiff Christina Taft ("Plaintiff"), proceeding pro se, filed a Complaint ("Complaint"), alleging twelve claims against defendants Paul Barresi ("Barresi") and Adam R. Waldman ("Waldman"). On September 19, 2024, the Court ordered service of the Summons and Complaint on Defendants. (Docket No. 6). On September 26, 2024, Plaintiff served the Summons and Complaint on defendant Barresi. (Docket No. 7).

On October 16, 2024, Plaintiff filed a motion seeking an order allowing service by publication on defendant Waldman, which the Court denied on the same date. (Docket Nos. 8-9).

On November 30, 2024 (following the Court's November 13, 2024 grant of Plaintiff's Motion to Amend the Complaint, see Docket No. 20), Plaintiff filed a First Amended Complaint, alleging nine claims against Defendants. (Docket No. 23).[1]

---

[1] Based on the filing of the First Amended Complaint, on December 2, 2024, the Court denied defendant Barresi's Motion to Dismiss the Complaint as moot. (Docket No. 24).

On February 16, 2025, Plaintiff filed an application for an extension of time to serve defendant Waldman with the First Amended Complaint (Docket No. 42) and a request for the Clerk to reissue to reissue the Summons on the First Amended Complaint (Docket No. 43). On February 19, 2025, the Court granted both the request for the Clerk to reissue the Summons and the application, giving Plaintiff until March 30, 2025 to serve defendant Waldman with the First Amended Complaint. (Docket No. 44).

On March 24, 2025, Plaintiff filed an application seeking an order extending the time to serve defendant Waldman with the First Amended Complaint by mail and, in the alternative, an order authorizing her to serve defendant Waldman by publication in a newspaper. (Docket No. 54). On April 7, 2025, the Court granted the application in part, giving Plaintiff until May 19, 2025 to serve the First Amended Complaint on defendant Waldman, but the Court denied the portion of the application requesting service of the First Amended Complaint by publication on defendant Waldman. (Docket No. 62).

On May 26, 2025 (following the Court's April 18, 2025 Report and Recommendation recommending the denial of Plaintiff's Motion for Preliminary Injunction, see Docket No. 64, and the Court's May 1, 2025 Order granting defendant Barresi's Motion to Dismiss the First Amended Complaint with leave to amend, see Docket No. 66), Plaintiff filed a Second Amended Complaint, alleging eleven claims against Defendants. (Docket No. 74).[2]

Since the Court's April 7, 2025 Order extending service on defendant Waldman, Plaintiff has been active in this case. However, as of today's date, Plaintiff has not notified the Court that she served defendant Waldman with the Summons and either the First Amended Complaint or the Second Amended Complaint.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. See Fed. R. Civ. P. 4(m). As discussed above, Plaintiff showed good cause to extend the period of service on defendant Waldman until May 19, 2025. As of today's date, (more than four months after the May 19, 2025 deadline), however, it does not appear that Plaintiff has served defendant Waldman with the Summons and either the First Amended Complaint or the Second Amended Complaint.

Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing **no later than ten days from the date of this Order** why this action should not be dismissed for lack of prosecution as to defendant Waldman.

---

[2] Defendant Barresi's Motion to Dismiss the Second Amended Complaint (Docket No. 82) is pending before the Court.

No oral argument of this matter will be heard unless ordered by the Court.

**Plaintiff is expressly warned that the failure to timely file a response to this Order will result in this action being dismissed without prejudice as to defendant Waldman for failure to prosecute and/or comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**

MINUTES FORM 11  
CIVIL-GEN

Initials of Deputy Clerk  RAM