**ANGELA GAYLE MEADOR**

Email: CONFIDENTIAL – TO BE FILED UNDER SEAL

Address: CONFIDENTIAL – TO BE FILED UNDER SEAL

Telephone: CONFIDENTIAL – TO BE FILED UNDER SEAL

Non-Party Witness/Victim

FILED
CLERK, U.S. DISTRICT COURT
10/06/2025
CENTRAL DISTRICT OF CALIFORNIA
BY   rec   DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, Inclusive<br><br>　　　　Defendants.<br>_____/<br><br>ANGELA GAYLE MEADOR,<br><br>　　　　Proposed Intervenor. | CASE NO. 5:24-cv-01930-TJH (DTB)<br>[Hon. David T. Bristow, Magistrate Judge]<br><br>**MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24** |


# MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24

Proposed Intervenor, Angela Gayle Meador ("Meador"), respectfully moves this Court for leave to intervene in the above-captioned matter pursuant to Federal Rule of Civil Procedure 24(a)(1), 24(a)(2), and, alternatively, Rule 24(b). In support of this motion, Meador states as follows:

## A. INTRODUCTION AND BACKGROUND

1. Meador is a non-party witness in this action, referenced extensively by Plaintiff, Christina Taft, in her filings in this action.

2. On March 12, 2025, Meador filed a limited declaration through Defendants' counsel to clarify an incident referenced by Plaintiff in her initial Court filings.

3. Following that declaration, Plaintiff began a relentless campaign of stalking, harassment, and retaliation against Meador. Plaintiff's actions have included:

- Physically surveilling and contacting Meador, her family, friends, and business contacts despite repeated warnings from law enforcement and Meador to cease her behavior,

- Sending unknown people, and in most cases, who refused to identify themselves, at all hours of the day and night to follow Plaintiff, intimidate her and her family. At one time, there were approximately eleven unknown individuals, some simultaneously engaging in this behavior that Plaintiff hired and paid to engage in these actions.

- Attempting to pressure Meador to change her original declaration filed in this case, including using threats, coercion, and bribery,

- Filing multiple frivolous lawsuits in other jurisdictions, including Hawaii state courts, to fraudulently obtain Meador's phone records and private data,

- Accessing and disseminating over 500 pages, approximately three years' worth of Meador's private phone records and referencing Meador approximately 400 times in her Second Amended Complaint and many additional

times in other pleadings in this action,

- Illegally recording Meador without her consent and then disseminating them and also misusing the recording in this case.

4. Plaintiff misused the illegally obtained phone records to contact Meador's friends and family with false and alarming messages, including informing her minor niece (age twelve) and nephew that Meador had been raped and was in "immediate danger."

5. Plaintiff repeatedly called 9-1-1 emergency services to Meador's residence in Tennessee, falsely reporting she was being held hostage. Plaintiff called so often that Meador's home was placed on a "no response" list, depriving her and her family of emergency assistance.

6. Plaintiff also falsely represented herself as an agent or manager of Ms. Meador and contacted entertainment industry professionals, news outlets, and professional business contacts to gather more personal information and/or solicit work for Ms. Meador. These actions have harmed Ms. Meador's personal and business interests.

7. When Meador did not change her declaration to reflect Plaintiff's wishes, Plaintiff carried out one of her threats, which was to agitate a man with whom Meador has a deeply traumatic past and "bring him back into her life," sending him messages and letters, contacting his business associates, and threatening him, putting Meador into fear for her life, Plaintiff knowing how much she feared him.

8. As a result of Plaintiff's conduct, there are currently multiple warrants out for her arrest, including harassment, stalking, coercion of a witness, and retaliation for past acts. An order of protection has also been issued for Meador's benefit.

9. As a result of Plaintiff's misuse of the legal system to obtain fraudulent subpoenas, the State of Hawaii has deemed Plaintiff to be a vexatious litigant.

10. Hawaii also deemed Plaintiff to be a vexatious litigant due to her use of AI

MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24

to draft her legal arguments. As a result, she has also been placed on a national database for filing frivolous lawsuits using "hallucinated law" to submit fabricated legal authority to the courts in order to continue her harassment and obtain Ms. Meador's personal records.

