1  **ANGELA GAYLE MEADOR**

2  Address –CONFIDENTIAL – FILED UNDER SEAL

3  City, State, ZIP – CONFIDENTIAL – FILED UNDER SEAL

4  Phone Number – CONFIDENTIAL – FILED UNDER SEAL

5  Email Address – CONFIDENTIAL – FILED UNDER SEAL

6

7  Non-Party Witness/Victim

```
┌─────────────────────────────────────┐
│               FILED                  │
│   CLERK, U.S. DISTRICT COURT         │
│        10/06/2025                    │
│  CENTRAL DISTRICT OF CALIFORNIA      │
│  BY        rec        DEPUTY         │
│  DOCUMENT SUBMITTED THROUGH THE      │
│  ELECTRONIC DOCUMENT SUBMISSION SYSTEM│
└─────────────────────────────────────┘
```

8

9          **UNITED STATES DISTRICT COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

11               **EASTERN DIVISION**

12

13  ANGELA GAYLE MEADOR,                CASE NO. 5:24-cv-01930-TJH (DTB)

14             Intervenor-Plaintiff,    [Hon. David T. Bristow, Magistrate Judge]

15      vs.                             **COMPLAINT IN**

16                                      **INTERVENTION PURSUANT**

17  CHRISTINA TAFT,                     **TO FED. R. CIV. P. 24(c)**

18                                      **(PROPOSED)**

19             Defendant,

20

21  _____/

22  PAUL BARRESI;ADAM R.

23  WALDMAN; and DOES 1 through 10,

24  Inclusive

25             Original Defendants

26

27

28

Complaint in Intervention Pursuant to Fed R. Civ P. 24(c)

# I.    INTRODUCTION

1. Intervenor-Plaintiff, Angela Gayle Meador, seeks to intervene in this action pursuant to Fed. R. Civ. P. 24(a)(1), 24(a)(2) and 24(b) to protect her rights, which are being directly affected by the Plaintiff, Christina Taft, in the original above-mentioned action, (Hereinafter named as "Defendant"), due to harassment, misuse of the judicial process, unauthorized acquisition and dissemination of private information, and other misconduct.

2. Intervenor-Plaintiff previously filed an Emergency Motion for Immediate Protective Relief on July 25, 2025 (*See* Docket No. 85), which remains pending and is incorporated herein in its entirety, including filed exhibits.

# II.    JURISDICTION AND VENUE

3. **Federal question jurisdiction** – This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Intervenor-Plaintiff's claims arise under the Constitution and the laws of the United States, including violations of federal statutes protecting privacy, communications, interstate stalking, and other civil rights including privacy and due process.

4. **Supplemental jurisdiction** – Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any related state-law claims, as those claims arise from the same nucleus of operative facts, including, but not limited to harassment, stalking, misuse of legal process, and the unauthorized acquisition and dissemination of Intervenor-Plaintiff's private records.

5. **Venue** – Venue is proper in the **Central District of California, Eastern Division** because pursuant to 28 U.S.C. § 1391:

a. The underlying action was filed in this District.

b. Defendant's misconduct has affected Intervenor-Plaintiff within this District.

c. The acts giving rise to Intervenor-Plaintiff's claims have occurred in this District.

1    6. **Interstate Scope of Defendant's Conduct** – Defendant's misconduct has
2    occurred across multiple states, including but not limited to California (where the
3    underlying action and much of Defendant's misuse of judicial process originate),
4    Tennessee (where Intervenor-Plaintiff resides and was stalked), Hawaii (where
5    Defendant misused the court to obtain records), Washington (where Defendant
6    illegally obtained phone records), and South Carolina (where Defendant hired
7    individuals to assist in the harassment. This multi-state conduct further supports
8    federal jurisdiction because the pattern of harassment and stalking involves
9    interstate travel, interstate communications, and interstate coordination.

10    ### III.    STANDING

11    7. Intervenor-Plaintiff has Article III standing to bring this action. She has
12    suffered and continues to suffer concrete injuries, including not limited to: witness
13    tampering, stalking, harassment, invasion of privacy, unauthorized access to and
14    dissemination of personal phone records and communications and illegal
15    recordings, impersonation, reputational harm, severe emotional distress, and
16    threats to her safety, and wellbeing giving Intervenor-Plaintiff a substantial interest
17    in this case.

18    8. These injuries are fairly traceable to Defendant's misconduct, including the
19    misuse of judicial process, fraudulent subpoenas, unauthorized recordings,
20    impersonation of Intervenor-Plaintiff's management/business associates, and
21    dissemination of private information in connection with this action and in other
22    jurisdictions.

23    9. The relief sought in this Complaint, including injunctive relief and damages,
24    would redress these injuries by prohibiting further harassment and compensating
25    Intervenor-Plaintiff for the harms she has suffered.

26    10. No existing party in this case represents Intervenor-Plaintiff's interests.
27    Intervenor-Plaintiff was never notified of Defendant's acquisition of her personal
28    records, had no opportunity to object in any forum, and has had her private

information placed on the public record in multiple courts and disseminated to many others outside of the court system without her knowledge or consent. In addition, Defendant utilized those records to further stalk Intervenor-Plaintiff.

