**ANGELA GAYLE MEADOR**

Address –CONFIDENTIAL – FILED UNDER SEAL

City, State, ZIP – CONFIDENTIAL – FILED UNDER SEAL

Phone Number – CONFIDENTIAL – FILED UNDER SEAL

Email Address – CONFIDENTIAL – FILED UNDER SEAL

FILED
CLERK, U.S. DISTRICT COURT
10/06/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ____rec____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Non-Party Witness/Victim

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ANGELA GAYLE MEADOR,<br><br>      Intervenor-Plaintiff,<br><br>vs.<br><br>CHRISTINA TAFT,<br><br>      Defendant,<br>_____/<br><br>PAUL BARRESI; ADAM R. WALDMAN; and DOES 1 through 10, Inclusive<br><br>      Defendants | CASE NO. 5:24-cv-01930-TJH (DTB)<br><br>[Hon. David T. Bristow, Magistrate Judge]<br><br>**NOTICE OF FILING OF STATE COURT ORDER AND REQUEST FOR JUDICIAL NOTICE**<br><br>**DETERMINING PLAINTIFF CHRISTINA TAFT TO BE A VEXATIOUS LITIGANT**<br><br>**ALSO IDENTIFYING USE OF AI HALLUCINATED LAW** |

Notice of Filing State Court Order and Request Judicial Notice

# NOTICE OF FILING OF STATE COURT ORDER AND REQUEST FOR JUDICIAL NOTICE

(With Supporting Declaration of Angela Gayle Meador)

TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

Witness Angela Gayle Meador respectfully submits this Notice of Filing of State Court Order and Request for Judicial Notice pursuant to **Federal Rule of Evidence 201(b)** and **Local Rule 7-6**, and states as follows:

---

## I. INTRODUCTION

1. Intervenor Meador hereby requests that this Honorable Court take judicial

notice of an official Order Determining Plaintiff Christina Taft to be a Vexatious Litigant, issued by the District Court of the Third Circuit, North and South Hilo Division, State of Hawaii, in *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091, dated July 24, 2025 (attached hereto as Exhibit A).

2. The Hawaii Court found that Plaintiff Christina Taft engaged in a pattern of

abusive and frivolous litigation tactics, harassing conduct, and the misuse of legal process, including issuing subpoenas to obtain private data without proper judicial authorization and for purposes that have no relation to the case or parties of the action.

3. The Hawaii Court also found that Plaintiff Christina Taft has been filing

pleadings that rely upon "Hallucinated" AI law.

4. These findings are directly relevant to the current proceedings, as Plaintiff

has engaged in substantially similar conduct before this Court, including the **use of falsified or defective subpoenas** and the **targeting of nonparty witnesses** such as Witness Meador through repeated filings, online postings, and harassment via purported "process servers."

## II. LEGAL BASIS FOR JUDICIAL NOTICE

Notice of Filing State Court Order and Request Judicial Notice

1

4. Under **Federal Rule of Evidence 201(b)**, a court may take judicial notice of facts that are "not subject to reasonable dispute" because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including records of state courts.

5. The **Ninth Circuit** has long recognized that judicial notice of other court proceedings is appropriate. See *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, **971 F.2d 244, 248 (9th Cir. 1992)** ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

6. The Hawaii vexatious-litigant order is an official state-court record whose authenticity is beyond dispute, and it bears directly on the pattern of litigation abuse and harassment of nonparties currently before this Court.

7. This evidence is relevant to Plaintiff's credibility, pattern of abusive litigation conduct, and her continued misuse of legal process and AI-generated filings to harass witnesses, including the undersigned.

## III. RELEVANCE TO THESE PROCEEDINGS

8. Plaintiff Taft's conduct described in the Hawaii Order mirrors the same behavior exhibited in this federal case, including:
a. filing excessive, meritless pleadings;
b. targeting and harassing witnesses and nonparties through filings and online campaigns; and
c. using "process servers" or intermediaries to make improper personal contact and gather information unrelated to legitimate service of process.

