Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 212-718-1003
Email: Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT<br><br>　　Plaintiff,<br>vs.<br><br>PAUL BARRESI et al, inclusive,<br><br>　　Defendants. | Case No.: 5:24-cv-01930-TJH-DTB<br><br>[Hon. Terry J. Hatter, Jr, Senior District Judge and Hon. David T. Bristow, Magistrate Judge]<br><br>**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS ADAM WALDMAN AS DEFENDANT AND CLARIFYING HIS STATUS AS WITNESS**<br><br>*[Filed concurrently with Memorandum of Motion; Voluntary Declaration in Support of Adam Waldman as a Witness and Motion with Clarifying Ethics and Charity; Exhibits Part 1 and Part 2; and Certificate of Service]*<br><br>Date: October 17, 2025<br>Time: Under submission |

# PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS ADAM WALDMAN AS DEFENDANT AND CLARIFYING HIS STATUS AS WITNESS

The Court, having reviewed Plaintiff Christina Taft's Motion to Dismiss Witness Adam Waldman from Defendants in Action Voluntarily, the Voluntary Declaration in Support of Adam Waldman as a Witness and Motion with Clarifying Ethics and Charity, the supporting exhibits, including knowledge on ultra-high-net-worth Johnny Depp's charity, being fully informed of the matters presented, hereby finds and orders:

This matter comes before the Court on Plaintiff's voluntary motion to dismiss Defendant Adam Robert Waldman and to clarify his proper designation as a reasonable witness. He can support other noticed witnesses and provide information.

The motion reflects Plaintiff's recognition, through education and Mr. Waldman's reasonable and sympathetic responses to her outreach—including his opposition to financial exploitation and to Defendant Barresi's illegal recordings—that he was improperly designated as a defendant when his true role is that of a reasonable witness to alleged misconduct by Defendant Paul Barresi. The Court makes the following findings based on the record before it:

**I. FINDINGS**

1. **Voluntary Nature of Motion**: Plaintiff has voluntarily and of her own free will sought to dismiss Adam Robert Waldman as a defendant in this action, recognizing his proper role as a reasonable witness rather than an adversary.

2. **Proper Role as Witness**: The record demonstrates that Mr. Waldman is appropriately characterized as a reasonable witness to alleged misconduct by Defendant Paul Barresi. Mr. Waldman has knowledge of Barresi's alleged exploitation schemes affecting ultra-high-net-worth individual Johnny Depp, whom Mr. Waldman represented and considers a friend. The record further

demonstrates that Barresi allegedly manufactured false disputes and wrongfully positioned Plaintiff and her family as adversaries to Mr. Waldman in order to create leverage and prevent Mr. Waldman from exposing or denouncing Barresi's unlawful conduct. Mr. Waldman is also a witness to harm allegedly caused to Plaintiff through these manufactured conflicts. Alleged misconduct to which Mr. Waldman is a witness includes:

- Alleged illegal telephone recordings in violation of California Penal Code §§ 632 and 637
- Alleged unauthorized disclosure of confidential communications
- Alleged exploitation of sensitive information concerning Mr. Waldman's relationships by Defendant Barresi to manipulate

3. **Professional Standing**: Mr. Waldman is a licensed attorney who has represented ultra-high-net-worth individuals in complex matters. His professional role and published work on exploitation schemes ("Hollywood Math") support his characterization as someone targeted due to his protective role rather than as a proper defendant.

4. **Absence of Plain Legal Prejudice**: Dismissing Mr. Waldman as a defendant will not cause plain legal prejudice to any remaining party. Mr. Waldman remains available as a witness to provide relevant testimony, documentation, and statements regarding the alleged conduct at issue in this litigation.

5. **Privacy Concerns**: Plaintiff desires to correct the record to seal at least one improper disclosure of Mr. Waldman's personal financial information, including references to real property, vehicles, and partial Social Security information, in support of Federal Rule of Civil Procedure 5.2's privacy protections.

6. **Humanitarian Considerations**: The Court recognizes the humanitarian principles underlying this motion, including Plaintiff's expressed desire to enable

witnesses to provide truthful information freely without being constrained by adversarial designations they did not seek.

