UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **5:24-cv-01930-TJH (DTB)**                              Date: **October 17, 2025**

Title: **Christina Taft v. Paul Barresi, et al.**
==================================================================
**DOCKET ENTRY**
==================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                              None present

**PROCEEDINGS: (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS DEFENDANT WALDMAN FROM ACTION AND PLAINTIFF'S SUPPORTING DECLARATION [DOCKET NOS. 120-21]**

On October 9, 2025, the Court issued an "Order to Show Cause Why Action Should not be Dismissed as to Defendant Adam R. Waldman ["Waldman"] for Failure to Prosecute" ("Order to Show Cause"). (Docket No. 111). In the Order to Show Cause, the Court noted that, although Plaintiff had been given extensions of time, until May 19, 2025, to serve defendant Waldman with the Summons and either the First Amended Complaint or the Second Amended Complaint, as of October 9, 2025, Plaintiff had not notified the Court that she served defendant Waldman with the Summons and either the First Amended Complaint or the Second Amended Complaint. Accordingly, the Court ordered Plaintiff to show cause in writing, within ten days of October 9, 2025, why this action should not be dismissed for lack of prosecution as to defendant Waldman. (Id. at 2). The Court expressly warned Plaintiff that her failure to timely file a response to the Order to Show Cause would result in this action being dismissed without prejudice as to defendant Waldman for failure to prosecute and/or comply with court orders. (Id. at 3, citing Fed. R. Civ. P. 41(b)).

Presumably in response to the Order to Show Cause, on October 16, 2025, Plaintiff filed a "Motion to Dismiss Witness Adam Waldman from Defendants in Action Voluntary" ("Motion to Voluntarily Dismiss Defendant Waldman from Action") (Docket

MINUTES FORM 11                                                        Initials of Deputy Clerk  RAM
CIVIL-GEN

No. 120), and a "Voluntary Declaration in Support of Adam Waldman as a Witness and Motion with Clarifying Ethics and Charity" ("Plaintiff's Supporting Declaration"). (Docket No. 121).  In the Motion to Voluntarily Dismiss Defendant Waldman from Action, Plaintiff seeks the following:  (1) Voluntarily dismissal of defendant Waldman from the action pursuant to Fed. R. Civ. P. 41(a)(2) (Docket No. 120 at 5-7, 16-17, 19-22); (2) redaction of defendant Waldman's property value, vehicles, and the last four digits of his Social Security Number from court filings pursuant to Fed. R. Civ. P. 5.2, or, alternatively, the sealing of court filings containing such information  (Docket No. 120 at 5, 17, 21); (3) exclusion of communications illegally obtained by defendant Barresi (Docket No. 120 at 18); and (4) sanctions against defendant Barresi for bad faith conduct in "weaponiz[ing] unlawful recordings to defame, intimidate, and control witnesses, including Plaintiff and [defendant] Waldman" and in engaging in "illegal telephone records, defamatory characterizations, and threats of disclosure to gain leverage over ultra-high-net-worth individuals and their representatives (Docket No. 120 at 5, 18, 21-22).  In the Prayer for Relief, Plaintiff specifically requests, among other things, that the Court order "Dismissal of Defendant Adam Waldman," "Redaction and Sealing of Improperly Disclosed Information," "Sanctions Against Defendant Paul Barresi," and "Amendment of Caption."  (Docket No. 120 at 22-25).  Plaintiff's Supporting Declaration, which is replete with seemingly irrelevant and incomprehensible statements (see Docket No. 121 at 2-21, 24-27), purports to support the Motion to Voluntarily Dismiss Defendant Waldman from Action.  (Docket No. 121 at 2, ¶ 2 ["I make this declaration in support of my Motion to Dismiss Adam Waldman as a defendant, to clarify his proper role as a witness, and to address the illegal telephone recording conduct and extortion by [d]efendant Paul Barresi against Adam Waldman, myself, and Adam's friend Johhny with his charity."]).  Moreover, Plaintiff's Supporting Declaration references numerous exhibits (see Docket No. 121 at 21-24) which, contrary to Plaintiff's assertion (see Docket No. 121 at 21, ¶ 108), are not attached to her Declaration (and which do not appear to be relevant to the Motion to Voluntarily Dismiss Defendant Waldman from Action).

      The Motion to Voluntarily Dismiss Defendant Waldman from Action and Plaintiff's Supporting Declaration are procedurally deficient.  First, it appears that, since defendant Waldman has not appeared in this case, and therefore has not served either an answer or a motion for summary judgment, Plaintiff may voluntarily dismiss defendant Waldman from this action, without a court order, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  There is nothing in that section requiring an explanation regarding why a particular defendant is being dismissed.  Second, the Motion to Voluntarily Dismiss Defendant Waldman from Action seeks various forms of relief, as discussed above, in noncompliance with Central District Local Rule 7-4 ("The notice of motion shall contain a concise statement of the relief or Court action the movant seeks.").  Third, the motion for sanctions is not filed separately from other motions and does not clearly describe the

conduct for which sanctions are being sought.  See Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).").  Fourth, Plaintiff's Supporting Declaration does not contain "only factual, evidentiary matter," in noncompliance with Central District Local Rule 7-7.  Fifth, Plaintiff did not lodge a separate proposed order with the Motion to Voluntarily Dismiss Defendant Waldman from Action, in noncompliance with Central District Local Rule 7-20.  Sixth, prior to filing the Motion to Voluntarily Dismiss Defendant Waldman from Action, to the extent that it affects defendant Barresi, Plaintiff did not meet with counsel for defendant Barresi, as required by Central District Local Rule 7-3.  Finally, Plaintiff's filings appear, for the most part, to be attempts to litigate the merits of the case.  As Plaintiff is aware, defendant Barresi's Motion to Dismiss the Second Amended Complaint is pending before the Court.

Accordingly, the Motion to Voluntarily Dismiss Defendant Waldman from Action and Plaintiff's Supporting Declaration are hereby STRICKEN.  Based on the striking of these pleadings, the Order to Show Cause remains pending and in effect.  The Court sua sponte extends the time for Plaintiff to show cause in writing, by no later than **October 27, 2025**, as to why this action should not be dismissed for lack of prosecution as to defendant Waldman.  Plaintiff's filing of a proper voluntary dismissal of defendant Waldman from this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) by the specified deadline will be sufficient for purposes of discharging the Order to Show Cause.

**IT IS SO ORDERED.**