Christina Taft
Plaintiff in Propria Persona
1700 Ala Moana Blvd Apt 2301
Honolulu, Hawaii 96815
Phone: 212-718-1003
Email: Ceo.Taft@Rescue-Social.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TAFT<br><br>    Plaintiff,<br>vs.<br><br>PAUL BARRESI et al, inclusive,<br><br>    Defendants. | Case No.: 5:24-cv-01930-TJH-DTB<br><br>[Hon. David T. Bristow, Magistrate Judge] [Hon. Terry J. Hatter, Jr., District Judge]<br><br>**EX PARTE APPLICATION AND CORRECTED PROPOSED ORDER SUPPORTING WITNESS ADAM WALDMAN, FRIEND OF JOHNNY DEPP, FOR VOLUNTARY DISMISSAL FROM DEFENDANTS AND REQUEST FOR COURT ORDER DIRECTING THE CLERK TO PROCESS FORM CV-009**<br><br>*[Filed concurrently with Form CV-009 for Clerk Issuance; Declaration Supporting Witness Adam Waldman and to Process Request; Exhibits 1–2 (Email Conference under Local Rule 7-3 and Correspondence with Mr. Waldman); Proposed Order, Certificate of Service]*<br><br>Date: October 21, 2025<br>Time: Under submission |

# EX PARTE APPLICATION AND CORRECTED PROPOSED ORDER SUPPORTING WITNESS ADAM WALDMAN, FRIEND OF JOHNNY DEPP, FOR VOLUNTARY DISMISSAL FROM DEFENDANTS AND REQUEST FOR COURT ORDER DIRECTING THE CLERK TO PROCESS FORM CV-009
### (Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i))

Plaintiff Christina Taft respectfully submits this Ex Parte Application and Corrected Proposed Order Supporting Witness Adam Waldman, friend and counsel of Johnny Depp, for voluntary dismissal as a defendant pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Because witness Mr. Adam Waldman has not appeared, filed an answer, or moved for summary judgment, and because Defendant Paul Barresi's counsel did not reply to Plaintiff's Local Rule 7-3 conference email, Plaintiff requests that the Court issue an order directing the Clerk to process Form CV-009 and amend the case caption accordingly. Previously, the Clerk did not process the default Request onto Defendant Barresi. This Ex Parte Application is made in good faith to comply with the Court's requirements for voluntary dismissal when a party has not appeared.

This matter comes before the Court on Plaintiff's voluntary motion to dismiss Defendant Adam Robert Waldman and to clarify his proper designation as a reasonable witness. He can support other noticed witnesses and provide information.

The motion reflects Plaintiff's recognition, through education and Mr. Waldman's reasonable and sympathetic responses to her outreach—including his opposition to financial exploitation and to Defendant Barresi's illegal recordings—that he was improperly designated as a defendant when his true role is that of a reasonable witness to alleged misconduct by Defendant Paul Barresi. The Court makes the following findings based on the record before it:

**Procedural Compliance:**
• **Local Rule 7-3:** Plaintiff conferred by email with counsel for Defendant Barresi

(October 18, 2025) regarding this dismissal.

- **Local Rule 7-4:** This Corrected Proposed Order requests one concise form of relief – issuance of Form CV-009 to reflect the voluntary dismissal of Defendant Waldman.
- **Local Rule 7-7:** Supporting declarations filed separately contain only factual, evidentiary matter.
- **Local Rule 7-20:** This Corrected Proposed Order is lodged separately from the motion.
- **Fed. R. Civ. P. 11(c)(2):** Any sanctions requests have been withdrawn and will, if necessary, be filed separately.

## I. FINDINGS

**Preliminary Clarifications:**

Plaintiff clarifies the factual context leading to Defendant Waldman's mistaken inclusion as a party and affirms that this correction is made in good faith.

1. **Voluntary Nature of Motion**: Plaintiff has voluntarily and of her own free will sought to dismiss Adam Robert Waldman as a defendant in this action, recognizing his proper role as a reasonable witness rather than an adversary.

2. **Proper Role as Witness**: The record demonstrates that Mr. Waldman is appropriately characterized as a reasonable witness to alleged misconduct by Defendant Paul Barresi. Mr. Waldman has knowledge of Barresi's alleged exploitation schemes affecting ultra-high-net-worth individual Johnny Depp, whom Mr. Waldman represented and considers a friend. The record further demonstrates that Barresi allegedly manufactured false disputes and wrongfully positioned Plaintiff and her family as adversaries to Mr. Waldman in order to create leverage and prevent Mr. Waldman from exposing or denouncing Barresi's unlawful conduct. Mr. Waldman is also a witness to harm allegedly caused to Plaintiff through these manufactured conflicts. Alleged misconduct to which Mr. Waldman is a witness includes:

- Alleged illegal telephone recordings in violation of California Penal Code §§ 632 and 637
- Alleged unauthorized disclosure of confidential communications
- Alleged exploitation of sensitive information concerning Mr. Waldman's relationships by Defendant Barresi to manipulate

3. **Professional Standing**: Mr. Waldman is a licensed attorney who has represented ultra-high-net-worth individuals in complex matters. His professional role and published work on exploitation schemes ("Hollywood Math") support his characterization as someone targeted due to his protective role rather than as a proper defendant.

