UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **5:24-cv-01930-TJH (DTB)**                                    Date: **November 4, 2025**

Title:  **Christina Taft v. Paul Barresi, et al.**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                              None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING ANGELA GAYLE MEADOR'S MOTION TO INTERVENE [DOCKET NO. 116] AND STRIKING ANGELA GAYLE MEADOR'S PROPOSED COMPLAINT IN INTERVENTION [DOCKET NO. 117]**

On October 6, 2025, Angela Gayle Meador filed a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24 ("Rule 24").  (Docket No. 116; "Motion to Intervene").  Ms. Meador contends that she is entitled to intervene in this action under Rule 24(a)(1), Rule 24(a)(2), and/or Rule 24(b).  (Id. at 2, 5-8).  At the time of the filing of the Motion to Intervene, Ms. Meador filed a proposed Complaint in Intervention pursuant to Rule 24(c) ("Proposed Complaint in Intervention").  (Docket No. 117).[1]

On October 21, 2025, defendant Barresi filed a Non-Opposition to the Motion to Intervene.  (Docket No. 133).  On October 24, 2025, Plaintiff filed a Non-Opposition to

---

[1] The proposed Complaint in Intervention appears to allege the following claims against Plaintiff:  (1) Abuse of process; (2) violation of privacy; (3) witness retaliation; (4) invasion of privacy; (5) violation of California Invasion of Privacy Act; (6) public disclosure of private facts; (7) intentional infliction of emotional distress; (8) retaliation and harassment; (9) invasion of privacy, harassment, and retaliation (Tennessee law); (10) abuse of process, harassment, and fraudulent subpoenas (Hawaii law); and (11) unlawful access, stalking, or disclosure of private information (other states' laws).  (Proposed Complaint in Intervention at 4-23).

the Motion to Intervene. (Docket No. 134).[2]

Rule 24 states, in pertinent part, that:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissible Intervention.
(1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Ms. Meador initially contends that she is entitled to intervene under Rule 24(a)(1) because federal statutes, including 18 U.S.C. §§ 1512 and 2511 and 42 U.S.C. 1985, "directly protect her rights as a witness and now victim at the hands of Plaintiff as a direct result of participating in **this** case. (Motion to Intervene at 5; emphasis in original). According to Plaintiff, Plaintiff's threats and harassment implicate 18 U.S.C. § 1512, which "[p]rohibits intimidation, threats, or retaliation against witnesses in federal proceedings," Plaintiff's illegal recording and use of stolen phone records violates 18 U.S.C. § 2511, which "[p]rohibits unauthorized interception, access, or disclosure of private communications," and Plaintiff's actions fall within 42 U.S.C. § 1985, which "[p]rotects individuals from conspiracies to intimidate, threaten, or retaliate against witnesses or participants in federal proceedings." (Motion to Intervene at 5).

Although "Rule 24(a) is construed broadly, in favor of the applicants for intervention," Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir. 1990), Ms. Meador has failed to cite, and the Court has not been able to locate, any authority holding that the statutes on which Ms. Meador relies gives her an unconditional right to intervene. None of these statutes expressly authorizes a person to intervene in an action involving the type of claims Plaintiff is bringing against defendant Barresi, see Docket No. 74 at 1, 91-176. See e.g., Duthie v. Rin, Inc., Case No. 2:20-cv-

---

[2] Most portions of Plaintiff's Non-Opposition to the Motion to Intervene were stricken based on their irrelevance. (Docket No. 141).

