# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **5:24-cv-01930-TJH (DTB)**                                  Date: **November 5, 2025**

Title:  **Christina Taft v. Paul Barresi, et al.**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:           ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                      None present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART ANGELA GAYLE MEADOR'S MOTION FOR PROTECTIVE RELIEF [DOCKET NO. 85]; ORDER DENYING ANGELA GAYLE MEADOR'S REQUEST TO SEAL PERSONAL IDENTIFYING INFORMATION [DOCKET NO. 86]; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUESTS [DOCKET NOS. 91, 113-14]**

On March 12, 2025, Angela Gayle Meador (formerly known as Angela Gayle, see Docket No. 51-2 at 1-2, 5), provided a Declaration in support of defendant Barresi's March 12, 2025 Sur-Reply to Plaintiff's Reply to defendant Barresi's Opposition to Plaintiff's Motion for Preliminary Injunction. (Docket No. 51-2).

On May 26, 2025, Plaintiff filed a Second Amended Complaint ("SAC"). (Docket No. 74). Unlike Plaintiff's Complaint (see Docket No. 1 at 47) and First Amended Complaint ("FAC") (see Docket No. 23 at 48), the SAC contained numerous allegations concerning Ms. Meador. (See e.g., SAC at 7, 9-12, 16, 18-29, 34-36, 39, 41-42, 46-49, 54-55, 57-59, 61-64, 66-67, 73, 78-79, 81-88, 92-97, 102, 106-07, 112, 114, 116, 118-20, 125, 131, 136, 163, 173; see also Docket No. 82 at 10 (defendant Barresi stated that Ms. Meador was "mentioned 384 times in the SAC").

On July 25, 2025, Ms. Meador, a non-party witness, filed, ex parte, an "Emergency Motion for Immediate Protective Relief" ("Motion for Protective Relief")

based on what she considered was Plaintiff's "ongoing harassment, stalking, witness tampering, and coercion." (Docket No. 85).₁ Attached to the Motion for Protective Relief are 22 exhibits. (Docket No. 85 at 24-245). The Motion for Protective Relief alleges that Plaintiff has engaged, among other things, in the following misconduct: (1) Fraudulent subpoenas to gain access to Ms. Meador's private and personal phone records; (2) harassment and surveillance, including sending private investigators and/or process servers to Ms. Meador's home, videotaping Ms. Meador, and harassing Ms. Meador through telephone calls, texts, voicemails, emails, social media, and a letter; (3) online harassment and impersonation, including targeting Ms. Meador's social media and personal contacts, "contact[ing] individuals in the reporting sector to arrange interviews about deeply personal matters, including [her] sexual assault history," and "contact[ing] [her] record label, manager, and friends to seek details about [her] whereabouts and schedule to appear uninvited at locations where [she] would be"; (4) public disclosure of private information and retaliatory harassment, including "publicly post[ing] intimate details about [her] on social media, and "discuss[ing] a past sexual assault, tying [her name] to the perpetrator despite [her] efforts to keep this private"; (5) harassment, including sending a letter to the person who previously assaulted her, sharing her personal information with that person, publishing her personal information in this action, sending her personal information to family members, and posting on social media her full legal name along with the assault perpetrator's name; and (6) using "supportive" statements in filings in this action which "are veiled attempts to discredit" Ms. Meador's Declaration. (Motion for Protective Relief at 5-12).

The Motion for Protective Relief seeks, among other things, the following relief: (1) "[P]revent Plaintiff . . . from continuing to misuse subpoenas, legal processes, or any litigation tactic to harass, intimidate, or obtain and disseminate my private and personal information without proper judicial oversight"; (2) Order that Plaintiff "reimburse [her] for reasonable costs incurred in protecting [her] privacy and safety as a direct result of [Plaintiff's] miscues of subpoenas and legal processes"; (3) Order that the SAC be stricken, sealed, or redacted; (4) "[I]ssu[e] an order to show cause regarding potential sanctions against Plaintiff for her misuse of subpoenas and litigation tactics for the purpose of harassment, witness intimidation, and forum shopping"; (5) "Refer this matter to appropriate law enforcement or the United States Attorney's Office for investigation into potential witness tampering, harassment, and retaliation against a witness participating in federal proceedings"; (6) Deem Plaintiff a vexatious litigant; and (7)

---

₁ The Motion for Protective Relief contains what Ms. Meador labels a "Victim-Witness Statement." (Motion for Protective Relief at 1-19). Although Ms. Meador did not give Plaintiff notice of the ex parte application due to "fear for [Ms. Meador's] safety," admittedly in noncompliance with Central District Local Rule 7-19.1 (Motion for Protective Relief at 3), Plaintiff has had ample opportunity to respond to Ms. Meador's ex parte application.

"[E]nter a narrowly tailored pre-filing review order requiring Plaintiff to seek leave of Court before initiating further actions or filings related to me in this or any future proceeding in this District." (Motion for Protective Relief at 13-15).

On July 25, 2025, Ms. Meador also filed a "Request to Seal Personal Identifying Information." (Docket No. 86 (filed under seal)). In the Request to Seal Personal Identifying Information, Ms. Meador specifically requests that the Court (1) "[i]ssue an Order [s]ealing personal identifying information contained in [the Motion for Protective Relief], including but not limited to home address, phone numbers, emails, and precise location data," and (2) "[p]ermit [her] to file a redacted public version of the Victim-Witness Statement with personal identifying information removed, while maintaining the unredacted version under seal for the Court's review." (Request to Seal at 2).

In response, on July 27, 2025, Plaintiff filed a Declaration, dated July 27, 2025 (Docket No. 89), with 6 attached exhibits (Docket No. 89-1). While Plaintiff, in her Declaration, expresses sympathy for Ms. Meador and responds to some of the allegations in the Motion for Protective Relief, Plaintiff's Declaration is essentially an effort to make negative statements about defendant Barresi. (See Docket No. 89).

