# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **5:24-cv-01930-TJH (DTB)**                                  Date: **November 21, 2025**

Title:  **Christina Taft v. Paul Barresi, et al.**

=====================================================================
**DOCKET ENTRY**
=====================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                    ATTORNEYS PRESENT FOR DEFENDANT(S):

None present                                                                          None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S NOVEMBER 5, 2025 ORDER SEALING THE SECOND AMENDED COMPLAINT [DOCKET NO. 147]**

On November 5, 2025, the Court issued an Order Granting in Part and Denying in Part Angela Gayle Meador's Motion for Protective Relief. (Docket No. 144). As part of that Order, the Court, after noting that Plaintiff did not oppose Angela Gayle Meador's request in the Motion for Protective Relief to seal the Second Amended Complaint, ordered that the Second Amended Complaint be sealed. (Id. at 4).

On November 19, 2025, Plaintiff filed a "Motion for Reconsideration to Unseal the Second Amended Complaint" ("Motion for Reconsideration"). (Docket No. 147). In the Motion for Reconsideration, Plaintiff contends that the Court's Order sealing the Second Amended Complaint was improper for several reasons, including that "[t]he Court did not make specific, articulated findings," that "[t]he Court did not conduct the mandatory public interest balancing," that "[t]he sealing order is not narrowly tailored and is overbroad," "Plaintiff never gave express, written consent" to sealing the Second Amended Complaint, and that "reconsideration is necessary to prevent manifest injustice." (Id. at 4-26).

Contrary to Plaintiff's assertion (see Docket No. 147-1), Plaintiff did not reasonably attempt to meet and confer with counsel for defendant Barresi prior to filing the Motion for Reconsideration. Sending counsel for defendant Barresi an email at 12:11 p.m. on the same date the Motion for Reconsideration was filed (see Docket No.

147-1 at 2-3, 5) was not in compliance with Central District Local Rule 7-3 (". . . [C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion.").  Even if seven days' notice to opposing counsel would not have been possible because a motion for reconsideration was required to be filed within fourteen days of the Court's November 5, 2025 Order (see Central District Local Rule 7-18), the fact that Plaintiff provided opposing counsel only a few hours' notice does not show a good faith or reasonable effort to meet and confer prior to filing the Motion for Reconsideration.

  Moreover, the Motion for Reconsideration is substantively deficient.  Central District Local Rule 7-18 provides that:  "A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  Plaintiff has not made any allegations that would warrant reconsideration of the Court's Order sealing the Second Amended Complaint.  Plaintiff appears to admit that, prior to the Court's Order sealing the Second Amended Complaint, she could have made, but did not make, any of the arguments contained in the Motion for Reconsideration.  (See Docket No. 147 at 10).

  Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

  **IT IS SO ORDERED.**