11. Plaintiff's actions have placed Meador's private life and business into the public record of this Court without justification. She has also placed Meador's private and very personal information on public record in multiple other jurisdictions, as well as on public domains, such as press releases through the media and social media, exposing her to ongoing harm, retaliation, and intimidation.

**NOTE**: The facts set forth above are not exhaustive but are only set forth in this motion to establish the grounds for intervention and are not exhaustive. Ms. Meador reserves the right to provide additional facts and evidence in Her Proposed Complaint in Intervention and in any further filings as deemed necessary.

## B. PREVIOUSLY FILED EMERGENCY MOTION FOR PROTECTIVE RELIEF

On July 25, 2025, Intervenor filed an **Emergency Motion for Immediate Protective Relief** (*See* **Docket Number 85**) seeking immediate relief from Plaintiff's ongoing stalking, harassment, and misuse of Intervenor's private records. That motion remains pending before the Court.

It is not Ms. Meador's intention that this Motion to Intervene render the prior **Emergency Motion** moot. Instead, Intervenor respectfully requests that the Court consider the Emergency Motion in conjunction with this Motion to Intervene and incorporate the relief requested therein. Ms. Meador continues to face the same risks and harms described in the Emergency Motion, which are ongoing.

Case 5:24-cv-01930-TJH-DTB   Document 116   Filed 10/06/25   Page 5 of 10   Page ID #:5292

## C. FEDERAL STATUTES SUPPORTING INTERVENTION – (FED. R. CIV. P. 24(a)(1) BASIS)

Proposed Intervenor, Angela Meador is entitled to intervene under Federal Rule of Civil Procedure 24(a)(1) because federal statutes directly protect her rights as a witness and now victim at the hands of Plaintiff as a direct result of participating in **this** case. These statutes include, but are not limited to:

1. **18 U.S.C. § 1512 – Witness Tampering**
   - Prohibits intimidation, threats, or retaliation against witnesses in federal proceedings. Plaintiff's threats and harassment directly implicate this statute.

2. **18 U.S.C. § 2511 – Electronic Communications Privacy Act (Wiretap Act)**
   - Prohibits unauthorized interception, access, or disclosure of private communications. Plaintiff's illegal recording and use of stolen phone records violates this statute.

3. **42 U.S.C. § 1985 – Conspiracy to Interfere with Civil Rights**
   - Protects individuals from conspiracies to intimidate, threaten, or retaliate against witnesses or participants in federal proceedings. Plaintiff's actions fall within this statute.

**These statutes establish that Ms. Meador's rights are legally protected in privacy, safety, and testimony, which are directly threatened by Plaintiff's conduct in this federal civil case and Ms. Meador has a statutory basis to intervene in this action.**

## D. LEGAL STANDARD AND ARGUMENT - (FED. R. CIV. P. 24(a)(2) BASIS)

Under Rule 24(a)(2), a proposed intervenor may intervene as of right if: (1) the motion is timely, (2) the applicant claims an interest relating to the subject matter

MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24

4

of the action, (3) disposition of the case may impair the applicant's ability to protect that interest, and (4) the existing parties do not adequately represent the applicant's interests. Courts also consider the practical effect on judicial efficiency.

### 1. Timeliness

Ms. Meador filed this motion promptly after becoming aware that her rights and interests were being directly affected by this litigation. On March 12, 2025, she submitted a declaration as a witness, and shortly thereafter, Plaintiff began a pattern of harassment, stalking, and unlawful disclosure of her private records that has been ongoing and relentless ever since. This motion is being filed before trial or final resolution of the case and before any dispositive motions have been decided. Filing at this stage allows the Court to address Ms. Meador's intervention efficiently without causing prejudice or undue delay to the existing parties. Courts in this district recognize that a motion filed soon after an applicant reasonably learns that their interests are threatened satisfies the timeliness requirement of Rule 24(a)(2).

### 2. Protectable Interest

Ms. Meador has a substantial, legally protectable interest in:

- Her privacy and personal communications, which Plaintiff unlawfully accessed and filed in this case,
- Her personal safety, given Plaintiff's repeated threats, stalking, and attempts to coerce her testimony,
- Her professional and business interests, including Plaintiff's false representation as Meador's manager to solicit work and information,
- Her reputation and right to participate as a truthful witness without fear of retaliation.