11. Intervenor-Plaintiff therefore has standing to intervene and assert claims against Defendant under both federal and state law.

## IV.    PARTIES

1.    **Intervenor-Plaintiff Angela Meador** ("Intervenor-Plaintiff") is an individual and citizen of the State of Tennessee. Intervenor-Plaintiff is a non-party witness in the original action, Christina *Taft v. Paul Barresi, Adam R. Waldman, and Jane Does 1-10*, Case No. 5:24-cv-01930-TJH (DTB),who became the target of Defendant's misuse of legal process and unlawful collection and dissemination of private information. As a result of Defendant's conduct in connection with this case and related proceedings, Intervenor-Plaintiff has suffered continuing harm, including invasion of privacy, harassment, and emotional distress.

2.    **Defendant Christina Taft** ("Defendant" or "Taft") is, upon information and belief, an individual who was previously a resident of the State of Hawaii and now asserts residence in France. Defendant initiated this civil action in this Court and has, throughout the course of this and other proceedings, engaged in conduct giving rise to the claims asserted herein, including the knowing misuse of court systems, fraudulent acquisition of records, illegal interception and dissemination of private communications, and retaliation against witnesses.

3.    Other individuals referenced herein, including certain third parties located within the United States, were involved in or acted at Defendant's direction in furtherance of the conduct alleged. These individuals are not named as defendants in this pleading but are included for context and evidentiary purposes only.

4.    **Original Defendants in Underlying Action.** The underlying civil matter, *Christina Taft v. Paul Barresi, Adam R. Waldman, et al.*, Case No. 5:24-cv-01930-TJH (DTB), remains pending before this Court. The Original Defendants—Paul

1    Barresi, Adam Waldman, and other associated parties—are not parties to this

2    Intervenor Complaint. Their inclusion herein is solely for the purpose of

3    identifying the procedural context of this action and establishing that Intervenor-

4    Plaintiff's injuries arose directly from Defendant Taft's conduct occurring in and

5    around this litigation.

6                                    **V. CAUSES OF ACTION**

7    **1)  FEDERAL CLAIMS OF RELIEF**

8        • Intervenor-Plaintiff incorporates by reference all preceding

9    paragraphs of this Complaint, as well as all factual statements, exhibits, and

10   arguments contained in her previously filed **Emergency Motion for Immediate**

11   **Protective Relief** (*See* Docket No. 85), as if fully stated herein.

12                A. **Abuse of Process**

13                1.   Defendant, Christina Taft has repeatedly and maliciously

14   misused judicial processes, both in this action and in other courts for purposes not

15   contemplated by law. Specifically, Defendant has initiated frivolous motions,

16   fabricated claims, and issued fraudulent subpoenas in order to obtain Intervenor-

17   Plaintiff's private and personal information without lawful authority. See Motion to

18                2.   Defendant has further misused this Court's processes to harass,

19   intimidate, and retaliate against Intervenor-Plaintiff for providing truthful

20   information in connection with these proceedings.  Further, Defendant attempted to

21   coerce Intervenor-Plaintiff into altering her sworn declaration in this case by

22   threatening to reintroduce into her life, a person from her past whom Defendant

23   knew to be a source of significant trauma and fear. Defendant subsequently acted

24   on this threat by contacting that individual and making harassing communications

25   with the intent to intimidate Intervenor-Plaintiff and undermine her truthful

26   testimony. Additionally, Defendant has included details of a private sexual nature

27   for which she has no connection, or personal knowledge, and has no legitimate

28   purpose for being included in these proceedings, other than for the purposes of

1    further embarrassment and intimidation.

2             3.   Defendant also engaged in misuse of emergency services and

3    by repeatedly making false reports to 9-1-1, claiming Intervenor-Plaintiff was

4     being held hostage and in immediate danger, which resulted in law enforcement

5    visits to Intervenor-Plaintiff's home and ultimately placed her residence on a "do

6    not respond" list. *See* **Ex Parte Emergency Motion for Immediate Protective**

7    **Relief.** (Dock no. 85)(Exhibits 1-8)(Police Reports, issued warrants, and Order of

8    Protection issued).

9             4.   Defendant used Intervenor's-Plaintiff's private phone records, in

10   addition to other resources, to identify and monitor the law enforcement officers

11   and agencies that Intervenor-Plaintiff was forced to be in constant contact with for

12   protection against Defendant. Defendant then interfered with these contacts by

13   making harassing phone calls, sending packages through the U.S. mail, and

14   emailing multiple police departments and federal agencies in California, multiple

15   jurisdictions in Tennessee, multiple jurisdictions in Hawaii, Florida, and the F.B.I.

16   in an effort to undermine the credibility of Intervenor-Plaintiff and obstruct

17   investigations, harassing both Intervenor-Plaintiff and the officers involved. *See*

18   *Id.*, Exhibits 9-19)

19            5.   Defendant's conduct was not intended to secure a proper legal

20   outcome or advance legitimate claims, but instead to pursue ulterior purposes,

21   including: (a) harassing and intimidating the original Defendants, Paul Baressi and

22   Adam Waldman; (b) coercing and retaliating against Intervenor-Plaintiff, a non-

23   party witness, to pressure her into altering testimony and withdrawing her truthful

24   declaration; (c) disseminating Intervenor-Plaintiff's private information in order to

25   embarrass, stalk, and control her.