9. Judicial notice of this order will assist the Court in assessing Plaintiff's pattern of misuse of judicial systems and in evaluating the need for protective measures for nonparties, including Intervenor Meador.

## IV. CONCLUSION

Notice of Filing State Court Order and Request Judicial Notice

For the foregoing reasons, Intervenor **Angela Gayle Meador** respectfully requests that this Court:

    1. Take judicial notice of the Hawaii District Court's Order Declaring Christina Taft a Vexatious Litigant entered July 21, 2025, in *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091; and

    2. Include the order in the record of this case for all purposes relevant to the Court's assessment of Plaintiff's litigation conduct, credibility, and ongoing pattern of harassment.

## V. DECLARATION OF ANGELA GAYLE MEADOR

I, **Angela Gayle Meador**, declare as follows:

    1. I am the Intervenor in this action and have personal knowledge of the facts stated herein.

    2. Attached hereto as **Exhibit A** is a true and correct copy of the Order Declaring Christina Taft a Vexatious Litigant, issued by the District Court of the Third Circuit, North and South Hilo Division, State of Hawaii, in *Christina Taft v. Javonti Thomas*, Case No. 2DSC-25-0000091, dated July 21, 2025.

    3. I obtained this copy directly from the Hawaii Judiciary's electronic court records system (JEFS), where the document is publicly available and certified as a true copy.

    4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of October, 2025, in Nashville, Tennessee.

FILED UNDER SEAL
**Angela Gayle Meador**
Third Party Witness
Address –CONFIDENTIAL – FILED UNDER SEAL

Notice of Filing State Court Order and Request Judicial Notice

City, State, ZIP – CONFIDENTIAL – FILED UNDER SEAL

Phone Number – CONFIDENTIAL – FILED UNDER SEAL

Email Address – CONFIDENTIAL – FILED UNDER SEAL

**Exhibit A**

*(Attached PDF copy of Hawaii District Court's Vexatious Litigant Order to this motion)*

**Certificate of Service (for CM/ECF Filing)**

I hereby certify that on this 5th day of October, 2025, I electronically filed the foregoing Notice of Filing of State Court Order and Request for Judicial Notice with the Clerk of the Court using the CM/ECF system, which automatically sends notification of such filing to all registered CM/ECF users in this case, including Plaintiff Christina Taft and counsel for Defendant, Paul Barresi.

Executed on this 5th day of October, 2025, in Nashville, Tennessee.

____FILED UNDER SEAL_____
Angela Gayle Meador
Third Party Witness

Notice of Filing State Court Order and Request Judicial Notice

Notice of Filing State Court Order and Request Judicial Notice

# EXHIBIT A

IN THE DISTRICT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CHRISTINA TAFT,<br><br>Plaintiff,<br><br>vs.<br><br>JAVONTI THOMAS, etc.,<br><br>Defendant. | Case No. 2DSC-25-0000091<br><br>ORDER DETERMINING PLAINTIFF CHRISTINA TAFT TO BE A "VEXATIOUS LITIGANT" PURSUANT TO HRS §634J-1(3)<br><br>JUDGE: Honorable Annalisa M. Bernard Lee |

**Electronically Filed SECOND CIRCUIT 2DSC-25-0000091 24-JUL-2025 10:34 AM Dkt. 38 ORD**

## ORDER DETERMINING PLAINTIFF CHRISTINA TAFT TO BE A "VEXATIOUS LITIGANT" PURSUANT TO HRS §634J-1(3)

On May 19, 2025, Plaintiff Christina Taft ("Plaintiff") filed a Statement of Claim (Dkt.1) alleging that Defendant Javonti Thomas ("Thomas") owes her $1200.00 for "failure to perform contractual obligations, fraudulent misrepresentations regarding his qualifications and services, unjust enrichment, and tortious interference with Plaintiff's business relationships, tangibly associated with Film, Music, Arts Cases and nonprofits."