7. **Consistency with Witness Notices and Subpoenas**: Plaintiff's notices and subpoenas for testimony have consistently identified the following individuals as witnesses with relevant knowledge of Barresi's alleged unlawful activities and exploitation:

    - **Adam Waldman**: Attorney for Johnny Depp, allegedly illegally recorded on telephone calls by Defendant Barresi
    - **Johnny Depp**: Ultra-high-net-worth individual allegedly targeted for exploitation through illegal recordings and manipulation of his charitable activities and business interests including the Viper Room
    - **Isaac Baruch**: Longtime friend allegedly subjected to manufactured disputes, public harassment, and defamatory characterizations
    - **Gina Deuters**: Individual with knowledge of publicity operations and alleged media manipulation tactics
    - **Constance Fox and Fox family members**: Allegedly illegally recorded by Defendant Barresi for exploitation; witnesses with knowledge of matters related to Anthony Fox's lawsuit concerning the Viper Room, which included court findings of fraud and forged documents
    - **Amber Heard**: Individual from a different perspective who may also have knowledge of alleged exploitation affecting multiple sides
    - **Ed Shaw ("Big Ed")**: Viper Room co-owner and associate allegedly illegally recorded by Defendant Barresi; witness with knowledge of Barresi's focus on "fine art, jewelry," and valuable assets connected to Johnny Depp
    - **Olivia Barash**: Individual from Johnny Depp's circle and connected to the Viper Room who demonstrated warmth and cooperation, allegedly

coerced into reluctant collaboration under pressure from Barresi, whose name was used in outreach to Entertainment One executives that contributed to shutdown of Viper Room-related projects

This demonstrates consistency in Plaintiff's recognition of proper party designations and her understanding that individuals across different sides of prior disputes may all have been victimized by alleged exploitation schemes.

8. **Viper Room Context**: The record reflects that the Viper Room nightclub, in which Johnny Depp had ownership interest, has been a focal point of alleged exploitation and manufactured disputes. Court records from Anthony Fox's lawsuit confirm a fraudulent environment, including:
    - Prima facie findings of fraud – Defendant Barresi recorded Fox's family
    - A forged Exhibit 77 agreement
    - Evidence that Trouser Trumpet had no employees while receiving payments
    - A pattern of diverting focus from directly involved individuals to target Johnny Depp due to his higher wealth and public profile

Defendant Barresi allegedly exploited this context to manufacture additional disputes and target individuals associated with the Viper Room.

9. **Cross-Dispute Victimization**: The record reflects Plaintiff's recognition that alleged exploitation by Defendant Barresi may have harmed individuals associated with different sides of prior disputes, and that these individuals are properly characterized as witnesses to misconduct rather than as adversaries to one another.

10. **Alleged Pattern of Fixation on Financial Matters**: The record demonstrates Defendant Barresi's alleged obsessive fixation on Johnny Depp's ultra-high-net-worth status and personal financial matters, including:
    - Gifts to friends

- Social relations and charitable acts
- Property values and inheritances
- Fine art and jewelry
- Financial support provided to Viper Room employees and others
- Charitable donations and acts of kindness

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may dismiss an action by court order "on terms that the court considers proper." The Ninth Circuit has held that dismissal should generally be granted unless the defendant will suffer "plain legal prejudice." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Federal Rule of Civil Procedure 5.2 requires redaction of sensitive personal identifiers from court filings to protect individual privacy.

## III. ORDER

Accordingly, IT IS HEREBY ORDERED that:

**A. Dismissal of Adam Waldman as Defendant – Restoring his rights, speech**

1. **Voluntary Dismissal of Defendant Granted**: Plaintiff's Motion to Dismiss Adam Robert Waldman as a defendant is **GRANTED** pursuant to Federal Rule of Civil Procedure 41(a)(2).
2. **Without Prejudice**: Adam Robert Waldman is dismissed from this action as a defendant **WITHOUT PREJUDICE** to any claims he may independently choose to pursue.
3. **Clarification of Status**: The Court clarifies that Adam Robert Waldman's proper role in this litigation is that of a **WITNESS** with knowledge relevant to the claims asserted against remaining defendants, particularly regarding:
    - Alleged illegal telephone recordings
    - Alleged unauthorized use and disclosure of confidential communications

- Alleged exploitation schemes targeting individuals associated with ultra-high-net-worth clients
- Matters related to the Viper Room and associated business interests

4. **Availability to Provide Information**: Nothing in this Order limits Mr. Waldman's ability to voluntarily provide documentation, written statements, declarations, or other clarifying information regarding matters at issue in this litigation, subject to applicable privileges and his own discretion.

**B. Protection of Personal Information**

5. **Redaction Required**: Any party filing documents that reference Adam Waldman or other noticed witnesses shall **REDACT** the following personal information in compliance with Federal Rule of Civil Procedure 5.2:
   - Property valuations and specific real estate details
   - Vehicle information
   - All but the last four digits of any Social Security Number
   - Bank account numbers and specific financial account information

**C. Amendment of Caption**

7. **Caption Amendment**: The Clerk shall amend the case caption to **REMOVE** Adam Robert Waldman as a defendant. The amended caption shall reflect that Paul Barresi remains as the primary defendant, along with any other properly designated defendants.