4. **Absence of Plain Legal Prejudice**: Dismissing Mr. Waldman as a defendant will not cause plain legal prejudice to any remaining party. Mr. Waldman remains available as a witness to provide relevant testimony, documentation, and statements regarding the alleged conduct at issue in this litigation.

5. **Privacy Concerns**: Plaintiff desires to correct the record to seal at least one improper disclosure of Mr. Waldman's personal financial information, including references to real property, vehicles, and partial Social Security information, in support of Federal Rule of Civil Procedure 5.2's privacy protections.

6. Plaintiff's witness notices remain consistent with this dismissal; Mr. Waldman is properly recognized as a witness with relevant knowledge.

This demonstrates consistency in Plaintiff's recognition of proper party designations and her understanding that individuals across different sides of prior disputes may all have been victimized by alleged exploitation schemes.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may dismiss a party from defendants to an action by court order "on terms that the court considers proper."

The Ninth Circuit held that dismissal should generally be granted unless the defendant will suffer "plain legal prejudice." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Federal Rule of Civil Procedure 5.2 requires redaction of sensitive personal identifiers from court filings to protect individual privacy.

### III. PROPOSED ORDER ON EX PARTE APPLICATION

Accordingly, IT IS HEREBY ORDERED that:

**A. Dismissal of Adam Waldman as Defendant – Restoring his rights, speech**

1. **Voluntary Dismissal of Defendant Granted**: Plaintiff's Ex Parte Application to Dismiss Adam Robert Waldman as a defendant is acknowledged pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

2. **Without Prejudice**: Adam Robert Waldman is dismissed from this action as a defendant **Without Prejudice** to any claims he may independently choose to pursue.

3. **Clarification of Status**: The Court clarifies that Adam Robert Waldman's proper role in this litigation is that of a **WITNESS** with knowledge relevant to the claims asserted against remaining defendants, particularly regarding:
   - Alleged illegal telephone recordings
   - Alleged unauthorized use and disclosure of confidential communications
   - Alleged exploitation schemes targeting individuals associated with ultra-high-net-worth clients
   - Matters related to the Viper Room and associated business interests

4. **Availability to Provide Information**: Nothing in this Order limits Mr. Waldman's ability to voluntarily provide documentation, written statements, declarations, or other clarifying information regarding matters at issue in this litigation, subject to applicable privileges and his own discretion.

**B. Protection of Personal Financial Information**

5. **Redaction Required**: Any party filing documents that reference Adam Waldman or other noticed witnesses shall **Redact** the following personal information in compliance with Federal Rule of Civil Procedure 5.2:
   - Property valuations and specific real estate details
   - Vehicle information – including Mr. Adam Waldman's Porsche
   - All but the last four digits of any Social Security Number
   - Bank account numbers and specific financial account information

**C. Amendment of Caption**

6. **Caption Amendment**: The Clerk shall amend the case caption to **Remove** Adam Robert Waldman as a defendant. The amended caption shall reflect that Paul Barresi remains as the primary defendant, along with any other properly designated defendants.

**D. Clerk's Action – Form CV-009**

7. Plaintiff respectfully requests that the Court order the Clerk of Court to issue Form CV-009 reflecting the voluntary dismissal of Defendant Adam Waldman pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and to update the docket accordingly. Plaintiff acknowledges that the Clerk cannot amend the caption or effect a dismissal without a Court order, and therefore seeks this directive from the Court.

**E. No Prejudice to Other Parties**

8. **Claims Against Other Defendants Continue**: This dismissal does not affect any claims asserted against Paul Barresi or other remaining defendants. All such claims shall proceed as scheduled.

9. **Freedom to Provide Clarifying Information**: Mr. Waldman and other noticed witnesses are free to voluntarily provide documentation, statements, declarations, or other information that may clarify matters at issue in this litigation. Such voluntary cooperation, if any witness chooses to provide it, shall be at their sole discretion and subject to any applicable privileges.

## IV. CONCLUSION AND DIRECTION TO PARTIES

The Court recognizes Plaintiff's good-faith effort to clarify the record and submits this Ex Parte Application requesting that the Court issue an order directing the Clerk to process Form CV-009, amend the caption, and reflect the voluntary dismissal of Witness Adam Waldman from this action.

## V. IMPLEMENTATION

With the order clarifying the status of Witness Adam Waldman, the Clerk shall:

1. Amend the case caption to remove Adam Robert Waldman as a defendant.
2. Provide notice of this Order to all parties and noticed witnesses.
3. The Clerk will process Form CV-009 Correcting about Mr. Adam Waldman.

Dated this October 21, 2025 in Cannes, France.

Respectfully submitted,

*[signature: Christina Taft]*

Christina Taft
*Plaintiff in Propria Persona*

## LR. 11-6.1 CERTIFICATION

This Ex Parte Application complies with the applicable word and formatting requirements of the Local Rules. The 7-page brief, excluding the caption, tables, certificate of service, and this certificate of compliance, meets the 7,000-word limit.

*[signature: Christina Taft]*                                October 21, 2025_____

Christina Taft                                                     Date
*Plaintiff Propria Persona*