10182-AB-PLA, 2022 WL 2199828, at *2 (C.D. Cal. Feb. 17, 2022) (where specific or explicit language in the Copyright Act provided an unconditional right to intervene in an action implicating a copyright, a potential intervenor who had or claimed to have an interest in the copyright had a right to intervene); <u>United States Equal Employment Opportunity Commission v. JCFB, Inc.</u>, Case No. 19-cv-00552-LHK, 2019 WL 2525203, at *4 (N.D. June 19, 2019) (noting specific language of a federal statute that authorized the right to intervene); <u>Devaughn v. County of Los Angeles</u>, Case No. 2:08-cv-01461-AB-FFM, 2009 WL 10711080, at *1 (C.D. Cal. Dec. 3, 2009) ("[Plaintiff's brother's] claims arose under 42 U.S.C. § 1983, which does not explicitly provide a statutory right to intervene in another § 1983 suit."). Therefore, Ms. Meador is not entitled to intervene as a matter of right under Rule 24(a)(1).

Next, Ms. Meador contends she is entitled to intervene under Rule 24(a)(2). (<u>See</u> Motion to Intervene at 5-7).

Under Rule 24(a)(2), an applicant for intervention must show that: "(1) [T]he intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair, or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." <u>Prete v. Bradbury</u>, 438 F.3d 949, 954 (9th Cir. 2006) (citation and internal quotation marks omitted). A "significantly protectable interest" is an interest that "is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." <u>United States v. Alisal Water Corp</u>, 370 F.3d 915, 919 (9th Cir. 2004) (citations omitted). The proposed intervenor has the burden of establishing each of the four elements. <u>Prete</u>, 438 F.3d at 954 (citation omitted).

Ms. Meador claims that she has substantial, legally protectable interests in the following areas: "Her privacy and personal communications, which Plaintiff unlawfully accessed and filed in this case"; "[h]er personal safety, given Plaintiff's repeated threats, stalking, and attempts to coerce her testimony"; "[h]er professional and business interests, including Plaintiff's false representation as Meador's manager to solicit work and information"; and "[h]er reputation and right to participate as a truthful witness without fear of retaliation." (Motion to Intervene at 6).

Here, Ms. Meador has failed to assert a significant protectable interest related to the property or transaction that is the subject of Plaintiff's action. <u>See</u> <u>Alisal</u>, 370 F.3d at 920 ("[R]egardless of the phase of litigation at which an interest arises, that interest must be related to the underlying subject matter of the litigation.") (citation omitted). Moreover, Ms. Meador has failed to show that the disposition of Plaintiff's action may have the practical effect of impairing or impeding Ms. Meador's ability to protect her interests. Because Ms. Meador has not established at least two of the requisite elements, she is not entitled to intervene as a matter of right under Rule 24(a)(2).

Finally, Ms. Meador contends that permissive intervention is warranted under Rule 24(b) because her "claims arise from the same facts as Plaintiff's allegations of witness coercion, harassment, and misuse of private information" and "her intervention will allow the Court to resolve all matters efficiently and ensure consistency in adjudication, without prejudice to any party." (Motion to Intervene at 7).

Permissive intervention "requires (1) an independent ground of jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Foundation, Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (citation omitted). Even if these requirements are satisfied, a court still has the discretion to deny permissive intervention. See Donelly v. Glickman, 159 F.3d 405, 412 ("Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention."); Orange v. Air Cal., 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court."). When deciding whether the grant permissive intervention, a court can consider additional factors, including:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once was denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

Perry v. Schwarzenegger, 60 F.3d 898, 905 (9th Cir. 2011) (citation omitted).

Here, there are no common questions of law and fact between Ms. Meador's proposed claims and Plaintiff's action. Indeed, while Ms. Meador is claiming that Plaintiff coerced and harassed Ms. Meador and misused Ms. Meador's private information for Plaintiff's benefit, the gist of Plaintiff's action is that defendant Barresi coerced and harassed Plaintiff and misused Plaintiff's and Ms. Meador's private information for defendant Barresi's benefit. Consequently, Ms. Meador is not permitted to intervene under Rule 24(b).

Accordingly, Plaintiff's Motion to Intervene is DENIED. Based on the denial of the Motion to Intervene, Plaintiff's Proposed Complaint in Intervention (Docket No. 117) is STRICKEN.

**IT IS SO ORDERED.**