On July 28, 2025, Plaintiff filed an Opposition to the Motion for Protective Relief ("Opposition") (Docket No. 91), with 23 supporting exhibits (Docket Nos. 90, 91-1, 91-2, 91-3). Plaintiff opposes the Motion for Protective Relief on the grounds that Ms. Meador "is a key witness to central allegations involving illegal recordings and disclosures," "Ms. Meador's participation in the ex parte filing raises serious concerns of witness tampering and retaliation" by defendant Barresi, and "Ms. Meador's exclusion would hinder the Court's access to key testimony and enable further abuse" by defendant Barresi." (Opposition at 2-5).

On September 29, 2025, Plaintiff filed a "Declaration of Plaintiff to Support Sealing Non-Party Exposure of Private Information, Bad Faith, Reporting Illegal Telephone Recordings," attached to which are 16 exhibits. (Docket No. 113 (filed under seal)). Although Plaintiff purports to support Ms. Meador's "Motion to Seal and Strike Non-Party Submission (Dkt. 85)" (see Docket No. 113 at 2, 13), Plaintiff uses her filing to continue to make negative comments about defendant Barresi (see Docket No. 113 at 2-13), to deny the "false" allegations against her in the Motion for Protective Relief (see Docket No. 113 at 6-7), and to request the sealing of private information, including her full Social Security Number, which defendant Barresi purportedly exposed (see Docket No. 113 at 2, 9-10, 12-13).

On the same date, Plaintiff also filed a "Memorandum Brief for Unopposed Motion to Seal, Strike, and Supplement Non-Party's Docket No. 85 Submissions" ("Supplemental Opposition"). (Docket No. 114 (filed under seal)). In the Supplemental Opposition, Plaintiff casts aspersions not only on defendant Barresi, but also on Ms. Meador. (See Docket No. 114 at 6-28). Plaintiff states that the Motion for Protective Relief contains forty false allegations, proceeds to provide a point-by-point refutation of

the false allegations, and relies on declarations to refute the allegations in the Motion for Protective Relief. (See Docket No. 114 at 16-20). In the Supplemental Opposition, Plaintiff contends that the Motion for Protective Relief improperly disclosed "Plaintiff's private identifiers including her full Social Security number [on page 41] in plain violation of Federal Rule of Civil Procedure 5.2(a))," and requests that the Court "seal and strike Docket No. 85 to protect confidential information and litigation integrity." (See Docket No. 114 at 6-9, 12-14, 29-30). Plaintiff also requests that the Motion for Protective Relief be stricken pursuant to Fed. R. Civ. P. 12(f) because it contains false, scandalous, and immaterial allegations about Plaintiff and others. (See Docket No. 114 at 14, 18, 21, 23-26, 30). Plaintiff also requests sanctions against defendant Barresi for his bad faith litigation conduct pursuant to Fed. R. Civ. P. 11(b). (Docket No. 114 at 16, 23-26, 28, 30).[2]

      Since Plaintiff does not oppose Ms. Meador's request in the Motion for Protective Relief to seal the SAC (see e.g., Docket No. 113 at 2, 13; Supplemental Opposition at 30), the SAC is ORDERED sealed. While the allegations about Ms. Meador, including the recorded telephone call between Plaintiff and Ms. Meador, and defendant Barresi's subsequent disclosure(s) of that telephone call, may be relevant to the claims alleged in the SAC, it is not clear to the Court why Plaintiff repeatedly identified Ms. Meador throughout the SAC. However, based on the parties' inartful, confusing, and disjointed pleadings, the Court, at this time, is unable to make any determination regarding the veracity of allegations contained in the Motion for Protective Relief. As such, Plaintiff is not entitled to any of the other relief sought in the Motion for Protective Relief. Accordingly, the Motion for Protective Relief is GRANTED in part and DENIED in part.

      In the Request to Seal Personal Identifying Information, Ms. Meador has not specified where her home address, personal phone number(s), personal email addresses, precise location data, and full legal name are contained in the Motion for Protective Relief and attached exhibits. Accordingly, the Request to Seal Personal Identifying Information is DENIED.

      While Plaintiff disputes the veracity of the allegations contained in the Motion for Protective Relief, the Court, at this time, is unable to determine that those allegations are false, scandalous, or immaterial. Therefore, Plaintiff's request to strike the Motion for Protective Relief is DENIED.

      With respect to Plaintiff's request to redact her full Social Security number (see Docket No. 113 at 2, 9-10, 12-13; Docket No. 114 at 6-9, 12-14, 29-30), the Court agrees with Plaintiff that the first five digits of her Social Security number in Exhibit 2 of the

---

[2] The Court will address Ms. Meador's Motion to Intervene, filed on October 6, 2025 (see Docket No. 116) in a separate Order.

Motion for Protective Relief (see Docket No. 85 at 41) should be redacted. See Fed. R. Civ. P. 5.2(a)(1). Therefore, Plaintiff's request to redact her full Social Security number is GRANTED.

      Finally, Plaintiff's request that defendant Barresi be sanctioned for his bad faith litigation conduct pursuant to Fed. R. Civ. P. 11(b) is DENIED. The request for sanctions is procedurally deficient. See Fed. R. Civ. P. 11(c)(2). ("A motion for sanctions must be made separately from any other motions and must describe the specific conduct that allegedly violates Rule 11(b)."). Moreover, the request for sanctions is not based on "only factual, evidentiary matter," in noncompliance with Central District Local Rule 7-7.

      Accordingly, Plaintiff's requests are GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**