### 3. Impairment of Interest

Disposition of this litigation without Ms. Meador's participation could impair or impede her

ability to protect these interests. Plaintiff has already exploited the proceedings to access and disseminate private information, threaten her, and interfere with her business and personal relationships.

**4. Inadequate Representation**

No existing party adequately represents Ms. Meador's interests. Defendants are focused on defending themselves and do not protect Meador's privacy, safety, or business interests. In addition, Ms. Meador was never informed that her private phone records were being obtained, nor given any opportunity to object in any jurisdiction before her personal information and communications were filed publicly in multiple courts and cases unrelated to her. Neither Plaintiff nor T-Mobile notified her that her records were being disseminated. This demonstrates that no party currently safeguards her rights, making intervention necessary.

**5. Judicial Efficiency / Prejudice**
Granting intervention will not cause undue delay or prejudice to existing parties. On the contrary, it promotes judicial economy by permitting Meador to assert her claims and protect her rights in a single proceeding rather than through separate litigation.

### E.  PERMISSIVE INTERVENTION (FED. R. CIV. P. 24(b))

Even if intervention of right is not found, the Court should grant permissive intervention under Federal Rule of Civil Procedure 24(b). Permissive intervention may be allowed when the applicant's claims share common questions of law or fact with the main action and when intervention will not unduly delay or prejudice the existing parties.

Here, Ms. Meador's claims arise from the same facts as Plaintiff's allegations of witness coercion, harassment, and misuse of private information. Her intervention will allow the Court to resolve all related matters efficiently and ensure consistency in adjudication, without prejudice to any party.

### F. LOCAL RULE 7-3 AND NOTICE

Proposed Intervenor, Ms. Meador, conferred with the counsel for Defendant Paul Baressi regarding this motion. They have indicated that they do not oppose the filing of this Motion and accompanying Complaint. Regarding Defendant Adam Waldman, it is my understanding that he has not yet been properly served in this action and has no attorney of record. Because Ms. Meador is not asserting claims against Defendants, there was no substantive dispute to resolve.

With regard to Plaintiff, due to ongoing safety concerns, active arrest warrants, and active Order of Protection that exists against Plaintiff, direct contact would violate or undermine these protections. Therefore, Ms. Meador did not confer with Plaintiff and was unable to conduct a conference in good faith. However, Plaintiff is registered with the Court's electronic filing system (CM/ECF) and will receive notice of this motion through that system.

### G. RELIEF REQUESTED

For the foregoing reasons, Intervenor respectfully requests that this Court grant the following relief:

1. Grant Intervention: Permit Intervenor, Ms. Meador to intervene in this action pursuant to Fed. R. Civ. P. 24(a) (intervention of right) or, in the alternative, Rule 24(b) (permissive intervention).

2. File Complaint in Intervention: Accept for filing Intervenor's Complaint in Intervention, asserting claims arising from Plaintiff's misuse of the judicial process, harassment, and unauthorized use and dissemination of Intervenor's private information.

3. Protective Relief (Incorporating Prior Emergency Motion): Incorporate and preserve the relief requested in Intervenor's **Emergency Motion for Immediate Protective Relief** filed on July 25, 2025. Direct that all filings containing Intervenor's personal and private information be placed under seal or redacted, and

prohibit further misuse or dissemination of Intervenor's records or identity within this action.

4. Other Relief: Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 3, 2025
[Signature block – redacted for public filing, filed under seal]
**Angela Meador**
**Proposed Intervenor**

## ATTACHMENTS

- **Exhibit A: Complaint in Intervention**
- **Proof of Service**

**Filing Notes:**

- **Redacted version for public filing**
- **Unredacted version filed under seal**

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I submitted the foregoing Motion to Intervene Pursuant to Fed. R. Civ. P. 24 to the Clerk of the Court for filing using the Court's pro se electronic filing procedures. Upon docketing, the Court's CM/ECF system will automatically serve notice of this filing on all counsel of record, including Plaintiff and Defendants, who are registered CM/ECF users.

Because I am not a registered CM/ECF filing user, I rely on the Clerk's docketing and CM/ECF service to effect proper service of this filing.

**Dated: October 5th, 2025**

MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24

|s| TO BE FILED UNDER SEAL

**Angela Gayle Meador**

**Pro Se Intervenor**