26            6.   Abuse of process is established when legal or quasi-legal

27   procedures are used for an ulterior purpose not contemplated by law. *See, e.g.,*

28   *Adams v. Superior Court*, 2 Cal. App. 4th 521, 529 (1992); *Stromberg v. Costello,*

1   *456 F. Supp. 848 (D. Mass. 1978); Sachs v. Levy, 216 F. Supp. 44 (E.D. Pa. 1963).*

2   These cases recognize that misuse of legal process for harassment, intimidation, or

3   coercion constitutes actionable abuse of process.

4           7.  Defendant's actions, as described herein, were not for the

5   purpose of securing any legitimate judicial or law enforcement relief but were

6   instead designed to harass, intimidate, and retaliate and you to utilize them in this

7   case in furtherance of conduct.

8           8.  As a direct and proximate result of Defendant's abuse of

9   process, Intervenor-Plaintiff has suffered severe emotion distress, reputation harm,

10  invasion of privacy, interference with her ability to seek police protection, and

11  other damages in an amount to be proven at trial.

12      B. **Violation of Privacy**

13  • Background of Violations

14          1.  Defendant, Christina Taft, intentionally and unlawfully

15  accessed Intervenor-Plaintiff's private phone records and communications from T-

16  Mobile USA, Inc., including call logs, text data, and other personal information,

17  without Intervenor-Plaintiff's knowledge or consent.

18          2.  Defendant disseminated these records via unsecured email to

19  multiple jurisdictions, including California, Tennessee, Hawaii, and others.

20          3.  Defendant also used these records to contact Intervenor-

21  Plaintiff's family, friends, and law enforcement, causing further harassment,

22  stalking, and interference with personal and professional relationships.

23          4.  Defendant's actions were part of a pattern of misconduct that

24  included misuse of legal processes in multiple state courts and direct attempts to

25  coerce Intervenor-Plaintiff to alter her prior declarations in this case. These acts

26  were intentional, knowing, and malicious, resulting in severe emotional distress

27  and a violation of Intervenor-Plaintiff's right to privacy.

28

- **Federal Law Violations**

5. **Fed. R. Civ. P. 45** - Under the Federal Rules of Civil Procedure, a subpoena must be issued under the authority of the court where the action is pending. **Fed. R. Civ. P. 45(a)**. Additionally, a subpoena must be properly served on the person subject to it. **Fed. R. Civ. P. 45(b).** Subpoenas also cannot impose undue burden, invade privilege, or demand disclosure of protected, private information without due process. **Fed. R. Civ. P. 45(d).** A person may be held in contempt for misusing subpoena power. **Fed. R. Civ. P. 45(g).** Defendant's actions - using foreign courts, failing to serve Intervenor-Plaintiff, denying her notice, and targeting her private communications are all violations of this Rule.

6. **18 U.S.C. §§ 2701, 2707 (Stored Communications Act)(SCA)** – It is unlawful to intentionally access without authorization, or to exceed authorization in accessing, a facility through which an electronic communication service is provided, and thereby obtain, alter, or prevent authorized access to a wire or electronic communication while it is in electronic storage.

7. § 2707 of the SCA creates a civil cause of action, permitting "any provider of electronic communication service, subscriber, or other person aggrieved" by a violation of  § 2701 to recover actual damages, statutory damages, punitive damages, and attorney's fees.

8. Plaintiff-Intervenor is a subscriber and use of T-Mobile USA, Inc., an electronic communications service provider headquartered in Bellevue, Washington. Defendant Taft intentionally and without authorization obtained Plaintiff-Intervenor's private T-Mobile phone records through fraudulent subpoenas issued from multiple courts in Hawaii where Plaintiff-Intervenor had no contacts, was not a party, and was never served.

9. Defendant admitted under oath in the District Court of the Second Circuit, State of Hawaii, Maui that she fraudulently obtained Plaintiff-

Intervenor's records for purposes of this action. See Ex Parte Emergency Motion for Immediate Protective Relief, Exs. 9, 14, 19)(*Christina Taft v. Javonti Thomas,* 2DSC-25-0000091); *See also* **Request to Take Judicial Notice: Vexatious Litigant Order**)

      10.Additionally, under penalty of perjury, Defendant admitted to this Court that she obtained Plaintiff-Intervenor's Records for purposes of this case.

      11.The use of invalid or fraudulent subpoenas to compel disclosure of private communications and subscriber records constitute unauthorized access and disclosure, in direct violation of 18 U.S.C. § 2701(a). Defendant's actions fall squarely within the scope of the SCA. *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1072-74 (9th Cir. 2004)(the SCA was violated by the defendants in this case when they used an invalid subpoena to obtain records without authorization.)

      12.As a direct and proximate result of Defendant Taft's actions, Plaintiff-Intervenor has suffered damages, including but not limited to invasion of privacy, loss of control over confidential records, emotional distress, and costs associated with mitigating the misuse of her records.