On May 28, 2025, Plaintiff filed a Subpoena Duces Tecum ("SDT") (Dkt. 7) directing T-Mobile USA, Inc. to produce and provide copies of the phone records, including text message logs, of a phone number registered to an Angela Gayle Meador in Nashville, Tennessee, from the period May 28, 2024 to May 28, 2025.

On June 25, 2025, Plaintiff filed a subsequent SDT (Dkt. 15) directing T-Mobile USA, Inc. to produce and provide copies of the phone records, including text message logs, of a phone

number registered to an Angela Gayle Meador ("Meador") in Nashville, Tennessee, from the period June 2023 to June 2024, plus the most recent month, "to complete the full documentation needed for critical protection from stalking activities, fear for safety and life, and retaliation to help Meador and Taft that T-Mobile has already begun providing."

On July 16, 2025 the Court filed a Sua Sponte Order setting aside issuance of the SDTs (Dkt. 27).

On July 16, 2025, the Clerk of the above-entitled court filed two (2) separate Notices of Ex-Parte Communication (Dkt. 29-30).

On July 18, 2025, Plaintiff filed an Ex Parte Motion to Strike Unauthorized Declaration; For Protective Order; To Vacate Sua Sponte Order; Memorandum of Law; Declaration; and Certificate of Service (Dkt. 33).

At a hearing on July 18, 2025, the Court ordered Plaintiff to show cause as to why she should not be deemed a vexatious litigant by engaging in frivolous discovery tactics and why she should not be subject to a prefiling order and other relief.

During the hearing, the Court allowed Meador, as the direct subject of the SDT, to address the Court. Meador related that Plaintiff has already received her personal records from T-Mobile USA, Inc. and has disseminated her records to several unrelated persons and agencies, including Sheriffs and Police Departments in other States. Meador further related that Plaintiff has used information within her phone records to contact Meador's friends and/or family members, such as a niece.

In short, Plaintiff was unable to explain how Meador's phone records for a timespan of one year, including text message logs, were relevant to her alleged breach of contract involving Javonti

Thomas. Moreover, Plaintiff admitted to receiving the phone records from T-Mobile USA, Inc. and disseminating the records to people and/or agencies unrelated to this case.

Based upon the foregoing, the Court concludes that Plaintiff did not show any good cause as to why she should not be deemed a vexatious litigant for conducting unnecessary discovery or engaging in other tactics that are frivolous under Hawaii Revised Statutes §634J-1(3).

Additionally, the court questioned Plaintiff on whether she used Artificial Intelligence to draft her Exparte Motion to Strike Unauthorized Declaration; For Protective Order; to Vacate Sua Sponte Order; Memorandum of Law; and Declaration. Plaintiff denied using Artificial Intelligence but stated that she hired a person not licensed to practice law to write the Exparte Motion for her. The court noted that the motion contained several citations of law that do not exist and sanctioned Petitioner $100.00 to be paid to the Clerk of the Court.

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff, Christina Taft, is hereby determined to be a Vexatious Litigant pursuant to HRS §634J-1(3).
2. Plaintiff shall not share or disseminate Meador's phone records.
3. Plaintiff shall not use Meador's phone records in any other case or in any capacity.
4. Plaintiff shall immediately destroy Ms. Meador's phone records and any personal information received from said records, that are within her possession.
5. Plaintiff shall immediately delete any email(s) received from T-Mobile in response to the SDTs filed in this case.
6. A Prefiling Prohibition is hereby entered against Plaintiff Christina Taft, prohibiting her from filing any new litigation in the courts of this State on her own behalf without first

obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of this order may be punished as contempt of court.

7. The Clerk of the court shall not to file any pleadings, motions, or other papers presented by Plaintiff Christina Taft without first obtaining an order from the presiding judge permitting the filing.

8. Plaintiff Christina Taft is sanctioned $100.00 for citing hallucinated law. This sanction shall be paid to the clerk of the court forthwith.

DATED: Wailuku, Hawaii, JUL 2 4 2025

JUDGE OF THE ABOVE-ENTITLED COURT

**Annalisa M. Bernard Lee**