**D. No Prejudice to Other Parties**

8. **Claims Against Other Defendants Continue**: This dismissal does not affect any claims asserted against Paul Barresi or other remaining defendants. All such claims shall proceed as scheduled.

9. **Freedom to Provide Clarifying Information**: Mr. Waldman and other noticed witnesses are free to voluntarily provide documentation, statements, declarations, or other information that may clarify matters at issue in this

litigation. Such voluntary cooperation, if any witness chooses to provide it, shall be at their sole discretion and subject to any applicable privileges.

### E. Recognition of Humanitarian Principles

10. **Acknowledgment of Voluntariness**: The Court acknowledges that this motion reflects Plaintiff's voluntary recognition of proper party designations and her desire to enable witnesses to provide truthful testimony from witnesses who may have been unwillingly drawn into manufactured disputes.

11. **Encouragement of Truth-Seeking**: The Court recognizes that clarifying proper roles—distinguishing between witnesses and defendants—serves the interests of justice by focusing litigation on genuine disputes rather than manufactured conflicts.

12. **Protection of Professional Relationships**: The Court notes that attorneys who ethically represent ultra-high-net-worth clients should not face improper targeting or prosecution for fulfilling their professional duties to protect clients from exploitation.

13. **Freedom to Speak and Clarify**: The Court recognizes that Mr. Waldman, having been dismissed as a defendant, is now free to speak openly and provide clarifying statements regarding matters within his knowledge, should he choose to do so, without the constraints of being in an adversarial position.

14. **Protection of Charitable Acts**: The Court recognizes that charitable giving, generosity toward those facing hardship, and humanitarian concern should be celebrated rather than exploited. Litigation should not be weaponized to punish kindness or transform acts of charity into sources of vulnerability.

15. **Cross-Perspective Recognition**: The Court recognizes Plaintiff's consistent position that alleged exploitation schemes may have victimized individuals across different sides of prior disputes, and that these individuals are properly

characterized as witnesses to misconduct rather than as adversaries to one another.

16. **Liberation for Viper Room and Associated Individuals**: The Court acknowledges Plaintiff's stated hope that individuals connected to the Viper Room—including employees, co-owners, associates, and those who have been unwillingly drawn into disputes surrounding the venue—can move forward, speak freely about their experiences, and engage in positive activities without fear of exploitation or having their names falsely associated with wrongdoing. The Viper Room has been shadowed by manufactured disputes and the wrongful targeting of innocent parties, and this Order aims to enable truth and freedom for those affected.

**F. Sanctions Against Defendant Barresi**

17. **Sanctions Consideration**: Plaintiff's request for sanctions against Defendant Paul Barresi for alleged bad-faith conduct, including alleged reliance on illegal recordings and alleged abusive litigation tactics, is noted for the Court's **CONSIDERATION**. Plaintiff may supplement this request through appropriate motion practice with specific evidence supporting each element of a sanctions claim.

**G. Additional Protections**

18. **Protective Order**: The parties are encouraged to meet and confer regarding a protective order that would:

- Prevent unauthorized disclosure of illegally obtained recordings
- Protect the privacy of Mr. Adam Waldman
- Establish protocols for handling sensitive information concerning charitable giving, personal relationships, and business matters including the Viper Room
- Protect witnesses across all perspectives from retaliation or intimidation

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS ADAM WALDMAN AS DEFENDANT AND CLARIFYING HIS STATUS AS WITNESS

19. **No Retaliation to Mr. Waldman**: No party shall retaliate against Mr. Waldman or any other noticed witness for providing truthful information, documentation, or statements against Defendant Barresi's telephone recordings practices, including both disclosures and recording, in this matter.

20. **Protection for All Noticed Witnesses**: The privacy protections and non-retaliation provisions of this Order extend to all individuals who have been noticed or subpoenaed as witnesses, including those from different perspectives on prior disputes and those connected to the Viper Room.

## H. Preservation of Rights

21. **Mr. Waldman's Independent Rights**: Nothing in this Order waives, limits, or prejudices any independent legal rights that Adam Waldman may have against any party, including but not limited to:

- Claims for violation of California Penal Code §§ 632 and 637
- Claims for defamation or invasion of privacy
- Claims for intentional infliction of emotional distress
- Any other claims arising from alleged unlawful conduct

22. **Plaintiff's Rights Preserved**: Plaintiff's claims against remaining defendants continue unaffected by this dismissal.

23. **Other Witnesses' Rights Preserved**: Nothing in this Order waives, limits, or prejudices any independent legal rights that any noticed witness may have, including potential claims against Defendant Barresi for alleged illegal recordings, exploitation, defamation, or other misconduct.