      13.Pursuant to 18 U.S.C. § 2707, Plaintiff-Intervenor is entitled to actual damages, statutory damages of not less than $1,000, punitive damages, equitable relief, and reasonable attorney's fees and costs.

- **18 U.S.C. § 1030 – Computer Fraud and Abuse Act (CFAA) Violations**

      14. It is unlawful to intentionally access a computer without authorization or exceed authorized access and thereby obtain information from any protected computer. 18 U.S.C. §1030(a)(2)(C).

      15. A "protected computer" includes any computer used in or affecting interstate or foreign commerce or communication, including but not limited to servers and systems maintained by T-Mobile USA, Inc., headquartered in Bellevue, Washington. 18 U.S.C. 1030(e)(2)(B).

      16. Section 1030(g) permits "any person who suffers damage or

1  loss by reason of a violation of this section" to bring a civil suit against the
2  violator.

3          17.Defendant intentionally accessed or caused to be accessed, T-
4  Mobile's protected computer systems without authorization and obtained Plaintiff-
5  Intervenor's private records. Specifically, Defendant admitted in filing with this
6  Court that before issuing any subpoena, she was able to obtain a portion of
7  Plaintiff-Intervenor's private records through an online T-Mobile help chat. She
8  then proceeded to submit that "chat" into evidence in this case.

9          18. Defendant had no legal authority, lawful basis, or consent from
10 Plaintiff-Intervenor to do so.

11         19.Defendant then disseminated Plaintiff-Intervenor's private
12 records by email across multiple states, including Hawaii, California, Tennessee,
13 and possibly other states, as well as other countries, including France, thereby
14 compounding the unauthorized access. *See* **Ex Parte Emergency Motion for**
15 **Immediate Protective Relief,** Doc. No. 85, Ex. 20 (showing emails sent to
16 Plaintiff-Intervenor by Defendant. Defendant attached Plaintiff-Intervenor's phone
17 records and displayed emails sent to law enforcement agencies including the T-
18 Mobile records).

19         20.Plaintiff-Intervenor has suffered harm as a result, including loss
20 of privacy, exposure of confidential communications, emotional distress, costs
21 incurred to secure personal data, and the necessity of pursuing relief in this Court.
22 As a result, Plaintiff-Intervenor is entitled to recover compensatory damages,
23 injunctive relief, and other equitable relief deemed just and proper by this Court.

24         21. Pursuant to 18 U.S.C. § 1030(g), Plaintiff-Intervenor has a
25 private right of action and is entitled to recover compensatory damages, injunctive
26 relief, and other equitable relief deemed just and proper by this Court.

27 • **18 U.S.C.§ 2511 – Federal Wiretap Act Violation**

28         22.Intervenor-Plaintiff realleges and incorporates by reference all

1    preceding paragraphs as if fully set forth herein.

2                    a) **Unauthorized Interception of Oral Communication**

3              23.  Under 18 U.S.C. § 2511(1)(a), it is unlawful to intentionally

4    intercept, endeavor to intercept, or procure another person to intercept any wire,

5    oral, or electronic communication.

6              24.  Section 2511(2)(d) provides a limited exception when one of

7    the parties to the communication has given prior consent, **unless the interception**

8    **is made for the purpose of committing any criminal or tortious act** in violation

9    of the Constitution or laws of the United States or of any State. "Consent under §

10   2511(2)(d) must be actual and cannot be obtained through coercion, trickery, or

11   misrepresentation. The interception is not immunized if its purpose is itself tortious

12   or unlawful." See *Pyankovska v. Abid*, 65 F.4th 1067, 1073-74 (9th Cir.

13   2023)(clarified that the consent exception is to be narrowly construed. Accordingly,

14   consent obtained under duress, emotional pressure, or deceit, or used for a purpose

15   inconsistent with legitimate legal objectives, does not constitute valid consent

16   under federal law)

17                    **b) Factual Basis**

18              25.  In approximately July 2022, Defendant Christina Taft and her

19   associate Richie Albertini contacted Plaintiff-Intervenor claiming that Taft was an

20   attorney who "knew the man who put the gun to [Plaintiff-Intervenor's] head[1]"

21   years earlier and could help her "get justice." Relying on this misrepresentation,

22   Plaintiff-Intervenor participated in a phone call with Defendant Taft.

23              26. During the call, Defendant Taft recorded the conversation without

24   prior notice or consent. When Plaintiff-Intervenor realized she might be recorded

25   and objected, Defendant hesitated but admitted that she was recording. Under

26   significant emotional stress and confusion, Plaintiff-Intervenor relented only after

27   Taft promised the recording would be used solely for legitimate legal purposes and

28   only by licensed legal professionals. Several times in Defendant's Second

---

[1] The reference in paragraph 25 has been extensively discussed by Defendant in the original action. *Taft v. Barresi*, et al., 5-24-cv-01930-TJH-DTB

1   Amended Complaint, Defendant Taft acknowledges lack of consent to the

2   recording. *See* **Second Amended Complaint**. Dock no. 74, pg. 33, para. 22.