## IV. HUMANITARIAN CONSIDERATIONS

The Court recognizes several important humanitarian principles reflected in this motion:

**A. Empathy and Understanding**: Plaintiff has demonstrated empathy for individuals who may have been unwillingly drawn into litigation through alleged

exploitation and manufactured disputes. This motion reflects a mature understanding that witnesses should be free to provide truthful information without being constrained by adversarial designations.

**B. Education and Cultural Sophistication**: The record reflects Plaintiff's education regarding ultra-high-net-worth culture, luxury services, and the professional ethics of those who serve high-net-worth clients. This education, informed by both American and European perspectives on privacy and professional relationships, has enabled Plaintiff to recognize proper party designations.

**C. Reconciliation Over Conflict**: This motion prioritizes reconciliation, truth, and collaboration over prolonged adversarial conflict. Such an approach serves judicial economy and the interests of justice.

**D. Protection of Charitable Values**: The Court recognizes that charitable giving, generosity toward those facing hardship, and humanitarian concern should be celebrated rather than exploited. Litigation should not be weaponized to punish kindness or transform acts of charity into sources of vulnerability. Johnny Depp's well-documented generosity—including visiting sick children in hospitals, supporting friends during difficult times, providing housing assistance, and helping individuals facing homelessness—should not be twisted into tools for extortion.

**E. Both Sides as Victims**: Plaintiff has consistently recognized that alleged exploitation schemes may victimize individuals across different sides of prior disputes. This inclusive perspective—acknowledging that both Johnny Depp's circle and Amber Heard's circle may have suffered from alleged unlawful conduct—demonstrates fairness and a commitment to truth over partisan advantage.

**F. Peacebuilding Principles**: Plaintiff's background in peacebuilding informs her approach to this litigation. Recognizing manufactured disputes, seeking reconciliation based on truth, and enabling witnesses to speak freely are all consistent with sound peacebuilding methodology.

**G. Protection from Past Generational Failures**: The Court acknowledges Plaintiff's stated concern that past generations have failed to adequately address exploitation schemes targeting ultra-high-net-worth individuals. This motion represents an effort to remedy those failures by clarifying proper roles and enabling truthful testimony. Historical cases such as *People of California v. Confidential Inc., Hollywood Research, Inc., et al.*, championed by former Attorney General Edmund G. Brown, demonstrate that authorities have long recognized such unlawful conduct, yet the problems have persisted.

**H. Viper Room Liberation**: The Court recognizes that the Viper Room and its associated individuals have been subjected to manufactured disputes, wrongful targeting, and exploitation for years. This Order aims to enable liberation from those manufactured conflicts, allowing individuals connected to the venue to speak truthfully without fear of having their words twisted or their names wrongfully associated with misconduct they did not commit.

## V. CONCLUSION AND DIRECTION TO PARTIES

The Court commends Plaintiff for her voluntary recognition of proper party designations and her willingness to prioritize truth and justice. This motion demonstrates:

- **Integrity**: Voluntarily dismissing a defendant when the evidence shows they are properly characterized as a witness
- **Empathy**: Recognizing the human suffering caused by prolonged wrongful prosecution
- **Wisdom**: Understanding that enabling truthful testimony serves everyone's interests
- **Courage**: Taking this step despite personal hardship and ongoing challenges

- **Humanitarian Vision**: Seeking liberation not just for one individual, but for all witnesses trapped in manufactured disputes, including those connected to the Viper Room

**The parties are directed as follows:**

1. **Cooperation**: All parties shall cooperate in implementing this Order, including timely redaction of personal information and good-faith efforts to protect witness privacy.
2. **Focus on Genuine Issues**: The parties shall focus on genuine factual and legal disputes rather than manufactured conflicts.
3. **Respect for Witnesses**: All parties shall treat witnesses with respect.
4. **Protection of Privacy**: Parties shall be vigilant in protecting personal information, particularly concerning financial matters, residential addresses, charitable activities, and other sensitive details.
5. **Consideration**: The parties are encouraged to promptly meet and confer regarding appropriate protective orders to govern the handling of sensitive information.

## VI. IMPLEMENTATION

With the order clarifying on Witness Adam Waldman, the Clerk shall:

1. Amend the case caption to remove Adam Robert Waldman as a defendant
2. Provide notice of this Order to all parties and noticed witnesses
3. Review prior filings for improper disclosures of financial, vehicle, or social security information and seal or strike such information as appropriate
4. Maintain this Order in the public record as it contains important guidance on proper party designations, humanitarian principles in complex litigation, and the protection of witnesses from exploitation

**IT IS SO ORDERED.**

_____

Dated: _____, 2025

HON. DAVID T. BRISTOW

United States Magistrate Judge

_____

Dated: _____, 2025

HON. TERRY J. HATTER, JR.

Senior District Judge