3        27. Despite this limited consent, and unbeknownst to Plaintiff-Intervenor,

4   Defendant Taft proceeded to disseminate the recording to third parties unconnected

5   to any legal matter, including a person identified as Rebecca Berry, whom Taft, in

6   this original proceeding, described as a "beginner journalist." Taft has repeatedly

7   referenced and publicized the recording throughout the proceedings of this case

8   and in online forums, using it to harass, intimidate, and embarrass Plaintiff-

9   Intervenor.

10        **c) Application of Law**

11

12        28. **Unlawful Interception -** Defendant Taft intentionally recorded an

13   interstate phone conversation between herself in California and Plaintiff-Intervenor

14   in Tennessee, without valid consent and in violation of 18 U.S.C. § 2511(1)(a).

15        29. **Invalid Consent -** Any alleged consent by Plaintiff-Intervenor was

16   not freely given but obtained under duress and misrepresentation, where Defendant

17   falsely misrepresented herself to be a lawyer and exerted emotional pressure.

18   Under *Pyankovska,* such consent is invalid because it was secured through deceit

19   and coercion. 65 F.4th 1067 (9th Circuit 2023).

20        30. **Tortious Purpose -** Even if consent were found, Defendant's purpose

21   and subsequent use of the recording—for tortious purposes—renders the

22   interception and dissemination unlawful under § 2511(2)(d).

23        **d) Interstate Communication.**

24

25        31. The communication was transmitted between Tennessee and

26   California, affecting interstate commerce within the meaning of 18 U.S.C. §

27   2510(12) and § 2511(1)(a), thereby satisfying the jurisdictional predicate of the

28   federal Wiretap Act.

33. Additionally, because the recording occurred while Defendant Taft was physically present in California, the California Invasion of Privacy Act, Cal. Penal Code § 632, applies. Section 632 makes it unlawful to intentionally record a confidential communication without the consent of all parties to the communication. The California Supreme Court has recognized that the law applies to recordings made within California, even when the other party is outside the state, when the recording party is located in California at the time of the interception. Defendant Taft's recording and subsequent dissemination of the call therefore also violates California law, reinforcing the federal violation.

e) **Damages -** Pursuant to 18 U.S.C. § 2520, Plaintiff-Intervenor seeks: Actual damages, including emotional distress and reputational harm; Statutory damages of the greater of $100 per day or $10,000; Punitive damages for willful and malicious conduct; and Attorney's fees and costs.

- **WITNESS RETALIATION**

34. **Status as Witness**

Intervenor-Plaintiff is a non-party witness in the matter of *Taft v. Barresi, Waldman, et al.*, currently before this Court. On March 12, 2025, Intervenor-Plaintiff submitted a Declaration through Defendant Paul Barresi's counsel, refuting false allegations made by Christina Taft (Plaintiff in the original action).

35. **Commencement of Retaliation**

After Intervenor-Plaintiff filed her Declaration, Defendant Taft began a campaign of harassment, stalking, and illegal surveillance designed to intimidate and retaliate against Intervenor-Plaintiff for her testimony and cooperation with this Court.

36. **Nature of Prior References**

The original and First Amended Complaints filed by Plaintiff Taft mentioned Intervenor-Plaintiff only as a third-party witness to an illegally recorded

1  phone call. However, in subsequent filings—including the Second Amended

2  Complaint—Defendant Taft, now calling Intervenor-Plaintiff her "star witness,"

3  expanded those references to include over 400 mentions of Intervenor-Plaintiff's

4  name, private information, and personal history, despite their lack of relevance to

5  any legitimate claim before this Court.

6      37. **Related Filings**

7          On January 24, 2025, Taft filed a "**Plaintiff's Declaration in Support**

8  **of Opposition to Defendant's Motion to Dismiss**." (See Dkt. No. 38-1.)

9  Accompanying that filing was a set of Exhibits, including a purported Declaration

10  of Ian Herndon. (See Dkt. No. 38-2, Exhibit D.) These filings contained false,

11  inflammatory, and retaliatory statements directed at Intervenor-Plaintiff.

12      **a) Factual Background**

13          38. After submission of her Declaration, Defendant Taft escalated

14  harassment and surveillance efforts. Taft referenced Intervenor-Plaintiff over 400

15  times in court filings, disclosed personal details including location, family,

16  purported medical history, cell phone records, and past trauma, and repeatedly

17  attempted to coerce her to retract or alter testimony.

18          39. Defendant Taft monitored Intervenor-Plaintiff's communications with

19  law enforcement, interfered with those communications, and conducted physical

20  and digital surveillance to intimidate and silence her.

21      **b) Overt Acts of Retaliation**

22          40. Defendant Taft, directly and through third parties acting in concert,

23  engaged in the following retaliatory acts:

24          a. Publicly exposing Intervenor-Plaintiff's private information in

25  pleadings and online posts;

26          b. Referencing dismissed or discredited declarations to undermine her

27  credibility;

28          c. Issuing fraudulent subpoenas to obtain her phone records and

1    monitor communications;

2        d. Contacting Intervenor-Plaintiff's family, friends, and associates with false
3    accusations;

4        e. Threatening to invoke prior traumatic events to instill fear and compel
5    silence;

6        f. Harassing law enforcement officers involved in Intervenor-Plaintiff's
7    reports, including through excessive calls and mailed packages, to discredit her
8    complaints.

9    **c) Legal Authority**

10    1. **Federal Law** – 18 U.S.C. § 1513(e) prohibits retaliation against any person
11        for providing truthful information to law enforcement or participating in an
12        official proceeding.
13            • See *United States v. Jackson*, 610 F.3d 193, 196 (4th Cir. 2010) (holding
14    that harassment or intimidation aimed at deterring or punishing witness testimony
15    constitutes retaliation).
16            • See *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (recognizing the
17    importance of protecting witnesses from retaliation to preserve the integrity of
18    judicial proceedings).

19    2. **State Law** – California Penal Code § 136.1 criminalizes any knowing
20        attempt to prevent, discourage, or retaliate against a witness or victim for
21        testifying truthfully or cooperating with authorities.

22    **d) Intent and Harm**

23    Defendant Taft's actions were deliberate and malicious, undertaken with the intent
24    to punish and intimidate Intervenor-Plaintiff for her truthful Declaration and
25    cooperation with the Court. As a result, Intervenor-Plaintiff suffered severe
26    emotional distress, interference with her personal safety, disruption of lawful
27    communications with law enforcement, reputational harm, and continuing fear of
28    further retaliation.

1       **e) Relief Sought**

2 Intervenor-Plaintiff seeks:

3                1)  Compensatory damages for emotional, reputational, and

4 economic harm;

5                2)  Punitive damages for Defendant's willful and malicious

6 misconduct;

7                3)  Injunctive relief prohibiting Defendant from further

8 harassment or contact; and

9                4)  Any additional relief this Court deems just and proper.
10

11   •  **STATE LAW CLAIMS – CALIFORNIA**

12       •  The following California State law claims incorporate and fully

13 integrate the factual allegations detailed above, including all events described in

14 the Ex Parte Emergency Motion for Immediate Protective Relief (Docket No. 85),

15 without unnecessary repetition, to provide the Court with a complete account of

16 Defendant's unlawful conduct

17       **a)  Application of California Law**

18       38. Intervenor-Plaintiff brings the following claims under California law

19 because Defendant Christina Taft committed multiple wrongful acts while

20 physically present in California, including recording private communications,

21 disseminating private information, coordinating harassment through third parties,

22 and attempting to misuse judicial processes.

23       39. Although Defendant claims to currently be a resident of France and

24 was previously a resident of Hawaii, she intentionally directed acts from

25 California, including utilizing this Court in order to further harass Intervenor-

26 Plaintiff and other parties, accessing systems, coordinating with third parties, and

27 disseminating recordings, which caused harmful effects to Intervenor-Plaintiff in

28   **Tennessee and elsewhere.**

1    40. California law protects individuals from invasion of privacy,

2    harassment, and retaliatory conduct, and applies when the defendant's intentional

3    acts originate from California or have significant effects on California-connected

4    communications or systems. See, e.g., *Hill v. NCAA*, 7 Cal.4th 1, 28 (1994)

5    (recognizing broad protections for privacy and limitations on unauthorized

6    disclosure of private information).

7    • **Invasion of Privacy – California Civil Code § 1708.8**

8    41. California Civil Code § 1708.8 prohibits the use of cameras or other

9    recording devices to invade the privacy of an individual in a private place.

10    38.  Defendant, while in California, intentionally recorded a private

11    phone call with Intervenor-Plaintiff, without her informed consent, and

12    disseminated that recording to third parties, including individuals not legally

13    involved in the matter.

14    39.  The recording occurred under duress, with Intervenor-Plaintiff

15    believing she was speaking with a lawyer and pressured to provide personal

16    details. Defendant's act of recording and further disseminating that information

17    constitutes a violation of § 1708.8 because it invaded Intervenor-Plaintiff's privacy

18    in a private conversation and was not consented to for the uses Defendant made of

19    it.

20    40. Defendant further used third parties to surveil Intervenor-Plaintiff's

21    home, recording her without her knowledge or consent, and directed them to report

22    back to her. This conduct also constitutes an invasion of privacy under § 1708.8.

23    • **Violation of California Invasion of Privacy Act (Cal. Penal**

24    **Code §§ 630–638)**

25    1) Plaintiff-Intervenor re-alleges and incorporates by

26    reference all preceding paragraphs and the Ex Parte Emergency Motion for

27    Immediate Protective Relief (Dkt. 85) as though fully set forth herein.

28    2) At all relevant times, Defendant Christina Taft was a

1   resident of California and, while located in California, intentionally recorded a

2   confidential telephone conversation with Plaintiff-Intervenor without her

3   knowledge or consent, in violation of **Cal. Penal Code § 632(a)**.

4              3)  Plaintiff-Intervenor had a reasonable expectation of

5   privacy in said conversation, which contained deeply personal and traumatic

6   details unrelated to this litigation.

7              4)  Defendant later disseminated the recording to third

8   parties, further violating **Cal. Penal Code §§ 631, 632, 637.2**, and causing severe

9   emotional distress, humiliation, and ongoing harm.

10             5)  Under **Cal. Penal Code § 637.2**, Plaintiff-Intervenor is

11  entitled to recover statutory damages of $5,000 per violation or three times actual

12  damages, whichever is greater, as well as equitable relief and attorneys' fees as the

13  Court deems proper.

14      • **Public Disclosure of Private Facts – California Civil Code**

15  **§§ 3344, 1708.8**

16

17      41.    Intervenor-Plaintiff realleges and incorporates by reference all

18  preceding paragraphs as though fully set forth herein.

19      42.  Defendant Christina Taft has repeatedly and deliberately disclosed

20  deeply private and highly sensitive information concerning Intervenor-Plaintiff,

21  including details of a prior sexual assault wholly unrelated to any issue or claim in

22  this litigation.

23      43. These disclosures were made in public court filings, emails, press releases,

24  social and other communications to third parties, with no legitimate connection to

25  any claim or defense asserted in this or any related proceeding.

26      44. The inclusion of these details was intended to humiliate, intimidate, and

27  emotionally harm Intervenor-Plaintiff, and to publicly expose traumatic

28  information for purposes of retaliation and harassment.

45. The facts disclosed concerned matters that are not of legitimate public concern, including Intervenor-Plaintiff's personal history, medical and psychological information, and details of prior trauma.

46. Defendant knew or should have known that such information was highly private and that its public disclosure would cause severe emotional distress and humiliation to Intervenor-Plaintiff.

47. California law recognizes a cause of action for public disclosure of private facts, where: a. Private facts about a person are publicly disclosed; b. The disclosure would be highly offensive to a reasonable person; and c. The facts are not of legitimate public concern. See *Shulman v. Group W Prods., Inc.*, 18 Cal.4th 200, 214–15 (1998).

48. Defendant's conduct satisfies each element of this tort:  The facts disclosed were private and not previously public; the disclosure was made publicly in judicial filings accessible to third parties and through electronic dissemination; a reasonable person would find such disclosure—especially of sexual assault history—highly offensive and outrageous; the disclosed material bore no relevance to any issue in the case and served no legitimate public purpose.

49. Defendant's dissemination of this private information constitutes a willful and malicious invasion of Intervenor-Plaintiff's privacy under California Civil Code §§ 1708.8 and 3344 and the common law right to privacy recognized under Article I, § 1 of the California Constitution.

50. As a direct and proximate result of Defendant's conduct, Intervenor-Plaintiff has suffered:

        a. Severe emotional distress and trauma;
        b. Loss of dignity and personal security;
        c. Damage to reputation; and
        d. Ongoing fear and anxiety regarding future disclosures.

51. Defendant's acts were intentional, malicious, and undertaken with reckless disregard for Intervenor-Plaintiff's rights.

52. Intervenor-Plaintiff therefore seeks compensatory damages, punitive damages, and injunctive relief prohibiting Defendant from further disseminating or referencing Intervenor-Plaintiff's private information in any forum without prior leave of this Court.

C. **Intentional Infliction of Emotional Distress – California Civil Code § 1708; Case Law**

53. Defendant's repeated acts of harassment, surveillance, unauthorized recording, and dissemination of private information were extreme and outrageous, and beyond the bounds of decency tolerated by society.

54. Defendant's conduct was intended to, and did, cause severe emotional distress to Intervenor-Plaintiff.

55. Courts in California recognize that repeated harassment, intimidation, and the unauthorized disclosure of private information, especially when coordinated and targeted against a vulnerable individual, can constitute intentional infliction of emotional distress. *See* (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050-1051 [95 Cal.Rptr.3d 636, 209 P.3d 963]).

D. **Retaliation and Harassment – California Civil Code § 527.6 and Related Statutes**

56. Defendant used California-based resources, including this Court to hire or direct third-party agents, to repeatedly contact and harass Intervenor-Plaintiff at her home in Tennessee and elsewhere.

57. Defendant's actions included leaving letters, making repeated unwanted contacts, sending messages to family members, and publicizing sensitive information.

58. California law allows a person to seek protection from harassment, including when a pattern of conduct is intended to harass or intimidate. Civil Code

§ 527.6(a) permits the Court to issue restraining orders to protect against such harassment.

59. Defendant's conduct satisfies the elements of harassment under California law: a pattern of unwanted behavior, intent to harass or intimidate, and actions causing substantial emotional distress to Intervenor-Plaintiff.

### F. Additional Relevant California Statutes

60. Defendant's access to private communications and dissemination of private facts may also implicate California Penal Code § 632, which prohibits recording confidential communications without consent, and § 634, which criminalizes interception of electronic communications in violation of the law.

61. Defendant's use of California-based communications and contacts to facilitate these unlawful acts provides a nexus for applying California state law even though Intervenor-Plaintiff resides in Tennessee.

### G. Damages

62. As a direct and proximate result of Defendant's unlawful acts under California law, Intervenor-Plaintiff has suffered:

    a. Severe emotional distress, trauma, and ongoing fear for her safety;
    b. Interference with personal and professional life;
    c. Violation of privacy rights, including disclosure of private information;

    d. Costs of security and protective measures taken to safeguard herself and her family.

- **Alternative State Law Theories**

63. Plaintiff-Intervenor asserts, in the alternative, claims under the laws of other states where Defendant's misconduct was directed or caused harm, and where the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367.

64. **Tennessee State Law – Invasion of Privacy, Harassment, and Retaliation**

Defendant's actions, including repeated surveillance at Plaintiff-Intervenor's

Tennessee residence, unauthorized access to personal phone records, and dissemination of private information, constitute violations under Tennessee common law and statutory protections for privacy, harassment, and witness retaliation. The Court may exercise jurisdiction because the harm was suffered by Plaintiff-Intervenor in Tennessee and resulted directly from Defendant's acts intentionally targeting her in this state.

65. **Hawaii State Law – Abuse of Process, Harassment, and Fraudulent Subpoenas**

Defendant obtained Plaintiff-Intervenor's records through multiple subpoenas filed in Hawaii, including cases where Plaintiff-Intervenor had no connection to the parties or subject matter, in violation of Hawaii law governing misuse of the courts and harassment. The Court may hear these claims under supplemental jurisdiction because Defendant's misconduct, although occurring in Hawaii courts, was intended to harm Plaintiff-Intervenor and advance the litigation in this federal case.

66. **Other States as Applicable – Unlawful Access, Stalking, or Disclosure of Private Information**

In the alternative, Plaintiff-Intervenor asserts that Defendant's conduct may violate laws of other states where she directed harassment, obtained records, or disseminated private information, including, but not limited to, states where Defendant sent emails, made calls, or targeted third parties. The Court may exercise jurisdiction over these claims as they arise from the same nucleus of operative facts as the federal and California claims and involve conduct intended to harm Plaintiff-Intervenor in connection with this litigation.

## VI.  OVERALL DAMAGES/HARM

67. As a direct and proximate result of Defendant Christina Taft's unlawful conduct, as described in this Complaint, Intervenor-Plaintiff Angela Gayle Meador has suffered substantial harm, including, but not limited to:

a. Severe emotional distress, trauma, and ongoing fear for her safety;

b. Interference with personal and professional life;

c. Violation of privacy rights, including disclosure of private information;

d. Loss of control over confidential communications and records;

e. Costs of security and protective measures taken to safeguard herself and her family;

f. Harm to reputation and standing in the community; and

g. Other compensable harms, both general and special, as proven at trial.

68.  Intervenor-Plaintiff seeks all available damages under the law, including:

a. Compensatory damages for actual losses and emotional distress;

b. Statutory damages as provided by applicable federal and state statutes;

c. Punitive and exemplary damages for willful, malicious, and intentional misconduct;

d. Costs of litigation and reasonable attorney's fees; and

e. Any other relief the Court deems just and proper

**VII. PRAYER FOR RELIEF**

69. Intervenor-Plaintiff Angela Gayle Meador respectfully requests that the Court enter judgment in her favor and against Defendant Christina Taft, and award the following relief:

- permanent injunction prohibiting Defendant from:

a. Accessing, obtaining, or attempting to obtain Intervenor-Plaintiff's private communications, records, or other personal information without consent;

b. Harassing, stalking, or retaliating against Intervenor-Plaintiff in any manner, directly or through third parties;

c. Disseminating or publicly disclosing any private, confidential, or sensitive information concerning Intervenor-Plaintiff; and

d. Misusing any judicial or quasi-judicial processes for the purpose of harassment, intimidation, or retaliation.

- Compensatory damages according to proof at trial, including damages for emotional distress, invasion of privacy, reputational harm, and other harms suffered.

- Statutory damages under applicable federal and state statutes, including the Stored Communications Act, Wiretap Act, California Civil Code §§ 1708.8 and 3344, and any other statutory provisions supporting relief.

- Punitive and exemplary damages for willful, malicious, and intentional misconduct.

- Pre-judgment and post-judgment interest as allowed by law.

- Reasonable attorney's fees and costs of this action, to the extent authorized by law.

- Such other and further relief as the Court deems just, proper, and equitable.

## VIII. JURY DEMAND

70. Intervenor-Plaintiff hereby demands a trial by jury on all claims and issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## IX. SIGNATURE BLOCK

Dated: October 5, 2025

Respectfully submitted,

1

2      FILED UNDER SEAL_____

3      Angela Gayle Meador

4      Intervenor-Plaintiff, Pro Se

5      Address –CONFIDENTIAL – FILED UNDER SEAL

6      City, State, ZIP – CONFIDENTIAL – FILED UNDER SEAL

7      Phone Number – CONFIDENTIAL – FILED UNDER SEAL

8      Email Address – CONFIDENTIAL – FILED UNDER SEAL

9

10     **IX. CERTIFICATE OF SERVICE**

11     I hereby certify that on October 5, 2025, a true and correct copy of the

12     foregoing Intervenor-Plaintiff's Complaint was served on all parties via

13     [method of service, e.g., electronic filing via CM/ECF, or U.S. Mail, as

14     applicable] in accordance with Fed. R. Civ. P. 5(b) and Local Rule 5-3.

15

16     FILED UNDER SEAL_____

17     Angela Gayle Meador

18     Intervenor-Plaintiff, Pro Se

19

20

21

22

23

24

25

26

27

Complaint in Intervention Pursuant to Fed. R. Civ. P 24(c)          24